**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- X

ABU DHABI COMMERCIAL BANK,
KING COUNTY, WASHINGTON
Together and On Behalf of All Others
Similarly Situated,

                **Plaintiffs,**

        - against -

MORGAN STANLEY & CO.
INCORPORATED, MORGAN
STANLEY & CO. INTERNATIONAL
LIMITED, THE BANK OF NEW YORK
MELLON (f/k/a THE BANK OF NEW
YORK), QSR MANAGEMENT
LIMITED, MOODY'S INVESTORS
SERVICE, INC., MOODY'S
INVESTORS SERVICE LTD.,
STANDARD AND POOR'S RATINGS
SERVICES and THE McGRAW HILL
COMPANIES, INC.,

                **Defendants.**

-------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/09

**MEMORANDUM**
**OPINION AND ORDER**

**08 Civ. 7508 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        On September 2, 2009, this Court granted in part and denied in part

the motions to dismiss of defendants Morgan Stanley & Co. Incorporated and

Morgan Stanley & Co. International Limited and their affiliates (collectively,

"Morgan Stanley") and Moody's Investors Service, Inc. and its affiliates, including

wholly-owned and controlled subsidiary Moody's Investors Service Ltd.

(collectively, "Moody's"); The McGraw-Hill Companies, Inc. and its affiliates,

including its wholly-owned and controlled business division Standard & Poor's

Rating Services (collectively, "S&P," and, together with Moody's, the "Rating

Agencies").[1] This Court also granted The Bank of New York, now known as The

Bank of New York Mellon and its wholly-owned subsidiary, QSR Management

Limited (together, "BoNY")'s motion to dismiss in its entirety.[2] In addition to

plaintiffs' common law fraud claim against Morgan Stanley and the Rating

Agencies that remain, plaintiffs' claims for breach of contract against all

defendants, tortious interference with contract against all defendants, breach of

condition precedent and breaches of the covenant of good faith and fair dealing

against BoNY, and aiding and abetting any of these claims and common law fraud

– were dismissed without prejudice.[3] Plaintiffs were permitted to replead, but with

---

[1]    *See Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, No. 08 Civ. 7508, 2009 WL 2828018, at *20 (S.D.N.Y. Sept. 2, 2009).

[2]    *See id.*

[3]    Certain other claims were dismissed with prejudice, but are not relevant to this Memorandum Opinion and Order.

to do so would effect an entry of a final judgment under Rule 54(b) of the Federal

Rule of Civil Procedure and require plaintiffs to immediately appeal.[7]  Plaintiffs

further contend that this Court should refuse to dismiss all claims against BoNY

with prejudice because "it is possible that discovery in this litigation will 'bring to

light facts that would bear on the propriety' of the Court's motion dismissing

certain claims and parties."[8]  Plaintiffs assert that to dismiss all claims against

BoNY with prejudice would bar plaintiffs from renewing their claims against

BoNY if such facts are found.[9]

## II.    LEGAL STANDARD

"A court [ ] has discretion to dismiss with prejudice if it believes that

amendment would be futile or would unnecessarily expend judicial resources."[10]

However, a dismissal with prejudice does not *automatically* trigger a Rule 54(b)

entry of final judgment and courts routinely dismiss claims and parties with

---

[7]    *See* 10/2/09 Letter to the Court from Daniel S. Drosman, plaintiffs' counsel ("10/2/09 Plaintiffs' Letter") at 1 (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002), *Cleveland v. Higgins*, 148 F.2d 722, 724 (2d Cir. 1945), and *LinkCo, Inc. v. Naoyuki Akikusa*, 615 F. Supp. 2d 130, 143 (S.D.N.Y. 2009) (Scheindlin, J.)).

[8]    *Id.* at 3.

[9]    *See id.*

[10]    *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) (citing *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003)).

4

prejudice but without entering a Rule 54(b) final judgment.[11]  Under Rule 54(b),

"[w]hen an action presents more than one claim for relief . . . or when multiple

parties are involved, the court *may* direct entry of a final judgment as to one or

more, but fewer than all, claims or parties only if the court expressly determines

that there is no just reason for delay."[12]  Accordingly, "[a]n order that adjudicates

fewer than all of the claims remaining in the action or adjudicates the rights and

liabilities of fewer than all of the parties is not a final order unless the district court

directs the entry of a final judgment . . . .'"[13]  Furthermore, a dismissal with

prejudice is generally appropriate where a court puts a plaintiff on notice of a

complaint's deficiencies and the plaintiff fails to correct those deficiencies after

amendment.[14]

---

[11]    *See id.*

[12]    Fed. R. Civ. P. 54(b) (emphasis added).

[13]    *National Bank of Wash. v. Dolgov*, 853 F.2d 57, 58 (2d Cir. 1988) (quoting Fed. R. Civ. P. 54(b)) ("Respect for the federal policy against piecemeal appeals requires that the district court's power to enter a final judgment before the entire case is concluded be exercised sparingly.").

[14]    *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (affirming the district court's dismissal and declining to permit a second amendment where the district court had already "put plaintiff's counsel on the plainest notice of what was required" and plaintiff had failed to cure the identified deficiencies); *380544 Canada Inc. v. Aspen Tech. Inc.*, 633 F. Supp. 2d 15, 35 (S.D.N.Y. 2009) (dismissing plaintiffs' claims with prejudice after plaintiffs failed to correct identified deficiencies in their complaint); *Bui v. Industrial Enter. of Am., Inc.*, 594 F. Supp. 2d 364, 373-74 (S.D.N.Y. 2009) (granting defendants' motion to dismiss

5

## III.   DISCUSSION

Plaintiffs' assertion that a dismissal with prejudice amounts to an entry of a final order under Rule 54(b) is plainly wrong.  Rule 54(b) is clear that where less than all of the claims or all of the parties are dismissed from a case, it is within the Court's discretion to direct an entry of final judgment.  The cases cited by plaintiffs in support of their position – *Marvel Characters, Inc. v. Simon*, *Cleveland v. Higgins*, and this Court's decision in *LinkCo, Inc. v. Naoyuki Akikusa*[15] – are inapposite.  Each case addresses the inapplicable scenario where a dismissal with prejudice operates as a final judgment for res judicata purposes – not that such a dismissal equates to an automatic entry of final judgment under Rule 54(b).[16]  In fact, none of these cases even mention Rule 54(b).  Thus, an order of dismissal with prejudice does not require the entry of a final judgment under

---

with prejudice where plaintiffs had "already had an opportunity to amend the Initial Complaint in response to deficiencies pointed out by the first pre-answer motion to dismiss"); *ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 357 F. Supp. 2d 712, 720 (S.D.N.Y. 2005) (same); *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 500 (S.D.N.Y. 2002) (same).

[15]    *See* 10/2/09 Plaintiffs' Letter at 1.

[16]    *See Marvel Characters, Inc.*, 310 F.3d at 287 ("It is clear that a dismissal, with prejudice, arising out of a settlement agreement, operates as a final judgment for res judicata purposes."); *Cleveland*, 148 F.2d at 724 ("[A] dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action."); *LinkCo., Inc.*, 615 F. Supp. 2d at 142 n.94 (same) (quoting *Marvel Characters, Inc.*, 310 F.3d at 287).

Rule 54(b). Accordingly, plaintiffs' Rule 54(b) arguments are irrelevant to the question presented here – whether a dismissal with prejudice is warranted where plaintiffs have failed to cure the deficiencies found by the Court.

Despite failing to cure the deficient pleading, plaintiffs nonetheless request that the entry of dismissal without prejudice stand so that if new facts are discovered, plaintiffs may amend again. The claims against all defendants that were previously dismissed without prejudice – other than aiding and abetting common law fraud against BoNY – necessarily require plaintiffs to identify a contract to which they were a party. Plaintiffs have not done so. Although plaintiffs were given the opportunity for limited discovery[17] and permission to file a Second Amended Complaint, plaintiffs have failed to identify any such contracts. Thus, leaving open the possibility of future amendments to the contract claims would be futile.

However, plaintiffs' claims that BONY aided and abetted Morgan Stanley and the Rating Agencies' in their alleged commission of common law fraud does not necessarily warrant a dismissal with prejudice. It is possible that further discovery in this case could reveal new facts making the likelihood of BoNY's aiding and abetting more plausible. As a result, I conclude, in the exercise

---

[17]    *See* 10/1/09 Hr'g Tr. at 10-11.

7

of my discretion, that dismissing plaintiffs' aiding and abetting common law fraud claims against BoNY with prejudice would be premature.

## IV.    CONCLUSION

For the foregoing reasons, Counts 1B through 1D against Morgan Stanley, 2B through 2D against the Rating Agencies, and 3A through 3C against BoNY, as set forth in the Second Amended Complaint, are dismissed with prejudice. Counts 1A and 2A against Morgan Stanley and the Rating Agencies, respectively, remain in the case. Count 3D, aiding and abetting against BoNY solely to the extent that it pleads aiding and abetting common law fraud, is dismissed without prejudice. Nothing in this Memorandum Opinion and Order shall affect plaintiffs' right to file an appeal upon the final adjudication of the entire case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          October 15, 2009

8

## - Appearances -

**For Plaintiffs:**

Patrick J. Coughlin, Esq.
Daniel S. Drosman, Esq.
Anne L. Box, Esq.
Jessica T. Shinnefield, Esq.
Nathan R. Lindell, Esq.
Darryl J. Alvarado, Esq.
David C. Walton, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, California 92101-3301
(619) 231-1058

Michael F. Ghozland, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
9601 Wilshire Boulevard, Suite 510
Los Angeles, California 90210
(310) 859-3100

Samuel H. Rudman, Esq.
Jarrett S. Charo, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100

Jason C. Davis, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, California 94111
(415) 288-4545

9

**For Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited:**

James P. Rouhandeh, Esq.
Antonio J. Perez-Marques, Esq.
Russell Capone, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000


**For Defendants The Bank of New York Mellon and QSR Management Limited:**

Jonathan H. Sherman, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, District of Columbia 20015
(202) 237-2727

Damien J. Marshall, Esq.
Boies, Schiller & Flexner LLP
333 Main Street
New York, New York 10504
(954) 377-4230

10

**For Defendants Moody's Investors Service, Incorporated and Moody's
Investors Service Limited:**

Joshua M. Rubins, Esq.
James J. Coster, Esq.
Glenn C. Edwards, Esq.
Justin E. Klein, Esq.
Aaron M. Zeisler, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200


**For Defendants Standard & Poor's Rating Services and The McGraw-Hill
Companies, Incorporated:**

Floyd Abrams, Esq.
Dean I. Ringel, Esq.
Adam N. Zurofsky, Esq.
Andrea R. Butler, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

11