UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ABU DHABI COMMERCIAL BANK, KING          :
COUNTY, WASHINGTON, Together and on
Behalf of All Others Similarly Situated,          :          1:08-cv-07508 (SAS)

            Plaintiffs,          :

       -against-          :          **MOODY'S ANSWER TO**
                                **PLAINTIFFS' SECOND**
MORGAN STANLEY & CO., INC., et al.,          :          **AMENDED COMPLAINT**

           Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Moody's Investors Service, Inc. and Moody's Investors Services

Ltd. (together, "Moody's" or "Defendants"), by and through their attorneys, Satterlee Stephens

Burke & Burke LLP, as and for their answer and affirmative defenses to the Second Amended

Complaint, dated September 22, 2009 (the "Complaint"), state as follows:

## I. INTRODUCTION

1.     Admit that Cheyne SIV was a structured investment vehicle, but otherwise

deny the allegations contained in Paragraph 1 of the Complaint.

2.     Deny the allegations contained in the first, second, fourth, fifth and sixth

sentences of Paragraph 2 of the Complaint.[1] Deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained in the third sentence of Paragraph 2 of the

Complaint, and on that basis deny them.

---

[1] Throughout the Complaint, Plaintiffs employ the term "defendants" and the "Rating Agencies" to make blanket allegations about the alleged facts and occurrences raised therein. Moody's lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning entities other than Moody's. Thus, to the extent that Moody's, in their Answer, respond to allegations about "defendants" or the "Rating Agencies" that Plaintiffs have averred in paragraphs 2 through 250 of the Complaint, Moody's response is only as to Moody's, it being expressly understood and hereby incorporated into each of Moody's subsequent admissions, denials or other responses that Moody's lacks knowledge or information sufficient to form a belief about the allegations concerning "defendants" or "Rating Agencies" other than Moody's, and on that basis, deny those allegations.

3.     Deny the allegations contained in Paragraph 3 of the Complaint.

4.     Deny the allegations contained in Paragraph 4 of the Complaint.

5.     Deny the allegations contained in Paragraph 5 of the Complaint.

6.     Deny the allegations contained in Paragraph 6 of the Complaint.

7.     Deny the allegations contained in Paragraph 7 of the Complaint.

8.     Deny the allegations contained in Paragraph 8 of the Complaint.

9.     Deny the allegations contained in the first, second and fourth sentences of Paragraph 9 of the Complaint.  With respect to the third sentence of Paragraph 9, respectfully refer the Court to the recorded Senate testimony of the referenced Moody's employee for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the third sentence.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph 9 of the Complaint, and on that basis deny them.

10.    Deny the allegations contained in Paragraph 10 of the Complaint.

11.    Deny the allegations contained in Paragraph 11 of the Complaint.

12.    Deny the allegations contained in Paragraph 12 of the Complaint.

13.    Deny the allegations contained in Paragraph 13 of the Complaint.

14.    Deny the allegations contained in the first, second, fifth, ninth and tenth sentences of Paragraph 14 of the Complaint.  Neither admit nor deny the allegations contained in the third sentence of Paragraph 14 of the Complaint because "[a]ll of this" is ambiguous and not susceptible of a reasoned response; should the Court determine that a response is required, Moody's deny the allegations contained in the third sentence.  Admit that Moody's put the Capital Notes of Cheyne Finance on review for possible downgrade on or about August 29, 2007, but otherwise deny the allegations contained in the fourth sentence of Paragraph 14 of the

2

Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth, seventh and eighth sentences of Paragraph 14 of the Complaint, and on that basis deny them.

15. Admit that Plaintiffs purport to bring this case as a class action, but otherwise deny the allegations contained in the first sentence of Paragraph 15 of the Complaint. Deny that Moody's provided management services to the Cheyne SIV, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 15 of the Complaint, and on that basis deny them.

## II. PARTIES

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis deny them.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis deny them.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis deny them.

19. Admit that Plaintiffs filed a complaint charging Morgan Stanley with violations of New York law, respectfully beg leave to refer to a true copy of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny them.

20. Admit that Plaintiffs filed a complaint charging Moody's with violations of New York law, respectfully beg leave to refer to a true copy of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, aver that Moody's Investors Service, Inc. is located in the United States and is a leading provider of

3

independent credit ratings, research and financial information to the capital markets, and otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21.    Admit that Plaintiffs filed a complaint charging S&P with violations of New York law, respectfully beg leave to refer to a true copy of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis deny them.

22.    Deny the allegations contained in Paragraph 22 of the Complaint.

23.    Admit that Moody's published ratings for Cheyne SIV, but otherwise deny the allegations contained in Paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis deny them.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis deny them.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 26 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 26 of the Complaint.

### III.  JURISDICTION AND VENUE

27.    Neither admit nor deny the allegations contained in Paragraph 27 of the Complaint since they call for legal conclusions, as Moody's respectfully refers all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

4

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as to whether the members of the Class are citizens of different states than the defendants or whether the Class consists of more than 100 members, but otherwise neither admit nor deny the allegations contained in Paragraph 28 of the Complaint since they call for legal conclusions, as Moody's respectfully refers all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

29.    Neither admit nor deny the allegations contained in Paragraph 29 of the Complaint since they call for legal conclusions, as Moody's respectfully refers all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and on that basis deny them.

## IV. BACKGROUND

31.    Deny the allegations contained in the first sentence of Paragraph 31 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 31 of the Complaint, and on that basis deny them.

32.    Deny the allegations contained in Paragraph 32 of the Complaint.

33.    Admit that a SIV generally seeks to earn an interest rate spread and that a SIV has both assets and liabilities, but otherwise deny the allegations contained in Paragraph 33 of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint given that the allegations are based upon what a "SIV typically has," and on that basis deny them.

5

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint given that the allegations are based upon what a "SIV's assets typically include" or how SIVs are typically designed, and on that basis deny them.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and on that basis deny them.

37.    Deny the allegations contained in Paragraph 37 of the Complaint.

38.    Admit that, on or about July 29, 2005, Moody's assigned a credit rating of Aaa to the senior medium-term notes issued by Cheyne SIV and a credit rating of P-1 to the commercial paper issued by the Cheyne SIV, respectfully beg leave to refer to a true copy of the Information Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 38 of the Complaint.

39.    Admit that, on or about July 29, 2005, Moody's assigned a credit rating of A3 to the Capital Notes issued by Cheyne SIV, respectfully beg leave to refer to a true copy of the written description to which plaintiffs refer for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and on that basis deny them.

40.    Deny the allegations contained in Paragraph 40 of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and on that basis deny them.

42.    With respect to the allegations contained in Paragraph 42 of the Complaint, respectfully beg leave to refer to a true copy of the ratings assigned to the Notes for

an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and on that basis deny them.

43.    Deny the allegations contained in Paragraph 43 of the Complaint.

44.    Admit that the SEC provided Moody's NRSRO status in 1975, respectfully beg leave to refer to a true copy of the SEC materials to which Plaintiffs refer for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and on that basis deny them.

## V.  THE RATING AGENCIES' ALLEGED ROLES IN THE CHEYNE SIV

45.    Deny the allegations contained in Paragraph 45 of the Complaint.

46.    Deny the allegations contained in Paragraph 46 of the Complaint.

47.    Deny the allegations contained in Paragraph 47 of the Complaint.

48.    Deny the allegations contained in the first sentence of Paragraph 48 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 48 of the Complaint, and on that basis deny them.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 49 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 49 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint given the vagueness of its "can be understood to represent" language, and on that basis deny them.

7

51.     Deny the allegations contained in Paragraph 51 of the Complaint.

52.     Deny the allegations contained in the first sentence of Paragraph 52 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and on that basis deny them.

53.     Respectfully beg leave to refer to a true copy of the Cheyne SIV operating manual and/or instructions for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 53 of the Complaint.

54.     Respectfully beg leave to refer to a true copy of the Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 55 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second and third sentences of Paragraph 55 of the Complaint.

56.     Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 56 of the Complaint.

57.     Respectfully beg leave to refer to a true copy of the Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 57 of the Complaint.

58.     Admit that Moody's was paid fees following the launch of Cheyne SIV, and otherwise deny the allegations contained in Paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of what investors were allegedly aware of, and on that basis deny them, and otherwise deny the allegations contained in Paragraph 59 of the Complaint.

## VI. FACTUAL ALLEGATIONS WITH PARTICULARITY CONCERNING THE ALLEGEDLY FALSE AND MISLEADING RATINGS

60.     Deny the allegations contained in the first sentence of Paragraph 60 of the Complaint. Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 60 of the Complaint

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

## VII. DEFENDANTS' ALLEGED CONTRACTUAL OBLIGATIONS

62.     Deny the allegations contained in Paragraph 62 of the Complaint.

63.     Admit that Moody's published a July 23, 2007 report concerning SIVs which contained the words "oasis of calm in the subprime maelstrom," but otherwise deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny the allegations contained in Paragraph 64 of the Complaint.

65.     Neither admit nor deny the allegations contained in Paragraph 65 of the Complaint because they are not factual allegations but rather a definition created by Plaintiffs; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 65.

## VIII. THE ALLEGED REASONS WHY DEFENDANTS KNEW THE STATEMENTS AND OMISSIONS WERE MATERIALLY MISLEADING

66.     Deny the allegations contained in Paragraph 66 of the Complaint.

67.     Deny the allegations contained in Paragraph 67 of the Complaint.

68.    Deny the allegations contained in the first, second, fourth and fifth sentences of Paragraph 68 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 68 of the Complaint, and on that basis deny them.

69.    Deny the allegations contained in Paragraph 69 of the Complaint.

70.    Deny the allegations contained in Paragraph 70 of the Complaint.

71.    Deny the allegations contained in Paragraph 71 of the Complaint.

72.    Deny the allegations contained in Paragraph 72 of the Complaint.

73.    Deny the allegations contained in the first, second, third, sixth and seventh sentences of Paragraph 73 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of Paragraph 73 of the Complaint, and on that basis deny them.

74.    Deny the allegations contained in the first and fifth sentences of Paragraph 74 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 74 of the Complaint, and on that basis deny them.

75.    Respectfully beg leave to refer to a true copy of the referenced investment portfolio for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and on that basis deny them.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 76 of the Complaint, and on that basis deny them.  Deny the allegations contained in the third and fourth sentences of Paragraph 76 of the Complaint.

784610_6

77.    Deny the allegations contained in Paragraph 77 of the Complaint.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and on that basis deny them.

79.    Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and on that basis deny them.

80.    Deny the allegations contained in Paragraph 80 of the Complaint.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and on that basis deny them.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint, and on that basis deny them.

83.    Deny the allegations contained in the first sentence of Paragraph 83 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of Paragraph 83 of the Complaint, and on that basis deny them.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint, and on that basis deny them.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and on that basis deny them.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 86 of the Complaint, and otherwise deny the allegations contained in Paragraph 86 of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and on that basis deny them.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and on that basis deny them.

89.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and on that basis deny them.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and fourth sentences of Paragraph 90 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 90 of the Complaint.

91.    Admit that Moody's received certain information from BoNY/QSR and other sources, but otherwise deny the allegations contained in the first and second sentences of Paragraph 91 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 91 of the Complaint, and on that basis deny them.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and on that basis deny them.

93.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint, and on that basis deny them.

94.    Deny the allegations contained in the first sentence of Paragraph 94 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and on that basis deny them.

95.    Respectfully beg leave to refer to a true copy of the referenced New York Times report for an accurate statement of what is contained therein, in proper context and for its

12

true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and on that basis deny them.

96.     Respectfully beg leave to refer to a true copy of the referenced Reuters report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 96 of the Complaint, and on that basis deny them. Deny the allegations contained in the third sentence of Paragraph 96 of the Complaint.

97.     Deny the allegations contained in Paragraph 97 of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third and fourth sentences of Paragraph 98 of the Complaint, and on that basis deny them. Deny the allegations contained in the second sentence of Paragraph 98 of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 99 of the Complaint, and on that basis deny them.

100.     Admit that Moody's had access to certain non-public information in accordance with applicable law, respectfully beg leave to refer to a true copy of the referenced SEC regulations for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 100 of the Complaint.

101.     Deny the allegations contained in the first and second sentences of Paragraph 101 of the Complaint. Deny knowledge or information sufficient to form a belief as

13

to the truth of the allegations contained in Paragraph 101 of the Complaint, and on that basis deny them.

102.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, and on that basis deny them.

103.   Admit that Moody's published ratings of the Rated Notes, respectfully refer to a true copy of the ratings for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in the first, third, fourth and fifth sentences of Paragraph 103 of the Complaint.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 103 of the Complaint, and on that basis deny them.

104.   Deny the allegations contained in Paragraph 104 of the Complaint.

105.   Admit that Moody's received certain information on U.S. loans, but otherwise deny the allegations contained in Paragraph 105 of the Complaint.

106.   Deny the allegations contained in the first sentence of Paragraph 106 of the Complaint.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint, and on that basis deny them.

107.   Respectfully beg leave to refer to a true copy of the referenced presentations and published statements for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 107 of the Complaint.

108.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 108 of the Complaint, and on that basis deny them.   Deny the allegations contained in the second and third sentences of Paragraph 108 of the Complaint.

109.   Respectfully beg leave to refer to a true copy of the referenced Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 109 of the Complaint.

110.   Deny the allegations contained in Paragraph 110 of the Complaint.

111.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third, fourth and fifth sentences of Paragraph 111 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 111 of the Complaint.

112.   Deny the allegations contained in the first and second sentences of Paragraph 112 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced Senate Banking testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, and on that basis deny them.

113.   Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint, and on that basis deny them.

114.   Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to

15

the truth of the allegations contained in Paragraph 114 of the Complaint, and on that basis deny them.

115.    Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint, and on that basis deny them.

116.    Respectfully beg leave to refer to a true copy of the referenced remarks from November 27, 2007 for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint, and on that basis deny them.

117.    Respectfully beg leave to refer to a true copy of the referenced Congressional statement for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint, and on that basis deny them.

118.    Respectfully beg leave to refer to a true copy of the referenced remarks for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint, and on that basis deny them.

119.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal

784610_6

effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint, and on that basis deny them.

120.    Respectfully beg leave to refer to a true copy of the referenced SEC report or statements for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint, and on that basis deny them.

121.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint, and on that basis deny them.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 122 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 122 of the Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 123 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 123 of the Complaint.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 124 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 124 of the Complaint.

125.    Deny the allegations contained in Paragraph 125 of the Complaint and respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect.

126.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, and on that basis deny them.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint, and on that basis deny them.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 128 of the Complaint, and on that basis deny them.  Deny the allegations contained in the third and fourth sentences of Paragraph 128 of the Complaint.

129.    Respectfully beg leave to refer to a true copy of the referenced Bloomberg article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint, and on that basis deny them.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged instant message conversation, respectfully beg leave to refer to a true copy of the referenced messages for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 130 of the Complaint.

131.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and on that basis deny them.

132.   Deny the allegations contained in the first sentence of Paragraph 132 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 132 of the Complaint.

133.   Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 133 of the Complaint.

134.   Respectfully beg leave to refer to a true copy of the referenced New York Times article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 134 of the Complaint.

135.   Respectfully beg leave to refer to a true copy of the October 2007 board presentation and the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 135 of the Complaint.

136.   Respectfully beg leave to refer to a true copy of the October 2007 board presentation for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 136 of the Complaint.

784610_6

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint, and on that basis deny them.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint, and on that basis deny them.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, and on that basis deny them.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint, and on that basis deny them.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint, and on that basis deny them.

142.    Admit that Moody's received ratings fees paid by Cheyne Capital Management pursuant to a written agreement with Cheyne Capital Management, respectfully beg leave to refer to a true copy of the agreement for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint, and on that basis deny them.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint, and on that basis deny them.

144.    Respectfully beg leave to refer to a true copy of the referenced New York Times article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint, and on that basis deny them.

145.    Deny the allegations contained in Paragraph 145 of the Complaint.

784610_6

146.     Admit that Cheyne SIV entered into receivership, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint, and on that basis deny them.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 147 of the Complaint, and on that basis deny them.  Respectfully beg leave to refer to a true copy of Moody's published ratings for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in the third and fourth sentences of Paragraph 147 of the Complaint.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint, and on that basis deny them.

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint, and on that basis deny them.

### X.  CLASS ACTION ALLEGATIONS

150.     Admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 yet deny that Plaintiffs have properly done so, and otherwise deny the allegations contained in Paragraph 150 of the Complaint.

151.     Neither admit nor deny the allegations contained in the first sentence of Paragraph 151 of the Complaint because they call for a legal conclusion and Moody's respectfully refers all issues of law to the Court; should it be determined that a response is required, Moody's deny the allegations.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of Paragraph 151 of the Complaint, and on that basis deny them.

152.     Deny the allegations contained in Paragraph 152 of the Complaint.

153.    Deny the allegations contained in Paragraph 153 of the Complaint.

154.    Deny the allegations contained in Paragraph 154 of the Complaint.

155.    Deny the allegations contained in Paragraph 155 of the Complaint.

## XI.  COUNTS

### COUNT 1-A
### (Fraud Against Morgan Stanley)

156.    Answering Paragraph 156 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 155, inclusive, as if fully set forth herein.

157.    Answering Paragraph 157 through 168 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 1-B
### (Breaches of Contract Against Morgan Stanley)

158.    Answering Paragraph 169 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 168, inclusive, as if fully set forth herein.

159.    Answering Paragraph 170 through 177 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 1-C
### (Tortious Interference with Contract Against Morgan Stanley)

160.    Answering Paragraph 178 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 177, inclusive, as if fully set forth herein.

161.    Answering Paragraph 179 through 184 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed

by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

## COUNT 1-D
### (Aiding and Abetting Against Morgan Stanley)

162.    Answering Paragraph 185 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 184, inclusive, as if fully set forth herein.

163.    Answering Paragraph 186 through 189 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

## COUNT 2-A
### (Fraud Against the Rating Agencies)

164.    Answering Paragraph 190 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 189, inclusive, as if fully set forth herein.

165.    Answering Paragraph 191 through 204 of the Complaint, Moody's deny the allegations.

## COUNT 2-B
### (Breaches of Contract Against the Rating Agencies)

166.    Answering Paragraph 205 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 204, inclusive, as if fully set forth herein.

167.    Answering Paragraph 206 through 213 of the Complaint, Moody's aver that no response is required as this Count was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 2-C
### (Tortious Interference with Contract Against the Rating Agencies)

168.    Answering Paragraph 214 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 213, inclusive, as if fully set forth herein.

169.    Answering Paragraph 215 through 220 of the Complaint, Moody's aver that no response is required as this Count was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 2-D
### (Aiding and Abetting Against the Rating Agencies)

170.    Answering Paragraph 221 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 220, inclusive, as if fully set forth herein.

171.    Answering Paragraph 222 through 225 of the Complaint, Moody's aver that no response is required as this Count was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 3-A
### (Fraud Against BoNY)

172.    Answering Paragraph 226 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 225, inclusive, as if fully set forth herein.

173.    Answering Paragraph 227 through 233 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 3-B
### (Breaches of Covenant of Good Faith Against BoNY)

174.    Answering Paragraph 234 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 233, inclusive, as if fully set forth herein.

175.    Answering Paragraph 235 through 238 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 3-C
### (Tortious Interference with Contract Against BoNY)

176.    Answering Paragraph 239 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 238, inclusive, as if fully set forth herein.

177.    Answering Paragraph 240 through 245 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 3-D
### (Aiding and Abetting Against BoNY)

178.    Answering Paragraph 246 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 245, inclusive, as if fully set forth herein.

179.    Answering Paragraph 247 through 250 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's and was dismissed by the Court; to the extent the Court deems that a response is required, Moody's deny the allegations.

### **GENERAL DENIAL**

180.    Except as otherwise expressly recognized in Moody's responses above, Moody's deny each and every allegation set forth in the Complaint, including, without limitation, the headings, subheadings and footnotes contained in the Complaint and the allegations set forth in Plaintiffs' prayer for judgment.  Moody's specifically deny any liability to Plaintiffs.  Pursuant to

25

Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied or avoided. Moody's expressly reserve the right to amend and/or supplement their Answer and Affirmative Defenses prior to trial.

## AFFIRMATIVE DEFENSES

181.   The statement of any defense hereinafter does not assume the burden of proof or persuasion as to such defenses that would otherwise rest upon Plaintiffs. Moody's expressly reserve the right to amend, add to and/or otherwise supplement their affirmative and other defenses at such time and to such extent as discovery in this case or otherwise establish a basis therefor. Further answering the Complaint, Moody's plead the following affirmative defenses:

### First Affirmative Defense

182.   The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

183.   The action is improperly venued in New York.

### Third Affirmative Defense

184.   Plaintiffs' action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

185.   Plaintiffs did not rely upon the supposed misrepresentations or omissions alleged.

### Fifth Affirmative Defense

186.   Plaintiffs cannot have reasonably relied on Moody's ratings in deciding whether or not to invest in the Cheyne SIV.

784610_6

## Sixth Affirmative Defense

187.     Moody's lacked the requisite scienter required for liability.

## Seventh Affirmative Defense

188.     The named Plaintiffs do not meet the numerosity, adequacy or typicality requirements of Fed. R. Civ. P. 23.

## Eighth Affirmative Defense

189.     The statements complained of constitute expressions of opinion, not provably false, on a matter of public interest, and are therefore constitutionally protected under the standards set forth in <u>Milkovich v. Lorain Journal Co.</u> and its progeny.

## Ninth Affirmative Defense

190.     Any increase or decrease in the market value of any Notes held by Plaintiffs was the result of market forces or other factors and not Moody's alleged wrongful conduct.

## Tenth Affirmative Defense

191.     Plaintiffs' claims are barred to the extent New York common law does not apply extraterritorially to any foreign conduct alleged in the Complaint.

## Eleventh Affirmative Defense

192.     The court lacks subject matter jurisdiction over the claims asserted.

## Twelfth Affirmative Defense

193.     Plaintiffs' claims are barred, in whole or in part, because Moody's alleged actions were consistent with applicable law.

## Thirteenth Affirmative Defense

194.     Plaintiffs voluntarily assumed the risk of investing in Cheyne SIV.

784610_6

### Fourteenth Affirmative Defense

195.    Plaintiff SEI's claims are barred, in whole or in part, by the prior pending action entitled *SEI Investments Company, et al. v. Moody's Investors Service, Inc., et al.*, Index No. 09-25367, filed in Pennsylvania.

### Fifteenth Affirmative Defense

196.    Plaintiffs have failed to join necessary and indispensable parties.

### Sixteenth Affirmative Defense

197.    Plaintiffs lack of standing to bring the claims asserted.

### Seventeenth Affirmative Defense

198.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### Eighteenth Affirmative Defense

199.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### Nineteenth Affirmative Defense

200.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were not legally or proximately caused by any acts or omissions of Moody's.

### Twentieth Affirmative Defense

201.    The alleged damages suffered by Plaintiffs, if any, have been caused, in whole or in part, by the actions of Plaintiffs and/or third-parties and not by Moody's.

### Twenty-First Affirmative Defense

202.    Any losses or damages purportedly sustained by Plaintiffs must be reduced and/or abated in proportion to the wrongful or negligent conduct of those persons or

entities responsible, and not Moody's, under the principles of set-off, offset, comparative fault and/or contributory negligence.

### Twenty-Second Affirmative Defense

203.    Plaintiffs' right to recovery is barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

WHEREFORE, Moody's respectfully requests that this Court enter judgment:

a)    Dismissing with prejudice all claims alleged against Moody's in the Complaint herein;

b)    Awarding to Moody's the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c)    Awarding to Moody's such other and further relief as this Court deems just, proper or equitable.

Dated: October 30, 2009

SATTERLEE STEPHENS BURKE
& BURKE LLP

By: _____
        James J. Coster
        Joshua M. Rubins
        Aaron M. Zeisler
    230 Park Avenue, Suite 1190
    New York, NY 10169
    Tel: (212) 818-9200
    *Attorneys for Defendants Moody's Investors
    Service, Inc. and Moody's Investors Services Ltd.*

784610_6