UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ABU DHABI COMMERCIAL BANK,
KING COUNTY, WASHINGTON, SEI
INVESTMENTS COMPANY, Together
and On Behalf of All Others Similarly
Situated,

                         Plaintiffs,

        - against -

MORGAN STANLEY & CO.
INCORPORATED, ET AL.

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/09
```

Civil Action No. 1:08-cv-07508-SAS
**ECF Case**

**STIPULATED PROTECTIVE ORDER**

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendants, through their respective counsel of record, have

stipulated to the following protective order pursuant to Federal Rule of Civil Procedure 26(c)

(the "Protective Order") to govern the disclosure of documents, things and information of the

parties or non-parties in the above-captioned action, and have further moved this Court to so

order this Protective Order; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order

submitted by the parties,

It is hereby ORDERED that:

### A. Scope

1. This Protective Order governs the use and handling of documents, data, testimony,

interrogatory responses, responses to requests for admission, depositions and deposition exhibits,

electronically stored information, and other information, including all copies, excerpts and

summaries thereof produced or supplied by Defendants, Plaintiffs, or other individuals or entities,

including non-parties to this action, whether in written, oral, or electronic format, and whether produced or supplied pursuant to a formal discovery request or subpoena, a request made at deposition, or any other formal or informal means.

2.  All documents and other information produced pursuant to discovery in this action, and deposition testimony given in this action, shall be used only for the purposes of prosecuting or defending the above-captioned action (the "Action"), and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

3.  Under this Protective Order, any producing or supplying party (hereafter "producing party") shall have the right to identify and designate as "Confidential" any material and/or information it produces or provides, which the producing party believes in good faith (i) is not in the public domain (*i.e.*, is not generally known and not reasonably ascertainable by proper means), unless such information is believed, in good faith, to be improperly in the public domain, and (ii) contains any trade secret or confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G), or information that is otherwise commercially sensitive. The producing party will designate such material and/or information as Confidential (hereafter "designated material") if such party has a good-faith belief that the designated material is entitled to confidential treatment.

4.  "Confidential information" as used herein means any designated material that is designated by a party as "Confidential" pursuant to this Protective Order, whether it is a document or information contained in a document, disclosed during a deposition or other testimony, disclosed in an interrogatory answer or otherwise disclosed.

2

5. As further specified in Section D.1 below, material that is designated as Confidential
and that a party believes to be competitively sensitive, confidential and/or proprietary
information, the disclosure of which, even limited to the restrictions placed on Confidential
information in this Protective Order, may compromise and/or jeopardize business or otherwise
good-faith confidentiality interests, may be designated as "Highly Confidential" or
"Confidential-Attorneys' Eyes Only." (As used herein, references to "Highly Confidential"
materials shall be deemed to include materials designated "Confidential-Attorneys' Eyes Only.")

6. Any documents designated "Confidential" or "Highly Confidential" that are filed
with this Court in this Action by the producing-designating party shall at that time cease to be
deemed "Confidential" or "Highly Confidential" unless the producing-designating party filing
the documents has filed such documents under seal pursuant to the procedures provided herein.

7. Nothing herein shall prohibit any party hereunder from disclosing its own
Confidential or Highly Confidential information as it deems appropriate. Further, this Protective
Order shall not apply to information or documents which are or become part of the public
domain through no breach of the provisions of this Protective Order.

## B.    Designation of Confidentiality

Documents or information may be designated Confidential or Highly Confidential within
the meaning of this Protective Order as follows:

1. Specific documents produced by a party shall, if appropriate, be designated as
Confidential or Highly Confidential by marking each page of the document containing
Confidential or Highly Confidential information with, in the case of information designated

3

Confidential, "Confidential" or "Confidential Treatment Requested" or "Confidential-Subject To
Protective Order" or, in the case of information designated Highly Confidential, "Confidential-
Attorneys' Eyes Only" or "Confidential-Attorneys' Eyes Only-Subject to Protective Order" or
"Highly Confidential" (without obscuring or defacing the document). In the case of
electronically stored information produced in electronic form, the producing party shall also affix
to the physical media on which any such information is produced the legend "Confidential" or
"Contains Confidential Information" or "Confidential-Attorneys Eyes' Only" or "Contains
Confidential-Attorneys' Eyes Only Information" or "Contains Highly Confidential Information."
If a producing party designates a document or other information as Highly Confidential, the
producing party shall designate the document or information as "Highly Confidential Marketing
Material," "Highly Confidential Investor Material" or "Highly Confidential Rating Agency
Material pursuant to the procedure described above.

2. In the case of interrogatory answers and responses to requests for admissions, if
appropriate, the designation of Confidential or Highly Confidential shall be made by means of a
statement in the answers or responses specifying that the answers or responses or specific parts
thereof are designated Confidential or Highly Confidential. The following shall be placed on
each page of interrogatory answers or responses to requests for admissions containing
Confidential-information or Highly Confidential information: "Contains Confidential
Information" or "Contains Confidential-Attorneys' Eyes Only Information" or "Contains Highly
Confidential Information."

3. In the case of depositions and the information contained in depositions (including
exhibits), designation of the portions of the transcript (including exhibits) that contain
Confidential information or Highly Confidential information shall be made by a statement to

4

such effect on the record at any time in the course of the deposition by counsel of the party deponent, counsel for the non-party witness, or counsel for the designating-producing party, or by letter from such counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential. The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent may review the transcript of his or her own deposition during this 30-day period. The following shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential information or Highly Confidential information: "Contains Confidential Information" or "Contains Confidential-Attorneys' Eyes Only Information" or "Contains Highly Confidential Information." If all or part of a deposition recorded by videographic means is designated as Confidential or Highly Confidential, the recording storage medium and its container shall be so labeled.

4.   To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("computerized material") is produced by any party in a native or other form such that it cannot be stamped as described in paragraph 1 above, the producing party may designate such matter as Confidential or Highly Confidential by cover letter referring generally to such matter or by labeling such media accordingly.

5.   To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc,

5

network, tape, file, database or program from or containing information that it received from a
producing party and that is designated Confidential and/or Highly Confidential, that party and/or
its counsel must take all necessary steps to ensure that access to such media is properly restricted
to those persons who, by the terms of this Protective Order, may have access to Confidential
and/or Highly Confidential information. Whenever any party to whom computerized material
designated as Confidential or Highly Confidential is produced reduces such material to hard-
copy form, such party shall mark such hard-copy form as provided above.

6. In the event that a receiving party believes that any documents, answers to
interrogatories or answers to requests for admissions contain its own Confidential or Highly
Confidential information, such party may request that the producing party include the respective
designations for such materials, in which case the producing party shall so designate all copies of
the materials. Any challenges to such designation shall follow the procedure outlined below and
shall in all respects be considered as if the designating party produced the material in the first
instance with the designation.

## C.   Disclosure of Confidential Information

1. Counsel of record are responsible for employing reasonable measures, consistent with
this Protective Order, to control access to and distribution of information designated Confidential.

2. Information designated Confidential pursuant to this Protective Order shall only be
disclosed, summarized, described, characterized, or otherwise communicated or made available
in whole or in part to the following persons:

6

a. Counsel for the parties (including partners, members, of-counsel attorneys, or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in the Action;

b. This Court, Court personnel, jurors, and persons recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Action;

c. Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the Action;

d. Any expert or consultant (or any employee of such outside expert or consultant) who is not currently employed by any party or any party's competitor and is retained by counsel for the purposes of consulting and/or testifying in the Action;

e. A named party or a director, officer, manager, trustee, or employee of a named party to whom the material is shown for purposes of the Action;

f. (i) a person who prepared, received, reviewed, or otherwise had been provided access to the relevant Confidential material prior to its production in the Action; (ii) a current employee of the producing party; or (iii) witnesses or deponents, and their counsel, or potential witnesses, and their counsel, as to whom counsel has a reasonable belief have relevant information regarding the Confidential material;

g. Any third party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court;

7

h. Any person who counsel reasonably believes may be a trial or deposition witness (and their counsel); and

i. Any other person to whom the party producing the Confidential information agrees to disclosure in writing in advance of the disclosure or on the record at a deposition or at a Court proceeding in advance of the disclosure.

3. Each person to whom disclosure is made pursuant to Sections C.2(c)-(i) above shall be given a copy of this Protective Order and shall sign a declaration, the form of which is attached hereto as "Exhibit A," agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Protective Order. Counsel for the party obtaining any signed copy of "Exhibit A" shall retain the copy and need not disclose it to counsel for all other parties unless ordered to do so by the Court.

## D. Disclosure of Highly Confidential Information

1. A party may designate as Highly Confidential material that evidences, reveals or constitutes the following information:

a. customer lists, marketing strategy (including individual contacts at customers, assessments of customers' interest in various products, internal discussions of marketing to customers, and internal discussions of relationships with customers) (collectively, "Highly Confidential Marketing Materials);

b. the identities of investors or potential investors in the Cheyne SIV; investors' investment strategies, preferences, considerations or guidelines; investors' personnel decisions or restructurings; investors' strategic transactions (e.g.,

8

mergers and acquisitions); the composition of investors' portfolios; personal

information such as home addresses, telephone numbers, social security numbers,

health-related, or other personal information (collectively, "Highly Confidential

Investor Materials");

c. a Rating Agency's internal deliberative process or methodology; non public

financial information, including compensation information, of the producing

Rating Agency and individual employees thereof; engagement letters and invoices;

personal information such as home addresses, telephone numbers, social security

numbers, health-related, or other personal information (collectively, "Highly

Confidential Rating Agency Materials").

2. Counsel of record are responsible for employing reasonable measures, consistent with

this Protective Order, to control access to and distribution of information designated Highly

Confidential.

3. Information designated as Highly Confidential pursuant to this Protective Order shall

only be disclosed, summarized, described, characterized, or otherwise communicated or made

available in whole or in part in accordance with Section D.4 below to:

a. any person who prepared, received, reviewed, or otherwise had been provided

access to the Highly Confidential material prior to its production in the Action;

b. any person to whom the party producing the Highly Confidential information

agrees to disclosure in writing in advance of the disclosure or on the record at a

deposition or at a Court proceeding in advance of the disclosure;

9

c. any other person permitted to receive Confidential Information under Section C.2
above, except that:

i. Highly Confidential Marketing Materials shall not be disclosed,
summarized, described, characterized, or otherwise communicated or
made available in whole or in part to competitors of Morgan Stanley in the
fixed income sales business, including their subsidiaries, affiliates,
employees or agents;

ii. Highly Confidential Investor Materials shall not be disclosed, summarized,
described, characterized, or otherwise communicated or made available in
whole or in part to the named plaintiffs (Abu Dhabi Commercial Bank;
King County, Washington; and SEI Investments Company) or other
institutional investors, including money managers, mutual fund companies,
financial institutions, in-house internal asset management capabilities and
broker-dealers, including in each case their subsidiaries, affiliates,
employees, or agents (other than in-house counsel of the named plaintiffs);
and

iii. Highly Confidential Rating Agency Materials shall not be disclosed,
summarized, described, characterized, or otherwise communicated or
made available in whole or in part to any entity issuing credit ratings
including, but not limited to, any entity currently registered, or that
becomes registered during the pendency of this Action, with the SEC as a
NRSRO, or any entity that issues financial instruments that have been

10

rated by a NRSRO or that has itself been rated by a NRSRO, including in

each case subsidiaries, affiliates, employees, or agents of any such entity;

d. any person from whom noticed testimony is taken in the Action.

4. Each person to whom disclosure is made pursuant to Sections D.3 shall be given a

copy of this Protective Order and shall sign a declaration, the form of which is attached hereto as

"Exhibit A," agreeing that he or she is bound by the jurisdiction of this Court and the terms of

this Protective Order. Counsel for the party obtaining any signed copy of "Exhibit A" shall

retain the copy and need not disclose it to counsel for all other parties unless ordered to do so by

the Court.

5. Nothing herein shall impose any restrictions on the use or disclosure by a party of

information or documents obtained by such party independently of this litigation and not

designated as Highly Confidential information by any party hereunder, whether or not that

document or information is also obtained through this litigation, or from disclosing its own

Highly Confidential information as it deems appropriate. Further, this Protective Order shall not

apply to information or documents which (i) were in the possession of the receiving party before

disclosure hereunder and have not been designated as Highly Confidential information by any

party, or (ii) are or become part of the public domain through no breach of the provisions of this

Protective Order.

## E.    Restrictions and Procedures Regarding Confidential or Highly Confidential
## Materials

1. Persons receiving Confidential or Highly Confidential material are prohibited from

disclosing it to any person except in conformance with this Protective Order. The recipient of

11

any Confidential or Highly Confidential material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information.

2. All documents of any nature, including briefs, motions or letters that contain Confidential Discovery Material and that are filed with the Court, shall be filed in redacted form as an ECF document with an unredacted hard copy filed with Chambers, in accordance with the procedure established in the Suggested Rules of Discovery Practice of Hon. Shira A. Scheindlin. Counsel shall confer among themselves and with the Court, as necessary or advisable. to arrange for the filing of unredacted copies of the documents with the Court under seal. If no agreement or arrangement is reached among counsel for the filing of unredacted copies of such documents with the Court under seal, then counsel shall seek the intervention of the Court to resolve the matter. However, counsel may rely upon the designation of documents as Confidential by the Producing Party to file a document under seal.

3. If, at any time, any Confidential or Highly Confidential information is in the possession or custody of any person, other than the person who originally produced such information, who receives a subpoena or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, the party or person to whom the subpoena or request is directed shall, unless prohibited from doing so by law or regulation. promptly provide written notice to the person who originally produced such information and/or to the person or party who designated the information as Confidential or Highly Confidential, which notice shall include the date set for the production of the subpoenaed or requested information and a copy of the subpoena or request. Further, the

12

party or person to whom the subpoena or request is directed shall not disclose any Confidential

or Highly Confidential information in response thereto without first providing the designating

party or non-party a reasonable period under the circumstances, or seven (7) business days,

whichever is shorter, to inform the subpoenaed party either that it does not object to production

of the information or that it will seek court protection to prevent the production, unless

prohibited from doing so by law or regulation.

4. If the designating party responds that it will not seek court protection, then the

subpoenaed party may produce the information. If the designating party fails to provide the

subpoenaed party with a response as to whether it will object to production or seek court

protection, the subpoenaed party may produce the information after seven (7) business days

following the subpoenaed party's notice of the subpoena to the designating party by sending such

written notice to all counsel of record for the producing party. If the designating party does not

elect to seek court protection, then the subpoenaed party shall only produce the subpoenaed

information if and when required to do so by law or regulation. The party receiving the

subpoena or process shall also inform the party seeking the Confidential or Highly Confidential

information that the information is governed by this Protective Order and that the parties to this

Protective Order intend to keep the information Confidential and/or Highly Confidential, as

appropriate. Notwithstanding the foregoing, a designating party that has received reasonable

notice waives its right to object to production if it does not object to production or seek court

protection on or before the date that production is due. In that circumstance, the subpoenaed

party may provide the subpoenaed information.

5. In the event additional parties are joined or permitted to intervene in this Action, they

shall not have access to any Confidential or Highly Confidential information unless and until

13

such parties (and their counsel) agree in writing to be bound by the terms of this Protective Order
by executing a copy of "Exhibit A."

6. Nothing herein shall restrict or limit the use of information or documents designated
as "Confidential" or "Highly Confidential" at any hearing or trial, but the parties shall confer on
the issue in advance of any such hearing or trial and the parties reserve the right to seek
additional protective relief from the Court in connection with any such hearing or trial.

## F.    Objections to Designations

1. A party shall not be obliged to challenge the propriety of a Confidential or Highly
Confidential information designation at the time made, and a failure to do so shall not preclude a
subsequent challenge thereto. In the event that a party objects to the designation of any material
under this Protective Order, the objecting party shall consult with the designating party to
attempt to resolve their differences. If the parties are unable to reach an accord as to the proper
designation of the material, after giving notice to the party who designated the material, the
objecting party may apply to the Court for a ruling that the material shall not be so designated. If
no such motion is made, the material will retain its designation. Any documents or other
materials that have been designated Confidential or Highly Confidential shall be treated as
Confidential or Highly Confidential until such time as the Court or any magistrate judge to
whom this matter is assigned rules that such material should not be treated as Confidential or
Highly Confidential, provided that such confidential treatment shall continue despite such ruling
if the ruling is subject to a stay by operation of law because it is subject to appeal or review, or it
is otherwise stayed by a body of competent jurisdiction. Nothing in this Protective Order alters

14

applicable law regarding burdens of proof and presumptions as to confidentiality when
challenging a Confidential or Highly Confidential designation.

## G.    Preservation of Rights and Privileges

1. Nothing contained in this Protective Order shall affect the right, if any, of any party,
non-party or witness to make any other type of objection, claim, or other response to discovery
requests, including, without limitation, interrogatories, requests for admissions, requests for
production of documents or questions at a deposition; the right of any party or non-party to seek
additional protective relief with respect to any document or information sought in the course of
discovery; the right of any party to object to the admissibility, authenticity or use of such
information at any hearing or trial; the right of any party to seek or compel additional discovery;
the right of the parties to agree to modify, alter or amend the provisions or protections provided
herein by filing a stipulation with the Court; and the right of any party to waive in writing the
provisions or protections provided herein. Nor shall this Protective Order be construed as a
waiver by any party of any legally cognizable privilege to withhold any Confidential or Highly
Confidential information, or of any right that any party may have to assert such privilege at any
stage of the Action.

2. Nothing herein shall restrict the right of any party or non-party to use his, her or its
own documents and information designated as Confidential or Highly Confidential for any
purpose whatsoever.

15

## H.    Return or Destruction of Material

1.  Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of or resolving the Action, including the exhaustion of all possible appeals and other reviews, all parties and non-parties having Confidential or Highly Confidential information shall, absent a court order or written agreement to the contrary, either return such information and all copies thereof to counsel of the producing party or non-party or, alternatively, shall destroy such information, in which case the party destroying the information shall attest in writing to counsel for the party that produced it that the information in his or her possession, as well as the information provided to others in accordance with this Protective Order, has been destroyed. As to the material that contains or reflects Confidential or Highly Confidential information, but that constitutes or reflects counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such material contains Confidential or Highly Confidential information, so long as such material is clearly marked to reflect that it contains such information.

## I.    Inadvertent or Unintentional Disclosure

1.  Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy or proprietary interest with respect to any document or information. The parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed information.

16

2. A producing party that inadvertently fails to designate material as Confidential or Highly Confidential pursuant to this Protective Order at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing within a reasonable time after discovery of the inadvertent mis-designation, accompanied by substitute copies of each item or material, appropriately designated. Those individuals who received the material prior to notice of mis-designation by the producing party shall within fifteen (15) days of receipt of the substitute copies, destroy or return to the law firm representing the producing party all copies of such mis-designated documents, and inform all persons to whom the mis-designated materials have been disclosed of the new designation. If the individuals who received the mis-designated material choose to destroy it rather than return it, they shall attest that they have destroyed it and all copies to the law firm representing the producing party. Those individuals who reviewed the mis-designated material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the mis-designated material.

3. In the event of an inadvertent disclosure of another party's designated Confidential or Highly Confidential document, communication or information, the party making or aware of the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains Confidential or Highly Confidential information subject to this Protective Order; (ii) promptly make all reasonable efforts to obtain the return of the document, communication or information and to prevent further dissemination of it; and (ii) within five (5) days (holidays and weekends included) notify the party that produced the Confidential or Highly Confidential information of the identity of the person(s) to whom

17

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to

prevent any use or further dissemination of it.

**J.    Miscellaneous**

1.  A party's compliance with the terms of this Protective Order shall not operate as an

admission that any particular material is or is not (a) confidential, (b) privileged, or (c)

admissible in evidence at trial.

2.  A non-party who is obligated to provide discovery in this Action by deposition,

production of documents, or otherwise, shall be afforded the protections of this Protective Order

upon signing the declaration attached hereto as "Exhibit A." By signing such declaration, the

non-party also agrees to be bound by the terms of this Protective Order.

3.  Neither the termination of this Action nor the termination of employment of any

person who has had access to any Confidential or Highly Confidential information, or the

contents thereof, shall relieve such person of his or her obligations hereunder, which shall

survive.

4.  Upon the final resolution of this Action, any party may seek leave to reopen this

Action to enforce the provisions of this Protective Order.

5.  This Protective Order is binding on all parties to this Action. This Protective Order is

also binding on all non-parties who have signed the attached "Exhibit A." This Protective Order

shall remain in force and effect until modified, superseded or terminated by consent of the parties

or by further Order of the Court.

18

IT IS STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 5, 2009

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

By: _____ / JPR
    Daniel Drosman

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

*Attorneys for Plaintiffs Abu Dhabi
Commercial Bank, King County,
Washington, and SEI Investments
Company*

DAVIS POLK & WARDWELL LLP

By: _____
    James D. Rouhandeh
    Antonio J. Perez-Marques
    Russell Capone

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Defendants Morgan Stanley
& Co. Incorporated and Morgan Stanley
& Co. International Limited*

19

CAHILL GORDON & REINDEL LLP

By: _____

_____     Floyd Abrams
              Dean Ringel
              Adam Zurofsky

80 Pine Street
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Standard &*
*Poor's Ratings Services and The*
*McGraw-Hill Companies, Inc.*

SATTERLEE STEPHENS BURKE &
BURKE LLP

By: _____

James Coster
Joshua Rubins
Aaron Zeisler

230 Park Avenue
11th Floor
New York, NY 10169
(212) 818-9200

*Attorneys for Defendants Moody's*
*Investors Service, Inc. and Moody's*
*Investors Service, Ltd.*

**SO ORDERED:**

_____
HON. DEBRA FREEMAN, U.S.M.J.

December __, 2009

20

CAHILL GORDON & REINDEL LLP

By: _____

        Floyd Abrams
        Dean Ringel
        Adam Zurofsky

80 Pine Street
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Standard &*
*Poor's Ratings Services and The*
*McGraw-Hill Companies, Inc.*

SATTERLEE STEPHENS BURKE &
BURKE LLP

By: _____

        James Coster
        Joshua Rubins
        Aaron Zeisler

230 Park Avenue
11th Floor
New York, NY 10169
(212) 818-9200

*Attorneys for Defendants Moody's*
*Investors Service, Inc. and Moody's*
*Investors Service, Ltd.*

**SO ORDERED:**

_____
HON. DEBRA FREEMAN, U.S.M.J.

December ___, 2009

20

CAHILL GORDON & REINDEL LLP

By:

Floyd Abrams
Dean Ringel
Adam Zurofsky

80 Pine Street
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Standard &
Poor's Ratings Services and The
McGraw-Hill Companies, Inc.*

SATTERLEE STEPHENS BURKE &
    BURKE LLP

By:

James Coster
Joshua Rubins
Aaron Zeisler

230 Park Avenue
11th Floor
New York, NY 10169
(212) 818-9200

*Attorneys for Defendants Moody's
Investors Service, Inc. and Moody's
Investors Service, Ltd.*

**SO ORDERED:** 12/18/09

HON. DEBRA FREEMAN, U.S.M.J.

20

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ABU DHABI COMMERCIAL BANK,          :
KING COUNTY, WASHINGTON,            :
Together and On Behalf of All Others :
Similarly Situated,                 :
                                    :
                    Plaintiffs,     :   Civil Action No. 1:08-cv-07508-SAS
                                    :   **ECF Case**
        - against -                 :
                                    :
MORGAN STANLEY & CO.                :
INCORPORATED, ET AL.                :   **STIPULATED PROTECTIVE ORDER**
                                    :
                    Defendants.     :
                                    :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                    **CERTIFICATION**

1.  My name is _____.

2.  I live at _____.

3.  I am employed as (state position) _____.

4.  by (state name and address of employer) _____.

5.  I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, _____ by _____

Signed: _____

21