UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
ABU DHABI COMMERCIAL BANK, et al., : Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others :
Similarly Situated, : CLASS ACTION
:
                Plaintiffs, : MEMORANDUM OF LAW IN SUPPORT
: OF PLAINTIFFS' MOTION FOR LEAVE
    vs. : TO FILE AN AMENDED COMPLAINT
:
MORGAN STANLEY & CO. : [REDACTED]
INCORPORATED, et al., :
:
                Defendants. :
:
---------------------------------------x

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | ARGUMENT | | 3 |
| | A. | Standard for Granting Leave to Amend | 3 |
| | B. | Plaintiffs Satisfy the Standards for Leave to Amend | 5 |
| | | 1. There Has Been No Undue Delay or Bad Faith | 5 |
| | | 2. Leave to Amend Will Not Substantially Prejudice Defendants | 6 |
| | | 3. Amendment Would Not Be Futile | 7 |
| | C. | Amendment Is Also Proper Under Fed. R. Civ. P. 20 | 9 |
| III. | CONCLUSION | | 12 |

## TABLE OF AUTHORITIES

Page

**CASES**

*Barnhart v. Town of Parma*,
 252 F.R.D. 156 (W.D.N.Y. 2008) ................................................................................. 10, 11

*Blesedell v. Mobil Oil Co.*,
 708 F. Supp. 1408 (S.D.N.Y. 1989) .............................................................................. 10, 11

*Block v. First Blood Assocs.*,
 988 F.2d 344 (2d Cir. 1993) ................................................................................................ 6

*Brown v. Kelly*,
 244 F.R.D. 222 (S.D.N.Y. 2007) ........................................................................................ 3

*Commander Oil Corp. v. Barlo Equip. Corp.*,
 215 F.3d 321 (2d Cir. 2000) ................................................................................................ 3

*Daniels v. Loizzo*,
 174 F.R.D. 295 (S.D.N.Y. 1997) ........................................................................................ 5

*Foman v. Davis*,
 371 U.S. 178 (1962) ............................................................................................................ 4

*Illco Toy Co. U.S.A., Inc. v. Block*,
 No. 90 Civ. 1919 (CSH), 1992 WL 80627
 (S.D.N.Y. Apr. 3, 1992) ................................................................................................. 4, 7

*In re Ski Train Fire*,
 224 F.R.D. 543 (S.D.N.Y. 2004) ........................................................................................ 3

*Johnson v. Melnick & Co., Inc.*,
 No. 91-Civ-7961 (LAP), 1993 WL 118512
 (S.D.N.Y. Apr. 13, 1993) .................................................................................................... 7

*Kehr v. Yamaha Motor Corp. U.S.A.*,
 No. 08-Civ-7379 (CM), 2008 WL 5191210
 (S.D.N.Y. Dec. 5, 2008) .................................................................................................... 11

*Malone v. Bayerische Hypo-Und Vereins Bank AG*,
 Nos. 08 Civ. 7277(PGG) & 09 Civ. 3676(PGG), 2010 WL 391826
 (S.D.N.Y. Feb. 4, 2010) ...................................................................................................... 9

Page

*Newton v. The City of New York*,
    No. 07 Civ. 6211 (SAS), 2010 WL 329892
    (S.D.N.Y. Jan. 27, 2010) ........................................................................................... 4, 6

*Puricelli v. CNA Ins. Co.*,
    185 F.R.D. 139 (N.D.N.Y. 1999) .................................................................................. 11

*Randolph Rand Corp. of NY v. Tiny Handbags, Inc.*,
    No. 96-Civ-1829, 2001 WL 1286989
    (S.D.N.Y. Oct. 24, 2001) ............................................................................................... 7

*Richardson Greenshields Sec., Inc. v. Lau*,
    825 F.2d 647 (2d Cir. 1987) ........................................................................................... 6

*Slayton v. American Express Co.*,
    460 F.3d 215 (2d Cir. 2006) ........................................................................................... 3

*Sly Magazine, LLC v. Wieder Publ'ns LLC*,
    241 F.R.D. 527 (S.D.N.Y. 2007) .................................................................................... 4

*Sokolski v. Trans Union Corp.*,
    178 F.R.D. 393 (E.D.N.Y. 1998) ................................................................................... 3

*State Teachers Retirement Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1993) ........................................................................................... 5

*United Mine Workers of America v. Gibbs*,
    383 U.S. 715 (1966) ..................................................................................................... 10

*Xeikon Int'l, N.V. v. Gamut, Inc.*,
    No. 03-CV-6123L, 2004 WL 627896
    (W.D.N.Y. Feb. 18, 2004) ............................................................................................ 10

**STATUTES, RULES AND REGULATIONS**

New York Civil Practice Law and Rules
    §213(8) ........................................................................................................................... 9

Federal Rules of Civil Procedure
    Rule 12(b)(6) .......................................................................................................... 7, 8, 9
    Rule 15 ................................................................................................................. 4, 5, 11
    Rule 15(a) ....................................................................................................................... 1
    Rule 15(a)(1) .................................................................................................................. 1
    Rule 15(a)(2) ............................................................................................................... 3, 4

Rule 20 ................................................................................................4, 9, 10, 11
Rule 20(a) ........................................................................................................4, 10
Rule 20(a)(2) ...................................................................................................4, 10
Rule 21 ..................................................................................................................4
Rule 30(b)(6) .....................................................................................................2, 5

**SECONDARY AUTHORITIES**

3 James Wm. Moore,
*Moore's Federal Practice* (3d ed. 2008)
    §15.14 ............................................................................................................4

61A Am. Jur. 2d *Pleading* (2010)
    §775 ..............................................................................................................4

## I. PRELIMINARY STATEMENT

Plaintiffs SEI Investments Company, Abu Dhabi Commercial Bank and King County, Washington ("Plaintiffs"), on behalf of themselves and all others similarly situated, request leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a) to add the following new defendants: Cheyne Capital Management Limited, its successor, Cheyne Capital Management (UK) LLP, and their delegate, Cheyne Capital International Limited (collectively, "Cheyne Capital"). Plaintiffs have brought this action against defendants Morgan Stanley, Moody's, S&P, and BoNY (collectively, "Defendants") to vindicate the rights of investors who purchased Senior Notes and Capital Notes in the Cheyne SIV in reliance on the false and misleading ratings that Defendants knowingly or recklessly assigned to the Rated Notes.[1]

Plaintiffs filed the SAC on September 22, 2009, alleging common law fraud and aiding and abetting. Plaintiffs added SEI Investments Company as a named plaintiff to the SAC, which was the only difference between the SAC and Plaintiffs' First Amended Complaint. Plaintiffs did so in order to satisfy the standing requirement for investors who purchased Medium Term Notes set forth by the Court in its Opinion and Order dated September 2, 2009.[2] Morgan Stanley, Moody's and S&P answered the SAC on October 30, 2009.[3] Plaintiffs were permitted to take depositions "limited to

---

[1] All capitalized terms used herein have the same meanings as in the Second Amended Complaint for Common Law Fraud, Breach of Contract and Aiding and Abetting (the "SAC").

[2] Plaintiffs filed their initial complaint on August 25, 2008. On March 31, 2009, Plaintiffs filed a First Amended Complaint pursuant to Rule 15(a)(1), adding King County, Washington as a named plaintiff.

[3] In a Memorandum Opinion and Order entered on October 15, 2009, this Court held that the aiding and abetting common law fraud claim against BoNY was dismissed without prejudice because "[i]t is possible that further discovery in this case could reveal new facts making the likelihood of BoNY's aiding and abetting more plausible." October 15, 2009 Memorandum Opinion and Order at 7-8.

issues relevant to class certification." Stipulation and Order dated October 1, 2009. All remaining discovery is to await completion of briefing on Plaintiffs' motion for class certification. *Id.* From October 30, 2009 until January 12, 2010, Plaintiffs took seven Rule 30(b)(6) depositions of designees from Morgan Stanley, Moody's and S&P. Plaintiffs also have continued to review and analyze the more than two million pages of documents produced by the Defendants in response to Plaintiffs' document requests.

Based on this deposition testimony and the documents produced by Defendants to date, Plaintiffs have determined that they have an evidentiary basis to name Cheyne Capital as a defendant for common law fraud and aiding and abetting. During those depositions, moreover, it started to become clear that Defendants might embark upon an "empty chair" defense shifting liability for their own actions to Cheyne Capital. Thus, as set forth in the proposed Third Amended Complaint for Common Law Fraud and Aiding and Abetting (the "TAC"), attached hereto as Exhibit A, Plaintiffs hereby seek to add Cheyne Capital as an additional named defendant to their complaint, along with relevant facts and counts for common law fraud and aiding and abetting against Cheyne Capital. *See* ¶¶27-28, 33-40, 154-187, 240-256.[4] Plaintiffs additionally seek to amend their caption to reflect the addition of Cheyne Capital.[5] For the Court's convenience, Plaintiffs have attached as Exhibit B a redlined version of the TAC comparing it to the SAC.

Plaintiffs should be granted leave, in the interests of justice, to file a TAC in order to add Cheyne Capital as an additional defendant. Plaintiffs have not unduly delayed seeking to amend the

---

[4] Unless otherwise noted, all "¶__" and "¶¶__" are to the TAC.

[5] Finally, in order to avoid confusion, Plaintiffs seek to amend the SAC by removing the same sentence from each of the aiding and abetting counts indicating that this count was alleged in the alternative. *See* SAC, ¶¶187, 223, 248.

SAC, or exhibited any bad faith or dilatory motive. Nor will leave to amend substantially prejudice Defendants. The common law fraud and aiding and abetting claims asserted against Cheyne Capital arise out of the same transactions, occurrences and legal theories already set forth in the SAC. In addition, there is no undue prejudice in this case because Defendants have already attempted to shift liability to Cheyne Capital, as is evident from the deposition testimony obtained by Plaintiffs during late 2009 and early 2010. Accordingly, the Court should grant Plaintiffs leave to amend the SAC to add Cheyne Capital pursuant to Fed. R. Civ. P. 15(a)(2).

## II. ARGUMENT

### A. Standard for Granting Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.; *see Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) ("'[L]eave shall be freely given when justice so requires.'") (citation omitted). "Parties are thus 'generally allowed to amend their pleadings absent bad faith or prejudice.'" *In re Ski Train Fire*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (Scheindlin, J.) (quoting *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000)); *see Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007) (Scheindlin, J.) ("'The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'") (citation omitted); *see generally Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) ("Generally, amendments are favored, as

they tend 'to facilitate a proper decision on the merits.'") (citation omitted).[6]  "The burden is upon the opposing party to assert and demonstrate that it will be substantially prejudiced by a proposed amendment; its mere statement that it will be prejudiced if the amendment is allowed is not a sufficient reason for denying leave to amend." 61A Am. Jur. 2d *Pleading* §775 (2010).  Finally, while a court ruling on a motion for leave to amend a pleading will consider whether the amendment is futile, plaintiff need not establish the factual merits of the proposed amendment. *See Illco Toy Co. U.S.A., Inc. v. Block*, No. 90 Civ. 1919 (CSH), 1992 WL 80627, at *2 (S.D.N.Y. Apr. 3, 1992).

"Where a proposed amended complaint seeks to add new defendants, Federal Rules of Civil Procedure 20 and 21 govern." *Newton v. The City of New York*, No. 07 Civ. 6211 (SAS), 2010 WL 329892, at *1 (S.D.N.Y. Jan. 27, 2010) (Scheindlin, J.).  Rule 20(a) provides, in relevant part, that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "'In deciding whether to allow joinder,' courts adhere to 'the same standard of liberality afforded to motions to amend under Rule 15.'" *Newton*, 2010 WL 329892, at *1 (quoting *Sly Magazine, LLC v. Wieder Publ'ns LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007)).

---

[6] "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." 3 James Wm. Moore, *Moore's Federal Practice* §15.14, at 15-24 (3d ed. 2008). "Denial of leave to amend is disfavored." *Id.*  The Supreme Court has instructed that Rule 15(a)(2)'s "mandate" that leave to amend shall be freely given when justice requires "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

- 4 -

512662_1

### B. Plaintiffs Satisfy the Standards for Leave to Amend

Leave to amend should be granted in this case because there has been no undue delay, dilatory motive or bad faith on the part of Plaintiffs, Defendants will suffer no undue prejudice, and amendment is not futile.

#### 1. There Has Been No Undue Delay or Bad Faith

There has been no bad faith on the part of Plaintiffs in moving to amend. After taking a series of Rule 30(b)(6) class certification depositions (including one as recently as January 12, 2010) and continuing to review and analyze the more than two million pages of documents that Defendants have produced to date, Plaintiffs determined that they have evidentiary support for naming Cheyne Capital as an additional defendant. In addition, based on the few depositions taken to date, it started to become clear that Defendants intended to use an "empty chair" defense in which they depicted Cheyne Capital as the culpable party in an effort to shift liability away from themselves. When Plaintiffs made this determination, they served Defendants on March 8, 2010, with a pre-motion letter pursuant to this Court's Individual Rules and Procedures §III.B. requesting Defendants' consent to file an amended complaint adding Cheyne Capital.[7] There has been no bad faith or dilatory motive on the part of Plaintiffs in moving to amend at this time.

Mere delay does not provide the basis for denial of leave to amend. *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1993). Even a delay as long as nine years is regarded as mere delay, when the adverse party offers no evidence of substantial prejudice or bad faith to overcome the liberal amendment policy of Rule 15. *Daniels v. Loizzo*, 174 F.R.D. 295, 298 (S.D.N.Y. 1997). Thus, the mere fact that the party seeking to amend could have moved to amend at

---

[7] Defendants refused to consent to amendment, claiming that they were entitled to vet Plaintiffs' proposed amended complaint before they respond.

512662_1

an earlier time does not by itself constitute an adequate basis for denying leave to amend. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

Here, Plaintiffs filed their SAC six months ago, on September 22, 2009. Morgan Stanley, Moody's and S&P answered the SAC on October 30, 2009. To date, there have been no merits depositions taken – or permitted – and there has been no merits discovery cut-off date or trial date set. Indeed, this Court recently granted leave to amend a complaint to add defendants more than two years after an action was filed and nearly a year after fact discovery was originally set to close. *Newton*, 2010 WL 329892, at *3. Accordingly, there has been no undue delay.

### 2. Leave to Amend Will Not Substantially Prejudice Defendants

Allowing Plaintiffs to amend the complaint will not substantially prejudice Defendants. In assessing the likelihood of substantial prejudice, the Court examines whether the proposed amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Here, the Defendants cannot legitimately claim substantial prejudice. Defendants will not expend significant additional resources conducting discovery and amendment will not significantly delay resolution of the dispute because merits discovery has not yet begun and the addition of Cheyne Capital to the action does not affect the propriety of class certification. *Cf. Newton*, 2010 WL 329892, at *3 ("While the additional depositions will certainly be taxing on defendants, they are not so substantial as to create undue prejudice."). Further, since the claims asserted against Cheyne Capital arise out of the same transactions, occurrences and legal theories already set forth in the existing complaint, the present Defendants are not substantially prejudiced by amendment. In

- 6 -
512662_1

addition, there is no undue prejudice in this case because Defendants have already attempted to shift liability to Cheyne Capital, as is evident from the deposition testimony obtained by Plaintiffs during late 2009 and early 2010. Thus, amendment will not result in substantial prejudice to Defendants.

### 3. Amendment Would Not Be Futile

An amendment to add Cheyne Capital would not be futile. In examining this prong, courts within the Second Circuit apply a Rule 12(b)(6) standard of review such that dismissal is warranted only if the allegations in the complaint fail to state a claim for relief. *See Randolph Rand Corp. of NY v. Tiny Handbags, Inc.*, No. 96-Civ-1829, 2001 WL 1286989, at *5 (S.D.N.Y. Oct. 24, 2001); *Johnson v. Melnick & Co., Inc.*, No. 91-Civ-7961 (LAP), 1993 WL 118512, at *2 (S.D.N.Y. Apr. 13, 1993). The movant need not show a probability that the additional claims will succeed, but only that they are not clearly frivolous on their face. *See Illco Toy Co.*, 1992 WL 80627, at *2.

Here, Plaintiffs do not seek to add any new or novel causes of action to the TAC. Plaintiffs seek only to add new defendants to the previously asserted causes of action that have already survived a "futility" test. After all, this Court has already ruled on the existing causes of action and confirmed that they are legally sufficient by denying Defendants' Rule 12(b)(6) motion.

The common law fraud and aiding and abetting counts against Cheyne Capital are supported by factual allegations that state a claim upon which relief can be granted. First, the TAC contains a 13-page section entitled, "Cheyne Capital's Involvement in the Fraud" that provides a detailed account of how Cheyne Capital worked with the Rating Agencies and Morgan Stanley to structure the Rated Notes in such a way that qualified them for the Rating Agencies' highest ratings, which Cheyne Capital knew or recklessly disregarded were false and misleading. *See* ¶¶154-187. The TAC describes how Cheyne Capital, Morgan Stanley and the Rating Agencies designed, structured, marketed and maintained the Cheyne SIV. *Id.* It also explains that Cheyne Capital and Morgan

- 7 -
512662_1

Stanley provided to potential investors the false and misleading ratings through preliminary and final Information Memoranda, Pricing Supplements, pre-sale reports, pitch books and other documents associated with the continuous rolling of the Rated Notes. *Id.* The TAC alleges that Rated Note investors, including the Plaintiffs, justifiably relied on Cheyne Capital's materially misleading statements and omissions and suffered damages as a result of Cheyne Capital's fraudulent conduct. *See* ¶¶240-252.



512662_1

[REDACTED]

Second, the TAC explains why Cheyne Capital is subject to jurisdiction in New York. *See* ¶¶33-40. [REDACTED]

[REDACTED] Thus, the TAC establishes that Cheyne Capital is subject to jurisdiction in New York.

Finally, the common law fraud claim against Cheyne Capital is not time barred. "The statute of limitations for fraud claims is 'the ***greater*** of six years from the date the cause of action accrued or two years from the time the plaintiff . . . could with reasonable diligence have discovered it.'" *Malone v. Bayerische Hypo-Und Vereins Bank AG, et al.*, Nos. 08 Civ. 7277(PGG) & 09 Civ. 3676(PGG), 2010 WL 391826, at *11 (S.D.N.Y. Feb. 4, 2010) (quoting N.Y.C.P.L.R. §213(8)) (emphasis added). Because the initial offering of the Cheyne SIV notes occurred on August 3, 2005, the six-year statute of limitations does not bar fraud claims brought in 2010 that arise out of the purchase of those notes.

### C. Amendment Is Also Proper Under Fed. R. Civ. P. 20

In addition, amendment of the SAC to add Cheyne Capital as an additional defendant is appropriate under Rule 20 of the Federal Rules of Civil Procedure, which governs permissive joinder of additional parties. Rule 20 provides that defendants may be joined in an action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989). Reflecting this policy, the Supreme Court has stated that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

With regard to whether a plaintiff's claims for relief arise out of a "single transaction or occurrence," courts in this Circuit have concluded that the phrase encompasses "all 'logically related claims.'" *See, e.g.*, *Blesedell*, 708 F. Supp. at 1421 (citation omitted); *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citing cases). Here, the claims against the existing Defendants and Cheyne Capital in the TAC easily satisfy that standard, as they all assert injury based on the false and misleading ratings assigned to the Cheyne SIV's Rated Notes. *See, e.g.*, *Xeikon Int'l, N.V. v. Gamut, Inc.*, No. 03-CV-6123L, 2004 WL 627896, at *3 (W.D.N.Y. Feb. 18, 2004) (plaintiff satisfied "single transaction or occurrence" standard by alleging that defendants and proposed additional defendants all violated its patent); *Blesedell*, 708 F. Supp. at 1421 (plaintiffs satisfied "single transaction or occurrence" standard where they asserted similar allegations of employment discrimination against defendant, even where factual allegations did not entirely overlap); *Barnhart*, 252 F.R.D. at 161 (standard satisfied where allegations were "significantly similar in nature and specifics").

The second requirement of Rule 20(a), that the actions against the defendant and proposed defendant to be joined contain a common question of law or fact, is also clearly satisfied here. "The

- 10 -
512662_1

Rule does not require the commonality of all questions of law and fact raised in the dispute, rather, the requirement is satisfied if there is any question of law or fact common to all parties." *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 143 (N.D.N.Y. 1999) (citing *Blesedell*, 708 F. Supp. at 1422); *Kehr v. Yamaha Motor Corp. U.S.A.*, No. 08-Civ-7379 (CM), 2008 WL 5191210, at *6 (S.D.N.Y. Dec. 5, 2008) (same). Here, there are common questions of both law and fact raised against Cheyne Capital and the existing Defendants. The TAC asserts claims against each of them for common law fraud and aiding and abetting, and the factual underpinnings of those claims, relating to the knowing or reckless assignment of false ratings to the Rated Notes, are essentially identical.

Finally, joinder of Cheyne Capital in this case would facilitate judicial economy and efficiency, as much of the discovery and depositions will be the same with respect to the claims against Cheyne Capital and the existing Defendants. As with Rule 15, these factors also weigh in favor of granting permissive joinder under Rule 20. *See, e.g.*, *Kehr*, 2008 WL 5191210, at *6 (considering judicial economy as factor in evaluating joinder of claims); *Barnhart*, 252 F.R.D. at 161 (same).

Thus, the addition of Cheyne Capital satisfies the standard set forth in Rule 20. The common law fraud claim against the existing Defendants and Cheyne Capital arises out of the same transactions or occurrences and questions of law and fact are common to Cheyne Capital and the existing Defendants.

- 11 -
512662_1

### III. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for leave to file an amended complaint adding Cheyne Capital as an additional defendant.

DATED: March 24, 2010

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
JARRETT S. CHARO


        s/ SAMUEL H. RUDMAN
          SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
MICHAEL F. GHOZLAND
NATHAN R. LINDELL
CHRISTINA A. ROYCE
DARRYL J. ALVARADO
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
LUKE O. BROOKS
JASON C. DAVIS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Attorneys for Plaintiffs

- 12 -

512662_1

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 24, 2010.

    s/ SAMUEL H. RUDMAN
    SAMUEL H. RUDMAN

    COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    58 South Service Road, Suite 200
    Melville, NY 11747
    Telephone: 631/367-7100
    631/367-1173 (fax)
    E-mail: srudman@csgrr.com

512662_1

## Mailing Information for a Case 1:08-cv-07508-SAS-DCF

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Darryl J. Alvarado**
  dalvarado@csgrr.com

- **Anne L. Box**
  anneb@csgrr.com

- **Luke Orion Brooks**
  lukeb@csgrr.com

- **Andrea Rose Butler**
  abutler@cahill.com

- **Jarrett Scott Charo**
  jcharo@csgrr.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Patrick Joseph Coughlin**
  patc@csgrr.com

- **Jason Cassidy Davis**
  jdavis@csgrr.com,ptiffith@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Daniel S. Drosman**
  ddrosman@csgrr.com,jillk@csgrr.com,E_File_SD@csgrr.com,tholindrake@csgrr.com,nlindell@csgrr.com,jcharo@csgrr.com

- **Michael Fred Ghozland**
  mghozland@csgrr.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Nathan R. Lindell**
  nlindell@csgrr.com

- **Damien Jerome Marshall**
  dmarshall@bsfllp.com,NYC_Managing_Clerk@bsfllp.com

- **Antonio Jorge Perez-Marques**
  antonio.perez@dpw.com,ecf.ct.papers@dpw.com

- **Dean I. Ringel**
  DRingel@Cahill.com,JHall@cahill.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

- **Jonathan Henry Sherman**
  jsherman@bsfllp.com,NYC_Managing_Clerk@bsfllp.com

- **Jessica T. Shinnefield**
  jshinnefield@csgrr.com

- **Aaron Mark Zeisler**
  azeisler@ssbb.com,managingclerk@ssbb.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
David C. Walton
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301
```