UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
ABU DHABI COMMERCIAL BANK, et al.,　:　Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others　:
Similarly Situated,　　　　　　　　　　:　CLASS ACTION
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiffs,　:
　　　　　　　　　　　　　　　　　　:　PLAINTIFFS' MEMORANDUM OF LAW
　　　　　　　　　　　　　　　　　　:　IN SUPPORT OF MOTION FOR RELIEF
　　　　vs.　　　　　　　　　　　　:　FROM ORDER OF DISMISSAL
　　　　　　　　　　　　　　　　　　:
MORGAN STANLEY & CO.　　　　　　:
INCORPORATED, et al.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　:
　　　　　　　　　　　　　　　　　　:
—————————————————————— x

518199_1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     PROCEDURAL HISTORY...............................................................................3

      A.      The First Amended Complaint................................................................3

      B.      The September 2, 2009 Order Granting in Part and Denying in Part
            Defendants' Motions to Dismiss.............................................................4

      C.      The Second Amended Complaint ...........................................................7

      D.      The October 15, 2009 Memorandum Opinion and Order.......................8

III.    ARGUMENT ....................................................................................................10

      A.      Legal Standard for Relief from Judgment or Order..............................10

      B.      Pursuant to Rule 60(b), the Court Should Amend Its Order to Restore the
            Aiding and Abetting Common Law Fraud Claims .................................11

      C.      Pursuant to Rule 60(a), This Court Should Amend Its Order to Restore the
            Aiding and Abetting Claims ..................................................................13

IV.     CONCLUSION.................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*,
    651 F. Supp. 2d 155 (S.D.N.Y. 2009)......................................................................*passim*

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*,
    No. 08 Civ. 7508(SAS), 2009 WL 3346674
    (S.D.N.Y. Oct. 15, 2009) ........................................................................*passim*

*Am. Alliance Ins. Co. v. Eagle Ins. Co.*,
    92 F.3d 57 (2d Cir. 1996)......................................................................11

*Davis v. Musler*,
    713 F.2d 907 (2d Cir. 1983)..................................................................11

*Design Strategy, Inc. v. Davis*,
    469 F.3d 284 (2d Cir. 2006)..................................................................11

*Ferguson v. Lion Holding, Inc.*,
    No. 02 Civ. 4258(PKL), 2007 WL 2265579
    (S.D.N.Y. Aug. 6, 2007) ........................................................................10

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    593 F. Supp. 2d 549 (S.D.N.Y. 2008)..................................................10

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006)....................................................................7

*Lugo v. Artus*,
    No. 05 Civ. 1998 (SAS), 2008 U.S. Dist. LEXIS 10159
    (S.D.N.Y. Jan. 31, 2008)........................................................................11

*Maryland use of Geils v. Baltimore Transit Co.*,
    38 F.R.D. 340 (D. Md. 1965)................................................................13

*Radack v. Norwegian Am. Line Agency, Inc.*,
    318 F.2d 538 (2d Cir. 1963)..................................................................11

*Smalls v. United States*,
    471 F.3d 186 (D.C. Cir. 2006)..............................................................11

518199_1

**Page**

**RULES**

Federal Rules of Civil Procedure

  Rule 12(b)(6) ................................................................................................4

  Rule 45 .........................................................................................................8

  Rule 54(b) ....................................................................................................9

  Rule 60 ...............................................................................................2, 3, 11

  Rule 60(a) ...........................................................................................*passim*

  Rule 60(b) ................................................................................1, 10, 11, 15

  Rule 60(b)(1) .............................................................................................10

518199_1

I.      **INTRODUCTION**

Plaintiffs respectfully move pursuant to Federal Rule of Civil Procedure 60(a) and (b) for relief from the Court's September 2, 2009 Order dismissing without prejudice plaintiffs' aiding and abetting fraud claims against defendants Morgan Stanley and the Rating Agencies, and the Court's October 15, 2009 Order dismissing those claims with prejudice.  Because the Court's dismissal of those claims can be explained only by mistake or inadvertence, plaintiffs' aiding and abetting fraud claims against Morgan Stanley and the Rating Agencies should be reinstated.  First, this Court determined in its September 2, 2009 Order that plaintiffs had adequately alleged each of the three elements of aiding and abetting causes of action against Morgan Stanley and the Rating Agencies. The Court held that plaintiffs adequately alleged the existence of a primary violation against another defendant, that plaintiffs "sufficiently pleaded facts showing that defendants knew the credit ratings were false," and that the false ratings were issued by the Rating Agencies "with the assistance and influence of Morgan Stanley."  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 173, 177-80 (S.D.N.Y. 2009).

Second, based on a plain reading of the Court's October 15, 2009 Order, it appears the Court intended to dismiss – with or without prejudice – only those claims predicated on the existence of a contract.  In that Order, the Court incorrectly stated that, with the exception of claims against defendant BoNY, all of the claims previously dismissed without prejudice "***necessarily require plaintiffs to identify a contract to which they were a party***."  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508(SAS), 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009).[1] It is likely the Court was under this misimpression because neither of the parties' letters leading to

---

[1]      All emphasis is added and citations are omitted throughout unless otherwise noted.

the Court's October 15, 2009 Order mentioned, let alone analyzed, plaintiffs' aiding and abetting fraud claims. This misimpression led to the incorrect conclusion that dismissal with prejudice of all claims previously dismissed without prejudice was warranted because "leaving open the possibility of future amendments to the ***contract claims*** would be futile." *Id.* Plaintiffs recognize and regret that the complaint's design and plaintiffs' failure to comprehend the scope of the relief sought by defendants through their oral motion contributed to the confusion. Rule 60 is designed to rectify precisely this type of situation.

Third, the Court's reasoning in the October 15, 2009 Order – that dismissal with prejudice was appropriate because the Court put plaintiffs on notice of pleading deficiencies which plaintiffs failed to correct – does not apply to the aiding and abetting fraud claims. *See id.* at *3. The Court did not explain in the September 2, 2009 Order why it dismissed those claims or identify any deficiencies relating to those claims. *Abu Dhabi*, 651 F. Supp. 2d at 188. Instead, the Court stated generally as to all of the aiding and abetting claims against Morgan Stanley and the Rating Agencies that "given another opportunity, plaintiffs could more clearly allege their aiding and abetting claims as to each defendant." *Id.* Because the Court's rationale for dismissal with prejudice does not apply to the claims at issue here, dismissal of those claims can only be explained by mistake or inadvertence.

Fourth, the Court's decision not to dismiss with prejudice plaintiffs' aiding and abetting claims against BoNY is yet another indication of mistake or inadvertence with respect to the claims against Morgan Stanley and the Rating Agencies. The aiding and abetting claims against BoNY, like those against Morgan Stanley and the Rating Agencies, were unchanged from the First Amended Complaint to the Second Amended Complaint. Although the Court ***did*** identify deficiencies in plaintiffs' claims against BoNY, the Court declined to dismiss the claims against

- 2 -

BoNY with prejudice, holding that amendment as to those claims would not necessarily be futile. *Abu Dhabi*, 2009 WL 3346674, at *3. Given that the Court upheld plaintiffs' primary fraud claims against Morgan Stanley and the Rating Agencies and no claims against BoNY, this result can only be explained by mistake or inadvertence.

Accordingly, the Court's September 2, 2009 and October 15, 2009 Orders should be amended pursuant to Rule 60 to correct the Court's inadvertence or mistake, and plaintiffs' aiding and abetting fraud claims against Morgan Stanley and the Rating Agencies should be reinstated.

## II.    PROCEDURAL HISTORY

### A.    The First Amended Complaint

On March 31, 2008, plaintiffs Abu Dhabi Commercial Bank ("ADCB") and King County, Washington ("King County") filed the First Amended Complaint for Common Law Fraud, Negligent Misrepresentation, Negligence, Breach of Fiduciary Duty, Breach of Contract, Unjust Enrichment and Aiding and Abetting (the "FAC"). In a single count in the FAC – Count 1-K – plaintiffs ADCB and King County alleged that Morgan Stanley aided and abetted the 11 separate causes of action asserted against each of its several co-defendants:

> 235.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, inclusive, as if fully set forth herein.

> 236.    This is a claim against Morgan Stanley for aiding and abetting the defendants' violations of law alleged herein.

> 237.    This claim is alleged in the alternative to each Count against Morgan Stanley to the extent such claim does not proceed.[2]

> 238.    Morgan Stanley knew of each defendants' violations of laws and substantially assisted in such violations.

> 239.    The Class was damaged thereby.

---

[2]    Because the allegation in this paragraph is confusing and unnecessary to an aiding and abetting fraud claim, plaintiffs have removed it from their proposed Third Amended Complaint.

*See* FAC, ¶¶235-239.  Similarly, the FAC alleges in a single count that the Rating Agencies aided

and abetted the 11 separate causes of action asserted against each of their co-defendants.  *See* FAC,

¶¶325-329.

Specifically, the FAC alleged that Morgan Stanley and the Rating Agencies were liable for

aiding and abetting the following violations of law: (1) common law fraud, (2) negligent

misrepresentation, (3) breach of fiduciary duty, (4) breach of contract, (5) breach of contract (failure

of a condition precedent), (6) breach of contract (third-party beneficiary), (7) breach of covenant of

good faith and fair dealing, (8) unjust enrichment, (9) tortious interference with contract, (10)

tortious interference with contract (third-party beneficiary); and (11) negligence.  *See* FAC ¶¶155-

398.

On May 18, 2009, the Rating Agencies and Morgan Stanley moved to dismiss the FAC

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  In

their motion to dismiss, the Rating Agencies argued that the Court should dismiss the aiding and

abetting claims because plaintiffs had failed to plead a primary tort on which aiding and abetting

liability hinges:

> Plaintiffs have failed to allege the existence of any underlying primary liability
> (under any law) for which aiding and abetting liability may attach.  Thus, the first
> element of aiding and abetting liability against the Rating Agencies is missing,
> providing a complete basis for dismissal.

Dkt. 49 at 25; *see also* Dkt. 56 at 29 ("Plaintiffs' aiding and abetting claims also fail because the

underlying causes of action against the other defendants fail to state claims upon which relief can be

granted.").

**B.    The September 2, 2009 Order Granting in Part and Denying in Part
        Defendants' Motions to Dismiss**

On September 2, 2009, this Court issued an Order granting in part and denying in part

- 4 -

defendants' motions to dismiss the FAC.  The Court denied defendants' motions to dismiss the common law fraud claims against Morgan Stanley and the Rating Agencies, holding that plaintiffs had sufficiently alleged common law fraud against these defendants.  *See Abu Dhabi*, 651 F. Supp. 2d at 188.  In upholding the sufficiency of plaintiffs' common law fraud allegations, the Court held:

> Plaintiffs allege that (1) the high ratings assigned to the Cheyne SIV's Rated Notes, as well as the definitions of the ratings and similar statements regarding the investments' relative safety and stability were issued by the Rating Agencies, (2) with the assistance and influence of Morgan Stanley, (3) these ratings and the information they conveyed were false and misleading, (4) these ratings were disseminated, with the Rating Agencies' knowledge and/or approval, by Morgan Stanley in each Information Memorandum and other circulated Selling Documents throughout the Class Period, (5) to potential investors, including plaintiffs.  Based on these allegations, plaintiffs have sufficiently alleged an actionable misstatement against the Rating Agencies and Morgan Stanley.

*Id.* at 175.

> In assessing Morgan Stanley's alleged participation in the fraud, the Court explained:

> Here, plaintiffs have alleged that ***the defendants, including Morgan Stanley,*** "***together designed, structured, marketed and maintained the Cheyne SIV***."  In addition, Morgan Stanley is alleged to have obtained the ratings assigned to the Rated Notes by the Rating Agencies.  Morgan Stanley also is alleged to have provided to potential investors, with the knowledge, participation and approval of the Rating Agencies and BoNY, the alleged misleading ratings, accompanying definitions of the ratings, and statements regarding the Rated Notes' safety and stability through preliminary and final Information Memoranda, "numerous" Pricing Supplements, a May 2005 "pre-sale" report issued by S&P, and documents associated with the continuous "rolling" of Senior Notes.

*Id.* at 177 (footnotes omitted).

The Court also held that plaintiffs had "sufficiently pleaded facts showing that ***defendants knew the credit ratings were false***."  *Id.* at 178.  For example, "Morgan Stanley possessed actual information that contradicted the high ratings that the Cheyne SIV had received."  *Id.*  Based on the allegations in the FAC, the Court concluded: "[I]t may be plausibly inferred that Morgan Stanley and the Rating Agencies knew they were disseminating false and misleading ratings."  *Id.* at 179.

- 5 -

Likewise, the Court found scienter where plaintiffs successfully pled that "Morgan Stanley and the Rating Agencies had the motive and opportunity to communicate these allegedly false and misleading ratings to potential investors in the Cheyne SIV." *Id.*

The Court dismissed with prejudice only those claims where the Court found allowing plaintiffs to amend their complaint "would be ***futile***." *Id.* at 188-89. For example, the Court dismissed with prejudice claims for negligence, negligent misrepresentation, breach of fiduciary duty and unjust enrichment, holding that the Martin Act barred these claims. *Id.* at 182, 188-89. In addition, the Court dismissed with prejudice plaintiffs' breach of fiduciary duty and breach of contract claims based on their status as third-party beneficiaries because plaintiffs did not "sufficiently plead that they were the intended third-party beneficiaries" of any of the contracts. *Id.* at 184-86, 188-89. Because the Court found no properly pled underlying violation, the Court also dismissed with prejudice plaintiffs' allegation that any of the defendants aided and abetted their co-defendants' breach of fiduciary duty, negligence, negligent misrepresentation, unjust enrichment, breach of contract (third-party beneficiary) or breach of fiduciary duty (third-party beneficiary). *Id.*

Where the Court found that amendment would not be futile, however, the Court dismissed claims without prejudice. Accordingly, the Court dismissed without prejudice plaintiffs' claims for breach of contract, tortious interference with contract, breach of a condition precedent, and breach of the covenant of good faith and fair dealing (against only BoNY). *Id.* at 188. The Court pointed out the deficiencies in plaintiffs' contract claims, explaining that plaintiffs needed to provide evidence of the contract's formation, consideration, and other major terms: "Plaintiffs may be able to provide additional facts indicating that the Cheyne SIV intended to enter into a contract with investors based on terms set forth in the Information Memoranda and Selling Documents, but more facts are needed." *Id.*

- 6 -

In addition, the Court dismissed without prejudice the claim for aiding and abetting common law fraud asserted against BoNY because "[p]laintiffs' BoNY-specific allegations are limited." *Id.* at 187.  "'To establish liability for aiding and abetting fraud, the plaintiffs must show "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission."'" *Id.* at 186-87 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006)).  The Court analyzed the allegations in the FAC that relate to BoNY and concluded: "None of the facts indicate that BoNY was actually aware that the ratings were false and misleading or that BoNY undertook substantial steps to assist Morgan Stanley or the Rating Agencies." *Id.* at 187.  As a result, the Court dismissed without prejudice the claim for aiding and abetting common law fraud asserted against BoNY.

While the Court also dismissed without prejudice the claims for aiding and abetting common law fraud asserted against Morgan Stanley and the Rating Agencies, the Court did not explain why it dismissed those claims or identify any deficiencies in the FAC relating to those claims.  Indeed, the Court held that plaintiffs had satisfied the more demanding pleading requirements for common law fraud against both Morgan Stanley and the Rating Agencies:

> [W]here both the Rating Agencies and Morgan Stanley knew that the ratings process was flawed, knew that the portfolio was not a safe, stable investment, and knew that the Rating Agencies could not issue an objective rating because of the effect it would have on their compensation, it may be plausibly inferred that Morgan Stanley and the Rating Agencies knew they were disseminating false and misleading ratings.

*Id.* at 179.  Rather, the Court observed only that "given another opportunity, plaintiffs could more clearly allege their aiding and abetting claims as to each defendant." *Id.* at 188.

## C.    The Second Amended Complaint

On September 22, 2009, plaintiffs filed a Second Amended Complaint for Common Law Fraud, Breach of Contract and Aiding and Abetting (the "SAC").  The sole addition to the SAC

involved the addition of SEI Investments Company as a named plaintiff.  Plaintiffs repled claims and

parties that the Court either upheld or dismissed without prejudice in its September 2, 2009 Order,

*i.e.*, common law fraud, breach of contract, breach of covenant of good faith and fair dealing,

tortious interference with contract, and aiding and abetting.  Plaintiffs removed from the SAC those

claims that the Court dismissed with prejudice, *i.e.*, negligence, negligent misrepresentation, breach

of fiduciary duty, unjust enrichment, aiding and abetting any of these claims, contract claims pled in

the alternative to common law fraud and third-party beneficiary claims.  The SAC was otherwise

identical to the FAC.

### D.     The October 15, 2009 Memorandum Opinion and Order

On October 1, 2009, the parties appeared before the Court for a status conference.  At the

status conference, counsel for Morgan Stanley asked the Court to dismiss with prejudice all claims

that the Court had dismissed without prejudice in its September 2, 2009 Order.  Counsel for

plaintiffs opposed the request, noting that dismissing with prejudice parties such as BoNY (which

had previously been dismissed without prejudice) would prematurely preclude plaintiffs from

seeking leave to amend their complaint should they subsequently discover additional evidence

supporting their claims.  The Court acknowledged plaintiffs' position: "The plaintiff's lawyer is

saying [BoNY] is out, just not for all time, but they are out, they are not here, they are not a party,

they are gone, they are not subject to discovery except under Rule 45, nonparty discovery, but it just

means there is a time when they can amend.  They can amend." Ex. 1 at 11.  At the October 1 status

conference, neither the Court nor the parties addressed the claims for aiding and abetting common

law fraud asserted against Morgan Stanley or the Rating Agencies.

The Court permitted the parties to submit letters regarding this issue.  In their October 2,

2009 letter to the Court, plaintiffs asserted: "Here, because information gleaned through discovery

may shed light on the propriety of the Court's Order dismissing certain claims and parties without prejudice, the Court should not foreclose its ability to revise its Order by entering final judgment pursuant to Rule 54(b)." Ex. 2 at 3. Defendants responded: "As set forth above, the law is clear that when a plaintiff fails to correct *identified deficiencies* in a complaint following a dismissal with leave to replead, dismissal with prejudice is appropriate." Ex. 3 at 2-3. In their letters to the Court, neither party addressed the claims for aiding and abetting common law fraud asserted against Morgan Stanley or the Rating Agencies or pointed out that the Court had not identified any deficiencies in those claims.

On October 15, 2009, the Court issued an Order dismissing with prejudice "Counts 1B through 1D against Morgan Stanley, 2B through 2D against the Rating Agencies, and 3A through 3C against BoNY, as set forth in the Second Amended Complaint." *Abu Dhabi*, 2009 WL 3346674, at *3.[3] These dismissed claims included plaintiffs' aiding and abetting claims against Morgan Stanley and the Rating Agencies. The Court, however, denied defendants' request to dismiss with prejudice the aiding and abetting claims asserted against BoNY:

> [P]laintiffs' claims that BoNY aided and abetted Morgan Stanley and the Rating Agencies in their alleged commission of common law fraud does not necessarily warrant dismissal with prejudice. It is possible that further discovery in this case could reveal new facts making the likelihood of BoNY's aiding and abetting more plausible. As a result, I conclude, in the exercise of my discretion, that dismissing plaintiffs' aiding and abetting common law fraud claims against BoNY with prejudice would be premature.

*Id.*

In analyzing this issue, the Court observed that "a dismissal with prejudice is generally

---

[3]     The Court apparently adopted the language in defendants' two-page proposed order, which they attached to their letter, seeking dismissal with prejudice of Counts 1B-1D, 2B-2D and 3A-3D of the SAC, which includes the aiding and abetting common law fraud claims asserted against Morgan Stanley and the Rating Agencies.

appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff

fails to correct those deficiencies after amendment." *Id.* at *2 (collecting cases). The Court held:

> The claims against all defendants that were previously dismissed without prejudice –
> other than the aiding and abetting common law fraud against BoNY – ***necessarily***
> ***require plaintiffs to identify a contract to which they were a party***. Plaintiffs have
> not done so. Although plaintiffs were given the opportunity for limited discovery
> and permission to file a Second Amended Complaint, plaintiffs have ***failed to***
> ***identify any such contracts***. Thus, leaving open the possibility of ***future***
> ***amendments to the contract claims would be futile***.

*Id.* The Court never addressed the claims for aiding and abetting common law fraud asserted against

Morgan Stanley or the Rating Agencies.

## III.   ARGUMENT

### A.   Legal Standard for Relief from Judgment or Order

Federal Rule of Civil Procedure 60(a) and (b) governs the procedure for obtaining relief from

a judgment or order and is available to parties seeking to correct a judicial error. Rule 60(a) provides

in pertinent part:

> The court may correct a clerical mistake or a mistake arising from oversight or
> omission whenever one is found in a judgment, order, or other part of the record.
> The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a). "'The general purpose of Rule 60(a) is to afford courts a means of modifying

their judgments in order to ensure that the record reflects the actual intentions of the court.'" *In re*

*Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 593 F. Supp. 2d 549, 569 (S.D.N.Y. 2008) (quoting

*Ferguson v. Lion Holding, Inc.*, No. 02 Civ. 4258(PKL), 2007 WL 2265579, at *3 (S.D.N.Y. Aug. 6,

2007)).

Rule 60(b)(1) provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b)(1). "'Rule 60(b) was intended to preserve the delicate balance between the

- 10 -

sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Lugo v. Artus*, No. 05 Civ. 1998 (SAS), 2008 U.S. Dist. LEXIS 10159, at *5 (S.D.N.Y. Jan. 31, 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006)). This Court explained in *Lugo* that a motion pursuant to Rule 60(b) "can be used by a trial court to correct judicial errors." *Id.* at *6.  Because "[s]trong public policy favors resolving disputes on the merits" (*Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)), "all doubts should be resolved in favor of those seeking relief under . . . [Rule] 60(b)." *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983); *see Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963) ("[Rule 60] should be liberally construed when substantial justice will thus be served.").

> ### B.     Pursuant to Rule 60(b), the Court Should Amend Its Order to Restore the Aiding and Abetting Common Law Fraud Claims

This Court should grant plaintiffs' motion to amend its September 2, 2009 Order dismissing the aiding and abetting claims against Morgan Stanley and the Rating Agencies because it dismissed those claims by inadvertence or mistake.  In its September 2, 2009 Order, the Court upheld common law fraud claims against Morgan Stanley and the Rating Agencies and enumerated the elements for a claim of aiding and abetting:

> When proceeding under an aiding and abetting theory of liability under New York law, a plaintiff must show "(1) the existence of a . . . violation by the primary (as opposed to the aiding and abetting) party; (2) knowledge of this violation on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in the achievement of the primary violation."

*Abu Dhabi*, 651 F. Supp. 2d at 173 (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 303 (2d Cir. 2006)).

In its analysis of the plaintiffs' common law fraud allegations asserted against Morgan Stanley and the Rating Agencies, this Court determined that plaintiffs' pleading satisfied each of the three elements of an aiding and abetting cause of action.  First, there can be no dispute that plaintiffs

- 11 -

pled "'the existence of a . . . violation by the primary (as opposed to the aiding and abetting) party.'"
*Id.* The Court held that plaintiffs sufficiently pled common law fraud as to both Morgan Stanley and the Rating Agencies. *Id.* at 175. Thus, the Court found a violation (common law fraud) by each of the primary parties (Morgan Stanley and the Rating Agencies).

Second, the Court held that both Morgan Stanley and the Rating Agencies knew that the ratings were false and misleading: "Plaintiffs have sufficiently pleaded facts showing that ***defendants knew that the credit ratings were false*.**" *Id.* at 178; *see also id.* ("Morgan Stanley possessed actual information that contradicted the high ratings that the Cheyne SIV had received."); *id.* at 179 ("[I]t may be plausibly inferred that Morgan Stanley and the Rating Agencies knew they were disseminating false and misleading ratings."); *id.* ("Morgan Stanley and the Rating Agencies had the motive and opportunity to communicate these allegedly false and misleading ratings to potential investors in the Cheyne SIV."). As a result, this Court determined that plaintiffs have adequately pled the second element of aiding and abetting common law fraud as to both Morgan Stanley and the Rating Agencies.

Finally, this Court found "substantial assistance by the aider and abettor in the achievement of the primary violation." *Id.* at 173. For example, the Court held:

> Here, plaintiffs have alleged that ***the defendants, including Morgan Stanley,*** "***together designed, structured, marketed and maintained the Cheyne SIV*.**" In addition, Morgan Stanley is alleged to have obtained the ratings assigned to the Rated Notes by the Rating Agencies. Morgan Stanley also is alleged to have provided to potential investors, ***with the knowledge, participation and approval of the Rating Agencies*** and BoNY, the alleged misleading ratings, accompanying definitions of the ratings, and statements regarding the Rated Notes' safety and stability through preliminary and final Information Memoranda, "numerous" Pricing Supplements, a May 2005 "pre-sale" report issued by S&P, and documents associated with the continuous "rolling" of Senior Notes.

*Id.* at 177; *see id.* at 175 ("Plaintiffs allege that (1) the high ratings assigned to the Cheyne SIV's Rated Notes, as well as the definitions of the ratings and similar statements regarding the

- 12 -

investments' relative safety and stability were issued by the Rating Agencies, (2) ***with the assistance and influence of Morgan Stanley*** . . . ."); *id.* at 180 ("Morgan Stanley is alleged to have exerted influence over the Rating Agencies and their issuance of the false and misleading ratings.  It was through Morgan Stanley's distribution of the Selling Documents that the false and misleading ratings reached investors.").  Thus, this Court recognized in its September 2, 2009 Order that Morgan Stanley rendered substantial assistance to the Rating Agencies and the Rating Agencies rendered substantial assistance to Morgan Stanley.

Because the Court mistakenly dismissed plaintiffs' claims for aiding and abetting common law fraud asserted against Morgan Stanley and the Rating Agencies, the Court should amend its order to restore those claims.

### C.    Pursuant to Rule 60(a), This Court Should Amend Its Order to Restore the Aiding and Abetting Claims

The Court has the inherent power to amend a prior order so that it correctly reflects the Court's true intent at the time the order was originally entered.  Motions to strike or add language from an order will be granted when "the legal effect of th[o]se words was neither contemplated nor desired."  *Maryland use of Geils v. Baltimore Transit Co.*, 38 F.R.D. 340, 344 (D. Md. 1965).  The September 2, 2009 and October 15, 2009 Orders dismissing – first without and then with prejudice – plaintiffs' aiding and abetting claims against Morgan Stanley and the Rating Agencies fall within the scope of this definition because the dismissal clearly was an oversight by the Court.  While this Court recently noted in its April 2, 2010 Order that it "dismissed with prejudice plaintiffs' aiding and abetting claims for common law fraud against Morgan Stanley and the Rating Agencies" (Dkt. 103 at 3), the record demonstrates that the Court never intended to do so, either with or without prejudice.  Therefore, it is appropriate for the Court to amend its September 2, 2009 and October 15, 2009 Orders under Rule 60(a) so that they properly reflect the Court's intention and correct the

- 13 -

unintended result of the language used by the Court in those Orders.

Evidence from the record conclusively establishes that the Court did not intend to dismiss the aiding and abetting fraud claims against Morgan Stanley and the Rating Agencies.  In its October 15, 2009 Order, the Court indicated that it believed that the only claims against Morgan Stanley and the Rating Agencies that it had previously dismissed without prejudice were plaintiffs' contract claims: "The claims against all defendants that were previously dismissed without prejudice – other than aiding and abetting common law fraud against BoNY – ***necessarily require plaintiffs to identify a contract to which they were a party***."  *Abu Dhabi*, 2009 WL 3346674, at *2.  Because plaintiffs' aiding and abetting fraud claims against Morgan Stanley and the Rating Agencies do not require plaintiffs to identify a contract to which plaintiffs were a party, this confirms that plaintiffs' aiding and abetting fraud claims were swept up with plaintiffs' contract claims and dismissed unintentionally.

In addition, as shown in §III.B., above, the record demonstrates that the Court determined that plaintiffs satisfied each of the three elements of an aiding and abetting common law fraud claim as to Morgan Stanley and the Rating Agencies.  Where, as here, evidence within the record establishes that the Court did not intend to dismiss the aiding and abetting fraud claims against Morgan Stanley and the Rating Agencies, Rule 60(a) permits the Court to amend the order so it conforms to the Court's obvious, but unexpressed, intentions.

After all, the Court determined that dismissal with prejudice of the aiding and abetting fraud claim asserted against BoNY would be "premature" because "[i]t is possible that further discovery in this case could reveal new facts making the likelihood of BoNY's aiding and abetting more plausible."  *Abu Dhabi*, 2009 WL 3346674, at *3.  If the Court refused to dismiss an aiding and abetting fraud claim against BoNY with prejudice, then it follows that the Court could not have

- 14 -

intended to dismiss those claims against Morgan Stanley and the Rating agencies where plaintiffs sufficiently alleged common law fraud against both of those defendants.

Further, the Court dismissed plaintiffs' contract claims because it held that those claims contained deficiencies that plaintiffs failed to correct: "Although plaintiffs were given the opportunity for limited discovery and permission to file a Second Amended Complaint, plaintiffs have **failed to identify any such contracts**.  Thus, leaving open the possibility of **future amendments to the contract claims would be futile**."  *Id.*  But the Court identified no deficiencies in plaintiffs' aiding and abetting common law fraud claims as to either Morgan Stanley or the Rating Agencies. Additionally, the Court's rationale for dismissing with prejudice the contract claims is completely inapplicable to plaintiffs' aiding and abetting fraud claims.  As a result, the Court did not intend to dismiss those claims.  *Cf. id.* ("[A] dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment.").

In accordance with Federal Rule of Civil Procedure 60(a), plaintiffs respectfully request that the Court amend its September 2, 2009 and October 15, 2009 Orders to restore the aiding and abetting common law fraud claims asserted against Morgan Stanley and the Rating Agencies.  It seems abundantly clear from the record that the dismissal of those claims, first without and then with prejudice, was the result of the combined inadvertence of the Court and plaintiffs' counsel.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' motion for relief from the September 2, 2009 and October 15, 2009 Orders pursuant to Fed. R. Civ. P. 60(a) and (b), amend its Orders dismissing plaintiffs' aiding and abetting common law fraud claims asserted against Morgan Stanley and the Rating Agencies, and restore those claims.

- 15 -

DATED:  April 19, 2010                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          PATRICK J. COUGHLIN
                                          DANIEL S. DROSMAN
                                          JESSICA T. SHINNEFIELD
                                          MICHAEL F. GHOZLAND
                                          NATHAN R. LINDELL
                                          CHRISTINA A. ROYCE
                                          DARRYL J. ALVARADO


                                          _____
                                                s/ DANIEL S. DROSMAN
                                               DANIEL S. DROSMAN

                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101-3301
                                          Telephone:  619/231-1058
                                          619/231-7423 (fax)

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          JARRETT S. CHARO
                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          LUKE O. BROOKS
                                          JASON C. DAVIS
                                          100 Pine Street, Suite 2600
                                          San Francisco, CA 94111
                                          Telephone:  415/288-4545
                                          415/288-4534 (fax)

                                          Attorneys for Plaintiffs

                                          - 16 -

518199_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 19, 2010.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: ddrosman@rgrdlaw.com

## Mailing Information for a Case 1:08-cv-07508-SAS-DCF

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com

- **Anne L. Box**
  anneb@rgrdlaw.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Andrea Rose Butler**
  abutler@cahill.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,nlindell@rgrdlaw.com,tholindrake@rgrdlaw.com,jcharo@rgrdlaw.com

- **Michael Fred Ghozland**
  mghozland@rgrdlaw.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Damien Jerome Marshall**
  dmarshall@bsfllp.com,NYC_Managing_Clerk@bsfllp.com

- **Antonio Jorge Perez-Marques**
  antonio.perez@dpw.com,ecf.ct.papers@dpw.com

- **Dean I. Ringel**
  DRingel@Cahill.com,JHall@cahill.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Jonathan Henry Sherman**
  jsherman@bsfllp.com,NYC_Managing_Clerk@bsfllp.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com

- **Aaron Mark Zeisler**
  azeisler@ssbb.com,managingclerk@ssbb.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**David C. Walton**
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301