UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON, TOGETHER AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　　　　　v.<br><br>MORGAN STANLEY & CO. INC., MORGAN STANLEY & CO. INTERNATIONAL LTD., THE BANK OF NEW YORK MELLON, QSR MANAGEMENT LTD., MOODY'S INVESTORS SERVICES, INC. AND MOODY'S INVESTORS SERVICES LTD., STANDARD & POOR'S RATING SERVICES AND THE MCGRAW-HILL COMPANIES, INC.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 08 Civ. 7508 (SAS) (ECF Case) |

**MEMORANDUM IN SUPPORT OF MOTION FOR REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE TO BE USED IN A CIVIL PROCEEDING PURSUANT TO THE HAGUE CONVENTION**

Floyd Abrams
Dean Ringel
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

*Attorneys for Defendants
The McGraw-Hill Companies, Inc.*

Joshua M. Rubins
James J. Coster
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

*Attorneys for Defendants Moody's Investors Service, Inc. and Moody's Investors Service Ltd.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, ET AL, <br><br> *Plaintiffs,* <br><br> v. <br><br> MORGAN STANLEY & CO. INC., ET AL, <br><br> *Defendants.* | No. 08 Civ. 7508 (SAS) (ECF Case) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE TO BE USED IN A CIVIL PROCEEDING PURSUANT TO THE HAGUE CONVENTION**

Defendants Standard & Poor's Rating Services and The McGraw-Hill Companies, Inc. (together, "McGraw-Hill") and Moody's Investors Service, Inc. and Moody's Investors Service Ltd. (together, "Moody's"), respectfully submit this Memorandum of Law in Support of their Motion for Issuance of a Letter of Request for International Judicial Assistance to Obtain Evidence for Use in a Civil Proceeding from Cairn Capital Limited ("Cairn Capital"), an important non-party witness located in London, England.

### BACKGROUND

This is a civil proceeding in which the plaintiffs, Abu Dhabi Commercial Bank, King County, Washington, and SEI Investments Company ("Plaintiffs"), bring claims against defendants for common law fraud. A copy of the Third Amended Complaint ("Complaint") in this proceeding, redacted by Plaintiffs in accordance with the Protective Order entered in this case, is annexed to the accompanying Request for International Judicial Assistance (Declaration of Dean Ringel dated May 28, 2010 at Exhibit A) as Exhibit 1.

This action arises from the insolvency of a structured investment vehicle that invested in asset-backed securities, Cheyne Finance PLC ("Cheyne SIV" or the "Issuer"), created by Cheyne Capital Management Limited, (now Cheyne Capital Management (UK) LLP, "Cheyne"). The

Cheyne SIV used investor money to purchase various asset-backed securities, and sold interests in the SIV in the form of Commercial Paper and Medium Term Notes ("Senior Notes"), Mezzanine Capital Notes and Combination Notes (collectively the "Rated Notes"), along with unrated Junior Capital Notes. Plaintiffs invested in various types of notes issued by Cheyne. Defendants Morgan Stanley & Co. and Morgan Stanley & Co. International Limited (together "Morgan Stanley"), an investment banking and global financial services corporation, acted as Arranger and Placement Agent for the Rated Notes.

Defendants McGraw-Hill and Moody's are credit rating agencies (the "Rating Agencies") that evaluate financial instruments and provide ratings reflecting their opinions of the creditworthiness of the financial instruments. The Rating Agencies provided credit rating opinions on the debt issued by the Cheyne SIV. Plaintiffs allege that those ratings were "false," and seek to hold all defendants liable for fraud in connection with the ratings.

In August 2007, the Cheyne SIV experienced an enforcement event that eventually led to the SIV entering into receivership in the United Kingdom. Deloitte & Touche LLP (now Deloitte LLP, and hereinafter, "Deloitte") was appointed receiver of the Cheyne SIV. The Cheyne SIV was subsequently restructured. Plaintiffs allege that they lost some portion of the value of their investments as a result of the Cheyne SIV's "collapse" and subsequent restructuring.

## ARGUMENT

The Cheyne SIV entered receivership September 5, 2007, and The Bank of New York, security trustee for the Senior Notes issued by the Cheyne SIV, appointed Nicholas Guy Edwards, Neville Barry Kahn and Nicholas James Dargan of Deloitte to be receivers and managers of all the undertaking, property and assets of the Cheyne SIV. From September 2007, Deloitte provided investors with ongoing portfolio analysis of the Cheyne SIV and solicited investor feedback on refinancing and restructuring options. In December of 2007 Deloitte arranged for the restructuring of the Cheyne SIV (which was renamed "SIV Portfolio PLC"). In 2008, in connec-

tion with the restructuring of the Cheyne SIV, King County, as an investor in commercial paper issued by the Cheyne SIV, retained Cairn Capital Limited ("Cairn Capital") to conduct a review and evaluation of the assets held by the Cheyne SIV and to recommend what action King County might take with respect to its Cheyne holdings. Plaintiff King County may rely on the work performed by Cairn Capital as support for certain allegations in this case.

Given its role as advisor to plaintiff King County, Cairn Capital should have documents and information in its possession central to addressing plaintiffs' claims in this action concerning the value and quality of the assets held by the Cheyne SIV and the losses, if any, allegedly suffered by plaintiffs. As part of its work, Cairn should have had access to and would have reviewed documentation with respect to the Cheyne SIV's asset portfolio and its assessment of the value of and likely recovery on that portfolio by plaintiff King County. Cairn Capital would also have information concerning the restructuring of the Cheyne SIV, and of available restructuring options considered by plaintiff King County. King County made certain choices as to available options that may have affected its ultimate recovery. This information is highly relevant to the matters at issue in this litigation and it will further the interest of justice if these documents are produced by Cairn Capital, and, if necessary, a representative of Cairn Capital provides testimony relating thereto.

This Court has the authority to issue a letter of request pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231. Cairn Capital is not available for deposition in this county, and thus the issuance of a Letter of Request is necessary to secure the power to depose Cairn Capital and to compel it to produce the requested documents and other papers.

For these reasons, Defendants McGraw-Hill and Moody's respectfully request that the Motion for Issuance of a Letter of Request for International Judicial Assistance be granted and the Court sign and have the Clerk affix the seal of the Court to the Letter of Request directed to Cairn Capital, seeking documentary and, if necessary, testimonial, evidence at a place agreed to by the parties prior thereto.

Dated:   New York, New York
         May 28, 2010

_____
Floyd Abrams
Dean Ringel
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
(212) 701-3000
dringel@cahill.com

_____
James J. Coster
SATTERLEE STEPHENS BURKE &
BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 404-8712
jcoster@ssbb.com