## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

ABU DHABI COMMERCIAL BANK, ET AL,

                    *Plaintiffs,*

    v.

MORGAN STANLEY & CO. INC., ET AL,

                    *Defendants.*

No. 08 Civ. 7508 (SAS) (ECF Case)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE TO BE USED IN A CIVIL PROCEEDING PURSUANT TO THE HAGUE CONVENTION

Defendants Moody's Investors Service, Inc. and Moody's Investors Service Ltd. (together, "Moody's") respectfully submit this Memorandum of Law in Support of their Motion for Issuance of a Letter of Request for International Judicial Assistance to Obtain Evidence for Use in a Civil Proceeding from Goldman Sachs International ("Goldman"), an important non-party witness located in London, England.

## BACKGROUND

This is a civil proceeding in which the plaintiffs, Abu Dhabi Commercial Bank, King County, Washington, and SEI Investments Company ("Plaintiffs"), bring claims against defendants for common law fraud in connection with Plaintiffs' investment in a structured investment vehicle known as Cheyne Finance PLC (the "Cheyne SIV" or the "Issuer"). Plaintiffs seek to hold defendants liable for losses that they allegedly suffered as a result of the Cheyne SIV's "collapse" and subsequent restructuring.

Created by Defendant Cheyne Capital Management Limited, (now Cheyne Capital Management (UK) LLP, "Cheyne"), the Cheyne SIV used investors' money to purchase various asset-backed securities, which were held in a portfolio managed by Cheyne. Investors purchased interests in the Cheyne SIV in the form of Commercial Paper and Medium Term Notes ("Senior

Notes"), Mezzanine Capital Notes and Combination Notes (collectively the "Rated Notes"), along with unrated Junior Capital Notes. Defendants Morgan Stanley & Co. and Morgan Stanley & Co. International Limited (together "Morgan Stanley"), an investment banking and global financial services corporation, acted as Arranger and Placement Agent for the Rated Notes.

Defendants Standard & Poor's Rating Services and the McGraw-Hill Companies, Inc. (together, "S&P") and Moody's are credit rating agencies (the "Rating Agencies") that evaluate financial instruments and provide ratings reflecting their opinions of the creditworthiness of the financial instruments. The Rating Agencies provided credit rating opinions on the Rated Notes issued by the Cheyne SIV. Plaintiffs allege that those ratings were false, and seek to hold all defendants liable for fraud in connection with the ratings.

In August 2007, a precipitous decline in the value of the assets held by the Cheyne SIV triggered an enforcement event that eventually led to the SIV entering into receivership in the United Kingdom. Deloitte & Touche LLP (now Deloitte LLP, "Deloitte") was appointed as the receiver for the Cheyne SIV and assumed responsibility for managing the SIV's property and assets. In June 2008, Deloitte and Goldman entered into an agreement to restructure the Cheyne SIV.

## ARGUMENT

In connection with the Cheyne SIV's restructuring, Goldman served as the "Dealer Manager" for the transaction, purchased the assets held by the SIV (which was renamed "SIV Portfolio PLC") and created a new investment vehicle, called Gryphon Funding Limited, to hold these assets. Gryphon Funding Limited then issued new notes to investors and used the proceeds to acquire the assets from Goldman.

Because of Goldman's role in restructuring the Cheyne SIV, Goldman has documents in its possession concerning the assets held by the Cheyne SIV and the losses, if any, allegedly suffered by Plaintiffs. Goldman's diligence work prior to its purchase of the Cheyne SIV

804997_3

portfolio provided it with access to information about the SIV's assets and capital structure. Goldman would also have information regarding the alternatives for restructuring the SIV, the respective investor recoveries associated with each option, and any recoveries ultimately received by Plaintiffs or other members of the purported class in connection with the restructuring. This information is highly relevant to the matters at issue in this litigation and it will further the interest of justice if these documents are produced by Goldman and, if necessary, a Goldman representative provides testimony relating thereto.

This Court has the authority to issue a letter of request pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231. Goldman is not available for deposition in this county, and thus the issuance of a Letter of Request is necessary to secure the power to depose Goldman and to compel it to produce the requested documents and other papers.

For these reasons, Moody's respectfully request that the Motion for Issuance of a Letter of Request for International Judicial Assistance be granted and the Court sign and have the Clerk affix the seal of the Court to the Letter of Request directed to Goldman, seeking testimonial and documentary evidence from each at a place agreed to by the parties prior thereto.

James J. Coster
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169

Dated:     New York, New York

_May 28_, 2010

-3-

804997_3