**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON, and SEI INVESTMENTS COMPANY, Together and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>MORGAN STANLEY & CO. INC., MORGAN STANLEY & CO. INTERNATIONAL LTD., MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD & POOR'S RATINGS SERVICES, and THE MCGRAW-HILL COMPANIES, INC.<br><br>        Defendants. | Civil Action<br>No. 08-cv-7508<br>(SAS)<br><br>(ECF Case) |

**ANSWER OF DEFENDANTS STANDARD & POOR'S RATINGS**
**SERVICES AND THE MCGRAW-HILL COMPANIES, INC. TO**
**PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants Standard & Poor's Ratings Services ("Standard & Poor's")[1] and The

McGraw-Hill Companies, Inc. (together with Standard & Poor's, "McGraw-Hill"), by their at-

torneys Cahill Gordon & Reindel LLP, as and for their Answer ("Answer") to Plaintiffs' Fourth

Amended Complaint ("Complaint"), state as follows.[2]  This Answer responds only to the Com-

plaint allegations against McGraw-Hill.  No statement herein constitutes a comment as to the

truth or falsity of Complaint allegations against Morgan Stanley & Co., Morgan Stanley & Co.

International Ltd., The Bank of New York Mellon, QSR Management Ltd., Moody's Investors

Service, Inc., Moody's Investors Service Ltd., Cheyne Capital Management Limited, Cheyne

Capital Management (UK) LLP, and/or Cheyne Capital International Ltd.; McGraw-Hill denies

---

[1]    Standard & Poor's Ratings Services is currently a business unit of Standard & Poor's Financial Services LLC, a wholly owned subsidiary of McGraw-Hill.  Prior to January 1, 2009, Standard & Poor's Ratings Services was an unincorporated division of McGraw-Hill.

[2]    In this Answer, McGraw-Hill discusses certain documents cited by Plaintiffs in the Complaint including but not limited to produced documents, news articles and publications.  By responding to Plaintiffs' allegations regarding such documents, McGraw-Hill does not concede that any such documents or statements therein are admissible.  McGraw-Hill expressly reserves all objections to admissibility.

knowledge or information sufficient to form a belief as to such allegations.  Likewise, no statement herein constitutes a comment on the legal theories upon which Plaintiffs purport to proceed; to the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer and this Answer contains no response to legal contentions.  To the extent any response is required to headings or other unnumbered paragraphs in the Complaint, McGraw-Hill denies allegations contained in the headings or other unnumbered paragraphs.

### **Answer to ¶ 1**

McGraw-Hill denies all allegations contained in Paragraph 1 of the Complaint, except admits that the Cheyne SIV was a structured investment vehicle.

### **Answer to ¶ 2**

McGraw-Hill denies the allegations contained in Paragraph 2 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the extent, if any, to which Plaintiffs purchased interests in the Cheyne SIV and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### **Answer to ¶ 3**

McGraw-Hill denies the allegations contained in Paragraph 3 of the Complaint, except avers that prior to August 28, 2007 Standard & Poor's assigned: an issuer credit rating of AAA/A-1+ to Cheyne Finance plc, a credit rating of AAA to the medium term notes issued by the Cheyne SIV, a credit rating of A-1+ to the commercial paper issued by the Cheyne SIV, and a credit rating of A to the Mezzanine Capital Notes issued by the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-3-

### Answer to ¶ 4

McGraw-Hill denies the allegations contained in Paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 5

McGraw-Hill denies the allegations contained in Paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 6

McGraw-Hill denies the allegations contained in Paragraph 6 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 7

McGraw-Hill denies the allegations contained in Paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 8

McGraw-Hill denies the allegations contained in Paragraph 8 of the Complaint, except avers that prior to August 28, 2007 Standard & Poor's assigned: an issuer rating of AAA/A-1+ to Cheyne Finance plc, a credit rating of AAA to the medium term notes issued by the Cheyne SIV, a credit rating of A-1+ to the commercial paper issued by the Cheyne SIV, and a credit rating of A to the Mezzanine Capital Notes issued by the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 9

McGraw-Hill denies the allegations contained in Paragraph 9 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in the last sentence of Paragraph 9 of the Complaint, refers to the referenced transcripts of congressional hearing testimony for the complete content and context of that testimony, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 10

McGraw-Hill denies the allegations contained in Paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 11

McGraw-Hill denies the allegations contained in Paragraph 11 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 12

McGraw-Hill denies the allegations contained in Paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 13

McGraw-Hill denies the allegations contained in Paragraph 13 of the Complaint.

## Answer to ¶ 14

McGraw-Hill denies the allegations contained in Paragraph 14 of the Complaint, except avers that on August 28, 2007:  the Standard & Poor's issuer credit rating for Cheyne Finance plc was lowered from AAA/A-1+ to A- and placed on CreditWatch negative, the Standard

& Poor's credit rating for medium term notes issued by the Cheyne SIV was lowered from AAA to A- and placed on CreditWatch negative, the Standard & Poor's credit rating for commercial paper issued by the Cheyne SIV was lowered from A-1+ to A-2 and placed on CreditWatch negative, and the Standard & Poor's credit rating for Mezzanine Capital Notes issued by the Cheyne SIV was lowered from A to B- and placed on CreditWatch negative, avers that on September 7, 2007, the Standard & Poor's credit rating for Mezzanine Capital Notes issued by the Cheyne SIV was lowered from B-/CreditWatch negative to CCC-/CreditWatch negative, and avers that on October 19, 2007, the Standard & Poor's credit rating for medium term notes, commercial paper and Mezzanine Capital Notes issued by the Cheyne SIV was further lowered to D, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 15

McGraw-Hill denies the allegations contained in Paragraph 15 of the Complaint, except admits, upon information and belief, that certain entities including Cheyne Capital Management (UK) LLP, but not including McGraw-Hill, provided management services to the Cheyne SIV, and admits that Plaintiffs purport to bring this case as a class action.

### Answer to ¶ 16

McGraw-Hill denies the allegations contained in Paragraph 16 of the Complaint, except McGraw-Hill denies knowledge or information sufficient to form a belief as to whether King County, Washington acquired Commercial Paper, and McGraw-Hill admits, upon information and belief, that King County, Washington is a domestic public entity organized under the laws of the State of Washington.

### Answer to ¶ 17

McGraw-Hill denies the allegations contained in Paragraph 17 of the Complaint, except McGraw-Hill denies knowledge or information sufficient to form a belief as to whether

ADCB acquired Capital Notes, and McGraw-Hill admits, upon information and belief, that ADCB is a bank headquartered in Abu Dhabi, United Arab Emirates.

### Answer to ¶ 18

McGraw-Hill denies the allegations contained in Paragraph 18 of the Complaint, except McGraw-Hill denies knowledge or information sufficient to form a belief as to whether SEI acquired Medium Term Notes or whether SEI is headquartered in Oaks, Pennsylvania, and McGraw-Hill admits, upon information and belief, that SEI is a public company with equity shares traded on the NASDAQ stock exchange.

### Answer to ¶ 19

McGraw-Hill denies the allegations contained in Paragraph 19 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and admits Plaintiffs purport to charge Morgan Stanley with violations of New York law.

### Answer to ¶ 20

McGraw-Hill denies the allegations contained in Paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and admits Plaintiffs purport to charge Moody's with violations of New York law.

### Answer to ¶ 21

McGraw-Hill denies the allegations contained in Paragraph 21 to the Complaint, except admits that prior to January 1, 2009 Standard & Poor's was an unincorporated division of McGraw-Hill, admits that McGraw-Hill has its principal place of business in the United States, and admits that Plaintiffs purport to charge McGraw-Hill with violations of New York law.

### Answer to ¶ 22

McGraw-Hill denies the allegations contained in Paragraph 22 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 23

McGraw-Hill denies the allegations contained in Paragraph 23 of the Complaint, except admits that McGraw-Hill has received fees in connection with the issuance and surveillance of Standard & Poor's ratings, including the ratings of Cheyne Finance plc, medium term notes issued by the Cheyne SIV, commercial paper issued by the Cheyne SIV, and Mezzanine Capital Notes issued by the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 24

McGraw-Hill admits, upon information and belief, the allegations contained in Paragraph 24 of the Complaint, except denies that The Bank of New York is a defendant in this action.

### Answer to ¶ 25

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 25 of the Complaint and footnote 1 thereto, except admits that pursuant to Court order signed on May 14, 2010, the Bank of New York and QSR were dismissed without prejudice from this action, respectfully refers to the Stipulation of Voluntary Dismissal Without Prejudice and accompanying Order for their complete content and context, admits, upon information and belief, the allegations contained in the second sentence of Paragraph 25, and denies that QSR is a defendant in this action.

### Answer to ¶ 26

McGraw-Hill denies the allegations contained in Paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and denies that the entities defined as "BoNY" in the Complaint are defendants in this action.

### Answer to ¶ 27

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint and footnote 2 thereto, except admits that on July 12, 2010 the Court dismissed Cheyne Capital with prejudice, and to the extent the allegations of Paragraph 27 purport to describe the content of the Information Memoranda, respectfully refers to the referenced documents for their complete content and context, and denies that the entities defined in the Complaint as "Cheyne Capital" are defendants in this action.

### Answer to ¶ 28

McGraw-Hill admits that Paragraph 28 of the Complaint purports to define the term "defendants" to include Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited and their affiliates, Moody's Investors Service, Inc. and its affiliates, The McGraw-Hill Companies, Inc. and its affiliates, The Bank of New York and QSR Management Limited, Cheyne Capital Management Limited, and its successor, Cheyne Capital Management (UK) LLP, and Cheyne Capital International Limited, and denies that The Bank of New York is a defendant in this action.

### Answer to ¶ 29

McGraw-Hill denies the allegations contained in Paragraph 29 of the Complaint, except denies knowledge or information sufficient to form a belief as to the citizenship of other parties, and admits that McGraw-Hill is a citizen of the State of New York.

### Answer to ¶ 30

McGraw-Hill denies the allegations contained in Paragraph 30 of the Complaint, except McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegation that the purported Class consists of more than 100 members or the allegation that some members of the purported Class are citizens of different states than the defendants.

### Answer to ¶ 31

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 31 of the Complaint, except admits that McGraw-Hill conducts business in this District, refers to the Information Memoranda for the Cheyne SIV for a description of the roles of Morgan Stanley, The Bank of New York and QSR, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 32

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, except admits that the Information Memoranda describing certain of the notes listed in Paragraph 32 state that certain of those notes are governed by New York law, and respectfully refers to the Information Memoranda for the Cheyne SIV and/or other referenced documents for their complete content and context.

### Answer to ¶ 33

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint, except denies the allegations contained in the third sentence of Paragraph 33.

-10-

### Answer to ¶ 34

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, except denies the allegations contained in the second, third, fourth, and fifth sentences of Paragraph 34.

### Answer to ¶ 35

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint, except denies the allegations contained in the final two sentences of Paragraph 35.

### Answer to ¶ 36

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint, except denies the allegations contained in the first, third and fourth sentences of Paragraph 36.

### Answer to ¶ 37

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint, except denies the allegations contained in the second sentence of Paragraph 37.

### Answer to ¶ 38

McGraw-Hill denies the allegations contained in Paragraph 38 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 39

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint, except refers to the Information Memo-

randa for the Cheyne SIV for a description of the role played by Cheyne Capital in the Cheyne SIV.

### Answer to ¶ 40

McGraw-Hill denies the allegations contained in Paragraph 40 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 41

McGraw-Hill denies the allegations contained in Paragraph 41 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the last sentence of Paragraph 41, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 42

McGraw-Hill denies the allegations contained in Paragraph 42 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 43

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 43 of the Complaint, except avers, upon information and belief, that SIVs generally have both assets and liabilities, and generally issue short- and medium-term debt and purchase longer-term securities, seeking to earn a "spread."

### Answer to ¶ 44

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 44 of the Complaint, except avers, upon information and belief, that many SIVs issue liabilities denominated commercial pa-

per, medium terms notes, and one or more categories of capital notes, and, to the extent the allegations of Paragraph 44 purport to describe the content of the Information Memoranda, respectfully refers to the referenced documents for their complete content and context.

### Answer to ¶ 45

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 45 of the Complaint, except avers that SIVs include a variety of assets, often including ABS, RMBS, and CDOs, and admits, upon information and belief, that RMBS are backed by residential mortgages.

### Answer to ¶ 46

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 46 of the Complaint, except avers that prior to August 28, 2007 Standard & Poor's assigned: an issuer credit rating of AAA/A-1+ to Cheyne Finance plc, a credit rating of AAA to the medium term notes issued by the Cheyne SIV, a credit rating of A-1+ to the commercial paper issued by the Cheyne SIV, and a credit rating of A to the Mezzanine Capital Notes issued by the Cheyne SIV, admits credit enhancement may be accomplished through structural subordination, and, to the extent the allegations of Paragraph 46 purport to describe the content of the Information Memoranda, respectfully refers to the referenced documents for their complete content and context.

### Answer to ¶ 47

McGraw-Hill denies the allegations contained in Paragraph 47 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 48

McGraw-Hill denies the allegations contained in Paragraph 48 of the Complaint, except avers that on May 17, 2005 Standard & Poor's assigned a credit rating of AAA to the me-

dium term notes issued by the Cheyne SIV and a credit rating of A-1+ to the commercial paper issued by the Cheyne SIV, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.  To the extent the allegations contained in Paragraph 48 purport to describe certain documents, McGraw-Hill respectfully refers to the referenced documents for their complete content and context.

### Answer to ¶ 49

McGraw-Hill denies the allegations contained in Paragraph 49 of the Complaint, except avers that on May 17, 2005 Standard & Poor's assigned a credit rating of A to the Capital Notes issued by the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.  To the extent the allegations contained in Paragraph 49 purport to describe certain documents, McGraw-Hill respectfully refers to the referenced documents for their complete content and context.

### Answer to ¶ 50

McGraw-Hill denies the allegations contained in Paragraph 50 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegation contained in the last sentence of Paragraph 50 of the Complaint.

### Answer to ¶ 51

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 51 of the Complaint.

### Answer to ¶ 52

McGraw-Hill denies the allegations contained in Paragraph 52 of the Complaint. To the extent the allegations in Paragraph 52 of the Complaint purport to describe the Information Memoranda, McGraw-Hill respectfully refers to the referenced documents for their complete content and context.

-14-

## Answer to ¶ 53

McGraw-Hill denies the allegations contained in Paragraph 53 of the Complaint in that it seeks to apply a label to McGraw-Hill, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and avers that McGraw-Hill continues to provide unsolicited opinions regarding the creditworthiness of corporations and offer subscription-based ratings products.

## Answer to ¶ 54

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 54 of the Complaint, except admits that Standard & Poor's Rating Services has been an NRSRO since 1975, and respectfully refers to the referenced Securities and Exchange Commission documents for their complete content and context.

## Answer to ¶ 55

McGraw-Hill denies the allegations contained in Paragraph 55 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 56

McGraw-Hill denies the allegations contained in Paragraph 56 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 57

McGraw-Hill denies the allegations of Paragraph 57 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-15-

### Answer to ¶ 58

McGraw-Hill denies the allegations contained in Paragraph 58 of the Complaint, except to the extent the allegations contained in Paragraph 58 purport to describe the operating instructions for Cheyne Finance plc McGraw-Hill respectfully refers to the operating instructions for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 59

McGraw-Hill denies the allegations contained in Paragraph 59 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 60

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 60 of the Complaint, except admits that the Cheyne SIV had financial obligations to its investors.

### Answer to ¶ 61

McGraw-Hill denies the allegations contained in Paragraph 61 of the Complaint, except to the extent that the allegations contained in Paragraph 61 purport to describe the operating instructions for Cheyne Finance plc, McGraw-Hill respectfully refers to the operating instructions for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 62

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 62 of the Complaint, except avers Standard & Poor's assigned an issuer rating of AAA/A-1+ to Cheyne Finance plc, and de-

nies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 63

McGraw-Hill denies the allegations contained in Paragraph 63 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.  To the extent the allegations contained in Paragraph 63 purport to describe the Information Memoranda, McGraw-Hill respectfully refers to the referenced Information Memoranda for their complete content and context.

### Answer to ¶ 64

McGraw-Hill denies the allegations contained in Paragraph 64 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.  To the extent the allegations contained in Paragraph 64 purport to describe the Information Memoranda, McGraw-Hill respectfully refers to the referenced Information Memoranda for their complete content and context.

### Answer to ¶ 65

McGraw-Hill denies the allegations contained in Paragraph 65 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of allegations contained in the first sentence of Paragraph 65 of the Complaint, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 66

McGraw-Hill denies the allegations contained in Paragraph 66 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, admits publication of the *Wall Street Journal* article and respectfully refers to the referenced article for its complete content and context.

-17-

### Answer to ¶ 67

McGraw-Hill denies the allegations contained in Paragraph 67 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and respectfully refers to the referenced Information Memoranda for their complete content and context.

### Answer to ¶ 68

McGraw-Hill denies the allegations contained in Paragraph 68 of the Complaint, except admits certain fees were paid to McGraw-Hill in connection with the Cheyne SIV ratings subsequent to the launch of the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 69

McGraw-Hill denies the allegations contained in Paragraph 69 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 70

McGraw-Hill denies the allegations contained in Paragraph 70 of the Complaint, except avers that on May 17, 2005 Standard & Poor's assigned an issuer rating of AAA/A-1+ to Cheyne Finance plc, a credit rating of AAA to the medium term notes issued by the Cheyne SIV, a credit rating of A-1+ to the commercial paper issued by the Cheyne SIV, and a credit rating of A to the Mezzanine Capital Notes issued by the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 71

McGraw-Hill denies the allegations contained in Paragraph 71 of the Complaint, except admits that Standard & Poor's ratings of Cheyne Finance plc and the Rated Notes were

publicly available via the Standard & Poor's website, its RatingsDirect website, and other public financial reporting sources, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 72

McGraw-Hill denies the allegations contained in Paragraph 72 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 73

McGraw-Hill denies the allegations contained in Paragraph 73 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 74

McGraw-Hill denies the allegations contained in Paragraph 74 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 75

McGraw-Hill admits that Paragraph 75 of the Complaint purports to define the term "Selling Documents" for purposes of the Complaint.

### Answer to ¶ 76

McGraw-Hill denies the allegations contained in Paragraph 76 of the Complaint.

### Answer to ¶ 77

McGraw-Hill denies the allegations contained in Paragraph 77 of the Complaint.

-19-

**Answer to ¶ 78**

McGraw-Hill denies the allegations contained in Paragraph 78 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 79**

McGraw-Hill denies the allegations contained in Paragraph 79 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.  To the extent the allegations contained in Paragraph 79 purport to describe Standard & Poor's criteria and/or policy, McGraw-Hill respectfully refers to the published criteria for SIVs and other published rating policies and information for their complete content and context.

**Answer to ¶ 80**

McGraw-Hill denies the allegations contained in Paragraph 80 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 81**

McGraw-Hill denies the allegations contained in Paragraph 81 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 82**

McGraw-Hill denies the allegations contained in Paragraph 82 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-20-

## Answer to ¶ 83

McGraw-Hill denies the allegations contained in Paragraph 83 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the fourth sentence of Paragraph 83, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 84

McGraw-Hill denies the allegations contained in Paragraph 84 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

## Answer to ¶ 85

McGraw-Hill denies the allegations contained in Paragraph 85 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the characteristics of the securities described in Paragraph 85 in the absence of specific allegations identifying the actual tranche of each listed security that forms the bases of Plaintiffs' allegations, denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, respectfully refers to the referenced *New York Times* article for its complete content and context, respectfully refers to the publicly available published ratings releases for the ratings of all securities listed in Paragraph 85, and avers that each tranche of the securities listed in Paragraph 85 that was actually held by Cheyne was only downgraded, if at all, by McGraw-Hill subsequent to the downgrade of Cheyne Finance plc and the Rated Notes.

## Answer to ¶ 86

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 86 of the Complaint, except admits that the Cheyne portfolio did at certain points in time contain securities backed in whole or in part by loans originated by New Century Financial Corporation.

-21-

### Answer to ¶ 87

McGraw-Hill denies the allegations contained in Paragraph 87 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 88

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 88 of the Complaint, except McGraw-Hill denies the allegations contained in the final sentence of Paragraph 88 of the Complaint.

### Answer to ¶ 89

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 89 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, admits New Century declared bankruptcy on April 2, 2007, admits publication of the *Wall Street Journal* article, and respectfully refers to the referenced article for its complete content and context.

### Answer to ¶ 90

McGraw-Hill denies the allegations contained in Paragraph 90 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 91

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 91 of the Complaint.

-22-

### Answer to ¶ 92

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 92 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 93

McGraw-Hill denies the allegations contained in Paragraph 93 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 94

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 94 of the Complaint.

### Answer to ¶ 95

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 95 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 96

McGraw-Hill denies the allegations contained in Paragraph 96 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in the first sentence of Paragraph 96 of the Complaint, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 97

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 97 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 98

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 98 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 99

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 99 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 100

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 100 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 101

McGraw-Hill denies the allegations contained in Paragraph 101 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 102

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 102 of the Complaint.

### Answer to ¶ 103

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 103 of the Complaint.

### Answer to ¶ 104

McGraw-Hill denies the allegations contained in Paragraph 104 of the Complaint, except admits publication of *The New York Times* article and respectfully refers to the referenced article for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 105

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 105 of the Complaint, except admits publication of *The New York Times* article and respectfully refers to the referenced article for its complete content and context.

### Answer to ¶ 106

McGraw-Hill denies the allegations contained in Paragraph 106 of the Complaint, except admits publication of the *Reuters* report and respectfully refers to the referenced report for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 107

McGraw-Hill denies the allegations contained in Paragraph 107 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-25-

### Answer to ¶ 108

McGraw-Hill denies the allegations contained in Paragraph 108 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 109

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 109 of the Complaint, and respectfully refers to the referenced report of the Bankruptcy Court dated February 29, 2008 for its complete content and context.

### Answer to ¶ 110

McGraw-Hill denies the allegations contained in Paragraph 110 of the Complaint, except admits that it has access to certain non-public information in accordance with applicable law, and refers to the referenced SEC regulation for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 111

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 111 of the Complaint, and refers to the referenced SEC regulations and forms for their complete content and context.

### Answer to ¶ 112

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 112 of the Complaint.

-26-

### Answer to ¶ 113

McGraw-Hill denies the allegations contained in Paragraph 113 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 114

McGraw-Hill denies the allegations contained in Paragraph 114 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 115

McGraw-Hill denies the allegations contained in Paragraph 115 of the Complaint, except admits McGraw-Hill receives certain information related to U.S. loans, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 116

McGraw-Hill denies the allegation contained in Paragraph 116 of the Complaint, except admits Frank Raiter and Deven Sharma gave testimony before Congress and respectfully refers to the referenced statements by Frank Raiter and Deven Sharma for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 117

McGraw-Hill denies the allegations contained in Paragraph 117 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and respectfully refers to the referenced statements for their complete content and context.

Case 1:08-cv-07508-SAS-DCF   Document 175   Filed 08/23/10   Page 27 of 54

-27-

### Answer to ¶ 118

McGraw-Hill denies the allegations contained in Paragraph 118 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 119

McGraw-Hill denies the allegations of Paragraph 119 of the Complaint, except respectfully refers to the referenced Information Memoranda for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 120

McGraw-Hill denies the allegations contained in Paragraph 120 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 121

McGraw-Hill denies the allegations contained in Paragraph 121 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 122

McGraw-Hill denies the allegations contained in Paragraph 122 of the Complaint, except admits that a former Moody's employee testified on April 22, 2008 before the Senate Banking, Housing and Urban Affairs Committee and respectfully refers to the referenced congressional testimony for its complete content and context.

### Answer to ¶ 123

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 123 of the Complaint, except admits publication of the

referenced *Wall Street Journal* article and respectfully refers to the referenced article for its complete content and context.

### Answer to ¶ 124

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 124 of the Complaint, except admits publication of the referenced *Wall Street Journal* article and respectfully refers to the referenced article for its complete content and context.

### Answer to ¶ 125

McGraw-Hill denies the allegations contained in Paragraph 125 of the Complaint, except admits Representative Gary Ackerman made a statement to the Committee on House Financial Services on September 5, 2007 and respectfully refers to the referenced statement for its complete content and context.

### Answer to ¶ 126

McGraw-Hill denies the allegations contained in Paragraph 126 of the Complaint, except admits, upon information and belief, that Arthur Levitt, Jr. made remarks on November 27, 2007 at a forum in Ontario and respectfully refers to the referenced statement by Arthur Levitt, Jr. for its complete content and context.

### Answer to ¶ 127

McGraw-Hill denies the allegations contained in Paragraph 127 of the Complaint, except admits Christopher Cox provided a statement to Congress on April 22, 2008 and respectfully refers to the referenced statement by Christopher Cox for its complete content and context.

### Answer to ¶ 128

McGraw-Hill denies the allegations contained in Paragraph 128 of the Complaint, except admits Christopher Cox made remarks on June 11, 2008 and respectfully refers to the referenced remarks by Christopher Cox for their complete content and context.

### Answer to ¶ 129

McGraw-Hill denies the allegations contained in Paragraph 129 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 that concerned three credit rating agencies and respectfully refers to that report for its complete content and context.

### Answer to ¶ 130

McGraw-Hill denies the allegations contained in Paragraph 130 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 and respectfully refers to that report for its complete content and context.

### Answer to ¶ 131

McGraw-Hill denies the allegations contained in Paragraph 131 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008, respectfully refers to that report for its complete content and context.

### Answer to ¶ 132

McGraw-Hill denies the allegations contained in Paragraph 132 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 and respectfully refers to that report for its complete content and context.

### Answer to ¶ 133

McGraw-Hill denies the allegations contained in Paragraph 133 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 and respectfully refers to that report for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 134

McGraw-Hill denies the allegations contained in Paragraph 134 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 and respectfully refers to that report for its complete content and context.

### Answer to ¶ 135

McGraw-Hill denies the allegations contained in Paragraph 135, except admits publication of the referenced *Bloomberg* article and respectfully refers to the referenced article for its complete content and context.

### Answer to ¶ 136

McGraw-Hill denies the allegations contained in Paragraph 136 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 and respectfully refers to that report for its complete content and context.

### Answer to ¶ 137

McGraw-Hill denies the allegations contained in Paragraph 137 of the Complaint, except admits IOSCO and Christopher Cox made statements regarding alleged conflicts of interest and respectfully refers to the referenced statements for their complete content and context.

### Answer to ¶ 138

McGraw-Hill denies the allegations contained in Paragraph 138 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 139

McGraw-Hill denies the allegations contained in Paragraph 139 of the Complaint, except admits publication of the referenced *Bloomberg* article and respectfully refers to the referenced article for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-31-

**Answer to ¶ 140**

McGraw-Hill denies the allegations contained in Paragraph 140 of the Complaint, except admits that Shah and Mooney engaged in an instant message conversation regarding a transaction unrelated to the Cheyne SIV that included the quoted words.

**Answer to ¶ 141**

McGraw-Hill denies the allegations contained in Paragraph 141 of the Complaint, except admits that an email dated December 15, 2006 from an S&P employee included the quoted words in reference to transactions unrelated to the Cheyne SIV.

**Answer to ¶ 142**

McGraw-Hill denies the allegations contained in Paragraph 142 of the Complaint, except admits Jerome Fons testified on October 22, 2008 before the U.S. House of Representatives' Committee on Oversight and Government Reform and respectfully refers to the referenced congressional testimony for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 143**

McGraw-Hill denies the allegations contained in Paragraph 143 of the Complaint, except admits Jerome Fons testified on October 22, 2008 before the U.S. House of Representatives' Committee on Oversight and Government Reform and respectfully refers to the referenced congressional testimony for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 144**

McGraw-Hill denies the allegations contained in Paragraph 144 of the Complaint, except admits publication of the referenced *New York Times* opinion editorial and respectfully

refers to the referenced opinion editorial for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### **Answer to ¶ 145**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 145 of the Complaint, and respectfully refers to the referenced *The Wall Street Journal* article for its complete content and context.

### **Answer to ¶ 146**

McGraw-Hill denies the allegations contained in Paragraph 146 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### **Answer to ¶ 147**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 147 of the Complaint.

### **Answer to ¶ 148**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 148 of the Complaint.

### **Answer to ¶ 149**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 149 of the Complaint.

### **Answer to ¶ 150**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 150 of the Complaint.

-33-

### Answer to ¶ 151

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 151 of the Complaint, except to the extent Paragraph 151 refers to documents including the Information Memoranda, in which case McGraw-Hill respectfully refers to the referenced documents for their complete content and context.

### Answer to ¶ 152

McGraw-Hill denies the allegations contained in Paragraph 152 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and admits that Standard & Poor's received an annual fee for surveillance of the ratings assigned to the Cheyne SIV and the Rated Notes, which was not based on the market value of the assets included in the Cheyne SIV, and a usage fee, which was based on the US$ equivalent amount of debt outstanding.

### Answer to ¶ 153

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 153 of the Complaint

### Answer to ¶ 154

McGraw-Hill denies the allegations contained in Paragraph 154 of the Complaint, except, to the extent that the allegations contained in Paragraph 154 purport to describe the contents of documents, McGraw-Hill respectfully refers to the referenced documents for their complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 155

McGraw-Hill denies the allegations contained in Paragraph 155 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 156

McGraw-Hill denies the allegations contained in Paragraph 156 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 157

McGraw-Hill denies the allegations contained in Paragraph 157 of the Complaint, except, to the extent the allegations in Paragraph 157 of the Complaint purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those documents for their complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 158

McGraw-Hill denies the allegations contained in Paragraph 158 of the Complaint, except admits that the quoted language was included in a September 10, 2004 e-mail message from Standard & Poor's personnel to Morgan Stanley personnel, and respectfully refers to that document for its complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 159**

McGraw-Hill denies the allegations contained in Paragraph 159 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 160**

McGraw-Hill denies the allegations contained in Paragraph 160 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 161**

McGraw-Hill denies the allegations contained in Paragraph 161 of the Complaint, except admits, upon information and belief, that the quoted language was included in November 30, 2004 e-mails between Morgan Stanley personnel, produced in this litigation by Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to those documents for their complete content and context, denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill, and, to the extent Paragraph 161 purports to repeat and reallege allegations contained in Paragraphs 84-112, repeats and reasserts its answers to Paragraphs 84-112.

**Answer to ¶ 162**

McGraw-Hill denies the allegations contained in Paragraph 162 of the Complaint, except admits, upon information and belief, that the language quoted in the first sentence of Paragraph 162 was included in a February 8, 2005 e-mail message from Morgan Stanley personnel to Moody's personnel, produced in this litigation by, *inter alia*, Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to that document for its complete content and context, admits, upon information and belief, that the language quoted in the second sentence of Paragraph 162 was included in a memorandum from Morgan Stanley to Moody's, produced in this litigation by, *inter alia*, Morgan Stanley in response to Plaintiffs' document re-

quests, and respectfully refers to that document for its complete content and context, admits that the language quoted in the fourth sentence of Paragraph 162 was included in a February 8, 2005 e-mail message from Standard & Poor's personnel to Morgan Stanley personnel and respectfully refers to that document for its complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 163

McGraw-Hill denies the allegations contained in Paragraph 163 of the Complaint, except admits that the language quoted in the second sentence of Paragraph 163 was included in a July 2006 e-mail message among Standard and Poor's personnel, and respectfully refers to that document for its complete content and context, denies knowledge or information sufficient to form a belief as to whether the quoted language in the final sentence of Paragraph 163 was included in an August 2007 e-mail message among Moody's personnel, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 164

McGraw-Hill denies the allegations contained in Paragraph 164 of the Complaint, except admits that the Cheyne SIV portfolio did at certain points in time contain securities backed in whole or in part by loans originated by New Century Financial Corporation, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 165

McGraw-Hill denies the allegations contained in Paragraph 165 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 165 was included in a September 2005 presentation produced in this litigation by, *inter alia*, Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to that document for

its complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 166

McGraw-Hill denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 166 of the Complaint, except, to the extent the allegations in Paragraph 166 of the Complaint purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those documents for their complete content and context.

### Answer to ¶ 167

McGraw-Hill denies the allegations contained in Paragraph 167 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 168

McGraw-Hill denies the allegations contained in Paragraph 168 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 168 was included in an October 2004 e-mail message from Morgan Stanley personnel to Cheyne personnel, produced in this litigation by Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to that document for its complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 169

McGraw-Hill denies the allegations contained in Paragraph 169 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in the final sentence of Paragraph 169, denies knowledge or in-

formation sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill, and, to the extent Paragraph 169 purports to repeat and reallege allegations contained in Paragraphs 113-120, repeats and reasserts its answers to Paragraphs 113-120.

### Answer to ¶ 170

McGraw-Hill denies the allegations contained in Paragraph 170 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 170 was included in an October 2004 e-mail message from Moody's personnel to Cheyne personnel, produced in this litigation by, *inter alia*, Moody's in response to Plaintiffs' document requests, and respectfully refers to that document for its complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 171

McGraw-Hill denies the allegations contained in Paragraph 171 of the Complaint, except denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 172

McGraw-Hill denies the allegations contained in Paragraph 172 of the Complaint, except, to the extent the allegations contained in Paragraph 172 purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those documents for their complete content and context, admits, upon information and belief, that the language quoted in Paragraph 172 was included in February 2005 e-mail exchanges between Morgan Stanley personnel, produced in this litigation by Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to those documents for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-39-

### Answer to ¶ 173

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 173 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 173 was included in an April 2005 e-mail between Morgan Stanley personnel, produced in this litigation by Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to that document for its complete content and context.

### Answer to ¶ 174

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 174 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 174 was included in an August 2005 e-mail message between Moody's personnel, produced in this litigation by Moody's in response to Plaintiffs' document requests, and respectfully refers to that document for its complete content and context.

### Answer to ¶ 175

McGraw-Hill denies the allegations contained in Paragraph 175 of the Complaint, except avers that the question of whether certain "liquidity and interest rate sensitivity tests" would be waived for a two week period "post-launch" was the subject of August 1, 2005 e-mail messages between Cheyne personnel and Standard & Poor's personnel, and respectfully refers to those documents for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 176

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 176 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 176 was included in a September 22, 2005 e-mail message from Moody's personnel to Morgan Stanley personnel and

-40-

Cheyne personnel, produced in this litigation by, *inter alia*, Moody's in response to Plaintiffs' document requests, and respectfully refers to that document for its complete content and context.

### Answer to ¶ 177

McGraw-Hill denies the allegations contained in Paragraph 177 of the Complaint, except, to the extent the allegations of Paragraph 177 purport to describe the content of documents, respectfully refers to the referenced documents for their complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 178

McGraw-Hill denies the allegations contained in Paragraph 178 of the Complaint, except admits that the language quoted in Paragraph 178 was included in a February 2006 e-mail message from Standard & Poor's personnel to Morgan Stanley personnel, and respectfully refers to that document for its complete content and context, and denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 179

McGraw-Hill denies the allegations contained in Paragraph 179 of the Complaint, except admits, upon information and belief, that the language quoted in Paragraph 179 was included in a February 2, 2006 e-mail message from Cheyne personnel to Morgan Stanley personnel, produced in this litigation by Morgan Stanley in response to Plaintiffs' document requests, and respectfully refers to that documents for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 180

McGraw-Hill denies the allegations contained in Paragraph 180 of the Complaint, except, to the extent the allegations of Paragraph 180 purport to describe the content of documents, respectfully refers to those documents for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 181

McGraw-Hill denies the allegations contained in Paragraph 181 of the Complaint, except avers that prior to August 28, 2007 Standard & Poor's assigned: an issuer credit rating of AAA/A-1+ to Cheyne Finance plc, a credit rating of AAA to the medium term notes issued by the Cheyne SIV, a credit rating of A-1+ to the commercial paper issued by the Cheyne SIV, and a credit rating of A to the Mezzanine Capital Notes issued by the Cheyne SIV, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 182

McGraw-Hill denies the allegations contained in Paragraph 182 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and, to the extent Paragraph 182 purports to repeat and reallege allegations contained in Paragraphs 121-146, repeats and reasserts its answers to Paragraphs 121-146.

### Answer to ¶ 183

McGraw-Hill denies the allegations contained in Paragraph 183 of the Complaint, except, to the extent the allegations in Paragraph 183 of the Complaint purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those docu-

ments for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 184

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 184 of the Complaint, except, to the extent the allegations in Paragraph 184 of the Complaint purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those documents for their complete content and context.

### Answer to ¶ 185

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations contained in Paragraph 185 of the Complaint, except, to the extent the allegations in Paragraph 185 of the Complaint purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those documents for their complete content and context.

### Answer to ¶ 186

McGraw-Hill denies the allegations contained in Paragraph 186 of the Complaint, except, to the extent the allegations in Paragraph 186 of the Complaint purport to describe the Information Memoranda or operating manual, McGraw-Hill respectfully refers to those documents for their complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 187

McGraw-Hill denies the allegations contained in Paragraph 187 of the Complaint, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

-43-

**Answer to ¶ 188**

McGraw-Hill denies the allegations contained in Paragraph 188 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and admits that on August 28, 2007 Standard & Poor's issued a downgrade of the ratings assigned to the Cheyne SIV and the Rated Notes.  McGraw-Hill admits publication of the referenced *New York Times* article and respectfully refers to the referenced article for its complete content and context.

**Answer to ¶ 189**

McGraw-Hill denies the allegations contained in Paragraph 189 of the Complaint, except admits that the SEC's Office of Compliance Inspections and Examinations released a report on July 8, 2008 and respectfully refers to that report for its complete content and context, and denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

**Answer to ¶ 190**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 190 of the Complaint, except admits Cheyne SIV entered receivership on September 5, 2007.

**Answer to ¶ 191**

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 191 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill, and avers that on August 28, 2007:  the Standard & Poor's issuer credit rating for Cheyne Finance plc was lowered from AAA/A-1+ to A- and placed on CreditWatch negative, the Standard & Poor's credit rating for medium term notes issued by the Cheyne SIV was lowered from AAA to A- and placed on CreditWatch negative, the Standard & Poor's credit rating for commercial paper issued by the Cheyne SIV was lowered from A-1+ to

A-2 and placed on CreditWatch negative, and the Standard & Poor's credit rating for Mezzanine Capital Notes issued by the Cheyne SIV was lowered from A to B- and placed on CreditWatch negative, avers that on September 7, 2007, Standard & Poor's credit rating for Mezzanine Capital Notes issued by the Cheyne SIV was lowered from B-/CreditWatch negative to CCC-/CreditWatch negative, and avers that on October 19, 2007, the Standard & Poor's credit rating for medium term notes, commercial paper and Mezzanine Capital Notes issued by the Cheyne SIV was further lowered to D.

### Answer to ¶ 192

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 192 of the Complaint.

### Answer to ¶ 193

McGraw-Hill denies knowledge or information sufficient to form a belief regarding the truth or the falsity of the allegations contained in Paragraph 193 of the Complaint.

### Answer to ¶ 194

McGraw-Hill denies the allegations contained in Paragraph 194 of the Complaint, except admits Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and admits that Plaintiffs purport to exclude certain individuals from the proposed Class.

### Answer to ¶ 195

McGraw-Hill denies the allegations contained in Paragraph 195 of the Complaint, except denies knowledge or information sufficient to form a belief as to allegations directed to any defendant other than McGraw-Hill.

### Answer to ¶ 196

McGraw-Hill denies the allegations contained in Paragraph 196 of the Complaint.

-45-

### Answer to ¶ 197

McGraw-Hill denies the allegations contained in Paragraph 197 of the Complaint.

### Answer to ¶ 198

McGraw-Hill denies the allegations contained in Paragraph 198 of the Complaint.

### Answer to ¶ 199

McGraw-Hill denies the allegations contained in Paragraph 199 of the Complaint.

### RESPONSE TO COUNT 1-A

**Claim for Common Law Fraud**
**Against Morgan Stanley**

### Answer to ¶ 200

To the extent Paragraph 200 of the Complaint requires a response, McGraw-Hill repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.

### Answer to ¶ 201

To the extent Paragraph 201 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 201 requires a response, McGraw-Hill denies the allegations contained in Paragraph 201 of the Complaint, except admits Plaintiffs purport to bring a claim for common law fraud against Morgan Stanley.

### Answer to ¶ 202

To the extent Paragraph 202 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 202 requires a response, McGraw-Hill denies the allegations contained in Paragraph 202 of the Complaint.

### Answer to ¶ 203

To the extent Paragraph 203 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 203 requires a response, McGraw-Hill denies the allegations contained in Paragraph 203 of the Complaint.

### Answer to ¶ 204

McGraw-Hill denies the allegations contained in Paragraph 204 of the Complaint. To the extent Paragraph 204 of the Complaint purports to repeat and reallege allegations contained in other Paragraphs of the Complaint, McGraw-Hill repeats and restates its answers to those Paragraphs as if fully set forth herein.

### Answer to ¶ 205

To the extent Paragraph 205 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 205 requires a response, McGraw-Hill denies the allegations contained in Paragraph 205 of the Complaint.

### Answer to ¶ 206

To the extent Paragraph 206 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 206 requires a response, McGraw-Hill denies the allegations contained in Paragraph 206 of the Complaint.

### Answer to ¶ 207

To the extent Paragraph 207 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 207 requires a response, McGraw-Hill denies the allegations contained in Paragraph 207 of the Complaint.

### Answer to ¶ 208

To the extent Paragraph 208 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 208 requires a response, McGraw-Hill denies the allegations contained in Paragraph 208 of the Complaint.

### Answer to ¶ 209

To the extent Paragraph 209 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 209 requires a response, McGraw-Hill denies the allegations contained in Paragraph 209 of the Complaint.

### Answer to ¶ 210

To the extent Paragraph 210 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 210 requires a response, McGraw-Hill denies the allegations contained in Paragraph 210 of the Complaint.

### Answer to ¶ 211

To the extent Paragraph 211 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 211 requires a response, McGraw-Hill denies the allegations contained in Paragraph 211 of the Complaint.

### Answer to ¶ 212

To the extent Paragraph 212 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 212 requires a response, McGraw-Hill denies the allegations contained in Paragraph 212 of the Complaint.

-48-

**RESPONSE TO COUNT 1-B**

**Claim for Aiding and Abetting
Against Morgan Stanley**

**Answer to ¶ 213**

To the extent Paragraph 213 of the Complaint requires a response, McGraw-Hill repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.

**Answer to ¶ 214**

To the extent Paragraph 214 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 214 requires a response, McGraw-Hill denies the allegations contained in Paragraph 214 of the Complaint, except admits Plaintiffs purport to bring a claim for aiding and abetting against Morgan Stanley.

**Answer to ¶ 215**

To the extent Paragraph 215 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 215 requires a response, McGraw-Hill denies the allegations contained in Paragraph 215 of the Complaint.

**Answer to ¶ 216**

To the extent Paragraph 216 of the Complaint purports to assert a claim solely against an entity other than McGraw-Hill, it requires no response.  To the extent Paragraph 216 requires a response, McGraw-Hill denies the allegations contained in Paragraph 216 of the Complaint.

-49-

**RESPONSE TO COUNT 2-A**

**Claim for Common Law Fraud**
**Against the Rating Agencies**

### Answer to ¶ 217

McGraw-Hill repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.

### Answer to ¶ 218

McGraw-Hill denies the allegations contained in Paragraph 218 of the Complaint, except admits Plaintiffs purport to bring a claim for common law fraud against the Rating Agencies.

### Answer to ¶ 219

McGraw-Hill denies the allegations contained in Paragraph 219 of the Complaint.

### Answer to ¶ 220

McGraw-Hill denies the allegations contained in Paragraph 220 of the Complaint.

### Answer to ¶ 221

McGraw-Hill denies the allegations contained in Paragraph 221 of the Complaint. To the extent Paragraph 221 of the Complaint purports to repeat and reallege allegations contained in other Paragraphs of the Complaint, McGraw-Hill repeats and restates its answers to those Paragraphs as if fully set forth herein.

### Answer to ¶ 222

McGraw-Hill denies the allegations contained in Paragraph 222 of the Complaint. To the extent Paragraph 222 of the Complaint purports to repeat and reallege allegations contained in other Paragraphs of the Complaint, McGraw-Hill repeats and restates its answers to those Paragraphs as if fully set forth herein.

### Answer to ¶ 223

McGraw-Hill denies the allegations contained in Paragraph 223 of the Complaint.

### Answer to ¶ 224

McGraw-Hill denies the allegations contained in Paragraph 224 of the Complaint.

### Answer to ¶ 225

McGraw-Hill denies the allegations contained in Paragraph 225 of the Complaint.

### Answer to ¶ 226

McGraw-Hill denies the allegations contained in Paragraph 226 of the Complaint.

### Answer to ¶ 227

McGraw-Hill denies the allegations contained in Paragraph 227 of the Complaint.

### Answer to ¶ 228

McGraw-Hill denies the allegations contained in Paragraph 228 of the Complaint.

### Answer to ¶ 229

McGraw-Hill denies the allegations contained in Paragraph 229 of the Complaint.

### Answer to ¶ 230

McGraw-Hill denies the allegations contained in Paragraph 230 of the Complaint.

### Answer to ¶ 231

McGraw-Hill denies the allegations contained in Paragraph 231 of the Complaint.

**RESPONSE TO COUNT 2-B**

**Claim for Aiding and Abetting
Against the Rating Agencies**

### Answer to ¶ 232

McGraw-Hill repeats and restates its answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.

-51-

**Answer to ¶ 233**

McGraw-Hill denies the allegations contained in Paragraph 233 of the Complaint, except admits Plaintiffs purport to bring a claim for aiding and abetting against the Rating Agencies.

**Answer to ¶ 234**

McGraw-Hill denies the allegations contained in Paragraph 234 of the Complaint.

**Answer to ¶ 235**

McGraw-Hill denies the allegations contained in Paragraph 235 of the Complaint

**GENERAL DENIAL**

McGraw-Hill denies any wrongdoing and, except as expressly admitted in Paragraphs 1 through 235 above, denies all allegations of Plaintiffs' Complaint, and specifically denies that Plaintiffs are entitled to any of the relief prayed for against McGraw-Hill in the Complaint.  McGraw-Hill expressly reserves the right to amend and/or supplement this Answer and Affirmative Defenses.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

McGraw-Hill does not relieve Plaintiffs of proving under the appropriate standard of proof all elements of the claims that Plaintiffs allege and does not undertake any burdens that properly rest upon Plaintiffs.

McGraw-Hill hereby reserves the right to adopt any and all other defenses asserted or to be asserted by any other defendant, and reserves the right to assert additional affirmative defenses as necessary and appropriate, to the extent such defenses are affirmative defenses and are applicable to the claims against McGraw-Hill.

For its further and separate affirmative defenses to the Complaint and the claims Plaintiffs purport to assert therein, McGraw-Hill avers:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and the doctrines of waiver, estoppel, ratification, unclean hands, laches, and/or *in pari delicto*.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Each of the plaintiffs had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which McGraw-Hill's liability is asserted at the time that such Plaintiff purchased notes issued by the Cheyne SIV; therefore, each Plaintiff assumed the risk that notes issued by the Cheyne SIV would default or decline in value.  Furthermore, each Plaintiff knew or should have known the risks associated with the Cheyne SIV, and each Plaintiff assumed the risk that it might be damaged by acquiring notes issued by the Cheyne SIV.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Each of the plaintiffs have failed to mitigate any damages they may have suffered.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any recovery for damages, if any, allegedly incurred by any Plaintiff is subject to offset in the amount of any tax or other benefits actually received in connection with such investments.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any alleged untrue statements of material fact, omissions of material fact, misleading statements, or other challenged statements made by McGraw-Hill are rendered non-actionable by the common law bespeaks caution doctrine.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred because this court lacks subject matter jurisdiction over the claims asserted.

-53-

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the statements challenged constitute opinions that are not actionable.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of standing.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff SEI's claims are barred, in whole or in part, by the prior pending action entitled *SEI Investments Company, et al.* v. *Moody's Investors Service, Inc. et al.*, Index No. 09-25367, filed in Montgomery County, Pennsylvania.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent New York common law does not apply extraterritorially to any foreign conduct alleged in the Complaint.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent of any accord and satisfaction, arbitration and award, release or any other matter constituting an avoidance or affirmative defense set forth in Rule 8(c) of the Federal Rules of Civil Procedure, or otherwise, all of which to the extent applicable are incorporated herein as if specifically set forth.

-54-

WHEREFORE, McGraw-Hill respectfully requests that a final judgment be entered in its favor dismissing the Complaint with prejudice; awarding McGraw-Hill the reasonable costs of this action, including reasonable attorneys' fees; and granting McGraw-Hill such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            August 23, 2010

                                        CAHILL GORDON & REINDEL LLP

                                            /s/ Dean Ringel
                                        _____

                                        Floyd Abrams
                                        (fabrams@cahill.com)
                                        Dean Ringel
                                        (dringel@cahill.com)
                                        Andrea R. Butler
                                        (abutler@cahill.com)
                                        Jason M. Hall
                                        (jhall@cahill.com)
                                        80 Pine Street
                                        New York, New York  10005
                                        (212) 701-3000

                                        *Attorneys for Defendant The McGraw-Hill Companies, Inc.*