UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

ABU DHABI COMMERCIAL BANK, et al.,
Individually and On Behalf of All Others
Similarly Situated,

        Plaintiffs,

   vs.

MORGAN STANLEY & CO.
INCORPORATED, et al.,

        Defendants.

_____ x

: Civil Action No. 1:08-cv-07508
:
: <u>CLASS ACTION</u>
:
: PLAINTIFFS' APPLICATION FOR
: ISSUANCE OF A LETTER OF REQUEST
: FOR INTERNATIONAL JUDICIAL
: ASSISTANCE PURSUANT TO THE
: EVIDENCE (PROCEEDINGS IN OTHER
: JURISDICTIONS) ACT OF 1975 TO
: PERMIT DEPOSITION TESTIMONY
: FROM TIM ARMSTRONG, GREGG
: DRENNAN, DOROTHEE FUHRMANN,
: KAI GILKES, PERRY INGLIS, AND
HENRY TABE

581658_1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND.........................................................2

       A.      Relevant Factual Background ............................................................................2

       B.      The Requested Discovery ..................................................................................3

       C.      Knowledge of the Person to Be Examined ..........................................................3

              1.      Tim Armstrong........................................................................................4

              2.      Gregg Drennan........................................................................................4

               3.      Dorothee Fuhrmann ................................................................................5

              4.      Kai Gilkes ..............................................................................................5

              5.      Perry Inglis ............................................................................................5

               6.      Henry Tabe.............................................................................................6

III.    ARGUMENT ..............................................................................................................6

       A.      A Letter of Request Is the Proper Method for Obtaining Testimony from Witnesses Located in the United Kingdom ..........................................................6

       B.      The Testimony Sought from Armstrong, Drennan, Fuhrmann, Gilkes, Inglis and Tabe Is Directly Relevant to Plaintiffs' Allegations .............................7

IV.    CONCLUSION...........................................................................................................7

## I.        INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 4(f)(2)(B) and 28(b), and the United Kingdom Evidence (Proceedings in Other Jurisdictions) Act of 1975 (the "Evidence Act"), plaintiffs Abu Dhabi Commercial Bank, King County, Washington, SEI Investments Company, SEI Investment Strategies, LLC, Deutsche Postbank AG, Global Investment Services Limited, Gulf International Bank B.S.C., The Bank of N.T. Butterfield & Son Limited and SFT Collective Investment Fund (collectively, "plaintiffs") respectfully request the Court issue a Letter of Request to The Senior Master, Queen's Bench Division of The High Court of Justice of The United Kingdom for the purpose of obtaining deposition testimony from Tim Armstrong, Gregg Drennan, Dorothee Fuhrmann, Kai Gilkes, Perry Inglis, and Henry Tabe (the "deponents"). *See also* 28 U.S.C. §1781. Because the deponents are foreign citizens residing in England they cannot be compelled to testify at trial in the United States.  Therefore, the issuance of a Letter of Request under the procedures of the Evidence Act is the only feasible means for plaintiffs to obtain this evidence for trial.  The Letter of Request must be issued by a court in the country of origin (here, the United States District Court for the Southern District of New York).  The Letter of Request complies with the procedures of the Evidence Act and is attached hereto as Exhibit 1.  *See* Evidence Act, §§1-2.

A copy of the Evidence Act, printed from the United Kingdom's Office of Public Sector Information website, is attached hereto for the Court's reference as Exhibit 2.  A Letter of Request pursuant to the Evidence Act is filed by an English lawyer directly with the Senior Master, Queen's Bench Division of the High Court, whereas a Letter of Request pursuant to the Hague Convention must be served on an administrative central authority in London.  Plaintiffs' London counsel has informed plaintiffs that a Letter of Request filed directly with the Senior Master is a more efficient method for obtaining permission to take the depositions of English witnesses for use in a United

States proceeding.  Given the current discovery cut-off date of February 1, 2011, plaintiffs believe that a Letter of Request pursuant to the Evidence Act is appropriate.  Once signed by the Court, plaintiffs will retrieve the Letter of Request from the Court and transmit it to plaintiffs' London counsel, who will file the Letter of Request with the Senior Master, Queen's Bench Division of the High Court.

Plaintiffs asked defendants[1] whether they oppose the issuance of this Letter of Request, but did not receive a response.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Relevant Factual Background

This is a civil proceeding in which plaintiffs bring claims against defendants for common law fraud and aiding and abetting in connection with plaintiffs' purchase of Cheyne SIV notes.  This action arises from the collapse of the Cheyne SIV, managed by Cheyne Capital Management Limited and then Cheyne Capital Management (UK) LLP ("Cheyne").  Defendants S&P and Moody's are credit rating agencies (the "Rating Agencies") that provide credit ratings on financial instruments.  Plaintiffs allege that the Rating Agencies, together with Cheyne and Morgan Stanley, which acted as Arranger and Placement Agent for the Rated Notes (defined below), stamped the Cheyne SIV with high credit ratings despite knowing the Cheyne SIV was filled with toxic, low-quality assets.

The Cheyne SIV used investor money to purchase various asset-backed securities, and sold interests in the Cheyne SIV in the form of Commercial Paper, Medium Term Notes, Mezzanine

---

[1]      The term "defendants" refers to Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited ("Morgan Stanley"), Standard & Poor's Rating Services and The McGraw Hill Companies, Inc. ("S&P"), and Moody's Investor Service, Inc. and Moody's Investor Service Ltd. ("Moody's").

Capital Notes and Combination Notes (collectively, the "Rated Notes"), along with unrated Junior Capital Notes.  Because defendants knew the Cheyne SIV was filled with low-quality assets, the high credit ratings on the Rated Notes were knowingly false when issued.

In August 2007, the Cheyne SIV collapsed and entered into receivership in the United Kingdom.  The value of plaintiffs' investments was negatively affected as a result of the Cheyne SIV's collapse and subsequent restructuring.

### B.      The Requested Discovery

The Cheyne SIV was launched out of defendants' London offices.  Accordingly, many of the key percipient witnesses, including the deponents, reside in England.  Documents produced by defendants reveal that the deponents have direct knowledge of all aspects of the Cheyne SIV, including its creation, structuring, rating, marketing, monitoring, and collapse.

Plaintiffs believe the documents produced by defendants and third parties in this action are sufficient to conduct the depositions and have not requested that the deponents produce documents separately.  The Court need only sign the Letter of Request.  After the Letter of Request has been executed, plaintiffs will retrieve the Letter of Request from the Court and forward to plaintiffs' London counsel for filing with the Senior Master, Queen's Bench Division of the High Court in London.

### C.      Knowledge of the Person to Be Examined

In order to establish the complete facts necessary to prosecute this action fully, plaintiffs are seeking to obtain testimony from the deponents.  Plaintiffs believe that the deponents are knowledgeable about certain facts underlying this action.  Documents produced by defendants in this case identify the deponents as the key individuals involved in creating, rating, marketing, and

- 3 -

monitoring the Cheyne SIV.  Accordingly, the testimony that plaintiffs seek from these deponents is highly relevant to plaintiffs' allegations, as described more fully below.

### 1.    Tim Armstrong

Mr. Armstrong was a Vice President at Morgan Stanley in London during the relevant period and worked directly on the Cheyne SIV.  Mr. Armstrong was directly involved in the sale and marketing of the Rated Notes to investors.  Mr. Armstrong participated in key discussions concerning the sale of the Cheyne SIV to investors, including the information and documentation that investors received in connection with their purchase of the Rated Notes.  Mr. Armstrong was also responsible for communicating with Rated Notes investors concerning the Cheyne SIV, including communications with investors regarding the purported safety and stability of the Rated Notes.  Mr. Armstrong is also knowledgeable about the Cheyne SIV receivership process that was instituted when the Cheyne SIV collapsed in October 2007.

### 2.    Gregg Drennan

Mr. Drennan was an Executive Director at Morgan Stanley in London during the relevant period and served as the lead arranger for the Cheyne SIV.  Mr. Drennan was directly involved in all aspects of the creation, structuring, marketing, and maintenance of the Cheyne SIV.  Mr. Drennan worked and communicated with the Rating Agencies and Cheyne to create and launch the Cheyne SIV.  Mr. Drennan was involved in reviewing and approving the purchase of the Cheyne SIV's underlying assets.  Mr. Drennan was the primary liaison between Cheyne and the Rating Agencies in securing the Cheyne SIV's false credit ratings.  Mr. Drennan was integral in negotiating exceptions from the Rating Agencies to important tests and parameters in order for the Cheyne SIV to pass those tests and parameters and to ensure the false credit ratings were obtained.  Mr. Drennan was

581658_1

also involved in negotiating Morgan Stanley's fees for its role as Arranger and Placement Agent for the Cheyne SIV.

### 3.    Dorothee Fuhrmann

Ms. Fuhrmann was an Executive Director at Morgan Stanley in London during the relevant period and worked directly on the Cheyne SIV. Ms. Fuhrmann was directly involved in the sale and marketing of the Rated Notes to investors. Ms. Fuhrmann participated in key discussions concerning the sale of the Cheyne SIV to investors, including the information and documentation that investors received in connection with their purchase of the Rated Notes. Ms. Fuhrmann was also responsible for communicating with Rated Notes investors concerning the Cheyne SIV, including communications with investors regarding the purported safety and stability of the Rated Notes. Ms. Fuhrmann was also consulted in the purchase decisions on the Cheyne SIV's underlying assets.

### 4.    Kai Gilkes

Mr. Gilkes was a Director at S&P in London during the relevant period and was directly involved in creating and applying the models used by S&P to rate structured finance products, including models used to rate the Cheyne SIV and its underlying assets. Mr. Gilkes is knowledgeable of when and how models were updated, which is relevant to plaintiffs' allegations that S&P rated structured finance products, including SIVs, with outdated models. The use of outdated models is key to plaintiffs' allegations that the ratings on the Rated Notes were false and misleading.

### 5.    Perry Inglis

Mr. Inglis was Managing Director at S&P in London during the relevant period and was one of the lead analysts on the committee of analysts at S&P responsible for assigning the Cheyne SIV with the false credit ratings. Mr. Inglis was directly involved in all aspects of the creation, initial

rating, and ongoing monitoring and rating of the Cheyne SIV.  Mr. Inglis worked and communicated with Morgan Stanley and Cheyne to create and launch the Cheyne SIV.  Mr. Inglis communicated with Morgan Stanley and Cheyne to negotiate exceptions from important S&P tests and parameters in order for the Cheyne SIV to pass those tests and parameters and to ensure the false credit ratings were obtained.  Mr. Inglis was also involved in negotiating S&P's fees for its role in rating the Cheyne SIV and even signed the engagement letter with Cheyne on behalf of S&P.

### 6.    Henry Tabe

Mr. Tabe was Vice President-Senior Credit Officer and then Managing Director at Moody's in London during the relevant period and was one of the lead analysts on the committee of analysts at Moody's responsible for assigning the Cheyne SIV with the false credit ratings.  Mr. Tabe was directly involved in all aspects of the creation, initial rating, and ongoing monitoring and rating of the Cheyne SIV.  Mr. Tabe worked and communicated with Morgan Stanley and Cheyne to create and launch the Cheyne SIV.  Mr. Tabe communicated with Morgan Stanley and Cheyne to negotiate exceptions from important Moody's tests and parameters in order for the Cheyne SIV to pass those tests and parameters and to ensure the false credit ratings were obtained.  Mr. Tabe is also knowledgeable of the downgrade and receivership of the Cheyne SIV.

## III.   ARGUMENT

### A.    A Letter of Request Is the Proper Method for Obtaining Testimony from Witnesses Located in the United Kingdom

The Evidence Act governs the ability of English courts to make orders to assist courts in foreign jurisdictions, including the United States, to obtain evidence to be used in a foreign litigation.  *See* Evidence Act, §2(1).  The Evidence Act provides United States litigants with the ability to secure the attendance of English witnesses at depositions to obtain testimony in connection with a United States litigation.  *Id.*, §2(2)(a).

- 6 -

The issuance of a Letter of Request seeking foreign judicial assistance in collecting evidence is authorized under the Evidence Act.  Once a Letter of Request is executed by a foreign court, an application attaching the Letter of Request is made directly to the High Court.  *Id.*, §1(a)-(b).

**B.    The Testimony Sought from Armstrong, Drennan, Fuhrmann, Gilkes, Inglis and Tabe Is Directly Relevant to Plaintiffs' Allegations**

As summarized above, the information possessed by the deponents is important in determining critical aspects of the alleged fraud.  Plaintiffs seek testimony under oath from these witnesses regarding their knowledge of all aspects of the Cheyne SIV.  Their testimony will shed light on how the Cheyne SIV came into existence, the efforts undertaken to structure the Cheyne SIV and arrive at the final ratings, the sales and marketing efforts, the monitoring of the Cheyne SIV post-launch, and the eventual downgrade and collapse of the Cheyne SIV.  Such key facts will speak directly to plaintiffs' allegations that defendants made false statements to Cheyne SIV investors regarding the purported high quality of the Rated Notes.

## IV.    CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that this Court grant their application and issue the Letter of Request, attached hereto as Exhibit 1.

DATED:  October 12, 2010                Respectfully Submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        LUKE O. BROOKS
                                        JASON C. DAVIS


                                        s/LUKE O. BROOKS
                                        ———————————————
                                        LUKE O. BROOKS

- 7 -

581658_1

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
JARRETT S. CHARO
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
jcharo@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
PATRICK J. COUGHLIN
DANIEL S. DROSMAN
X. JAY ALVAREZ
JESSICA T. SHINNEFIELD
NATHAN R. LINDELL
DARRYL J. ALVARADO
CHRISTINA A. ROYCE
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
dand@rgrdlaw.com
jaya@rgrdlaw.com
jshinnefield@rgrdlaw.com
nlindell@rgrdlaw.com
dalvarado@rgrdlaw.com
croyce@rgrdlaw.com

Attorneys for Plaintiffs

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 12, 2010.

s/LUKE O. BROOKS
LUKE O. BROOKS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  LukeB@rgrdlaw.com

# Mailing Information for a Case 1:08-cv-07508-SAS-DCF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com

- **X Jay Alvarez**
  jaya@rgrdlaw.com

- **Anne L. Box**
  anneb@rgrdlaw.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Andrea Rose Butler**
  abutler@cahill.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,nlindell@rgrdlaw.com,tholindrake@rgrdlaw.com,jcharo@rgrdlaw.com

- **Michael Fred Ghozland**
  mghozland@rgrdlaw.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Jeffrey B. Korn**
  jkorn@willkie.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Tariq Mundiya**
  maosdny@willkie.com,jsim@willkie.com,tmundiya@willkie.com,msorensen@willkie.com

- **Antonio Jorge Perez-Marques**
  antonio.perez@dpw.com,ecf.ct.papers@dpw.com

- **Dean I. Ringel**
  DRingel@Cahill.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com

- **Aaron Mark Zeisler**
  azeisler@ssbb.com,managingclerk@ssbb.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**David C. Walton**
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301