UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ABU DHABI COMMERCIAL BANK, KING
COUNTY, WASHINGTON, SEI
INVESTMENTS COMPANY, SEI
INVESTMENTS STRATEGIES, LLC, THE
BANK OF N.T. BUTTERFIELD & SON
LIMITED, SFT COLLECTIVE
INVESTMENT FUND, DEUTSCHE
POSTBANK AG, GLOBAL INVESTMENT
SERVICES LIMITED, GULF
INTERNATIONAL BANK B.S.C., Together
and On Behalf of All Others Similarly
Situated,

                Plaintiffs,

          - against -

MORGAN STANLEY & CO.
INCORPORATED, MORGAN STANLEY &
CO. INTERNATIONAL LIMITED,
MOODY'S INVESTORS SERVICE, INC.,
MOODY'S INVESTORS SERVICE LTD.,
STANDARD & POOR'S RATINGS
SERVICES and THE McGRAW HILL
COMPANIES, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. No 7508 (SAS)

**ECF CASE**

## ANSWER OF DEFENDANTS MORGAN STANLEY & CO. INCORPORATED AND MORGAN STANLEY & CO. INTERNATIONAL LIMITED TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

Defendants Morgan Stanley & Co. Incorporated ("MS&Co") and Morgan Stanley

& Co. International Limited (n/k/a/ Morgan Stanley & Co. International plc) ("MSIL

and, together with MS&Co, "Morgan Stanley") by their attorneys, Davis Polk &

Wardwell LLP, for their Answer to the Fifth Amended Complaint for Common Law

Fraud (the "Fifth Amended Complaint") of plaintiffs Abu Dhabi Commercial Bank, King County, Washington, SEI Investments Company, SEI Investments Strategies, LLC, The Bank of N.T. Butterfield & Son Limited, SFT Collective Investment Fund, Deutsche Postbank AG, Global Investment Services Limited, Gulf International Bank B.S.C., and the class they purport to represent ("Plaintiffs"), state as follows:

1.      Morgan Stanley denies the allegations in paragraph 1 of the Fifth Amended Complaint, except that Morgan Stanley admits that Cheyne Finance PLC's portfolio of assets included asset-backed securities.

2.      Morgan Stanley denies the allegations in paragraph 2 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.      Morgan Stanley denies the allegations in paragraph 3 of the Fifth Amended Complaint insofar as they are directed to it, except that Morgan Stanley admits that it distributed to certain investors information memoranda concerning the notes issued by Cheyne Finance PLC and its affiliates and refers to the information memoranda for their contents.

4.      Morgan Stanley denies the allegations in paragraph 4 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Morgan Stanley denies the allegations in paragraph 5 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 5.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 5 to the extent they purport to characterize this action as a class action.

6.     Morgan Stanley denies the allegations in paragraph 6 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6. No response is required to the statement that defendants "directly breach[ed] their contractual and fiduciary duties to investors" because that allegation is made in support of claims that have been dismissed with prejudice.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 6 to the extent they purport to characterize this action as a class action.

7.     Morgan Stanley denies the allegations in paragraph 7 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.     Morgan Stanley denies the allegations in paragraph 8 of the Fifth Amended Complaint to the extent that they purport to state a basis for relief against Morgan Stanley.  Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9.     Morgan Stanley denies the allegations in paragraph 9 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     Morgan Stanley denies the allegations in paragraph 10 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Morgan Stanley denies the allegations in paragraph 11 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Morgan Stanley denies the allegations in paragraph 12 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.  Morgan Stanley further states that paragraph 12 calls for a legal conclusion to which no response is required.    In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 12 to the extent they purport to characterize this action as a class action.

13.     Morgan Stanley denies the allegations in paragraph 13 of the Fifth Amended Complaint, except that Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 13 because it does not refer to a specific time period.

14.     Morgan Stanley denies the allegations in paragraph 14 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.  In light of the Court's decision dated June 15, 2010, Morgan Stanley

4

further denies the statements in paragraph 14 to the extent they purport to characterize this action as a class action.

15.     Morgan Stanley denies the allegations in paragraph 15 of the Fifth Amended Complaint.

16.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Fifth Amended Complaint.

17.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Fifth Amended Complaint.

18.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Fifth Amended Complaint, and states that no response is required to the statements made in footnote 1 to paragraph 18.

19.     Morgan Stanley denies the allegations in paragraph 19 of the Fifth Amended Complaint, except admits that MS&Co. conducts investment banking and financial services and is headquartered in New York City; that MSIL served as an arranger and placement agent for Cheyne Finance PLC; that MS&Co. served as an arranger and placement agent for Cheyne Finance LLC and Cheyne Finance Capital Notes LLC; and that the Fifth Amended Complaint purports to charge Morgan Stanley with violations of New York law, but denies that that there exists any basis in fact or law for the institution or maintenance of this action against Morgan Stanley.   Morgan Stanley

further states that this Answer is made on behalf of MS&Co. and MSIL, and denies that any affiliates of MS&Co. and MSIL are defendants in this action.

20.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Fifth Amended Complaint, except that Morgan Stanley admits that the Fifth Amended Complaint purports to charge Defendants Moody's Investor Service, Inc. and Moody's Investor Service Ltd. with violations of New York law.

21.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Fifth Amended Complaint, except admits that the Fifth Amended Complaint purports to charge Defendants The McGraw Hill Companies, Inc. and Standard & Poor's Rating Services with violations of New York law.

22.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Fifth Amended Complaint, except that Morgan Stanley denies that the ratings were false and without a reasonable basis or that plaintiffs or that investors "reasonably relied" on the ratings. Further, Morgan Stanley denies the allegations in paragraph 22 to the extent that they are intended to imply that the notes would not have been purchased without, or with different, ratings.

23.     Morgan Stanley denies the allegations in paragraph 23 of the Fifth Amended Complaint insofar as they are directed to it, except that Morgan Stanley admits that the Rating Agencies were involved in the rating of notes issued by Cheyne Finance

PLC and its affiliates, and that the Rating Agencies received compensation in connection with these ratings.  Morgan Stanley otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Fifth Amended Complaint and refers to the information memoranda as to the Bank of New York's role.

25.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Fifth Amended Complaint, except states that footnote 1 purports to state conclusions of law to which no response is required.  Morgan Stanley further refers to the information memoranda as to QSR Management Limited's role.

26.     Morgan Stanley denies the allegations in paragraph 26 of the Fifth Amended Complaint, except that Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 to the extent they relate to the state of mind of Morgan Stanley's co-defendants.

27.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Fifth Amended Complaint, except states that footnote 2 purports to state a conclusion of law to which no response is required.  Morgan Stanley further refers to the information memoranda as to the role of Cheyne Capital Management Limited, Cheyne Capital Management LLP and Cheyne Capital International Limited, except admits that the Fifth Amended Complaint

purports to charge Cheyne Capital Management Limited, Cheyne Capital Management LLP and Cheyne Capital International Limited with violations of New York law.

28.     No response is required to paragraph 28 of the Fifth Amended Complaint, which states only that the Rating Agencies, Cheyne Capital, Morgan Stanley and BoNY are referred to collectively as "defendants" in the Fifth Amended Complaint.

29.     The allegations of paragraph 29 of the Fifth Amended Complaint purport to state a conclusion of law to which no response is required.

30.     The allegations of paragraph 30 of the Fifth Amended Complaint purport to state a conclusion of law to which no response is required.

31.     Morgan Stanley denies the allegations in paragraph 31 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31, except that Morgan Stanley admits that Morgan Stanley & Co. Incorporated is headquartered in New York; and admits that Morgan Stanley & Co. Incorporated was a placement agent for Cheyne Finance LLC and Cheyne Finance Capital Notes LLC.  Morgan Stanley further states that, to the extent paragraph 31 of the Fifth Amended Complaint consists of conclusions of law, no response is required.

32.     Morgan Stanley states that to the extent paragraph 32 of the Fifth Amended Complaint consists of conclusions of law, no response is required.  Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32, except that Morgan Stanley refers to the information memoranda with respect to the composition of the portfolio owned by

Cheyne Finance PLC, and to the agreements referenced in paragraph 32 as to their contents.

33.     Morgan Stanley denies the allegations in paragraph 33 of the Fifth Amended Complaint.  Morgan Stanley further states that, to the extent paragraph 33 of the Fifth Amended Complaint consists of conclusions of law, no response is required.

34.     Morgan Stanley denies the allegations in paragraph 34 of the Fifth Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 34.  Morgan Stanley further states that, to the extent paragraph 34 of the Fifth Amended Complaint consists of conclusions of law, no response is required.

35.     Morgan Stanley denies the allegations in paragraph 35 of the Fifth Amended Complaint.

36.     Morgan Stanley denies the allegations in paragraph 36 of the Fifth Amended Complaint.  Morgan Stanley further states that, to the extent paragraph 36 of the Fifth Amended Complaint consists of conclusions of law, no response is required.

37.     Morgan Stanley denies the allegations in paragraph 37 of the Fifth Amended Complaint, except that Morgan Stanley admits that on November 30, 2004, e-mails were sent between Morgan Stanley employees containing the language quoted in paragraph 37, and that the paragraph selectively refers to and quotes from those e-mails.  Morgan Stanley further states that to the extent paragraph 37 and footnote two of the Fifth Amended Complaint consist of conclusions of law, no response is required.

38.     Morgan Stanley denies the allegations in paragraph 38 of the Fifth Amended Complaint.  Morgan Stanley further states that to the extent paragraph 38 consists of conclusions of law, no response is required.

39.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Fifth Amended Complaint, except states that to the extent paragraph 39 consist of conclusions of law, no response is required.

40.     Morgan Stanley denies the allegations in paragraph 40 of the Fifth Amended Complaint.  Morgan Stanley further states that to the extent the first sentence of paragraph 40 consists of conclusions of law, no response is required.

41.     Morgan Stanley denies the allegations of paragraph 41 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

42.     Morgan Stanley denies the allegations of paragraph 42 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

43.     Morgan Stanley denies the allegations contained in paragraph 43 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

44.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Fifth Amended

Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

45.      Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

46.      Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

47.      Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Fifth Amended Complaint.

48.      Morgan Stanley denies the allegations of paragraph 48 of the Fifth Amended Complaint insofar as they are directed to it or insofar as they attribute any statements to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.      Morgan Stanley denies the allegations of paragraph 49 of the Fifth Amended Complaint insofar as they are directed to it or insofar as they attribute any statements to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that Morgan Stanley admits that the

Mezzanine Capital Notes issued by Cheyne Finance PLC were initially rated A3 by Moody's and A by Standard & Poor's.

50.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Fifth Amended Complaint.

51.    Morgan Stanley denies the allegations in paragraph 51 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51.

52.    Morgan Stanley denies the allegations in paragraph 52 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except that Morgan Stanley refers to the information memoranda with respect to the information conveyed regarding the notes issued by Cheyne Finance PLC and its affiliates.

53.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Fifth Amended Complaint.

54.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Fifth Amended Complaint.

55.    Morgan Stanley denies the allegations in paragraph 55 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55.

56.     Morgan Stanley denies the allegations in paragraph 56 of the Fifth Amended Complaint insofar as they directed to it, otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 56 to the extent they purport to characterize this action as a class action.

57.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

58.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

59.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

60.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

61.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Fifth Amended Complaint, and refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 61 to the extent they purport to characterize this action as a class action.

62.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Fifth Amended Complaint, except that Morgan Stanley denies that "the Cheyne SIV could not have issued the Senior Notes . . . as cheaply" and that "the SIV would never have been created or sold to the investing public" without the ratings assigned to the notes issued by Cheyne Finance PLC and its affiliates.

63.     Morgan Stanley denies the allegations in paragraph 63 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except that Morgan Stanley refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 63 to the extent they purport to characterize this action as a class action.

64.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Fifth Amended Complaint, except that Morgan Stanley refers to the information memoranda for a description of the structured investment vehicle managed by Cheyne Finance Capital Management Limited.

65.     Morgan Stanley denies the allegations contained in paragraph 65 of the Fifth Amended Complaint.

66.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Fifth Amended Complaint.

67.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Fifth Amended Complaint, except that Morgan Stanley refers to the information memoranda for a description of the "initial upfront costs."

68.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Fifth Amended Complaint.

69.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Fifth Amended Complaint.

70.     Morgan Stanley denies the allegations in paragraph 70 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 70 to the extent they purport to characterize this action as a class action.

71.     Morgan Stanley denies the allegations in paragraph 71 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 71 to the extent they purport to characterize this action as a class action.

72.     No answer is required to the allegations contained in paragraph 72 of the Fifth Amended Complaint, as they were pled in support of a claim that has been dismissed.  For the avoidance of doubt, however, Morgan Stanley denies the allegations in paragraph 72 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 72 to the extent they purport to characterize this action as a class action.

73.     No answer is required to the allegations contained in paragraph 73 of the Fifth Amended Complaint, as they were pled in support of a claim that has been

dismissed.  For the avoidance of doubt, however, Morgan Stanley denies the allegations in paragraph 73 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 73 to the extent they purport to characterize this action as a class action.

74.     No answer is required to the allegations contained in paragraph 74 of the Fifth Amended Complaint, as they were pled in support of a claim that has been dismissed.  For the avoidance of doubt, however, Morgan Stanley denies the allegations in paragraph 74 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 74 to the extent they purport to characterize this action as a class action.

75.     No answer is required to the paragraph 75 of the Fifth Amended Complaint, as it was pled in support of a claim that has been dismissed and because it does not contain any allegations of fact.

76.     Paragraph 76 of the Fifth Amended Complaint states a conclusion of law to which no response is required. To the extent a response is required, Morgan Stanley denies the allegations in paragraph 76.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 76 to the extent they purport to characterize this action as a class action.

77.    Morgan Stanley denies the allegations in paragraph 77 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 77 to the extent they purport to characterize this action as a class action.

78.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Fifth Amended Complaint.

79.    Morgan Stanley denies the allegations in paragraph 79 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 79 to the extent they purport to characterize this action as a class action.

80.    Morgan Stanley denies the allegations in paragraph 80 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

81.    Morgan Stanley denies the allegations in paragraph 81 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 81.  Morgan Stanley further states that paragraph 81 contains conclusions of law to which no response is required.

82.     Morgan Stanley denies the allegations in paragraph 82 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 82 to the extent they purport to characterize this action as a class action.

83.     Morgan Stanley denies the allegations in paragraph 83 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83.

84.     Morgan Stanley denies the allegations in paragraph 84 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

85.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Fifth Amended Complaint, except that Morgan Stanley denies

86.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further

19

denies the statements in paragraph 86 to the extent they purport to characterize this action as a class action.

87.     Paragraph 87 of the Fifth Amended Complaint states a conclusion of law to which no response is required, and also contains allegations pled in support of a claim that has been dismissed with prejudice, to which no response is required.  For the avoidance of doubt, however, Morgan Stanley denies the allegations in paragraph 87 to the extent that they purport to state a basis for relief against Morgan Stanley, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 87 to the extent they purport to characterize this action as a class action.

88.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Fifth Amended Complaint.

89.     Morgan Stanley denies the allegations in paragraph 89 insofar as they are directed to it, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 89, except admits that New Century filed for Chapter 11 protection on April 2, 2007 and that MS&Co. was a creditor of New Century.  Morgan Stanley refers to the filings in New Century's bankruptcy court case and the *Wall Street Journal* article referenced in paragraph 89 for the contents thereof.

90.     Morgan Stanley denies the allegations in paragraph 90 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90, including in particular the beliefs of investors in Cheyne Finance PLC or its affiliates.

91.     Morgan Stanley denies the allegations in paragraph 91 insofar as they are directed to it.  Morgan Stanley otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except that Morgan Stanley admits that the U.S. Bankruptcy Court for the District of Delaware appointed an examiner in New Century's Chapter 11 case and that the examiner issued a report on February 29, 2008.

92.     Morgan Stanley denies that the report of the New Century examiner contained the statement set forth in paragraph 92 of the Fifth Amended Complaint, and refers to the report itself for the "findings" made by the examiner.

93.     Morgan Stanley denies the allegations in paragraph 93 of the Fifth Amended Complaint insofar as they are directed to it, except admits that certain employees of MS&Co. have communicated with certain employees of New Century. Morgan Stanley otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 93 of the Fifth Amended Complaint.

94.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Fifth Amended Complaint.

95.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Fifth Amended Complaint.

96.     Morgan Stanley denies the allegations in paragraph 96 of the Fifth Amended Complaint to the extent they relate to Morgan Stanley, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96.

97.     Morgan Stanley denies the allegations in paragraph 97 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 of the Fifth Amended Complaint.

98.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Fifth Amended Complaint.

99.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Fifth Amended Complaint.

100.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Fifth Amended Complaint.

101.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Fifth Amended Complaint.

102.    Morgan Stanley denies the allegations in paragraph 102 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 102 to the extent they purport to characterize this action as a class action.

103.    Morgan Stanley denies the allegations of paragraph 103 of the Fifth Amended Complaint insofar as they are directed to it, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of  paragraph 103.

104.    Morgan Stanley denies the allegations in paragraph 104 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 of the Fifth Amended Complaint.

105.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Fifth Amended Complaint.

106.    Morgan Stanley denies the allegations in paragraph 106 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

107.     Morgan Stanley denies the allegations in paragraph 107 of the Fifth Amended Complaint to the extent that they pertain to Morgan Stanley or purport to state a basis for relief against Morgan Stanley, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Fifth Amended Complaint.

109.     Morgan Stanley denies the allegations of paragraph 109 of the Fifth Amended Complaint.

110.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Fifth Amended Complaint.

111.     Morgan Stanley denies the first sentence of paragraph 111 of the Fifth Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Fifth Amended Complaint and further states that paragraph 112 of the Fifth Amended Complaint purports to state conclusions of law to which no response is required and contains allegations relating to claims previously dismissed with prejudice to which no response is required.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 112 to the extent they purport to characterize this action as a class action.

113.     Morgan Stanley denies the allegations in paragraph 113 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations. Morgan Stanley further states that paragraph 113 purports to state conclusions of law to which no response is required.

114.    Morgan Stanley denies the allegations in paragraph 114 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 114 to the extent they purport to characterize this action as a class action.

115.    Morgan Stanley denies the allegations in paragraph 115 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 115 to the extent they purport to characterize this action as a class action.

116.    In light of the Court's decision dated June 15, 2010, Morgan Stanley denies the statements in paragraph 116 of the Fifth Amended Complaint to the extent they purport to characterize this action as a class action.  Morgan Stanley otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Fifth Amended Complaint.

118.     Morgan Stanley denies the allegations in paragraph 118 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 118 to the extent they purport to characterize this action as a class action.

119.     Morgan Stanley denies the allegations in paragraph 119 of the Fifth Amended Complaint, except that Morgan Stanley refers to the information memoranda for their contents.

120.     Morgan Stanley denies the allegations in paragraph 120 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120.

121.     Morgan Stanley denies the allegations in paragraph 121 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121.

122.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Fifth Amended Complaint.

123.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Fifth Amended Complaint,

except denies such allegations to the extent that they pertain to Morgan Stanley or purport to state a basis for relief against Morgan Stanley.

124.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Fifth Amended Complaint, except denies such allegations to the extent that they pertain to Morgan Stanley or purport to state a basis for relief against Morgan Stanley.

125.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Fifth Amended Complaint.

126.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Fifth Amended Complaint.

127.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Fifth Amended Complaint.

128.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Fifth Amended Complaint.

129.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Fifth Amended Complaint.

130.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Fifth Amended Complaint.

131.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Fifth Amended Complaint.

132.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Fifth Amended Complaint.

133.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Fifth Amended Complaint.

134.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Fifth Amended Complaint.

135.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Fifth Amended Complaint.

136.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Fifth Amended Complaint.

137.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Fifth Amended Complaint.

138.     Morgan Stanley denies the allegations in paragraph 138 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138.

139.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Fifth Amended Complaint.

140.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Fifth Amended Complaint.

141.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Fifth Amended Complaint.

142.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Fifth Amended Complaint.

143.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Fifth Amended Complaint.

144.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Fifth Amended Complaint.

145.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Fifth Amended Complaint.

146.    Morgan Stanley denies the allegations in paragraph 146 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146.  Morgan Stanley further states that the last sentence of paragraph 146 calls for a legal conclusion to which no response is required.

147.    Morgan Stanley denies the allegations in paragraph 147 of the Fifth Amended Complaint to the extent that Morgan Stanley denies the allegations in paragraphs 148-153 of the Fifth Amended Complaint, except that Morgan Stanley admits that it received compensation in connection with its work for Cheyne Finance PLC and its affiliates.

148.    Morgan Stanley denies the allegations in paragraph 148 of the Fifth Amended Complaint and refers to the information memoranda for their contents.

149.    Morgan Stanley denies the allegations in paragraph 149 of the Fifth Amended Complaint and refers to the information memoranda for their contents.

150.    Morgan Stanley denies the allegations in paragraph 150 of the Fifth Amended Complaint.

151.    Morgan Stanley denies the allegations in paragraph 151 of the Fifth Amended Complaint insofar as they are directed to it, except that Morgan Stanley admits that the Performance Fee did not accrue during restricted operating periods.

152.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 of the Fifth Amended Complaint.

153.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Fifth Amended Complaint.

154.    Morgan Stanley denies the allegations in paragraph 154 of the Fifth Amended Complaint.

155.    Morgan Stanley denies the allegations in paragraph 155 of the Fifth Amended Complaint.

156.    Morgan Stanley denies the allegations in paragraph 156 of the Fifth Amended Complaint.

157.    Morgan Stanley denies the allegations in paragraph 157 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157, except that Morgan Stanley refers to the information memoranda with respect to responsibilities of Cheyne Capital Management Limited, Cheyne Capital Management LLP and Cheyne Capital International Limited.

158.    Morgan Stanley denies the allegations contained in paragraph 158 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 158, except admits that on September 10, 2004 employees of Morgan Stanley, among other individuals, received an e-mail from an employee of Standard & Poor's containing the language quoted in paragraph 158, and that the paragraph selectively refers to and quotes from that e-mail.  Morgan Stanley further refers to that e-mail for a true and complete statement of its contents.

159.    Morgan Stanley denies the allegations in paragraph 159 of the Fifth Amended Complaint.

160.    Morgan Stanley denies the allegations in paragraph 160 of the Fifth Amended Complaint.

161.    Morgan Stanley denies the allegations contained in paragraph 161 of the Fifth Amended Complaint, except admits that on November 30, 2004, Morgan Stanley employees sent e-mails to other Morgan Stanley employees that contained the language quoted in paragraph 161, and that the paragraph selectively refers to and quotes from those e-mails.  Morgan Stanley further refers to those e-mails for a true and complete statement of their contents.

162.    Morgan Stanley denies the allegations contained in paragraph 162 of the Fifth Amended Complaint, including the accuracy of the quotes contained therein, except Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 162 and admits that on February 8, 2005, an employee of Morgan Stanley received an e-mail from a Standard & Poor's employee containing the language quoted in the second-to-last sentence of paragraph 162 and that the paragraph selectively refers to and quotes from that e-mail.

31

Morgan Stanley further refers to the e-mail for a true and complete statement of its contents.

163.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Fifth Amended Complaint.

164.    Morgan Stanley denies the allegations in the last sentence of paragraph 164 of the Fifth Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 164 to the extent they purport to characterize this action as a class action.

165.    Morgan Stanley denies the allegations contained in paragraph 165 of the Fifth Amended Complaint, including the accuracy of the quotations contained therein. Morgan Stanley further refers to the September 2005 presentation referenced in paragraph 165 for its contents.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 115 to the extent they purport to characterize this action as a class action.

166.    Morgan Stanley denies the allegations contained in paragraph 166 of the Second Amended Complaint.  Morgan Stanley further refers to the information memoranda with respect to responsibilities of Cheyne Capital Management Limited, Cheyne Capital Management LLP and Cheyne Capital International Limited.

167.    Morgan Stanley denies the allegations in paragraph 167 of the Fifth Amended Complaint.

168.    Morgan Stanley denies the allegations in paragraph 168 of the Fifth Amended Complaint, including the accuracy of the quotations contained therein.

169.    Morgan Stanley denies the allegations contained in the first two sentences of paragraph 169 of the Fifth Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 169.

170.    Morgan Stanley denies the allegations in paragraph 170 of the Fifth Amended Complaint, including the accuracy of the quotations contained therein.

171.    Morgan Stanley denies the allegations in paragraph 171 of the Fifth Amended Complaint.

172.    Morgan Stanley denies the allegations in paragraph 172 of the Fifth Amended Complaint, including the accuracy of the quotations contained therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 172 and refers to the information memoranda with respect to the responsibilities of the parties.

173.    Morgan Stanley denies the allegations in paragraph 173 of the Fifth Amended Complaint insofar as they are directed to it, including the accuracy of the quotations contained therein, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 173.

174.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Fifth Amended Complaint.

175.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Fifth Amended Complaint.

176.     Morgan Stanley denies the allegations in paragraph 176 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 176, except admits that on September 22, 2005, a Morgan Stanley employee received an e-mail from David Rosa containing the language quoted in paragraph 176, and that the paragraph selectively refers to and quotes from that e-mail.  Morgan Stanley further refers to that e-mail for a true and complete statement of its contents.

177.     Morgan Stanley denies the allegations in paragraph 177 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 177.

178.     Morgan Stanley denies the allegations in paragraph 178 of the Fifth Amended Complaint insofar as they are directed to it, including the accuracy of the quotations contained therein, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 178.

179.     Morgan Stanley denies the allegations in paragraph 179 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 179, except admits that on February 2, 2006, Tina Sprinz of Cheyne Capital sent an email to, among others, Rany Moubarak of Morgan Stanley and several employees of Cheyne Capital containing the language quoted in paragraph 179, and that the paragraph selectively refers to and quotes from that e-mail.  Morgan Stanley further refers to that e-mail for a true and complete statement of its contents.

180.    Morgan Stanley denies the allegations in paragraph 180 of the Fifth Amended Complaint.

181.    Morgan Stanley denies the allegations in paragraph 181 of the Fifth Amended Complaint.

182.    Morgan Stanley denies the allegations in paragraph 182 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 182.

183.    Morgan Stanley denies the allegations in paragraph 183 of the Fifth Amended Complaint, except Morgan Stanley refers to the information memoranda with respect to the compensation of Morgan Stanley and its co-defendants.

184.    Morgan Stanley denies the allegations in paragraph 184 of the Fifth Amended Complaint, except Morgan Stanley refers to the information memoranda with respect to the compensation of Morgan Stanley and its co-defendants.

185.    Morgan Stanley denies the allegations in paragraph 185 of the Fifth Amended Complaint, except Morgan Stanley refers to the information memoranda with respect to the compensation of its co-defendants.

186.     Morgan Stanley denies the allegations in paragraph 186 of the Fifth Amended Complaint.

187.     Morgan Stanley denies the allegations in paragraph 187 of the Fifth Amended Complaint.

188.     Morgan Stanley admits that a New York Times article on August 29, 2007 contained the quotations set forth in paragraph 188 of the Fifth Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Fifth Amended Complaint.

189.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Fifth Amended Complaint.

190.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Fifth Amended Complaint, except that Morgan Stanley admits that Cheyne Finance PLC and certain of its affiliates went into receivership in September 2007.

191.     Morgan Stanley denies the allegations in paragraph 191 of the Fifth Amended Complaint, except that Morgan Stanley admits that the medium term notes issued by Cheyne Finance PLC and its affiliates were initially rated AAA by Standard & Poor's; that the commercial paper issued by Cheyne Finance PLC and its affiliates were initially rated A-1+ by Standard & Poor's, and that the mezzanine capital notes issued by Cheyne Finance PLC and its affiliates were initially rated A3 by Moody's.

192.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Fifth Amended Complaint.

193.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Fifth Amended Complaint, except that Morgan Stanley admits that Goldman Sachs purchased Cheyne Finance PLC's portfolio of assets in connection with the restructuring of Cheyne Finance PLC.

194 - 199.    The allegations in paragraphs 194-199 of the Fifth Amended Complaint purport to state a conclusion of law to which no response is required.  To the extent a response is required, Morgan Stanley denies the allegations in paragraphs 194-199.  In light of the Court's decision dated June 15, 2010, Morgan Stanley specifically denies the statements in paragraphs 194-199 to the extent they purport to characterize this action as a class action.

## RESPONSE TO COUNT 1-A

### Claim for Common Law Fraud
### Against Morgan Stanley

200.    Morgan Stanley repeats and incorporates every response to the allegations in paragraphs 1 – 199 of the Fifth Amended Complaint, as if fully set forth herein.

201.    Morgan Stanley denies the allegations in paragraph 201 of the Fifth Amended Complaint, except that Morgan Stanley admits that Plaintiffs purport to bring Count 1-A as a claim for common law fraud.  Morgan Stanley further states that the Fifth Amended Complaint fails to state a claim for relief against Morgan Stanley and fails to set forth a cognizable claim that Morgan Stanley committed common law fraud.

202.    Morgan Stanley denies the allegations in paragraph 202 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan

37

Stanley further denies the statements in paragraph 202 to the extent they purport to characterize this action as a class action.

203.    Morgan Stanley denies the allegations in paragraph 203 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 203 to the extent they purport to characterize this action as a class action.

204.    The allegations in paragraph 204 of the Fifth Amended Complaint purport to state a conclusion of law to which no response is required.  To the extent a response is required, Morgan Stanley denies the allegations in paragraph 204.

205.    The allegations in paragraph 205 of the Fifth Amended Complaint purport to state a conclusion of law to which no response is required.  To the extent a response is required, Morgan Stanley denies the allegations in paragraph 205.

206.    Morgan Stanley denies the allegations in paragraph 206 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 206 to the extent they purport to characterize this action as a class action.

207.    Morgan Stanley denies the allegations in paragraph 207 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 207 to the extent they purport to characterize this action as a class action.

208.    Morgan Stanley denies the allegations in paragraph 208 of the Fifth Amended Complaint insofar as they are directed to it, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 208.

209.     Morgan Stanley denies the allegations in paragraph 209 of the Fifth Amended Complaint.

210.     Morgan Stanley denies the allegations in paragraph 210 of the Fifth Amended Complaint, and further states that paragraph 210 contains conclusions of law to which no response is required.

211.     Morgan Stanley denies the allegations in paragraph 211 of the Fifth Amended Complaint, and further states that paragraph 211 contains conclusions of law to which no response is required.

212.     Morgan Stanley denies the allegations in paragraph 212 of the Fifth Amended Complaint.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraph 212 to the extent they purport to characterize this action as a class action.

## RESPONSE TO COUNT 1-B

### Claim for Aiding and Abetting
### Against Morgan Stanley

213.     Morgan Stanley repeats and incorporates every response to the allegations in paragraphs 1 – 212 of the Fifth Amended Complaint, as if fully set forth herein.

214.     Morgan Stanley denies the allegations in paragraph 214 of the Fifth Amended Complaint, except that Morgan Stanley admits that Plaintiffs purport to bring Count 1-B as a claim for aiding and abetting.

39

215 – 216. Morgan Stanley denies the allegations in paragraphs 215 – 216 of the Fifth Amended Complaint.

## RESPONSE TO COUNT 2-A

### Claim for Common Law Fraud
### Against the Rating Agencies

217.    Morgan Stanley repeats and incorporates every response to the allegations in paragraphs 1 – 216 of the Fifth Amended Complaint, as if fully set forth herein.

218 – 231.      No response is required to paragraphs 218 – 231 of the Fifth Amended Complaint as the allegations contained therein are not asserted against and do not relate to Morgan Stanley.  To the extent a response is required, Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 218 – 231.  In light of the Court's decision dated June 15, 2010, Morgan Stanley further denies the statements in paragraphs 218 – 231 to the extent they purport to characterize this action as a class action.

## RESPONSE TO COUNT 2-B

### Claim for Aiding and Abetting
### Against the Rating Agencies

232.    Morgan Stanley repeats and incorporates every response to the allegations in paragraphs 1 – 231 of the Fifth Amended Complaint, as if fully set forth herein.

233.    Morgan Stanley denies the allegations in paragraph 233 of the Fifth Amended Complaint, except that Morgan Stanley admits that Plaintiffs purport to bring Count 2-B as a claim for aiding and abetting.

234 – 235.     Morgan Stanley denies the allegations in paragraphs 234 -235 of the Fifth Amended Complaint.


## GENERAL DENIAL

Except as to those allegations that Morgan Stanley expressly admitted above or those as to which Morgan Stanley denied knowledge or information sufficient to form a belief as to the truth of the allegations, Morgan Stanley denies each and every allegation contained in paragraphs 1 through 250, including, without limitation, the footnotes, headings, and subheadings contained in the Fifth Amended Complaint.  Morgan Stanley expressly reserves the right to amend and/or supplement this Answer.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Morgan Stanley asserts the following affirmative defenses and reserves the right to amend this answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate.  By designating these affirmative defenses, Morgan Stanley does not intend to suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Morgan Stanley.

## FIRST AFFIRMATIVE DEFENSE

The Fifth Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Fifth Amended Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and fails to set forth facts that

plausibly suggest that Morgan Stanley violated the law as required by Rule 8(a) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

None of the other defendants in this action, nor any of the officers, directors, or employees of any such entities, acted as an agent of Morgan Stanley during the course of the putative class period.

### FOURTH AFFIRMATIVE DEFENSE

The alleged scienter or conduct of any other defendant or its officers, directors, or employees cannot be imputed to Morgan Stanley.

### FIFTH AFFIRMATIVE DEFENSE

Morgan Stanley did not make a misstatement or omission of material fact concerning the notes issued by Cheyne Finance PLC or any of its subsidiaries or affiliates.

### SIXTH AFFIRMATIVE DEFENSE

Morgan Stanley did not make a misstatement or omission of material fact concerning the defendant Ratings Agencies or their methodologies or ratings.

### SEVENTH AFFIRMATIVE DEFENSE

Morgan Stanley is not liable for any misstatement or omission of material fact made by any of its co-defendants.

### EIGHTH AFFIRMATIVE DEFENSE

If any alleged representation of Morgan Stanley contained any untrue statement of material fact, or omitted to state a material fact, which Morgan Stanley denies, Morgan Stanley did not know, and in exercise of reasonable care could not have known, of such

untruth or omission, and did not act with intent to defraud Plaintiffs, or anyone, with respect thereto.

### NINTH AFFIRMATIVE DEFENSE

Morgan Stanley is not liable because it did not know, and in the exercise of reasonable care could not have known, of any of the alleged misrepresentations, omissions, or fraud alleged in the Fifth Amended Complaint.  Morgan Stanley thus lacked scienter and was not a culpable participant in the wrongful acts alleged in the Fifth Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

Any conduct of Morgan Stanley was non-negligent, non-reckless, and taken in good faith and without knowledge or intent to commit fraud, and did not directly or indirectly constitute unlawful acts.

### ELEVENTH AFFIRMATIVE DEFENSE

Morgan Stanley was entitled to and did reasonably rely on the work, conclusions and advice provided by Cheyne Finance PLC, Cheyne Finance LLC, Cheyne Finance Capital Management Limited, the defendant Ratings Agencies, the Bank of New York Mellon, QSR Management Limited, their agents, affiliates, employees, subsidiaries and other professionals.

### TWELFTH AFFIRMATIVE DEFENSE

Morgan Stanley had no reason to believe, and did not believe, that the reports of any other defendant, or of Cheyne Finance PLC, Cheyne Finance LLC, Cheyne Finance Capital Management Limited, or their affiliates and subsidiaries, were false or materially misleading.

### THIRTEENTH AFFIRMATIVE DEFENSE

Morgan Stanley had no duty to disclose to Plaintiffs any information that it did not disclose, including, but not limited to, any information allegedly omitted from any statements made by or on behalf of or otherwise attributable to Morgan Stanley.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not rely on any misstatement by Morgan Stanley.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not reasonably rely on any misstatement by Morgan Stanley.

### SIXTEENTH AFFIRMATIVE DEFENSE

Morgan Stanley is not liable because Plaintiffs and/or their subsidiaries knew of the alleged misrepresentations or omissions upon which their claims against Morgan Stanley are based.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Morgan Stanley is not liable because, prior to making their purchases of notes issued by Cheyne Finance PLC and its affiliates, Plaintiffs and/or their subsidiaries knew or should have known the facts underlying the alleged misrepresentations or omissions upon which their claims against Morgan Stanley are based.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Morgan Stanley is not liable to Plaintiffs because any alleged misrepresentations or omissions for which Morgan Stanley is allegedly responsible were not material.

### NINETEENTH AFFIRMATIVE DEFENSE

The alleged fraud was not a foreseeable consequence of any conduct or inaction by Morgan Stanley.

### TWENTIETH AFFIRMATIVE DEFENSE

Any damage, loss or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Morgan Stanley under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, comparative fault and contributory negligence, other Federal law and/or any other applicable law or rules.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff claim against Morgan Stanley is barred because the damages sustained by the Plaintiffs, if any, were not caused by Morgan Stanley, but instead was caused by the actions or omissions of other persons or entities over which Morgan Stanley had no control. These actions or omissions were intervening or superseding causes of the damages allegedly sustained by Plaintiffs.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by lack of standing.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the applicable statutes of limitations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrine of laches.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrine of estoppel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrine of waiver.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred in whole or in part, because their conduct did not meet the required standard of diligence or due care and/or Plaintiffs' own negligence contributed to the loss they claim to have incurred. Without limiting the generality of the foregoing, Plaintiffs failed to use due care in determining whether to purchase notes issued by Cheyne Finance PLC and its affiliates.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs knew that investing in notes issued by Cheyne Finance PLC and its affiliates involved risk and voluntarily assumed such risk.

### THIRTIETH AFFIRMATIVE DEFENSE

Although Morgan Stanley denies that the Plaintiffs suffered any damages as alleged in the Fifth Amended Complaint, any damages that may have been sustained were not caused by any actions or omissions by Morgan Stanley.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Morgan Stanley is not liable for any of the alleged misrepresentations, omissions, or fraud in the Fifth Amended Complaint because the Plaintiffs failed to mitigate their damages in accordance with applicable law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages against Morgan Stanley are speculative, remote, conjectural and without basis in law or fact.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages from Morgan Stanley.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue under the doctrine of *in pari delicto*.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Morgan Stanley is entitled to be indemnified or held harmless to the full extent of any losses, expenses, claims or proceedings related to or arising out of certain transactions, including those at issue in the Fifth Amended Complaint.  Morgan Stanley hereby invokes all of its contractual and common law indemnity rights, and hereby provides notice to Plaintiffs thereof.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

This action may not properly be maintained as class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a presumption of reliance under any theory.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and indispensable parties.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, to the extent of any accord and satisfaction, arbitration and award, release or any other matter constituting an avoidance or affirmative defense set forth in Rule 8(c) of the Federal Rules of Civil Procedure, or otherwise, all of which to the extent applicable are incorporated herein.

## FORTIETH AFFIRMATIVE DEFENSE

The claims of plaintiffs and the members of the purported class are barred to the extent New York common law does not apply extraterritorially to any foreign conduct alleged in the Fifth Amended Complaint.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Morgan Stanley hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent such defenses are affirmative defenses and are applicable to the claim against Morgan Stanley.

WHEREFORE, Morgan Stanley demands judgment in its favor:

(1) dismissing with prejudice the remaining claim asserted against Morgan Stanley;

(2) awarding the costs of defending this action, including reasonable attorney's fees, costs and disbursements; and

(3) granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 25, 2010

DAVIS POLK & WARDWELL LLP

By:   /s/ James P. Rouhandeh
      James P. Rouhandeh
      james.rouhandeh@dpw.com
      Antonio J. Perez-Marques
      antonio.perez@dpw.com
      Russell Capone
      russell.capone@dpw.com

48

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Counsel to Defendants Morgan Stanley &*
*Co. Incorporated and Morgan Stanley &*
*Co. International Limited*