UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
ABU DHABI COMMERCIAL BANK, et al., : Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others :
Similarly Situated, : <u>CLASS ACTION</u>
:
:
Plaintiffs, : MEMORANDUM OF LAW IN SUPPORT
: OF PLAINTIFFS' MOTION FOR LEAVE
vs. : TO FILE AN AMENDED COMPLAINT
:
MORGAN STANLEY & CO. :
INCORPORATED, et al., :
:
Defendants. :
:
———————————————————————— x

592410_1

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT .................................................................................................1

II.  ARGUMENT ...........................................................................................................................4

     A.   Standard for Granting Leave to Amend................................................................4

     B.   Plaintiffs Should Be Granted Leave to Amend......................................................6

     C.   The Court Should Deny Any Requests by Defendants to Extend the Current Discovery Cut-Off Date or Arbitrarily Limit Plaintiffs' Ability to Join Additional Plaintiffs ...........................................................................................9

III. CONCLUSION.......................................................................................................................11

## TABLE OF AUTHORITIES

Page

**CASES**

*Barnhart v. Town of Parma*,
   252 F.R.D. 156 (W.D.N.Y. 2008) ................................................................................5, 6, 8

*Brown v. Kelly*,
   244 F.R.D. 222 (S.D.N.Y. 2007) ..............................................................................................4

*Commander Oil Corp. v. Barlo Equip. Corp.*,
   215 F.3d 321 (2d Cir. 2000) ......................................................................................................4

*Foman v. Davis*,
   371 U.S. 178 (1962) ..................................................................................................................5

*Illco Toy Co. U.S.A., Inc. v. Block*,
   No. 90 Civ. 1919 (CSH), 1992 WL 80627
   (S.D.N.Y. Apr. 3, 1992) .............................................................................................................5

*In re Ski Train Fire*,
   224 F.R.D. 543 (S.D.N.Y. 2004) ..............................................................................................4

*JPMorgan Chase Bank, N.A. v. The IDW Group, LLC*,
   No. 08 Civ. 9116 (PGG), 2009 WL 1357946
   (S.D.N.Y. May 12, 2009) ..........................................................................................................9

*Kehr v. Yamaha Motor Corp., U.S.A.*,
   596 F. Supp. 2d 821 (S.D.N.Y. 2008) ......................................................................................8

*Moss v. Hanrahan*,
   No. 06-CV-6467L, 2009 WL 3153266
   (W.D.N.Y. Sept. 29, 2009) ........................................................................................................9

*Newton v. The City of New York*,
   No. 07 Civ. 6211 (SAS), 2010 WL 1328461
   (S.D.N.Y. Apr. 4, 2010) .........................................................................................................5, 7

*Puricelli v. CNA Ins. Co.*,
   185 F.R.D. 139 (N.D.N.Y. 1999) .............................................................................................8

*Slayton v. Am. Express Co.*,
   460 F.3d 215 (2d Cir. 2006) ......................................................................................................4

*Sly Magazine, LLC v. Wieder Publ'ns L.L.C.*,
   241 F.R.D. 527 (S.D.N.Y. 2007) ..............................................................................................6

Page

*Sokolski v. Trans Union Corp.*,
   178 F.R.D. 393 (E.D.N.Y. 1998) ................................................................................. 4

*Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works*,
   109 F.R.D. 627 (S.D.N.Y. 1986) ................................................................................. 7

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966) ..................................................................................................... 6

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 15 ................................................................................................................ 5, 6, 8
   Rule 15(a) .................................................................................................................... 1
   Rule 15(a)(1) ............................................................................................................... 1
   Rule 15(a)(2) ............................................................................................................ 4, 5
   Rule 20 ................................................................................................................ 5, 6, 8
   Rule 20(a) ........................................................................................................... 5, 6, 8
   Rule 20(a)(1) ............................................................................................................... 8
   Rule 20(a)(2) ............................................................................................................... 5
   Rule 21 ................................................................................................................... 5, 6

**SECONDARY AUTHORITIES**

3 James Wm. Moore,
*Moore's Federal Practice* (3d ed. 2008)
   §15.14 .......................................................................................................................... 5

61A Am. Jur. 2d
   *Pleading* §775 (2010) ................................................................................................. 5

592410_1

I.  **PRELIMINARY STATEMENT**

Plaintiffs SEI Investments Company ("SEI Investments"), Abu Dhabi Commercial Bank ("ADCB"), King County, Washington ("King County"), Deutsche Postbank AG ("Postbank"), Global Investment Services Limited ("GIS"), Gulf International Bank B.S.C. ("GIB"), SEI Investment Strategies, LLC ("SEI Strategies"), The Bank of N.T. Butterfield & Son Limited ("Butterfield") and SFT Collective Investment Fund ("SFT") (collectively, "Plaintiffs") respectfully request leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a) to add the following additional plaintiffs: Bank Hapoalim B.M., Bank SinoPac, National Agricultural Cooperative Federation, Florida State Board of Administration, and Commonwealth of Pennsylvania Public School Employees' Retirement System (collectively, "Additional Plaintiffs").

The proposed Sixth Amended Complaint for Common Law Fraud and Aiding and Abetting ("Proposed Complaint") is attached as Exhibit A.[1]

The initial complaint in this matter was filed by Plaintiff ADCB on August 25, 2008.[2] Pursuant to Rule 15(a)(1), Plaintiffs filed the First Amended Complaint on March 31, 2009, adding King County as a named plaintiff. On September 2, 2009, the Court issued an order granting in part

---

[1]  For the Court's convenience, Plaintiffs have attached as Exhibit B a redlined version of the Proposed Complaint comparing it to the Fifth Amended Complaint for Common Law Fraud and Aiding and Abetting. The only addition to the Proposed Complaint consists of the inclusion of the Additional Plaintiffs.

[2]  The initial complaint asserted common law causes of action against the following defendants: Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited and their affiliates (together, "Morgan Stanley"); Moody's Investors Service, Inc. and its affiliates, including wholly-owned and controlled subsidiary Moody's Investors Service Ltd. (collectively, "Moody's"); The McGraw Hill Companies, Inc. and its affiliates, including its wholly-owned and controlled business division Standard & Poor's Ratings Services (collectively, "S&P," and together with Moody's, the "Rating Agencies"); and The Bank of New York Mellon and its affiliates, including its wholly-owned subsidiary QSR Management Limited ("BoNY").

and denying in part defendants' motions to dismiss the First Amended Complaint. In accordance with that order, Plaintiffs filed the Second Amended Complaint ("SAC") on September 22, 2009, adding SEI Investments as a named plaintiff.[3] Pursuant to the Court's April 26, 2010 order, Plaintiffs filed the Third Amended Complaint on April 30, 2010, adding Cheyne Management Limited, Cheyne Capital Management (UK) LLP and Cheyne Capital International Limited (collectively, "Cheyne Capital") as a named defendant.[4] The Fourth Amended Complaint was filed on August 4, 2010, pursuant to the Court's July 20, 2010 order granting Plaintiffs leave to replead aiding and abetting claims against Morgan Stanley and the Rating Agencies ("Defendants").

On June 15, 2010, the Court issued an order denying Plaintiffs' motion for class certification, finding that "[t]he majority, if not all, of the common issues in this action can be resolved efficiently and effectively by *joinder*." June 15, 2010 Opinion and Order at 36;[5] *see also id.* at 34 ("each investor must bring its claim individually – or, *preferably, join this action* – to recover its losses"). In response to the Court's order, Plaintiffs undertook efforts to identify as many Cheyne SIV investors as possible. As the Court is aware, this was a substantial undertaking, given certain Parties' refusal to provide Plaintiffs with the identities of such investors and the fact that the Cheyne SIV investors are "geographically dispersed" across the globe. *See id.* at 16. On July 1, 2010, the Court conducted a conference regarding Plaintiffs' efforts to contact prospective plaintiffs concerning their joinder of this action. On July 12, 2010, the Court issued an order directing BoNY

---

[3]   The SAC continued to assert claims against BoNY for aiding and abetting common law fraud. On October 15, 2009, however, this Court directed that the claims against BoNY be dismissed without prejudice.

[4]   Cheyne Capital was subsequently dismissed from this action on July 12, 2010, pursuant to the parties' joint stipulation.

[5]   All emphasis is added and citations are omitted unless otherwise noted.

- 2 -

to send, within ten business days, correspondence drafted by Plaintiffs to undisclosed Cheyne SIV investors via e-mail and mail, advising those investors of their rights to join this action. On September 1, 2010, BoNY provided plaintiffs with an update confirming that 51 investors had received the notice. As of that date, ten others were not yet confirmed. On October 8, 2010, pursuant to the written consent of all Defendants, Plaintiffs filed the Fifth Amended Complaint, joining plaintiffs Postbank, GIS, GIB, SEI Strategies, Butterfield and SFT ("New Plaintiffs"). Plaintiffs have continued to receive inquiries from other Cheyne SIV investors interested in potentially joining this action.

At this time, there are five additional Cheyne SIV investors – the Additional Plaintiffs – who wish to join this action.[6] As set forth in the Proposed Complaint, each of the Additional Plaintiffs purchased Rated Notes during the relevant time period and has been damaged thereby.[7] Plaintiffs requested Defendants' consent to the filing of the Proposed Complaint, but Defendants refused, taking the position that they will only consent to the requested amendment if Plaintiffs agree to a blanket prohibition against any further efforts to join additional plaintiffs and a unilateral two-month extension to the current fact discovery cut-off date that would apply only to Defendants.

As set forth more fully below, Defendants' proposed terms are both unreasonable and unnecessary. Given the Court's recent *three-month extension* of the fact discovery cut-off to May 1, 2011, Defendants will have more than ample opportunity to take all necessary discovery of the

---

[6] A sixth investor has also indicated a strong desire to join the action and is in the final stages of gaining the appropriate internal approval to do so. However, this approval process may not be complete until the end of January 2011. If approval is granted, Plaintiffs will immediately notify Defendants and the Court.

[7] All capitalized terms used herein have the same meanings as in the Fifth Amended Complaint, unless defined otherwise herein.

Additional Plaintiffs under the current schedule. Moreover, there is no reason to impose a blanket prohibition against joining additional plaintiffs, particularly in light of this Court's previous findings – on the basis of Defendants' arguments – that joinder of additional plaintiffs into this action was not only practicable, but indeed, preferable to proceeding as a class action. Should additional investors seek to join this action at some later date, Defendants will have an opportunity *at that time* to argue why such action is legally impermissible. There is no need to arbitrarily impose a blanket prohibition against all future efforts to join additional plaintiffs.

Plaintiffs' request to add the Additional Plaintiffs satisfies the liberal standards for granting leave to amend. In the interests of justice, and in accordance with the findings of this Court's June 15, 2010 Opinion and Order, Plaintiffs should be granted leave to amend their complaint, without being subject to the unnecessary and inequitable limitations proposed by Defendants.

**II.     ARGUMENT**

   **A.     Standard for Granting Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule also notes, however, that "[t]he court should freely give leave when justice so requires." *Id.*; *see also Slayton v. Am. Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) ("'[L]eave shall be freely given when justice so requires.'"). "Parties are thus 'generally allowed to amend their pleadings absent bad faith or prejudice.'" *In re Ski Train Fire*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (Scheindlin, J.) (quoting *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000)); *see also Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007) (Scheindlin, J.) ("'The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'"); *Sokolski v. Trans Union Corp.*,

178 F.R.D. 393, 396 (E.D.N.Y. 1998) ("Generally, amendments are favored, as they tend 'to facilitate a proper decision on the merits.'").[8]

"The burden is upon the opposing party to assert and demonstrate that it will be ***substantially prejudiced*** by a proposed amendment; its mere statement that it will be prejudiced if the amendment is allowed is not a sufficient reason for denying leave to amend." 61A Am. Jur. 2d *Pleading* §775 (2010). While a court ruling on a motion for leave to amend a pleading will consider whether the amendment is futile, plaintiff need not establish the factual merits of the proposed amendment. *See Illco Toy Co. U.S.A., Inc. v. Block*, No. 90 Civ. 1919 (CSH), 1992 WL 80627, at *2 (S.D.N.Y. Apr. 3, 1992).

A proposed amendment that seeks to join additional plaintiffs is also subject to Rules 20 and 21 of the Federal Rules of Civil Procedure. *See Barnhart v. Town of Parma*, 252 F.R.D. 156, 158-59 (W.D.N.Y. 2008). Rule 20(a) provides, in relevant part, that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 states, in relevant part, that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

"'In deciding whether to allow joinder, courts adhere to 'the same standard of liberality afforded to motions to amend under Rule 15.'" *Newton v. The City of New York*, No. 07 Civ. 6211

---

[8] "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." 3 James Wm. Moore, *Moore's Federal Practice* §15.14, at 15-24 (3d ed. 2008). "Denial of leave to amend is disfavored." *Id.* The Supreme Court has instructed that Rule 15(a)(2)'s "mandate" that leave to amend shall be freely given when justice requires "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

(SAS), 2010 WL 1328461, at *1 (S.D.N.Y. Apr. 4, 2010) (Scheindlin, J.) (quoting *Sly Magazine, LLC v. Wieder Publ'ns L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007)); *see also Barnhart*, 252 F.R.D. at 159 ("As with motions to amend the pleadings pursuant to Rule 15, courts have interpreted the requirements of Rule 20(a) liberally to promote judicial economy and to allow related claims to be tried within a single proceeding."). According to the Supreme Court, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

### B. Plaintiffs Should Be Granted Leave to Amend

The Court should grant Plaintiffs leave to amend their complaint in order to join the Additional Plaintiffs because there has been no undue delay, dilatory motive or bad faith on the part of Plaintiffs. In addition, the amendment will not be futile and Defendants will suffer no undue prejudice, particularly in light of the Court's recent extension of the fact discovery cut-off to May 1, 2011. Moreover, joinder of the Additional Plaintiffs is appropriate under Rules 20 and 21 and will promote the interests of judicial economy and efficiency.

Prior to the Court's June 15, 2010 Opinion and Order denying Plaintiffs' motion for class certification, there was no need for unnamed Cheyne SIV investors to join this action, which was originally filed on behalf of all Rated Notes purchasers. Since that time, Plaintiffs have worked diligently with Defendants, various third parties and the Court, in order to notify as many prospective plaintiffs as possible of their right to protect their interests by joining this action. As the Court is aware, this has been no simple task, due to the vast geographic dispersion of Rated Notes purchasers and the unwillingness of certain parties to disclose the identities of all Rated Notes investors to Plaintiffs. Nonetheless, Plaintiffs were able to provide notice to many Rated Notes

purchasers and even join six investors into this action, all within a matter of months. Now, Plaintiffs seek to join five Additional Plaintiffs. In light of the various obstacles detailed above, including the fact that several of the Additional Plaintiffs are foreign entities, there can be no legitimate dispute as to whether Plaintiffs have moved to join the Additional Plaintiffs without any undue delay.

Moreover, Defendants will suffer no prejudice as a result of the amendment to join the Additional Plaintiffs. Defendants sought to proceed in this fashion by opposing class certification. They were put on notice of the possibility that additional plaintiffs would be added to this action, initially, by the Court's June 15, 2010 order, and more recently, by Plaintiffs' filing of the Fifth Amended Complaint. Moreover, the added burden of conducting additional discovery does not constitute undue prejudice and, as further discussed below, the extension of the fact discovery cut-off to May 1, 2010 will provide Defendants ample time to conduct such discovery. *See Newton*, 2010 WL 1328461, at *3 (permitting amendment to add new parties that may require additional depositions). Furthermore, because the Additional Plaintiffs' claims arise from the same transactions, occurrences and legal theories already set forth in the existing complaint, Defendants will suffer no prejudice in litigating their defense of the Additional Plaintiffs' claims.

Plaintiffs' proposed amendment will not be futile. Indeed, the Court has already indicated that joinder of unnamed investors is the preferable approach in this matter. *See* June 15, 2010 Opinion and Order at 34 ("each investor must bring its claim individually – or, **preferably, join this action** – to recover its losses"). As set forth in the Proposed Complaint, each Additional Plaintiff acquired Rated Notes and was damaged as a result. ¶¶17-18. As such, each Additional Plaintiff has adequate standing to pursue the claims set forth in the current complaint, which already passed this Court's "futility test" at the motion to dismiss stage. Thus, there can be no question as to whether the proposed amendment to join the Additional Plaintiffs will be futile. *See Sumitomo Elec.*

*Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y. 1986) ("on a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous").

Joinder of the Additional Plaintiffs is also appropriate under Rule 20 of the Federal Rules of Civil Procedure. As set forth above and in the Proposed Complaint, each of the Additional Plaintiffs' claims arise from the purchase of Rated Notes. As such, the Additional Plaintiffs' claims clearly arise "out of the same transaction, occurrence, or series of transactions or occurrences" as those set forth in the current complaint. Fed. R. Civ. P. 20(a)(1). Moreover, the Additional Plaintiffs' claims also satisfy the second prong of Rule 20, which requires that "***any*** question of law or fact common to all plaintiffs will arise in the action." *Id.* Here, several questions of law and fact are common to the claims of the existing Plaintiffs and the Additional Plaintiffs – namely, *inter alia*, whether the Ratings were false, whether Defendants issued the false Ratings with an intent to deceive, and whether the false Ratings caused all plaintiffs to suffer losses. *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 143 (N.D.N.Y. 1999) ("[Rule 20(a)] does not require the commonality of all questions of law and fact raised in the dispute, rather, the requirement is satisfied if there is any question of law or fact common to all parties.").

Lastly, as this Court has previously indicated, joinder of the Additional Plaintiffs into this action would promote the interests of judicial economy and efficiency by consolidating what would otherwise be numerous separate actions into one proceeding. *See* June 15, 2010 Opinion and Order at 36 ("[t]he majority, if not all, of the common issues in this action can be resolved efficiently and effectively by joinder"). Under Rules 15, 20 and 21, this factor weighs ***heavily*** in favor of granting leave to amend. *See, e.g.*, *Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 828 (S.D.N.Y. 2008) (considering judicial economy as a factor in evaluating joinder of claims); *Barnhart*, 252

F.R.D. at 161 (same); *JPMorgan Chase Bank, N.A. v. The IDW Group, LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1357946, at *6 (S.D.N.Y. May 12, 2009) (same); *Moss v. Hanrahan*, No. 06-CV-6467L, 2009 WL 3153266 (W.D.N.Y. Sept. 29, 2009) (same).

### C. The Court Should Deny Any Requests by Defendants to Extend the Current Discovery Cut-Off Date or Arbitrarily Limit Plaintiffs' Ability to Join Additional Plaintiffs

Defendants' demand that joinder of the Additional Plaintiffs be conditioned upon a unilateral two-month discovery extension for Defendants only, as well as a blanket prohibition against any further efforts to join additional plaintiffs, is both unreasonable and unnecessary. As such, the Court should deny any such requests in connection with this motion.

The Court's recent three-month extension of the fact discovery period, which extended the cut-off date for both sides to May 1, 2011, provides Defendants with enough time to conduct all necessary discovery of the Additional Plaintiffs. By now, the parties have already resolved the vast majority of their disputes regarding the proper scope of document discovery. As a result, Plaintiffs and Plaintiffs' counsel have identified how to best locate and produce responsive discovery. Indeed, in order to ensure that all Additional Plaintiff discovery can be completed under the current schedule, Plaintiffs' counsel has already begun the process of collecting relevant documents from the Additional Plaintiffs and is willing to commit to producing the vast majority of the Additional Plaintiffs' responsive documents within 30 days of receipt of Defendants' document requests. As such, there is no need for the Court to grant any further extensions to the fact discovery cut-off date.[9]

---

[9] To the extent that any discovery extension is necessary – which, Plaintiffs contend, it is not – it does not make sense to extend that period for Defendants' benefit only. The entire purpose of a discovery cut-off is to allow the case to proceed forward to the next stage of litigation. If the discovery period is extended, whether it is for one or all parties, this purpose is frustrated. As such,

- 9 -

592410_1

Defendants' additional request for a blanket prohibition against any future efforts to join additional plaintiffs is entirely arbitrary and inappropriate. Again, it was Defendants' choice to litigate this case on an individual basis, with the possibility of joining additional plaintiffs. Indeed, it was Defendants' opposition to Plaintiffs' motion for class certification which led the Court to find that joinder of additional plaintiffs was both practicable and, in fact, preferable to proceeding as a class action. Defendants' efforts now to arbitrarily limit Plaintiffs' attempt to do so are both hypocritical and inequitable. As the Court has previously found, Rated Notes' purchasers have every right to seek joinder into this action in an effort to vindicate their rights in connection with the Cheyne SIV. Should additional investors seek to do so, Defendants will be given an opportunity at that time to argue – in context – why such action is legally impermissible. Accordingly, there is no need for this Court to arbitrarily impose a blanket prohibition – out of context – against all future efforts to join additional plaintiffs.

---

if any extension of the fact discovery period is granted, that extension should apply equally to Plaintiffs' discovery efforts.

III.   **CONCLUSION**

For the reasons set forth above, the Court should grant Plaintiffs' motion for leave to file an amended complaint adding the Additional Plaintiffs identified in the attached Proposed Complaint, without imposing any additional conditions or further extending the current fact discovery cut-off date.

DATED: January 10, 2011                    Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           SAMUEL H. RUDMAN


                                                   s/ Samuel H. Rudman
                                           ─────────────────────────────
                                                 SAMUEL H. RUDMAN

                                           58 South Service Road, Suite 200
                                           Melville, NY  11747
                                           Telephone:  631/367-7100
                                           631/367-1173 (fax)
                                           srudman@rgrdlaw.com

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           PATRICK J. COUGHLIN
                                           DANIEL S. DROSMAN
                                           X. JAY ALVAREZ
                                           JESSICA T. SHINNEFIELD
                                           JARRETT S. CHARO
                                           NATHAN R. LINDELL
                                           DARRYL J. ALVARADO
                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101-3301
                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)
                                           patc@rgrdlaw.com
                                           dand@rgrdlaw.com
                                           jaya@rgrdlaw.com
                                           jshinnefield@rgrdlaw.com
                                           jcharo@rgrdlaw.com
                                           nlindell@rgrdlaw.com
                                           dalvarado@rgrdlaw.com

- 11 -

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        LUKE O. BROOKS
        JASON C. DAVIS
        Post Montgomery Center
        One Montgomery Street, Suite 1800
        San Francisco, CA  94104
        Telephone:  415/288-4545
        415/288-4534 (fax)
        lukeb@rgrdlaw.com
        jdavis@rgrdlaw.com

        Attorneys for Plaintiffs

592410_1

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10, 2011.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
         & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  srudman@rgrdlaw.com

592410_1

## Mailing Information for a Case 1:08-cv-07508-SAS-DCF

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com

- **X Jay Alvarez**
  jaya@rgrdlaw.com

- **Anne L. Box**
  anneb@rgrdlaw.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Andrea Rose Butler**
  abutler@cahill.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,jrubins@ssbb.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,nlindell@rgrdlaw.com,tholindrake@rgrdlaw.com,jcharo@rgrdlaw.com

- **Michael Fred Ghozland**
  mghozland@rgrdlaw.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Jeffrey B. Korn**
  jkorn@willkie.com

- **Nathan R. Lindell**
  nlindell@rgrdlaw.com

- **Tariq Mundiya**
  maosdny@willkie.com,jsim@willkie.com,tmundiya@willkie.com,msorensen@willkie.com

- **Antonio Jorge Perez-Marques**
  antonio.perez@dpw.com,ecf.ct.papers@dpw.com

- **Dean I. Ringel**
  DRingel@Cahill.com,JHall@cahill.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,srudman@csgrr.com,e_file_ny@rgrdlaw.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com

- **Aaron Mark Zeisler**
  azeisler@ssbb.com,managingclerk@ssbb.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
David C. Walton
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301
```