UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

ABU DHABI COMMERCIAL BANK,
KING COUNTY, WASHINGTON, SEI
INVESTMENTS COMPANY, SEI
INVESTMENT STRATEGIES, LLC,
THE BANK OF N.T. BUTTERFIELD &
SON LIMITED, SFT COLLECTIVE
INVESTMENT FUND, DEUTSCHE
POSTBANK AG, GLOBAL
INVESTMENT SERVICES LIMITED,
and GULF INTERNATIONAL BANK
B.S.C.,

                Plaintiffs,

- against -

MORGAN STANLEY & CO.
INCORPORATED, MORGAN
STANLEY & CO. INTERNATIONAL
LIMITED, MOODY'S INVESTORS
SERVICE, INC., MOODY'S
INVESTORS SERVICE LTD.,
STANDARD AND POOR'S RATINGS
SERVICES and THE McGRAW HILL
COMPANIES, INC.,

                Defendants.

------------------------------------------------------------ X

ORDER

08 Civ. 7508 (SAS)



I HEREBY APPOINT, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C), Jonathan Redgrave, Esq. to serve as Special Master, until further order of this Court. The Court has received an affidavit from Mr.

1

Redgrave disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. The parties have consented, with the Court's approval, to waive any such grounds for disqualification. *See* Fed. R. Civ. P. 53(a)(2) and (b)(3). The Special Master's appointment is therefore effective immediately.

IT IS FURTHER ORDERED THAT:

1. The Special Master is directed "to proceed with all reasonable diligence" in the performance of his duties. Fed. R. Civ. P. 53(b)(2). To wit, Mr. Redgrave is appointed to resolve such discovery disputes that may arise, and which have been specifically referred to him by the Court, including electronic discovery disputes, questions of privilege, work product, relevancy, scope, and burden.

2. In furtherance of his duties, the Special Master may communicate *ex parte* with the Court on any matter. The Special Master may not communicate *ex parte* with the parties (except to arrange scheduling matters) without the consent of all parties.

3. The Special Master shall preserve, as a record of his activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearing before the Special Master. The Special Master shall file with the Clerk of the Court such records upon the

request of any party or the Court. The Special Master shall also file any order, report, or recommendation to the Court.

4. A party may file objections to – or a motion to adopt or modify – the Special Master's order, report, or recommendation no later than 20 days from the time that order, report, or recommendation is served. The party filing such objection or motion must also file the relevant record.

5. Any order, report, or recommendation of the Special Master on non-dispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636.

6. Barring a stipulation of the parties with the Court's consent setting some other standard of review, *see* Fed. R. Civ. P. 53(f)(3), the Court will decide *de novo* all objections to findings of fact or conclusions of law made or recommended by the Special Master.

7. The Special Master's compensation, as well as any costs and expenses, will be paid equally by the plaintiffs and defendants. Mr. Redgrave shall be compensated at a rate of $695 per hour. If the Special Master finds that he needs the assistance of any paralegal or lawyer in his office, that expense

shall be billed by the Special Master at the ordinary rates for those people.

8.   Finally, this Order may be amended at any time upon notice to the parties, and an opportunity to be heard.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 3, 2011

## - Appearances -

**For Plaintiffs:**

Daniel S. Drosman, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101-3301
(619) 231-1058

Luke Orion Brooks, Esq.
Robbins Geller Rudman & Dowd LLP
100 Pine Street, Suite 2600
San Francisco, California 94111
(415) 288-4545

**For Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited:**

James P. Rouhandeh, Esq.
Antonio J. Perez-Marques, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

**For Defendants Moody's Investors Service, Incorporated and Moody's Investors Service Limited:**

Joshua M. Rubins, Esq.
James J. Coster, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

**For Defendants Standard & Poor's Rating Services and The McGraw-Hill Companies, Incorporated:**

Dean I. Ringel, Esq.
Andrea R. Butler, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
(212) 701-3000


**For Non-Party Eric Kolchinsky**

Jenice L. Malecki, Esq.
Malecki Law
11 Broadway, Suite 715
New York, NY 10004
(212) 943-1233

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON, SEI INVESTMENTS COMPANY, SEI INVESTMENT STRATEGIES, LLC, THE BANK OF N.T. BUTTERFIELD & SON LIMITED, SFT COLLECTIVE INVESTMENT FUND, DEUTSCHE POSTBANK AG, GLOBAL INVESTMENT SERVICES LIMITED, and GULF INTERNATIONAL BANK B.S.C.,

                Plaintiffs,

- against -

MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL LIMITED, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,

                Defendants.

08 Civ. 7508 (SAS)

---

**AFFIDAVIT OF JONATHAN M. REDGRAVE**

1

I, Jonathan M. Redgrave, Esquire, being duly sworn, depose and say, under penalty of perjury, the following:

1. I am partner with the law firm Redgrave LLP ("Redgrave firm"). This affidavit is made on my personal knowledge.

2. I am licensed to practice law in the District of Columbia and the State of Minnesota, and am also a member in good standing of the following Federal Courts: United States Supreme Court; United States Court of Appeals for the Fourth Circuit; United States Court of Appeals for the Eighth Circuit; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the District of Columbia Circuit; United States District Court for the District of Columbia; United States District Court of the Eastern District of Michigan; and the United States District Court for the District of Minnesota.

3. I am filing this affidavit pursuant to Fed. R. Civ. P. 53(b)(3). I do not believe there is any ground for my disqualification as a master in this case under 28 U.S.C. § 455 as I do not have any relationship to the parties, attorneys, action or court in the above-captioned matter that would require disqualification of a justice, judge or magistrate judge under 28 U.S.C.§ 455. In addition, while I do not believe a ground for disqualification exists, I have also disclosed my prior firm's (Redgrave Daley Ragan & Wagner LLP) work for one of the parties on an unrelated

matter to the Court and the parties.

          Further, affiant sayeth naught.

          */s/ Jonathan M. Redgrave*
          Jonathan M. Redgrave, Esquire

SWORN TO AND SUBSCRIBED
before me this 3rd day of February, 2011.

*/s/ Paulette L. Hendrix*
Notary Public

PAULETTE L. HENDRIX
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES MAR. 10, 2014

3