UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ABU DHABI COMMERCIAL BANK, KING          :
COUNTY, WASHINGTON, SEI
INVESTMENTS COMPANY, SEI                 :      1:08-cv-07508 (SAS)
INVESTMENT STRATEGIES, LLC, THE
BANK OF N.T. BUTTERFIELD & SON           :
LIMITED, SFT COLLECTIVE INVESTMENT              **MOODY'S ANSWER TO**
FUND, UNICREDIT BANK AUSTRIA AG,         :      **PLAINTIFFS' SEVENTH**
DEUTSCHE POSTBANK AG, GLOBAL                    **AMENDED COMPLAINT**
INVESTMENT SERVICES LIMITED, GULF        :
INTERNATIONAL BANK B.S.C., BANK
HAPOLIM B.M., BANK SINOPAC,              :
NATIONAL AGRICULTURAL
COOPERATIVE FEDERATION, STATE            :
BOARD OF ADMINISTRATION OF
FLORIDA, COMMONWEALTH OF                 :
PENNSYLVANIA PUBLIC SCHOOL
EMPLOYEES' RETIREMENT SYSTEM,            :
COMMERZBANK AG, Together and on Behalf
of All Others Similarly Situated,        :

                    Plaintiffs,            :

                    -against-              :

MORGAN STANLEY & CO.,                    :
INCORPORATED, MORGAN STANLEY &
CO. INTERNATIONAL LIMITED, MOODY'S       :
INVESTORS SERVICE, INC., MOODY'S
INVESTORS SERVICE LTD., STANDARD &       :
POOR'S RATINGS SERVICES, THE McGRAW
HILL COMPANIES, INC.,                    :

                    Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Defendants Moody's Investors Service, Inc. and Moody's Investors Services

Ltd. (together, "Moody's" or "Defendants"), by and through their attorneys, Satterlee Stephens

Burke & Burke LLP, as and for their answer and affirmative defenses to the Seventh Amended

Complaint, dated February 18, 2011 (the "Complaint"), state as follows:

## I.  INTRODUCTION

1.      Admit that Cheyne SIV was a structured investment vehicle, but otherwise deny the allegations contained in Paragraph 1 of the Complaint.

2.      Deny the allegations contained in the first, second, fourth, fifth and sixth sentences of Paragraph 2 of the Complaint.[1]  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 2 of the Complaint, and on that basis deny them.

3.      Deny the allegations contained in Paragraph 3 of the Complaint.

4.      Deny the allegations contained in Paragraph 4 of the Complaint.

5.      Deny the allegations contained in Paragraph 5 of the Complaint.

6.      Deny the allegations contained in Paragraph 6 of the Complaint.

7.      Deny the allegations contained in Paragraph 7 of the Complaint.

8.      Deny the allegations contained in Paragraph 8 of the Complaint.

9.      Deny the allegations contained in the first, second and fourth sentences of Paragraph 9 of the Complaint.  With respect to the third sentence of Paragraph 9, respectfully refer the Court to the recorded Senate testimony of the referenced Moody's employee for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in the third sentence.  Deny knowledge or information

---

[1]  Throughout the Complaint, Plaintiffs employ the term "defendants" and the "Rating Agencies" to make blanket allegations about the alleged facts and occurrences raised therein.  Moody's lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning entities other than Moody's.  Thus, to the extent that Moody's, in their Answer, respond to allegations about "defendants" or the "Rating Agencies" that Plaintiffs have averred in paragraphs 2 through 235 of the Complaint, Moody's response is only as to Moody's, it being expressly understood and hereby incorporated into each of Moody's subsequent admissions, denials or other responses that Moody's lacks knowledge or information sufficient to form a belief about the allegations concerning "defendants" or "Rating Agencies" other than Moody's, and on that basis, deny those allegations.

sufficient to form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph 9 of the Complaint, and on that basis deny them.

10.     Deny the allegations contained in Paragraph 10 of the Complaint.

11.     Deny the allegations contained in Paragraph 11 of the Complaint.

12.     Deny the allegations contained in Paragraph 12 of the Complaint.

13.     Deny the allegations contained in Paragraph 13 of the Complaint.

14.     Deny the allegations contained in the first, second, fifth, ninth and tenth sentences of Paragraph 14 of the Complaint.  Neither admit nor deny the allegations contained in the third sentence of Paragraph 14 of the Complaint because "[a]ll of this" is ambiguous and not susceptible of a reasoned response; should the Court determine that a response is required, Moody's deny the allegations contained in the third sentence.  Admit that Moody's put the Capital Notes of Cheyne Finance on review for possible downgrade on or about August 29, 2007, but otherwise deny the allegations contained in the fourth sentence of Paragraph 14 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth, seventh and eighth sentences of Paragraph 14 of the Complaint, and on that basis deny them.

15.     Admit that Plaintiffs purport to bring this case as a class action, but otherwise deny the allegations contained in the first sentence of Paragraph 15 of the Complaint. Deny that Moody's provided management services to the Cheyne SIV, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 15 of the Complaint, and on that basis deny them.

## II. PARTIES

3

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, including any subparts, and on that basis deny them.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, including any subparts, and on that basis deny them.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, including any subparts, and on that basis deny them.

19.     Admit that Plaintiffs filed a complaint charging Morgan Stanley with violations of New York law, respectfully beg leave to refer to a true copy of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis deny them.

20.     Admit that Plaintiffs filed a complaint charging Moody's with violations of New York law, respectfully beg leave to refer to a true copy of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, aver that Moody's Investors Service, Inc. is located in the United States and is a leading provider of independent credit ratings, research and financial information to the capital markets, and otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21.     Admit that Plaintiffs filed a complaint charging S&P with violations of New York law, respectfully beg leave to refer to a true copy of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and

4

otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis deny them.

22.    Deny the allegations contained in Paragraph 22 of the Complaint.

23.    Admit that Moody's published ratings for Cheyne SIV, but otherwise deny the allegations contained in Paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis deny them.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis deny them.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 26 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis deny them.

28.    Neither admit nor deny the allegations contained in Paragraph 28 of the Complaint because they are not factual allegations but rather a definition created by Plaintiffs; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 28.

### III.  JURISDICTION AND VENUE

29.    Neither admit nor deny the allegations contained in Paragraph 29 of the Complaint because they call for legal conclusions, as Moody's respectfully refers all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

5

30.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as to whether the members of the Class are citizens of different states than the defendants or whether the Class consists of more than 100 members, but otherwise neither admit nor deny the allegations contained in Paragraph 30 of the Complaint because they call for legal conclusions, as Moody's respectfully refers all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

31.      Neither admit nor deny the allegations contained in Paragraph 31 of the Complaint because they call for legal conclusions, as Moody's respectfully refers all matters of law to the Court; should the Court determine that a response is required, Moody's deny the allegations.

32.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis deny them.

33.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in first, second, and fourth sentences of Paragraph 33 of the Complaint, and on that basis deny them.  Deny the allegations contained in the third sentence of Paragraph 33 of the Complaint.

34.      Deny the allegations contained in the first, second, third, fourth and fifth sentences of Paragraph 34 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth and seventh sentences of Paragraph 34 of the Complaint, and on that basis deny them.

35.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 35 of the Complaint, and on that basis deny them.  Deny the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph 36 of the Complaint, and on that basis deny them.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph 37 of the Complaint, and on that basis deny them.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third, fourth and fifth sentences of Paragraph 38 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and on that basis deny them.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and on that basis deny them.

## IV.  BACKGROUND

41.     Deny the allegations contained in the first sentence of Paragraph 41 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 41 of the Complaint, and on that basis deny them.

42.     Deny the allegations contained in Paragraph 42 of the Complaint.

43.     Admit that a SIV generally seeks to earn an interest rate spread and that a SIV has both assets and liabilities, but otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint given that the allegations are based upon what a "SIV typically has," and on that basis deny them.

7

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint given that the allegations are based upon what a "SIV's assets typically include" or how SIVs are typically designed, and on that basis deny them.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and on that basis deny them.

47.     Deny the allegations contained in Paragraph 47 of the Complaint.

48.     Admit that, on or about July 29, 2005, Moody's assigned a credit rating of Aaa to the senior medium-term notes issued by Cheyne SIV and a credit rating of P-1 to the commercial paper issued by the Cheyne SIV, respectfully beg leave to refer to a true copy of the Information Memorandum for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 48 of the Complaint.

49.     Admit that, on or about July 29, 2005, Moody's assigned a credit rating of A3 to the Capital Notes issued by Cheyne SIV, respectfully beg leave to refer to a true copy of the written description to which plaintiffs refer for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and on that basis deny them.

50.     Deny the allegations contained in Paragraph 50 of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and on that basis deny them.

52.     With respect to the allegations contained in Paragraph 52 of the Complaint, respectfully beg leave to refer to a true copy of the ratings assigned to the Notes for

8

an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and on that basis deny them.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Admit that the SEC provided Moody's NRSRO status in 1975, respectfully beg leave to refer to a true copy of the SEC materials to which Plaintiffs refer for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and on that basis deny them.

### V.  THE RATING AGENCIES' ALLEGED ROLES IN THE CHEYNE SIV

55.     Deny the allegations contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint.

57.     Deny the allegations contained in Paragraph 57 of the Complaint.

58.     Deny the allegations contained in the first sentence of Paragraph 58 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 58 of the Complaint, and on that basis deny them.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 59 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint given the vagueness of its "can be understood to represent" language, and on that basis deny them.

9

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

62.     Deny the allegations contained in the first sentence of Paragraph 62 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and on that basis deny them.

63.     Respectfully beg leave to refer to a true copy of the Cheyne SIV operating manual and/or instructions for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 63 of the Complaint.

64.     Respectfully beg leave to refer to a true copy of the Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 65 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second and third sentences of Paragraph 65 of the Complaint.

66.     Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 66 of the Complaint.

67.     Respectfully beg leave to refer to a true copy of the Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68.     Admit that Moody's were paid fees following the launch of Cheyne SIV, and otherwise deny the allegations contained in Paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of what investors were allegedly aware of, and on that basis deny them, and otherwise deny the allegations contained in Paragraph 69 of the Complaint.

## VI.  FACTUAL ALLEGATIONS WITH PARTICULARITY CONCERNING THE ALLEGEDLY FALSE AND MISLEADING RATINGS

70.     Deny the allegations contained in the first sentence of Paragraph 70 of the Complaint.  Admit that Moody's published ratings, respectfully beg leave to refer to a true copy of the ratings for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 70 of the Complaint, including any subparts.

71.     Deny the allegations contained in Paragraph 71 of the Complaint.

## VII.  DEFENDANTS' ALLEGED CONTRACTUAL OBLIGATIONS

72.     Deny the allegations contained in Paragraph 72 of the Complaint, including any subparts.

73.     Admit that Moody's published a July 23, 2007 report concerning SIVs which contained the words "oasis of calm in the subprime maelstrom," but otherwise deny the allegations contained in Paragraph 73 of the Complaint, including any subparts.

74.     Deny the allegations contained in Paragraph 74 of the Complaint.

75.     Neither admit nor deny the allegations contained in Paragraph 75 of the Complaint because they are not factual allegations but rather a definition created by Plaintiffs; to the extent the Court determines that a response is required, Moody's deny the allegations contained in Paragraph 75.

## VIII.  THE ALLEGED REASONS WHY DEFENDANTS KNEW THE STATEMENTS AND OMISSIONS WERE MATERIALLY MISLEADING

76.     Deny the allegations contained in Paragraph 76 of the Complaint.

77.     Deny the allegations contained in Paragraph 77 of the Complaint.

78.     Deny the allegations contained in the first, second, fourth and fifth sentences of Paragraph 78 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 78 of the Complaint, and on that basis deny them.

79.     Deny the allegations contained in Paragraph 79 of the Complaint.

80.     Deny the allegations contained in Paragraph 80 of the Complaint.

81.     Deny the allegations contained in Paragraph 81 of the Complaint.

82.     Deny the allegations contained in Paragraph 82 of the Complaint.

83.     Deny the allegations contained in the first, second, third, sixth and seventh sentences of Paragraph 83 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of Paragraph 83 of the Complaint, and on that basis deny them.

84.     Deny the allegations contained in the first and fifth sentences of Paragraph 84 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 84 of the Complaint, and on that basis deny them.

85.     Respectfully beg leave to refer to a true copy of the referenced investment portfolio for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and on that basis deny them.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 86 of the Complaint,

and on that basis deny them. Deny the allegations contained in the third and fourth sentences of Paragraph 86 of the Complaint.

87. Deny the allegations contained in Paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and on that basis deny them.

89. Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and on that basis deny them.

90. Deny the allegations contained in Paragraph 90 of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint, and on that basis deny them.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint, and on that basis deny them.

93. Deny the allegations contained in the first sentence of Paragraph 93 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of Paragraph 93 of the Complaint, and on that basis deny them.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and on that basis deny them.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and on that basis deny them.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 96 of the Complaint, and otherwise deny the allegations contained in Paragraph 96 of the Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, and on that basis deny them.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint, and on that basis deny them.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint, and on that basis deny them.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third and fourth sentences of Paragraph 100 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 100 of the Complaint.

101.     Admit that Moody's received certain information from BoNY/QSR and other sources, but otherwise deny the allegations contained in the first and second sentences of Paragraph 101 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 101 of the Complaint, and on that basis deny them.

102.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, and on that basis deny them.

103.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, and on that basis deny them.

104.   Deny the allegations contained in the first sentence of Paragraph 104 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint, and on that basis deny them.

105.   Respectfully beg leave to refer to a true copy of the referenced New York Times report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint, and on that basis deny them.

106.   Respectfully beg leave to refer to a true copy of the referenced Reuters report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 106 of the Complaint, and on that basis deny them.  Deny the allegations contained in the third sentence of Paragraph 106 of the Complaint.

107.   Deny the allegations contained in Paragraph 107 of the Complaint.

108.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third and fourth sentences of Paragraph 108 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 108 of the Complaint.

109.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 109 of the Complaint, and on that basis deny them.

110.   Admit that Moody's had access to certain non-public information in accordance with applicable law, respectfully beg leave to refer to a true copy of the referenced SEC regulations for an accurate statement of what is contained therein, in proper context and for

their true legal effect, and otherwise deny the allegations contained in Paragraph 110 of the Complaint.

111.    Deny the allegations contained in the first and second sentences of Paragraph 111 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint, and on that basis deny them.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint, and on that basis deny them.

113.    Admit that Moody's published ratings of the Rated Notes, respectfully refer to a true copy of the ratings for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in the first, third, fourth and fifth sentences of Paragraph 113 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 113 of the Complaint, and on that basis deny them.

114.    Deny the allegations contained in Paragraph 114 of the Complaint.

115.    Admit that Moody's received certain information on U.S. loans, but otherwise deny the allegations contained in Paragraph 115 of the Complaint.

116.    Deny the allegations contained in the first sentence of Paragraph 116 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint, and on that basis deny them.

117.    Respectfully beg leave to refer to a true copy of the referenced presentations and published statements for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in Paragraph 117 of the Complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 118 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second and third sentences of Paragraph 118 of the Complaint.

119.     Respectfully beg leave to refer to a true copy of the referenced Information Memoranda for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 119 of the Complaint.

120.     Deny the allegations contained in Paragraph 120 of the Complaint.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, third, fourth and fifth sentences of Paragraph 121 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 121 of the Complaint.

122.     Deny the allegations contained in the first and second sentences of Paragraph 122 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced Senate Banking testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint, and on that basis deny them.

123.     Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint, and on that basis deny them.

124.     Respectfully beg leave to refer to a true copy of the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint, and on that basis deny them.

125.     Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint, and on that basis deny them.

126.     Respectfully beg leave to refer to a true copy of the referenced remarks from November 27, 2007 for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint, and on that basis deny them.

127.     Respectfully beg leave to refer to a true copy of the referenced Congressional statement for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint, and on that basis deny them.

128.     Respectfully beg leave to refer to a true copy of the referenced remarks for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint, and on that basis deny them.

129.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint, and on that basis deny them.

130.    Respectfully beg leave to refer to a true copy of the referenced SEC report or statements for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, and on that basis deny them.

131.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint, and on that basis deny them.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 132 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 132 of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 133 of the Complaint, and on that basis deny them.  Deny the allegations contained in the second sentence of Paragraph 133 of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 134 of the Complaint, and on that

basis deny them.  Deny the allegations contained in the second sentence of Paragraph 134 of the Complaint.

135.    Deny the allegations contained in Paragraph 135 of the Complaint and respectfully beg leave to refer to a true copy of the referenced article for an accurate statement of what is contained therein, in proper context and for its true legal effect.

136.    Respectfully beg leave to refer to a true copy of the referenced SEC report for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint, and on that basis deny them.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint, and on that basis deny them.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 138 of the Complaint, and on that basis deny them.  Deny the allegations contained in the third and fourth sentences of Paragraph 138 of the Complaint.

139.    Respectfully beg leave to refer to a true copy of the referenced Bloomberg article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint, and on that basis deny them.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged instant message conversation, respectfully beg leave to refer to a true copy of the referenced messages for an accurate statement of what is contained

therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 140 of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint, and on that basis deny them.

142.    Deny the allegations contained in the first sentence of Paragraph 142 of the Complaint.  Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 142 of the Complaint.

143.    Respectfully beg leave to refer to a true copy of the referenced Congressional testimony for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 143 of the Complaint.

144.    Respectfully beg leave to refer to a true copy of the referenced New York Times article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 144 of the Complaint.

145.    Respectfully beg leave to refer to a true copy of the October 2007 board presentation and the referenced Wall Street Journal article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 145 of the Complaint.

146.    Respectfully beg leave to refer to a true copy of the October 2007 board presentation for an accurate statement of what is contained therein, in proper context and for its

true legal effect, and otherwise deny the allegations contained in Paragraph 146 of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint, and on that basis deny them.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint, and on that basis deny them.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint, and on that basis deny them.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint, and on that basis deny them.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint, and on that basis deny them.

152.    Admit that Moody's received ratings fees paid by Cheyne Capital Management pursuant to a written agreement with Cheyne Capital Management, respectfully beg leave to refer to a true copy of the agreement for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint, and on that basis deny them.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint, and on that basis deny them.

## IX.  CHEYNE CAPITAL'S ALLEGED INVOLVEMENT IN THE FRAUD

154.    Deny the allegations contained in Paragraph 154 of the Complaint.

155.    Admit that Moody's published ratings of the Rated Notes, but otherwise deny the allegations contained in Paragraph 155 of the Complaint.

156.    Deny the allegations contained in Paragraph 156 of the Complaint.

157.    Deny the allegations contained in the first sentence of Paragraph 157 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 of the Complaint, and on that basis deny them.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint, and on that basis deny them.

159.    Deny the allegations contained in Paragraph 159 of the Complaint.

160.    Deny the allegations contained in Paragraph 160 of the Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint, and on that basis deny them.

162.    Respectfully beg leave to refer to a true copy of the February 8, 2005 email referenced in the first sentence of Paragraph 162 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint, and on that basis deny them.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third and fourth sentences of Paragraph 163 of the Complaint, and on that basis deny them.  Respectfully beg leave to refer to a true copy of the email referenced in the fifth sentence of Paragraph 163 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny the allegations contained in Paragraph 163 of the Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint, and on that basis deny them.

165.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Complaint, and on that basis deny them.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint, and on that basis deny them.

167.     Deny the allegations contained in the second sentence of Paragraph 167 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 167 of the Complaint, and on that basis deny them.

168.     Deny the allegations contained in the first sentence of Paragraph 168 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Complaint, and on that basis deny them.

169.     Deny the allegations contained in the first and second sentence of Paragraph 169 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 169 of the Complaint, and on that basis deny them.

170.     Respectfully beg leave to refer to a true copy of the correspondence referenced in Paragraph 170 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect; otherwise deny the allegations contained in Paragraph 170 of the Complaint.

171.     Deny the allegations contained in Paragraph 171 of the Complaint.

172.     With respect to the first sentence of Paragraph 172, respectfully beg leave to refer to a true copy of the Cheyne SIV operating manual and/or instructions for an accurate statement of what is contained therein, in proper context and for its true legal effect; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 172 of the Complaint.  Deny knowledge or information sufficient to

24

form a belief as to the truth of the remaining allegations contained in Paragraph 172 of the Complaint, and on that basis deny them.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint, and on that basis deny them.

174.    Respectfully beg leave to refer to a true copy of the correspondence referenced in Paragraph 174 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect; otherwise deny the allegations contained in Paragraph 174 of the Complaint.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint, and on that basis deny them.

176.    Respectfully beg leave to refer to a true copy of the correspondence containing the quotations referenced in Paragraph 176 of the Complaint for an accurate statement of what is contained therein, in proper context and for its true legal effect; otherwise deny the allegations contained in Paragraph 176 of the Complaint.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint, and on that basis deny them.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint, and on that basis deny them.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint, and on that basis deny them.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and fifth sentences of Paragraph 180 of the Complaint, and on that basis deny them.  Deny the remaining allegations contained in Paragraph 180 of the Complaint.

181.    Deny the allegations contained in Paragraph 181 of the Complaint.

182.    To the extent Paragraph 182 purports to incorporate by reference the allegations contained in Paragraphs 121 through 146 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 121 through 146, inclusive, as if fully set forth herein; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint, and on that basis deny them.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint, and on that basis deny them.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint, and on that basis deny them.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint, and on that basis deny them.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint, and on that basis deny them.

187.    Deny the allegations contained in Paragraph 187 of the Complaint.

## X.  DISCLOSURES EMERGE ABOUT ALLEGED PROBLEMS WITH LOANS UNDERLYING THE NOTES

188.    Respectfully beg leave to refer to a true copy of the referenced New York Times article for an accurate statement of what is contained therein, in proper context and for its true legal effect, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint, and on that basis deny them.

189.    Deny the allegations contained in Paragraph 189 of the Complaint.

190.  Admit that Cheyne SIV entered into receivership, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint, and on that basis deny them.

191.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 191 of the Complaint, and on that basis deny them.  Respectfully beg leave to refer to a true copy of Moody's published ratings for an accurate statement of what is contained therein, in proper context and for their true legal effect, and otherwise deny the allegations contained in the third and fourth sentences of Paragraph 191 of the Complaint.

192.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint, and on that basis deny them.

193.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint, and on that basis deny them.

## XI.  CLASS ACTION ALLEGATIONS

194.  Admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 yet deny that Plaintiffs have properly done so, and otherwise deny the allegations contained in Paragraph 194 of the Complaint.

195.  Neither admit nor deny the allegations contained in the first sentence of Paragraph 195 of the Complaint because they call for a legal conclusion and Moody's respectfully refers all issues of law to the Court; should it be determined that a response is required, Moody's deny the allegations.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of Paragraph 195 of the Complaint, and on that basis deny them.

196.  Deny the allegations contained in Paragraph 196 of the Complaint.

197.    Deny the allegations contained in Paragraph 197 of the Complaint.

198.    Deny the allegations contained in Paragraph 198 of the Complaint.

199.    Deny the allegations contained in Paragraph 199 of the Complaint.

## XII.  COUNTS

### COUNT 1-A
### (Fraud Against Morgan Stanley)

200.    Answering Paragraph 200 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 199, inclusive, as if fully set forth herein.

201.    Answering Paragraph 201 through 212 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 1-B
### (Aiding and Abetting Against Morgan Stanley)

202.    Answering Paragraph 213 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 212, inclusive, as if fully set forth herein.

203.    Answering Paragraph 214 through 216 of the Complaint, Moody's aver that no response is required as this Count was not asserted against Moody's; to the extent the Court deems that a response is required, Moody's deny the allegations.

### COUNT 2-A
### (Fraud Against the Rating Agencies)

204.    Answering Paragraph 217 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 216, inclusive, as if fully set forth herein.

205.    Answering Paragraph 218 through 231 of the Complaint, Moody's deny the allegations.

### COUNT 2-B
### (Aiding and Abetting Against the Rating Agencies)

206.     Answering Paragraph 232 of the Complaint, Moody's repeat and reallege their answers to Paragraphs 1 through 231, inclusive, as if fully set forth herein.

207.     Answering Paragraph 233 through 235 of the Complaint, Moody's deny the allegations.

## GENERAL DENIAL

208.     Except as otherwise expressly recognized in Moody's responses above, Moody's deny each and every allegation set forth in the Complaint, including, without limitation, the headings, subheadings and footnotes contained in the Complaint and the allegations set forth in Plaintiffs' prayer for judgment.  Moody's specifically deny any liability to Plaintiffs.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed denied or avoided.  Moody's expressly reserve the right to amend and/or supplement their Answer and Affirmative Defenses prior to trial.

## AFFIRMATIVE DEFENSES

209.     The statement of any defense hereinafter does not assume the burden of proof or persuasion as to such defenses that would otherwise rest upon Plaintiffs.  Moody's expressly reserve the right to amend, add to and/or otherwise supplement their affirmative and other defenses at such time and to such extent as discovery in this case or otherwise establish a basis therefor.  Further answering the Complaint, Moody's plead the following affirmative defenses:

### First Affirmative Defense

210.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

211.    The action is improperly venued in New York.

### Third Affirmative Defense

212.    Plaintiffs' action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

213.    Plaintiffs did not rely upon the supposed misrepresentations or omissions alleged.

### Fifth Affirmative Defense

214.    Plaintiffs cannot have reasonably relied on Moody's ratings in deciding whether or not to invest in the Cheyne SIV.

### Sixth Affirmative Defense

215.    Moody's lacked the requisite scienter required for liability.

### Seventh Affirmative Defense

216.    The named Plaintiffs do not meet the numerosity, adequacy or typicality requirements of Fed. R. Civ. P. 23.

### Eighth Affirmative Defense

217.    The statements complained of constitute expressions of opinion, not provably false, on a matter of public interest, and are therefore constitutionally protected under the standards set forth in <u>Milkovich v. Lorain Journal Co.</u> and its progeny.

### Ninth Affirmative Defense

218.    Any increase or decrease in the market value of any Notes held by Plaintiffs was the result of market forces or other factors and not Moody's alleged wrongful conduct.

### Tenth Affirmative Defense

219.    Plaintiffs' claims are barred to the extent New York common law does not apply extraterritorially to any foreign conduct alleged in the Complaint.

### Eleventh Affirmative Defense

220.    The court lacks subject matter jurisdiction over the claims asserted.

### Twelfth Affirmative Defense

221.    Plaintiffs' claims are barred, in whole or in part, because Moody's alleged actions were consistent with applicable law.

### Thirteenth Affirmative Defense

222.    Plaintiffs voluntarily assumed the risk of investing in Cheyne SIV.

### Fourteenth Affirmative Defense

223.    Plaintiff SEI's claims are barred, in whole or in part, by the prior pending action entitled *SEI Investments Company, et al. v. Moody's Investors Service, Inc., et al.*, Index No. 09-25367, filed in Pennsylvania.

### Fifteenth Affirmative Defense

224.    Plaintiffs lack standing to bring the claims asserted.

### Sixteenth Affirmative Defense

225.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### Seventeenth Affirmative Defense

226.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### Eighteenth Affirmative Defense

227.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were not legally or proximately caused by any acts or omissions of Moody's.

31

### Nineteenth Affirmative Defense

228.   The alleged damages suffered by Plaintiffs, if any, have been caused, in whole or in part, by the actions of Plaintiffs and/or third-parties and not by Moody's.

### Twentieth Affirmative Defense

229.   Any losses or damages purportedly sustained by Plaintiffs must be reduced and/or abated in proportion to the wrongful or negligent conduct of those persons or entities responsible, and not Moody's, under the principles of set-off, offset, comparative fault and/or contributory negligence.

### Twenty-First Affirmative Defense

230.   Plaintiffs have failed to join necessary and indispensable parties.

### Twenty-Second Affirmative Defense

231.   Plaintiffs' right to recovery is barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their alleged damages.

WHEREFORE, Moody's respectfully requests that this Court enter judgment:

a)   Dismissing with prejudice all claims alleged against Moody's in the Complaint herein;

b)   Awarding to Moody's the costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

c)   Awarding to Moody's such other and further relief as this Court deems just, proper or equitable.

Dated: March 7, 2011

SATTERLEE STEPHENS BURKE & BURKE
LLP


By:  /s/ James J. Coster_____

James J. Coster
Joshua M. Rubins
Aaron M. Zeisler
230 Park Avenue, Suite 1190
New York, NY 10169
Tel: (212) 818-9200
*Attorneys for Defendants Moody's Investors*
*Service, Inc. and Moody's Investors Services Ltd.*

### CERTIFICATE OF SERVICE

I, Meghan H. Sullivan, hereby certify that the Answer and Affirmative Defenses of Defendant Moody's has been filed electronically and is available for viewing and downloading from the Court's ECF system.  I further certify that on March 7, 2011 I served the foregoing upon counsel listed below via U.S. Mail as follows:

Samuel H. Rudman
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
*Attorneys for Plaintiffs*

Patrick J. Coughlin
Daniel S. Drosman
Anne L. Box
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
*Attorneys for Plaintiffs*

Jason C. Davis
COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
(415) 288-4545
*Attorneys for Plaintiffs*

James P. Rouhandeh
Antonio J. Perez-Marques
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000
*Attorneys for Defendants Morgan*
*Stanley & Co. Incorporated and Morgan*
*Stanley & Co. International Limited*


Floyd Abrams
Dean Ringel
Andrea Butler
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY  10005
(212) 701-3000
*Attorneys for Defendants Standard & Poor's*
*Ratings Services and The McGraw Hill Companies, Inc.*


<u>    /s/ Meghan H. Sullivan    </u>
Meghan H. Sullivan

34