UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,<br><br>　　　　　　　　　　Defendants. | ORDER ON DISCOVERY RELATING TO SECOND SET OF PLAINTIFFS' INVESTMENT GUIDELINES<br><br>Case No.　08 Civ. 7508 (SAS) |



SHIRA A. SCHEINDLIN, DISTRICT JUDGE:

　　The Court, having reviewed Report & Recommendation No. 1 of the Special Master, *attached hereto as Exhibit A*, hereby

ORDERS that:

　　A.　New Plaintiffs[1] will search their central repositories[2] for documents and electronically stored information ("documents") responsive to each of the categories specified below for the time period of January 1, 2004 through October 31, 2007:

　　　　1.　To the extent not already produced, documents sufficient to identify all objectives/guidelines that governed or would have governed New

---

[1] SEI Investments Strategies, LLC, the Bank of N.T. Butterfield & Son Limited, SFT Collective Investment Fund, Deutsche Postbank AG, Global Investment Services Limited and Gulf International Bank B.S.C. (collectively, "Second Set of Plaintiffs" or "New Plaintiffs").

[2] The term "central repositories" is to be interpreted in good faith by Plaintiffs to mean those central or shared files or other locations within each client that are likely to contain the identified objectives/guidelines and related corporate documents specified in this order.

      Plaintiffs' investment in SIVs,[3] including the date of adoption and by whom the objective/guideline was approved.
2. Drafts of the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs, including correspondence regarding such drafts.
3. Meeting agendas, presentations, minutes and other notes regarding the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs.
4. To the extent not already produced, documents sufficient to identify all objectives/guidelines that governed or would have governed New Plaintiffs' investment in RMBS (including HELs), CDOs, and other asset-backed investments, including the date of adoption and by whom the objective/guideline was approved.
5. Audits, reviews or evaluations (internal or external) of the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs, RMBS (including HELs), CDOs, and other asset-backed investments including their effectiveness or appropriateness or plaintiffs' compliance with the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs, RMBS (including HELs), CDOs, and other asset-backed investments.

B. In addition, New Plaintiffs will identify the individual(s) at each New Plaintiff who are likely to have documents concerning the categories described above and perform keyword searches of their electronic documents and email for the following terms for the time period of January 1, 2004 through October 31, 2007 for the purpose of identifying documents responsive to the categories specified above:

    ("investment* guideline*" or "investment* polic*" or "investment* object*" or "investment* goal*") w/5 (SIV or SIVs or "structured investment vehicle*" or "residential mortgage backed securit*" or RMBS or "collateralized debt obligation*" or CDO or CDOs or "home equity loan*" or HEL or HELs).

---

[3] To the extent that the objectives/guidelines responsive to categories 1-3 above were not limited to investments in SIVs in particular, but rather were broader policies governing investments in other structured finance investments, New Plaintiffs will not withhold any documents on that basis.

SO ORDERED:

Shira A. Scheindlin
District Judge

Dated: March 28, 2011




# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC., <br><br> Defendants. | **REPORT AND RECOMMENDATION NO. 1** <br> DISCOVERY RELATING TO SECOND SET OF PLAINTIFFS' INVESTMENT GUIDELINES <br><br> Case No.   08 Civ. 7508 (SAS) |

JONATHAN M. REDGRAVE, SPECIAL MASTER:

This Report and Recommendation addresses Defendants'[1] request for further production of information relating to the Second Set of Plaintiffs'[2] investment guidelines as described more fully herein. The parties met and conferred regarding these requests and were unable to reach agreement. The issue has been briefed and argued before the Special Master and is now ripe for decision.

---

[1] Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited and their affiliates; Moody's Investors Service, Inc. and its affiliates, including wholly owned and controlled subsidiary Moody's Investors Service Ltd.; The McGraw-Hill Companies, Inc. and its affiliates, including its wholly-owned and controlled business division Standard & Poor's Rating Services (collectively, "Defendants").

[2] SEI Investments Strategies, LLC, the Bank of N.T. Butterfield & Son Limited, SFT Collective Investment Fund, Deutsche Postbank AG, Global Investment Services Limited and Gulf International Bank B.S.C. (collectively, "Second Set of Plaintiffs" or "New Plaintiffs").

## I. BACKGROUND

1. Defendants have requested production from the Second Set of Plaintiffs pursuant to Requests Nos. 7, 24 and 25 of their First Request for Production of Documents, all documents concerning or relating to the Second Set of Plaintiffs' due diligence policies, procedures and guidelines, investment criteria, including risk tolerance, and investment strategies (the "guidelines/objectives").[3]

2. During the course of meet and confers, Defendants offered a narrowing of the Requests, identifying specific categories of documents they sought, each limited to guidelines/objectives that relate to structured finance or mortgage-backed investments. These categories are enumerated below:

    1) Drafts of the objectives/guidelines, including correspondence regarding such drafts;
    2) Meeting agendas, presentations, minutes and other notes regarding the objectives/guidelines;
    3) Audits, reviews or evaluations (internal or external) of the objectives/guidelines, including their effectiveness or appropriateness or plaintiffs' compliance with the objectives/guidelines; and
    4) Documents sufficient to identify all objectives/guidelines bearing on structured finance and mortgage-backed investments, including as to each the date of adoption and by whom the objective/guideline was approved.[4]

3. Plaintiffs have objected to these discovery requests on the grounds that "Defendants' proposal is hugely overbroad and unduly burdensome, as it would require New Plaintiffs to search for vast quantities of documents that are entirely unrelated to New Plaintiffs' investment in the Cheyne SIV - or even in SIVs generally."[5]

---

[3] Defendants' Submission Regarding Investment Guidelines, Policies, Procedures, Strategies, Criteria and Objectives, dated February 7, 2011, at 1.

[4] *Id.*

[5] Letter from Jarrett Charo to Special Master Redgrave, dated February 14, 2011, at 1.

4. Plaintiffs nevertheless offered a compromise of their own:

> New Plaintiffs will search their central repositories for documents responsive to each of the categories of documents (subject to the modifications below) specified in defendants' February 7 submission, concerning the policies that governed or would have governed New Plaintiffs' investment in SIVs. To the extent that such policies were not limited to investments in SIVs in particular, but rather were broader policies governing investments in other structured finance investments, New Plaintiffs will not withhold any documents on that basis.
>
> For the avoidance of doubt, the categories of documents are as follows:
>
> 1. Drafts of the objectives/guidelines, including correspondence regarding such drafts;
> 2. Meeting agendas, presentations, minutes and other notes regarding the objectives/guidelines;
> 3. Audits, reviews or evaluations (internal or external) of the objectives/guidelines, including their effectiveness or appropriateness or plaintiffs' compliance with the objectives/guidelines; and
> 4. To the extent not already produced, documents sufficient to identify all objectives/guidelines bearing on SIV investments, including the date of adoption and by whom the objective/guideline was approved.
>
> In addition, New Plaintiffs will identify the individual(s) at each New Plaintiff who are likely to have documents concerning the documents described above and perform keyword searches of their electronic documents and email for the following terms for the time period of January 1, 2004 through October 31, 2007:
>
> ("investment* guideline*" or "investment* polic*" or "investment* object*" or "investment* goal*") w/5 (SIV or SIVs or "structured investment vehicle*").[6]

## II.   FINDINGS

5. The Special Master makes this Report and Recommendation in accordance with Fed. R. Civ. P. 53 and the Order Appointing the Special Master.[7]

---

[6] *Id.*, at Exh. C.

[7] Order dated Feb. 3, 2011 ("Mr. Redgrave is appointed to resolve such discovery disputes that may arise, and which have been specifically referred to him by the Court, including electronic discovery disputes, questions of privilege, work product, relevancy, scope, and burden.").

6. Based upon the parties' submissions, there does not appear to be a serious dispute that the Plaintiffs' investment guidelines related to investments in structured investment vehicles ("SIVs") are relevant to the issue of Plaintiffs' reliance on statements and ratings made by Defendants with respect to the Cheyne SIV. To the extent there is any doubt, the Special Master finds that such discovery seeks relevant evidence or evidence that is reasonably calculated to lead to the discovery of admissible evidence.

7. The remaining dispute centers on whether the discovery should include searches for investment guidelines and/or objectives that governed investments in residential mortgage-backed securities ("RMBS") (including home equity loans ("HELs")), collateralized debt obligations ("CDOs"), and other components of SIVs.

8. Although Plaintiffs' own proposal includes the production of guidelines that may be broader than those that only address SIVs, Plaintiffs will only do so in circumstances where there are no guidelines specific to SIVs and then only to the extent such guidelines would have applied to SIVs. ("To the extent that such policies were not limited to investments in SIVs in particular, but rather were broader policies governing investments in other structured finance investments, New Plaintiffs will not withhold any documents on that basis."[8])

9. Specifically, Plaintiffs oppose any such expansion of the searches beyond their proposal on the grounds of relevance and burden.[9]

10. With respect to relevance, the Special Master finds that the Plaintiffs' investment guidelines that governed investments in RMBS (including HELs), collateralized debt obligations ("CDOs") and other asset-backed commercial paper may be relevant at trial to the issue of Plaintiffs' reliance

---

[8] Letter from Jarrett Charo to Special Master Redgrave, dated February 14, 2011, at Exh. C.

[9] *Id.*, at 1.

on statements and ratings made by Defendants with respect to the Cheyne SIV.[10] *See, e.g., In re AES Corp. Securities Litigation*, 849 F. Supp. 907, 910 (S.D.N.Y. 1994)("Because the discovery of prior investments is reasonably calculated to lead to evidence concerning plaintiffs' sophistication in the marketplace, such documents are discoverable."); *In re Harcourt Brace Jovanovich, Inc. Securities Litigation*, 838 F. Supp. 109, 113 (S.D.N.Y. 1993)(discovery relating to investment history and investor sophistication is proper where direct reliance is alleged); *City of Alameda, Cal. v. Nuveen Municipal High Income Opportunity Fund*, 2010 WL 4955605, at *1 (N.D. Cal. Dec. 1, 2010)(finding that institutional experience with a broader category of Notes is relevant to the Notes at issue, stating that a party is "free to argue that its experience with [other Notes] is distinguishable from" its experience with the particular Notes at issue).

11. That said, the Special Master also finds that these additional categories of documents may not be as likely to be relevant at trial or to lead to the discovery of admissible evidence as the investment guidelines or objectives specifically addressing investments in SIVs. *See, e.g., City of Alameda, Cal.*, 2010 WL 4955605, at *1 (N.D. Cal. Dec. 1, 2010)(allowing discovery on a broader category of Notes in addition to the Notes at issue, but finding that the burden associated with responding to discovery requests for documents related to any non-investment grade security far outweighs the potential relevance of the discovery); *In re IBM Corp. Sec. Litig.*, 163 F.3d 102, 111 (2d Cir. 1998) (holding that a "'weak showing' of potential relevance in its extensive discovery request was insufficient to outweigh the burden and expense of" additional production); *MacNamara v. City of New York*, 2006 WL 3298911, at *6 (S.D.N.Y. Nov. 13, 2006) (likelihood of

---

[10] *See* Nov. 2, 2010 Hr'g Tr. at 47:9-48:11 ("THE COURT: .... The same way you want to know what Morgan Stanley did with respect to non-Cheyne SIV, because it would show their knowledge or their practice, or how they related to the rating agencies, or what I just gave a little speech about circumstantial evidence, the same is true here. How do these people make investment decisions other than Cheyne? What process do they use? What analysis do they undertake? What level of knowledge do they have? So they say, if you're not limiting us to Cheyne, you can't cut me off when I want to know what the plaintiffs do. It has to be the same.")

relevance is a consideration in determining the burden of production); *Gucci America, Inc. v. Costco Companies*, 2000 WL 60209, at *7 (S.D.N.Y. Jan. 24, 2000)("[I]t is not sufficient merely to establish the potential relevance of a proposed area of inquiry. Rather, Rule 26 imposes a requirement of proportionality.").

12. At the same time the Special Master also finds that while the proposed additional categories of information sought by Defendants would increase the burden of production, there is no reason to believe, or evidence before the Special Master to indicate, that the purported burdens should completely foreclose discovery of additional categories of guidelines.

13. Specifically, while Plaintiffs argued that the discovery would be "hugely" burdensome, it is not apparent on the record or otherwise why additional searches to obtain other guidelines would be so burdensome, especially when the searches are limited to central files. In addition, the proposed electronic searches are limited to "the individual(s) who are likely to have" relevant documents, which again reduces the burden.

14. Accordingly, the Special Master believes that the discovery into these additional categories of investment guidelines/objectives (i.e. investment guidelines/objectives addressing RMBS, HELs, CDOs and other asset-backed investments) should be allowed but that the discovery should be more narrowly tailored to reflect the proper balancing of relevance and burden of the proposed discovery (i.e., proportionality). Fed. R. Civ. P. 26(b)(2)(C); *see also Nat'l Day Laborer Org. Network v. U.S. Immigration and Customs Enforcement Agency*, 2011 WL 381625, at *7 n. 44 (S.D.N.Y. Feb. 7, 2011) ("principles of proportionality and . . . the needs of the requesting party and the burden imposed on the producing party" are appropriate considerations in determining proper discovery); *Gucci America, Inc. v. Costco Companies*, 2000 WL 60209, at *7 (S.D.N.Y. Jan. 24, 2000)("[I]t is not sufficient merely to establish the potential relevance of a proposed area of inquiry. Rather, Rule 26 imposes a requirement of proportionality.").

15. In particular, the Special Master believes that the objectives or guidelines addressing investments in RMBS (including HELs), CDOs and other asset-backed investments, as well as those addressing SIVs, should be produced as set forth below. In addition, the Special Master finds that documents regarding audits, reviews or evaluations (internal or external) of the objectives/guidelines addressing investments in RMBS (including HELs), CDOs and other asset-backed investments, as well as SIVs, should be produced as set forth below.

16. In light of the issues related to relevance and burden discussed above, the Special Master finds that production of drafts, including correspondence regarding such drafts, as well as meeting agendas, presentations, minutes and other notes should be limited to the objectives/guidelines that governed or would have governed investment in SIVs and should not be extended to include any such documents related to RMBS, HELs, CDOs or other asset-backed investments unless such documents also address investments in SIVs in which case they should be produced. (*i.e.*, Plaintiffs cannot withhold such documents that address RMBS, HELs, CDOs or other asset-backed investments if they are otherwise responsive to the categories set forth below).

## III. RECOMMENDATION

17. As such, the Special Master recommends that the Court enter the following discovery order:
   a. New Plaintiffs will search their central repositories[11] for documents and electronically stored information ("documents") responsive to each of the categories specified below for the time period of January 1, 2004 through October 31, 2007:
      1. To the extent not already produced, documents sufficient to identify all objectives/guidelines that governed or would have governed New

---

[11] The term "central repositories" is to be interpreted in good faith by Plaintiffs to mean those central or shared files or other locations within each client that are likely to contain the identified objectives/guidelines and related corporate documents specified in this order.

   Plaintiffs' investment in SIVs,[12] including the date of adoption and by whom the objective/guideline was approved.
2. Drafts of the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs, including correspondence regarding such drafts.
3. Meeting agendas, presentations, minutes and other notes regarding the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs.
4. To the extent not already produced, documents sufficient to identify all objectives/guidelines that governed or would have governed New Plaintiffs' investment in RMBS (including HELs), CDOs, and other asset-backed investments, including the date of adoption and by whom the objective/guideline was approved.
5. Audits, reviews or evaluations (internal or external) of the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs, RMBS (including HELs), CDOs, and other asset-backed investments including their effectiveness or appropriateness or plaintiffs' compliance with the objectives/guidelines that governed or would have governed New Plaintiffs' investment in SIVs, RMBS (including HELs), CDOs, and other asset-backed investments.

b. In addition, New Plaintiffs will identify the individual(s) at each New Plaintiff who are likely to have documents concerning the categories described above and perform keyword searches of their electronic documents and email for the following terms for the time period of January 1, 2004 through October 31, 2007 for the purpose of identifying documents responsive to the categories specified above:

("investment* guideline*" or "investment* polic*" or "investment* object*" or "investment* goal*") w/5 (SIV or SIVs or "structured investment vehicle*" or "residential mortgage backed securit*" or RMBS or "collateralized debt obligation*" or CDO or CDOs or "home equity loan*" or HEL or HELs).

---

[12] To the extent that the objectives/guidelines responsive to categories 1-3 above were not limited to investments in SIVs in particular, but rather were broader policies governing investments in other structured finance investments, New Plaintiffs will not withhold any documents on that basis.

                                                                   */s/ Jonathan M. Redgrave*

                                                                   Jonathan M. Redgrave
                                                                   Special Master

Dated: March 21, 2011