USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,<br><br>Defendants. | REPORT AND RECOMMENDATION No. 7:<br><br>DEPOSITIONS OF COLUMBIA ASSET MANAGEMENT, WINNIE CHENG, AND CHEYNE CAPITAL MANAGEMENT LTD.<br><br>Case No.   08 Civ. 7508 (SAS) |

JONATHAN M. REDGRAVE, SPECIAL MASTER:

This Report and Recommendation addresses the issue of Defendants' attempt to schedule three third-party depositions after May 1, 2011 and Plaintiffs' request for an Order quashing these depositions. Specifically, Defendants have attempted to notice or have indicated their intent to depose the following third parties: Columbia Asset Management ("CMA"), Winnie Cheng, and Cheyne Capital Management Ltd. ("Cheyne"). The Parties met and conferred regarding these depositions and were unable to reach agreement. The issue has been briefed and argued before the Special Master and is now ripe for decision.

1

**I.     BACKGROUND**

1. Defendants have scheduled (or indicated their intent to schedule) depositions for the following third parties after May 1, 2011:  CMA, Winnie Cheng, and Cheyne.

2. On May 3, 2011, Plaintiffs provided to the Special Master their "Submission Seeking to Quash Subpoenas and Notices for Depositions Scheduled After the Discovery Cut-Off."[1]

3. Plaintiffs argue that the depositions are untimely because they violate the Court's January 13, 2011 Order (Docket No. 197) which, according to Plaintiffs, extended the fact discovery deadline for Defendants until July 1, 2011, but only for discovery from "New Plaintiffs" or "Additional Plaintiffs."[2]

4. Plaintiffs further contend that Defendants should be prohibited from noticing and scheduling the depositions of CMA, Winnie Cheng, and Cheyne because these deponents have been "known to Defendants for years" and Defendants, therefore, "have no excuse for their delay in seeking the requested depositions."[3]

5. In support of their argument that the three deponents at issue have been known to Defendants for years, Plaintiffs indicate that Cheyne "produced thousands of documents in connection with

---

[1] Although the specific focus of Plaintiffs' Submission focuses on the three identified third party depositions, Plaintiffs also have indicated (1) that they have opposed Defendants' request for assistance from the Court to obtain discovery from former Deloitte employees who reside in London, (2) their intent to oppose Defendants' motion seeking permission under the Walsh Act to depose former SEI employee, Karl Dasher, and (3) their intent to oppose any deposition notice served by Defendants seeking to depose Goldman Sachs or its employees.  Pls.' Submission Seeking to Quash Subpoenas and Notices for Depositions Scheduled After the Discovery Cut-Off, dated May 3, 2011, at 1, n.1.  In addition, during the May 4, 2011 teleconference with the Special Master, Plaintiffs verbally raised their objection to any upcoming deposition of Jason Rowe by Defendants.

[2] "New Plaintiffs," as defined in Plaintiffs' Motion for Leave to File an Amended Complaint are the following plaintiffs who were added as parties in Plaintiffs' Fifth Amended Complaint, which was filed on October 8, 2010:  Deutsche Postbank AG, Global Investment Services Limited, Global International Bank B.S.C., SEI Strategies, The Bank of N.T. Butterfield & Son Limited, and SFT Collective Investment Fund.  "Additional Plaintiffs" are the following plaintiffs who were added as parties with the filing of Plaintiffs' Sixth Amended Complaint:  Bank Hapoalim B.M., Bank SinoPac, National Agricultural Cooperative Federation, Florida State Board of Administration, and Commonwealth of Pennsylvania Public School Employees' Retirement System.

[3] Pls.' Submission Seeking to Quash Subpoenas and Notices for Depositions Scheduled After the Discovery Cut-Off, dated May 3, 2011, at 1, 4.

this case[,] has been mentioned in numerous depositions[,]" and even was included in Defendants' initial disclosures.[4]

6. Plaintiffs also provided December 1, 2009 Interrogatory Responses from SEI Investment Company that identified Winnie Cheng as an employee of CMA who "may have been involved in either the initial purchase decision or subsequent investment decisions regarding the Cheyne notes."[5]

7. In addition, Plaintiffs submitted nearly identical Notices of Deposition and Subpoenas served on CMA pursuant to Rules 30(b)(6) and 45 by Defendants in January 2010 and February 2011.[6] Such depositions, however, have not yet occurred.

8. On May 4, 2011, counsel for Defendants emailed the Special Master in response to Plaintiffs' May 3, 2011 Submission.[7] Defendants do not dispute Plaintiffs' argument that the Defendants were previously aware of the three third-party deponents at issue. Rather, Defendants disagree with Plaintiffs' contention that a May 1, 2011 discovery cut-off date exists following the Court's January 13, 2011 Order (Docket No. 197), which granted Plaintiffs' motion to file a sixth amended complaint and also extended the May 1, 2011 discovery deadline to July 1, 2011 with certain conditions as set forth in the Order.[8]

9. Defendants also set forth the previous history and events related to pre-May 1, 2011 attempts to schedule the depositions of CMA, Winnie Cheng, and Cheyne, and requested that this "matter be resolved without further delay" in light of the current scheduling for the depositions at issue.[9]

10. The parties' arguments regarding these depositions were also discussed during the Special Master's Telephonic Conference of May 4, 2011.

---

[4] *Id.* at 1.
[5] *Id.,* Ex. 1, p. 4.
[6] *Id.,* Ex. 5-6.
[7] Email from M. Aieta to Special Master Redgrave, dated May 4, 2011, 12:48 PM, regarding Abu Dhabi Commercial Bank, et al. v. Morgan Stanley & Co. Incorporated, et al., No. 1:08-cv-7508-SAS.
[8] *Id.*
[9] *Id.*

**II.     FINDINGS**

11. The outcome of this dispute turns upon whether the Court's January 13, 2011 Order which, with certain conditions, extended the discovery deadline to July 1, 2011, limits the discovery to be afforded to Defendants' only to "New Plaintiffs" or "Additional Plaintiffs."

12. The Special Master, therefore, is called upon to interpret the following statement in the Court's Order:

> It is hereby ordered that plaintiffs may file a Sixth Amended Complaint for Common Law Fraud and Aiding and Abetting, subject to the following conditions, as agreed to by the parties during a telephone conference held on January 12, 2011:
>
> (1) the fact discovery deadline is unilaterally extended for defendants by two months to July 1, 2011; any additional discovery plaintiffs seek after May 1, 2011 (the current discovery deadline) will be permitted only if good cause is shown and if the discovery sought is specifically related to facts revealed during defendants' discovery of "New Plaintiffs" or "Additional Plaintiffs" (as defined in Plaintiffs' Motion for Leave to File an Amended Complaint);
>
> (2) plaintiffs' deadline for adding any "Additional Plaintiffs" to this action is March 11, 2011.[10]

13. On May 11, 2011, the Court entered a Discovery Order that ruled on Plaintiffs' objections to certain Reports & Recommendations of the Special Master, as well as Plaintiffs' Opposition To Application For Issuance Of A Letter Of Request For International Judicial Assistance To Obtain Evidence To Be Used In A Civil Proceeding Pursuant To The Evidence (Proceedings In Other Jurisdictions) Act Of 1975 To Permit Examination Of Neville Kahn And Matthew Cowlishaw (Docket No. 235).[11]

14. In their objection to Defendants' Application For Issuance Of A Letter Of Request For International Judicial Assistance To Obtain Evidence To Be Used In A Civil Proceeding Pursuant To The Evidence (Proceedings In Other Jurisdictions) Act Of 1975 To Permit

---

[10] Order Granting Plaintiffs' Request for Leave to File an Amended Complaint (Jan. 13, 2011) (Docket No. 197).
[11] Discovery Order (May, 11, 2011) (Docket No. 249).

Examination Of Neville Kahn And Matthew Cowlishaw, Plaintiffs appear to have made nearly identical timeliness arguments based on the Court's January 13, 2011 Order as Plaintiffs have made in the instant dispute.

15. In its May 11, 2011 Discovery Order, the Court made clear that its January 13, 2011 Order unilaterally extended the fact discovery deadline for defendants by two months to July 1, 2011, without placing a limitation on the type of parties or non-parties from whom Defendants may seek fact discovery.

16. Specifically, the Court stated, "the cut-off for fact discovery by defendants has been extended to July 1, 2011 so that they may take discovery of newly-added plaintiffs and, while this was the basis for permitting the extension, the Court did not impose any limitation on what defendants could discover during the sixty-day extension. I will not do so retroactively."[12]

17. The Court added, however, that it is "troubled by defendants' decision to wait until the end of fact discovery to make this request" and that "plaintiffs' concern that defendants gamed the system in order to be sure that any facts discovered through these depositions could not be pursued by plaintiffs is well taken."[13]

18. To address this concern, the Court indicated that, with respect to depositions of Messers. Kahn and Cowlishaw, "[i]f plaintiffs make an application to this Court that demonstrates that further discovery is necessary based *solely* on information obtained during these depositions, I will consider granting plaintiffs' request to take further discovery. I sincerely hope this will not be the case."[14]

19. In light of the plain language of the Court's January 13, 2011 Order, as well as the Court's clarification of the nature of the fact discovery deadline in its May 11, 2011 Discovery Order, the

---

[12] *Id.*, at 4-5.
[13] *Id.*, at 4, 5.
[14] *Id.*, at 5 (emphasis in original).

Special Master finds that Defendants attempts' to notice and schedule the depositions of CMA, Winnie Cheng, and Cheyne are not untimely, nor do they violate the fact discovery deadline set for Defendants in the Court's January 13, 2011 Order.

## III. RECOMMENDATION

20. Based upon the foregoing analysis, the Special Master recommends that the Court enter an Order denying Plaintiffs' Submission Seeking to Quash Subpoenas and Notices for Depositions Scheduled After the Discovery Cut-Off.

21. In addition, taking into account the Court's statements in its May 11, 2011 Discovery Order regarding plaintiffs' ability to apply to the Court to obtain further discovery, if necessary, "based *solely* on information obtained during these depositions,"[15] the Special Master recommends that the Court allow Plaintiffs to make a similar application for additional discovery, if necessary, based on these depositions.

_____
Jonathan M. Redgrave
Special Master

Dated: May 13, 2011

*The clerk of the court is directed to docket this Report and Recommendation. So ordered.*

Shira A. Scheindlin, USDJ
5/16/11

---

[15] *Id.*