UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,<br><br>Defendants. | ORDER ON<br>REPORT AND RECOMMENDATION<br>NO. 16<br>DEFENDANTS' MOTION TO COMPEL SEI INVESTMENTS COMPANY TO PRODUCE "MISSING" E-MAIL ATTACHMENTS<br><br>Case No.  08 Civ. 7508 (SAS) |



SHIRA A. SCHEINDLIN, UNITED STATES DISTRICT JUDGE:

The Court, having reviewed Report & Recommendation No. 16 of the Special Master (Docket No. 298), and having received no objections from the Parties, hereby adopts Report and Recommendation No. 16, and further ORDERS:

1. Within ten (10) days of the entry of this Order, Plaintiff SEI Investments Company ("SEI") shall produce the non-privileged attachments to the 126 e-mails identified by Defendants in their May 17, 2011 letter and their July 12, 2011 Submission in support of the present Motion that can be located and produced without undue burden or expense.

2. Within ten (10) days of the entry of this Order, SEI shall (i) identify – by Doc-id/or Bates number of the parent e-mail and the non-produced attachment(s) – all e-mail attachments that were reviewed for relevance as part of the e-mail "family" and were separated and withheld from production on the ground that the attachment was not

1

relevant to the extent such information is readily available, and (ii) provide such identification (by list or as otherwise agreed upon) to Defendants.

3. If SEI contends that it cannot (a) locate and produce one or more of the attachments to the 126 e-mails identified by Defendants without undue burden or expense, and/or (b) identify one or more withheld attachments with the document identification and relationship information required in Paragraph 2 above because the information is not readily available, then SEI shall provide a detailed, written explanation of these burdens, expenses and unavailability of information to Defendants and the Special Master within ten (10) days of the entry of this Order.

4. Defendants are permitted to move for the production of additional non-privileged attachments to relevant e-mails that have not been produced in this case. Any such motion must be predicated on a demonstration that either (a) the e-mail attachments produced pursuant to Paragraph 1 above were relevant and reveal that a meaningful percentage of SEI's relevance determinations were erroneous as to the subset of attachments to the 126 e-mails identified by Defendants and thus SEI's remaining relevance determinations with respect to other withheld attachments are not reliable; or (b) SEI's explanation for why such non-produced, non-privileged attachments cannot be located or produced without undue burden or cost is inadequate and should not preclude further efforts to identify, retrieve and produce such attachments. The Parties must meaningfully meet and confer in advance of filing any such motion.

5. Finally, the Parties are directed to meet and confer within ten (10) days of the entry of this Order to address: (a) whether any Parties have been withholding attachments to e-mails from production on the basis of relevance determinations; (b) whether the Parties are separately identifying e-mails and attachments on privilege logs; (c) the format of the

production or re-production of e-mails and attachments by SEI; and (d) the format in which SEI will provide any list of e-mail attachments that were reviewed for relevance and were withheld from production on the ground that the attachment was not relevant.

SO ORDERED:

*/s/ Shira A. Scheindlin*
Shira A. Scheindlin
United States District Judge

Dated: Aug 24, 2011

3