UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,<br><br>Defendants. | ORDER ON REPORT AND RECOMMENDATION NO. 17 PLAINTIFFS' MOTION TO RESUME THE DEPOSITION OF WARREN KORNFELD<br><br>Case No. 08 Civ. 7508 (SAS)<br><br> |

SHIRA A. SCHEINDLIN, UNITED STATES DISTRICT JUDGE:

The Court, having reviewed Report & Recommendation No. 17 of the Special Master (Docket No. 312 ), and having received no objections from the Parties, hereby adopts Report and Recommendation No. 17, and further ORDERS:

1. Plaintiffs' Motion to Resume Mr. Kornfeld's deposition is hereby DENIED without prejudice.

2. If Defendants list Mr. Kornfeld as a trial witness, Plaintiffs will be permitted to reopen Mr. Kornfeld's deposition for no more than three and one-half hours of examination time by Plaintiffs.

3. If Mr. Kornfeld's deposition is reopened, Plaintiffs should avoid retreading ground that was addressed in Mr. Kornfeld's June 28-29, 2011 deposition. However, to the extent

Plaintiffs wish to ask questions related to exhibits that were used during or shown to Mr. Kornfeld in his June 28-29, 2011 deposition, Plaintiffs are not prohibited from doing so.

4. The Parties and their counsel are hereby reminded of (1) what conduct, objections and instructions are appropriate at depositions (for both examining and defending counsel), (2) the fact that two-day fact witness depositions should be considered to be the exception in this case, and (3) the Parties previously have been instructed to not "waste time" in the limited number of depositions that remain in this case.

5. In particular, all Parties must heed the Court's May 2011 admonition for the Parties to attempt to complete fact witness depositions in a single day.

6. In addition, the Parties are hereby directed to comply with the guidance sent forth in the Court's Suggested Rules of Discovery Practice ¶¶ 4-6.

7. Further, the Parties are hereby reminded that coaching a witness is strictly prohibited and that, when making an objection, counsel shall state the permissible basis(es) of the objection, such as (1) compound; (2) asked and answered; (3) overbroad/calls for a narrative; (4) calls for speculation; (5) argumentative; (6) vague or unintelligible; (7) assumes facts not in evidence; (8) misstates the record; (9) calls for an opinion from an unqualified witness; (10) leading where not permitted; and (11) lack of foundation, and no more.

8. Finally, the Parties are instructed to contact the Special Master in the event disputes similar to those that occurred during Mr. Kornfeld's deposition arise in future depositions. If the Parties stray from the direction set forth above or otherwise reach an impasse during a deposition, the Parties should contact the Special Master to address such disputes. The Special Master may recommend adjourning a deposition to allow a Party to meaningfully submit a Motion for Protective Order, or otherwise provide

direction to the Parties to allow a deposition to resume and continue in a civil, decent and efficient manner.

SO ORDERED

Shira A. Scheindlin
United States District Judge

Dated: September 29, 2011