UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,<br><br>Defendants. | ORDER ON REPORT AND RECOMMENDATION NO. 14 DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS ON PLAINTIFF SEI INVESTMENT COMPANY'S PRIVILEGE LOG THAT REFLECT COMMUNICATIONS WITH COLUMBIA MANAGEMENT ADVISERS<br><br>Case No. 08  Civ. 7508 (SAS)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 10/7/11 |

SHIRA A. SCHEINDLIN, DISTRICT JUDGE:

The Court, having reviewed Report and Recommendation No. 14 of the Special Master (Docket No. 319), and having received no objections from the Parties, hereby adopts Report and Recommendation No. 14, and further ORDERS:

1. SEI Investment Company's ("SEI") claims of attorney-client privilege for those withheld documents subject to Defendants' Motion to Compel the Production of Documents on Plaintiff SEI Investment Company's Privilege Log that Reflect Communications with Columbia Management Advisers should be overruled, because any asserted privilege was waived by including any Columbia Management Advisers

1

("CMA") employees in those documents. SEI did not have a reasonable expectation of confidentiality under the circumstances, and the disclosures to or communications with CMA employees reflected in the documents reviewed by the Special Master *in camera* do not appear to have been necessary for SEI to obtain informed legal advice.

2. SEI's claims of work product protection for those withheld documents subject to Defendants' Motion should be overruled, because SEI has not demonstrated that any of the documents were prepared in anticipation of litigation. Furthermore, the documents at issue would likely have been created in essentially similar form irrespective of litigation.

3. The documents subject to production as a result of the overruling of the attorney-client privilege and work product claims in Report and Recommendation No. 14 are those that were created or received between January 1, 2004 and June 30, 2009. This Order includes those documents listed on the SEI privilege log that was submitted to the Special Master, as well as all attachments to such e-mail communications that have been withheld on the basis of privilege or work product claims.

SO ORDERED:

Shira A. Scheindlin
United States District Judge

Dated: October 7, 2011