UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABU DHABI COMMERCIAL BANK, KING COUNTY, WASHINGTON Together and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY & CO. INTERNATIONAL PLC, MOODY'S INVESTORS SERVICE, INC., MOODY'S INVESTORS SERVICE LTD., STANDARD AND POOR'S RATINGS SERVICES and THE McGRAW HILL COMPANIES, INC.,<br><br>Defendants. | ORDER ON REPORT AND RECOMMENDATION NO. 23 DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO DEFENDANTS' THIRD REQUEST FOR PRODUCTION FROM PLAINTIFF SEI INVESTMENTS COMPANY AND THE MORGAN STANLEY DEFENDANTS' MARCH 31, 2011 REQUEST FOR PRODUCTION FROM ALL PLAINTIFFS<br><br>Case No.  08   Civ. 7508 (SAS)<br><br> |

SHIRA A. SCHEINDLIN, UNITED STATES DISTRICT JUDGE:

The Court, having reviewed Report and Recommendation No. 23 of the Special Master (Docket No. 332), and having received no objections from the Parties, hereby adopts Report and Recommendation No. 23, and further ORDERS:

1. The Motion to Compel regarding the Defendants' Third Request for Production to SEI Investments Company is hereby granted in part and denied in part as set forth below.

2. To comply with Requests Nos. 1-5 of Defendants' Third Request for Production of Documents to SEI Investments Company,

1

    a. To the extent SEI is aware of an existing collection or collections of documents that are responsive to these requests, SEI shall review such collection or collections for the purpose of producing documents responsive to such requests.

    b. SEI is not obligated to investigate, locate, identify, or produce such documents that have not otherwise been collected previously.

    c. Within ten (10) days of the entry of the Court's Order regarding this Report and Recommendation, SEI shall (a) produce to Defendants any responsive documents that have not been previously produced in response to Requests Nos. 1-5, (b) inform Defendants that SEI is unaware of any existing collection or collections (and therefore, there is nothing to review), or (c) inform Defendants that, through its review, SEI has confirmed that all responsive documents from its previously collected documents have been produced to Defendants.

3. To comply with Request No. 6 of Defendants' Third Request for Production of Documents to SEI Investments Company,

    a. SEI shall review any existing collections of documents to determine if SEI possesses any documents related to the annual Fixed Income Forums ("FIFs") from January 1, 2005 through July 31, 2008, including documents related to the presentations identified in any FIF agenda from that time period.

    b. SEI is not obligated to investigate, locate, identify, or produce such documents that have not otherwise been collected previously.

    c. Within ten (10) days of the entry of the Court's Order regarding this Report and Recommendation, SEI shall (a) produce to Defendants any responsive documents that have not been previously produced in response to Request No. 6, (b) inform Defendants that SEI is unaware of any existing collection or collections

(and therefore, there is nothing to review), or (c) inform Defendants that, through its review, SEI has confirmed that all responsive documents from its previously collected documents have been produced to Defendants.

4. To comply with Requests Nos. 7-9 of Defendants' Third Request for Production of Documents to SEI Investments Company,

   a. Within ten (10) days of the entry of the Court's Order regarding this Report and Recommendation, SEI shall identify such documents requested in Requests Nos. 7-9 by Bates number, confirm that production is complete, and/or complete the production as SEI agreed to do in its responses to Defendants' requests.

5. To comply with Request No. 10 of Defendants' Third Request for Production of Documents to SEI Investments Company,

   a. To the extent SEI is aware of an existing collection or collections of documents that are responsive to this request, SEI shall review such existing collection or collections of documents, for the purpose of producing documents responsive to such request.

   b. SEI is not obligated to investigate, locate, identify, or produce such documents that have not otherwise been collected previously.

   c. Within ten (10) days of the entry of the Court's Order regarding this Report and Recommendation, SEI shall (a) produce to Defendants any responsive documents that have not been previously produced in response to Request No. 10, (b) inform Defendants that SEI is unaware of any existing collection or collections (and therefore, there is nothing to review), or (c) inform Defendants that, through its review, SEI has confirmed that all responsive documents from its previously collected documents have been produced to Defendants.

6. To comply with Request No. 12 of Defendants' Third Request for Production of Documents to SEI Investments Company,

   a. Within ten (10) days of the entry of the Court's Order regarding this Report and Recommendation, SEI shall produce the email, log the email, or confirm to Defendants that SEI has attempted to locate the email but has not been able to locate it.

7. To comply with Request No. 13 of Defendants' Third Request for Production of Documents to SEI Investments Company, SEI is not required to undertake any additional actions unless Defendants seek to invoke the procedures that Plaintiffs undertook in order to obtain documents produced by Defendants to various government agencies. Should Defendants choose to invoke such a process, pursuant to its willingness to do, SEI Investments Company should cooperate in such process.

8. The Motion to Compel regarding the Morgan Stanley Defendants' March 31, 2011 Request for Production from all Plaintiffs is hereby denied.

SO ORDERED:

_____
Shira A. Scheindlin
United States District Judge

Dated: October 31, 2011