UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ABU DHABI COMMERCIAL BANK, et al.,

                                Plaintiffs,

                              - against -

MORGAN STANLEY & CO. INC., et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. No 7508 (SAS)

**ECF Case**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MORGAN STANLEY & CO. INCORPORATED AND MORGAN STANLEY & CO. INTERNATIONAL LIMITED'S MOTION TO DISMISS PLAINTIFFS' NEGLIGENCE CLAIM**

James P. Rouhandeh
Antonio J. Perez-Marques
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000
*Counsel to Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited*

**TABLE OF CONTENTS**

**Page**

I. PLAINTIFFS' NEGLIGENCE CLAIM IS TIME-BARRED ............................................ 1

II. THE COMPLAINT FAILS TO ALLEGE THE RELATIONSHIP NECESSARY FOR NEGLIGENCE ................................................................................................................ 1

III. PLAINTIFFS CANNOT RECOVER FOR PURELY ECONOMIC LOSS THROUGH A NEGLIGENCE CLAIM ................................................................................................... 4

IV. PLAINTIFFS FAIL TO ADEQUATELY ALLEGE BREACH AND CAUSATION ...... 5

CONCLUSION ............................................................................................................................. 5

Plaintiffs' negligence claim must be dismissed because it was brought after the applicable statute of limitations had run, and is therefore time-barred. In addition, the claim would in any event require dismissal because Morgan Stanley did not owe a duty to plaintiffs, because it is barred by the economic loss doctrine and because plaintiffs have not adequately pled breach or causation.

I. **Plaintiffs' Negligence Claim Is Time-Barred.**

Plaintiffs' negligence claim against Morgan Stanley is time-barred because it was brought more than three years after the date upon which plaintiffs allegedly incurred injuries. See N.Y. C.P.L.R. § 214 (three-year statute of limitations for negligence). Plaintiffs' original allegations did not put Morgan Stanley on notice of potential liability for its alleged negligent structuring of the SIV. Accordingly, the relation-back doctrine does not apply. See Higgins v. NYP Holdings, Inc., 2011 WL 6083702, at *8 (S.D.N.Y. Dec. 7, 2011) (finding relation-back doctrine inapplicable to new claim based on allegations not contained in original complaint). Indeed, plaintiffs acknowledge that they are only bringing this claim now because it is allegedly "supported by the record developed in discovery." (Email from Luke Brooks, Jan. 4, 2012 (Ex. A at 1).)[1] This admission demonstrates that the claim was not part of the original complaint and is time-barred; a negligence claim accrues when the underlying facts have occurred, not when a party discovers the negligence. See Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541 (1994).

II. **The Complaint Fails to Allege the Relationship Necessary for Negligence.**

Plaintiffs fail to allege that Morgan Stanley owed them a duty, and, as a matter of law, no duty exists here. Courts employ the same analysis to determine whether a duty of care is owed for claims of negligent misrepresentation and negligence. See, e.g., Pension Comm. of the Univ.

---

[1] Exhibit numbers refer to the exhibits to the Declaration of Antonio Perez-Marques submitted herewith.

of Montreal v. Bank of Am. Sec., LLC, 446 F. Supp. 2d 163, 198 (S.D.N.Y. 2006) (Scheindlin, J.) (duty of care for both negligence and negligent misrepresentation "may arise where the parties are in contractual privity or have a relationship 'so close as to approach that of privity'" (citations omitted)).  Accordingly, like plaintiffs' claim for negligent misrepresentation, the negligence claim fails because of the absence of a duty owed by Morgan Stanley to plaintiffs.  (See Defs.' Joint Suppl. Mot. to Dismiss at 1–3 (Ex. B at 1–3).)  Plaintiffs' amended allegations of a duty do nothing more than recite Morgan Stanley's roles as structurer and placement agent for the SIV, and do not give rise to a duty of care.  (See Ninth Am. Compl. ("NAC") ¶ 216(b)–(f), (h)–(s).)  "The common law imposes no duty of care on parties involved in an arms-length business transaction," Primex Plastics v. Lawrence Prods., Inc., 1991 WL 183367, at *5 (S.D.N.Y. Sept. 12, 1991), and New York law is clear that a seller of securities owes no fiduciary duty to a buyer.  See, e.g., Dandong v. Pinnacle Performance Ltd., 2011 WL 5170293, at *15 (S.D.N.Y. Oct. 31, 2011).

 Plaintiffs' remaining theories, that a duty arose from alleged foreseeability of harm or superior knowledge (see NAC ¶ 216(a), (g)), also fail as a matter of law.  "A duty and the corresponding liability it imposes do *not* rise from mere foreseeability of the harm."  Hamilton v. Beretta U.S.A. Corp., 96 N.Y.2d 222, 232, 235 (2001).  And New York courts have repeatedly rejected the contention that defendants' superior knowledge establishes a special relationship.  RNK Capital LLC v. Natsource LLC, 907 N.Y.S.2d 476, 476 (App. Div. 1st Dep't 2010); see also Reuben H. Donnelley Corp. v. Mark I Mktg. Corp., 893 F. Supp. 285, 289 (S.D.N.Y. 1995).

 Moreover, the very documents that plaintiffs quote in their attempt to allege the existence of a duty clearly provide that Morgan Stanley did *not* owe a duty to plaintiffs.  (See NAC ¶ 216(n)–(p).)  Rather, the Information Memoranda state that no special relationship exists

between Morgan Stanley and plaintiffs.  (See, e.g., CP IM ("[N]one of . . . the Placement Agents . . . is acting as a fiduciary or financial or investment adviser for the purchaser . . . .") (Ex. C at 58); MTN IM (Ex. D at 113); Cap. Notes IM (Ex. E at 133).)  Additional disclosures in the Information Memoranda underscore that no special relationship was intended or created and indeed foreclose any allegation to the contrary.  (See, e.g., Ex. C at 58, Ex. D at 113, Ex. E at 133–34 (each purchaser was "a sophisticated investor" and "made its own investment decisions . . . based upon its own judgment"); Ex. C at 4, Ex. D at 3, Ex. E at 3 (Morgan Stanley did not verify the information in the Information Memoranda and did not accept any responsibility for its content.); Ex. C at 4, Ex. D at 4, Ex. E at 4 (Morgan Stanley did not recommend the Cheyne Notes for purchase.); Ex. C at 4, Ex. D at 3, Ex. E at 3 (plaintiffs "made such investigation and evaluation of the creditworthiness of the Issuer as [it] deemed appropriate"); Ex. C at 20, Ex. D at 23, Ex. E at 21 (each investor "must determine the suitability" of its investment and should "have sufficient knowledge and experience to make a meaningful evaluation of the Notes and the Underlying Notes [and] the merits and risks of investing in the Notes.").)

Because these documents are incorporated by reference in the complaint, they must be accepted as true on a motion to dismiss and allegations to the contrary should not be accepted. See Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("If a plaintiff's allegations are contradicted by [documents incorporated by reference], those allegations are insufficient to defeat a motion to dismiss."); Rapoport v. Asia Elec. Holding Co., 88 F. Supp. 2d 179, 183 (S.D.N.Y. 2000) ("If these documents [incorporated by reference] contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint.").  Plaintiffs cannot cherry-pick language from

these documents to allege the existence of a duty, while ignoring unequivocal language in the same documents that no such duty exists.

### III. Plaintiffs Cannot Recover for Purely Economic Loss Through a Negligence Claim.

The economic loss doctrine, which holds that a plaintiff "cannot recover in tort for purely economic losses caused by negligence," also precludes plaintiffs' negligence claim against Morgan Stanley. Travelers Cas. & Surety Co. v. Dormitory Auth., 734 F. Supp. 2d 368, 378 (S.D.N.Y. 2010); see Land Mine Enters. v. Sylvester Builders, Inc., 74 F. Supp. 2d 401, 407 (S.D.N.Y. 1999) ("[I]t is well-established under New York law that, where a plaintiff alleges only economic damage resulting from a defendant's alleged negligence, defendants owe no duty to plaintiffs with whom they are not in contractual privity."), aff'd, 234 F.3d 1262 (2d Cir. 2000); Gusmao v. GMT Grp., Inc., 2008 WL 2980039, at *6 (S.D.N.Y. Aug. 1, 2008) ("'New York law holds that a negligence action seeking recovery for economic loss will not lie'" (quoting Suffolk County v. Long Island Lighting Co., 728 F.2d 52, 62 (2d Cir. 1984))).

The exception to the economic loss doctrine for the violation of a professional duty does not apply to plaintiffs' claim against Morgan Stanley. See, e.g., Hydro Investors, Inc. v. Trafalgar Power, Inc., 227 F.3d 8, 18 (2d Cir. 2000) ("[T]he better course is to recognize that the [economic loss] rule allows such recovery in the limited class of cases involving liability for the violation of a professional duty."). Morgan Stanley did not owe a professional duty to plaintiffs because Morgan Stanley did not have a fiduciary relationship with plaintiffs and plaintiffs have failed to allege that a contract exists between themselves and Morgan Stanley. See Hartford Fire Ins. Co. v. Atl. Handling Sys., LLC, 2011 WL 4463338, at *5-6 (E.D.N.Y. Sept. 26, 2011); Travelers Cas. & Surety, 734 F. Supp. 2d at 388.

## IV. Plaintiffs Fail to Adequately Allege Breach and Causation.

Plaintiffs have not identified any conduct by which Morgan Stanley breached its purported duty "to exercise ordinary care." Rather, they allege only that Morgan Stanley "breached its duties to [plaintiffs] ***by*** . . . *failing to exercise ordinary care*." (NAC ¶ 217(a) (emphasis added).) This circular and conclusory pleading is insufficient and indeed need not even be accepted as true. See In re Optimal U.S. Litig., 2011 WL 6424988, at *2 (S.D.N.Y. Dec. 21, 2011) (Scheindlin, J.) (noting that pleadings that contain legal conclusions are "not entitled to the assumption of truth," and that a complaint must include well-pleaded factual allegations that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009))).

Plaintiffs moreover fail to allege that any aspect of the SIV's structure or marketing – much less any negligence by Morgan Stanley – caused their losses. See Derdiarian v. Felix Contracting Corp., 51 N.Y.2d 308, 315 (1980) ("[P]laintiff must generally show that the defendants' negligence was a substantial cause of the events which produced the injury."). Plaintiffs' failure to allege how Morgan Stanley's alleged negligence caused their losses is particularly glaring in light of plaintiffs' assertion that this new claim "is supported by the record developed in discovery." (Ex. A at 1.)

## CONCLUSION

For these reasons, plaintiffs' claim for negligence should be dismissed.

Dated: January 17, 2012
       New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: /s/ James P. Rouhandeh
    James P. Rouhandeh
    james.rouhandeh@dpw.com
    Antonio J. Perez-Marques
    antonio.perez@dpw.com
    William R. Miller, Jr.
    william.miller@dpw.com
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited*