UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| KING COUNTY, WASHINGTON and IOWA STUDENT LOAN LIQUIDITY CORPORATION, <br><br> Plaintiffs, <br><br> -v.- <br><br> IKB DEUTSCHE INDUSTRIEBANK AG, IKB, et al., <br><br> Defendants. | 09-cv-8387 (SAS) |
| ABU DHABI COMMERCIAL BANK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY & CO. INC., et al., <br><br> Defendants. | 08-cv-7508 (SAS) <br><br> **ECF Case** |

## THE RATING AGENCIES' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3000

*Attorneys for The McGraw-Hill Companies, Inc. and Standard & Poor's Ratings Services*

SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 818-9200

*Attorneys for Moody's Investors Service, Inc. and Moody's Investors Service Limited*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

*Attorneys for Fitch, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 3

I.    The Court should reconsider its decision that rating opinions can form the basis of negligent misrepresentation claims .............................................................................. 3

      A.    The Second Circuit's May 10, 2012 decision in *CBS* makes clear that opinions are not actionable based on allegations of negligence .................................. 3

      B.    The finding of a special relationship between the Rating Agencies and investors is contrary to all recent New York law .................................................................. 7

II.    If the Court does not reconsider its decision, the Court should certify an immediate appeal pursuant to 28 U.S.C. § 1292(b) so the Second Circuit can resolve the question ..... 9

CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abu Dhabi Commercial Bank* v. *Credit Suisse Sec. (USA) LLC*, No. 115417/2010
 (Sup. Ct. N.Y. Co. June 28, 2011) .................................................................................. 8-9

*ADL, LLC* v. *Tirakian*, 2010 WL 3925131 (E.D.N.Y. Aug. 26, 2010) ......................................... 6n

*Arthur Properties, S.A.* v. *ABA Gallery, Inc.*, 2011 WL 5910192 (S.D.N.Y. Nov. 28, 2011) ....... 5n

*City of Omaha, Nebraska Civilian Employees' Retirement System* v. *CBS Corp.*,
 2012 WL 1624022 (2d Cir. May 10, 2012) .............................................................. *passim*

*Compuware Corp.* v. *Moody's Investors Services Inc.*, 499 F.3d 520 (6th Cir. 2007) .................... 5

*Consub Delaware LLC* v. *Schahin Engenharia Limitada*, 476 F. Supp. 2d 305
 (S.D.N.Y. 2007) ............................................................................................................... 10

*CPC International Inc.* v. *McKesson Corp.*, 70 N.Y.2d 268 (1987) ............................................ 5n

*Credit Alliance Corp.* v. *Arthur Andersen & Co.*, 65 N.Y.2d 536 (1985) ............................. 7-8, 9n

*Eaves* v. *Designs for Finance, Inc.*, 785 F. Supp. 2d 229 (S.D.N.Y. 2011) ................................. 6n

*Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011) ............................................ *passim*

*Floyd* v. *City of New York*, 813 F. Supp. 2d 457 (S.D.N.Y. 2011) ................................................ 2

*In re General Electric Co. Securities Litigation*, 2012 WL 1371016
 (S.D.N.Y. Apr. 18, 2012). ............................................................................................... 2, 4

*LaSalle National Bank* v. *Duff & Phelps Credit Rating Co.*, 951 F. Supp. 1071
 (S.D.N.Y. 1996) ................................................................................................................. 7

*In re Lehman Brothers Mortgage-Backed Securities Litigation*, 650 F.3d 167
 (2d Cir. 2011) ..................................................................................................................... 5

*In re Merrill Lynch Auction Rate Securities Litigation*, 2011 WL 536437 (S.D.N.Y. Feb. 9,
 2011) ............................................................................................................................... 6-9

*New Jersey Carpenters Vacation Fund* v. *Royal Bank of Scotland Group, PLC*,
 720 F. Supp. 2d 254 (S.D.N.Y. 2010) ................................................................................ 5

*Ohio Police & Fire Pension Fund* v. *Standard & Poor's Financial Services, LLC*,
 813 F. Supp. 2d 871 (S.D. Ohio 2011) ........................................................................... 6-9

*In re Optimal U.S. Litigation*, 2011 WL 6424988 (S.D.N.Y. Dec. 21, 2011) ...................... 4n, 5n

*Parrott* v. *Cooper & Lybrand, LLP*, 702 N.Y.S.2d 40 (1st Dep't 2000) ..................................... 9n

*Sykes* v. *RFD Third Avenue 1 Assocs.*, 15 N.Y.3d 370 (2010) .................................................. 7, 9

*Travelers Casualty & Surety Co.* v. *Dormitory Authority-State of New York*,
    734 F. Supp. 2d 368 (2010) .................................................................................................. 8

*White* v. *Guarente*, 43 N.Y.2d 356 (1977) ..................................................................................... 9n

## Rules and Statutes

Securities Act of 1933
§ 11, 15 U.S.C. § 77k (2006) ........................................................................................... 1, 3-4
§ 12, 15 U.S.C. § 77l (2006) ............................................................................................ 1, 3-4

Securities Exchange Act of 1934
§ 10, 15 U.S.C. § 78j (2006), as amended ................................................................................ 4
§ 10(b), 15 U.S.C. § 78j(b) (2006), as amended ................................................................ 1, 3-4
§ 10(b)(5), 15 U.S.C. § 78j(b)(5) (2006), as amended ......................................................... 4n, 5n
§ 20(a), 15 U.S.C. § 78t(a) (2006), as amended ....................................................................... 1

Judicial Code
28 U.S.C. § 1292(b) (2006) ............................................................................................. 1, 3, 9-10

## Other Authorities

Restatement (Second) of Torts § 552 ................................................................................................ 8

Moody's Investors Service, Inc., Moody's Investors Service Limited, The McGraw-Hill Companies, Inc., and Fitch, Inc.[1] (together, the "Rating Agencies") respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's May 4, 2012 Orders in the above-captioned matters (Dkts. 244 (*King County*) and 404 (*Abu Dhabi*)) (the "May 4 Orders")) or, in the alternative, for certification of an immediate appeal of those Orders as set forth herein pursuant to 28 U.S.C. § 1292(b). The Court's legal analysis underlying the May 4 Orders is contained in the Opinion and Order in *King County* (the "May 4 Opinion").

## PRELIMINARY STATEMENT

The May 4 Opinion holds that credit rating opinions can be actionable in negligent misrepresentation. Fundamental to that holding was the Court's conclusion that the Second Circuit's decision in *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011), applied only to claims asserted under §§ 11 and 12 of the Securities Act of 1933. However, on May 10, 2012, subsequent to the May 4 Opinion, the Second Circuit made clear that this is not the case. In *City of Omaha, Nebraska Civilian Emps.' Ret. Sys. v. CBS Corp.*, 2012 WL 1624022 (2d Cir. May 10, 2012) ("*CBS*"), the Second Circuit confirmed, as Defendants had argued in the underlying motion here, that its holding in *Fait* (that opinions are actionable only if subjectively disbelieved at the time they are expressed) is also applicable to claims under § 10(b) and 20(a) of the 1934 Act because "these claims all share a material misstatement or omission element." *CBS*, 2012 WL 1624022, at *2. Common law fraud and negligent misrepresentation claims, of course, also share this element, and federal courts routinely look to 10(b) cases to define that element. (*See* May 4 Opinion at 33 & n.132.) The negligent misrepresentation claim at issue in the May 4 Opinion, which is predicated on the assertion that the Rating Agencies "*should* have known" that

---

[1] Fitch, Inc. is not a party to the *Abu Dhabi* case and joins this motion only as it relates to the *King County* case.

their ratings were misguided (*see id.* at 19) (emphasis added), cannot survive because *CBS* requires an assessment of whether those opinions were *actually* disbelieved at the time they were expressed.

Moreover, the Court's conclusion that the Rating Agencies could owe a duty to "a select group of qualified investors," a fluid and indeterminate group comprising thousands of institutional investors, is contrary to all recent New York authority. It appears that the Court misapprehended two recent federal cases relied upon by the Rating Agencies, one of which found no special relationship between rating agencies and investors under New York law, the other of which held that no duty existed even under the less demanding California standard. And Justice Sherwood of the New York Supreme Court dismissed a negligent misrepresentation claim brought by Abu Dhabi Commercial Bank against S&P because no special relationship existed. Thus, three cases decided since January 2011, two of which explicitly applied New York law, have rejected the notion that rating agencies owe a duty to qualified investors. No case applying New York law in the past 15 years, and no case decided after the New York Court of Appeals clarified the exacting nature of the special relationship standard in 2010, has held to the contrary.

In light of the Second Circuit's decision in *CBS*, issued after the May 4 Opinion, and recent New York law regarding duty (not fully recognized in the May 4 Opinion), reconsideration of the May 4 Opinion is warranted. *See Floyd* v. *City of New York*, 813 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) (Scheindlin, J.) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal citation omitted); *accord In re General Electric Co. Securities Litigation*, 2012 WL 1371016, at *5 (S.D.N.Y. Apr. 18, 2012) (granting reconsid-

eration because the underlying opinion did not address controlling authority, namely *Fait*). In the event the Court determines not to reconsider the May 4 Opinion, the Rating Agencies respectfully request that the Court certify the May 4 Orders for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) so that the Second Circuit may resolve the disagreement that would thus continue to exist among courts in this Circuit.

## ARGUMENT

I. **The Court should reconsider its decision that rating opinions can form the basis of negligent misrepresentation claims**

    A. **The Second Circuit's May 10, 2012 decision in *CBS* makes clear that opinions are not actionable based on allegations of negligence**

The Second Circuit held in *Fait* that an opinion can be actionable only where the statement is both objectively false or misleading *and* the speaker privately disbelieves it. That holding was central to the Rating Agencies' motions to dismiss Plaintiffs' negligent misrepresentation claims. (*See Abu Dhabi* Dkt. 353 at 3, Dkt. 371 at 2-3; *King County* Dkt. 220 at 13, Dkt. 235 at 5.) The Court denied the Rating Agencies' motions and allowed negligent misrepresentation claims to proceed, accepting Plaintiffs' argument that *Fait* – a case decided under § 11 of the 1933 Act – was not applicable to misrepresentation-based claims outside the 1933 Act context. (May 4 Opinion at 33) Specifically, the May 4 Opinion reasoned as follows:

> Many of the cases which defendants cite for the proposition that credit ratings are not actionable deal with Sections 11 and 12 of the Securities Act of 1933. Although cases interpreting Section 10(b) of the Securities [Exchange] Act are helpful to federal courts applying New York law, the same is not true for Sections 11 and 12.

*Id.* at 33-34; *id.* at 33 n.131 (citing *Fait*). In a May 10, 2012 decision, however, the Second Circuit squarely rejected this proposition, making clear that *Fait*'s holding is **not** limited to the § 11 context. *CBS*, 2012 WL 1624022, at *2.

The Second Circuit explained in *CBS* that an opinion cannot be an actionable misstate-

ment unless "defendants did not believe in their statements of opinion . . . at the time they made them." *Id.* at *2. Allegations that a defendant "should" have known that an opinion was false, the heart of a negligent misrepresentation claim, are insufficient to meet this standard. *See id.* at *3. In reaching this conclusion, the Second Circuit explicitly rejected the position that the reasoning of *Fait* is limited to the 1933 Act context. *Id.* at *2. The *CBS* court explained that § 10 claims, like §§ 11 and 12 claims, require that an opinion be subjectively disbelieved in order to be actionable, and explained that "these claims all share a material misstatement or omission element." *Id.* In other words, while misrepresentation-based claims differ with respect to certain elements, an identical analysis applies to the misrepresentation element common to such claims.

The Second Circuit's holding in *CBS* makes clear that the reasoning of *Fait* applies with equal force to misrepresentation-based claims based on opinions outside of the 1933 Act context. Such opinions are actionable only if they "falsely represented the speakers' belief at the time they were made." *Fait*, 655 F.3d at 107; *see also In re General Electric Co. Securities Litigation*, 2012 WL 1371016, at *5, 12 (S.D.N.Y. Apr. 18, 2012) (applying, on reconsideration, *Fait* to both 1933 Act and 1934 Act claims and explaining that a "statement of belief or opinion will only give rise to liability . . . if it was both objectively false and disbelieved . . . at the time it was expressed.") (internal citation and quotation marks omitted). The Second Circuit's explicit application of *Fait* to § 10(b) cases now provides clear guidance as to the limited circumstances in which an opinion may constitute an actionable statement under New York state law. (*See* May 4 Opinion at 33 ("cases interpreting Section 10(b) of the Securities [Exchange] Act are helpful to federal courts applying New York law").)[2]

---

[2] This Court has itself recently recognized that "[b]ecause the elements of common-law fraud in New York are substantially identical to those governing § 10(b), the identical analysis applies." *In re Optimal U.S. Litigation,* 2011 WL 6424988 at *4 (S.D.N.Y. Dec. 21, 2011) (cita-

-4-

Credit ratings are statements of opinion about future capacity to repay. *In re Lehman Bros. Mortgage-Backed Securities Litigation*, 650 F.3d 167, 183 (2d Cir. 2011) (ratings are opinions); *New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group*, 720 F. Supp. 2d 254, 271 (S.D.N.Y. 2010) (holding that "credit ratings and the relative adequacy of protective credit enhancements are statements of opinion, as they are predictions of future value and future protection of that value"); *see also Compuware Corp. v. Moody's Investors Servs., Inc.*, 499 F.3d 520, 529 (6th Cir.2007) ("A . . . credit rating is a predictive opinion, dependent on a subjective and discretionary weighing of complex factors."). As the Court recognized in the May 4 Opinion, Plaintiffs acknowledge the predictive nature of rating opinions. (May 4 Opinion at 7 (citing *King County* Complaint allegations that ratings speak to "probability of default" and "likelihood of recovery in the event of default")). Thus, as the Rating Agencies argued on the underlying motions, Plaintiffs' claim premised on negligence cannot survive because *CBS* requires those opinions to have been subjectively disbelieved when expressed.[3]

Two recent cases involving negligent misrepresentation claims based on ratings held that

---

tion and internal quotation marks omitted). In *Optimal*, the Court declined to find that the Supreme Court's analysis in *Janus* of who "made" a statement for purposes of Rule 10b-5 liability (which was explicitly based on a construction of Rule 10b-5's language) rendered the group pleading doctrine unavailable as to New York fraud claims; the *Optimal* decision did not address or analyze the misrepresentation element that is common to the common law and the 10b-5 fraud claims. *Id.* at *11. *Fait* has already been used in interpreting what statements are actionable in fraud and misrepresentation under New York law even before *CBS*. *See, e.g., Arthur Properties, S.A. v. ABA Gallery, Inc.*, 2011 WL 5910192, at *2 n.17 (S.D.N.Y. Nov. 28, 2011) (noting, in the course of dismissing claims for fraud and negligent misrepresentation, that "an opinion is not actionable unless the person rendering it did not actually hold the stated opinion at the time the statement was made") (citing *Fait*).

[3] The May 4 Opinion distinguished between "statements predicting future events, which are not actionable in negligent misrepresentation in New York, and statements of opinion, which may be." (May 4 Opinion at 34). In this case, such a distinction does not apply, as credit ratings are simply opinions about future events. In any event, opinions, whether about value as in *Arthur Properties*, "goodwill" as in *CBS*, or credit rating opinions as in *Compuware*, are not actionable as misrepresentations unless they meet the *Fait* standard.

such claims cannot stand, as *CBS* now confirms. *See Ohio Police & Fire Pension Fund v. Standard & Poor's Financial Services, LLC*, 813 F. Supp. 2d 871, 879, 883-85 (S.D. Ohio 2011) (dismissing negligent misrepresentation claim because ratings are not "actionable misrepresentations" where plaintiffs did not allege that the rating agencies "knew that the ratings . . . were false at the times when the ratings were assigned"); *In re Merrill Lynch Auction Rate Securities Litigation*, 2011 WL 536437, at *12-13 (S.D.N.Y. Feb. 9, 2011)[4] (dismissing negligent misrepresentation claims because in neither New York nor California "is a statement of opinion actionable" except where "the opinion holder knew the opinion was false or did not hold the opinion expressed at the time it was expressed").[5] Although the Rating Agencies cited both cases in their briefs in support of the underlying motions (*e.g., Abu Dhabi* Dkt. 353 at 4 n.4, n.5; *King County* Dkt. 220 at 6) and pointed out that these cases did apply New York law (*e.g., King County* Dkt. 235 at 6 n.6), the Court distinguished these cases as "inapposite because they do not

---

[4] Plaintiffs in the *In re Merrill Lynch* matter have appealed Judge Preska's decision dismissing their negligent misrepresentation claims to the Second Circuit; oral argument was held on April 25, 2012, and that appeal is now fully submitted for decision.

[5] These decisions, consistent with *Fait*, are also entirely consistent with New York Court of Appeals precedent. *See CPC Int'l Inc. v. McKesson Corp.*, 70 N.Y.2d 268, 286 (1987) (holding that defendant must "know[] that [the opinion] was false and unreasonable and . . . not based on [the company]'s actual financial condition."). To the extent the May 4 Opinion relied upon *ADL, LLC v. Tirakian*, 2010 WL 3925131 (E.D.N.Y. Aug. 26, 2010) as authority for a contrary view of New York law, such reliance is misplaced both because of the governing *CBS* ruling and, in any event, because of an error in the *ADL* decision. The Court cited *ADL* for the proposition that statements of opinion can be actionable "if they are made in bad faith or are not supported by the available evidence." (May 4 Opinion at 33). As the Rating Agencies pointed out in their submission on the underlying motion (*E.g., King County* Dkt. 235 at 6 n.7; *see also Abu Dhabi* Dkt. 395 at 5.), in *ADL*, Magistrate Judge Go misstated the New York Court of Appeals' decision in *CPC*, incorrectly inserting the word "or" where the Court of Appeals had in fact said "and." And *Eaves v. Designs for Finance, Inc.*, 785 F. Supp. 2d 229 (S.D.N.Y. 2011), also relied upon in the May 4 Opinion, held only that opinions were actionable where the plaintiff alleged that the defendant "did not actually believe its opinions when it communicated them." *Id.* at 253. There is thus no basis in Second Circuit or New York jurisprudence for the view that opinions can be actionable absent subjective disbelief.

apply New York law." (May 4 Opinion at 34 (citing *Ohio Police* and *In re Merrill Lynch*)). Both *Ohio Police* and *In re Merrill Lynch* in fact do apply New York law and dismissed negligent misrepresentation claims based on credit ratings.[6]

The Second Circuit has now made clear that *Fait*'s holding is not confined to the 1933 Act context. *CBS*, 2012 WL 1624022, at *2. Because the Court did not have the benefit of the Second Circuit's decision in *CBS* before issuing the May 4 Opinion and for the other reasons set forth above, reconsideration should be granted.

> B.   **The finding of a special relationship between the Rating Agencies and investors is contrary to all recent New York law**

The Court concluded in the May 4 Opinion that, "[b]ecause they were members of a select group of qualified investors, plaintiffs were known parties towards whom the Rating Agencies targeted their alleged misrepresentations, and thus the 'known party' prong of the [*Credit Alliance Corp.* v. *Arthur Andersen & Co.*, 65 N.Y.2d 536, 551 (1985)] test has been met." (May 4 Opinion at 38-39). This "special relationship" analysis relies principally upon *LaSalle National Bank* v. *Duff & Phelps Credit Rating Co.*, 951 F. Supp. 1071 (S.D.N.Y. 1996), a 15 year old district court case decided before the New York Court of Appeals stated unequivocally: "The words 'known party or parties' in the *Credit Alliance* test mean what they say," and a defendant must "know 'the identity of the specific nonprivy party who would be relying.'" *Sykes* v. *RFD Third Ave. 1 Associates*, 15 N.Y.3d 370, 373-74 (2010) (internal citation omitted).

---

[6]   See *Ohio Police*, 813 F. Supp. 2d at 879 ("[E]ven if the Martin Act does not preempt the Ohio Funds' claim, **the claim would still fail under New York law** for the same reasons it fails under Ohio law, as discussed below—namely, that in New York there must be a duty owed by the defendant to the plaintiff, and there must be an actionable misrepresentation.") (emphasis added); *In re Merrill Lynch*, 2011 WL 536437, at *12 ("Before getting to the substance of the [negligent misrepresentation] claims, the parties disagree about what state's law applies. The Rating Agencies say that New York law applies, whereas Plaintiff says that California law applies. However, the Court need not carve this bird. ***In neither state is a statement of opinion actionable***.") (footnote omitted, emphasis added).

Recent state and federal court authority has uniformly declined to find a special relationship between rating agencies and groups of potential investors, rejecting the proposition that such a relationship exists even under the more expansive California standard (embodied in § 552 of the Restatement of Torts). In *In re Merrill Lynch*, Judge Preska found as a matter of law that a class of qualified institutional buyers was "far from narrow and circumscribed" and that therefore the plaintiff failed to allege the existence of a duty even under the less stringent standard of the Restatement of Torts.[7] 2011 WL 536437, at *12 n.6. Similarly, in *Ohio Police*, the court recognized that the term "qualified investors" "encompasses thousands of mutual funds, hedge funds, public and private pension funds, ERISA funds, university endowment funds, investment banks, insurers, charitable foundations, trusts, partnerships, and high net-worth individuals," and thus could not satisfy the "known party" requirement of *Credit Alliance*. 813 F. Supp. 2d at 882. As a result, the court held that no duty existed between "qualified investors" and rating agencies under *either* New York or Ohio law. *Id.* at 879, 882.[8] And, as the Court noted in the May 4 Opinion, the Commercial Division found just last year "under very similar facts" that no special relationship existed between S&P and Abu Dhabi, dismissing the negligent misrepresentation

---

[7] *See Travelers Casualty & Surety Co. v. Dormitory Authority-State of New York*, 734 F. Supp. 2d 368, 381 (S.D.N.Y. 2010) (noting that § 552 embodied a "lower threshold" than New York law, and noting that the "strictness" of New York's duty test "finds particular application" with respect to the "known party" element).

[8] Recognizing the virtually nonexistent relationship Plaintiffs alleged with the Rating Agencies, the Court in the May 4 Opinion, after discussing the alleged "select group" of "qualified investors", discussed at some length the additional alleged contacts involving other defendants, pointing to allegations such as those that "'Morgan Stanley and IKB knew the identities of the Senior Notes investors prior to those investors' purchases of the Senior Notes.'" (May 4 Opinion at 45). Of course, if Plaintiffs' membership among the fluid and indeterminate pool of qualified investors were enough to find a special relationship, there would be no need to look to such allegations. In contrast to the allegations as to Morgan Stanley and IKB, the Complaint contains no allegation that the Rating Agencies knew the identities of potential investors.

claims. May 4 Opinion at 43 n.164 (citing *Abu Dhabi Commercial Bank* v. *Credit Suisse Sec. (USA) LLC*, No. 115417/2010 at 7-8 (Sup. Ct. N.Y. Co. June 28, 2011)).[9]

The Court's conclusion that Plaintiffs adequately pleaded a special relationship between themselves and the Rating Agencies is inconsistent with the recent cases addressing this question under New York law, and is inconsistent with the Court of Appeals' decision in *Sykes*. Reconsideration is therefore warranted.

## II. If the Court does not reconsider its decision, the Court should certify an immediate appeal pursuant to 28 U.S.C. § 1292(b) so the Second Circuit can resolve the question

As discussed at Points I.A and I.B, *supra*, the Court's decision that rating opinions, even if honestly held, can form the basis of New York negligent misrepresentation claims is inconsistent with the Second Circuit's recent decision in *CBS* and is inconsistent with the results reached by every lower court to have considered the question under New York law in the past 15 years. If the Court is disinclined to revisit the May 4 Opinion based upon the intervening Second Circuit decision in CBS, and in light of the fact that the *In re Merrill Lynch* and *Ohio Police* did in fact provide guidance as to New York law as discussed at Point I above, the Rating Agencies respectfully request that the Court certify an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

[9] The May 4 Opinion relied on *White* v. *Guarente*, 43 N.Y.2d 356 (1977), a New York Court of Appeals case not cited by either Plaintiffs or the Rating Agencies when discussing the special relationship element, for the proposition that a defendant need not know a specific party for it to qualify as a "known party" under *Credit Alliance*. (May 4 Opinion at 39). But *White* was decided a decade <u>before</u> *Credit Alliance* (and three decades before *Sykes*) and thus could not have spoken to the application of the test articulated in that case. *See Parrott* v. *Cooper & Lybrand, LLP*, 702 N.Y.S.2d 40, 46 (1st Dep't 2000) ("[W]ith the subsequent *Credit Alliance* ruling, the Court of Appeals refined the analysis, superseding *White*."). Nor are the facts of *White*–which involved a plaintiff who was one of a 40-person limited partnership bringing suit against the accounting firm that had been retained by the partnership–remotely applicable to the circumstances before the Court. As the *White* Court itself emphasized, that case "did not involve *prospective* limited partners, unknown at the time and who might be induced to join, but rather *actual* limited partners, *fixed and determined*." 43 N.Y.2d at 361 (emphasis added).

Certification of an appeal under § 1292(b) is appropriate if three conditions are satisfied: (1) that ruling on which the appeal is sought involves a "controlling question of law;" (2) that there is "substantial ground for difference of opinion" as to that controlling question of law; and, (3) that an immediate appeal will "advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b); *see also Consub Delaware LLC* v. *Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 313-14 (S.D.N.Y. 2007) (Scheindlin, J.).

Both questions set forth at Point I above are fundamental questions of law, the resolution of which will materially change the shape of this case going forward. The presence or absence of the negligence-based claims at issue will have a major influence on the parties' approaches to further fact discovery, expert discovery, and trial preparation. If the rating opinions are not actionable under a negligent misrepresentation theory, as Defendants argued on the underlying motion, then those claims will be dismissed outright, eliminating the need for additional fact discovery and avoiding further discovery disputes. And, because this Court's decision to permit negligence misrepresentation claims to proceed based on rating opinions is contrary to the result reached by two federal courts just last year applying New York law and by the New York Supreme Court in a case involving some of these same parties (even leaving aside the clear application of *CBS* to these claims), there is clearly a substantial basis for a view of the law contrary to that adopted by this Court. The requisites for § 1292(b) are satisfied here and, if the Court determines not to reconsider its May 4 Opinion, certification of an immediate appeal is warranted.

## CONCLUSION

For the reasons set forth above, the May 4 Opinion should be revisited, and the negligent misrepresentation claims should be dismissed. In the alternative, the Rating Agencies respectfully request that the Court certify an immediate appeal of the May 4 Orders.

Dated:   May 17, 2012
New York, New York

Respectfully submitted,

| | |
|---|---|
|   /s/ Dean Ringel<br>Floyd Abrams<br>Dean Ringel<br>Tammy L. Roy<br>Jason M. Hall<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, NY 10005<br>Telephone: (212) 701-3000<br>fabrams@cahill.com<br>dringel@cahill.com<br>troy@cahill.com<br>jhall@cahill.com<br><br>*Attorneys for The McGraw-Hill Companies, Inc. and Standard & Poor's Ratings Services* |   /s/ Joshua M. Rubins<br>Joshua M. Rubins<br>James J. Coster<br>Mario Aieta<br>James I. Doty<br>SATTERLEE STEPHENS BURKE & BURKE LLP<br>230 Park Avenue<br>New York, NY 10169<br>Telephone: (212) 818-9200<br>jrubins@ssbb.com<br>jcoster@ssbb.com<br>maieta@ssbb.com<br>jdoty@ssbb.com<br><br>*Attorneys for Moody's Investors Service, Inc. and Moody's Investors Service Ltd.*<br><br>  /s/ Martin Flumenbaum<br>Martin Flumenbaum<br>Julia Tarver Mason Wood<br>Andrew J. Ehrlich<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Telephone: (212) 373-3000<br>mflumenbaum@paulweiss.com<br>jwood@paulweiss.com<br>aehrlich@paulweiss.com<br><br>*Attorneys for Fitch, Inc.* |