UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KING COUNTY, WASHINGTON,  :
IOWA STUDENT LOAN LIQUIDITY  :
CORPORATION, Together and on  :
Behalf of All Others Similarly Situated,  :
:
     Plaintiffs,  :  09 Civ. No. 8387 (SAS)
:
   - against -  :  **ECF Case**
:
IKB DEUTSCHE INDUSTRIEBANK  :
AG, et al.,  :
:
     Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ABU DHABI COMMERCIAL BANK, et al., :
:
     Plaintiffs,  :
   - against -  :  08-cv-7508 (SAS)
:
:
MORGAN STANLEY & CO. INC, et al.,  :  **ECF Case**
:
:
     Defendants  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MORGAN STANLEY &
CO. INCORPORATED AND MORGAN STANLEY & CO. INTERNATIONAL
LIMITED'S MOTION FOR RECONSIDERATION**

James P. Rouhandeh
Antonio J. Perez-Marques
Jessica L. Freese
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Counsel to Defendants Morgan Stanley &*

Defendants Morgan Stanley & Co. Inc. (n/k/a Morgan Stanley & Co. LLC) and Morgan Stanley & Co. International Limited (n/k/a Morgan Stanley & Co. International plc) (together, "Morgan Stanley") respectfully submit this memorandum of law in support of their motion, pursuant to Local Rule 6.3, seeking partial reconsideration of this Court's May 4, 2012 orders in the above-captioned matters (the "Orders") which granted in part and denied in part defendants' motions to dismiss. *See King County, Washington v. IKB Deutsche Industriebank AG*, 2012 WL 1592193, at *9 (S.D.N.Y. May 4, 2012); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 08 Civ. 7508 (SAS) (Dkt. No. 404). The Second Circuit's recent decision in *City of Omaha, Nebraska Civilian Employees' Retirement System v. CBS Corp.*, 2012 WL 1624022, on May 10, 2012 contradicts this Court's holding that *Fait* is limited to Section 11 claims, and thus is not applicable to other claims that share a misstatement element, such as those under Section 10(b) or common law. Under *CBS*, statements of opinion are actionable only when not actually believed at the time expressed. In light of the Second Circuit's recent clarification of the law with respect to the actionability of opinions, reconsideration of the Court's denials of defendants' motions to dismiss plaintiffs' negligent misrepresentation claims is warranted.

## STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court. "A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (Scheindlin, J.). One of the "typical grounds" for reconsideration occurs where there is "an intervening change of controlling law." *See, e.g., Gucci Am., Inc. v. Guess?, Inc.*,

No. 09 Civ. 4373 (SAS), 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (Scheindlin, J.). Reconsideration is appropriate in this case because six days after this Court issued its Orders, the Second Circuit clarified the law with respect to actionability of opinions in a decision that directly contradicts the Orders.

## ARGUMENT

In *CBS*, the Second Circuit confirmed that its holding in *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011), is not limited to the "specific context" of claims under Sections 11 and 12 of the Securities Act of 1933. 2012 WL 1624022, at *2. Rather, the Second Circuit held that *Fait* is also applicable to claims under Sections 10(b) and 20(a) of the 1934 Act, which share the same misstatement element. In fact, the Second Circuit made clear that it is <u>because</u> these claims share a misstatement element that the same *Fait* analysis applies: "Though *Fait* involved claims under Sections 11 and 12 of the Securities Act of 1933, the same reasoning applies under Sections 10(a) and 20(b) [sic] of the 1934 Act, as these claims all share a material misstatement or omission element." *Id.* (internal citations omitted). Because the claim at issue here, negligent misrepresentation, likewise shares the same material misstatement element, the same *Fait* analysis applies. *See King County*, 2012 WL 1592193, at *9, *13. Thus, the Second Circuit's holding in *CBS* that *Fait* is equally applicable to Section 11 and Section 10(b) claims is irreconcilable with this Court's distinguishing of *Fait* and other Section 11 cases on the basis that "[a]lthough cases interpreting Section 10(b) of the Securities Act are helpful to federal courts applying New York law, the same is not true for Sections 11 and 12." *King County*, 2012 WL 1592193, at *9. In light of *CBS*'s clear holding that *Fait* also sets the standard for actionability of opinions under Section 10(b), and thus is applicable to common law claims with a material misstatement or omission element, Morgan Stanley respectfully requests that the Court

reconsider its Orders and apply the standard for actionability of opinions as announced in *Fait* and confirmed in *CBS*.

*CBS* confirms that liability for opinions arises only where "defendants did not believe in their statements of opinion . . . at the time they made them." 2012 WL 1624022, at *2-3.  Even allegations "that defendants were aware of facts that <u>should</u> have led them to [a different conclusion] would not suffice to state a securities fraud claim after *Fait*." *Id.* at *3 (emphasis in original); *see also Fait*, 655 F.3d at 112.  *CBS* confirms that opinions are actionable *only* where they misrepresent the speaker's genuine opinion.[1]

Here, the only statements at issue are the credit rating opinions of the respective Rating Agencies.  *See* King County Second Am. Compl. ¶¶ 243, 245; *King County, Washington v. IKB Deutsche Industriebank AG*, 708 F. Supp. 2d 334, 336 (S.D.N.Y. 2010); ADCB Ninth Am. Compl. ¶ 202; *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 268 F.R.D. 252, 261 (S.D.N.Y. 2010); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 175-81 (S.D.N.Y. 2009).  Because the credit ratings at issue are an expression of the rating agencies' individual opinions regarding the likelihood of future repayment, they are not actionable unless they were not actually held at the time expressed.[2]  Because a misstatement of

---

[1] There is no authority under New York law to support the existence of a claim for negligent misrepresentation where the speaker genuinely, even if unreasonably, held and expressed an opinion.

[2] It is well-settled that credit ratings are predictive opinions. *In re Lehman Bros. Mortg.-Backed Secs. Litig.*, 650 F.3d 167, 183 (2d Cir. 2011) (ratings are opinions); *N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Grp.*, 720 F. Supp. 2d 254, 271 (S.D.N.Y. 2010) ("[C]redit ratings and the relative adequacy of protective credit enhancements are statements of opinion, as they are predictions of future value and future protection of that value."); *see also Compuware Corp. v. Moody's Investors Servs., Inc.*, 499 F. 3d 520, 529 (6th Cir. 2007) (A "credit rating is a predictive opinion, dependent on a subjective and discretionary weighing of complex factors.").

one's actual opinion is necessarily intentional, the credit rating opinions at issue are not actionable in negligence.

Other courts have applied the rule articulated in *Fait* and confirmed in *CBS* in determining whether opinions were actionable misstatements with respect to negligent misrepresentation claims under New York law. *See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs., LLC*, 813 F. Supp. 2d 871, 882-85 (S.D. Ohio 2011) (applying *Fait* and determining that credit ratings were not actionable in negligent misrepresentation claim under either New York or Ohio law); *In re Merrill Lynch Auction Rate Sec. Litig.*, No. 09 MD 2030 (LAP), 2011 WL 536437, at *12-13 (S.D.N.Y. Feb. 9, 2011) (holding that credit ratings were not actionable in negligent misrepresentation claim under either New York or California law).[3]

The cases relied upon by the Court in the Orders, which were decided before *CBS*, do not hold otherwise and are, in any event, not applicable in light of the Second Circuit's decision. *See CBS*, 2012 WL 1624022, at *2 n.4 (contrary district court decisions irrelevant in light of the decision in *Fait*). For example, in *Eaves v. Designs for Finance Inc.* the court permitted claims to move forward in light of allegations that the defendant "did not actually believe its opinions when it communicated them." 785 F. Supp. 2d 229, 253, 256 (S.D.N.Y. Mar. 30, 2011). And

---

[3] While the Court distinguished *Ohio Police* and *In re Merrill* in its Orders as "applying the common law of other states," *King County*, 2012 WL 1592193, at *9 n.134, those courts determined that the negligent misrepresentation claims failed under the laws of New York and the other states at issue, eliminating any need to determine which law governed. *See Ohio Police*, 813 F. Supp. 2d at 873 ("The court finds that the negligent misrepresentation claim fails no matter whether New York or Ohio law applies;" "in New York there must be a duty owed by the defendants to the plaintiff, and there must be an actionable misrepresentation."); *In re Merrill*, 2011 WL 536437, at *12 ("The Rating Agencies say that New York law applies, whereas Plaintiff says that California law applies. However, the Court need not carve this bird. In neither state is a statement of opinion actionable" other than "where the opinion holder knew the opinion was false or did not hold the opinion expressed at the time it was expressed.").

*ADL, LLC v. Tirakian*, 2010 WL 3925131 (E.D.N.Y. Aug. 26, 2010), is readily distinguishable because it misstated the New York Court of Appeals' decision concerning a *fraud* claim in *CPC International Inc. v. McKesson Corp.*, 70 N.Y.2d 268, 286 (1987), incorrectly inserting the word "or" where the Court of Appeals had in fact said "and."[4]

Because the credit ratings are statements of opinion and may only be actionable where the speaker did not believe them at the time they were made, they cannot give rise to a negligent misrepresentation claim under New York law.  Plaintiffs' failure to allege an actionable misrepresentation requires dismissal of their negligent misrepresentation claims.

---

[4] In response to defendants' notice of supplemental authority concerning the *CBS* decision, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 08 Civ. 7508 (Dkt. No. 405), plaintiffs recently asserted incorrectly that other New York decisions supported the Court's conclusion. *See Abu Dhabi*, (Dkt. No. 406) at 1 n.2.  The cases cited, however, do not alter the conclusion recently reached by the Second Circuit in *CBS*. *LaSalle National Bank v. Duff & Phelps Credit Rating Co.*, 951 F. Supp. 1071, 1092-95 (S.D.N.Y. 1996) and *Anwar v. Fairfield Greenwich, Ltd.*, 728 F. Supp. 2d 372, 454-57 (S.D.N.Y. 2010) did not address the actionability of opinions and were, in any event, decided before *CBS*.  Likewise, *RBS Citizens, N.A., v. Thorsen*, 898 N.Y.S.2d 219, 220 (2d Dep't 2010) simply found that "certain 'information' the defendant imparted to the plaintiff in an opinion letter 'was false'" and did not address the actionability of the opinion itself.  *Rodin Properties-Shore Mall, N.V. v. Ullman* permitted a claim to proceed where the appraisal misstated a objective fact.  694 N.Y.S.2d 374, 376 (1st Dep't 1999) (appraisal falsely stated that the Hamilton Mall was 20 miles away from the property at issue when, in fact, it was actually only 5.6 miles away).  *HAS Residential Mortgage Services. v. Casuccio*, 350 F. Supp. 2d 352, 368-69 (E.D.N.Y. 2003) concerned alleged misrepresentations about specific facts contains in an annual report prepared, reviewed, and approved by defendant and did not discuss the actionability of opinions.  And, *Spielman v. Acme National Sales Co.*, decided more than 20 years ago, permitted a counterclaim for fraud to proceed where the defendant allegedly gave the plaintiff false information and "an inappropriate opinion."  572 N.Y.S.2d 400 (3d Dep't 1991).

## CONCLUSION

For these reasons, the Court should grant defendants' motion for reconsideration and dismiss plaintiffs' negligent misrepresentation claims.

Dated: May 17, 2012                                Respectfully submitted,
New York, New York

                                                   DAVIS POLK & WARDWELL LLP

                                                   By: _____
                                                       James P. Rouhandeh
                                                       james.rouhandeh@davispolk.com
                                                       Antonio J. Perez-Marques
                                                       antonio.perez@davispolk.com
                                                       Jessica L. Freese
                                                       jessica.freese@davispolk.com

                                                   450 Lexington Avenue
                                                   New York, New York 10017
                                                   (212) 450-4000

                                                   *Counsel to Defendants Morgan Stanley &*
                                                   *Co. Incorporated and Morgan Stanley &*
                                                   *Co. International Limited*