UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KING COUNTY, WASHINGTON,
IOWA STUDENT LOAN LIQUIDITY
CORPORATION, Together and on
Behalf of All Others Similarly Situated,

      Plaintiffs,

  - against -

IKB DEUTSCHE INDUSTRIEBANK
AG, et al.,

      Defendants.

09 Civ. No. 8387 (SAS)

**ECF Case**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ABU DHABI COMMERCIAL BANK, et al.,

      Plaintiffs,

  - against -

MORGAN STANLEY & CO. INC, et al.,

      Defendants

08-cv-7508 (SAS)

**ECF Case**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MORGAN STANLEY & CO. INCORPORATED AND MORGAN STANLEY & CO. INTERNATIONAL LIMITED'S MOTION FOR RECONSIDERATION

James P. Rouhandeh
Antonio J. Perez-Marques
Jessica L. Freese
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Counsel to Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited*

Defendants Morgan Stanley & Co. Inc. (n/k/a Morgan Stanley & Co. LLC) and Morgan Stanley & Co. International Limited (n/k/a Morgan Stanley & Co. International plc) (together, "Morgan Stanley") respectfully submit this memorandum of law in support of their motion, pursuant to Local Rule 6.3, seeking partial reconsideration of this Court's May 4, 2012 orders in the above-captioned matters (the "Orders") which granted in part and denied in part defendants' motions to dismiss. *See King County, Washington v. IKB Deutsche Industriebank AG*, 2012 WL 1592193, at *9 (S.D.N.Y. May 4, 2012); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 08 Civ. 7508 (SAS) (Dkt. No. 404).[1] The Second Circuit's recent decision in *Stephenson v. PricewaterhouseCoopers, LLP*, 2012 WL 1764191, on May 18, 2012 contradicts this Court's holding that plaintiffs sufficiently alleged that Morgan Stanley had a special, privity-like relationship with them.[2] As the Second Circuit explained in *Stephenson*, a complaint must allege that the defendant "<u>knew</u> the identity of the <u>specific</u> non-privity [sic] party who would be relying" on the alleged misstatement. *Id.* at *3 (emphasis added). Plaintiffs did not, and cannot, allege that Morgan Stanley knew the identity of either plaintiff in the *King County* action or a number of plaintiffs in the *ADCB* action. In light of the Second Circuit's recent decision, reconsideration of the Court's denials of Morgan Stanley's motions to dismiss plaintiffs' negligent misrepresentation claims is warranted.

---

[1] Morgan Stanley filed motions for partial reconsideration of the Orders based on the Second Circuit's recent decision in *City of Omaha, Nebraska Civilian Employees' Retirement System v. CBS Corp.*, 2012 WL 1624022 (May 10, 2012). *See King County*, Dkt. No. 248; *ADCB*, Dkt. No. 410. While each of plaintiffs' negligent misrepresentation claims fails against Morgan Stanley for the reasons set forth therein, Morgan Stanley respectfully files this motion regarding additional grounds for dismissal as to each plaintiff in the *King County* action and as to plaintiffs King County, Washington ("King County"), The Bank of N.T. Butterfield & Son Limited ("Butterfield"), and SEI Investment Strategies, LLC ("SEI Strategies") in the *ADCB* action.

[2] While the *Stephenson* decision is a summary order and thus does not have a binding precedential effect, it serves to clarify the applicable controlling law.

## STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court. "A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (Scheindlin, J.).[3] "Typical grounds for reconsideration include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See, e.g.*, *Gucci Am., Inc. v. Guess?, Inc.*, No. 09 Civ. 4373 (SAS), 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (Scheindlin, J.). Reconsideration is appropriate here because two weeks after the Court issued its Orders, the Second Circuit clarified the law with respect to the imposition of a legal duty under New York's *Credit Alliance* test.

## ARGUMENT

Under New York law, in the absence of actual contractual privity, plaintiffs must allege a special relationship sufficient to give rise to a legal duty. *See Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551 (1985). Whether a special relationship exists is governed by a three factor test set forth in *Credit Alliance*. *Id.*; *see also King County*, 2012 WL 1592193, at *10. The Second Circuit's recent decision in *Stephenson* makes clear that the "known party" prong of the *Credit Alliance* test requires that the defendant "<u>knew</u> the identity of the <u>specific</u> non-privity [sic] party who would be relying." *Stephenson*, 2012 WL 1764191, at *3 (emphasis added).

---

[3] Because the Second Circuit's opinion was not issued until two weeks after the Court's decision, Morgan Stanley respectfully requests that the Court waive the 14-day filing requirement in its discretion under Local Rule 6.3. Alternatively, Morgan Stanley requests leave to file a renewed motion to dismiss in the light of the *Stephenson* decision.

With respect to the *ADCB* action, while plaintiffs allege that Morgan Stanley "had direct communications with and knew the specific identities of" certain plaintiffs, there is no allegation that Morgan Stanley knew the identity of King County, Butterfield, or SEI Strategies. *See* ADCB Ninth Amended Complaint ¶ 216(*l*).[4] In *King County*, plaintiffs do not, and cannot, allege that Morgan Stanley knew the specific identity of either King County or Iowa Student Loan Liquidity Corporation ("ISL"). Indeed, the allegations conspicuously stop short of alleging that Morgan Stanley knew the identities of either plaintiff in the *King County* action and instead allege that Morgan Stanley knew the identities of "the Senior Notes investors" generally. This generic allegation is insufficient to satisfy even the basic pleading requirements of Federal Rule of Civil Procedure 8(a), much less the more rigorous requirements of Rule 9(b).[5] Plaintiffs do not allege that Morgan Stanley knew the identities of either King County or ISL specifically or that Morgan Stanley knew the identities of <u>every</u> Senior Note Investor. Moreover, as explained in *Stephenson*, allegations that Morgan Stanley could or should have known their identities are insufficient under *Sykes* and *Credit Alliance*. Plaintiffs have thus failed to allege that Morgan Stanley owed them any legal duty for the additional reason that they have failed to satisfy the pleading requirements under the "known party" prong of the *Credit Alliance* test and their claims should be dismissed.

This Court relied on *LaSalle National Bank v. Duff & Phelps Credit Rating Co.*, 951 F. Supp. 1071, 1092-93 (S.D.N.Y. 1996) in reaching its conclusion that "'[k]nowledge of the identity of each particular plaintiff is not necessary." *King County*, 2012 WL 1592193, at *12 &

---

[4] Morgan Stanley does not concede that it "knew the specific identities of" the other *ADCB* plaintiffs as alleged in paragraph 216(*l*) of the Ninth Amended Complaint.

[5] Because "[n]egligent misrepresentation is a type of fraud," it is subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). *See, e.g., King County*, 2012 WL 1592193, at *12 & n.177

n.168. The Second Circuit, however, disregarded *LaSalle* and reached the contrary conclusion in *Stephenson*. In *Stephenson*, as here, the plaintiff argued that he was a "known party" because he was part of a "small and defined class of prospective investors" and cited *LaSalle* and *White v. Guarente*, 43 N.Y.2d 356, 363 (1977) for support. *See Stephenson* Appellant Reply Brief at 3-4 (attached at Ex. A). The Second Circuit rejected that argument, relying on the more recent, controlling law from the New York Court of Appeals, *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 15 N.Y.3d 370, 373-74 (2010). *See Stephenson*, 2012 WL 1764191, at *3. Here, plaintiffs' argument that their membership in a "known" subset of all prospective investors satisfies the "known party" prong of the *Credit Alliance* test should be rejected under the same rationale that the Second Circuit adopted in *Stephenson*. Plaintiffs' failure to plead that Morgan Stanley knew the specific identity of King County or ISL in the *King County* action, or King County, Butterfield, or SEI Strategies in the *ADCB* action, provides an alternative ground for dismissal in addition to that set forth in Morgan Stanley's motions for partial reconsideration dated May 17, 2012. *See King County*, Dkt. No. 248; *ADCB*, Dkt. No. 410.

4

## **CONCLUSION**

For these reasons, the Court should grant defendants' motion for reconsideration and dismiss plaintiffs' negligent misrepresentation claims.

Dated: May 22, 2012  
New York, New York

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

By: _____
James P. Rouhandeh
james.rouhandeh@davispolk.com
Antonio J. Perez-Marques
antonio.perez@davispolk.com
Jessica L. Freese
jessica.freese@davispolk.com

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Counsel to Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited*