UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ABU DHABI COMMERCIAL BANK, KING
COUNTY, WASHINGTON, SEI
INVESTMENTS COMPANY, SEI
INVESTMENT STRATEGIES, LLC, THE
BANK OF N.T. BUTTERFIELD & SON
LIMITED, SFT COLLECTIVE INVESTMENT
FUND, DEUTSCHE POSTBANK AG,
GLOBAL INVESTMENT SERVICES
LIMITED, GULF INTERNATIONAL BANK
B.S.C., NATIONAL AGRICULTURAL
COOPERATIVE FEDERATION, STATE
BOARD OF ADMINISTRATION OF
FLORIDA, COMMONWEALTH OF
PENNSYLVANIA PUBLIC SCHOOL
EMPLOYEES' RETIREMENT SYSTEM,
BANK SINOPAC, BANK HAPOALIM B.M.,
COMMERZBANK AG, and KBL EUROPEAN
PRIVATE BANKERS S.A.,

          Plaintiffs,

          - against -

MORGAN STANLEY & CO.
INCORPORATED, MORGAN STANLEY &
CO. INTERNATIONAL LIMITED, MOODY'S
INVESTORS SERVICE, INC., MOODY'S
INVESTORS SERVICE LTD., STANDARD
AND POOR'S RATINGS SERVICES and THE
McGRAW HILL COMPANIES, INC.,

          Defendants.

----------------------------------------------------------------X

**OPINION AND ORDER**

08 Civ. 7508 (SAS)



1

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.      INTRODUCTION

Plaintiffs are institutional investors asserting claims of fraud, aiding and abetting fraud, and negligent misrepresentation against Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited (together, "Morgan Stanley") — the arranger/placement agent of the Structured Investment Vehicle ("SIV") in which plaintiffs invested — and the agencies that rated the notes issued by the SIV.  In my August 17, 2012 summary judgment Opinion and Order, I dismissed plaintiffs' fraud claims against Morgan Stanley because:  (1) plaintiffs had not identified any actionable misstatement attributable to Morgan Stanley; and (2) the existence of an actionable misstatement attributable to Morgan Stanley was an essential element of plaintiffs' fraud claims against it.  Although Morgan Stanley had not yet moved for summary judgment on plaintiffs' negligent misrepresentation claim, I ordered plaintiffs to show cause as to why their negligent misrepresentation claims against Morgan Stanley should not be dismissed in light of my finding that Morgan Stanley made no actionable misstatement to plaintiffs.  This Order to Show Cause presented a simple question: under New York law, may a plaintiff maintain a negligent misrepresentation claim against a defendant to whom no actionable misstatement can be attributed?

2

Because the answer to this question is "yes," plaintiffs' negligent misrepresentation claim against Morgan Stanley is not dismissed.

## II.   BACKGROUND

Familiarity with the facts and the procedural history is assumed.

## III.   LEGAL STANDARD

As the Court's Order to Show Cause presented a limited question of law, the applicable legal standard is the same as that for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In deciding such a motion, a court must "accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor."[1]  The court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in *Ashcroft v. Iqbal*.[2]  First, a court "'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"[3]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to

---

[1]      *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).

[2]      556 U.S. 662, 678-80 (2009).

[3]      *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  *Accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

3

dismiss.[4]  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[5]  To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[6]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  Plausibility "is not akin to a probability requirement;" rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[8]

## IV.   DISCUSSION

The New York Court of Appeals' most recent description of the elements of a negligent misrepresentation claim follows:

> It is well settled that "[a] claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to

---

[4]    *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[5]    *Id.* at 679.  *Accord Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

[6]    *Twombly*, 550 U.S. at 564.

[7]    *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

[8]    *Id.* (quotation marks omitted).

impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information."[9]

In a prior opinion, I conducted an extensive analysis of the relationship between Morgan Stanley and plaintiffs and determined that plaintiffs had sufficiently alleged the existence of a "special relationship" between the parties.[10]  Plaintiffs now argue that even if the ratings cannot be attributed to Morgan Stanley, Morgan Stanley may nonetheless be liable for "impar[ting] [in]correct information to [them]."[11]  For the reasons set forth below, plaintiffs are correct.

The description of the elements of negligent misrepresentation set forth in *Mandarin Trading Ltd. v. Wildenstein* does not include any requirement of an affirmative misrepresentation by a defendant.[12]  Thus, there is support for plaintiffs' position that under New York negligent misrepresentation law, the question is not whether an affirmative misrepresentation can be attributed to a

---

[9]    *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011) (quoting *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007)).

[10]    *See* May 4 Order (Docket No. 404), referring to *King County, Washington v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387, --- F. Supp. 2d ----, 2012 WL 1592193, at *12 (S.D.N.Y. May 4, 2012), *reconsideration denied*, Nos. 09 Civ. 8387, 08 Civ. 7508, --- F. Supp. 2d ---, 2012 WL 2160285 (S.D.N.Y. June 7, 2012).

[11]    *See* Plaintiffs' Response to Order to Show Cause Regarding Negligent Misrepresentation Claims, at 10-12 (quoting *Mandarin Trading*, 16 N.Y.3d at 180).

[12]    *See Mandarin Trading*, 16 N.Y.3d at 180.

5

defendant, but whether a defendant breached a duty to provide a plaintiff with accurate information.  In *Century Pacific, Inc. v. Hilton Hotels Corp.*, I noted that "Courts have found a special relationship and duty, for example, where defendants sought to induce plaintiffs into a business transaction by making certain statements *or providing specific information* with the intent that plaintiffs rely on those statements or information."[13]  Morgan Stanley argues that *Century Pacific* — as well as many of the other cases cited by plaintiffs — are inapposite as they deal only with the "duty" element of a negligent misrepresentation claim and not the "misrepresentation" element.[14]  The flaw in Morgan Stanley's argument is that it focuses only on the word "duty" while ignoring the *scope* of that duty.  A defendant whose duty to a plaintiff consisted only of the obligation to make no affirmative misrepresentations can be liable only if it made such a misrepresentation.  However, a defendant whose duty consisted of an obligation to provide accurate information to a plaintiff may be liable for negligently providing inaccurate information *even if that information originated from third parties*.

---

[13]     *Century Pac., Inc. v. Hilton Hotels Corp.*, No. 03 Civ. 8258, 2004 WL 868211, at *8 (S.D.N.Y. Apr. 21, 2004) (citing, *inter alia*, *Kimmell v. Schaefer*, 89 N.Y.2d 257, 264-65 (1996)) (emphasis added).

[14]     *See* Memorandum of Law in Support of Defendant Morgan Stanley & Co. Incorporated's and Morgan Stanley & Co. International Limited's Reply to Plaintiffs' Response to Order to Show Cause ("Def. Mem."), at 4.

Here, plaintiffs allege that Morgan Stanley had a duty to provide plaintiffs with accurate information, and that it breached its duty by providing inaccurate ratings generated by the rating agency defendants.[15]

Further, because a negligent misrepresentation claim may be based on the breach of a duty to provide accurate information, it may be premised on an *omission*. For example, in *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, Judge Richard Sullivan held that:

> Under New York law, a duty to disclose material facts arises in one of three ways: (1) where the parties stand in a confidential fiduciary relationship, (2) *where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge*, or (3) where a party to a business transaction has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth. [A] *breach of a duty to disclose can constitute an element of various torts such as . . . negligent misrepresentation based on omission*, or breach of fiduciary duty . . . .[16]

Thus, because Morgan Stanley had a sufficiently-alleged "special relationship" with plaintiffs, and because Morgan Stanley allegedly had superior non-public

---

[15]     *See* Ninth Amended Complaint for Common Law Fraud, Negligent Misrepresentation, Negligence, Breach of Fiduciary Duty, and Aiding and Abetting ("NAC"), ¶¶ 219-227.

[16]     *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 201 (S.D.N.Y. 2011) (citing *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006); *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)) (emphasis added).

information upon which it knew plaintiffs would rely, Morgan Stanley can be liable for negligent misrepresentation.[17]

Morgan Stanley argues that this Court already rejected the possibility that it could be liable for breach of a duty to disclose.[18]  In a footnote in my summary judgment Opinion and Order, I stated that generally, under New York law, "'[a]n omission does not constitute fraud unless there is a fiduciary relationship between the parties.'"[19]  That statement does not, however, foreclose the possibility that Morgan Stanley might be liable in *negligent misrepresentation* for its breach of a potential duty to disclose.[20]

---

[17]   The very nature of a privity-like "special relationship" is that it entails a duty to provide accurate information.  *See Mandarin Trading*, 16 N.Y.3d at 180 (requiring "the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff").  Thus, my prior holding that plaintiffs have sufficiently alleged a "special relationship" with Morgan Stanley is tantamount to a holding that plaintiffs have sufficiently alleged Morgan Stanley's duty to provide accurate information.

[18]   *See* Def. Mem. at 4.

[19]   *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, --- F. Supp. 2d ---, 2012 WL 3584278, at *7 n.96 (S.D.N.Y. Aug. 17, 2012) (quoting *Cobalt Partners, L.P. v. GSC Capital Corp.*, 944 N.Y.S.2d 30, 35 (1st Dep't 2012)).  I have already determined that Morgan Stanley did not have a fiduciary relationship with plaintiffs.  *See* May 4 Order, referring to *King County*, 2012 WL 1592193, at *14 ("[T]he relationship between the parties is too attenuated to give rise to a fiduciary duty.").

[20]   I also note that there are limited circumstances in which an omission *may* constitute fraud under New York law absent a fiduciary relationship.  However, plaintiffs did not argue in their summary judgment briefing that such

It is not anomalous that a defendant who made no actionable misstatement might be liable for negligent misrepresentation but not fraud.  The existence of the special relationship without which a negligent misrepresentation claim cannot proceed creates a duty to impart correct — and complete — information.  Whereas plaintiffs had a high bar to establish the existence of a special relationship, upon doing so they have a lower bar to establish that Morgan Stanley's conduct was negligent.  Because intent is an element of a fraud claim, it is essential for a court to determine to whom an allegedly fraudulent statement may be attributed.[21]  However, because intent is not an element of a negligent misrepresentation claim, questions of attribution miss the mark.  Thus, Morgan Stanley may be liable for negligently imparting the inaccurate ratings to plaintiffs *even though the ratings cannot be attributed to Morgan Stanley*.

To summarize, plaintiffs have sufficiently pled a special relationship with Morgan Stanley such that Morgan Stanley had a duty to make no negligent misrepresentations to them.  Plaintiffs have further alleged that Morgan Stanley negligently conveyed to them ratings that it had reason to believe were inaccurate

circumstances were present here.

[21]    *See Abu Dhabi*, 2012 WL 3584278, at *7-9.

9

or deeply flawed, omitting facts that would expose the flaws in the ratings.[22] Morgan Stanley's conveyance of the inaccurate ratings — combined with its omission of non-public facts that it knew would undercut the ratings — represented a breach of its duty to provide plaintiffs with accurate information. Accordingly, plaintiffs have sufficiently alleged a negligent misrepresentation claim against Morgan Stanley.

## V.   CONCLUSION

For the reasons stated above, plaintiffs have shown cause as to why their negligent misrepresentation claims against Morgan Stanley should not be dismissed.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 5, 2012

---

[22]   *See* NAC ¶¶ 219-227.

**- Appearances -**

**For Plaintiffs:**

Patrick J. Coughlin, Esq.
Daniel S. Drosman, Esq.
Jessica T. Shinnefield, Esq.
Jarrett S. Charo, Esq.
Darryl J. Alvarado, Esq.
X. Jay Alvarez, Esq.
David C. Walton, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
(619) 231-1058

Samuel H. Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

Luke O. Brooks, Esq.
Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
(415) 288-4545

**Additional Attorneys for Plaintiff State Board of Administration of Florida:**

Marc I. Gross, Esq.
Pomertantz Haudek Grossman & Gross LLP
100 Park Avenue
New York, NY 10017
(212) 661-1100

**For Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited:**

James P. Rouhandeh, Esq.
Antonio J. Perez-Marques, Esq.
William R. Miller, Jr., Esq.
Jessica L. Freese, Esq.
Christopher J. Roche, Esq.
Andrew D. Schlichter, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

**For Defendants Moody's Investors Service, Incorporated and Moody's Investors Service Limited:**

Joshua M. Rubins, Esq.
James J. Coster, Esq.
Mario Aieta, Esq.
Dai Wai Chin Feman, Esq.
Justin E. Klein, Esq.
Aaron M. Zeisler, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY 10169
(212) 818-9200

**For Defendants Standard & Poor's Rating Services and The McGraw-Hill Companies, Incorporated:**

Floyd Abrams, Esq.
Dean I. Ringel, Esq.
Tammy L. Roy, Esq.
Andrea R. Butler, Esq.
David Owen, Esq.
Adam N. Zurofsky, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
(212) 701-3000