# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

ABU DHABI COMMERCIAL BANK, et al.,   :   Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others   :
Similarly Situated,   :   <u>CLASS ACTION</u>
   :
                    Plaintiffs,   :   DEFENDANTS' PROPOSED JURY
   :   INSTRUCTIONS – FIRST & SECOND
         vs.   :   PHASE
   :
MORGAN STANLEY & CO.   :
INCORPORATED, et al.,   :
   :
                    Defendants.   :
   :

———————————————————— x

# TABLE OF CONTENTS

**Page**

A.     PRELIMINARY INSTRUCTIONS ...................................................1

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1  Duty of the Jury ...................2

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2  Evidence ................................3

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 (AGREED)
        What Is Not Evidence ........................................................................5

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4
        Conduct of the Jury ..........................................................................6

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5
        The Parties, the Description of the Case and the Parties' Contentions .......................8

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6  Burden of Proof.................16

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7  Outline of Trial...................18

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8  Bifurcation.........................20

B.     JURY CHARGE- PHASE I ..........................................................21

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9
        Juror Attentiveness .........................................................................22

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10
        Role of the Court..............................................................................23

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11 (AGREED)
        Role of the Jury ...............................................................................24

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12 (AGREED)
        Statements of Court and Counsel Not Evidence ....................................26

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13
        Evidence/What Is Not Evidence ........................................................27

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14
        Evidence for Limited Purpose ...........................................................29

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15
        Official Translation...........................................................................30

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**
     Direct and Circumstantial Evidence ................................................................**31**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17 (AGREED)**
     Inferences ..................................................................................................**32**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18 (AGREED)**
     Credibility of Witnesses..............................................................................**33**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**
     Prior Inconsistent Statements or Acts........................................................**35**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20 (AGREED)**
     Persons Not on Trial ..................................................................................**37**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21 (AGREED)**
     Interest in Outcome ...................................................................................**38**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22 (AGREED)**
     Depositions................................................................................................**39**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23**
     Absence of Evidence ..................................................................................**40**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**
     Electronic Mail (E-mail) Presumptively Received........................................**41**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25 (AGREED)**
     Expert Witnesses.......................................................................................**42**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26 (AGREED)**
     Summaries and Charts Admitted as Evidence.............................................**43**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27 (AGREED)**
     Summaries and Charts Not Admitted as Evidence ......................................**44**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28 (AGREED)**
     Improper Considerations ...........................................................................**45**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29**
     Multiple Claims; Multiple Plaintiffs / Defendants......................................**46**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30 (AGREED)**
     Introduction to Plaintiffs' Claims ..............................................................**47**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31  Agency...............................48**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32  Fraud.................................49**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32A**
    **Elements of Fraud Based on Opinion: Knowingly False Representation** .................**51**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32B**
    **Rating Committees**........................................................................................**53**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32C**
    **False Representation (Hindsight)** .................................................................**54**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32D**
    **Elements of Fraud:  Purpose to Induce Reliance**..........................................**55**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32E**
    **Corporate State of Mind** ...............................................................................**56**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32F**
    **Elements of Fraud:  Actual and Justifiable Reliance** ...................................**57**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32G**
    **Elements of Fraud:  Proximate Causation** ...................................................**58**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32H**
    **Proximate Causation (Other Causes)**............................................................**59**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32I**
    **Elements Of Fraud:  Actual And Justifiable Reliance – Peculiar**
    **Knowledge** ......................................................................................................**61**

**AGREED UPON PROPOSED JURY INSTRUCTION NO. 33 (AGREED)**
    **Right to See Exhibits and Hear Testimony**..................................................**63**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34**
    **Duty to Deliberate to Unanimous Verdict** ..................................................**64**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35 (AGREED)**
    **Note Taking by Jurors**..................................................................................**66**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36 (AGREED)**
    **Selection of Foreperson** ...............................................................................**67**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37 (AGREED)**
    **Return of Verdict**.........................................................................................**68**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38 (AGREED)**
    **Closing Comment**..........................................................................................**69**

**C.      JURY CHARGE- PHASE II**.................................................................**70**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39**
        **Fraud Phase II**..............................................................................................**71**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**
        **Elements of Fraud:  Actual and Reasonable and Justifiable Reliance** .....................**72**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40A**
        **Reasonable and Justifiable Reliance (Generally)**.............................................**73**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40B**
        **Reasonable and Justifiable Reliance (Sophistication)** ....................................**74**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40C**
        **Reasonable and Justifiable Reliance (Knowledge of True Facts)** .............................**75**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40D**
        **Reasonable and Justifiable Reliance (Due Diligence)  [If Finding of**
        **NO Peculiar Knowledge]**..............................................................................**76**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40E**
        **Reasonable and Justifiable Reliance (Due Diligence) [If Finding of**
        **Peculiar Knowledge]**....................................................................................**77**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40F**
        **Reasonable and Justifiable Reliance (Disclaimers/Disclosures) [If**
        **finding of NO peculiar knowledge]** ............................................................**78**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40G**
        **Reasonable and Justifiable Reliance (Disclaimers/Disclosures) [If**
        **finding of peculiar knowledge]** ..................................................................**79**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40H**
        **Reasonable and Justifiable Reliance (Materiality)** ........................................**80**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41**
        **Elements of Fraud:  Damages as a Result of Fraud** ......................................**81**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41A**
        **Damages as a Result of Fraud (Determination of Actual Monetary Loss)**................**82**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41B**
        **Damages as a Result of Fraud (Mitigation)** ..................................................**84**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42**
        **Aiding and Abetting**...................................................................................**85**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42A**
        **Aiding and Abetting:  Existence of the Underlying Fraud** .........................**86**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42B**
    Aiding and Abetting:  Actual Knowledge ........................................................87

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42C**
    Aiding and Abetting:  Substantial Assistance ................................................88

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42D**
    Aiding and Abetting:  Proximate Cause ........................................................89

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43**
    Elements of Negligent Misrepresentation .....................................................90

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43A**
    Negligent Misrepresentation:  Duty ..............................................................92

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43B**
    Negligent Misrepresentation:  Misrepresentation .........................................94

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43C**
    Negligent Misrepresentation:  Reliance ........................................................95

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43D**
    Negligent Misrepresentation:  Proximate Causation and Damages ...........................96

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43E**
    Negligent Misrepresentation:  Comparative Fault ........................................97

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44**
    Punitive Damages .........................................................................................98

# A.   PRELIMINARY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**

**Duty of the Jury**

Members of the Jury:

Now that you have been sworn, I will briefly tell you about the case you are about to hear and the issues you will have to decide, as well as about your duties as jurors.  I will also give you some instructions.  This trial will proceed in phases.  At the end of each phase of the trial I will give you more detailed instructions, and those instructions will control your deliberations.

At the end of the presentation of the evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law, which I will give to you.  That is how you will reach your verdict.  In doing so, you must follow that law whether you agree with it or not.

You must not take anything I may say or do during the trial as indicating what your verdict should be.  Don't be influenced by my taking notes.  What I write down may have nothing to do with this trial or with what you will be concerned with at the trial.

AUTHORITY:     Docket No. 259-28, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### Evidence

You will decide what the facts are from the evidence that will be presented here in court. That evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or stipulate to or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none, for it is up to you to decide how much weight, if any, to give to any evidence.

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

At times during the trial I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I shall instruct that the answer be stricken from the record, and that you disregard it and dismiss it from your minds.

In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

The law requires that your decision be made solely upon the evidence before you.

The items I exclude from your consideration will be excluded because they are not legally admissible as evidence.

The law does not, however, require you to accept all of the evidence that I do admit.

In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents presented to you, and determine the weight you choose to give to each witness's testimony or to an exhibit.

There is no magical formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of each phase. At this time, suffice it to say, that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

AUTHORITY:    Docket No. 259-28, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 (AGREED)**

**What Is Not Evidence**

As I have explained, the questions and objections of the attorneys are not evidence and neither is the testimony I instruct you to disregard.

The statements and arguments of the attorneys during any part of the trial are also not evidence.

Further, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses is not evidence.

Only what is admitted into evidence here when court is in session and all of the parties and jurors are present, is competent evidence.

AUTHORITY:   Docket No. 259-28, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

**Conduct of the Jury**

I caution you about certain principles governing your conduct as jurors.

First, do not communicate with each other about this case or about anyone who has anything to do with it until the end of each phase when you go to the jury room to decide on your verdict.

Second, do not communicate with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. Additionally, do not post any information about your service as a juror or any information about this case on the Internet, for example, on Facebook, MySpace, Twitter, a blog, or any other web service.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

I have instructed all of the lawyers, the plaintiffs, the defendants, and the witnesses that they are not to speak to you or even acknowledge you with a hello or good morning outside of the courtroom. Therefore, do not hold it against them if they ignore you or should leave an area in which you are in. The reason for this rule is very simple. Someone watching from a distance might not hear what is said between an attorney and a juror and even a pleasantry could thereby create a misimpression.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

<u>Fifth</u>, do not do any research or any investigation about the case on your own.  Do not do any Internet research.  Even running a simple search on Google or any other search engine about this case or about anyone involved with this case would violate this duty.

The reason for these rules is fairly simple.  The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom after your deliberations with the other jurors.  Obviously, speaking to others, including your family and friends, outside of the deliberation process, or exposing yourself to evidence or information outside the courtroom would compromise your service and fairness to the parties.

AUTHORITY:   Docket No. 259-28, Instruction No. I.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

**The Parties, the Description of the Case and the Parties' Contentions**

**<u>The Parties</u>**

The plaintiffs are fourteen (14) domestic and foreign entities that purchased securities, also known as "notes," issued by a structured investment vehicle known as the "Cheyne SIV."

Plaintiff Abu Dhabi Commercial Bank ("ADCB") is a bank headquartered in Abu Dhabi, United Arab Emirates.

Plaintiff King County, Washington ("King County") is a domestic public entity organized under the laws of the State of Washington.

Plaintiff SEI Investments Company ("SEI") is a public company traded on the NASDAQ stock exchange and headquartered in Oaks, Pennsylvania.

Plaintiff SEI Investment Strategies, LLC, is a limited liability company.  SEI Investment Strategies, LLC's sole member is SEI, a Pennsylvania corporation.

Plaintiff The Bank of N.T. Butterfield & Son Limited ("Butterfield") is a bank headquartered in Hamilton, Bermuda.

Plaintiff SFT Collective Investment Fund ("SFTCIF") is a company incorporated in the Cayman Islands.  SFTCIF is an investment fund headquartered in Boston, Massachusetts.

Plaintiff Deutsche Postbank AG ("Postbank") is a bank headquartered in Bonn, Germany.

Plaintiff Global Investment Services Limited ("GIS") is the trustee of investment funds managed by NZ Funds.  GIS is headquartered in Sydney, Australia.

Plaintiff Gulf International Bank B.S.C. ("GIB") is a bank headquartered in Manama, Kingdom of Bahrain.

Plaintiff Bank Hapoalim B.M. ("Bank Hapoalim") is a bank headquartered in Tel Aviv, Israel.

Plaintiff Bank SinoPac is a bank headquartered in Taiwan.

Plaintiff National Agricultural Cooperative Federation ("NACF") is an agricultural cooperative in South Korea.

Plaintiff Florida State Board of Administration ("FSBA") is an investment fiduciary organized under the laws of the State of Florida.

Plaintiff Commerzbank AG ("Commerzbank") is a bank headquartered in Frankfurt, Germany.

In this trial there are multiple defendants. They are the parties plaintiffs are suing for alleged violations of New York law.

Morgan Stanley & Co. Incorporated (now known as Morgan Stanley & Co. LLC) is a company with its principal place of business in New York, New York. Morgan Stanley & Co. International Limited (now known as Morgan Stanley & Co. International plc) is a company with its principal place of business in London, England. Morgan Stanley & Co. LLC and Morgan Stanley & Co. International plc are both wholly-owned subsidiaries of Morgan Stanley, a global financial services company incorporated under the laws of Delaware and headquartered in New York, New York. For convenience, I will refer to Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited collectively as "Morgan Stanley." Defendant The McGraw-Hill Companies, Inc. is a company with its principal place of business in New York, New York. Defendant Standard & Poor's Ratings Services is comprised of business units within wholly-owned subsidiaries, and businesses operating as divisions, of McGraw-Hill. S&P is a Nationally

Recognized Statistical Rating Organization, or NRSRO, that issues credit ratings on various types of bonds, debt, stocks, and countries.  These entities are referred to collectively as "S&P."

Defendant Moody's Investors Service, Inc. is a company with its principal place of business in New York, New York.  Moody's Investors Service, Inc. is an NRSRO that issues credit ratings on various types of bonds, debt, stocks, and countries.  Defendant Moody's Investors Service Ltd. is a company with its principal place of business in London, England, which also issues credit ratings. These entities are referred to collectively as "Moody's."  Morgan Stanley, S&P, and Moody's will be referred to collectively as the "defendants."

## Description of the Case

The Cheyne SIV was a structured investment vehicle that issued notes for purchase by investors.  The Cheyne SIV was managed by Cheyne Capital Management, an entity based in London.  The Cheyne SIV was structured and arranged by Morgan Stanley.  S&P and Moody's are credit rating agencies.  S&P and Moody's were engaged to assign credit ratings to the notes issued by the Cheyne SIV.  The Cheyne SIV was launched in August 2005.  The plaintiffs are investors that purchased notes issued by the Cheyne SIV.  The Cheyne SIV was declared insolvent in October 2007.

I will now describe the plaintiffs' and defendants' contentions in this case.  It is important for you to remember that this summary reflects the plaintiffs' and defendants' respective positions and is not intended by me to be, nor should you interpret it to be, a summary of the facts as I view them or as you must find them.  The following outline is provided solely to aid you in understanding the issues.  As I said earlier, your verdict should be based upon your view of the evidence after both plaintiffs and defendants present their respective cases and after you deliberate with your fellow jury members.

## Plaintiffs' Contentions

In their first claim, plaintiffs allege that S&P and Moody's committed fraud by improperly structuring the Cheyne SIV, assigning false and misleading credit ratings to the Cheyne SIV notes, and making other false and misleading representations about the safety and soundness of the Cheyne SIV and its notes. In their second claim, plaintiffs allege that Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV notes. In the third claim, plaintiffs ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim allege that Morgan Stanley made negligent misrepresentations to them by providing the false and misleading credit ratings and other representations and omissions about the safety and soundness of the Cheyne SIV and its notes to the plaintiffs in breach of the duties Morgan Stanley owed to plaintiffs. At the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

In support of their claims, plaintiffs contend as follows: S&P and Moody's assigned credit ratings to the Cheyne SIV's notes and made other statements about the safety and soundness of the Cheyne SIV and its notes that were false and misleading. S&P and Moody's represented that the notes were a safe, stable investment and that the likelihood of plaintiffs being repaid in full was high even under severe economic conditions. The ratings described assets that should survive the Great Depression. The plaintiffs invested millions of dollars in the Cheyne SIV in reliance on the high credit ratings assigned to the Cheyne SIV's notes.

However, the evidence will show that the notes were neither safe nor stable and that plaintiffs suffered losses when the Cheyne SIV collapsed. Moreover, S&P and Moody's used insufficient and improper models to rate the notes and the Cheyne SIV's underlying assets. S&P and Moody's also

used inaccurate data and lacked sufficient data to accurately rate the Cheyne SIV notes and the Cheyne SIV's underlying assets. S&P and Moody's violated policies and succumbed to pressure from Morgan Stanley, which resulted in falsely inflated credit ratings. The rating agencies issued ratings on the Cheyne SIV's note and on the SIV's underlying assets that were compromised by conflicts of interest, in part because the rating agencies were paid by the issuers whose securities they rated. S&P and Moody's knew the credit ratings were false or recklessly disregarded the falsity of the credit ratings.

Further, the false credit ratings on the Cheyne SIV notes concealed the poor quality of the Cheyne SIV, including the poor quality of the Cheyne SIV's underlying assets. When the true, poor quality of the Cheyne SIV's underlying assets was revealed, it caused the Cheyne SIV to collapse.

Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with and pressuring S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV's notes. Morgan Stanley consistently exerted pressure on the rating agencies to obtain falsely inflated ratings on the Cheyne SIV's notes. Morgan Stanley had actual knowledge of S&P's and Moody's fraud because Morgan Stanley acted in tandem with S&P and Moody's to construct the Cheyne SIV and formulate the false credit ratings.

Morgan Stanley owed a duty to ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim to provide them with accurate information when communicating with plaintiffs concerning the Cheyne SIV. Morgan Stanley was a trusted advisor to plaintiffs. Morgan Stanley breached this duty by providing plaintiffs with the false and misleading credit ratings and making other false and misleading representations and omissions about the safety and soundness of the Cheyne SIV and its notes. Based on these breaches of duty, Morgan Stanley is liable for negligent misrepresentation.

Again, at the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

Plaintiffs suffered hundreds of millions of dollars in monetary damages as a result of defendants' conduct due to the collapse of the Cheyne SIV.

## Defendants' Contentions

With respect to plaintiffs' claim of fraud against the Rating Agencies, the Rating Agencies contend as follows:  the ratings assigned to the Cheyne SIV were not false or misleading at the time they were issued because, among other things, they were justified by the underlying facts and analysis, and historical data, at the time they were issued and reflected the application of each Rating Agencies' respective publicly disclosed SIV rating criteria.

The Cheyne SIV ratings, like all credit ratings, were forward-looking opinions on the creditworthiness of the rated securities and represented the true and genuine beliefs of the respective Rating Agencies at the time the Cheyne SIV ratings were issued.  The Rating Agencies' credit ratings on the Cheyne SIV notes expressed each agency's independent, honestly held opinion about the future creditworthiness of the Cheyne SIV.  The Rating Agencies arrived at these forward-looking opinions through application of their own published criteria and their own separate committee processes whereby each agency's Cheyne SIV rating committee conducted an extensive analysis of the Cheyne SIV based on factors set forth in publicly available criteria.  This analysis involved qualitative assessments in addition to quantitative calculations.  At all times, the respective rating committees that rated the Cheyne SIV honestly and genuinely believed in the ratings they assigned, and had reasoned bases for their opinions.  The Rating Agencies were not inappropriately influenced (much less coerced) by Morgan Stanley or Cheyne Capital.

- 13 -

Moreover, none of the plaintiffs can establish that it reasonably and justifiably relied on the credit ratings assigned to the Cheyne SIV by either Moody's or S&P, including because: plaintiffs cannot provide evidence as to how their relevant credit/investment decisions were made; certain plaintiffs' credit/investment decisions were made before final ratings had been assigned; certain of the plaintiffs disregarded or disagreed with the ratings; plaintiffs understood the risks of the Cheyne SIV prior to investing; and/or many of the plaintiffs relied on their own analysis of the relevant risks and potential rewards, rather than the credit ratings. Any actual reliance by the plaintiffs would not have been reasonable or justifiable, including because plaintiffs were told that a rating is not a recommendation to buy, hold or sell a security. In addition, the creditworthiness of the Cheyne SIV notes was not a matter peculiarly within the knowledge of defendants because plaintiffs are sophisticated institutional investors that were cautioned to, had the ability to, and in many cases did, conduct their own investigation and analysis of the Cheyne SIV and its risks. Plaintiffs did not diligently investigate the creditworthiness of the Cheyne SIV and any asserted reliance by those plaintiffs on the ratings is therefore unjustified and unreasonable.

The credit ratings did not represent that the Cheyne SIV was risk-free, but rather that the various securities issued by the Cheyne SIV had differing levels of relative creditworthiness, all of which were disclosed. Investors were told that the Cheyne SIV faced numerous risks, including market risk, and that investors could face losses if the SIV were forced to sell assets in a declining market environment. Investors also received accurate disclosures concerning the Cheyne SIV's permitted, expected and actual investment portfolio, both prior to investing and on an ongoing basis thereafter. Investors were told, among other things, that the Cheyne SIV was permitted, and expected, to invest heavily in subprime mortgage-backed securities. The structural protections of the Cheyne SIV were accurately disclosed to investors.

Further, plaintiffs' alleged losses were not caused by the ratings, but rather were caused by market events including, but not limited to, an unprecedented global financial crisis that began in 2007, and by discretionary decisions made by plaintiffs and third parties.  Plaintiffs cannot prove that any portion of their alleged losses is attributable to the allegedly fraudulent Cheyne SIV ratings, rather than market-wide declines, or that they would have been spared any portion of their alleged losses absent the allegedly fraudulent Cheyne SIV ratings.

Morgan Stanley contends that it cannot be liable for aiding and abetting fraud because there was no fraud, because it did not have actual knowledge of any alleged fraud, because it did not substantially assist any alleged fraud, and because any losses alleged by plaintiffs were not proximately caused by Morgan Stanley's conduct.

As to the negligent misrepresentation claims brought by ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim, Morgan Stanley contends that it did not owe a duty of care to any of these plaintiffs as a result of any special relationship of trust and confidence; Morgan Stanley did not provide any of these plaintiff with any false or inaccurate information, or any information that it had reason to believe was false or inaccurate; Morgan Stanley did not expect that any of these plaintiffs would rely on its representations in deciding whether or not to purchase the Cheyne SIV notes; Morgan Stanley did not act negligently or fail to exercise reasonable care; that none of these plaintiffs justifiably relied on any representation by Morgan Stanley; and none of these plaintiffs suffered any financial loss as a result of any breach of any duty owed by Morgan Stanley.

AUTHORITY:     Docket No. 259-28, Instruction No. II.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS); 4 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil P 73.01, Instruction Nos. 73-3 and 73-2 (2012) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

**Burden of Proof**

Before I summarize the elements that each plaintiff must prove on each of its claims, I will explain to you the burden of proof that plaintiffs have with respect to their claims. Plaintiffs bear the burden of proving each element of their claims against S&P, Moody's, and Morgan Stanley by clear and convincing evidence.

If you conclude that a plaintiff has failed to establish any element of its claims by clear and convincing evidence, you must decide against it on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

AUTHORITY:   **Fraud**: *Gaidon v. Guardian Life Ins. Co. of Am.*, 704 N.Y.S.2d 177, 186 (1999); **Aiding and Abetting**: *de Abreu v. Bank of Am. Corp.*, 2011 WL 2652188, at *4 (S.D.N.Y. June 29, 2011); **Negligent Misrepresentation**: *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) ("New York's high standard of 'clear and convincing' proof applies to actions for negligent misrepresentation as well as actions for intentional fraud.") (Scheindlin, J.); *see also King County, Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304, 311 (S.D.N.Y. 2012) (Scheindlin, J.); *Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 93 (S.D.N.Y. 1997) (Scheindlin, J.); *Allen v. Westpoint-Pepperell, Inc.*, 11 F.

- 16 -

Supp. 2d 277, 284-85 (S.D.N.Y. 1997) (Scheindlin, J.); *Watson v. Riptide Worldwide, Inc.*, 2013 WL 417372, at *4 (S.D.N.Y. Feb. 4, 2013) (negligent misrepresentation is a "type of fraud"); *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *12 (S.D.N.Y. Feb. 23, 2012) (same); *Lewis v. Rosenfeld*, 2002 WL 441185, at *5 (S.D.N.Y. Mar. 20, 2002) (negligent misrepresentation is a "species of fraud") (Scheindlin, J.); *Official Comm. Of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 2002 WL 362794, at *16 (S.D.N.Y. Mar. 6, 2002) (same); **Each Element**: *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23; *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

### Outline of Trial

<u>Finally</u>, I would like to summarize the stages of the trial for you.  First, each party may, but doesn't have to, make an opening statement.   An opening statement is neither evidence nor argument; it is an outline of what that party thinks the evidence will show, and it is offered to help you follow the evidence.

Next, because plaintiffs bear the burden of proof here, plaintiffs will present witnesses and defendants may cross-examine them.   Then, if desired, defendants will present witnesses and plaintiffs may cross-examine them.   In this case to accommodate the fact that many witnesses travelled internationally to testify, certain witnesses will only be called once during the plaintiffs' case even if they would also have been called as witnesses in defendants' presentation of their case. You should draw no conclusion or make no inference based solely on the fact that a witness was called first by the plaintiff because as a procedural matter, due to the burden of proof, the plaintiffs are required to call witnesses first.

Possibly, I will permit plaintiffs to present additional witnesses to rebut defendants' evidence.  After that, the attorneys will make their closing arguments to summarize and give you their interpretations of the evidence. Obviously, like opening statements, the closing arguments are not evidence.  After the closing summations, I will give you instructions on the law and then you will retire to deliberate on your verdict.

Do not make up your mind about what the verdict should be until after I have instructed you on the law at the end of each phase of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.  All parties deserve, and the law requires, that you give them an opportunity to be heard fully.

- 18 -

AUTHORITY:   Docket No. 259-28, Instruction No. IV., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### Bifurcation

As I have stated, I have ordered that this case be separated into phases:

At the conclusion of Phase I, you will be asked to decide the issues of falsity, i.e. whether the rating opinions on the Cheyne SIV notes were objectively and subjectively false; purpose to induce reliance; and causation, i.e. whether plaintiffs' losses were caused by the rating opinions. You will also decide whether each plaintiff has proven that the credit-worthiness of the Cheyne SIV notes was peculiarly within the knowledge of the defendants. If you find for the defendants on falsity, scienter, or loss causation, then plaintiffs' case is at an end. If you find for the plaintiffs on each of these three elements, then you will also consider the remaining elements of plaintiffs' fraud and aiding and abetting claims in Phase II.

At the conclusion of Phase II, if any of the fraud claims remain, you will be asked to decide whether each plaintiff has proven actual reliance on the rating opinions for the Cheyne SIV notes and whether any such reliance was reasonable. You will also be asked to determine whether any plaintiff has proven that Morgan Stanley aided and abetted a fraud upon that plaintiff by either Rating Agency, or whether certain plaintiffs have proven that Morgan Stanley negligently conveyed to it false ratings, in violation of a duty owed to that plaintiff, on which the plaintiff relied to its detriment. Finally, if you find that any defendant is liable to any plaintiff, you will be asked to determine the amount of damages, if any.

I will further instruct you as to the claim elements, defenses, and other questions that you must decide as the trial progresses.


AUTHORITY:   *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, 2013 WL 664176 (S.D.N.Y. Feb. 25, 2013) (Dkt. No. 572).

- 20 -

# B.   JURY CHARGE- PHASE I

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

**Juror Attentiveness**

Members of the jury, you are about to begin your final duty in this phase of your deliberations, which is to decide the fact issues in this case.  Before you do that, I will instruct you on the law.  Please pay close attention to me.  I will go slowly and will be as clear as possible.

AUTHORITY:   Docket No. 259-29, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

**Role of the Court**

You have now heard all of the evidence in this phase of the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over this phase of the trial and to decide what testimony and evidence is relevant under the law for your consideration.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

AUTHORITY:   Docket No. 259-29, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11 (AGREED)

### Role of the Jury

As I have said, your role is to consider and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. Similarly, remember that a question put to a witness is never evidence. Only the answer is evidence. However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence – not the lawyers' and not mine – that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether any of the plaintiffs has or has not proven its claims.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were intended only for clarification or to move things along.  They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

AUTHORITY:     Docket No. 259-29, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12 (AGREED)**

**Statements of Court and Counsel Not Evidence**

You should draw no inference or conclusion for or against any party by reason of lawyers making objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

Also, do not draw any inference from any of my rulings.  The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not plaintiffs have proven their claims by clear and convincing evidence.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.

AUTHORITY:   Docket No. 259-29, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

### Evidence/What Is Not Evidence

The evidence from which you are to decide what the facts are consists of:

(1)      the sworn testimony of witnesses, on both direct and cross-examination, whether offered in live testimony or by video-taped deposition, regardless of who called the witness;

(2)      any facts to which all the lawyers have agreed or stipulated;

(3)      any fact that I have instructed you to accept as true; and

(4)      the documents and exhibits that have been received into evidence.

Nothing else is evidence; not what the lawyers say, not what I say, and not anything you may have heard outside the courtroom.  I must stress again that anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received during the trial.

In carrying out your duty, you must completely disregard any report that you have read in the press, seen on television or on the internet, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise explain them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Similarly, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic devise or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any

information about this case or to conduct any research about this case until after I accept your verdict.


AUTHORITY:     *Zubulake* v. *UBS Warburg*, 2005 WL 6180412 (SAS) (S.D.N.Y. Apr. 4, 2005) – Judge's Instructions/Charge to the Jury, at 3; *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 17, at 20); *see also* 4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil* ¶ 71-14 (Publicity – Final Charge); Federal Jury Practice and Instructions – Civil § 103.04 (Juror use of electronic communication technologies – Notes).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

### Evidence for Limited Purpose

You will recall that during the course of the trial I instructed you that I admitted certain evidence only for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

Similarly, you will recall that during the course of the trial I instructed you that I admitted certain evidence against some plaintiffs or defendants, but not all plaintiffs or defendants. You must consider this evidence only as to the plaintiff or plaintiffs or defendant or defendants as to which it was admitted. You will receive a list identifying all of the exhibits that have been admitted into evidence through the course of the trial. That list will indicate which exhibits you may consider as to which defendants or plaintiffs as well as any other limitations on the purpose for which you may consider a particular exhibit.

AUTHORITY:     *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 6, at 8).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

**Official Translation**

Foreign languages have been used at various times during this trial.  When an interpreter or translator has been used, you are to consider only that evidence provided through the interpreter or translator.  Similarly, some of the documents in this case have been translated from foreign languages into English, and you are to consider only the English translation provided to you.  Although some of you may know certain of these foreign languages, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in English.  You must ignore any different meaning of the words in the foreign language.

You must also remember that it is the witness's credibility and demeanor that matters as you gauge the credibility of the proffered testimony.  You should not focus on the appearance, demeanor, attitude, or other characteristics of the interpreter.  Rather, your credibility determination must be based upon your observation of the witness and whether you find the witness to be believable.  The interpreter's role is simply to translate into English the testimony that would otherwise be incomprehensible to you – he/she is not a party to this litigation and has no independent knowledge of the facts being presented.

AUTHORITY:    *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 6); *United States of America* v. *Soukchanh*, 2005 WL 6335064 (D. Wy. 2005) – Introductory Jury Instructions.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses – something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then, later, as you were sitting here, people began walking in with wet umbrellas and, soon after, other people walked in with wet raincoats.

Now, on these facts, you cannot look outside the Courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, based on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer, from established facts, the existence or nonexistence of some other fact.

AUTHORITY:    Docket No. 259-29, Instruction No. I.I., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17 (AGREED)**

**Inferences**

During the trial, you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical conclusion that you, the jury, are permitted to draw – but not required to draw – from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendants does not relieve plaintiffs of the burden of establishing their case. In order for plaintiffs to obtain a verdict in their favor, you must still believe from the evidence that plaintiffs have sustained the burden cast upon them.

AUTHORITY:   Docket No. 259-29, Instruction No. I.J., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18 (AGREED)

### Credibility of Witnesses

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other believable testimony. You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness's demeanor while testifying? Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives the witnesses may have for testifying in a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their

testimony is consistent with other evidence that you believe. You should also consider the witnesses' opportunity to have seen or heard the things they testify about.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

AUTHORITY:   Docket No. 259-29, Instruction No. I.K., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19

### Prior Inconsistent Statements or Acts

You have heard evidence that at some earlier time, a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony. A prior inconsistent statement of a witness who is not a party in these cases is not evidence you should consider in determining whether plaintiffs have proven their case. The prior inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness.

A prior inconsistent statement of plaintiffs is evidence if that statement was offered by defendants. Likewise, a prior inconsistent statement by any of the defendants is evidence against that defendant if offered by plaintiffs. You may consider such statements for any purpose, including assessing the credibility of that party as a witness. Thus, if you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appeals to your common sense. You should keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood. The significance of that may depend on whether the misstatement has to

do with an important fact or only an unimportant detail.  It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give the inconsistency.

AUTHORITY:    *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 11-12).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20 (AGREED)**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable to plaintiffs or defendants, from the fact that any person or entity is not on trial before you at the present time.  You should not concern yourself with the disposition as to those other persons or entities, but should consider only the issues between plaintiffs and defendants.

AUTHORITY:   Docket No. 259-29, Instruction No. I.M., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21 (AGREED)**

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Current executives and officers of both plaintiffs and defendants have an interest in the outcome of this litigation.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, you should bear that factor in mind when evaluating the credibility of their testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

AUTHORITY:   Docket No. 259-29, Instruction No. I.N., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22 (AGREED)**

**Depositions**

Some of the testimony has been presented in the form of depositions that have been received in evidence. A deposition is a procedure where the attorneys for one side may question a witness or adversary party under oath before a court reporter prior to trial. This is part of pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony a witness gave at trial.

AUTHORITY:   Docket No. 259-29, Instruction No. I.O., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23**

**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  In fact, the Court at times may limit the number of witnesses a party may call.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.  During this phase of the trial, you may have seen, among the exhibits received into evidence, some documents that are redacted. "Redacted" means that part of the document has been removed for reasons that are not your concern.  You are to concern yourself only with the part of the document that has been admitted into evidence. You should not consider any possible reason why the other part of it has been redacted.

AUTHORITY:    *Zubulake* v. *UBS Warburg*, 2005 WL 6180412 (SAS)  (S.D.N.Y. Apr. 4,  2005) –Judge's  Instructions/Charge to  the Jury, at 5; *Liberty  Media Corp.* v. *Vivendi Universal,  S.A.*, 03 Civ. 2175  (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 15).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**

**Electronic Mail (E-mail) Presumptively Received**

To the extent the evidence presented to you involves e-mail communications, there is a presumption that such e-mail communications were actually received by the intended recipients. However, that presumption is rebuttable and extends only to receipt, not actual review.

AUTHORITY:   *Meckel v. Cont'l Res. Co*., 758 F.2d 811, 817 (2d Cir. 1985); *In re Robinson*, 228 B.R. 75, 81 (E.D.N.Y. 1998).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25 (AGREED)**

**Expert Witnesses**

In this case, several expert witnesses – **[LIST]** – were permitted to express an opinion about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

The fact that an expert may have relied on someone else's statement in forming his opinion is not evidence that the statement was true.  You should assess the credibility of each fact witness independently.

AUTHORITY:   Docket No. 259-29, Instruction No. I.Q., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26 (AGREED)**

**Summaries and Charts Admitted as Evidence**

The plaintiffs (or defendants) have presented certain exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-11 (2012) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27 (AGREED)**

**Summaries and Charts Not Admitted as Evidence**

Other charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-12 (2012) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28 (AGREED)**

**Improper Considerations**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.  It would be improper for you to consider any personal feelings you have about any party or witness based on economic status, a witness's preference to testify in his or her native language, a witness's inability to speak English, or a witness's difficulty in speaking English.

AUTHORITY:   Docket No. 259-29, Instruction No. I.T., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 45 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29**

**_Multiple Claims; Multiple Plaintiffs / Defendants_**

You must give separate consideration to each claim and each party in this case.  Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.  Each defendant is entitled to a fair consideration of the evidence that applies to that defendant.  No defendant is to be prejudiced should you find against one or more of the other defendants. Similarly, although there are 14 plaintiffs in this action, it does not follow that if one plaintiff is entitled to recover, all are entitled to recover.  The defendants are entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against each defendant.

AUTHORITY:   Fed. Jury Prac. & Inst. § 103:14 (6th ed.); _In re Vivendi Universal, S.A. Securities Litigation_, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 19, at 22); Fed. Jury Prac. & Instr. § 103:13 (6th ed.).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30 (AGREED)**

**Introduction to Plaintiffs' Claims**

I will now instruct you on the law that governs plaintiffs' claims in this case.  Plaintiffs bring this action based on three separate claims.  First, plaintiffs bring a claim for fraud against Moody's and S&P.

Second, plaintiffs bring a claim against Morgan Stanley for aiding and abetting the alleged fraud perpetrated by Moody's and S&P.

Third, certain plaintiffs bring a claim against Morgan Stanley for negligent misrepresentation.

AUTHORITY:    Docket No. 259-29, Instruction No. II.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

**Agency**

In considering the following instructions, remember that plaintiffs and defendants are corporations and/or legal entities, not individuals, and thus can only act through their agents. That is, statements and actions by plaintiffs' and defendants' officers and employees acting within the scope of their employment are imputed to the corporation and/or legal entity. For various purposes, I will instruct you separately as to circumstances in which you need only address the thought process or state of mind of specific individuals without regard to what others in the corporation said or thought.

AUTHORITY:     *Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190 (2d Cir. 2008).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32

### Fraud

Each plaintiff has asserted a claim of common law fraud under New York State law against each of the Rating Agency defendants. There is no claim of fraud against Morgan Stanley.

In order to recover for fraud each plaintiff has the burden of proving by clear and convincing evidence each of the following distinct elements as to each Rating Agency defendant:

- That each Rating Agency defendant made a false representation to a particular plaintiff. A rating is an opinion and therefore may be considered a false representation if, but only if, the plaintiff proves two separate elements: (i) that, at the time the ratings were issued, the Rating Committee of the Rating Agency defendant in question did not genuinely or honestly believe the ratings; and (ii) that, at the time the ratings were issued, the ratings were objectively false or misleading with respect to the underlying subject matter they addressed;

- That each Rating Agency defendant made the representation with the purpose to induce each plaintiff to invest in the Cheyne SIV notes;

- That each plaintiff (i) actually and (ii) reasonably and justifiably relied upon each Rating Agency defendant's representation in deciding to invest in the Cheyne SIV notes;

- That the false representation was the proximate cause of the plaintiff's losses; and

- That each plaintiff sustained damages as a result of the fraud.

As I previously instructed you, you only need to concern yourself with a few of these elements during the first phase of this trial. In this phase of the trial, you must determine whether, at the time the ratings were issued, the Rating Committee of the Rating Agency defendant in question

did not genuinely or honestly believe the ratings; and whether, at that time, the ratings were objectively false or misleading with respect to the underlying subject matter they addressed.  You must also determine whether each Rating Agency defendant made the representation with the purpose to induce each plaintiff to invest in the Cheyne SIV note and whether the representation, if false, was the proximate cause of the plaintiff's losses.  Lastly, you must consider whether the subject matter of the representation— the creditworthiness of the Cheyne SIV notes—was peculiarly within defendants' knowledge.  Depending on your answers to these questions, the trial may proceed to the second phase and you will consider the reliance element and whether to award damages.

I will now instruct you as to the meaning of each of the elements you must consider in this phase—"falsity," "scienter," and "loss causation."

AUTHORITY:    *New York Pattern Jury Instructions–Civil*, § 3:20 (3d ed. 2011)  (common law fraud); *City of Omaha, Nebraska Civilian Employees' Retirement System* v. *CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012); *Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011); *Crigger* v. *Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *MacDraw, Inc.* v. *CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 960-61 (2d Cir. 1998); *Banque Arabe et Internationale D'Investissement* v. *Maryland National Bank*, 57 F.3d 146, 153 (2d Cir. 1995); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *10-*11 (S.D.N.Y. Aug. 17, 2012) (Scheindlin, J.); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012) (Cote, J.); *Podany* v. *Robertson Stephens, Inc.*, 318 F.  Supp. 2d 146, 154 (S.D.N.Y. 2004) (Lynch, J.); *Century Pacific, Inc.* v. *Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 219 (S.D.N.Y. 2007) (Karas, J.); *SNCB Corporate Finance Ltd.* v. *Schuster*, 877 F.  Supp. 820, 826 (S.D.N.Y. 1994) (Stanton, J), *aff'd* 71 F.3d 406 (2d Cir. 1995); *Mann* v. *Levy*, 776 F. Supp. 808, 813 (S.D.N.Y.1991) (Knapp, J.); *Hutton* v. *Klabal*, 726 F. Supp. 67, 71 (S.D.N.Y. 1989) (Broderick, J.); *Mandarin Trading  Limited* v. *Wildenstein*, 16 N.Y.3d 173, 178  (2011); *Gaidon* v. *Guardian Life Insurance Co. of America*, 94 N.Y.2d 330, 349-50 (1999);  *Stuart Lipsky*, *P.C.* v. *Price*, 315 A.D.2d 102, 103 (1st Dep't 1995); *see also Boca Raton Firefighters & Police Pension Fund* v. *Bahash*, 2012 WL 6621391 (2d Cir. Dec. 20, 2012).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32A**

**Elements of Fraud Based on Opinion: Knowingly False Representation**

The <u>first</u> element of fraud requires each plaintiff to prove by clear and convincing evidence that each of the Rating Agency defendants knowingly made a false representation to that plaintiff. A representation is made when an impression is communicated to the mind of another person.

The only alleged misrepresentations in this case are the credit ratings assigned by S&P and Moody's to the rated notes issued by the Cheyne SIV.

Ratings issued by rating agencies are opinions as a matter of law and generally therefore cannot be actionable false misrepresentations. An exception to this rule applies when the defendant issues an opinion that it did not truly hold. The rating opinions on the Cheyne SIV notes can be considered a false representation only if each plaintiff proves, by clear and convincing evidence: (1) that, at the time the ratings were issued, the Rating Committee of the Rating Agency defendant in question did not genuinely or honestly believe the ratings; and (2) that, at the time the ratings were issued, the ratings were objectively false or misleading with respect to the underlying subject matter they address. It is insufficient for a plaintiff to demonstrate only one or the other of these two factors. The plaintiffs must prove both factors by clear and convincing evidence.

It is not enough for a plaintiff to show that the S&P or Moody's acted accidentally, mistakenly, negligently, or even with gross negligence in issuing the opinion. Negligence, whatever its grade, does not include a wrongful purpose and, therefore, is not fraud. Fraud requires that the Rating Committees did not genuinely or honestly believe the ratings when they issued them.


AUTHORITY:   *New York Pattern Jury Instructions–Civil*, § 3:20, cmt. I.A. (3d ed. 2011) (common law fraud) ("A representation is made when by words or act an impression is communicated to the mind of another person." (citing *Chase*

*Manhattan Bank, N.A. v. Perla*, 411 N.Y.S.2d 66 (4th Dep't 1978)); *Ohio Police & Fire Pension Fund* v. *Standard & Poor's Financial Services, LLC*, ---F.3d ---, 2012 WL 5990337, at *10-11 (6th Cir. Dec. 3, 2012); *City of Omaha, Nebraska Civilian Employees' Retirement System* v. *CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012); *Fait* v. *Regions Financial Corp.*, 655 F.3d 105, 111-12 (2d Cir. 2011); *In re Lehman Brothers Mortgage-Backed Securities Litigation*, 650 F.3d 167, 183 (2d. Cir. 2011); *Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 776 (1st Cir. 2011); *Compuware Corp.* v. *Moody's Investors Services, Inc.,* 499 F.3d 520, 529 (6th Cir. 2007); *MacDraw, Inc.* v. *CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 960-61 (2d Cir. 1998); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & . Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *4, n.83, *10-*11 (S.D.N.Y. Aug. 17, 2012); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012) (Cote, J.); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.); *Billhofer* v. *Flamel Techs., S.A.*, 2012 WL 3079186, at *10 (S.D.N.Y. July 30, 2012); *In re Merrill Lynch Auction Rate Securities Litigation*, 2011 WL 536437, at *12 (S.D.N.Y. Feb. 9, 2011) (Preska, J.), *aff'd, Anschutz Corp.* v. *Merrill Lynch & Co.*, 2012 WL 3518537 (2d Cir. Aug. 14, 2012); *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (Howell, J.); *New Jersey Carpenters Health Fund* v. *Residential Capital, LLC*, 2010 WL 1257528, at *6 (S.D.N.Y. Mar. 31, 2010) (Baer, J.); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 154 (S.D.N.Y. 2004) (Lynch, J.); *SNCB Corporate Finance Ltd.* v. *Schuster*, 877 F. 820, 826 (S.D.N.Y. 1994) (Stanton, J), *aff'd* 71 F.3d 406 (2d Cir. 1995); *Mann* v. *Levy*, 776 F. Supp. 808, 813 (S.D.N.Y. 1991) (Knapp, J.); *Hutton* v. *Klabal*, 726 F. Supp. 67, 71 (S.D.N.Y. 1989) (Broderick, J.); *Stuart Lipsky, P.C.* v. *Price*, 315 A.D.2d 102, 103 (1st Dep't 1995); *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1002-03) (common law fraud); *see also Mandarin Trading Ltd.* v. *Wildenstein*, 16 N.Y.3d 173, 179 (2011); *Consolidated Bus Transit, Inc.* v. *Treiber Group, LLC*, 97 A.D.3d 778, 779 (2d Dep't 2012); *New York Pattern Jury Instructions –Civil*, § 3:20 (common law fraud – supplemental instruction) ("As a general rule only factual representations are actionable, and a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud. . . . [A] false statement of opinion, whether of law or fact, if misrepresented as a sincere opinion, is actionable, provided there is reasonable."); C.f. *Boca Raton Firefighters & Police Pension Fund* v. *Bahash*, 2012 WL 6621391 (2d Cir. Dec. 20, 2012); Kevin F. O'Malley, et al., Federal Jury Practice and Instructions-Civil, § 162.232 (5th ed.) (10b-5) *id.* § 162.284.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32B**

**Rating Committees**

A corporation only acts through its agents.  Each Rating Agency defendant's ratings on the Cheyne SIV were issued by Rating Committees, and only the knowledge and belief of those Rating Committees that reviewed and rated the Cheyne SIV are relevant to the consideration of fraud.

AUTHORITY:    *See, e.g.*, *Teamsters Local 445 Freight Division Pension Fund* v. *Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (Holwell, J.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Howell, J.) (Charge to the Jury No. 23, at 27, No.  24 at 31) (10b-5); *see also Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.); *In re Lehman Brothers Securities and ERISA Litigation*, 684 F. Supp. 2d 485, 495 (S.D.N.Y. 2010) (Kaplan, J.), *aff'd*, 650 F.3d 167 (2d Cir. 2011).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32C**

**False Representation (Hindsight)**

Whether a representation was false must be determined at the time the representation was made.

Hindsight may not serve as the basis of a fraud claim and each plaintiff must offer more than evidence of the Cheyne Finance SIV's subsequent performance to demonstrate that any rating on the Cheyne SIV notes was false or misleading when issued.

Likewise, one who states a genuinely held opinion is not liable for fraud merely because the opinion later turns out to have been incorrect.

AUTHORITY:    *Abu Dhabi Commercial Bank* v. *Morgan  Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *11 (S.D.N.Y.  Aug. 17, 2012); *see also Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 775-76 (1st Cir. 2011); *Pattern Civil Jury Instructions: Eleventh Circuit*, Civil Cases, § 4.2 (2005) (10b-5).

- 54 -

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32D

### Elements of Fraud:  Purpose to Induce Reliance

The <u>second</u> element of fraud is that the defendant made the representation with a fraudulent purpose of inducing each plaintiff to invest in the Cheyne SIV notes.

If you find that S&P or Moody's did not make the representation with the fraudulent purpose of inducing a plaintiff to invest, you need proceed no further on the claim of fraud as to that plaintiff.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32E**

**Corporate State of Mind**

To prove liability for fraud against a corporation, a plaintiff must prove that at least one agent of the corporation committed the culpable act with the requisite purpose to defraud. Fraudulent purpose must exist in the mind of at least one individual with responsibility for a misrepresentation at issue.

As I explained earlier, because a corporation only acts through its agents, and because the ratings at issue were issued by the Rating Committees, a plaintiff must prove that the Rating Agency defendants' Rating Committees had the requisite state of mind.

AUTHORITY:   *Teamsters Local 445 Freight Div. Pension Fund. v. Dynex Capital, Inc*., 531 F.3d 190, 195 (2d Cir. 2008); *In re Vivendi Universal, S.A. Sec. Litig*., 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (Holwell, J.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Howell, J.) (Charge to the Jury No. 23, at 27, No. 24 at 31) (10b-5) (S.D.N.Y. 2011); *see also Mizzaro v. Home Depot, Inc*., 544 F3d 1230, 1254-55 (11th Cir. 2008); *Makor Issues & Rights, Limited v. Tellabs Inc*., 513 F. 3d 702, 707 (7th Cir. 2008); *Federal Housing Finance Agency v. UBS Americas, Inc*., 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32F**

**Elements of Fraud:  Actual and Justifiable Reliance**

The <u>third</u> element of fraud requires each plaintiff to prove, by clear and convincing evidence, that it (i) actually and (ii) reasonably and justifiably relied on the alleged misrepresentation.

As I indicated earlier, you will consider actual and reasonable reliance in a second phase of this trial, if and only if during this first phase of trial you find for plaintiffs on each of the elements of falsity, purpose to induce reliance, and proximate causation.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud); *see also Banque Arabe et Internationale D'Investissement* v. *Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995); *Stuart Silver Associates, Inc.* v. *Baco Development Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Federal Jury Practice and Instructions-Civil*, § 162.233 (5th ed.) (10b-5); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y.  2012) (Scheindlin, J.).

- 57 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32G**

**Elements of Fraud:  Proximate Causation**

The <u>fourth</u> element of fraud requires that each plaintiff prove, by clear and convincing evidence, that the alleged misrepresentation was the proximate cause of the plaintiff's injury.

To meet this burden, a plaintiff must show, by clear and convincing evidence, that the Cheyne SIV ratings issued by each Rating Agency defendant and relied upon by that plaintiff were a substantial factor contributing to that plaintiff's investment's actual loss.  If the causal connection between the ratings opinion and a plaintiff's investment loss instead is attenuated, or if a plaintiff fails to demonstrate that the rating opinion was a substantial contributing factor to the investment's actual loss, that plaintiff cannot establish fraud.

AUTHORITY:   *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *4 (S.D.N.Y. Aug. 17, 2012); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); *Suez Equity Investors, L.P.* v. *Toronto-Dominion Bank*, 250 F.3d 87, 105 (2d Cir. 2001); *Federal Jury Practice and Instructions-Civil*, § 123:02 (5th ed.) (common law fraud); *id.* at § 162:300 (10b-5); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27) (10b-5).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32H**

**Proximate Causation (Other Causes)**

In deciding whether the Cheyne SIV ratings were the proximate cause of a plaintiff's injury, you must consider whether there are factors other than the allegedly false ratings on the Cheyne SIV that caused that plaintiff's losses.

A defendant is not legally responsible for investment losses that are not proximately and directly caused by the alleged fraud.  Therefore, a plaintiff may not recover for losses caused by other factors, such as changed economic circumstances, changed investor expectations, new industry- or firm-specific facts and/or conditions, a market wide disruption, and decisions made by third parties.

Each plaintiff bears the burden of separating the alleged fraud from any other factors that may have caused its losses, and the burden of proving by clear and convincing evidence that an identifiable proportion of its whole loss was caused by the alleged false or misleading statement.  In other words, each plaintiff must prove by clear and convincing evidence that it would have been spared all or an ascertainable portion of its loss absent the alleged fraud.

A Rating Agency defendant is not liable for any loss resulting from factors other than those proved to have been caused by its Cheyne SIV ratings opinion.  Therefore, each plaintiff must prove by clear and convincing evidence that some identifiable portion of its loss was caused directly and proximately by the alleged fraud, as distinct from other factors such as the financial crisis.

If you find that a plaintiff has not established by clear and convincing evidence that an identifiable proportion of its losses were caused by the alleged fraudulent ratings of the Cheyne SIV notes, rather than some other factor, you need proceed no further on that plaintiff's fraud claims.

- 59 -

AUTHORITY:   *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005); *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 574 F.3d 29, 36 (2d Cir. 2009); *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 174 (2d Cir. 2005); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 31); *Kevin F. O'Malley, et al., Federal Jury Practice and Instructions-Civil*, § 120.64 (5th ed. 2012) (negligence); *New York Pattern Jury Instructions – Civil*, § 2.72 (Proximate Cause – Intervening Cause); *see also Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 18 (2d Cir. 2007); *In re Omnicom Group, Inc. Securities Litigation*, 541 F. Supp. 2d 546, 553-54 (S.D.N.Y. 2008) (Pauley, J.), *aff'd*, 597 F.3d 501 (2d Cir. 2010); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec., LLC*, 646 F. Supp. 2d 385, 403-04 (S.D.N.Y. 2009), *aff'd* 386 F. App'x 5 (2d Cir. 2010); *Laub v. Faessel*, 297 A.D.2d 28, 32 (1st Dep't 2002); *Movitz v. First Nat'l Bank of Chicago*, 148 F.3d 760, 762-64 (7th Cir. 1998).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32I**

**Elements Of Fraud:  Actual And Justifiable Reliance – Peculiar Knowledge**

During this first phase of trial, plaintiffs bear the burden of proof by clear and convincing evidence on the preliminary question of whether the subject of the representation was peculiarly within the knowledge of defendants.

The only alleged misrepresentations in this case are the credit ratings assigned by S&P and Moody's to the rated notes issued by the Cheyne SIV.  The subject of those representations is the creditworthiness of the rated notes.  It is accordingly for you to determine, in this phase of trial, whether plaintiffs have proven by clear and convincing evidence that the creditworthiness of the rated Cheyne SIV notes was a subject peculiarly within the knowledge of the defendants.

Generally, the more sophisticated a plaintiff, the less accessible the information must be to find that it was within a defendant's peculiar knowledge.  The factors relevant to this inquiry include the plaintiff's (1) level of sophistication; (2) access to the information underlying the alleged misrepresentation; (3) expertise in financial and securities matters; (4) prior experience with the parties to the transaction; and (5) opportunity to ask questions or otherwise explore the transaction.  A particularly sophisticated buyer will face a particularly high burden in proving that information about the subject of the representation is within defendants' peculiar knowledge.  Thus, if you find that the plaintiffs were particularly sophisticated, they will face a particularly high burden in proving that information about the creditworthiness of the rated Cheyne SIV notes was a subject peculiarly within the knowledge of defendants.

AUTHORITY:   *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013) (Dkt. No. 572) (citing *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 971 (2d Cir. 1987) (plaintiffs "bear the burden

of establishing each element of their fraud claims -including actual and reasonable reliance by clear and convincing evidence")); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 536 (S.D.N.Y. 2012); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2012 WL 3584278, at *7, *10 (S.D.N.Y. Aug. 17, 2012); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, 2013 WL 837536, at *4 (S.D.N.Y. Mar. 6, 2013) ("the subject of the alleged misrepresentation – here actual credit-worthiness of the Rated Notes"); *id*. at *7 (identifying preliminary question as "whether or not the actual credit-worthiness of the Rated Notes is deemed within the peculiar knowledge" of defendants); *DIMON Inc. v. Folium, Inc.*, 48 F. Supp. 2d 359, 369 & n.55 (S.D.N.Y. 1999); *Schumaker v. Mather*, 133 N.Y. 590, 596 (1892).

**AGREED UPON PROPOSED JURY INSTRUCTION NO. 33 (AGREED)**

**Right to See Exhibits and Hear Testimony**

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations.  All of the exhibits will be given to you at the start of deliberations.  If you want any of the testimony read, you may request that.  Please remember that when you request testimony, the lawyers must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson with the time indicated, and given to one of the marshals in an envelope.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

AUTHORITY:   Docket No. 259-29, Instruction No. III.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34**

**Duty to Deliberate to Unanimous Verdict**

The most important part of this case is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether each plaintiff has sustained its burden of proof as I have explained it to you with respect to each of its claims.  If you find that a plaintiff has succeeded, you should return a verdict in that plaintiffs favor.  If you find that any plaintiff has failed to sustain its burden on any element of a claim, you should return a verdict in favor of defendants as to that plaintiff on that claim.  If you find in any plaintiff's favor, then we will proceed to the next phase of the trial.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath, you promised that you would well and truly try the issues joined in this case and a true verdict render.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor of either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

Again each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

AUTHORITY:    Docket No. 259-29, Instruction No. III.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35 (AGREED)**

**Note Taking by Jurors**

I remind you that any notes you may have taken during trial are simply an aid to your memory.  Because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollections of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case.  Any difference between a juror's recollection and a juror's notes should always be settled by asking to have the court reporter's transcript on that point read back to you.  You must base your determination of the facts, and ultimately, your verdict on the court record rather than on any juror's notes.

AUTHORITY:   Docket No. 259-29, Instruction No. III.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36 (AGREED)**

**Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

AUTHORITY:   Docket No. 259-29, Instruction No. III.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37 (AGREED)**

**Return of Verdict**

I have given each of you a special verdict form.  The purpose of the questions on the form is to help us – the Court, the attorneys, plaintiffs, and defendants – to understand what your findings are.  No inference is to be drawn from the way the questions are worded as to what the answer should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion and, even if I had, it would not be binding on you.

Before the jury attempts to answer any question you should read the entire form and make sure that everybody understands each question.  Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer.  When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you.  Before you can record an answer, all jurors must agree to it; your answers must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors; that is, the split of the vote, with respect to any question, to anyone, including the Court, at any time during your deliberation.

AUTHORITY:    Docket No. 259-29, Instruction No. III.E., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38 (AGREED)**

**Closing Comment**

Finally, I say this not because I think it is necessary but because it is the custom in this Courthouse:  You should treat each other with courtesy and respect during your deliberation.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the Courtroom.  I will stress that you should be in agreement with the verdict that is announced in Court. Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the box, without speaking to each other, and we will return in just a moment to submit the case to you.

Thank you for your time and attentiveness.

AUTHORITY:     Docket No. 259-29, Instruction No. III.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

# C.   JURY CHARGE- PHASE II

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39**

**Fraud Phase II**

We have proceeded to Phase II.

During this phase, you must consider whether each plaintiff both (i) actually and (ii) reasonably and justifiably relied upon each Rating Agency defendant's ratings of the Cheyne Notes in deciding to invest in the Cheyne SIV notes.  If you find that a plaintiff actually and reasonably relied upon each Rating Agency defendant's ratings, you must then consider whether that plaintiff sustained damages as a result of the fraud.

I will now instruct you as to the meaning of each of these elements.

AUTHORITY:   Docket No. 259-29, Instruction No. III.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS); 3B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, §162:23 (5th ed. 2001).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**

**Elements of Fraud:  Actual and Reasonable and Justifiable Reliance**

The third element of fraud requires each plaintiff to prove, by clear and convincing evidence, that it (i) actually and (ii) reasonably and justifiably relied on the alleged misstatement.

If you find that a plaintiff did not actually rely on the statement – here, the Cheyne SIV ratings -- or that a plaintiff did not reasonably and justifiably rely on the statement, then you need proceed no further on the fraud claim as to that plaintiff.

To establish actual reliance, each plaintiff must prove, by clear and convincing evidence, first, that it received and considered each Rating Agency defendant's rating of the Cheyne SIV prior to making its investment decision; and second, that the rating was a substantial factor in its decision to invest in the Cheyne SIV.

AUTHORITY:     *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud); *Lerner* v. *Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006); *Securities Investor Protection Corp.* v. *BDO Seidman, LLP*, 222 F.3d 63, 72 (2d Cir. 2000); *Banque Arabe et Internationale D'Investissement* v. *Maryland National Bank*, 57 F.3d 146,  156 (2d Cir. 1995); *Abu Dhabi  Commercial Bank* v. *Morgan Stanley & Co.*, --- F. Supp. 2d ---, 2012 WL  3584278, at \*14 (S.D.N.Y. Aug. 17, 2012); *Anglo-German Progressive Fund Ltd.* v. *Concorde  Group, Inc.*, 2010 WL 3911490, at \*6 (S.D.N.Y. Sept. 14, 2010) (Castel, J.); *Kosovich v. Metro Homes, LLC,* 2009  WL 5171737, at \*6 (S.D.N.Y. Dec. 30,  2009) (Rakoff, J.); *Pension Committee of University of Montreal Pension Plan* v. *Banc of America Securities, LLC*, 592 F. Supp. 2d 608, 629, 639 (S.D.N.Y. 2009) (Scheindlin, J.); *American Financial  International Group-Asia, L.L.C.* v. *Bennett*, 2007 WL 1732427, at \*9-\*10 (S.D.N.Y. June 14, 2007) (Lynch, J.); *Gabriel Capital, L.P.* v. *NatWest Finance, Inc.*, 177 F. Supp. 2d 169, 174 (S.D.N.Y. 2001) (Scheindlin, J.); *O'Dell*  v. *Ginsberg*, 253 A.D.3d 544, 544 (2d Dep't 1998); *Stuart Silver Associates, Inc.* v. *Baco Development  Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Federal Jury Practice and Instructions-Civil*, § 162.233 (5th ed.) (10b-5); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40A**

**Reasonable and Justifiable Reliance (Generally)**

If you find that a plaintiff relied on the ratings, then you must determine whether the plaintiff's reliance was reasonable and justifiable.  If you find that a plaintiff did not reasonably and justifiably rely on the Cheyne ratings, then you need proceed no further on the fraud claim as to that plaintiff.

Whether the investor's reliance on a statement is reasonable and justifiable generally depends upon whether the statement is one that a reasonable investor in the plaintiff's circumstances would believe and consider important in deciding whether to make such an investment.

AUTHORITY:    *Stuart Silver Associates Inc.* v. *Baco Development Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1004) (common law fraud); *New York Pattern Jury Instructions* – Civil, § 3.20, cmt. I.D.1. (common law fraud) (Circumstances to be considered in  determining whether justifiable  reliance existed include the knowledge  and experience of the plaintiff, its  relationship with the person making  the representation, and any disability of the plaintiff); *id.* cmt. I.D.2 ("Justification for acting on the representation does not  exist if the fact represented is not  material.  Generally, what is material is determined by whether a reasonable person would consider it of importance.").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40B**

**Reasonable and Justifiable Reliance (Sophistication)**

Whether a plaintiff reasonably and justifiably relied on the ratings must be evaluated in the context of that plaintiff's sophistication, knowledge, experience, net worth, and the resources potentially at its disposal to investigate, as well as whether or not a relationship of trust or confidence existed between that plaintiff and the respective Rating Agency defendant.

AUTHORITY:     *New York Pattern Jury Instructions – Civil*, § 3:20, cmt. I.D.1 (3d ed. 2011); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 536 (S.D.N.Y. 2012).

- 74 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40C**

**Reasonable and Justifiable Reliance (Knowledge of True Facts)**

Reliance is not reasonable or justified where the investor claiming to have been deceived knew or had reason to know the facts.  The factors relevant to this inquiry include the buyer's (1) level of sophistication; (2) access to the information underlying the alleged misrepresentation; (3) expertise in financial and securities matters; (4) prior experience with the parties to the transaction; and (5) opportunity to ask questions or otherwise explore the transaction.

AUTHORITY:     *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D. (common law fraud); *Crigger* v. *Fahnestock & Co.*, 443 F.3d 230, 234-35 (2d Cir. 2006); *Crigger* v. *Fahnestock & Co.*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1006) (common law fraud).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40D**

**Reasonable and Justifiable Reliance (Due Diligence)**

**[If Finding of NO Peculiar Knowledge]**

Each plaintiff was required to do more than simply rely on S&P's and Moody's ratings. Specifically, each plaintiff had a duty to exercise ordinary diligence and conduct an independent appraisal of the risks it was undertaking before purchasing its Cheyne SIV Notes.

Reliance is not reasonable or justified when the plaintiff reasonably could have discovered the true facts with due diligence. Each plaintiff must show that it made use of the means available to it and that it could not access information that would have enabled it to learn the allegedly true facts. In other words, a plaintiff may not intentionally close its eyes and refuse to investigate the circumstances or disregard known or obvious risks that require further inquiry.

If you find that a plaintiff failed to use due care in determining whether to invest in the Cheyne SIV, you cannot find that the plaintiff reasonably and justifiably relied on each Rating Agency defendant's rating.   In other words, plaintiffs' claim for fraud must fail.

AUTHORITY:   *Banque Franco-Hellenique de Commerce  Intl. et Mar., S.A. v. Christophides*, 106  F.3d 22, 27 (2d Cir. 1997); *Bank of  America Corp.* v. *Lemgruber*, 385 F. Supp. 2d 200, 230 (S.D.N.Y. 2005) (Batts, J.); *Granite Partners, L.P.*  v. *Bear, Stearns & Co.*, 58 F. Supp. 2d 228, 259-60 (S.D.N.Y. 1999) (Sweet, J.); *HSH Nordbank AG* v. *UBS AG*, 95 A.D.3d 185, 197 (1st Dep't 2012); *Global Minerals & Metals Corp.* v. *Holme*, 35  A.D.3d 93, 100 (1st Dep't 2006); *Abrahami* v. *UPC Construction Co., Inc.*,  224 A.D.2d 231, 234 (1st Dep't 1996);  *Crigger* v. *Fahnestock & Co.*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.)  (Tr. of Charge to Jury at 1005 & 1006) (common law fraud); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 26) (10b- 5).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40E**

**Reasonable and Justifiable Reliance (Due Diligence)**

**[If Finding of Peculiar Knowledge]**

Under New York law, the fact that information may be peculiarly known to defendants does not end the reasonable reliance analysis.  Rather, a sophisticated investor who is on notice that it lacks information is under a further duty to protect itself from misrepresentation.   Such investors must either demand the withheld information or use other means to protect themselves from possible misrepresentations.   In assessing whether each plaintiff has proven reasonable reliance by clear and convincing evidence, you may consider whether such plaintiff discharged its duty to demand information not provided or took other steps to protect itself.

AUTHORITY:     *Lazard Freres & Co. v. Protective Life Insurance Co.*, 108 F.3d 1531, 1542-43 (2d Cir. 1997); *see also Century Pacific, Inc. v. Hilton Hotels Corp.*, 354 F. App'x 496, 498 (2d Cir. 2009) ("In *Lazard Freres*, we held that a sophisticated party could not show reasonable reliance notwithstanding . . . the fact that the alleged misrepresentation concerned a matter 'peculiarly within' the other party's knowledge."); *B. Lewis Productions., Inc. v. Angelou* , 2008 WL 1826486, at *7 (S.D.N.Y. Apr. 22, 2008) ("Even [when information is peculiarly within another party's knowledge], sophisticated business parties are charged with an additional duty to protect themselves . . . ."); *PPI Enterprises (U.S.), Inc. v. Monte Foods Co.*, 2003 WL 22118977, at *24 (S.D.N.Y. 2003) ("[T]he Second Circuit has noted that the fact that information may be peculiarly known to one entity does not end the [reasonable reliance] analysis in the case of sophisticated players.").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40F**

**Reasonable and Justifiable Reliance (Disclaimers/Disclosures)**

**[If finding of NO peculiar knowledge]**

Reliance is not reasonable or justified where an offering document, contract, or both, agreed to by a plaintiff contains a clause that specifically disclaims a statement as to the matter allegedly relied on or discloses the fact allegedly concealed by the Cheyne ratings.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D.1. (3d ed. 2011) (common law fraud) ("As a matter of law, justifiable reliance cannot exist between the parties to a contract containing a clause that specifically disclaims a representation as to the matter allegedly relied on."); *Dallas Aerospace, Inc.* v. *CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir. 2003); *HSH Nordbank A.G.* v. *UBS A.G.*, 95 A.D.3d 185, 204-06 (1st Dep't 2012); *MBIA Insurance Corp.* v. *Merrill Lynch*, 81 A.D.3d 419, 419 (1st Dep't 2011); *Burroughs Corp.* v. *Datacap, Inc.*, 124 A.D.2d 622, 622 (2d Dep't 1986).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40G**

**Reasonable and Justifiable Reliance (Disclaimers/Disclosures)**

**[If finding of peculiar knowledge]**

Reliance is not reasonable or justified where an offering document, contract, or both, agreed to by a plaintiff discloses the fact allegedly concealed by the Cheyne ratings.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D.1. (3d ed. 2011) (common law fraud) ("As a matter of law, justifiable reliance cannot exist between the parties to a contract containing a clause that specifically disclaims a representation as to the matter allegedly relied on."); *Dallas Aerospace, Inc.* v. *CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir. 2003); *HSH Nordbank A.G.* v. *UBS A.G.*, 95 A.D.3d 185, 204-06 (1st Dep't 2012); *MBIA Insurance Corp.* v. *Merrill Lynch*, 81 A.D.3d 419, 419 (1st Dep't 2011); *Burroughs Corp.* v. *Datacap, Inc.*, 124 A.D.2d 622, 622 (2d Dep't 1986).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40H**

**Reasonable and Justifiable Reliance (Materiality)**

Reliance is not reasonable or justified if the fact represented is not material.

A statement is considered to be material if there is a substantial likelihood that a reasonable investor would view the fact as significantly altering the total mix of information available.

Whether a statement is material is based on the circumstances as they existed at the time the statement was made.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20, cmt. I.D.2. (3d ed. 2011) (common law fraud); *Boca Raton Firefighters & Police Pension Fund* v. *Bahash*, 2012 WL 6621391 (2d Cir. Dec.  20, 2012); *Muller-Paisner* v. *TIAA*, 289 F. App'x 461, 463-64 (2d Cir. 2008); *Merrill Lynch & Co. Inc.* v. *Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007); *Ganino* v. *Citizens Utilities Co.*, 228 F.3d 154, 165 (2d Cir. 2000); *New York University* v. *Continental Insurance Co.*, 87 N.Y.2d 308, 318 (1995); *State of New York* v. *Rachmani Corp.*, 530 N.Y.S.2d 58 (1988); *2 Fifth Ave. Tenants Assoc.* v.  *Abrams*, 583 N.Y.S.2d 466 (1st Dep't 1992); *see also*; *Jay Dees Inc.* v. *Defense Technology Systems, Inc.*, 2009 WL 1635447 (S.D.N.Y. Apr. 28, 2009) (Zilly, J.) (Court's Instruction No. 12A) (10b-5); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 23, at 26) (10b-5).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41**

**Elements of Fraud:  Damages as a Result of Fraud**

The <u>fifth</u> and final element of fraud requires that each plaintiff prove, by clear and convincing evidence, that it suffered damages as a result of the fraud.

If you find that any plaintiff did not sustain any damage as a result of the fraud, you need proceed no further on that plaintiff's fraud claim.

AUTHORITY:     *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 28, at 36) (10b-5); *New York Pattern Jury Instructions –Civil*, § 3:20 (3d ed. 2011) (common law fraud).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41A**

**Damages as a Result of Fraud (Determination of Actual Monetary Loss)**

If you find that a plaintiff did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained.

You should consider the following instructions only if you have found a Rating Agency defendant liable on a plaintiff's fraud claim.

Please note that just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not either Rating Agency defendant should be held liable. That is for you to decide on the evidence presented and the rules of law I have given you. If you decide that a plaintiff is not entitled to recover from either Rating Agency defendant, you need go no further with respect to the fraud claims. I am instructing you on damages only so that you will have guidance should you decide that a plaintiff is entitled to recovery.

If a plaintiff succeeds in its fraud claim, it may seek to recover only its out-of-pocket losses. Each plaintiff has the burden of proving its damages by clear and convincing evidence. Any damages you award must have a reasonable basis in the evidence and may not be based on speculation or guess work. While damages need not be proven with mathematical certainty, there must be enough evidence for you to make a reasonable estimate of damage. Only a plaintiff's proven actual losses are recoverable.

The out-of-pocket measure of damages seeks to compensate a plaintiff for its loss by returning it to the position it occupied before the fraud. In this case, the measure of a plaintiff's out-of-pocket damages is the total amount of its investment, less any payments received by that plaintiff.

You must deny recovery where it would leave a plaintiff in a better position than plaintiff would have been in absent the fraud.  Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize a Rating Agency defendant.

.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20 (3d ed. 2011) (common law fraud); *id.* cmt. I.H.; *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1012-13) (common law fraud); *see also Continental Casualty Co.* v. *PricewaterhouseCoopers, LLP*, 15 N.Y.3d 264, 271 (2010); *Lama Holding Co.* v. *Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996); *Owens* v. *Barriger*, 08 Civ. 8414 (S.D.N.Y. Jan. 25, 2012) (Castel, J.) (Trial Tr. at 219) (common law fraud).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41B

### Damages as a Result of Fraud (Mitigation)

In calculating the proper amount of compensatory damages, you must consider a Plaintiff's efforts to mitigate its damages after learning of its injury.

As a general rule, an injured party cannot recover for damages that reasonable diligence on its part could have prevented.  The law requires a party claiming injury to make a reasonable effort to minimize any damages.  If such reasonable effort is not made, the plaintiff will be barred from recovering those damages which result from its failure to do so.

Likewise, if an injured party allows the damages to be unnecessarily enhanced, the incurred loss justly falls upon him.

Therefore, if you find that a Plaintiff failed to use proper efforts to take necessary measures after learning of its injury in order to minimize its damages, you must not award that Plaintiff those damages which could have been prevented, or any damages that were enhanced by the Plaintiff's failure to mitigate.


AUTHORITY:    *Hamilton v. McPherson*, 28 N.Y. 72, 76 (1863) (An "injured part[y] c[an] recover nothing for damages, which, by reasonable diligence on [its] part, could have been prevented. . . .  The law for wise reasons, imposes upon a party subjected to injury. . . the active duty of making reasonable exertions to render the injury as light as possible.  Public interest and sound morality accord with the law in demanding this; and if the injured party, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him."); *New York Pattern Jury Instructions –Civil* § 2:325 (3d ed. 2011) (Negligence Damages – Mitigation – General Principles); *Novko* v. *State*, 285 A.D.2d 696, 697 (3d Dep't 2001); *see also Technest Holdings, Inc.* v. *Deer Creek Fund LLC*, 2008 WL 3449941, at *18 (S.D.N.Y. Aug. 12, 2008); *Vogt* v. *Abish*, 663 F. Supp. 321, 324 (S.D.N.Y. 1987); *Fournier* v. *Services for Undeserved, Inc.*, 742 N.Y.S.2d 471, 472 (Sup. Ct. App. Term 2002).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42

### Aiding and Abetting

Plaintiffs' second claim is against Morgan Stanley for aiding and abetting fraud.  You should consider this claim only if you find that Moody's or S&P is liable to one or more of the Plaintiffs for fraud.

In order to recover for aiding and abetting fraud, each Plaintiff must prove by clear and convincing evidence the existence of an underlying fraud by each Rating Agency defendant, actual knowledge of each fraud on the part of Morgan Stanley, substantial assistance by Morgan Stanley with an intent to advance the commission of the fraud of each Rating Agency defendant, and that the actions of Morgan Stanley (as distinct from the actions of others) proximately caused each plaintiff's losses.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2012 WL 3584278, at *5, 22-23 (S.D.N.Y. Aug. 17, 2012); *King Cnty. v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 664-65 (S.D.N.Y. 2010); *Williams v. Sidley Austin Brown & Wood, L.L.P.*, 832 N.Y.S.2d 9 (1st Dep't 2007); *P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V.*, 754 N.Y.S.2d 245 (1st Dep't 2003); *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d (1st Dep't 1996); *Stevenson Equip., Inc. v. Chemig Constr. Corp.*, 565 N.Y.S.2d 318 (3d Dep't 1991).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42A**

**Aiding and Abetting:  Existence of the Underlying Fraud**

Each plaintiff must prove, by clear and convincing evidence, that each of the Rating Agencies is liable for fraud, based on all of the instructions that I have just given you regarding the fraud claim.  If you find that any plaintiff has failed to establish any element of its fraud claim as to a Rating Agency defendant by clear and convincing evidence, then that plaintiff has no claim against Morgan Stanley for aiding and abetting.

AUTHORITY:   New York Pattern Jury Instructions – Civil, § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud); Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc., 2012 WL 3584278, at *5, 22-23 (S.D.N.Y. Aug. 17, 2012); King Cnty. v. IKB Deutsche Industriebank AG, 751 F. Supp. 2d 652, 664-65 (S.D.N.Y. 2010); Williams v. Sidley Austin Brown & Wood, L.L.P., 832 N.Y.S.2d 9 (1st Dep't 2007); P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V., 754 N.Y.S.2d 245 (1st Dep't 2003); Swersky v. Dreyer & Traub, 643 N.Y.S.2d (1st Dep't 1996); Stevenson Equip., Inc. v. Chemig Constr. Corp., 565 N.Y.S.2d 318 (3d Dep't 1991).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42B**

**Aiding and Abetting:  Actual Knowledge**

Each plaintiff must also prove by clear and convincing evidence that Morgan Stanley had actual knowledge that the rating agencies were engaged in fraud.  This requires clear and convincing evidence that Morgan Stanley had actual knowledge that (1) the credit ratings were objectively false or misleading with respect to the underlying subject matter they address at the time that they were issued; (2) that S&P and Moody's did not genuinely or honestly hold the opinions reflected by the credit ratings that they respectively issued for the Cheyne SIV at the time those ratings were issued; and (3) that each Rating Agency defendant issued its credit rating on the Cheyne SIV notes with a fraudulent purpose of inducing each plaintiff to invest in the Cheyne SIV notes.

The requirement of actual knowledge is a high bar.  To show actual knowledge, it is not enough that Morgan Stanley "should have known" of the existence of a fraud or ignored "red flags" or obvious warning signs of that the rating agencies were acting fraudulently.

AUTHORITY:   *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2012 WL 3584278, at
              *3, 22-23 (S.D.N.Y. Aug. 17, 2012).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42C

### Aiding and Abetting:  Substantial Assistance

Plaintiffs must also demonstrate by clear and convincing evidence that an agent or employee of Morgan Stanley with actual knowledge of the alleged fraud of a Rating Agency defendant provided substantial assistance with a purpose to advance the commission of the fraud by that Rating Agency defendant.

To satisfy this requirement, plaintiffs must demonstrate by clear and convincing evidence that Morgan Stanley affirmatively assisted or helped conceal the fraud.

Mere inaction on the part of Morgan Stanley does not constitute substantial assistance.

AUTHORITY:   *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, -- F. Supp. 2d –, 2012 WL 3584278, at *5, 15 (S.D.N.Y. Aug.  17, 2012) (Scheindlin, J.) ("[T]he mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006)); *Abu  Dhabi Commercial Bank v. Morgan  Stanley & Co. Inc.*, Order, Dkt. No. 404, referring to *King County*, 863 F. Supp. 2d 288, 314 (S.D.N.Y. 2012) ("[T]he relationship between the parties is too attenuated to give rise to a fiduciary duty.").

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42D

## Aiding and Abetting:  Proximate Cause

Finally, to establish its aiding and abetting claim, each plaintiff must prove by clear and convincing evidence that the actions of Morgan Stanley proximately caused the harm it suffered as a result of the fraud.

To meet its burden a plaintiff must prove, by clear and convincing evidence, that the actions of Morgan Stanley were a substantial factor contributing to that Plaintiff's investment's actual loss or decline in value. If the connection between what Morgan Stanley did to aid and abet the fraud and a plaintiff's investment loss is attenuated, or if a plaintiff fails to demonstrate that the actions by Morgan Stanley were a substantial contributing factor to its investment's actual loss, that plaintiff cannot establish aiding and abetting fraud.  It is not enough in that regard to show that the allegedly false credit ratings caused plaintiffs' losses.  Rather, for this claim, plaintiffs must show that their losses were proximately caused by Morgan Stanley's actions.

AUTHORITY:  *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud) (requiring that the plaintiff must prove that the "aiding and abetting party proximately caused the harm on which the  primary liability is based"); *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions-Civil*, § 162.300 (5th ed. 2012) (10b-5); *see also King County, Washington v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 665, n. 9 (S.D.N.Y. 2010) ("[W]ith respect to the aiding and abetting fraud claim, '[p]roximate cause exists where defendant's actions were a substantial factor in the sequence of responsible causation, and plaintiffs' injury was reasonably foreseeable or anticipated as a natural consequence.") (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 284); *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001).

- 89 -

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43

### Elements of Negligent Misrepresentation

ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim also bring a claim is for negligent misrepresentation against Morgan Stanley.

In order for these plaintiffs to establish a claim for negligent misrepresentation, each must prove by clear and convincing evidence:

1.     that Morgan Stanley owed an exceptional duty of care to each of these plaintiffs as a result of a special relationship of trust and confidence, and that Morgan Stanley expected that each of these plaintiffs was relying on Morgan Stanley with respect to the ratings of the Cheyne SIV;

2.     that Morgan Stanley provided each of these plaintiffs with false ratings that in the exercise of reasonable care Morgan Stanley should have known were false, while omitting non-public facts that it knew would undercut the ratings;

3.     that each of these plaintiffs reasonably and justifiably relied on the credit ratings in deciding to purchase the Cheyne SIV notes and reasonably and justifiably relied on Morgan Stanley to provide non-public information possessed by Morgan Stanley that would undercut the ratings; and

4.     that each of these plaintiffs suffered a financial loss caused by its reliance on the misrepresentation.

AUTHORITY:     *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d  775, 788 (2d Cir. 2003); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *Murphy v. Kuhn*, 660 N.Y.S.2d 371, 373 (1997); *Kimmell v. Schaefer*, 652 N.Y.S.2d 715, 719- 720 (1996); *Ossining Union Free Sch. Dist. v. Anderson  LaRocca Anderson*, 541 N.Y.S.2d 335, 339 (1989); *New York  Pattern Jury Instructions – Civil*, § 2.230 (3d ed. 2011) (negligent  misrepresentation); *id.* § 2.10 cmt. I. (negligence); *Abu Dhabi Commercial  Bank v. Morgan  Stanley & Co. Inc.*, --- F. Supp. 2d --, 2012 WL 4762039 (S.D.N.Y. Oct. 5, 2012; **Burden of Proof**: *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) (Scheindlin, J.) ("New York's high standard of 'clear  and  convincing'  proof  applies  to  actions  for  negligent

misrepresentation as well as actions for intentional fraud."); *King County, Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304, 311 (S.D.N.Y. 2012) (Scheindlin, J.); *Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 93 (S.D.N.Y. 1997) (Scheindlin, J.); *Allen v. Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 284-85 (S.D.N.Y. 1997) (Scheindlin, J.); *see also Watson v. Riptide Worldwide, Inc.*, 2013 WL 417372, at *4 (S.D.N.Y. Feb. 4, 2013) (negligent misrepresentation is a "type of fraud"); *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *12 (S.D.N.Y. Feb. 23, 2012) (same); *Lewis v. Rosenfeld*, No. 00 CIV. 5368, 2002 WL 441185, at *5 (S.D.N.Y. Mar. 20, 2002) (negligent misrepresentation is a "species of fraud") (Scheindlin, J.); *Official Comm. Of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 2002 WL 362794, at *16 (S.D.N.Y. Mar. 6, 2002) (same).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43A

### Negligent Misrepresentation:  Duty

The <u>first</u> element of negligent misrepresentation requires each of these plaintiffs to prove by clear and convincing evidence that Morgan Stanley owed an exceptional duty of care to that plaintiff as the result of a special relationship of trust and confidence, and that Morgan Stanley expected that such plaintiff was relying on Morgan Stanley with respect to the ratings of the Cheyne SIV.

To establish this element, each of these plaintiffs must prove, by clear and convincing evidence, that it had a special relationship of trust and confidence, tantamount to that of a fiduciary, with Morgan Stanley.

An ordinary, arms-length commercial relationship is insufficient and does not give rise to a duty of care.  Rather, each of these plaintiffs must establish that it had a relationship with Morgan Stanley involving a closer degree of trust and confidence than an ordinary commercial transaction, such that it would be reasonable and justifiable for that plaintiff to rely on Morgan Stanley to ensure the accuracy of information it provided to that plaintiff.

In considering whether such a duty was owed by Morgan Stanley, it is appropriate to consider the sophistication and investment experience of plaintiffs as well as the express disclaimers contained in the offering materials.  A special relationship cannot be established in a commercial transaction if the defendant disclaimed the duty a plaintiff claims it was owed.

If you find that Morgan Stanley did not have a special relationship of trust and confidence with a plaintiff, you need proceed no further on that plaintiff's negligent misrepresentation claim. [Likewise, if you find that Morgan Stanley did not directly communicate with a plaintiff concerning the Cheyne SIV notes, Morgan Stanley cannot have had the necessary special relationship with that plaintiff, and you will proceed no further on that plaintiff's negligent misrepresentation claim.]

AUTHORITY:    *Murphy v. Kuhn*, 660 N.Y.S.2d 371, 373 (1997); *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003); *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *Sabre Int'l Sec. Ltd. v. Vulcan Capital Mgmt., Inc.*, 944 N.Y.S.2d 36, 42 (1st Dep't 2012); *FHFA v. UMS Ams.*, 858 F. Supp. 2d 306, 334-35 (S.D.N.Y. 2012); *Prime Mover Capital Partners L.P. v. Elixer Gaming Techs., Inc.*, 793 F. Supp. 2d 651, 674 (S.D.N.Y. 2011); *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 928 N.Y.S.2d 229, 235 (1st Dep't 2011); *Parisi v. Metroflag Polo, LLC*, 857 N.Y.S.2d 110, 110 (1st Dep't 2008); *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98 (2d Cir. 2012).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43B

### Negligent Misrepresentation:  Misrepresentation

The <u>second</u> element of negligent misrepresentation requires each of these plaintiffs to prove by clear and convincing evidence that Morgan Stanley made a misrepresentation to that plaintiff in violation of a duty owed.  The only alleged misrepresentations in this case are the credit ratings assigned by S&P and Moody's to the rated notes issued by the Cheyne SIV.  Therefore, if you find that the credit ratings were not false, you need proceed no further on the negligent misrepresentation claim.

Likewise if you find that Morgan Stanley did not make a misrepresentation to a plaintiff regarding the Cheyne SIV ratings, you will not proceed any further as to that plaintiff's negligent misrepresentation claim.

If you find that Morgan Stanley made a misrepresentation in providing the credit ratings to a plaintiff, you must determine whether Morgan Stanley failed to exercise reasonable care in conveying the ratings.  With respect to this element, reasonable care means that degree of care that a reasonably prudent person would use under the same circumstances.  If you find that Morgan Stanley acted with reasonable care, you need proceed no further on this claim.

AUTHORITY:    *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465, 470 (2011); *Dallas Aerospace*, 352 F.3d at 788; *Murphy*, 660 N.Y.S.2d at 373; *Hydro Investors*, 227 F.3d at 20; *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at 7 & n.83  (S.D.N.Y. Aug. 17, 2012); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, --- F. Supp. 2d --, 2012 WL 4762039 (S.D.N.Y. Oct. 5, 2012); *New York Pattern Jury Instructions*, 2:10 (3d ed. 2011) (Common Law Standard of Care – Negligence Defined – Generally).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43C**

**Negligent Misrepresentation:  Reliance**

The <u>third</u> element of negligent misrepresentation requires each of these plaintiffs to prove by clear and convincing evidence that it actually relied on the credit ratings in deciding to purchase the Cheyne SIV notes, and actually relied on Morgan Stanley to provide non-public information in its possession that would undercut the ratings, and that it was reasonable and justifiable to do so.  It is appropriate to consider each plaintiff's sophistication and investment experience, as well as the existence of disclaimers in the offering documents in determining whether each plaintiff was reasonable in relying on Morgan Stanley to provide accurate information.

Reliance is not reasonable or justified where an offering document, contract, or both, agreed to by a plaintiff contains a clause that specifically disclaims a representation as to the matter allegedly relied on or discloses the fact allegedly concealed by the false statement.

If you find that any plaintiff did not actually and reasonably rely on a representation made by Morgan Stanley, or actually and reasonably rely on Morgan Stanley to provide non-public information in its possession that would undercut the ratings, you need proceed no further on that plaintiff's negligent misrepresentation claim.

AUTHORITY:   *Dallas Aerospace*, 352 F.3d at 785, 788-89; *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); *Steed Fin. LDC v. Nomura Sec. Int'l, Inc.*, 148 F. App'x 66, 69 (2d Cir. 2005); *HSH Nordbank  AG v. UBS AG*, 941 N.Y.S.2d 59, 76  (1st Dep't 2012); *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D.1. (3d ed. 2011) ("As a matter of law, justifiable reliance  cannot exist between the parties to a  contract containing a clause that specifically disclaims a representation as to the matter allegedly relied on."); *MBIA Insurance Corp. v. Merrill Lynch*, 81 A.D.3d 419, 419 (1st Dep't 2011); *Burroughs Corp. v. Datacap, Inc.*, 124 A.D.2d 622, 622 (2d Dep't 1986).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43D**

**Negligent Misrepresentation:  Proximate Causation and Damages**

The <u>fourth</u> and final element of a negligent misrepresentation claim requires that each of these plaintiffs prove, by clear and convincing evidence, that its damages were caused by its reliance on the misrepresentation.  Proximate cause is the same for a negligent misrepresentation claim as I have described to you for plaintiffs' fraud claim.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 2.10 cmt. C. (3d ed. 2011) (negligence).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43E

### Negligent Misrepresentation:  Comparative Fault

If you find that Morgan Stanley is liable for a negligent misrepresentation and that this proximately caused a plaintiff's damages, you must next consider whether that plaintiff was also negligent and whether that plaintiff's conduct contributed to causing its loss.

The burden is on Morgan Stanley to prove that that plaintiff was negligent and that its negligence contributed to causing its losses.  If you find that the plaintiff was not negligent, or if negligent, that its negligence did not contribute to causing its losses, you must find that the plaintiff was not at fault and you must go on to consider damages, if any, submitted by the plaintiff.

If, however, you find that a plaintiff was negligent and that its negligence contributed to causing its losses, you must then apportion the fault between the plaintiff and Morgan Stanley.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of that plaintiff and the defendants and determine what percentage of fault is chargeable to each.  In your verdict, you will state the percentages you find.  The total of those percentages must equal one hundred percent.

For example, if you should find that any plaintiff and Morgan Stanley were equally at fault you would report that each was 50% responsible.  If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.


AUTHORITY:     *New York Pattern Jury Instructions – Civil*, § 2.36 (3d ed. 2011) (comparative fault).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44[1]

### Punitive Damages

If you should find that a defendant is liable for plaintiffs' injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages, but only if certain circumstances are met. You may award punitive damages if the plaintiff proves by clear and convincing evidence that the defendant's conduct involved a high degree of moral culpability or involved such wanton dishonesty as to imply a criminal indifference to civil obligations. You may not award punitive damages if the defendant's conduct was merely unreasonable. Additionally, you may only award punitive damages if you find, by clear and convincing evidence, that the fraud was part of a pattern directed at the public generally. If you do not find that the fraud was part of a pattern directed at the public generally, you may not award punitive damages.

The awarding of punitive damages is within your discretion – you are not required to award them. If you decide to award punitive damages, the amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the plaintiff and to the compensatory damages you awarded the plaintiff. The reprehensibility of the defendant's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the plaintiff and the compensatory damages you have awarded the plaintiff. You may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

---

[1] Defendants object to any instruction on punitive damages on the ground that punitive damages are not, as a matter of law, available in this matter. Nevertheless, to the extent the Court decides to allow the question of punitive damages to be presented to the jury, defendants propose that the Court use this instruction and that the jury decide the punitive damages question in a third phase.

AUTHORITY:   *New York Pattern Jury Instructions– Civil*, § 3:20, cmt. I.H.2. (3d ed. 2011) (common law fraud); *TVT Records* v. *Island Def Jam Music Grp.*, 412 F.3d 82, 95 (2d Cir. 2005); *United States* v. *Merritt Meridian Constr. Corp.*, 95 F.3d 153, 161 (2d Cir. 1996); *Roginsky* v. *Richardson-Merrell, Inc.*, 378 F.2d 832, 850-51 (2d Cir. 1967); *Mayline Enters., Inc.* v. *Milea Truck Sales Corp.*, 641 F. Supp. 2d 304, 311 (S.D.N.Y. 2009); *Venus Networks, LLC* v. *Answerthink, Inc.*, 2007 WL 582736, at *3 (S.D.N.Y. Feb. 22, 2007); *West* v. *The Goodyear Tire & Rubber Co.*, 973 F. Supp. 385, 389 (S.D.N.Y. 1997); *Schlaifer Nance & Co.* v. *Estate of Andy Warhol*, 927 F. Supp. 650, 664 (S.D.N.Y. 1996) (citing *Cleghorn* v. *New York Cent. & Hudson River R.R.*, 56 N.Y. 44, 48 (1874), *aff'd* 119 F.3d 91 (2d Cir. 1997); *Rocanova* v. *Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 613 (1994).

Dated: March 12, 2013

DAVIS POLK & WARDWELL LLP
Robert F. Wise
James P. Rouhandeh
Antonio J. Perez-Marques
Greg D. Andres


/s/   James P. Rouhandeh
    JAMES P. ROUHANDEH

450 Lexington Avenue
New York, NY 10017
Telephone: 212/450-4000
212/701-5800 (fax)
robert.wise@davispolk.com
james.rouhandeh@davispolk.com
antonio.perez@davispolk.com
greg.andres@davispolk.com

*Attorneys for Defendants Morgan Stanley & Co.
Incorporated and Morgan Stanley & Co.
International Limited*

CAHILL GORDON & REINDEL LLP
Floyd Abrams
Dean Ringel
Charles A. Gilman
Tammy L. Roy
Jason M. Hall


/s/ Charles A. Gilman
    CHARLES A. GILMAN

80 Pine Street
New York, NY 10005
Telephone: 212/701-3000
212/269-5420 (fax)
fabrams@cahill.com
dringel@cahill.com
cgilman@cahill.com
troy@cahill.com
jhall@cahill.com

*Attorneys for Defendants Standard & Poor's Ratings Services and The McGraw-Hill Companies, Inc.*

SATTERLEE STEPHENS BURKE &
BURKE LLP
James J. Coster
Joshua M. Rubins
Mario Aieta
James Doty


/s/ James J. Coster
       JAMES J. COSTER

230 Park Avenue, 11th Floor
New York, NY 10169
Telephone: 212/818-9200
212/818-9606 (fax)
jcoster@ssbb.com
jrubins@ssbb.com
maieta@ssbb.com
jdoty@ssbb.com

*Attorneys for Defendants Moody's Investors
Service, Inc. and Moody's Investors Service, Ltd.*

GIBSON, DUNN & CRUTCHER LLP
Mark A. Kirsch
Joel M. Cohen
Lawrence J. Zweifach
Christopher M. Joralemon
Mary Kay Dunning


/s/ Joel M. Cohen
    JOEL M. COHEN

200 Park Avenue,
48th Floor
New York, NY 10166
Telephone: 212/351-4000
212/351-4035 (fax)
mkirsch@gibsondunn.com
jcohen@gibsondunn.com
lzweifach@gibsondunn.com
cjoralemon@gibsondunn.com
mkdunning@gibsondunn.com

*Attorneys for Defendants Moody's Investors
Service, Inc. and Moody's Investors Service, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
ABU DHABI COMMERCIAL BANK, et al.,   :    Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others   :
Similarly Situated,   :
  :    CLASS ACTION
                     Plaintiffs,   :
  :    DEFENDANTS' PROPOSED JURY
  :    INSTRUCTIONS – FIRST & SECOND
       vs.   :    PHASE AND PLAINTIFFS'
  :    CORRESPONDING OBJECTIONS
MORGAN STANLEY & CO.   :
INCORPORATED, et al.,   :
  :
                   Defendants.   :
  :
———————————————————— x

# A.        PRELIMINARY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**

**Duty of the Jury**

Members of the Jury:

Now that you have been sworn, I will briefly tell you about the case you are about to hear and the issues you will have to decide, as well as about your duties as jurors. I will also give you some instructions. This trial will proceed in phases. At the end of each phase of the trial I will give you more detailed instructions, and those instructions will control your deliberations.

At the end of the presentation of the evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law, which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not.

You must not take anything I may say or do during the trial as indicating what your verdict should be. Don't be influenced by my taking notes. What I write down may have nothing to do with this trial or with what you will be concerned with at the trial.

AUTHORITY:    Docket No. 259-28, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 1**

As of March 7, 2013, plaintiffs believed that the parties had agreed to jointly propose plaintiff's Proposed Jury Instruction No. 1 as the appropriate "Duty of the Jury" instruction. On March 11, 2013, defendants provided plaintiffs with a new "Duty of the Jury" instruction, which adds, "The trial will proceed in phases. At the end of each phase of the trial I will give you more

detailed instructions, and those instructions will control your deliberations." Plaintiffs object to defendants' attempt, repeated in defendants' Proposed Instructions 2, 4, 7, 8, 9, 10, 23, 32, 32I, and 34, to insinuate to the jury that a verdict in defendants' favor in a first phase will reduce or eliminate the burden on the jurors in the second phase. For example, in defendants' Proposed Jury Instruction No. 34, defendants propose that the jury be told at the end of Phase I, "If you find in any plaintiff's favor, then we will proceed to the next phase of the trial." The clear implication is that a defense verdict will allow the jurors to end their service and return to their normal lives. Similarly, in defendants' Proposed Jury Instruction No. 8, defendants ask that the Court instruct the jury, as follows: "If you find for the defendants on falsity, scienter, or loss causation, then plaintiffs' fraud cases is at an end." Defendants also propose that the jury be instructed,

> At the conclusion of Phase II, *if any of the fraud claims remain*, you will be asked to decide whether each plaintiff has proven actual reliance on the rating opinions for the Cheyne SIV notes and whether any such reliance was reasonable. You will also be asked to determine whether any plaintiff has proven that Morgan Stanley aided and abetted a fraud upon that plaintiff by either Rating Agency, or whether certain plaintiffs have proven that Morgan Stanley negligently conveyed to it a false ratings, in violation of a duty owed to that plaintiff, on which the plaintiff relied to its detriment. Finally, if you find that any defendant is liable to any plaintiff, you will be asked to determine the amount of damages, if any. (Emphasis added.)

Defendants' repeated reference to bifurcation in various instructions and their overarching proposed bifurcation instruction (defendants' Proposed Jury Instruction No. 8) are meant to insinuate to the jury that they should render a verdict in defendants' favor to reduce their workload and, hence, the amount of time that they will have to serve. Courts have specifically recognized that it is prejudicial to a plaintiff to advise the jury of bifurcation. *See LNC Investments, Inc. v. First Fidelity Bank*, 2000 WL 422399, at *4-*5 (S.D.N.Y. Apr. 12, 2000) ("There is a risk inherent in a bifurcated trial: if jurors know that answering a question in one way will end the case and answering it in the other way will extend their jury service, some may be tempted to push the release button.").

- 3 -

Although there is certainly a need to balance the desire to tell the jury what to expect and the prejudice to plaintiffs, defendants' proposed instructions go too far.  Defendants' repeated attempts to remind the jury that a verdict for plaintiffs will extend or complicate their jury service should not be countenanced by this Court.  Instead, the Court should tell the jurors the expected length of service and omit any reference to bifurcation.  The Court should give Plaintiffs' Proposed Jury Instruction No. 1 as an alternative to defendants' proposed instruction.

821998_1

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### Evidence

You will decide what the facts are from the evidence that will be presented here in court. That evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or stipulate to or that I may instruct you to find.

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You may consider both direct and circumstantial evidence in deciding this case.  The law permits you to give equal weight to both or to none, for it is up to you to decide how much weight, if any, to give to any evidence.

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

At times during the trial I may sustain objections to questions asked.  When that happens, I will not permit the witness to answer or, if the witness has already answered, I shall instruct that the answer be stricken from the record, and that you disregard it and dismiss it from your minds.

In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

The law requires that your decision be made solely upon the evidence before you.

The items I exclude from your consideration will be excluded because they are not legally admissible as evidence.

The law does not, however, require you to accept all of the evidence that I do admit.

In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents presented to you, and determine the weight you choose to give to each witness's testimony or to an exhibit.

There is no magical formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of each phase. At this time, suffice it to say, that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

AUTHORITY:     Docket No. 259-28, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

Again, plaintiffs believed as of March 7, 2013, that the parties had agreed to jointly propose Plaintiffs' Proposed Instruction No. 2 on "Evidence." On March 11, 2013, defendants provided plaintiffs with defendants' Proposed Instruction No. 2 which adds the concept of bifurcation to this instruction regarding "Evidence." Plaintiffs incorporate by reference their objection to defendants' Proposed Jury Instruction No. 1. Defendants' attempt to subtly remind the jurors of bifurcation in this general instruction about "Evidence" further demonstrates defendants' true motivation – to suggest to the jurors that a defense verdict may reduce the length of the trial.

The Court should give Plaintiffs' Proposed Jury Instruction No. 2 as an alternative to defendants' instruction, as plaintiffs' version omits the offensive phrase.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 (AGREED)**

**What Is Not Evidence**

As I have explained, the questions and objections of the attorneys are not evidence and neither is the testimony I instruct you to disregard.

The statements and arguments of the attorneys during any part of the trial are also not evidence.

Further, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses is not evidence.

Only what is admitted into evidence here when court is in session and all of the parties and jurors are present, is competent evidence.

AUTHORITY:   Docket No. 259-28, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

**Conduct of the Jury**

I caution you about certain principles governing your conduct as jurors.

First, do not communicate with each other about this case or about anyone who has anything to do with it until the end of each phase when you go to the jury room to decide on your verdict.

Second, do not communicate with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. Additionally, do not post any information about your service as a juror or any information about this case on the Internet, for example, on Facebook, MySpace, Twitter, a blog, or any other web service.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

I have instructed all of the lawyers, the plaintiffs, the defendants, and the witnesses that they are not to speak to you or even acknowledge you with a hello or good morning outside of the courtroom. Therefore, do not hold it against them if they ignore you or should leave an area in which you are in. The reason for this rule is very simple. Someone watching from a distance might not hear what is said between an attorney and a juror and even a pleasantry could thereby create a misimpression.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Fifth, do not do any research or any investigation about the case on your own.  Do not do any Internet research.  Even running a simple search on Google or any other search engine about this case or about anyone involved with this case would violate this duty.

The reason for these rules is fairly simple.  The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom after your deliberations with the other jurors.  Obviously, speaking to others, including your family and friends, outside of the deliberation process, or exposing yourself to evidence or information outside the courtroom would compromise your service and fairness to the parties.


AUTHORITY:     Docket No. 259-28, Instruction No. I.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

Again, as of March 7, 2013, plaintiffs believed that the parties had reached an agreement to jointly propose Plaintiffs' Proposed Jury Instruction No. 4 on Conduct of the Jury.  On March 11, 2013, defendants provided plaintiffs with their new Conduct of the Jury Instruction, which once again references the concept of bifurcation, adding "until the end of each phase."  Plaintiffs incorporate by reference their objection to defendants' Proposed Jury Instruction No. 1.  The Court should give Plaintiffs' Proposed Jury Instruction No. 4 as an alternative to this instruction, as it omits the offensive phrase.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

**The Parties, the Description of the Case and the Parties' Contentions**

**The Parties**

The plaintiffs are fourteen (14) domestic and foreign entities that purchased securities, also known as "notes," issued by a structured investment vehicle known as the "Cheyne SIV."

Plaintiff Abu Dhabi Commercial Bank ("ADCB") is a bank headquartered in Abu Dhabi, United Arab Emirates.

Plaintiff King County, Washington ("King County") is a domestic public entity organized under the laws of the State of Washington.

Plaintiff SEI Investments Company ("SEI") is a public company traded on the NASDAQ stock exchange and headquartered in Oaks, Pennsylvania.

Plaintiff SEI Investment Strategies, LLC, is a limited liability company.  SEI Investment Strategies, LLC's sole member is SEI, a Pennsylvania corporation.

Plaintiff The Bank of N.T. Butterfield & Son Limited ("Butterfield") is a bank headquartered in Hamilton, Bermuda.

Plaintiff SFT Collective Investment Fund ("SFTCIF") is a company incorporated in the Cayman Islands.  SFTCIF is an investment fund headquartered in Boston, Massachusetts.

Plaintiff Deutsche Postbank AG ("Postbank") is a bank headquartered in Bonn, Germany.

Plaintiff Global Investment Services Limited ("GIS") is the trustee of investment funds managed by NZ Funds.  GIS is headquartered in Sydney, Australia.

Plaintiff Gulf International Bank B.S.C. ("GIB") is a bank headquartered in Manama, Kingdom of Bahrain.

Plaintiff Bank Hapoalim B.M. ("Bank Hapoalim") is a bank headquartered in Tel Aviv, Israel.

Plaintiff Bank SinoPac is a bank headquartered in Taiwan.

Plaintiff National Agricultural Cooperative Federation ("NACF") is an agricultural cooperative in South Korea.

Plaintiff Florida State Board of Administration ("FSBA") is an investment fiduciary organized under the laws of the State of Florida.

Plaintiff Commerzbank AG ("Commerzbank") is a bank headquartered in Frankfurt, Germany.

In this trial there are multiple defendants. They are the parties plaintiffs are suing for alleged violations of New York law.

Morgan Stanley & Co. Incorporated (now known as Morgan Stanley & Co. LLC) is a company with its principal place of business in New York, New York. Morgan Stanley & Co. International Limited (now known as Morgan Stanley & Co. International plc) is a company with its principal place of business in London, England. Morgan Stanley & Co. LLC and Morgan Stanley & Co. International plc are both wholly-owned subsidiaries of Morgan Stanley, a global financial services company incorporated under the laws of Delaware and headquartered in New York, New York. For convenience, I will refer to Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited collectively as "Morgan Stanley." Defendant The McGraw-Hill Companies, Inc. is a company with its principal place of business in New York, New York. Defendant Standard & Poor's Ratings Services is comprised of business units within wholly-owned subsidiaries, and businesses operating as divisions, of McGraw-Hill. S&P is a Nationally

- 11 -

Recognized Statistical Rating Organization, or NRSRO, that issues credit ratings on various types of bonds, debt, stocks, and countries.  These entities are referred to collectively as "S&P."

Defendant Moody's Investors Service, Inc. is a company with its principal place of business in New York, New York.  Moody's Investors Service, Inc. is an NRSRO that issues credit ratings on various types of bonds, debt, stocks, and countries.  Defendant Moody's Investors Service Ltd. is a company with its principal place of business in London, England, which also issues credit ratings. These entities are referred to collectively as "Moody's."  Morgan Stanley, S&P, and Moody's will be referred to collectively as the "defendants."

## Description of the Case

The Cheyne SIV was a structured investment vehicle that issued notes for purchase by investors.  The Cheyne SIV was managed by Cheyne Capital Management, an entity based in London.  The Cheyne SIV was structured and arranged by Morgan Stanley.  S&P and Moody's are credit rating agencies.  S&P and Moody's were engaged to assign credit ratings to the notes issued by the Cheyne SIV.  The Cheyne SIV was launched in August 2005.  The plaintiffs are investors that purchased notes issued by the Cheyne SIV.  The Cheyne SIV was declared insolvent in October 2007.

I will now describe the plaintiffs' and defendants' contentions in this case.  It is important for you to remember that this summary reflects the plaintiffs' and defendants' respective positions and is not intended by me to be, nor should you interpret it to be, a summary of the facts as I view them or as you must find them.  The following outline is provided solely to aid you in understanding the issues.  As I said earlier, your verdict should be based upon your view of the evidence after both plaintiffs and defendants present their respective cases and after you deliberate with your fellow jury members.

- 12 -

## Plaintiffs' Contentions

In their first claim, plaintiffs allege that S&P and Moody's committed fraud by improperly structuring the Cheyne SIV, assigning false and misleading credit ratings to the Cheyne SIV notes, and making other false and misleading representations about the safety and soundness of the Cheyne SIV and its notes. In their second claim, plaintiffs allege that Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV notes. In the third claim, plaintiffs ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim allege that Morgan Stanley made negligent misrepresentations to them by providing the false and misleading credit ratings and other representations and omissions about the safety and soundness of the Cheyne SIV and its notes to the plaintiffs in breach of the duties Morgan Stanley owed to plaintiffs. At the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

In support of their claims, plaintiffs contend as follows: S&P and Moody's assigned credit ratings to the Cheyne SIV's notes and made other statements about the safety and soundness of the Cheyne SIV and its notes that were false and misleading. S&P and Moody's represented that the notes were a safe, stable investment and that the likelihood of plaintiffs being repaid in full was high even under severe economic conditions. The ratings described assets that should survive the Great Depression. The plaintiffs invested millions of dollars in the Cheyne SIV in reliance on the high credit ratings assigned to the Cheyne SIV's notes.

However, the evidence will show that the notes were neither safe nor stable and that plaintiffs suffered losses when the Cheyne SIV collapsed. Moreover, S&P and Moody's used insufficient and improper models to rate the notes and the Cheyne SIV's underlying assets. S&P and Moody's also

- 13 -

used inaccurate data and lacked sufficient data to accurately rate the Cheyne SIV notes and the Cheyne SIV's underlying assets. S&P and Moody's violated policies and succumbed to pressure from Morgan Stanley, which resulted in falsely inflated credit ratings. The rating agencies issued ratings on the Cheyne SIV's note and on the SIV's underlying assets that were compromised by conflicts of interest, in part because the rating agencies were paid by the issuers whose securities they rated. S&P and Moody's knew the credit ratings were false or recklessly disregarded the falsity of the credit ratings.

Further, the false credit ratings on the Cheyne SIV notes concealed the poor quality of the Cheyne SIV, including the poor quality of the Cheyne SIV's underlying assets. When the true, poor quality of the Cheyne SIV's underlying assets was revealed, it caused the Cheyne SIV to collapse.

Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with and pressuring S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV's notes. Morgan Stanley consistently exerted pressure on the rating agencies to obtain falsely inflated ratings on the Cheyne SIV's notes. Morgan Stanley had actual knowledge of S&P's and Moody's fraud because Morgan Stanley acted in tandem with S&P and Moody's to construct the Cheyne SIV and formulate the false credit ratings.

Morgan Stanley owed a duty to ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim to provide them with accurate information when communicating with plaintiffs concerning the Cheyne SIV. Morgan Stanley was a trusted advisor to plaintiffs. Morgan Stanley breached this duty by providing plaintiffs with the false and misleading credit ratings and making other false and misleading representations and omissions about the safety and soundness of the Cheyne SIV and its notes. Based on these breaches of duty, Morgan Stanley is liable for negligent misrepresentation.

- 14 -

Again, at the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

Plaintiffs suffered hundreds of millions of dollars in monetary damages as a result of defendants' conduct due to the collapse of the Cheyne SIV.

### Defendants' Contentions

With respect to plaintiffs' claim of fraud against the Rating Agencies, the Rating Agencies contend as follows:  the ratings assigned to the Cheyne SIV were not false or misleading at the time they were issued because, among other things, they were justified by the underlying facts and analysis, and historical data, at the time they were issued and reflected the application of each Rating Agencies' respective publicly disclosed SIV rating criteria.

The Cheyne SIV ratings, like all credit ratings, were forward-looking opinions on the creditworthiness of the rated securities and represented the true and genuine beliefs of the respective Rating Agencies at the time the Cheyne SIV ratings were issued.  The Rating Agencies' credit ratings on the Cheyne SIV notes expressed each agency's independent, honestly held opinion about the future creditworthiness of the Cheyne SIV.  The Rating Agencies arrived at these forward-looking opinions through application of their own published criteria and their own separate committee processes whereby each agency's Cheyne SIV rating committee conducted an extensive analysis of the Cheyne SIV based on factors set forth in publicly available criteria.  This analysis involved qualitative assessments in addition to quantitative calculations.  At all times, the respective rating committees that rated the Cheyne SIV honestly and genuinely believed in the ratings they assigned, and had reasoned bases for their opinions.  The Rating Agencies were not inappropriately influenced (much less coerced) by Morgan Stanley or Cheyne Capital.

- 15 -

Moreover, none of the plaintiffs can establish that it reasonably and justifiably relied on the credit ratings assigned to the Cheyne SIV by either Moody's or S&P, including because: plaintiffs cannot provide evidence as to how their relevant credit/investment decisions were made; certain plaintiffs' credit/investment decisions were made before final ratings had been assigned; certain of the plaintiffs disregarded or disagreed with the ratings; plaintiffs understood the risks of the Cheyne SIV prior to investing; and/or many of the plaintiffs relied on their own analysis of the relevant risks and potential rewards, rather than the credit ratings.  Any actual reliance by the plaintiffs would not have been reasonable or justifiable, including because plaintiffs were told that a rating is not a recommendation to buy, hold or sell a security.  In addition, the creditworthiness of the Cheyne SIV notes was not a matter peculiarly within the knowledge of defendants because plaintiffs are sophisticated institutional investors that were cautioned to, had the ability to, and in many cases did, conduct their own investigation and analysis of the Cheyne SIV and its risks.  Plaintiffs did not diligently investigate the creditworthiness of the Cheyne SIV and any asserted reliance by those plaintiffs on the ratings is therefore unjustified and unreasonable.

The credit ratings did not represent that the Cheyne SIV was risk-free, but rather that the various securities issued by the Cheyne SIV had differing levels of relative creditworthiness, all of which were disclosed.  Investors were told that the Cheyne SIV faced numerous risks, including market risk, and that investors could face losses if the SIV were forced to sell assets in a declining market environment.  Investors also received accurate disclosures concerning the Cheyne SIV's permitted, expected and actual investment portfolio, both prior to investing and on an ongoing basis thereafter.  Investors were told, among other things, that the Cheyne SIV was permitted, and expected, to invest heavily in subprime mortgage-backed securities.  The structural protections of the Cheyne SIV were accurately disclosed to investors.

Further, plaintiffs' alleged losses were not caused by the ratings, but rather were caused by market events including, but not limited to, an unprecedented global financial crisis that began in 2007, and by discretionary decisions made by plaintiffs and third parties.  Plaintiffs cannot prove that any portion of their alleged losses is attributable to the allegedly fraudulent Cheyne SIV ratings, rather than market-wide declines, or that they would have been spared any portion of their alleged losses absent the allegedly fraudulent Cheyne SIV ratings.

Morgan Stanley contends that it cannot be liable for aiding and abetting fraud because there was no fraud, because it did not have actual knowledge of any alleged fraud, because it did not substantially assist any alleged fraud, and because any losses alleged by plaintiffs were not proximately caused by Morgan Stanley's conduct.

As to the negligent misrepresentation claims brought by ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim, Morgan Stanley contends that it did not owe a duty of care to any of these plaintiffs as a result of any special relationship of trust and confidence; Morgan Stanley did not provide any of these plaintiff with any false or inaccurate information, or any information that it had reason to believe was false or inaccurate; Morgan Stanley did not expect that any of these plaintiffs would rely on its representations in deciding whether or not to purchase the Cheyne SIV notes; Morgan Stanley did not act negligently or fail to exercise reasonable care; that none of these plaintiffs justifiably relied on any representation by Morgan Stanley; and none of these plaintiffs suffered any financial loss as a result of any breach of any duty owed by Morgan Stanley.

AUTHORITY:    Docket No. 259-28, Instruction No. II.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS); 4 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil P 73.01, Instruction Nos. 73-3 and 73-2 (2012) (modified).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 5**

Plaintiffs object to defendants' Proposed Jury Instruction No. 5.  First, plaintiffs object to defendants' apparent refusal to allow Bank SinoPac to be referred to by the shorthand phrase "Sinopac."  Plaintiffs' Proposed Jury Instruction No. 5 utilizes this shorthand term, and every other party in the instruction is referred to by a shorthand version of its full name.  It is unclear why defendants object to "SinoPac."  Clearly, this plaintiff will repeatedly be described as "Sinopac" at trial.  The Court should use Plaintiffs' Proposed Jury Instruction No. 5 instead.

Plaintiffs also object to defendants' proposed description of this case, which states "The Cheyne SIV was declared insolvent in October 2007."  Insolvency is a term which some jurors may not understand.  Instead, plaintiffs ask the Court to give the language proposed by plaintiffs in Plaintiffs' Proposed Jury Instruction No. 5 to deal with this concept, which states:  "The Cheyne SIV collapsed in October 2007, after it could no longer make payments owed on the notice."  Plaintiffs' description is simpler, accurate and far more likely to be understood by all jurors.

Plaintiffs object to defendants' attempt to edit "plaintiffs' contentions," which describe plaintiffs' views and are legally correct.  Plaintiffs ask the Court to use plaintiffs' proposed contentions without defendants' edits.

While recognizing that the section is entitled "Defendants' Contentions," plaintiffs object to certain sections of the defendants' contentions because they are legally incorrect and will, therefore, confuse the jury.  Defendants' description of "reliance" is legally inaccurate for the reasons set forth in plaintiffs' Objection to Defendants' Proposed Jury Instruction Nos. 32D, 32F, 32I, 40, 40B, 40C, 40D, 40E, 40G and 40H.  Similarly, plaintiffs object to defendants' definition of loss causation, which is legally inaccurate for the reasons set forth in plaintiffs' Objection to Defendants' Proposed Jury Instruction Nos. 32G and 32H.

- 18 -

Similarly, Defendants' contention regarding the "peculiar knowledge" question is legally inaccurate, unfairly prejudicial and would mislead the jury. Defendants' contention that the "creditworthiness of the Cheyne SIV notes was not a matter peculiarly within the knowledge of defendants because plaintiffs are sophisticated" misstates the law. Plaintiffs' sophistication is legally irrelevant to whether the information needed to uncover the truth is peculiarly within the knowledge of Moody's and S&P. As this Court explained, the threshold question is whether investors "'enjoyed access' to the information that is the subject of the fraud claim." *See* Feb. 25, 2013 Order at 5 n.13 (quoting *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 235 (2d Cir. 2006)); Jan. 7, 2013 Hrg. Tr. at 35:12-16 ("[I]f in this case it could not have gotten at that which the rating agencies had peculiar access to, special access to, then it's over. Then you have a right to rely on the ratings and nothing more about due diligence matters."). According to the Second Circuit, therefore, a parties' sophistication is not relevant if a party lacks access to information needed to uncover the truth: "[M]ost importantly, ***all*** these cases [regarding investor sophistication] involved situations in which the relevant facts were easily accessible to the relevant party." *See Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. 1997) (emphasis in original). Thus, an investor's sophistication is relevant to assessing reasonable reliance ***only if*** the investor "enjoyed access" to the information needed to uncover the truth. *See Crigger*, 443 F.3d at 235. Furthermore, the Court held – consistent with the law in the Second Circuit – that peculiar knowledge question requires the jury to make "the preliminary determination of whether plaintiffs ***could*** have discovered the fraud . . . ." *See* Feb. 25, 2013 Order at 3 (emphasis in original). Thus, whether the "creditworthiness of the of the Cheyne SIV notes" was a matter within the peculiar knowledge of defendants is confusing and misleading. The question for the jury is whether investors could "have discovered the fraud through the exercise of reasonable diligence . . . ." *Id.* The fraud in this case is Moody's and S&P's false

and misleading ratings: the ratings were based on inadequate, unreliable or obsolete data, models and assumptions, the ratings were unsupported by reasoned analysis, and the ratings were infected by conflicts of interest.  Investors did not "enjoy access" to this information and, therefore, could not have discovered the fraud.

Plaintiffs propose that the Court give plaintiffs Proposed Jury Instruction No. 5 in lieu of defendants' instruction.  Plaintiffs note, however, that the parties' disagreements over their competing versions of this instruction center on the "Plaintiffs' Contentions" and "Defendants' Contentions" sections of the instruction.  Therefore, as an alternative to adopting either parties' version of the contentions, plaintiffs suggest that the Court simply omit these sections in their entirety from this instruction.  The parties can explain their contentions and argue their own cases. There is no compelling reason for the Court to give the jurors an instruction that adopts contentions better left for opening statements and argument.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

### Burden of Proof

Before I summarize the elements that each plaintiff must prove on each of its claims, I will explain to you the burden of proof that plaintiffs have with respect to their claims. Plaintiffs bear the burden of proving each element of their claims against S&P, Moody's, and Morgan Stanley by clear and convincing evidence.

If you conclude that a plaintiff has failed to establish any element of its claims by clear and convincing evidence, you must decide against it on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

AUTHORITY:      **Fraud**: *Gaidon v. Guardian Life Ins. Co. of Am.*, 704 N.Y.S.2d 177, 186 (1999); **Aiding and Abetting**: *de Abreu v. Bank of Am. Corp.*, 2011 WL 2652188, at *4 (S.D.N.Y. June 29, 2011); **Negligent Misrepresentation**: *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) ("New York's high standard of 'clear and convincing' proof applies to actions for negligent misrepresentation as well as actions for intentional fraud.") (Scheindlin, J.); *see also King County, Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304, 311 (S.D.N.Y. 2012) (Scheindlin, J.); *Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 93 (S.D.N.Y. 1997) (Scheindlin, J.); *Allen v. Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 284-85 (S.D.N.Y. 1997) (Scheindlin, J.); *Watson v. Riptide Worldwide, Inc.*, 2013 WL 417372, at *4 (S.D.N.Y. Feb. 4, 2013) (negligent

misrepresentation is a "type of fraud"); *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *12 (S.D.N.Y. Feb. 23, 2012) (same); *Lewis v. Rosenfeld*, 2002 WL 441185, at *5 (S.D.N.Y. Mar. 20, 2002) (negligent misrepresentation is a "species of fraud") (Scheindlin, J.); *Official Comm. Of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 2002 WL 362794, at *16 (S.D.N.Y. Mar. 6, 2002) (same); **Each Element**: *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23; *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

Plaintiffs object to defendants' Burden of Proof instruction. Plaintiffs agree that the Burden of Proof as to the Fraud and Aiding and Abetting Fraud claims is "clear and convincing evidence." However, plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence." *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3160, 104 L. Ed. 2d 1023 (1989) (holding that under New York Law, "the standard of proof required to prove a fraudulent act differs from that required to prove a dishonest act"; and stating, "dishonesty need be proven merely by a 'preponderance' of the evidence.'"); *Johnston v. Norton*, 886 F. Supp. 403, 404 (S.D.N.Y. 1995) ("Under New York law . . . [p]laintiffs bear the burden of proving negligent misrepresentation by a preponderance of the evidence."); *Murray v. Xerox Corp.*, 811 F.2d 118, 121 (2d Cir. 1987) (applying preponderance standard to fraudulent misrepresentation claim); *Republic of Benin v. Mezei*, 2011 WL 4373921 (S.D.N.Y. Sept. 20, 2011) ("A claim for negligent misrepresentation must be proven by the claimant by a preponderance of the evidence"). Plaintiffs recognize that this Court has held in other cases that plaintiffs bear the burden of proving negligent misrepresentation by clear and convincing evidence. However, plaintiffs respectfully ask the Court to reconsider its prior holdings in light of plaintiffs' countervailing authority.

Plaintiffs ask the Court to a give Plaintiffs' Proposed Jury Instruction No. 6 as an alternative to defendants' instruction.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

### Outline of Trial

<u>Finally</u>, I would like to summarize the stages of the trial for you.  First, each party may, but doesn't have to, make an opening statement.   An opening statement is neither evidence nor argument; it is an outline of what that party thinks the evidence will show, and it is offered to help you follow the evidence.

Next, because plaintiffs bear the burden of proof here, plaintiffs will present witnesses and defendants may cross-examine them.  Then, if desired, defendants will present witnesses and plaintiffs may cross-examine them.  In this case to accommodate the fact that many witnesses travelled internationally to testify, certain witnesses will only be called once during the plaintiffs' case even if they would also have been called as witnesses in defendants' presentation of their case. You should draw no conclusion or make no inference based solely on the fact that a witness was called first by the plaintiff because as a procedural matter, due to the burden of proof, the plaintiffs are required to call witnesses first.

Possibly, I will permit plaintiffs to present additional witnesses to rebut defendants' evidence.  After that, the attorneys will make their closing arguments to summarize and give you their interpretations of the evidence.  Obviously, like opening statements, the closing arguments are not evidence.  After the closing summations, I will give you instructions on the law and then you will retire to deliberate on your verdict.

Do not make up your mind about what the verdict should be until after I have instructed you on the law at the end of each phase of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.  All parties deserve, and the law requires, that you give them an opportunity to be heard fully.

AUTHORITY:   Docket No. 259-28, Instruction No. IV., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' OBJECTION TO DEFENDANTS'
## PROPOSED JURY INSTRUCTION NO. 7

Again, plaintiffs believed as of March 7, 2013 that the parties would jointly submit Plaintiffs' Proposed Jury Instruction No. 7 for "Outline of Trial."  On March 11, 2013, defendants proposed this instruction, which once again references "the stages of the trial."  For the reasons set forth in plaintiffs' Objection to Defendants' Proposed Jury Instruction No. 1, plaintiffs object to defendants' attempt to constantly remind the jurors of the bifurcated nature of the proceedings in a subtle attempt to prejudice plaintiffs.  Plaintiffs ask that the Court give plaintiffs Proposed Jury Instruction No. 7 as an alternative, which omits the offensive phrase.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### Bifurcation

As I have stated, I have ordered that this case be separated into phases:

At the conclusion of Phase I, you will be asked to decide the issues of falsity, i.e. whether the rating opinions on the Cheyne SIV notes were objectively and subjectively false; purpose to induce reliance; and causation, i.e. whether plaintiffs' losses were caused by the rating opinions. You will also decide whether each plaintiff has proven that the credit-worthiness of the Cheyne SIV notes was peculiarly within the knowledge of the defendants. If you find for the defendants on falsity, scienter, or loss causation, then plaintiffs' case is at an end. If you find for the plaintiffs on each of these three elements, then you will also consider the remaining elements of plaintiffs' fraud and aiding and abetting claims in Phase II.

At the conclusion of Phase II, if any of the fraud claims remain, you will be asked to decide whether each plaintiff has proven actual reliance on the rating opinions for the Cheyne SIV notes and whether any such reliance was reasonable. You will also be asked to determine whether any plaintiff has proven that Morgan Stanley aided and abetted a fraud upon that plaintiff by either Rating Agency, or whether certain plaintiffs have proven that Morgan Stanley negligently conveyed to it false ratings, in violation of a duty owed to that plaintiff, on which the plaintiff relied to its detriment. Finally, if you find that any defendant is liable to any plaintiff, you will be asked to determine the amount of damages, if any.

I will further instruct you as to the claim elements, defenses, and other questions that you must decide as the trial progresses.

AUTHORITY:    *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, 2013 WL 664176
(S.D.N.Y. Feb. 25, 2013) (Dkt. No. 572).

## PLAINTIFFS' OBJECTION TO DEFENDANTS'
## PROPOSED JURY INSTRUCTION NO. 8

Plaintiffs incorporate by reference their objections to defendants' Proposed Jury Instruction

No. 1.  Plaintiffs believe that this instruction is prejudicial and, therefore, do not submit an

alternative version for the Court's consideration.

- 27 -

# B.        JURY CHARGE- PHASE I

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

**Juror Attentiveness**

Members of the jury, you are about to begin your final duty in this phase of your deliberations, which is to decide the fact issues in this case.  Before you do that, I will instruct you on the law.  Please pay close attention to me.  I will go slowly and will be as clear as possible.


AUTHORITY:   Docket No. 259-29, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).


**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 9**

Once again, defendants reference the bifurcation issue with the phrase "in this phase of your deliberations."  Plaintiffs incorporate by reference their objection to defendants' Proposed Jury Instruction No. 1.  Plaintiffs propose that the Court give Plaintiffs' Proposed Jury Instruction No. 8 as an alternative, which omits the reference to bifurcation.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

**Role of the Court**

You have now heard all of the evidence in this phase of the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over this phase of the trial and to decide what testimony and evidence is relevant under the law for your consideration. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

AUTHORITY:   Docket No. 259-29, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 10**

Once again, defendants reference the bifurcation issue with the words "in this phase of the case." Plaintiffs incorporate by reference their objection to defendants' Proposed Jury Instruction No. 1. Plaintiffs propose that the Court use Plaintiffs' Proposed Jury Instruction No. 9, which is otherwise identical to this instruction but omits the prejudicial reference to bifurcation.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11 (AGREED)**

**Role of the Jury**

As I have said, your role is to consider and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. Similarly, remember that a question put to a witness is never evidence. Only the answer is evidence. However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence – not the lawyers' and not mine – that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether any of the plaintiffs has or has not proven its claims.

- 31 -

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were intended only for clarification or to move things along.  They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

AUTHORITY:   Docket No. 259-29, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12 (AGREED)**

**Statements of Court and Counsel Not Evidence**

You should draw no inference or conclusion for or against any party by reason of lawyers making objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

Also, do not draw any inference from any of my rulings.  The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not plaintiffs have proven their claims by clear and convincing evidence.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.

AUTHORITY:   Docket No. 259-29, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

### Evidence/What Is Not Evidence

The evidence from which you are to decide what the facts are consists of:

(1)      the sworn testimony of witnesses, on both direct and cross-examination, whether offered in live testimony or by video-taped deposition, regardless of who called the witness;

(2)      any facts to which all the lawyers have agreed or stipulated;

(3)      any fact that I have instructed you to accept as true; and

(4)      the documents and exhibits that have been received into evidence.

Nothing else is evidence; not what the lawyers say, not what I say, and not anything you may have heard outside the courtroom.  I must stress again that anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received during the trial.

In carrying out your duty, you must completely disregard any report that you have read in the press, seen on television or on the internet, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to contradict their accuracy or otherwise explain them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

Similarly, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic devise or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any

information about this case or to conduct any research about this case until after I accept your
verdict.

AUTHORITY:    *Zubulake* v. *UBS Warburg*, 2005 WL 6180412 (SAS) (S.D.N.Y. Apr. 4, 2005) –
Judge's Instructions/Charge to the Jury, at 3; *In re Vivendi Universal, S.A.
Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the
Jury No. 17, at 20); *see also* 4 Hon. Leonard B. Sand, et al., *Modern Federal
Jury Instructions-Civil* ¶ 71-14 (Publicity – Final Charge); Federal Jury Practice
and Instructions – Civil § 103.04 (Juror use of electronic communication
technologies – Notes).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

Plaintiffs object to the last paragraph of defendants' proposed instruction, which addresses
the jury's duties, as opposed to evidence. In fact, with the exception of the last paragraph, the
remainder of the instruction is identical to Plaintiffs' Proposed Jury Instruction No. 13, which is the
typical "Evidence/What is Not Evidence" instruction. Plaintiffs believe that cautioning the jury
about the use of electronic devices or media is completely unrelated to the concepts addressed in the
"Evidence/What is Not Evidence" instruction. Therefore, plaintiffs object to the inclusion of this
language here, but propose that it be given instead at the close of jury instructions. Therefore, this
concept is addressed with the same language in Plaintiffs' Proposed Jury Instruction No. 51. It is
unclear why defendants would not agree to simply put this instruction in a more appropriate place.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**

**Evidence for Limited Purpose**

You will recall that during the course of the trial I instructed you that I admitted certain evidence only for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Similarly, you will recall that during the course of the trial I instructed you that I admitted certain evidence against some plaintiffs or defendants, but not all plaintiffs or defendants. You must consider this evidence only as to the plaintiff or plaintiffs or defendant or defendants as to which it was admitted. You will receive a list identifying all of the exhibits that have been admitted into evidence through the course of the trial. That list will indicate which exhibits you may consider as to which defendants or plaintiffs as well as any other limitations on the purpose for which you may consider a particular exhibit.

AUTHORITY:     *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 6, at 8).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 14**

Plaintiffs object to this instruction. Undoubtedly, the Court will, during the course of trial, give limiting instructions to the jury about various pieces of evidence and testimony. In this instruction, defendants propose to address only the concept of evidence that may be considered against certain parties. Plaintiffs agree that a reminder about limiting instructions should be given at the close of the case, but that instruction should be addressed and adopted when it can encompass all evidence admitted for a limited purpose. In its present form, the instruction focuses on one type of evidence admitted for a limited purpose, to the exclusion of all others and is, therefore,

- 36 -

objectionable.  Plaintiffs propose that the Court give plaintiffs Proposed Jury Instruction No. 14 as

an alternative and consider modifications to that instruction at the close of evidence, as necessary.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

**Official Translation**

Foreign languages have been used at various times during this trial.  When an interpreter or translator has been used, you are to consider only that evidence provided through the interpreter or translator.  Similarly, some of the documents in this case have been translated from foreign languages into English, and you are to consider only the English translation provided to you.  Although some of you may know certain of these foreign languages, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in English.  You must ignore any different meaning of the words in the foreign language.

You must also remember that it is the witness's credibility and demeanor that matters as you gauge the credibility of the proffered testimony.  You should not focus on the appearance, demeanor, attitude, or other characteristics of the interpreter.  Rather, your credibility determination must be based upon your observation of the witness and whether you find the witness to be believable.  The interpreter's role is simply to translate into English the testimony that would otherwise be incomprehensible to you – he/she is not a party to this litigation and has no independent knowledge of the facts being presented.

AUTHORITY:     *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 6); *United States of America* v. *Soukchanh*, 2005 WL 6335064 (D. Wy. 2005) – Introductory Jury Instructions.

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 15**

Plaintiffs have proposed an instruction (Plaintiffs' Proposed Jury Instruction No. 15), which is identical to the first paragraph of defendants' Proposed Jury Instruction No. 15.  However,

- 38 -

defendants propose to add a paragraph regarding the interpreter.  First, defendants fail to note that they have modified the instruction given in *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Cir. 2175 (S.D.N.Y. 2012).   Second, defendants interject an issue – the interpreter's personal characteristics – that will not even occur to the jury unless an instruction prompts them to consider it. The Court should give Plaintiffs' Proposed Jury Instruction No. 15 as an alternative.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses – something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then, later, as you were sitting here, people began walking in with wet umbrellas and, soon after, other people walked in with wet raincoats.

Now, on these facts, you cannot look outside the Courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, based on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer, from established facts, the existence or nonexistence of some other fact.

AUTHORITY:    Docket No. 259-29, Instruction No. I.I., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

Plaintiffs ask the Court to give Plaintiffs' Proposed Jury Instruction No. 16 as an alternative to defendants' instruction.  Defendants' Proposed Jury Instruction omits the last paragraph of the

- 40 -

*Liberty Media* instruction given by the Court.  The last paragraph, set forth in Plaintiffs' Proposed Jury Instruction No. 16, states:  "The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value then direct evidence and you can consider either or both, and you can give them such weight as you conclude is warranted."  This language is critical to this instruction; the entire point of this instruction is to explain these types of evidence and explain to the jurors that circumstantial  evidence is "of no less value" than direct evidence.  Plaintiffs note that in addition to *Liberty Media*, the model jury instructions of virtually every Circuit, as well as those of the most prominent commentators explain this concept in their "direct and circumstantial evidence" model instructions.  *See* 3 Kevin O'Malley, et. al.*, Federal Jury Practice and Instructions* §101:42 (6th ed. 2011); *Manual of Civil Jury Instructions for the District Courts of the Third Circuit*, Instruction No. 1.6 (2011); *Federal Civil Jury Instructions of the Seventh Circuit*, Instruction No. 1.12 (2010); *Model Civil Jury Instructions for the District Courts of the Eighth Circuit*, Instruction No. 1.7 (2011); *Manual for Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, Instruction No. 1.9 (2007).  Plaintiffs suspect that defendants suggest changes to this universal form instruction because they believe that their evidence is more likely to be "direct" – since they control the vast majority of the witnesses – while plaintiffs' evidence is more likely to be "circumstantial."   In any event, the Court should use Plaintiffs' Proposed Jury Instruction No. 16 which is legally correct.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17 (AGREED)**

**Inferences**

During the trial, you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical conclusion that you, the jury, are permitted to draw – but not required to draw – from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendants does not relieve plaintiffs of the burden of establishing their case. In order for plaintiffs to obtain a verdict in their favor, you must still believe from the evidence that plaintiffs have sustained the burden cast upon them.

AUTHORITY:   Docket No. 259-29, Instruction No. I.J., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

821998_1

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18 (AGREED)

### Credibility of Witnesses

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other believable testimony. You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness's demeanor while testifying? Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives the witnesses may have for testifying in a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their

testimony is consistent with other evidence that you believe.  You should also consider the witnesses' opportunity to have seen or heard the things they testify about.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

AUTHORITY:        Docket No. 259-29, Instruction No. I.K., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19

### Prior Inconsistent Statements or Acts

You have heard evidence that at some earlier time, a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony. A prior inconsistent statement of a witness who is not a party in these cases is not evidence you should consider in determining whether plaintiffs have proven their case. The prior inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness.

A prior inconsistent statement of plaintiffs is evidence if that statement was offered by defendants. Likewise, a prior inconsistent statement by any of the defendants is evidence against that defendant if offered by plaintiffs. You may consider such statements for any purpose, including assessing the credibility of that party as a witness. Thus, if you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appeals to your common sense. You should keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood. The significance of that may depend on whether the misstatement has to

- 45 -

do with an important fact or only an unimportant detail.  It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give the inconsistency.

AUTHORITY:     *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 11-12).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19

Plaintiffs object to defendants' Proposed Jury Instruction No. 19.  Plaintiffs, as a alternative, ask that the Court give Plaintiffs' Proposed Jury Instruction No. 19, which is a modified version of the *Federal Civil Jury Instructions of the Seventh Circuit*, 1.14 (2010).   Plaintiffs believe that defendants' proposed instruction is confusing in that it references statements by the parties without explaining to the jurors that statements of a party's present and former employees in many circumstances should be considered statements of a party and are received as substantive evidence, rather than just for purposes of impeachment.  *See FRE* 801(d)(2).  As such, defendants' instruction is incorrect.  Plaintiffs' Proposed Jury Instruction No. 19 directly addresses this issue, which defendants conveniently ignore.  Under *FRE* 801(d)(2), an admission by a party opponent is received as substantive evidence, which plaintiffs competing instruction makes clear.  Based on defendants' instructions, a juror would likely conclude that such admissions are only to be considered in determining credibility, which is legally incorrect.

Plaintiffs propose that the Court give Plaintiffs' Proposed Jury Instruction No. 19 as an alternative.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20 (AGREED)**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable to plaintiffs or defendants, from the fact that any person or entity is not on trial before you at the present time.  You should not concern yourself with the disposition as to those other persons or entities, but should consider only the issues between plaintiffs and defendants.

AUTHORITY:   Docket No. 259-29, Instruction No. I.M., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

- 47 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21 (AGREED)**

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Current executives and officers of both plaintiffs and defendants have an interest in the outcome of this litigation. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest. Therefore, you should bear that factor in mind when evaluating the credibility of their testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

AUTHORITY:        Docket No. 259-29, Instruction No. I.N., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

- 48 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22 (AGREED)**

**Depositions**

Some of the testimony has been presented in the form of depositions that have been received in evidence. A deposition is a procedure where the attorneys for one side may question a witness or adversary party under oath before a court reporter prior to trial. This is part of pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony a witness gave at trial.

AUTHORITY:    Docket No. 259-29, Instruction No. I.O., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

### Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  In fact, the Court at times may limit the number of witnesses a party may call.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.  During this phase of the trial, you may have seen, among the exhibits received into evidence, some documents that are redacted. "Redacted" means that part of the document has been removed for reasons that are not your concern.  You are to concern yourself only with the part of the document that has been admitted into evidence. You should not consider any possible reason why the other part of it has been redacted.

AUTHORITY:    *Zubulake* v. *UBS Warburg*, 2005 WL 6180412 (SAS) (S.D.N.Y. Apr. 4, 2005) –Judge's Instructions/Charge to the Jury, at 5; *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 15).

### PLAINTIFFS' OBJECTION TO DEFENDANTS'
### PROPOSED JURY INSTRUCTION NO. 23

Plaintiffs object to defendants' Proposed Jury Instruction No. 23.  First, defendants once again subtly reference bifurcation, with the addition of the language, "During this phase of the trial." In response, plaintiffs incorporate by reference their objection to defendants' Proposed Jury Instruction No. 1.  Second, defendants ask the Court to condone their redaction of documents produced in this litigation.  Plaintiffs have no basis to conclude that defendants' redactions were appropriate or proper.  Therefore, plaintiffs object to defendants' attempt to make the jury believe that their redactions bear the imprimatur of this Court.  Defendants redacted documents unilaterally. Now, defendants should bear the consequences.

Plaintiffs propose that the Court give Plaintiffs' Proposed Jury Instruction No. 23 as an alternative.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**

**Electronic Mail (E-mail) Presumptively Received**

To the extent the evidence presented to you involves e-mail communications, there is a presumption that such e-mail communications were actually received by the intended recipients. However, that presumption is rebuttable and extends only to receipt, not actual review.

AUTHORITY:   *Meckel v. Cont'l Res. Co*., 758 F.2d 811, 817 (2d Cir. 1985); *In re Robinson*, 228 B.R. 75, 81 (E.D.N.Y. 1998).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 24**

Plaintiffs object to the second sentence of defendants' Proposed Jury Instruction No. 24, which states: "However, that presumption is rebuttable and extends only to receipt, not actual review." First, to the extent defendants address "review," the sentence is unnecessary since the presumption relates only to receipt – it is silent as to "actual review." Second, to the extent the instruction addresses receipt, defendants have proffered no evidence that e-mails produced by defendants from their own computer systems were not, in fact, received. Although plaintiffs recognize that the presumption of receipt is rebuttable, defendants have made and will make no such showing. Clearly, proof of this type would rely on expert testimony – testimony that defendants have not proffered in this case. Therefore, the sentence should be stricken in its entirety and the Court should give Plaintiffs' Proposed Jury Instruction No. 26 as an alternative, which contains the first sentence of defendants' Proposed Jury Instruction No. 24.

Plaintiffs' Proposed Jury Instruction No. 26 is a correct statement of the applicable presumption. *Dempster v. Dempster*, 273 Fed. App'x 67 (2d Cir. 2008), *aff'g Dempster v. Dempster*, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005); *American Boat Co., Inc. v. Unknown Sunken*

*Barge*, 418 F.3d 910, 913-14 (8th Cir. 2005); *Kennell v. Gates*, 215 F.3d 825, 829-30 (8th Cir. 2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25 (AGREED)**

**Expert Witnesses**

In this case, several expert witnesses – **[LIST]** – were permitted to express an opinion about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

The fact that an expert may have relied on someone else's statement in forming his opinion is not evidence that the statement was true.  You should assess the credibility of each fact witness independently.

AUTHORITY:     Docket No. 259-29, Instruction No. I.Q., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).


**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26 (AGREED)**

**Summaries and Charts Admitted as Evidence**

The plaintiffs (or defendants) have presented certain exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-11 (2012) (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27 (AGREED)**

**Summaries and Charts Not Admitted as Evidence**

Other charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-12 (2012) (modified).

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28 (AGREED)**

**Improper Considerations**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.  It would be improper for you to consider any personal feelings you have about any party or witness based on economic status, a witness's preference to testify in his or her native language, a witness's inability to speak English, or a witness's difficulty in speaking English.

AUTHORITY:    Docket No. 259-29, Instruction No. I.T., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29

### Multiple Claims; Multiple Plaintiffs/Defendants

You must give separate consideration to each claim and each party in this case.  Although there are three defendants, it does not follow that if one is liable, any of the others is also liable. Each defendant is entitled to a fair consideration of the evidence that applies to that defendant.  No defendant is to be prejudiced should you find against one or more of the other defendants. Similarly, although there are 14 plaintiffs in this action, it does not follow that if one plaintiff is entitled to recover, all are entitled to recover.  The defendants are entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against each defendant.


AUTHORITY:   Fed. Jury Prac. & Inst. § 103:14 (6th ed.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 19, at 22); Fed. Jury Prac. & Instr. § 103:13 (6th ed.).

### PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29

Plaintiffs agree that an instruction on multiple claims/multiple parties should be given. Plaintiffs' Proposed Jury Instruction No. 31 addresses the issue clearly and concisely.  However, plaintiffs object to defendants' Proposed Jury Instruction No. 29 because it is confusing and misleading.  In particular, defendants seek to instruct the jury that, "No defendant is to be prejudiced should you find against one or more of the other defendants."  This statement is incorrect in this case.  Here, if plaintiffs prove their fraud claim against S&P or Moody's, it will directly affect the jury's consideration of the aiding and abetting claim against Morgan Stanley.  In fact, even defendants' otherwise flawed Proposed Jury Instruction No. 4 for the Second Phase explains that in

order for plaintiffs to recover against Morgan Stanley for aiding and abetting, plaintiffs must prove the existence of the underlying fraud by a Rating Agency defendant.   Therefore, defendants' Proposed Jury Instruction No. 29 is confusing and misleading in this case.   The Court should give plaintiffs' Proposed Jury Instruction No. 31, which explains the fundamental concept that each party is entitled to separate consideration, but avoids the problems and confusion created by defendants' instruction.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30 (AGREED)**

**Introduction to Plaintiffs' Claims**

I will now instruct you on the law that governs plaintiffs' claims in this case.  Plaintiffs bring this action based on three separate claims.  First, plaintiffs bring a claim for fraud against Moody's and S&P.

Second, plaintiffs bring a claim against Morgan Stanley for aiding and abetting the alleged fraud perpetrated by Moody's and S&P.

Third, certain plaintiffs bring a claim against Morgan Stanley for negligent misrepresentation.

AUTHORITY:     Docket No. 259-29, Instruction No. II.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

**Agency**

In considering the following instructions, remember that plaintiffs and defendants are corporations and/or legal entities, not individuals, and thus can only act through their agents. That is, statements and actions by plaintiffs' and defendants' officers and employees acting within the scope of their employment are imputed to the corporation and/or legal entity. For various purposes, I will instruct you separately as to circumstances in which you need only address the thought process or state of mind of specific individuals without regard to what others in the corporation said or thought.

AUTHORITY:     *Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190 (2d Cir. 2008).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 31**

Defendants seek to modify this instruction, which was previously given by the Court in *Liberty Media*. *See* Dkt. No. 259-29, Instruction No. II.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 Civ. 2175 (SAS). The Court should adopt Plaintiffs' Proposed Jury Instruction No. 33, which tracks almost verbatim the instruction regarding agency that the Court gave in the *Liberty Media* trial. Critically, defendants' proposed addition to plaintiffs' jury instruction regarding agency is legally incorrect and unnecessary to apprise the jury of basic agency law.

It is black letter agency law that the actions and knowledge of corporate agents is imputed to the corporation. As the Court held just a few weeks ago,

It is a general rule "'that a corporation is charged with constructive

- 61 -

> knowledge . . . of all material facts of which its officer or agent receives notice or
> acquires knowledge while acting in the course of employment within the scope of his
> or her authority.'"  As the jury was instructed: "Vivendi and Liberty are corporations
> and thus can only act through their agents.   That is, statements and actions by
> Vivendi and Liberty employees acting within the scope of their employment are
> imputed to the corporation."

*Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175 (SAS), 2013 WL 541202, at *16

(S.D.N.Y. Feb. 12, 2013).  "Organizations are treated as possessing the collective knowledge of their

employees and other agents, when that knowledge is material to the agents' duties, however the

organization may have configured itself or its internal practices for transmission of information."

Restatement (Third) of Agency §5.03 (2006); *see also Koam Produce, Inc. v. DiMare Homestead,*

*Inc.*, 213 F. Supp. 2d 314, 325-26 (S.D.N.Y. 2002) ("Corporations can only act through their officers

and employees, and in a proper case the acts and knowledge of the employee are imputed to the

corporation."), *aff'd*, 329 F.3d 123 (2d Cir. 2003); *Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 879

F. Supp. 2d 243, 271 (E.D.N.Y. 2012) (same); *Assitalia le Assicurazioni D'Italia S.p.A. v. Nippon*

*Cargo Airlines Co., Ltd.*, No. 06 Civ. 6423 (DLI), 2009 WL 3064787, at *4 (E.D.N.Y. Sept. 22,

2009) ("Indeed, '[m]ost codifications of agency law state that principal and agent are each deemed to

have notice of all of which the other has notice[, and such notice] . . . shall be operative . . . as

against the principal.'").

Likewise, New York law imputes to the corporation the knowledge of its corporate agents.

Recently, the New York Court of Appeals in *Kirschner v. KPMG LLP*, 15 N.Y.3d 446 (2010),

answering certified questions from the Second Circuit as to whether the knowledge of corporate

insiders could be imputed to a corporation, held:

> When corporate officers carry out the everyday activities central to any
> company's operation and well-being – such as issuing financial statements, accessing
> capital markets, handling customer accounts, moving assets between corporate
> entities, and entering into contracts – their conduct falls within the scope of their
> corporate authority . . . .  ***And where conduct falls within the scope of the agents'***

- 62 -

*authority, everything they know or do is imputed to their principals*.

*Id*. at 465-66.  In accord with this principle, New York law recognizes scheme liability for fraud. *Kuo Feng Corp. v. Ma*, 669 N.Y.S.2d 575, 576 (1st Dep't 1998) ("It is well established that liability for fraud may be premised on knowing participation in a scheme to defraud, even if that participation does not by itself suffice to constitute the fraud . . . ."); *see also Danna v. Malco Realty, Inc.*, 857 N.Y.S.2d 688 (2d Dep't 2008); *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784 (1985).

Accordingly, defendants' proposed additional language regarding "circumstances in which [the jury] need only address the thought process or state of mind of specific individuals without regard to what others in the corporation said or thought," aside from being irrelevant and unnecessary to describe basic agency law, is also legally incorrect.  Scienter can be proven in this case with evidence that "a *rating agency*" – not specific individuals – "knowingly issue[d] a rating that is either unsupported by reasoned analysis or without a factual foundation."  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *10 (S.D.N.Y. Aug. 17, 2012).  Thus, the knowledge of agents of the rating agencies is imputed to the rating agencies for purposes of their scienter.  As the Court has correctly noted on multiple occasions, evidence relevant to defendants' state of mind "*can't be limited to just [Cheyne SIV] rating committee members*."  11/12/2012 Hrg. Tr. at 69:11, 17.

Where, as here, an alleged false statement was issued by a corporate defendant rather than individual employees, "[p]roof of a corporation's collective knowledge and intent is sufficient."  *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005) (holding at summary judgment that Arthur Andersen's scienter in a case alleging fraudulent audit opinions was properly determined by the accounting firm's "collective state of mind, not that of individual partners or employees" assigned to the particular audit engagement at issue).  As the *WorldCom* court made

clear, plaintiffs are "entitled to show reckless misconduct through a cumulative pattern of decisions and inaction by several [employees] that encompassed a multitude of important . . . issues." *Id.* at 499.

Defendants' authority, *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190 (2d Cir. 2008), does not support defendants' additional proposed language.  In *Dynex*, the court held that "it is possible to raise the required [scienter] inference with regard to a corporate defendant ***without doing so with regard to a specific individual defendant***." *Id.* at 195. Although the court noted, in *dicta*, that "a plaintiff must prove that an agent of the corporation committed a culpable act with the requisite scienter, and that the act (and accompanying mental state) are attributable to the corporation" (*id.*),  there is no requirement that all elements of fraud be proven through a single individual.  Rather, the evidence in this case shows that multiple rating agency executives "committed . . . culpable act[s] with the requisite scienter" by systematically mis-rating structured finance securities with the knowledge that those inflated ratings would be used to derive false ratings on other structures and securities like the Cheyne SIV.  *Id.*

*Dynex* does not require plaintiffs to establish corporate liability through a single employee who by herself satisfies each element of fraud.  As Judge Pauley recently held, such a "***cramped reading of Dynex eviscerates that holding, which does not require a plaintiff to identify a specific individual within a corporation who acted with scienter***." *Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 371 (S.D.N.Y. 2012); *see also In re Metlife Demutualization Litig.*, 262 F.R.D. 217, 234 (E.D.N.Y. 2009) (*Dynex* stands merely for the legal principle that, "[w]hen the defendant is a company, scienter refers to the state of mind of one or more of the company's agents").  Thus, even under the more restrictive federal securities regime, scienter can be established through acts of executives other than those on the Cheyne rating committees.  Under New York law,

which recognizes scheme liability for fraud, the fraudulent acts of other rating agency executives are even more probative. *Kuo Feng*, 669 N.Y.S.2d at 576.

      *See also* Plaintiffs' Objections to Defendants' Proposed Jury Instructions – First Phase, Nos. 32, 32A, 32B, 32E.

      Plaintiffs propose that the Court give Plaintiffs' Proposed Jury Instruction Nos. 33 (Agency) and 41 (Collective Knowledge) as an alternate.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32

### Fraud

Each plaintiff has asserted a claim of common law fraud under New York State law against each of the Rating Agency defendants.  There is no claim of fraud against Morgan Stanley.

In order to recover for fraud each plaintiff has the burden of proving by clear and convincing evidence each of the following distinct elements as to each Rating Agency defendant:

- That each Rating Agency defendant made a false representation to a particular plaintiff.  A rating is an opinion and therefore may be considered a false representation if, but only if, the plaintiff proves two separate elements: (i) that, at the time the ratings were issued, the Rating Committee of the Rating Agency defendant in question did not genuinely or honestly believe the ratings; and (ii) that, at the time the ratings were issued, the ratings were objectively false or misleading with respect to the underlying subject matter they addressed;

- That each Rating Agency defendant made the representation with the purpose to induce each plaintiff to invest in the Cheyne SIV notes;

- That each plaintiff (i) actually and (ii) reasonably and justifiably relied upon each Rating Agency defendant's representation in deciding to invest in the Cheyne SIV notes;

- That the false representation was the proximate cause of the plaintiff's losses; and

- That each plaintiff sustained damages as a result of the fraud.

As I previously instructed you, you only need to concern yourself with a few of these elements during the first phase of this trial.  In this phase of the trial, you must determine whether, at the time the ratings were issued, the Rating Committee of the Rating Agency defendant in question did not genuinely or honestly believe the ratings; and whether, at that time, the ratings were objectively false or misleading with respect to the underlying subject matter they addressed.  You

- 66 -

must also determine whether each Rating Agency defendant made the representation with the purpose to induce each plaintiff to invest in the Cheyne SIV note and whether the representation, if false, was the proximate cause of the plaintiff's losses. Lastly, you must consider whether the subject matter of the representation— the creditworthiness of the Cheyne SIV notes—was peculiarly within defendants' knowledge. Depending on your answers to these questions, the trial may proceed to the second phase and you will consider the reliance element and whether to award damages.

I will now instruct you as to the meaning of each of the elements you must consider in this phase—"falsity," "scienter," and "loss causation."

AUTHORITY:  *New York Pattern Jury Instructions–Civil*, § 3:20 (3d ed. 2011) (common law fraud); *City of Omaha, Nebraska Civilian Employees' Retirement System* v. *CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012); *Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011); *Crigger* v. *Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *MacDraw, Inc.* v. *CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 960-61 (2d Cir. 1998); *Banque Arabe et Internationale D'Investissement* v. *Maryland National Bank*, 57 F.3d 146, 153 (2d Cir. 1995); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *10-*11 (S.D.N.Y. Aug. 17, 2012) (Scheindlin, J.); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012) (Cote, J.); *Podany* v. *Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 154 (S.D.N.Y. 2004) (Lynch, J.); *Century Pacific, Inc.* v. *Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 219 (S.D.N.Y. 2007) (Karas, J.); *SNCB Corporate Finance Ltd.* v. *Schuster*, 877 F. Supp. 820, 826 (S.D.N.Y. 1994) (Stanton, J), *aff'd* 71 F.3d 406 (2d Cir. 1995); *Mann* v. *Levy*, 776 F. Supp. 808, 813 (S.D.N.Y.1991) (Knapp, J.); *Hutton* v. *Klabal*, 726 F. Supp. 67, 71 (S.D.N.Y. 1989) (Broderick, J.); *Mandarin Trading Limited* v. *Wildenstein*, 16 N.Y.3d 173, 178 (2011); *Gaidon* v. *Guardian Life Insurance Co. of America*, 94 N.Y.2d 330, 349-50 (1999); *Stuart Lipsky, P.C.* v. *Price*, 315 A.D.2d 102, 103 (1st Dep't 1995); *see also Boca Raton Firefighters & Police Pension Fund* v. *Bahash*, 2012 WL 6621391 (2d Cir. Dec. 20, 2012).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32

Defendants proposed instruction is unnecessarily confusing, mischaracterizes the Court's prior rulings and the applicable law, and will unfairly prejudice plaintiffs. Plaintiffs' Proposed

821998_1

Instruction No. 34 closely follows the New York pattern jury instructions for common law fraud and should be adopted by the Court in lieu of this instruction.  2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012).

Defendants' instruction is unnecessarily confusing and overly complex.  Defendants have divided the common law fraud instruction into 10 sub-parts, including separate instructions for the elements of falsity, scienter, and loss causation.  The New York pattern jury instruction for common law fraud (and Plaintiffs' Proposed Instruction No. 34) properly state the elements of fraud in a clear and concise manner, all within one instruction.  *Id*.  Defendants' proposed instructions should be rejected as unnecessary and confusing.

In addition, as the trial will be bifurcated, it is unnecessary and confusing to instruct the jury on the elements of reliance and damages – elements that it will not be consider until the second phase.  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013) ("Phase I will address the issues of falsity, scienter, loss causation and whether the falsity could have been discovered by the exercise of reasonable diligence.").  Plaintiffs' Proposed Instruction No. 34 properly omits these elements from the phase one instructions, and instead includes them in the second phase instructions.  Defendants' proposed language that the jurors "only need concern [themselves] with a few of these elements during the first phase of this trial" demonstrates the fact the instructions on reliance and damages are unnecessary in the first phase.  Moreover, as stated above, defendants' proposed language that "[d]epending upon your answers to these questions" only in "the second phase [ ] will you consider the reliance element and whether to award damages" is unduly prejudicial and confusing.  *See supra* at Plaintiffs' Objections to Defendants' Proposed Jury Instruction No. 1.

Defendants' Proposed Jury Instructions Nos. 32, 32A, 32B, and 32E, improperly seek to limit the jury's consideration of the acts and knowledge of defendants' corporate agents in determining scienter.  Specifically, Defendants' Proposed Instruction Nos. 32, 32A, 32B, and 32E attempt to limit the scienter inquiry to the knowledge of "the Rating Committee of the Rating Agency defendants. . . ."  Defendants' Proposed Jury Instruction No. 32.  Similarly, Defendants' Proposed Jury Instruction No. 32B improperly and incorrectly states that Moody's and S&P's ratings were issued only by "Rating Committees" and that "only the knowledge and belief of those Rating Committees" is relevant for purposes of plaintiffs' fraud claims.  Moreover, Defendants' Proposed Jury Instruction No. 32E improperly and incorrectly states that "a plaintiff must prove that the Rating Agency defendants' Rating Committees had the requisite state of mind."  Defendants' instructions should be rejected.

As an initial matter, and as explained in more detail in plaintiffs' briefing in connection with the parties' motions *in limine*, the false and misleading credit ratings on the Cheyne SIV's notes were issued by the corporate rating agency defendants, not individual employees or committees.  Thus, scienter can be proven in this case with evidence that "a ***rating agency***" – not specific individuals or committees – "knowingly issue[d] a rating that is either unsupported by reasoned analysis or without a factual foundation." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *10 (S.D.N.Y. Aug. 17, 2012).  As the Court has correctly noted on multiple occasions, evidence relevant to defendants' state of mind "***can't be limited to just [Cheyne SIV] rating committee members***."  11/12/2012 Hrg. Tr. at 69:11, 17.

Where, as here, the alleged false statements are issued by corporate defendants, not specific individuals, "[p]roof of a corporation's collective knowledge and intent is sufficient." *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005) (holding at summary

- 69 -

judgment that Arthur Andersen's scienter in a case alleging fraudulent audit opinions was properly determined by the accounting firm's "collective state of mind, not that of individual partners or employees" assigned to the particular audit engagement at issue). As the *WorldCom* court made clear, plaintiffs are "entitled to show reckless misconduct through a cumulative pattern of decisions and inaction by several [employees] that encompassed a multitude of important . . . issues." *Id.* at 499. Similarly, in *United States v. Bank of New England, N.A.*, 821 F.2d 844, 855-56 (1st Cir. 1987), the First Circuit affirmed a "collective knowledge" jury instruction, noting that "[t]he acts of a corporation are, after all, simply the acts of all of its employees operating within the scope of their employment" and that, therefore, the bank's knowledge was "the sum of the knowledge of all of the employees." The *Bank of New England* court explained:

> Corporations compartmentalize knowledge, subdividing the elements of specific duties and operations into smaller components. The aggregate of those components constitutes the corporation's knowledge of a particular operation. *It is irrelevant whether employees administering one component of an operation know the specific activities of employees administering another aspect of the operation*.

*Id.*; *see also United States v. T.I.M.E.-D.C., Inc.*, 381 F. Supp. 730, 738-39 (W.D. Va. 1974) ("[A] corporation cannot plead innocence by asserting that the information obtained by several employees was not acquired by any one individual who then would have comprehended its full import. Rather the corporation is considered to have acquired the collective knowledge of its employees and is held responsible for their failure to act accordingly.").

Further, "courts in this District have recently emphasized that there is no requirement 'that the same individual who made the alleged misstatement on behalf of a corporation personally possessed the required scienter.'" *In re Marsh & McLennan Cos. Sec. Litig.*, 501 F. Supp. 2d 452, 481 (S.D.N.Y. 2006). "Confining the pool of employees from which a corporation's scienter may be inferred to those that made an underlying misstatement, as Defendants suggest, is unduly limiting."

- 70 -

*Id.*[1]  In light of the applicable legal standard, evidence that senior executives at the rating agencies knew that the ratings on the structured finance asset classes contained in the Cheyne SIV were inaccurate bears directly on the rating agencies' state of mind when it issued the fraudulent Cheyne SIV ratings.

Indeed, it is black letter agency law that the actions and knowledge of corporate agents is imputed to the corporation.  As the Court held just a few weeks ago,

> It is a general rule "'that a corporation is charged with constructive knowledge . . . of all material facts of which its officer or agent receives notice or acquires knowledge while acting in the course of employment within the scope of his or her authority.'"  As the jury was instructed: "Vivendi and Liberty are corporations and thus can only act through their agents.  That is, statements and actions by Vivendi and Liberty employees acting within the scope of their employment are imputed to the corporation."

*Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175 (SAS), 2013 WL 541202, at *16 (S.D.N.Y. Feb. 12, 2013).  "Organizations are treated as possessing the collective knowledge of their employees and other agents, when that knowledge is material to the agents' duties, however the organization may have configured itself or its internal practices for transmission of information."

---

[1]     *See also Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 316-17 (S.D.N.Y. 2011) ("The fact that, on multiple occasions, employees of both companies are alleged to have performed their professional duties in a consciously wrongful or reckless manner establishes a 'strong inference' of corporate scienter."); *Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341 (S.D.N.Y. 2012) (upholding fraud claim against corporation even though the allegations were not sufficient to allege scienter against the individual defendants that made the alleged false statements); *Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 281 n.10 (S.D.N.Y. 2012) (attributing scienter of head of mortgage department to corporate defendant); *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 516 (S.D.N.Y. 2009) ("the individual making an alleged misstatement and the one with scienter do not have to be one and the same"); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, No. 10 Civ. 2835(NRB), 2011 WL 4357368, at *13 (S.D.N.Y. Sept. 19, 2011) ("Courts routinely impute to the corporation the intent of officers and directors acting within the scope of their authority."); *In re JPMorgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 627 (S.D.N.Y. 2005); *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 236-37 (S.D.N.Y. 2010); *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 590-91 (S.D.N.Y. 2010).

Restatement (Third) of Agency §5.03 (2006); *see also Koam Produce, Inc. v. DiMare Homestead, Inc.*, 213 F. Supp. 2d 314, 325-26 (S.D.N.Y. 2002) ("Corporations can only act through their officers and employees, and in a proper case the acts and knowledge of the employee are imputed to the corporation."), *aff'd*, 329 F.3d 123 (2d Cir. 2003); *Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 879 F. Supp. 2d 243, 271 (E.D.N.Y. 2012) (same); *Assitalia le Assicurazioni D'Italia S.p.A. v. Nippon Cargo Airlines Co., Ltd.*, No. 06 Civ. 6423 (DLI), 2009 WL 3064787, at *4 (E.D.N.Y. Sept. 22, 2009) ("Indeed, '[m]ost codifications of agency law state that principal and agent are each deemed to have notice of all of which the other has notice[, and such notice] . . . shall be operative . . . as against the principal.'").

Likewise, New York law imputes to the corporation the knowledge of its corporate agents. Recently, the New York Court of Appeals in *Kirschner v. KPMG LLP*, 15 N.Y.3d 446 (2010), answering certified questions from the Second Circuit as to whether the knowledge of corporate insiders could be imputed to a corporation, held:

> When corporate officers carry out the everyday activities central to any company's operation and well-being – such as issuing financial statements, accessing capital markets, handling customer accounts, moving assets between corporate entities, and entering into contracts – their conduct falls within the scope of their corporate authority . . . . ***And where conduct falls within the scope of the agents' authority, everything they know or do is imputed to their principals***.

*Id.* at 465-66. In accord with this principle, New York law recognizes scheme liability for fraud. *Kuo Feng Corp. v. Ma*, 669 N.Y.S.2d 575, 576 (1st Dep't 1998) ("It is well established that liability for fraud may be premised on knowing participation in a scheme to defraud, even if that participation does not by itself suffice to constitute the fraud . . . ."); *see also Danna v. Malco Realty, Inc.*, 857 N.Y.S.2d 688 (2d Dep't 2008); *Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784 (1985).

Defendants' authority, *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190 (2d Cir. 2008), does not support defendants' additional proposed language. In

*Dynex*, the court held that "it is possible to raise the required [scienter] inference with regard to a corporate defendant ***without doing so with regard to a specific individual defendant***." *Id.* at 195. Although the court noted, *in dicta*, that "a plaintiff must prove that an agent of the corporation committed a culpable act with the requisite scienter, and that the act (and accompanying mental state) are attributable to the corporation" (*id.*), there is no requirement that all elements of fraud be proven through a single individual.  Rather, the evidence in this case shows that multiple rating agency executives "committed . . . culpable act[s] with the requisite scienter" by systematically mis-rating structured finance securities with the knowledge that those inflated ratings would be used to derive false ratings on other structures and securities like the Cheyne SIV.  *Id.*

*Dynex* does not require plaintiffs to establish corporate liability through a single employee who by herself satisfies each element of fraud.  As Judge Pauley recently held, such a "***cramped reading of Dynex eviscerates that holding, which does not require a plaintiff to identify a specific individual within a corporation who acted with scienter***." *Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 371 (S.D.N.Y. 2012); *see also In re Metlife Demutualization Litig.*, 262 F.R.D. 217, 234 (E.D.N.Y. 2009) (*Dynex* stands merely for the legal principle that, "[w]hen the defendant is a company, scienter refers to the state of mind of one or more of the company's agents").  Thus, even under the more restrictive federal securities regime, scienter can be established through acts of executives other than those on the Cheyne rating committees.  Under New York law, which recognizes scheme liability for fraud, the fraudulent acts of other rating agency executives are even more probative.  *Kuo Feng*, 669 N.Y.S.2d at 576.

Defendants' other authority, *Fed. Housing Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012), does not change the analysis.  There, plaintiffs alleged that individual appraisers, not corporate defendants, issued appraisals in which they did not believe.  *Id.*

- 73 -

Thus, the issue in *UBS* concerned "how to treat opinions that . . . [are] attribute[able] to someone other than a defendant." *Id.* at 325.  Here, the alleged false ratings were issued by the rating agency defendants.  Thus, it is the rating agencies' knowledge – not the knowledge of selected individual employees – that is relevant here.

None of the other cases cited in Defendants' Proposed Jury Instructions Nos. 32, 32A, 32B, or 32E stand for the proposition that the scienter inquiry should be limited to specific individuals or that fraud must be proven through a single corporate agent in cases where the alleged false statements are issued by the corporate defendant rather than specific individuals.  Accordingly, Defendants' Proposed Jury Instructions Nos. 32, 32A, 32B, and 32E, which improperly and incorrectly seek to limit the scienter inquiry to specific individuals and committees, should be rejected.  Rather, Plaintiffs' Proposed Jury Instruction – First Phase, Nos. 34 and 41, regarding the requirements for fraud and collective knowledge, should be adopted.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32A

## Elements of Fraud Based on Opinion: Knowingly False Representation

The <u>first</u> element of fraud requires each plaintiff to prove by clear and convincing evidence that each of the Rating Agency defendants knowingly made a false representation to that plaintiff. A representation is made when an impression is communicated to the mind of another person.

The only alleged misrepresentations in this case are the credit ratings assigned by S&P and Moody's to the rated notes issued by the Cheyne SIV.

Ratings issued by rating agencies are opinions as a matter of law and generally therefore cannot be actionable false misrepresentations. An exception to this rule applies when the defendant issues an opinion that it did not truly hold. The rating opinions on the Cheyne SIV notes can be considered a false representation only if each plaintiff proves, by clear and convincing evidence: (1) that, at the time the ratings were issued, the Rating Committee of the Rating Agency defendant in question did not genuinely or honestly believe the ratings; and (2) that, at the time the ratings were issued, the ratings were objectively false or misleading with respect to the underlying subject matter they address. It is insufficient for a plaintiff to demonstrate only one or the other of these two factors. The plaintiffs must prove both factors by clear and convincing evidence.

It is not enough for a plaintiff to show that the S&P or Moody's acted accidentally, mistakenly, negligently, or even with gross negligence in issuing the opinion. Negligence, whatever its grade, does not include a wrongful purpose and, therefore, is not fraud. Fraud requires that the Rating Committees did not genuinely or honestly believe the ratings when they issued them.

AUTHORITY:   *New York Pattern Jury Instructions–Civil*, § 3:20, cmt. I.A. (3d ed. 2011) (common law fraud) ("A representation is made when by words or act an impression is communicated to the mind of another person." (citing *Chase Manhattan Bank, N.A.* v. *Perla*, 411 N.Y.S.2d 66 (4th Dep't 1978)); *Ohio Police & Fire Pension Fund* v. *Standard & Poor's Financial Services, LLC*, ---F.3d ---, 2012 WL 5990337, at *10-11 (6th Cir. Dec. 3, 2012); *City of Omaha, Nebraska*

*Civilian Employees' Retirement System* v. *CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012); *Fait* v. *Regions Financial Corp.*, 655 F.3d 105, 111-12 (2d Cir. 2011); *In re Lehman Brothers Mortgage-Backed Securities Litigation*, 650 F.3d 167, 183 (2d. Cir. 2011); *Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 776 (1st Cir. 2011); *Compuware Corp.* v. *Moody's Investors Services, Inc.,* 499 F.3d 520, 529 (6th Cir. 2007); *MacDraw, Inc.* v. *CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 960-61 (2d Cir. 1998); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & . Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *4, n.83, *10-*11 (S.D.N.Y. Aug. 17, 2012); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012) (Cote, J.); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.); *Billhofer* v. *Flamel Techs., S.A.*, 2012 WL 3079186, at *10 (S.D.N.Y. July 30, 2012); *In re Merrill Lynch Auction Rate Securities Litigation*, 2011 WL 536437, at *12 (S.D.N.Y. Feb. 9, 2011) (Preska, J.), *aff'd, Anschutz Corp.* v. *Merrill Lynch & Co.*, 2012 WL 3518537 (2d Cir. Aug. 14, 2012); *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (Howell, J.); *New Jersey Carpenters Health Fund* v. *Residential Capital, LLC*, 2010 WL 1257528, at *6 (S.D.N.Y. Mar. 31, 2010) (Baer, J.); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 154 (S.D.N.Y. 2004) (Lynch, J.); *SNCB Corporate Finance Ltd.* v. *Schuster*, 877 F. 820, 826 (S.D.N.Y. 1994) (Stanton, J), *aff'd* 71 F.3d 406 (2d Cir. 1995); *Mann* v. *Levy*, 776 F. Supp. 808, 813 (S.D.N.Y. 1991) (Knapp, J.); *Hutton* v. *Klabal*, 726 F. Supp. 67, 71 (S.D.N.Y. 1989) (Broderick, J.); *Stuart Lipsky, P.C.* v. *Price*, 315 A.D.2d 102, 103 (1st Dep't 1995); *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1002-03) (common law fraud); *see also Mandarin Trading Ltd.* v. *Wildenstein*, 16 N.Y.3d 173, 179 (2011); *Consolidated Bus Transit, Inc.* v. *Treiber Group, LLC*, 97 A.D.3d 778, 779 (2d Dep't 2012); *New York Pattern Jury Instructions –Civil*, § 3:20 (common law fraud – supplemental instruction) ("As a general rule only factual representations are actionable, and a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud. . . . [A] false statement of opinion, whether of law or fact, if misrepresented as a sincere opinion, is actionable, provided there is reasonable."); *C.f. Boca Raton Firefighters & Police Pension Fund* v. *Bahash*, 2012 WL 6621391 (2d Cir. Dec. 20, 2012); Kevin F. O'Malley, et al., Federal Jury Practice and Instructions-Civil, § 162.232 (5th ed.) (10b-5) *id.* § 162.284.

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32A

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32. As discussed above, Plaintiffs' Proposed Instruction No. 34 follows the New

- 76 -

York pattern jury instructions for common law fraud, including the elements of falsity and scienter, and should be adopted by the Court in lieu of this instruction.

In addition, plaintiffs object to defendants' proposed language that "[r]atings issued by ratings agencies are opinions as a matter of law and generally therefore cannot be actionable false misrepresentations." This misstates the law, and is unduly prejudicial. As the Court has held in this action, credit ratings are actionable misrepresentations when "either unsupported by reasoned analysis or without a factual foundation." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2012 WL 3584278, at *13 (S.D.N.Y. Aug. 17, 2012); *see also King County, Washington v. IKB Deutsche Industriebank*, 2013 WL 45878, at *4 (S.D.N.Y. Jan. 3, 2013) (holding credit ratings are actionable if they misstate the beliefs of the speaker and were false and misleading with respect to the underlying subject matter they address). This proper legal standard is mirrored in Plaintiffs' Proposed Instruction No. 34, properly instructs that representations which "were unsupported by reasoned analysis or without a factual foundation" are false and misleading. Moreover, to instruct the jury that the ratings are "opinions *as a matter of law* and generally therefore *cannot be actionable false misrepresentations*" is not only contrary to the law, but unduly prejudicial, as it would improperly leave the jury with the false impression that defendants' statement are afforded a presumption of honesty and/or immunity under the law.

Plaintiffs also object to defendants' proposed language regarding the standard for negligence in the fraud instruction as unnecessarily duplicative and confusing. Plaintiffs' Proposed Instruction No. 34 states clearly that the standard for fraud is knowing or reckless conduct, and closely follows the New York pattern jury instructions for common law fraud and the case law. 2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012). In addition, Plaintiffs' Proposed Instruction No. 37 makes clear that "*knowledge may not be established by demonstrating that the defendant was*

- 77 -

*merely negligent, foolish or mistaken*." This language is more than sufficient to properly instruct on the issue of negligence. *United States v. Abreu*, 342 F.3d 183, 187-88 (2d Cir. 2003); *United States v. Svoboda*, 347 F.3d 471, 476-82 (2d Cir. 2003).

- 78 -

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32B

### Rating Committees

A corporation only acts through its agents.  Each Rating Agency defendant's ratings on the Cheyne SIV were issued by Rating Committees, and only the knowledge and belief of those Rating Committees that reviewed and rated the Cheyne SIV are relevant to the consideration of fraud.

AUTHORITY:     *See, e.g.*, *Teamsters Local 445 Freight Division Pension Fund* v. *Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (Holwell, J.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Howell, J.) (Charge to the Jury No. 23, at 27, No.  24 at 31) (10b-5); *see also Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.); *In re Lehman Brothers Securities and ERISA Litigation*, 684 F. Supp. 2d 485, 495 (S.D.N.Y. 2010) (Kaplan, J.), *aff'd*, 650 F.3d 167 (2d Cir. 2011).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32B

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32.  As discussed above, Plaintiffs' Proposed Instruction No. 34 follows the New York pattern jury instructions for common law fraud, including the elements of falsity and scienter, and should be adopted by the Court in lieu of this instruction.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32C**

**False Representation (Hindsight)**

Whether a representation was false must be determined at the time the representation was made.

Hindsight may not serve as the basis of a fraud claim and each plaintiff must offer more than evidence of the Cheyne Finance SIV's subsequent performance to demonstrate that any rating on the Cheyne SIV notes was false or misleading when issued.

Likewise, one who states a genuinely held opinion is not liable for fraud merely because the opinion later turns out to have been incorrect.


AUTHORITY:    *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *11 (S.D.N.Y. Aug. 17, 2012); *see also Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 775-76 (1st Cir. 2011); *Pattern Civil Jury Instructions: Eleventh Circuit*, Civil Cases, § 4.2 (2005) (10b-5).


**PLAINTIFFS' OBJECTION TO DEFENDANTS'**
**PROPOSED JURY INSTRUCTION NO. 32C**

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32. As discussed above, Plaintiffs' Proposed Instruction No. 34 follows the New York pattern jury instructions for common law fraud, including the elements of falsity and scienter, and should be adopted by the Court in lieu of this instruction.

- 80 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32D**

**Elements of Fraud: Purpose to Induce Reliance**

The second element of fraud is that the defendant made the representation with a fraudulent purpose of inducing each plaintiff to invest in the Cheyne SIV notes.

If you find that S&P or Moody's did not make the representation with the fraudulent purpose of inducing a plaintiff to invest, you need proceed no further on the claim of fraud as to that plaintiff.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 32D**

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32.  In addition, defendants' attempt to instruct the jury on reliance in the First Phase of the trial contravenes the Court's order on plaintiffs' Motion *in Limine* No. 11 regarding bifurcation.  In its order, the Court held explicitly that the question of reliance is to be put to the jury in the Second Phase of the trial in this case:

> Phase I will address the issues of falsity, scienter, loss causation and whether the falsity could have been discovered by the exercise of reasonable diligence.  During this phase, defendants will have the opportunity to introduce evidence and testimony that plaintiffs could have discovered defendants' alleged fraud.  At the end of this phase, if the jury finds for defendants on the any of the elements of falsity, scienter or loss causation, then plaintiffs' fraud case is at an end. If the jury finds for plaintiffs on falsity, scienter, loss causation, and finds that the fraud could not have been discovered, ***Phase II will consist only of the relatively simple question of whether each plaintiff actually relied on defendants' alleged misrepresentations*** and damages.  If the jury finds for plaintiffs on falsity, scienter and loss causation, but finds that the fraud could have been discovered, ***Phase II will require plaintiffs to establish actual reliance and that the reliance was reasonable***.

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2013 WL 664176, at

*1 (S.D.N.Y. Feb. 25, 2013).  It would be confusing, misleading, and prejudicial to plaintiffs if the

jury was instructed concerning reliance during the First Phase, during which the jury will not be asked to render a verdict as to reliance.[2]

Further, plaintiffs object to this instruction as legally incorrect, confusing, and prejudicial. By including "reasonable" and "justifiable" reliance in their reliance instruction unqualified, this instruction presupposes that the jury will find that defendants' "fraud could . . . have been discovered," as the jury will only be asked to assess whether plaintiffs' "reliance was reasonable" if the jury determines that plaintiffs could have discovered defendants' fraud. *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013). Of course, if the jury finds that plaintiffs could not have discovered defendants' fraud, "Phase II will consist only of the ***relatively simple question of whether each plaintiff actually relied on defendants' alleged misrepresentations*** and damages." *Id.* Accordingly, the Court should reject defendants' attempt to include justifiable reliance in the First Phase and without taking into account the jury's finding on the peculiar knowledge question.

Moreover, this instruction attempts to require plaintiffs to show they both "reasonably ***and*** justifiably relied on the alleged misrepresentation." Such an instruction misstates the law. Rather, "[t]he proper test of reliance in a fraud case is not 'reasonable' reliance, it is 'justifiable' reliance, a clearly less burdensome test." *Gordon & Co. v. Ross*, 84 F.3d 542, 546 (2d Cir. 1996). While case law at times states the test as "reasonable" reliance, including the requirement that reliance be ***both*** reasonable ***and*** justifiable is misleading, confusing, contrary to law, and would prejudice plaintiffs by suggesting that the standard for reliance is more onerous than legally required. In fact,

---

[2]     Plaintiffs also object to this instruction to the extent it improperly attempts to have the jury consider reliance in First Phase and disaggregates the elements of common law fraud into multiple, independent jury instructions.

- 82 -

defendants' own authority, *Banque Arabe et Internationale D'Investissement v. Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995), provides that plaintiffs' reliance be "reasonable **or** justifiable."

Accordingly, the Court should this instruction, which seeks improperly to instruct the jury on reliance in the First Phase with a legally incorrect and prejudicial instruction, should be rejected. The Court should instead adopt Plaintiffs' Proposed Jury Instructions – Second Phase, No. 2, which properly instructs the jury as to reliance in the Second Phase with the proper standard for reliance, taking into account the jury's answer to the peculiar knowledge question.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32E

### Corporate State of Mind

To prove liability for fraud against a corporation, a plaintiff must prove that at least one agent of the corporation committed the culpable act with the requisite purpose to defraud. Fraudulent purpose must exist in the mind of at least one individual with responsibility for a misrepresentation at issue.

As I explained earlier, because a corporation only acts through its agents, and because the ratings at issue were issued by the Rating Committees, a plaintiff must prove that the Rating Agency defendants' Rating Committees had the requisite state of mind.

AUTHORITY:   *Teamsters Local 445 Freight Div. Pension Fund.* v. *Dynex Capital, Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011) (Holwell, J.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Howell, J.) (Charge to the Jury No. 23, at 27, No. 24 at 31) (10b-5) (S.D.N.Y. 2011); *see also Mizzaro v. Home Depot, Inc.*, 544 F3d 1230, 1254-55 (11th Cir. 2008); *Makor Issues & Rights, Limited v. Tellabs Inc.*, 513 F. 3d 702, 707 (7th Cir. 2008); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012) (Cote, J.).

### PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32E

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32.  As discussed above, Plaintiffs' Proposed Instruction No. 34 follows the New York pattern jury instructions for common law fraud, including the elements of falsity and scienter, and should be adopted by the Court in lieu of this instruction.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32F**

**Elements of Fraud: Actual and Justifiable Reliance**

The <u>third</u> element of fraud requires each plaintiff to prove, by clear and convincing evidence, that it (i) actually and (ii) reasonably and justifiably relied on the alleged misrepresentation.

As I indicated earlier, you will consider actual and reasonable reliance in a second phase of this trial, if and only if during this first phase of trial you find for plaintiffs on each of the elements of falsity, purpose to induce reliance, and proximate causation.

AUTHORITY:  *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud); *see also Banque Arabe et Internationale D'Investissement* v. *Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995); *Stuart Silver Associates, Inc.* v. *Baco Development Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Federal Jury Practice and Instructions-Civil*, § 162.233 (5th ed.) (10b-5); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 32F**

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32.  In addition, defendants' attempt to instruct the jury on reliance in the First Phase of the trial contravenes the Court's order on plaintiffs' Motion *in Limine* No. 11 regarding bifurcation.  In its order, the Court held explicitly that the question of reliance is to be put to the jury in the Second Phase of the trial in this case:

> Phase I will address the issues of falsity, scienter, loss causation and whether the falsity could have been discovered by the exercise of reasonable diligence.  During this phase, defendants will have the opportunity to introduce evidence and testimony that plaintiffs could have discovered defendants' alleged fraud.  At the end of this phase, if the jury finds for defendants on the any of the elements of falsity, scienter or loss causation, then plaintiffs' fraud case is at an end. If the jury finds for plaintiffs on falsity, scienter, loss causation, and finds that the fraud could not have been discovered, ***Phase II will consist only of the relatively simple question of whether each plaintiff actually relied on defendants' alleged misrepresentations*** and

- 85 -

> damages.  If the jury finds for plaintiffs on falsity, scienter and loss causation, but finds that the fraud could have been discovered, ***Phase II will require plaintiffs to establish actual reliance and that the reliance was reasonable***.

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013).  It would be confusing, misleading, and prejudicial to plaintiffs if the jury was instructed concerning reliance during the First Phase, during which the jury will not be asked to render a verdict as to reliance.[3]

Further, plaintiffs object to this instruction as legally incorrect, confusing, and prejudicial.  By including "reasonable" and "justifiable" reliance in their reliance instruction unqualified, this instruction presupposes that the jury will find that defendants' "fraud could . . . have been discovered," as the jury will only be asked to assess whether plaintiffs' "reliance was reasonable" if the jury determines that plaintiffs could have discovered defendants' fraud.  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013).  Of course, if the jury finds that plaintiffs could not have discovered defendants' fraud, "Phase II will consist only of the ***relatively simple question of whether each plaintiff actually relied on defendants' alleged misrepresentations*** and damages."  *Id.*  Accordingly, the Court should reject defendants' attempt to include justifiable reliance in the First Phase and without taking into account the jury's finding on the peculiar knowledge question.

Moreover, this instruction attempts to require plaintiffs to show they both "reasonably ***and*** justifiably relied on the alleged misrepresentation."  Such an instruction misstates the law.  Rather, "[t]he proper test of reliance in a fraud case is not 'reasonable' reliance, it is 'justifiable' reliance, a

---

[3]      Plaintiffs also object to this instruction to the extent it improperly attempts to have the jury consider reliance in First Phase and disaggregates the elements of common law fraud into multiple, independent jury instructions.

- 86 -

821998_1

clearly less burdensome test." *Gordon & Co. v. Ross*, 84 F.3d 542, 546 (2d Cir. 1996).  While case law at times states the test as "reasonable" reliance, including the requirement that reliance be ***both*** reasonable ***and*** justifiable is misleading, confusing, contrary to law, and would prejudice plaintiffs by suggesting that the standard for reliance is more onerous than legally required.   In fact, defendants' own authority, *Banque Arabe et  Internationale D'Investissement v. Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995), provides that plaintiffs' reliance be "reasonable ***or*** justifiable."

Accordingly, the Court should this instruction, which seeks improperly to instruct the jury on reliance in the First Phase with a legally incorrect and prejudicial instruction, should be rejected. The Court should instead adopt Plaintiffs' Proposed Jury Instructions – Second Phase, No. 2, which properly instructs the jury as to reliance in the Second Phase with the proper standard for reliance, taking into account the jury's answer to the peculiar knowledge question.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32G**

**Elements of Fraud: Proximate Causation**

The <u>fourth</u> element of fraud requires that each plaintiff prove, by clear and convincing evidence, that the alleged misrepresentation was the proximate cause of the plaintiff's injury.

To meet this burden, a plaintiff must show, by clear and convincing evidence, that the Cheyne SIV ratings issued by each Rating Agency defendant and relied upon by that plaintiff were a substantial factor contributing to that plaintiff's investment's actual loss. If the causal connection between the ratings opinion and a plaintiff's investment loss instead is attenuated, or if a plaintiff fails to demonstrate that the rating opinion was a substantial contributing factor to the investment's actual loss, that plaintiff cannot establish fraud.

AUTHORITY:      *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at \*4 (S.D.N.Y. Aug. 17, 2012); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); *Suez Equity Investors, L.P.* v. *Toronto-Dominion Bank*, 250 F.3d 87, 105 (2d Cir. 2001); *Federal Jury Practice and Instructions-Civil*, § 123:02 (5th ed.) (common law fraud); *id.* at § 162:300 (10b-5); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27) (10b-5).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 32G**

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32. In addition, the Court should adopt Plaintiffs' Proposed Jury Instruction No. 45, which tracks almost verbatim the model jury instructions of prominent commentators on the element of causation. 3 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §§120:60 and 120:61 (6th ed. 2011). Defendants' Proposed Jury Instruction No. 32G is confusing, unduly prejudicial, legally incorrect and unnecessary to inform the jury of the law. To establish loss causation, the Second Circuit requires "that the loss be foreseeable, and that the loss be caused by the

materialization of the concealed risk." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005).  Plaintiffs need only present evidence "that would allow a factfinder to ascribe some rough proportion of the whole loss to [the defendant's alleged] misstatements." *King County v. IKB Deutsche Industriebank AG*, 708 F. Supp. 2d 334, 339 (S.D.N.Y. 2010).

Defendants' Proposed Instruction No. 32G incorrectly states that plaintiffs can only prove loss by showing that "Cheyne SIV ratings . . . were a substantial factor contributing to that plaintiff's investment's actual loss."  As the Court is aware, plaintiffs in fact may prove their losses were (1) caused by the materialization of the risks concealed by the false ratings on the Cheyne SIV, namely, the poor quality of the Cheyne SIV's subprime assets and the Cheyne SIV's insufficient structural protections; and (2) within the "zone of risk" concealed by the false ratings. *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2012 WL 3584278, at *19-*20 (S.D.N.Y. Aug. 17, 2012).  Defendants' proposed instruction incorrectly states the law.

In addition, defendants' proposed instruction states that "if the causal connection between the rating opinion and a plaintiff's investment loss instead is attenuated . . . plaintiff cannot establish fraud."  Defendants' proposed language risks confusing the jury as to what constitutes an "attenuated" connection, and is unnecessary.  Importantly, ***none of defendants' cited authority*** dictates instructing the jury in this confusing manner.  Neither the *Liberty Media* instructions nor any model instructions defendants cite mention their "attenuated" language. *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27); *Federal Jury Practice and Instructions- Civil*, §162.300 (5th ed. 2012) (10b-5).  The Court should simply adopt the widely used instruction plaintiffs have proposed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32H**

**Proximate Causation (Other Causes)**

In deciding whether the Cheyne SIV ratings were the proximate cause of a plaintiff's injury, you must consider whether there are factors other than the allegedly false ratings on the Cheyne SIV that caused that plaintiff's losses.

A defendant is not legally responsible for investment losses that are not proximately and directly caused by the alleged fraud. Therefore, a plaintiff may not recover for losses caused by other factors, such as changed economic circumstances, changed investor expectations, new industry- or firm-specific facts and/or conditions, a market wide disruption, and decisions made by third parties.

Each plaintiff bears the burden of separating the alleged fraud from any other factors that may have caused its losses, and the burden of proving by clear and convincing evidence that an identifiable proportion of its whole loss was caused by the alleged false or misleading statement. In other words, each plaintiff must prove by clear and convincing evidence that it would have been spared all or an ascertainable portion of its loss absent the alleged fraud.

A Rating Agency defendant is not liable for any loss resulting from factors other than those proved to have been caused by its Cheyne SIV ratings opinion. Therefore, each plaintiff must prove by clear and convincing evidence that some identifiable portion of its loss was caused directly and proximately by the alleged fraud, as distinct from other factors such as the financial crisis.

If you find that a plaintiff has not established by clear and convincing evidence that an identifiable proportion of its losses were caused by the alleged fraudulent ratings of the Cheyne SIV notes, rather than some other factor, you need proceed no further on that plaintiff's fraud claims.

AUTHORITY:    *Dura Pharmaceuticals, Inc.* v. *Broudo*, 544 U.S. 336, 342-43 (2005); *In re Flag Telecom Holdings, Ltd. Securities Litigation,* 574 F.3d 29, 36 (2d Cir. 2009);

*Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 174 (2d Cir. 2005); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 31); Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions-Civil*, § 120.64 (5th ed. 2012) (negligence); *New York Pattern Jury Instructions – Civil*, § 2.72 (Proximate Cause – Intervening Cause); *see also Lattanzio* v. *Deloitte & Touche LLP*, 476 F.3d 147, 18 (2d Cir. 2007); *In re Omnicom Group, Inc. Securities Litigation*, 541 F. Supp. 2d 546, 553-54 (S.D.N.Y. 2008) (Pauley, J.), *aff'd*, 597 F.3d 501 (2d Cir. 2010); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec., LLC*, 646 F. Supp. 2d 385, 403-04 (S.D.N.Y. 2009), *aff'd* 386 F. App'x 5 (2d Cir. 2010); *Laub v. Faessel*, 297 A.D.2d 28, 32 (1st Dep't 2002); *Movitz v. First Nat'l Bank of Chicago*, 148 F.3d 760, 762-64 (7th Cir. 1998).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32H

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32. In addition, plaintiffs object to Defendants' Proposed Jury Instruction No. 32H as confusing, duplicative, unduly prejudicial, legally incorrect and unnecessary to inform the jury of the law. Plaintiffs propose that Court use Plaintiffs' Proposed Jury Instruction No. 45, which properly instructs the jury on the issue of causation and tracks almost verbatim the model jury instructions. 3 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §§120:60 and 120:61 (6th ed. 2011).

Defendants' proposed instruction misstates the causation standard in multiple ways. First, defendants incorrectly state that the jurors "must consider whether there are factors other than the allegedly false ratings on the Cheyne SIV that caused that plaintiff's losses." In fact, plaintiffs need only present evidence "that would allow a factfinder to ascribe some rough proportion of the whole loss to [the defendant's alleged] misstatements." *King County v. IKB Deutsche Industriebank AG*, 708 F. Supp. 2d 334, 339 (S.D.N.Y. 2010). While defendants may argue at trial that "plaintiffs' losses were, in fact, caused entirely by an intervening event" (*Abu Dhabi*, 2012 WL 3584278, at *19), instructing the jury that they "must consider" whether other factors caused plaintiffs' losses is

- 91 -

simply wrong.  All the jury must consider is – as stated in plaintiffs' proposed instruction – whether defendants' act or failure to act was a substantial cause of the harm.

Defendants' instruction also improperly states that "each plaintiff must prove . . . that it would have been spared all or an ascertainable portion of its loss absent the alleged fraud."  This is a blatant misstatement of the law.  Plaintiffs in fact may prove their losses were (1) caused by the materialization of the risks concealed by the false ratings on the Cheyne SIV, namely, the poor quality of the Cheyne SIV's subprime assets and the Cheyne SIV's insufficient structural protections; and (2) within the "zone of risk" concealed by the false ratings.  *Abu Dhabi*, 2012 WL 3584278, at *19-*20.

Defendants' cited authority does not support their proposed instruction No. 32G.  Neither the *Liberty Media* instructions nor the Federal Model Instructions defendants cite contain the above language defendants improperly want read to the jury.  *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27); *Federal Jury Practice and Instructions- Civil*, §162.300 (5th ed. 2012) (10b-5).  The Court should simply adopt the widely used instruction plaintiffs have proposed.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32I

### Elements of Fraud: Actual and Justifiable Reliance – Peculiar Knowledge

During this first phase of trial, plaintiffs bear the burden of proof by clear and convincing evidence on the preliminary question of whether the subject of the representation was peculiarly within the knowledge of defendants.

The only alleged misrepresentations in this case are the credit ratings assigned by S&P and Moody's to the rated notes issued by the Cheyne SIV. The subject of those representations is the creditworthiness of the rated notes. It is accordingly for you to determine, in this phase of trial, whether plaintiffs have proven by clear and convincing evidence that the creditworthiness of the rated Cheyne SIV notes was a subject peculiarly within the knowledge of the defendants.

Generally, the more sophisticated a plaintiff, the less accessible the information must be to find that it was within a defendant's peculiar knowledge. The factors relevant to this inquiry include the plaintiff's (1) level of sophistication; (2) access to the information underlying the alleged misrepresentation; (3) expertise in financial and securities matters; (4) prior experience with the parties to the transaction; and (5) opportunity to ask questions or otherwise explore the transaction. A particularly sophisticated buyer will face a particularly high burden in proving that information about the subject of the representation is within defendants' peculiar knowledge. Thus, if you find that the plaintiffs were particularly sophisticated, they will face a particularly high burden in proving that information about the creditworthiness of the rated Cheyne SIV notes was a subject peculiarly within the knowledge of defendants.

AUTHORITY:    *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013) (Dkt. No. 572) (citing *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 971 (2d Cir. 1987) (plaintiffs "bear the burden of establishing each element of their fraud claims -including actual and

reasonable reliance by clear and convincing evidence")); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 536 (S.D.N.Y. 2012); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2012 WL 3584278, at *7, *10 (S.D.N.Y. Aug. 17, 2012); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, 2013 WL 837536, at *4 (S.D.N.Y. Mar. 6, 2013) ("the subject of the alleged misrepresentation – here actual credit-worthiness of the Rated Notes"); *id.* at *7 (identifying preliminary question as "whether or not the actual credit-worthiness of the Rated Notes is deemed within the peculiar knowledge" of defendants); *DIMON Inc. v. Folium, Inc.*, 48 F. Supp. 2d 359, 369 & n.55 (S.D.N.Y. 1999); *Schumaker v. Mather*, 133 N.Y. 590, 596 (1892).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32I

Plaintiffs incorporate by reference plaintiffs' objections to Defendants' Proposed Jury Instruction No. 32.  In addition, defendants' "Peculiar Knowledge" instruction is riddled with legal errors and inaccuracies that render it confusing, extremely misleading and unfairly prejudicial.  First, defendants assert that plaintiffs "bear the burden of proof by clear and convincing evidence on the preliminary question of [peculiar knowledge]."  Defendants are wrong.  While plaintiffs must prove every element of their fraud claim by clear and convincing evidence, New York law "does not recognize a separate due diligence element, much less one that must be independently proved by clear and convincing evidence." *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir. 1980).  Thus, the burden of proof on the peculiar knowledge question is "preponderance of the evidence," which is the standard that the jury is instructed to follow in answering the peculiar knowledge question in plaintiffs' First Phase Verdict Form.  Second, defendants erroneously frame the peculiar knowledge question by asking whether the "the creditworthiness of the rated Cheyne SIV notes was a subject peculiarly within the knowledge of defendants."  The Court held – consistent with the law in the Second Circuit – that peculiar knowledge question requires the jury to make "the preliminary determination of whether plaintiffs ***could*** have discovered the fraud . . . .."  *See* Feb. 25, 2013 Order

- 94 -

at 3 (emphasis in original).  Thus, whether the "creditworthiness of the of the Cheyne SIV notes" was a matter within the peculiar knowledge of defendants is confusing and misleading.  The question for the jury is whether investors could "have discovered the fraud through the exercise of reasonable diligence . . . ."  *Id.*  The fraud in this case is Moody's and S&P's false and misleading ratings: the ratings were based on inadequate, unreliable or obsolete data, models and assumptions, the ratings were unsupported by reasoned analysis, and the ratings were infected by conflicts of interest. Investors did not "enjoy access" to this information and, therefore, could not have discovered the fraud.[4]  Finally, the plaintiffs' sophistication is legally irrelevant to whether the information needed to uncover the truth is peculiarly within the knowledge of Moody's and S&P.  As this Court explained, the threshold question is whether investors "'enjoyed access' to the information that is the subject of the fraud claim."  *See* Feb. 25, 2013 Order at 5 n.13 (quoting *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 235 (2d Cir. 2006); Jan. 7, 2013 Hrg. Tr. at 35:12-16 ("[I]f in this case it could not have gotten at that which the rating agencies had peculiar access to, special access to, then it's over.  Then you have a right to rely on the ratings and nothing more about due diligence matters.").  According to the Second Circuit, therefore, a parties' sophistication is not relevant if a party lacks access to information needed to uncover the truth: "[M]ost importantly, *all* these cases [regarding investor sophistication] involved situations in which the relevant facts were easily accessible to the relevant party."  *See Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. 1997) (emphasis in original).  Thus, an investor's sophistication is relevant to assessing

---

[4]     Defendants also pretend that the peculiar knowledge of *all* defendants is relevant to the peculiar knowledge question.  In fact, the peculiar knowledge of Moody's and S&P – the two defendants in this action who are charged with fraud – are the only parties whose peculiar knowledge is relevant to the question.  Whether Morgan Stanley possessed peculiar knowledge is of no consequence to this question.

- 95 -

reasonable reliance *only if* the investor "enjoyed access" to the information needed to uncover the truth.  *See Crigger*, 443 F.3d at 235.

Plaintiffs propose that Court give Plaintiffs' Proposed Jury Instruction No. 43 as an alternative.  Plaintiffs' Proposed Instruction No. 43 carefully tracks the language in this Court's February 25, 2013 Order and the governing Second Circuit authority on this issue.

- 96 -

**AGREED UPON PROPOSED JURY INSTRUCTION NO. 33 (AGREED)**

**Right to See Exhibits and Hear Testimony**

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits will be given to you at the start of deliberations. If you want any of the testimony read, you may request that. Please remember that when you request testimony, the lawyers must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson with the time indicated, and given to one of the marshals in an envelope. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

AUTHORITY:     Docket No. 259-29, Instruction No. III.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34**

**Duty to Deliberate to Unanimous Verdict**

The most important part of this case is the part that you as jurors are now about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether each plaintiff has sustained its burden of proof as I have explained it to you with respect to each of its claims. If you find that a plaintiff has succeeded, you should return a verdict in that plaintiffs favor. If you find that any plaintiff has failed to sustain its burden on any element of a claim, you should return a verdict in favor of defendants as to that plaintiff on that claim. If you find in any plaintiff's favor, then we will proceed to the next phase of the trial.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues joined in this case and a true verdict render.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor of either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

- 98 -

Again each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

AUTHORITY:    Docket No. 259-29, Instruction No. III.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34

Plaintiffs once again object to defendants' Proposed Jury Instruction No. 34 in light of its reference to bifurcation.  Defendants' instruction includes the sentence, "If you find in any plaintiffs' favor, then we will proceed to the next phase of trial."  Defendants' proposed instruction clearly attempts to infer to the jurors that a verdict in defendants' favor on Phase I will end the trial and allow the jurors to conclude their service.  It is prejudicial and plaintiffs object for the reasons set forth in plaintiffs' objection to defendants' Proposed Jury Instruction No. 1, which is incorporated by reference herein.  Plaintiffs ask the Court to give Plaintiffs' Proposed Jury Instruction No. 47, which omits the offensive sentence, but is otherwise identical to defendants' Proposed Jury Instruction No. 34.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35 (AGREED)**

**Note Taking by Jurors**

I remind you that any notes you may have taken during trial are simply an aid to your memory.  Because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollections of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case.  Any difference between a juror's recollection and a juror's notes should always be settled by asking to have the court reporter's transcript on that point read back to you.  You must base your determination of the facts, and ultimately, your verdict on the court record rather than on any juror's notes.

AUTHORITY:   Docket No. 259-29, Instruction No. III.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36 (AGREED)**

**Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

AUTHORITY:   Docket No. 259-29, Instruction No. III.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37 (AGREED)**

**Return of Verdict**

I have given each of you a special verdict form. The purpose of the questions on the form is to help us – the Court, the attorneys, plaintiffs, and defendants – to understand what your findings are. No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion and, even if I had, it would not be binding on you.

Before the jury attempts to answer any question you should read the entire form and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you. Before you can record an answer, all jurors must agree to it; your answers must be unanimous. If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors; that is, the split of the vote, with respect to any question, to anyone, including the Court, at any time during your deliberation.

AUTHORITY:   Docket No. 259-29, Instruction No. III.E., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38 (AGREED)**

**Closing Comment**

Finally, I say this not because I think it is necessary but because it is the custom in this Courthouse: You should treat each other with courtesy and respect during your deliberation.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the Courtroom. I will stress that you should be in agreement with the verdict that is announced in Court. Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with counsel and the reporter at the side bar. I will ask you to remain patiently in the box, without speaking to each other, and we will return in just a moment to submit the case to you.

Thank you for your time and attentiveness.

AUTHORITY:        Docket No. 259-29, Instruction No. III.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 103 -

# C.        JURY CHARGE- PHASE II

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39**

**Fraud Phase II**

We have proceeded to Phase II.

During this phase, you must consider whether each plaintiff both (i) actually and (ii) reasonably and justifiably relied upon each Rating Agency defendant's ratings of the Cheyne Notes in deciding to invest in the Cheyne SIV notes.  If you find that a plaintiff actually and reasonably relied upon each Rating Agency defendant's ratings, you must then consider whether that plaintiff sustained damages as a result of the fraud.

I will now instruct you as to the meaning of each of these elements.

AUTHORITY:   Docket No. 259-29, Instruction No. III.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS); 3B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, §162:23 (5th ed. 2001).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 39**

Defendants erroneously include an instruction in the second phase that the jury must "consider" whether plaintiffs "reasonably and justifiably relied upon" Moody's and S&P's false ratings.  In fact, in its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations.  *Id.* at 5; *see Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing the duty of the party claiming fraud, according to whether the misrepresentations related to matters peculiarly within the other party's knowledge.  If so, the wronged party may rely on them without

- 105 -

further investigation.").  As a result, defendants' second phase instruction on reasonable reliance is improper unless the jury concludes that there was no peculiar knowledge.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**

**Elements of Fraud: Actual and Reasonable and Justifiable Reliance**

The third element of fraud requires each plaintiff to prove, by clear and convincing evidence, that it (i) actually and (ii) reasonably and justifiably relied on the alleged misstatement.

If you find that a plaintiff did not actually rely on the statement – here, the Cheyne SIV ratings -- or that a plaintiff did not reasonably and justifiably rely on the statement, then you need proceed no further on the fraud claim as to that plaintiff.

To establish actual reliance, each plaintiff must prove, by clear and convincing evidence, first, that it received and considered each Rating Agency defendant's rating of the Cheyne SIV prior to making its investment decision; and second, that the rating was a substantial factor in its decision to invest in the Cheyne SIV.

AUTHORITY:  *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud); *Lerner* v. *Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006); *Securities Investor Protection Corp.* v. *BDO Seidman, LLP*, 222 F.3d 63, 72 (2d Cir. 2000); *Banque Arabe et Internationale D'Investissement* v. *Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *14 (S.D.N.Y. Aug. 17, 2012); *Anglo-German Progressive Fund Ltd.* v. *Concorde Group, Inc.*, 2010 WL 3911490, at *6 (S.D.N.Y. Sept. 14, 2010) (Castel, J.); *Kosovich v. Metro Homes, LLC*, 2009 WL 5171737, at *6 (S.D.N.Y. Dec. 30, 2009) (Rakoff, J.); *Pension Committee of University of Montreal Pension Plan* v. *Banc of America Securities, LLC*, 592 F. Supp. 2d 608, 629, 639 (S.D.N.Y. 2009) (Scheindlin, J.); *American Financial International Group-Asia, L.L.C.* v. *Bennett*, 2007 WL 1732427, at *9-*10 (S.D.N.Y. June 14, 2007) (Lynch, J.); *Gabriel Capital, L.P.* v. *NatWest Finance, Inc.*, 177 F. Supp. 2d 169, 174 (S.D.N.Y. 2001) (Scheindlin, J.); *O'Dell* v. *Ginsberg*, 253 A.D.3d 544, 544 (2d Dep't 1998); *Stuart Silver Associates, Inc.* v. *Baco Development Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Federal Jury Practice and Instructions-Civil*, § 162.233 (5th ed.) (10b-5); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 40**

Defendants erroneously include a reasonable reliance instruction in their second phase jury instructions.  In fact, in its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations.  *Id.* at 5; *see Merrill Lynch & Co. Inc. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing the duty of the party claiming fraud, according to whether the misrepresentations related to matters peculiarly within the other party's knowledge.  If so, the wronged party may rely on them without further investigation.").  As a result, defendants' second phase instruction on reasonable reliance is improper unless the jury concludes that there was no peculiar knowledge.

- 108 -

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40A**

**Reasonable and Justifiable Reliance (Generally)**

If you find that a plaintiff relied on the ratings, then you must determine whether the plaintiff's reliance was reasonable and justifiable.  If you find that a plaintiff did not reasonably and justifiably rely on the Cheyne ratings, then you need proceed no further on the fraud claim as to that plaintiff.

Whether the investor's reliance on a statement is reasonable and justifiable generally depends upon whether the statement is one that a reasonable investor in the plaintiff's circumstances would believe and consider important in deciding whether to make such an investment.

AUTHORITY:     *Stuart Silver Associates Inc.* v. *Baco Development Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1004) (common law fraud); *New York Pattern Jury Instructions* – Civil, § 3.20, cmt. I.D.1. (common law fraud) (Circumstances to be considered in  determining whether justifiable  reliance existed include the knowledge  and experience of the plaintiff, its  relationship with the person making  the representation, and any disability of the plaintiff); *id.* cmt. I.D.2 ("Justification for acting on the representation does not  exist if the fact represented is not  material.  Generally, what is material is determined by whether a reasonable person would consider it of importance.").

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 40A**

Defendants erroneously include a reasonable reliance instruction in their second phase jury instructions.  In fact, in its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations.  *Id.* at 5; *see Merrill Lynch & Co. Inc. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing

- 109 -

the duty of the party claiming fraud, according to whether the misrepresentations related to matters

peculiarly within the other party's knowledge.  If so, the wronged party may rely on them without

further investigation.").  As a result, defendants' second phase instruction on reasonable reliance is

improper unless the jury concludes that there was no peculiar knowledge.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40B

### Reasonable and Justifiable Reliance (Sophistication)

Whether a plaintiff reasonably and justifiably relied on the ratings must be evaluated in the context of that plaintiff's sophistication, knowledge, experience, net worth, and the resources potentially at its disposal to investigate, as well as whether or not a relationship of trust or confidence existed between that plaintiff and the respective Rating Agency defendant.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3:20, cmt. I.D.1 (3d ed. 2011); *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 536 (S.D.N.Y. 2012).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40B

Defendants erroneously include a reasonable reliance instruction in their second phase jury instructions. In fact, in its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations. *Id.* at 5; *see Merrill Lynch & Co. Inc. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing the duty of the party claiming fraud, according to whether the misrepresentations related to matters peculiarly within the other party's knowledge. If so, the wronged party may rely on them without further investigation."). As a result, defendants' second phase instruction on reasonable reliance is improper unless the jury concludes that there was no peculiar knowledge.

- 111 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40C**

**Reasonable and Justifiable Reliance (Knowledge of True Facts)**

Reliance is not reasonable or justified where the investor claiming to have been deceived knew or had reason to know the facts.  The factors relevant to this inquiry include the buyer's (1) level of sophistication; (2) access to the information underlying the alleged misrepresentation; (3) expertise in financial and securities matters; (4) prior experience with the parties to the transaction; and (5) opportunity to ask questions or otherwise explore the transaction.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D. (common law fraud); *Crigger* v. *Fahnestock & Co.*, 443 F.3d 230, 234-35 (2d Cir. 2006); *Crigger* v. *Fahnestock & Co.*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1006) (common law fraud).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 40C**

Defendants erroneously include a reasonable reliance instruction in their second phase jury instructions.  In fact, in its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations. *Id.* at 5; *see Merrill Lynch & Co. Inc. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing the duty of the party claiming fraud, according to whether the misrepresentations related to matters peculiarly within the other party's knowledge.  If so, the wronged party may rely on them without further investigation.").  As a result, defendants' second phase instruction on reasonable reliance is improper unless the jury concludes that there was no peculiar knowledge.

- 112 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40D**

**Reasonable and Justifiable Reliance (Due Diligence) [If Finding of NO Peculiar Knowledge]**

Each plaintiff was required to do more than simply rely on S&P's and Moody's ratings. Specifically, each plaintiff had a duty to exercise ordinary diligence and conduct an independent appraisal of the risks it was undertaking before purchasing its Cheyne SIV Notes.

Reliance is not reasonable or justified when the plaintiff reasonably could have discovered the true facts with due diligence. Each plaintiff must show that it made use of the means available to it and that it could not access information that would have enabled it to learn the allegedly true facts. In other words, a plaintiff may not intentionally close its eyes and refuse to investigate the circumstances or disregard known or obvious risks that require further inquiry.

If you find that a plaintiff failed to use due care in determining whether to invest in the Cheyne SIV, you cannot find that the plaintiff reasonably and justifiably relied on each Rating Agency defendant's rating.   In other words, plaintiffs' claim for fraud must fail.

AUTHORITY:   *Banque Franco-Hellenique de Commerce  Intl. et Mar., S.A. v. Christophides*, 106  F.3d 22, 27 (2d Cir. 1997); *Bank of  America Corp.* v. *Lemgruber*, 385 F. Supp. 2d 200, 230 (S.D.N.Y. 2005) (Batts, J.); *Granite Partners, L.P.*  v. *Bear, Stearns & Co.*, 58 F. Supp. 2d  228, 259-60 (S.D.N.Y. 1999) (Sweet, J.); *HSH Nordbank AG* v. *UBS AG*, 95 A.D.3d 185, 197 (1st Dep't 2012); *Global Minerals & Metals Corp.* v. *Holme*, 35  A.D.3d 93, 100 (1st Dep't 2006); *Abrahami* v. *UPC Construction Co., Inc.*,  224 A.D.2d 231, 234 (1st Dep't 1996);  *Crigger* v. *Fahnestock & Co.*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.)  (Tr. of Charge to Jury at 1005 & 1006) (common law fraud); *Liberty  Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 26) (10b- 5).

**PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40D**

Plaintiffs object to Defendants' Proposed Jury Instruction No. 40D, which misstates the applicable law.  Plaintiffs request that the Court give Plaintiffs' Proposed Jury Instruction No. 2 from

- 113 -

Plaintiffs' Proposed Jury Instructions – Second Phase as an alternative to defendants' proposed instruction.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40E

**Reasonable and Justifiable Reliance (Due Diligence) [If Finding of Peculiar Knowledge]**

Under New York law, the fact that information may be peculiarly known to defendants does not end the reasonable reliance analysis.  Rather, a sophisticated investor who is on notice that it lacks information is under a further duty to protect itself from misrepresentation.   Such investors must either demand the withheld information or use other means to protect themselves from possible misrepresentations.   In assessing whether each plaintiff has proven reasonable reliance by clear and convincing evidence, you may consider whether such plaintiff discharged its duty to demand information not provided or took other steps to protect itself.

AUTHORITY:     *Lazard Freres & Co. v. Protective Life Insurance Co.*, 108 F.3d 1531, 1542-43 (2d Cir. 1997); *see also Century Pacific, Inc. v. Hilton Hotels Corp.*, 354 F. App'x 496, 498 (2d Cir. 2009) ("In *Lazard Freres*, we held that a sophisticated party could not show reasonable reliance notwithstanding . . . the fact that the alleged misrepresentation concerned a matter 'peculiarly within' the other party's knowledge."); *B. Lewis Productions., Inc. v. Angelou* , 2008 WL 1826486, at *7 (S.D.N.Y. Apr. 22, 2008) ("Even [when information is peculiarly within another party's knowledge], sophisticated business parties are charged with an additional duty to protect themselves . . . ."); *PPI Enterprises (U.S.), Inc. v. Monte Foods Co.*, 2003 WL 22118977, at *24 (S.D.N.Y. 2003) ("[T]he Second Circuit has noted that the fact that information may be peculiarly known to one entity does not end the [reasonable reliance] analysis in the case of sophisticated players.").

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40E

Defendants incorrectly assert that, "[u]nder New York law, the fact that information may be peculiarly known to defendants does not end the reasonable reliance analysis."  The lone case on which defendants rely for this proposition, *Lazard Freres*, 108 F.3d at 1542-43, cuts the other way.  In *Lazard Freres*, the Court determined that the party claiming that it lacked access to necessary information "***had been on notice***" of the contrary facts before it entered into the contract.  *Id.*

- 115 -

(emphasis added).  Here, on the other hand, if the jury finds peculiar knowledge, then plaintiffs by definition lacked critical information necessary to discover the fraud.

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40F

**Reasonable and Justifiable Reliance (Disclaimers/Disclosures) [If finding of NO peculiar knowledge]**

Reliance is not reasonable or justified where an offering document, contract, or both, agreed to by a plaintiff contains a clause that specifically disclaims a statement as to the matter allegedly relied on or discloses the fact allegedly concealed by the Cheyne ratings.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D.1. (3d ed. 2011) (common law fraud) ("As a matter of law, justifiable reliance cannot exist between the parties to a contract containing a clause that specifically disclaims a representation as to the matter allegedly relied on."); *Dallas Aerospace, Inc.* v. *CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir. 2003); *HSH Nordbank A.G.* v. *UBS A.G.*, 95 A.D.3d 185, 204-06 (1st Dep't 2012); *MBIA Insurance Corp.* v. *Merrill Lynch*, 81 A.D.3d 419, 419 (1st Dep't 2011); *Burroughs Corp.* v. *Datacap, Inc.*, 124 A.D.2d 622, 622 (2d Dep't 1986).

### PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40F

Defendants' instruction regarding disclaimers affecting reasonable reliance where there is peculiar knowledge is legally incorrect. As an initial matter, if the jury finds peculiar knowledge, then there is no inquiry into whether the plaintiffs reasonably relied. In its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations. *Id.* at 5; *see Merrill Lynch & Co. Inc. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing the duty of the party claiming fraud, according to whether the misrepresentations related to matters peculiarly within the other party's knowledge. If so, the wronged party may rely on them without further investigation."). Further, defendants' instruction is premised on the false claim that plaintiffs "agreed" to the offering

memorandum: "where an offering document, contract, or both is agreed to by a plaintiff."  At the February 26, 2013 telephonic hearing, defense counsel characterized the disclaimers in the offering memoranda as "an agreement by the parties not to rely on anything that was said."  Feb. 26 2013 Hrg. Tr. at 19:4-7.  The Court responded: "I don't know that it's an agreement at all.  It is the statement that Morgan Stanley makes in its information memoranda, and it's just unilaterally imposed . . . ."  *Id.* at 19:8-11.  Because defendants' instruction is premised on an incorrect factual assertion, it is misleading and unfairly prejudicial.

821998_1

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40G

### Reasonable and Justifiable Reliance (Disclaimers/Disclosures) [If finding of peculiar knowledge]

Reliance is not reasonable or justified where an offering document, contract, or both, agreed to by a plaintiff discloses the fact allegedly concealed by the Cheyne ratings.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.D.1. (3d ed. 2011) (common law fraud) ("As a matter of law, justifiable reliance cannot exist between the parties to a contract containing a clause that specifically disclaims a representation as to the matter allegedly relied on."); *Dallas Aerospace, Inc.* v. *CIS Air Corp.*, 352 F.3d 775, 785 (2d Cir. 2003); *HSH Nordbank A.G.* v. *UBS A.G.*, 95 A.D.3d 185, 204-06 (1st Dep't 2012); *MBIA Insurance Corp.* v. *Merrill Lynch*, 81 A.D.3d 419, 419 (1st Dep't 2011); *Burroughs Corp.* v. *Datacap, Inc.*, 124 A.D.2d 622, 622 (2d Dep't 1986).

### PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40G

Defendants' instruction regarding disclaimers affecting reasonable reliance where there is peculiar knowledge is legally incorrect. As an initial matter, if the jury finds peculiar knowledge, then there is no inquiry into whether the plaintiffs reasonably relied. In its February 25, 2013 Order, the Court held that, if the jury determines that Moody's and S&P possessed peculiar knowledge in the first phase, the jury will be asked in the second phase to determine only "the relatively simple question of whether plaintiffs actually relied" on defendants' misrepresentations. *Id.* at 5; *see Merrill Lynch & Co. Inc.* v. *Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007) ("New York authority follows a two-tier standard in assessing the duty of the party claiming fraud, according to whether the misrepresentations related to matters peculiarly within the other party's knowledge. If so, the wronged party may rely on them without further investigation."). Further, defendants' instruction is premised on the false claim that plaintiffs "agreed" to the offering memorandum: "where an offering document, contract, or both is agreed to by a plaintiff." At the

- 119 -

February 26, 2013 telephonic hearing, defense counsel characterized the disclaimers in the offering memoranda as "an agreement by the parties not to rely on anything that was said."  Feb. 26 2013 Hrg. Tr. at 19:4-7.  The Court responded: "I don't know that it's an agreement at all.  It is the statement that Morgan Stanley makes in its information memoranda, and it's just unilaterally imposed . . . ."  *Id.* at 19:8-11.  Because defendants' instruction is premised on an incorrect factual assertion, it is misleading and unfairly prejudicial.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40H**

**Reasonable and Justifiable Reliance (Materiality)**

Reliance is not reasonable or justified if the fact represented is not material.

A statement is considered to be material if there is a substantial likelihood that a reasonable investor would view the fact as significantly altering the total mix of information available.

Whether a statement is material is based on the circumstances as they existed at the time the statement was made.

AUTHORITY:     *New York Pattern Jury Instructions – Civil*, § 3:20, cmt. I.D.2. (3d ed. 2011) (common law fraud); *Boca Raton Firefighters & Police Pension Fund* v. *Bahash*, 2012 WL 6621391 (2d Cir. Dec.  20, 2012); *Muller-Paisner* v. *TIAA*, 289 F. App'x 461, 463-64 (2d Cir. 2008); *Merrill Lynch & Co. Inc.* v. *Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007); *Ganino* v. *Citizens Utilities Co.*, 228 F.3d 154, 165 (2d Cir. 2000); *New York University* v. *Continental Insurance Co.*, 87 N.Y.2d 308, 318 (1995); *State of New York* v. *Rachmani Corp.*, 530 N.Y.S.2d 58 (1988); *2 Fifth Ave. Tenants Assoc.* v. *Abrams*, 583 N.Y.S.2d 466 (1st Dep't 1992); *see also*; *Jay Dees Inc.* v. *Defense Technology Systems, Inc.*, 2009 WL 1635447 (S.D.N.Y. Apr. 28, 2009) (Zilly, J.) (Court's Instruction No. 12A) (10b-5); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 23, at 26) (10b-5).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 40H**

Plaintiffs object to defendants' instruction.  Plaintiffs request that the Court give Plaintiffs' Proposed Jury Instruction No. 1 from Plaintiffs' Proposed Jury Instructions – Second Phase , only if the jury returns a verdict in Phase I, finding that defendants had peculiar knowledge.  If the jury finds no peculiar knowledge, the concept of materiality is embodied in plaintiffs proposed instruction regarding reasonable reliance.

821998_1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41**

**Elements of Fraud: Damages as a Result of Fraud**

The <u>fifth</u> and final element of fraud requires that each plaintiff prove, by clear and convincing evidence, that it suffered damages as a result of the fraud.

If you find that any plaintiff did not sustain any damage as a result of the fraud, you need proceed no further on that plaintiff's fraud claim.

AUTHORITY:   *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 28, at 36) (10b-5); *New York Pattern Jury Instructions –Civil*, § 3:20 (3d ed. 2011) (common law fraud).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 41**

Plaintiffs request that the Court give Plaintiffs' Proposed Jury Instruction Nos. 4-5 from Plaintiffs' Proposed Jury Instructions – Second Phase as an alternative to defendants' proposed instructions.

821998_1

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41A

**Damages as a Result of Fraud (Determination of Actual Monetary Loss)**

If you find that a plaintiff did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained.

You should consider the following instructions only if you have found a Rating Agency defendant liable on a plaintiff's fraud claim.

Please note that just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not either Rating Agency defendant should be held liable. That is for you to decide on the evidence presented and the rules of law I have given you.  If you decide that a plaintiff is not entitled to recover from either Rating Agency defendant, you need go no further with respect to the fraud claims.  I am instructing you on damages only so that you will have guidance should you decide that a plaintiff is entitled to recovery.

If a plaintiff succeeds in its fraud claim, it may seek to recover only its out-of-pocket losses.  Each plaintiff has the burden of proving its damages by clear and convincing evidence.  Any damages you award must have a reasonable basis in the evidence and may not be based on speculation or guess work.  While damages need not be proven with mathematical certainty, there must be enough evidence for you to make a reasonable estimate of damage.  Only a plaintiff's proven actual losses are recoverable.

The out-of-pocket measure of damages seeks to compensate a plaintiff for its loss by returning it to the position it occupied before the fraud.  In this case, the measure of a plaintiff's out-of-pocket damages is the total amount of its investment, less any payments received by that plaintiff.

You must deny recovery where it would leave a plaintiff in a better position than plaintiff would have been in absent the fraud.  Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize a Rating Agency defendant.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20 (3d ed. 2011) (common law fraud); *id.* cmt. I.H.; *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Keenan, J.) (Tr. of Charge to Jury at 1012-13) (common law fraud); *see also Continental Casualty Co.* v. *PricewaterhouseCoopers, LLP*, 15 N.Y.3d 264, 271 (2010); *Lama Holding Co.* v. *Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996); *Owens* v. *Barriger*, 08 Civ. 8414 (S.D.N.Y. Jan. 25, 2012) (Castel, J.) (Trial Tr. at 219) (common law fraud).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41A

Plaintiffs object to defendants' Proposed Jury Instructions – Second Phase, No. 41A as confusing, unfairly prejudicial and misleading to the jury.  Defendants' superfluous "guidepost" language regarding whether the jury need calculate damages at all is unnecessary and prejudicial, as the jury's specific charge will be contained in the verdict form.   Plaintiffs' Proposed Jury Instructions – Second Phase, No. 4, by contrast, clearly sets forth duties of the jury and follows the New York pattern instructions.  2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012).

Accordingly, the Court should reject Defendants' Proposed Jury Instructions – Second Phase, No. 41A.  The Court should instead adopt Plaintiffs' Proposed Jury Instructions – Second Phase, Nos. 4 and 5, which properly instructs the jury as to reliance in Phase II with the proper standard for damages.

- 124 -

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41B

### Damages as a Result of Fraud (Mitigation)

In calculating the proper amount of compensatory damages, you must consider a Plaintiff's efforts to mitigate its damages after learning of its injury.

As a general rule, an injured party cannot recover for damages that reasonable diligence on its part could have prevented.  The law requires a party claiming injury to make a reasonable effort to minimize any damages.  If such reasonable effort is not made, the plaintiff will be barred from recovering those damages which result from its failure to do so.

Likewise, if an injured party allows the damages to be unnecessarily enhanced, the incurred loss justly falls upon him.

Therefore, if you find that a Plaintiff failed to use proper efforts to take necessary measures after learning of its injury in order to minimize its damages, you must not award that Plaintiff those damages which could have been prevented, or any damages that were enhanced by the Plaintiff's failure to mitigate.

AUTHORITY:   *Hamilton v. McPherson*, 28 N.Y. 72, 76 (1863) (An "injured part[y] c[an] recover nothing for damages, which, by reasonable diligence on [its] part, could have been prevented. . . .  The law for wise reasons, imposes upon a party subjected to injury. . . the active duty of making reasonable exertions to render the injury as light as possible.  Public interest  and sound morality accord with the law in  demanding this; and if the injured party,  through negligence or willfulness, allows the damages to be unnecessarily  enhanced, the increased loss justly falls  upon him."); *New York Pattern Jury Instructions –Civil* § 2:325 (3d ed. 2011) (Negligence Damages – Mitigation – General Principles); *Novko* v. *State*, 285 A.D.2d 696, 697 (3d Dep't 2001); *see also Technest Holdings, Inc.* v. *Deer Creek Fund LLC*, 2008 WL 3449941, at *18 (S.D.N.Y. Aug. 12, 2008); *Vogt* v. *Abish*, 663 F. Supp. 321, 324 (S.D.N.Y. 1987); *Fournier* v. *Services for Undeserved, Inc.*, 742 N.Y.S.2d 471, 472 (Sup. Ct. App. Term 2002).

- 125 -

### PLAINTIFFS' OBJECTION TO DEFENDANTS'
### PROPOSED JURY INSTRUCTION NO. 41B

Plaintiffs object to defendants' Proposed Jury Instructions – Second Phase, No. 41B as misstating the law, unfairly prejudicial and misleading to the jury. Under New York law, the burden is upon the defendant to prove that the plaintiff failed to mitigate damages, and how such efforts would mitigate any loss. *LaSalle Bank NA v. Nomura Asset Capital Corp.*, 72 A.D.3d 409, 411, 899 N.Y.S.2d 15 (N.Y. App. Div. 2010) ("[the defendant] must prove 'not only that [the plaintiff] failed to make diligent efforts to mitigate. . . but also the extent to which such efforts would have diminished plaintiff's damages'"). Defendants' Proposed Jury Instructions – Second Phase, No. 41B, fails to instruct the jury on the fact that defendants' have the burden of proving (1) whether plaintiffs made a sufficient effort to mitigation; (2) what the proper scope of mitigation was under the facts; and (3) by how much such mitigation would have reduced that plaintiff's damages. *Id.*

Moreover, there is absolutely no evidence in the record to support a finding that defendants can meet their burden of proving plaintiffs could have mitigated their damages. For example, defendants' own damages expert (if his opinion is admitted at all) had "no opinion" on whether plaintiffs should have mitigated their damages (Grenadier Tr. 183:7-10), whether they could have done so (*id.*) and admitted that he had "no basis" to opine that they were even permitted to do so by their investment guidelines. Grenadier Tr. 187:15-188:14. Therefore, the Court should not instruct on the issue of mitigation, as where a defendant fails to present sufficient evidence demonstrating plaintiff's ability to mitigate, the court need not instruct the jury on mitigation. *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 492 (2d Cir. N.Y. 1985) (affirming a district court's entry of a directed verdict on damages where "the burden was on defendant to prove the scope of the possible mitigation and that defendant had failed to introduce evidence [at trial] sufficient to carry this

- 126 -

burden").  As such, plaintiffs object to any instruction on the issue of mitigation until defendants have presented some evidence that would enable them to carry their burden.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42**

**Aiding and Abetting**

Plaintiffs' second claim is against Morgan Stanley for aiding and abetting fraud.  You should consider this claim only if you find that Moody's or S&P is liable to one or more of the Plaintiffs for fraud.

In order to recover for aiding and abetting fraud, each Plaintiff must prove by clear and convincing evidence the existence of an underlying fraud by each Rating Agency defendant, actual knowledge of each fraud on the part of Morgan Stanley, substantial assistance by Morgan Stanley with an intent to advance the commission of the fraud of each Rating Agency defendant, and that the actions of Morgan Stanley (as distinct from the actions of others) proximately caused each plaintiff's losses.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2012 WL 3584278, at *5, 22-23 (S.D.N.Y. Aug. 17, 2012); *King Cnty. v. IKB Deutsche Industriebank AG*, 751 F. Supp.2d 652, 664-65 (S.D.N.Y. 2010); *Williams v. Sidley Austin Brown & Wood, L.L.P.*, 832 N.Y.S.2d 9 (1st Dep't 2007); *P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V.*, 754 N.Y.S.2d 245 (1st Dep't 2003); *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d (1st Dep't 1996); *Stevenson Equip., Inc. v. Chemig Constr. Corp.*, 565 N.Y.S.2d 318 (3d Dep't 1991).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 42**

As a preliminary matter, the jury should decide in the first phase whether Morgan Stanley provided substantial assistance to advance the fraud's commission and had knowledge of the fraud. The Court held that "Phase I will address the issues of falsity, scienter, [and] loss causation . . . ." Feb. 25, 2013 Order at 5 (Phase II will consist only of reliance and damages).  Thus, evidence

supporting Morgan Stanley's scienter and substantial assistance will be adduced during the first phase, and the jury should decide those issues at that time.  Not surprisingly, Morgan Stanley provides no explanation or support for its placement of the aiding and abetting instruction in the second phase.  Furthermore, in addition to the separate "knowledge" element of aiding and abetting, defendants have incorrectly grafted a second "intent" requirement into the substantial assistance element: "Plaintiff must prove . . . substantial assistance by Morgan Stanley *with an intent* to advance the commission of the fraud . . . ."  This is not the law.  "The 'substantial assistance' requirement is satisfied where 'a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach [or fraud] to occur.'"  August 17, 2012 Order at 20 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006) (internal quotation marks omitted).  No intent is required for this element.  Finally, defendants' instruction that aiding and abetting requires proof of an underlying fraud is unnecessary and confusing.  The requirement of an underlying fraud can easily be taken into account through the order and structure of the verdict form, and instructing the jury of this requirement confers no benefit while risking confusion.

- 129 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42A**

**Aiding and Abetting: Existence of the Underlying Fraud**

Each plaintiff must prove, by clear and convincing evidence, that each of the Rating Agencies is liable for fraud, based on all of the instructions that I have just given you regarding the fraud claim.  If you find that any plaintiff has failed to establish any element of its fraud claim as to a Rating Agency defendant by clear and convincing evidence, then that plaintiff has no claim against Morgan Stanley for aiding and abetting.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2012 WL 3584278, at *5, 22-23 (S.D.N.Y. Aug. 17, 2012); *King Cnty. v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 664-65 (S.D.N.Y. 2010); *Williams v. Sidley Austin Brown & Wood, L.L.P.*, 832 N.Y.S.2d 9 (1st Dep't 2007); *P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V.*, 754 N.Y.S.2d 245 (1st Dep't 2003); *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d (1st Dep't 1996); *Stevenson Equip., Inc. v. Chemig Constr. Corp.*, 565 N.Y.S.2d 318 (3d Dep't 1991).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 42A**

Defendants' instruction that aiding and abetting requires proof of an underlying fraud is unnecessary and confusing.  The requirement of an underlying fraud can easily be taken into account through the order and structure of the verdict form, and instructing the jury of this requirement confers no benefit while risking confusion.

- 130 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42B**

**Aiding and Abetting: Actual Knowledge**

Each plaintiff must also prove by clear and convincing evidence that Morgan Stanley had actual knowledge that the rating agencies were engaged in fraud. This requires clear and convincing evidence that Morgan Stanley had actual knowledge that (1) the credit ratings were objectively false or misleading with respect to the underlying subject matter they address at the time that they were issued; (2) that S&P and Moody's did not genuinely or honestly hold the opinions reflected by the credit ratings that they respectively issued for the Cheyne SIV at the time those ratings were issued; and (3) that each Rating Agency defendant issued its credit rating on the Cheyne SIV notes with a fraudulent purpose of inducing each plaintiff to invest in the Cheyne SIV notes.

The requirement of actual knowledge is a high bar. To show actual knowledge, it is not enough that Morgan Stanley "should have known" of the existence of a fraud or ignored "red flags" or obvious warning signs of that the rating agencies were acting fraudulently.

AUTHORITY:   *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2012 WL 3584278, at *3, 22-23 (S.D.N.Y. Aug. 17, 2012).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 42B**

Defendants' instruction on the "knowledge" element of aiding and abetting is legal incorrect, confusing and unfairly prejudicial. "In reinstating plaintiffs' aiding and abetting claims in *Abu Dhabi*, the [Court] found sufficient allegations of Morgan Stanley's actual knowledge of the underlying fraud where plaintiffs pled that Morgan Stanley: knew the credit ratings were false; possessed actual information that contradicted the high ratings that the SIV had received; knew the ratings process was flawed; knew the portfolio was not a safe, stable investment; and knew the

- 131 -

Rating Agencies could not issue an objective rating because of the effect it would have on their compensation." *King Cnty. v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 664 (S.D.N.Y. 2010).  Thus, aiding and abetting requires proof that Morgan Stanley knew that ratings assigned to the Cheyne SIV notes were false and misleading.  Defendants' instruction, however, contains an additional element: proof that Morgan Stanley ***knew*** that the rating agency defendants ***knew*** of the fraud.  The Court has already rejected this specious statement of the law: "Defendant argues that plaintiffs must plead that Morgan Stanley had actual knowledge 'that the [R]ating [A]gencies did not hold the opinions expressed by the ratings and were issuing those ratings fraudulently.'  ***I find defendant's semantic argument unpersuasive***." *Id*.  For the same reason, aiding and abetting liability does not require proof that Morgan Stanley knew that rating agency defendants' ratings were issued for the purpose of inducing plaintiffs to invest.  Defendants' final paragraph – instructing the jury that "actual knowledge is a high bar" and that red flags are insufficient – is unnecessary and confusing.  The requirements for proof of knowledge are set forth in a separate jury instruction, entitled "Proof of Knowledge or Intent," which sets forth what is and is not required to prove knowledge.  Defendants' inflammatory statements that proof of knowledge is a "high bar" do not help the jury, but they certainly will confuse the jury and prejudice plaintiffs.

- 132 -

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42C**

**Aiding and Abetting: Substantial Assistance**

Plaintiffs must also demonstrate by clear and convincing evidence that an agent or employee of Morgan Stanley with actual knowledge of the alleged fraud of a Rating Agency defendant provided substantial assistance with a purpose to advance the commission of the fraud by that Rating Agency defendant.

To satisfy this requirement, plaintiffs must demonstrate by clear and convincing evidence that Morgan Stanley affirmatively assisted or helped conceal the fraud.

Mere inaction on the part of Morgan Stanley does not constitute substantial assistance.

AUTHORITY:   *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, -- F. Supp. 2d –, 2012 WL 3584278, at *5, 15 (S.D.N.Y. Aug. 17, 2012) (Scheindlin, J.) ("[T]he mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006)); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, Order, Dkt. No. 404, referring to *King County*, 863 F. Supp. 2d 288, 314 (S.D.N.Y. 2012) ("[T]he relationship between the parties is too attenuated to give rise to a fiduciary duty.").

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 42C**

As a preliminary matter, the jury should decide in the first phase whether Morgan Stanley provided substantial assistance to advance the fraud's commission and had knowledge of the fraud. The Court held that "Phase I will address the issues of falsity, scienter, [and] loss causation . . . ." Feb. 25, 2013 Order at 5 (Phase II will consist only of reliance and damages). Thus, evidence supporting Morgan Stanley's scienter and substantial assistance will be adduced during the first phase, and the jury should decide those issues at that time. Not surprisingly, Morgan Stanley provides no explanation or support for its placement of the aiding and abetting instruction in the

second phase.  Furthermore, in addition to the separate "knowledge" element of aiding and abetting, defendants have incorrectly grafted a second "intent" requirement into the substantial assistance element: "Plaintiff must prove . . . substantial assistance by Morgan Stanley ***with an intent*** to advance the commission of the fraud . . . ."  This is not the law.  "The 'substantial assistance' requirement is satisfied where 'a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach [or fraud] to occur.'"  August 17, 2012 Order at 20 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 295 (2d Cir. 2006) (internal quotation marks omitted).  No intent is required for this element.  Finally, defendants' instruction that aiding and abetting requires proof of an underlying fraud is unnecessary and confusing.  The requirement of an underlying fraud can easily be taken into account through the order and structure of the verdict form, and instructing the jury of this requirement confers no benefit while risking confusion.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42D

### Aiding and Abetting: Proximate Cause

Finally, to establish its aiding and abetting claim, each plaintiff must prove by clear and convincing evidence that the actions of Morgan Stanley proximately caused the harm it suffered as a result of the fraud.

To meet its burden a plaintiff must prove, by clear and convincing evidence, that the actions of Morgan Stanley were a substantial factor contributing to that Plaintiff's investment's actual loss or decline in value. If the connection between what Morgan Stanley did to aid and abet the fraud and a plaintiff's investment loss is attenuated, or if a plaintiff fails to demonstrate that the actions by Morgan Stanley were a substantial contributing factor to its investment's actual loss, that plaintiff cannot establish aiding and abetting fraud.  It is not enough in that regard to show that the allegedly false credit ratings caused plaintiffs' losses.  Rather, for this claim, plaintiffs must show that their losses were proximately caused by Morgan Stanley's actions.

AUTHORITY:    *New York Pattern Jury Instructions – Civil*, § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud) (requiring that the plaintiff must prove that the "aiding and abetting party proximately caused the harm on which the  primary liability is based"); *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions-Civil*, § 162.300 (5th ed. 2012) (10b-5); *see also King County, Washington v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 665, n. 9 (S.D.N.Y. 2010) ("[W]ith respect to the aiding and abetting fraud claim, '[p]roximate cause exists where defendant's actions were a substantial factor in the sequence of responsible causation, and plaintiffs' injury was reasonably foreseeable or anticipated as a natural consequence.") (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 284); *Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 470 (S.D.N.Y. 2001).

- 135 -

**PLAINTIFFS' OBJECTION TO DEFENDANTS'**
**PROPOSED JURY INSTRUCTION NO. 42D**

Defendants' instruction incorrectly instructs the jury that it must find that Morgan Stanley caused plaintiffs' losses.  In this case, the jury will already be asked to determine whether the underlying fraud proximately caused plaintiffs' losses.  If the jury finds that the fraud proximately caused plaintiffs' losses, then Morgan Stanley's substantial assistance in that fraud was also a proximate cause of plaintiffs' losses.  Further, contrary to defendants' instruction, substantial assistance and causation are interrelated and should not be contained in separate instructions as defendants have done here.  *In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 253 (S.D.N.Y. 2011) ("At least with respect to an aiding and abetting fraud claim, the 'substantial assistance' and 'causation' elements are interrelated – '[w]hether the assistance is substantial or not is measured . . . by whether the action of the aider and abettor proximately caused the harm on which the primary liability is predicated.'").

- 136 -

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43

### Elements of Negligent Misrepresentation

ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim also bring a claim is for negligent misrepresentation against Morgan Stanley.

In order for these plaintiffs to establish a claim for negligent misrepresentation, each must prove by clear and convincing evidence:

1.      that Morgan Stanley owed an exceptional duty of care to each of these plaintiffs as a result of a special relationship of trust and confidence, and that Morgan Stanley expected that each of these plaintiffs was relying on Morgan Stanley with respect to the ratings of the Cheyne SIV;

2.      that Morgan Stanley provided each of these plaintiffs with false ratings that in the exercise of reasonable care Morgan Stanley should have known were false, while omitting non-public facts that it knew would undercut the ratings;

3.      that each of these plaintiffs reasonably and justifiably relied on the credit ratings in deciding to purchase the Cheyne SIV notes and reasonably and justifiably relied on Morgan Stanley to provide non-public information possessed by Morgan Stanley that would undercut the ratings; and

4.      that each of these plaintiffs suffered a financial loss caused by its reliance on the misrepresentation.


AUTHORITY:      *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d  775, 788 (2d Cir. 2003); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *Murphy v. Kuhn*, 660 N.Y.S.2d 371, 373 (1997); *Kimmell v. Schaefer*, 652 N.Y.S.2d 715, 719- 720 (1996); *Ossining Union Free Sch. Dist. v. Anderson  LaRocca Anderson*,  541 N.Y.S.2d 335, 339 (1989); *New York  Pattern Jury Instructions – Civil*, § 2.230 (3d ed. 2011) (negligent  misrepresentation); *id.* § 2.10 cmt. I. (negligence); *Abu Dhabi Commercial  Bank v. Morgan Stanley & Co. Inc.*, --- F. Supp. 2d --, 2012 WL 4762039 (S.D.N.Y. Oct. 5, 2012; **Burden of Proof**: *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) (Scheindlin, J.) ("New York's high standard

of 'clear and convincing' proof applies to actions for negligent misrepresentation as well as actions for intentional fraud."); *King County, Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304, 311 (S.D.N.Y. 2012) (Scheindlin, J.); *Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 93 (S.D.N.Y. 1997) (Scheindlin, J.); *Allen v. Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 284-85 (S.D.N.Y. 1997) (Scheindlin, J.); *see also Watson v. Riptide Worldwide, Inc.*, 2013 WL 417372, at *4 (S.D.N.Y. Feb. 4, 2013) (negligent misrepresentation is a "type of fraud"); *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *12 (S.D.N.Y. Feb. 23, 2012) (same); *Lewis v. Rosenfeld*, No. 00 CIV. 5368, 2002 WL 441185, at *5 (S.D.N.Y. Mar. 20, 2002) (negligent misrepresentation is a "species of fraud") (Scheindlin, J.); *Official Comm. Of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 2002 WL 362794, at *16 (S.D.N.Y. Mar. 6, 2002) (same).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43

Plaintiffs object to Defendants' Instruction No. 43.  As an initial, defendants' misstate the applicable burden of proof with respect to negligent misrepresentation.  Contrary to Defendants' Proposed Jury Instruction – Second Phase, No. 43, plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence." *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3160, 104 L. Ed. 2d 1023 (1989) (distinguishing fraud from dishonesty and stating, "dishonesty need be proven merely by a 'preponderance' of the evidence.'"); *Johnston v. Norton*, 886 F. Supp. 403, 404 (S.D.N.Y. 1995) ("Under New York law . . . [p]laintiffs bear the burden of proving negligent misrepresentation by a preponderance of the evidence."); *Murray v. Xerox Corp.*, 811 F.2d 118, 121 (2d Cir. 1987) (applying preponderance standard to fraudulent misrepresentations); *Republic of Benin v. Mezei*, 2011 WL 4373921 (S.D.N.Y. Sept. 20, 2011) ("A claim for negligent misrepresentation must be proven by the claimant by a preponderance of the evidence"). *See also* Plaintiffs' Responses and Objections to Defendants' Proposed Jury Instruction – First Phase, No. 6.

Moreover, there is no requirement that plaintiffs establish that Morgan Stanley owed them an "exceptional" duty of care, only that Morgan Stanley "had a duty to provide plaintiffs with accurate information, and that it breached its duty by providing inaccurate ratings generated by the rating agency defendants." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2012 WL 4762039, No. 08 Civ. 7508 (S.D.N.Y. Oct. 5, 2012). Such a duty is established with evidence that Morgan Stanley sought to induce plaintiffs into purchasing the Cheyne SIV notes by making certain statements or providing plaintiffs with specific information with the intent that plaintiffs rely on those statements or information. *Id.* (citing *Century Pac., Inc. v. Hilton Hotels Corp.*, No. 03 Civ. 8258, 2004 WL 868211, at *8 (S.D.N.Y. Apr. 21, 2004); *see also Kimmell v. Schaefer*, 89 N.Y.2d 257, 264-65, 652 N.Y.S.2d 715 (1996). Morgan Stanley's attempt to insert the term "exceptional" is legally incorrect, confusing, and would prejudice plaintiffs.

Further, Morgan Stanley misstates the relevant state of mind for negligent misrepresentation. Plaintiffs must only show that "Morgan Stanley negligently conveyed to them ratings that it had **reason to believe** were inaccurate or deeply flawed, omitting facts that would expose the flaws in the ratings." *Abu Dhabi*, 2012 WL 4762039, at *3.

In addition, Morgan Stanley's inclusion "reasonable" and "justifiable" reliance in the reliance portion of their negligent misrepresentation instruction is legally incorrect. Rather, "[t]he proper test of reliance in a fraud case is not 'reasonable' reliance, it is 'justifiable' reliance, a clearly less burdensome test." *Gordon & Co. v. Ross*, 84 F.3d 542, 546 (2d Cir. 1996). While case law at times states the test as "reasonable" reliance, including the requirement that reliance be **both** reasonable **and** justifiable is misleading, confusing, contrary to law, and would prejudice plaintiffs by suggesting that the standard for reliance is more onerous than legally required. In fact, defendants' own authority, *Banque Arabe et Internationale D'Investissement v. Maryland National Bank*, 57

- 139 -

F.3d 146, 156 (2d Cir. 1995), cited in the reliance portion of defendants' fraud jury instruction,

provides that plaintiffs' reliance be "reasonable *or* justifiable."

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43A**

**Negligent Misrepresentation: Duty**

The <u>first</u> element of negligent misrepresentation requires each of these plaintiffs to prove by clear and convincing evidence that Morgan Stanley owed an exceptional duty of care to that plaintiff as the result of a special relationship of trust and confidence, and that Morgan Stanley expected that such plaintiff was relying on Morgan Stanley with respect to the ratings of the Cheyne SIV.

To establish this element, each of these plaintiffs must prove, by clear and convincing evidence, that it had a special relationship of trust and confidence, tantamount to that of a fiduciary, with Morgan Stanley.

An ordinary, arms-length commercial relationship is insufficient and does not give rise to a duty of care. Rather, each of these plaintiffs must establish that it had a relationship with Morgan Stanley involving a closer degree of trust and confidence than an ordinary commercial transaction, such that it would be reasonable and justifiable for that plaintiff to rely on Morgan Stanley to ensure the accuracy of information it provided to that plaintiff.

In considering whether such a duty was owed by Morgan Stanley, it is appropriate to consider the sophistication and investment experience of plaintiffs as well as the express disclaimers contained in the offering materials. A special relationship cannot be established in a commercial transaction if the defendant disclaimed the duty a plaintiff claims it was owed.

If you find that Morgan Stanley did not have a special relationship of trust and confidence with a plaintiff, you need proceed no further on that plaintiff's negligent misrepresentation claim. [Likewise, if you find that Morgan Stanley did not directly communicate with a plaintiff concerning the Cheyne SIV notes, Morgan Stanley cannot have had the necessary special relationship with that plaintiff, and you will proceed no further on that plaintiff's negligent misrepresentation claim.]

- 141 -

AUTHORITY:   *Murphy v. Kuhn*, 660 N.Y.S.2d 371, 373 (1997); *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003); *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *Sabre Int'l Sec. Ltd. v. Vulcan Capital Mgmt., Inc.*, 944 N.Y.S.2d 36, 42 (1st Dep't 2012); *FHFA v. UMS Ams.*, 858 F. Supp. 2d 306, 334-35 (S.D.N.Y. 2012); *Prime Mover Capital  Partners L.P. v. Elixer Gaming Techs., Inc.*, 793 F. Supp. 2d 651, 674 (S.D.N.Y.  2011); *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 928 N.Y.S.2d 229, 235 (1st Dep't 2011); *Parisi v. Metroflag Polo, LLC*, 857 N.Y.S.2d 110, 110 (1st Dep't 2008); *Anschutz Corp. v. Merrill  Lynch & Co.*, 690 F.3d 98 (2d Cir. 2012).

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43A

Plaintiffs object to Defendants Proposed Instruction No. 43A as confusing, overly complex, and inconsistent with pattern jury instructions and applicable law.  Plaintiffs' Proposed Instruction – Phase Two, No. 3 closely follows the negligent misrepresentation law and should be adopted by the Court.  Plaintiffs object to Defendants' Proposed Instruction No. 43A as unnecessary confusing and overly complex in that it seeks to separate out the elements of negligent misrepresentation into individual instructions.  The requirements of proving a negligent misrepresentation claim should be contained in a single jury instruction, as set forth in Plaintiffs' Proposed Instruction – Phase Two, No. 3.

Defendants' Proposed Instruction No. 43A also misstates the burden of proof.  Plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence." *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3160, 104 L. Ed. 2d 1023 (1989).  *See also* Plaintiffs' Responses and Objections to Defendants' Proposed Jury Instruction – First Phase, No. 6.

Defendants' Proposed Instruction No. 43A's language requiring that plaintiffs must prove a relationship between Morgan Stanley and plaintiffs that is "tantamount to that of a fiduciary" is legally incorrect, confusing, and would prejudice defendants.  There is no requirement that plaintiffs

- 142 -

prove a fiduciary relationship with Morgan Stanley to recover in negligent misrepresentation. *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2013 WL 837536 (S.D.N.Y. Mar. 6, 2013). Negligent misrepresentation and breach of fiduciary duty are independent legal claims; it would thus be confusing, misleading, and prejudicial to include language concerning a fiduciary relationship in the negligent misrepresentation instruction.

Defendants' Proposed Instruction No. 43A omits the relevant language concerning whether a special duty of care arises. As the Court recently held:

> In evaluating whether the requisite duty of care existed the fact-finder must consider: "[1] whether the person making the representation held or appeared to hold unique or special expertise; [2] whether a special relationship of trust or confidence existed between the parties; and [3] whether the speaker was aware of the use to which the information would be put and supplied it for that purpose."

*Abu Dhabi*, 2013 WL 837536, at *3. Morgan Stanley's instruction omits any reference to its unique or special expertise and its awareness that plaintiffs would rely on Morgan Stanley's provision of information. These omissions, coupled with Morgan Stanley's inclusion of irrelevant language concerning "arms-length transactions," "sophistication," and "disclaimers" renders the instruction even more confusing and misleading.

There is no requirement that plaintiffs establish that Morgan Stanley owed them an "exceptional" duty of care, only that Morgan Stanley "had a duty to provide plaintiffs with accurate information, and that it breached its duty by providing inaccurate ratings generated by the rating agency defendants." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2012 WL 4762039, No. 08 Civ. 7508 (S.D.N.Y. Oct. 5, 2012). Such a duty is established with evidence that Morgan Stanley sought to induce plaintiffs into purchasing the Cheyne SIV notes by making certain statements or providing plaintiffs with specific information with the intent that plaintiffs rely on those statements or information. *Id.* (citing *Century Pac., Inc. v. Hilton Hotels Corp.*, No. 03 Civ.

- 143 -

8258, 2004 WL 868211, at *8 (S.D.N.Y. Apr. 21, 2004); *see also Kimmell v. Schaefer*, 89 N.Y.2d 257, 264-65, 652 N.Y.S.2d 715 (1996).  Morgan Stanley's attempt to insert the term "exceptional" is legally incorrect, confusing, and would prejudice plaintiffs.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43B**

**Negligent Misrepresentation: Misrepresentation**

The <u>second</u> element of negligent misrepresentation requires each of these plaintiffs to prove by clear and convincing evidence that Morgan Stanley made a misrepresentation to that plaintiff in violation of a duty owed.  The only alleged misrepresentations in this case are the credit ratings assigned by S&P and Moody's to the rated notes issued by the Cheyne SIV.  Therefore, if you find that the credit ratings were not false, you need proceed no further on the negligent misrepresentation claim.

Likewise if you find that Morgan Stanley did not make a misrepresentation to a plaintiff regarding the Cheyne SIV ratings, you will not proceed any further as to that plaintiff's negligent misrepresentation claim.

If you find that Morgan Stanley made a misrepresentation in providing the credit ratings to a plaintiff, you must determine whether Morgan Stanley failed to exercise reasonable care in conveying the ratings.  With respect to this element, reasonable care means that degree of care that a reasonably prudent person would use under the same circumstances.  If you find that Morgan Stanley acted with reasonable care, you need proceed no further on this claim.

AUTHORITY:     *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465, 470 (2011); *Dallas Aerospace*, 352 F.3d at 788; *Murphy*, 660 N.Y.S.2d at 373; *Hydro Investors*, 227 F.3d at 20; *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at 7 & n.83 (S.D.N.Y. Aug. 17, 2012); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.*, --- F. Supp. 2d --, 2012 WL 4762039 (S.D.N.Y. Oct. 5, 2012); *New York Pattern Jury Instructions*, 2:10 (3d ed. 2011) (Common Law Standard of Care – Negligence Defined – Generally).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 43B**

Plaintiffs object to Defendants Proposed Instruction No. 43B as confusing, overly complex, and inconsistent with pattern jury instructions and applicable law.  Plaintiffs' Proposed Instruction –

- 145 -

Phase Two, No. 3 closely follows the negligent misrepresentation law and should be adopted by the Court.  Plaintiffs object to Defendants' Proposed Instruction No. 43B as unnecessarily confusing and overly complex in that it seeks to separate out the elements of negligent misrepresentation into individual instructions.  The requirements of proving a negligent misrepresentation claim should be contained in a single jury instruction, as set forth in Plaintiffs' Proposed Instruction – Phase Two, No. 3.

Defendants' Proposed Instruction No. 43B also misstates the burden of proof.  Plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence."  *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3160, 104 L. Ed. 2d 1023 (1989).  *See also* Plaintiffs' Responses and Objections to Defendants' Proposed Jury Instruction – First Phase, No. 6.

Defendants' Proposed Instruction No. 43B also misstates the law.  Plaintiffs must only show that "Morgan Stanley negligently conveyed to them ratings that it had ***reason to believe*** were inaccurate or deeply flawed, omitting facts that would expose the flaws in the ratings."  *Abu Dhabi*, 2012 WL 4762039, at *3.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43C**

**Negligent Misrepresentation: Reliance**

The <u>third</u> element of negligent misrepresentation requires each of these plaintiffs to prove by clear and convincing evidence that it actually relied on the credit ratings in deciding to purchase the Cheyne SIV notes, and actually relied on Morgan Stanley to provide non-public information in its possession that would undercut the ratings, and that it was reasonable and justifiable to do so. It is appropriate to consider each plaintiff's sophistication and investment experience, as well as the existence of disclaimers in the offering documents in determining whether each plaintiff was reasonable in relying on Morgan Stanley to provide accurate information.

Reliance is not reasonable or justified where an offering document, contract, or both, agreed to by a plaintiff contains a clause that specifically disclaims a representation as to the matter allegedly relied on or discloses the fact allegedly concealed by the false statement.

If you find that any plaintiff did not actually and reasonably rely on a representation made by Morgan Stanley, or actually and reasonably rely on Morgan Stanley to provide non-public information in its possession that would undercut the ratings, you need proceed no further on that plaintiff's negligent misrepresentation claim.

AUTHORITY:    *Dallas Aerospace*, 352 F.3d at 785, 788-89; *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000); *Steed Fin. LDC v. Nomura Sec. Int'l, Inc.*, 148 F. App'x 66, 69 (2d Cir. 2005); *HSH Nordbank AG v. UBS AG*, 941 N.Y.S.2d 59, 76 (1st Dep't 2012); *New York Pattern Jury Instructions –Civil*, § 3:20 cmt. I.D.1. (3d ed. 2011) ("As a matter of law, justifiable reliance cannot exist between the parties to a contract containing a clause that specifically disclaims a representation as to the matter allegedly relied on."); *MBIA Insurance Corp.* v. *Merrill Lynch*, 81 A.D.3d 419, 419 (1st Dep't 2011); *Burroughs Corp.* v. *Datacap, Inc.*, 124 A.D.2d 622, 622 (2d Dep't 1986).

## PLAINTIFFS' OBJECTION TO DEFENDANTS'
## PROPOSED JURY INSTRUCTION NO. 43C

As an initial matter, defendants' misstate the applicable burden of proof with respect to negligent misrepresentation. Contrary to Defendants' Proposed Jury Instruction – Second Phase, No. 5C, plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence." *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S. Ct. 3160, 104 L. Ed. 2d 1023 (1989) (distinguishing fraud from dishonesty and stating, "dishonesty need be proven merely by a 'preponderance' of the evidence'"); *Johnston v. Norton*, 886 F. Supp. 403, 404 (S.D.N.Y. 1995) ("Under New York law . . . [p]laintiffs bear the burden of proving negligent misrepresentation by a preponderance of the evidence."); *Murray v. Xerox Corp.*, 811 F.2d 118, 121 (2d Cir. 1987) (applying preponderance standard to fraudulent misrepresentations); *Republic of Benin v. Mezei*, 2011 WL 4373921 (S.D.N.Y. Sept. 20, 2011) ("A claim for negligent misrepresentation must be proven by the claimant by a preponderance of the evidence."). *See also* Plaintiffs' Responses and Objections to Defendants' Proposed Jury Instruction – First Phase, No. 6.

Further, by including "reasonable" and "justifiable" reliance unqualified in their reliance instruction, Defendants' Proposed Jury Instructions – Second Phase, No. 5C presupposes that the jury will find that defendants' "fraud could . . . have been discovered," as the jury will only be asked to assess whether plaintiffs' "reliance was reasonable" if the jury determines that plaintiffs could have discovered defendants' fraud. *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2013 WL 664176, at *1 (S.D.N.Y. Feb. 25, 2013). Of course, if the jury finds that plaintiffs could not have discovered defendants' fraud, "Phase II will consist only of the ***relatively simple question of whether each plaintiff actually relied on defendants' alleged misrepresentations*** and damages." *Id.* For the same reasons, defendants' attempt to insert plaintiffs'

- 148 -

sophistication into Defendants' Proposed Jury Instruction – Second Phase, No. 5C in inappropriate. According to the Second Circuit, a parties' sophistication is not relevant if a party lacks access to information needed to uncover the truth: "[M]ost importantly, *all* these case [regarding investor sophistication] involved situations in which the relevant facts were easily accessible to the relevant party." *See Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531 (2d Cir. 1997) (emphasis in original). Thus, an investor's sophistication is relevant to assessing reasonable reliance *only if* the investor "enjoyed access" to the information needed to uncover the truth. *See Crigger*, 443 F.3d at 235. Accordingly, the Court should reject defendants' attempt to include justifiable reliance in Phase I and without taking into account the jury's finding on the peculiar knowledge question.

In addition, defendants' instruction is premised on the false claim that plaintiffs "agreed" to the offering memorandum: "where an offering document, contract, or both is agreed to by a plaintiff." At the February 26, 2013 telephonic hearing, defense counsel characterized the disclaimers in the offering memoranda as "an agreement by the parties not to rely on anything that was said." Feb. 26, 2013 Hrg. Tr. at 19:4-7. The Court responded: "I don't know that it's an agreement at all. It is the statement that Morgan Stanley makes in its information memoranda, and it's just unilaterally imposed . . . ." *Id.* at 19:8-11. Because defendants' instruction is premised on an incorrect factual assertion, it is misleading and unfairly prejudicial.

Moreover, Defendants' Proposed Jury Instructions – Second Phase, No. 5C attempts to require plaintiffs to show they both their reliance "was reasonable *and* justifiable. . . ." Such an instruction misstates the law. Rather, "[t]he proper test of reliance in a fraud case is not 'reasonable' reliance, it is 'justifiable' reliance, a clearly less burdensome test." *Gordon & Co. v. Ross*, 84 F.3d 542, 546 (2d Cir. 1996). While case law at times states the test as "reasonable" reliance, including the requirement that reliance be *both* reasonable *and* justifiable is misleading, confusing, contrary to

- 149 -

law, and would prejudice plaintiffs by suggesting that the standard for reliance is more onerous than legally required.   In fact, defendants' own authority, *Banque Arabe et Internationale D'Investissement v. Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995), cited in the reliance portion of defendants' fraud jury instruction, provides that plaintiffs' reliance be "reasonable *or* justifiable."

Finally, Morgan Stanley seeks to insert a requirement that plaintiffs show they "actually and reasonably rel[ied] on Morgan Stanley to provide non-public information in its possession that would undercut the ratings. . . ."  This misstates the law.  As the Court held in ruling on the Order to Show Cause regarding negligent misrepresentation against Morgan Stanley, the standard for reliance in the context of negligent misrepresentation requires only that there be "reasonable reliance on the information" on behalf of the plaintiff.  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 4762039, at *2 (S.D.N.Y. Oct. 5, 2012).   Nothing more is required.

Accordingly, the Court should reject Defendants' Proposed Jury Instructions – Second Phase, No. 5C.  The Court should instead adopt Plaintiffs' Proposed Jury Instructions – Second Phase, No. 2, which properly instructs the jury as to reliance in the Second Phase with the proper standard for reliance, taking into account the jury's answer to the peculiar knowledge question.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43D**

**Negligent Misrepresentation: Proximate Causation and Damages**

The <u>fourth</u> and final element of a negligent misrepresentation claim requires that each of these plaintiffs prove, by clear and convincing evidence, that its damages were caused by its reliance on the misrepresentation.  Proximate cause is the same for a negligent misrepresentation claim as I have described to you for plaintiffs' fraud claim.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 2.10 cmt. C. (3d ed. 2011) (negligence).

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
PROPOSED JURY INSTRUCTION NO. 43D**

Plaintiffs object to Defendants' Proposed Instruction No. 43D as unnecessarily confusing and overly complex in that it seeks to separate out the elements of negligent misrepresentation into individual instructions.  The requirements of proving a negligent misrepresentation claim should be contained in a single jury instruction, as set forth in Plaintiffs' Proposed Instruction – Phase Two, No. 3.

Defendants' Proposed Instruction No. 43D also misstates the burden of proof.  Plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence." *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3160, 104 L. Ed. 2d 1023 (1989).  *See also* Plaintiffs' Responses and Objections to Defendants' Proposed Jury Instruction – First Phase, No. 6.

Plaintiffs' incorporate by reference to plaintiffs' objections defendants' Proposed Jury Instruction No. 32.  In addition, the Court should adopt Plaintiffs' Proposed Jury Instruction No. 45, which tracks almost verbatim the model jury instructions of prominent commentators on the element

821998_1

of causation.  3 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §§120:60 and 120:61 (6th ed. 2011).  Defendants' Proposed Jury Instruction No. 43D is confusing, unduly prejudicial, legally incorrect and unnecessary to inform the jury of the law.  To establish loss causation, the Second Circuit requires "that the loss be foreseeable, and that the loss be caused by the materialization of the concealed risk."  *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005).  Plaintiffs need only present evidence "that would allow a factfinder to ascribe some rough proportion of the whole loss to [the defendant's alleged] misstatements."  *King County v. IKB Deutsche Industriebank AG*, 708 F. Supp. 2d 334, 339 (S.D.N.Y. 2010).

Defendants' Proposed Instruction No. 43D incorrectly states that plaintiffs can only prove loss by showing that "Cheyne SIV ratings . . . were a substantial factor contributing to that plaintiff's investment's actual loss."  As the Court is aware, plaintiffs in fact may prove their losses were (1) caused by the materialization of the risks concealed by the false ratings on the Cheyne SIV, namely, the poor quality of the Cheyne SIV's subprime assets and the Cheyne SIV's insufficient structural protections; and (2) within the "zone of risk" concealed by the false ratings.  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2012 WL 3584278, at *19-*20 (S.D.N.Y. Aug. 17, 2012).  Defendants' proposed instruction incorrectly states the law.

In addition, defendants' proposed instruction states that "if the causal connection between the rating opinion and a plaintiff's investment loss instead is attenuated . . . plaintiff cannot establish fraud."  Defendants' proposed language risks confusing the jury as to what constitutes an "attenuated" connection, and is unnecessary.  Importantly, ***none of defendants' cited authority*** dictates instructing the jury in this confusing manner.  Neither the *Liberty Media* instructions nor any model instructions defendants cite mention their "attenuated" language.  *Liberty Media Corp. v. Vivendi Universal, S.A.*,  No. 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27);

- 152 -

*Federal Jury Practice and Instructions- Civil*, §162.300 (5th ed. 2012) (10b-5).  The Court should

simply adopt the widely used instruction plaintiffs have proposed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43E**

**Negligent Misrepresentation: Comparative Fault**

If you find that Morgan Stanley is liable for a negligent misrepresentation and that this proximately caused a plaintiff's damages, you must next consider whether that plaintiff was also negligent and whether that plaintiff's conduct contributed to causing its loss.

The burden is on Morgan Stanley to prove that that plaintiff was negligent and that its negligence contributed to causing its losses.  If you find that the plaintiff was not negligent, or if negligent, that its negligence did not contribute to causing its losses, you must find that the plaintiff was not at fault and you must go on to consider damages, if any, submitted by the plaintiff.

If, however, you find that a plaintiff was negligent and that its negligence contributed to causing its losses, you must then apportion the fault between the plaintiff and Morgan Stanley.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of that plaintiff and the defendants and determine what percentage of fault is chargeable to each.  In your verdict, you will state the percentages you find.  The total of those percentages must equal one hundred percent.

For example, if you should find that any plaintiff and Morgan Stanley were equally at fault you would report that each was 50% responsible.  If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

AUTHORITY:   *New York Pattern Jury Instructions – Civil*, § 2.36 (3d ed.  2011) (comparative fault).

- 154 -

## PLAINTIFFS' OBJECTION TO DEFENDANTS'
## PROPOSED JURY INSTRUCTION NO. 43E

Plaintiffs object to Defendants' Proposed Instruction No. 43E as unnecessarily confusing and overly complex in that it seeks to separate out the elements of negligent misrepresentation into individual instructions. The requirements of proving a negligent misrepresentation claim should be contained in a single jury instruction, as set forth in Plaintiffs' Proposed Instruction – Phase Two, No. 3.

Defendants' Proposed Instruction No. 43E also misstates the burden of proof. Plaintiffs' burden of proof with respect to the negligent misrepresentation claim is a "preponderance of the evidence." *Leucadia, Inc. v. Reliance Ins. Co.*, 864 F.2d 964, 972 (2d Cir. 1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3160, 104 L. Ed. 2d 1023 (1989). *See also* Plaintiffs' Responses and Objections to Defendants' Proposed Jury Instruction – First Phase, No. 6.

Plaintiffs also object on the grounds that defendants have provided no authority for application of the affirmative defense of comparative fault in this circumstance, where Morgan Stanley's negligence arises at least in part, out of omissions in the securities context. Further, plaintiffs object to Defendants' Instruction No. 43E because the instruction is unclear, overbroad and expands comparative fault beyond its appropriate application by inviting the jury to find that any negligence by plaintiffs' should be considered. Plaintiffs also object to Defendants' Instruction No. 43E on the grounds that it misstates the law if the jury finds during the First Phase that defendants had peculiar knowledge.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44[5]

### Punitive Damages

If you should find that a defendant is liable for plaintiffs' injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages, but only if certain circumstances are met. You may award punitive damages if the plaintiff proves by clear and convincing evidence that the defendant's conduct involved a high degree of moral culpability or involved such wanton dishonesty as to imply a criminal indifference to civil obligations. You may not award punitive damages if the defendant's conduct was merely unreasonable. Additionally, you may only award punitive damages if you find, by clear and convincing evidence, that the fraud was part of a pattern directed at the public generally. If you do not find that the fraud was part of a pattern directed at the public generally, you may not award punitive damages.

The awarding of punitive damages is within your discretion – you are not required to award them. If you decide to award punitive damages, the amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the plaintiff and to the compensatory damages you awarded the plaintiff. The reprehensibility of the defendant's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the plaintiff and the compensatory damages you have awarded the plaintiff. You may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

---

[5]     Defendants object to any instruction on punitive damages on the ground that punitive damages are not, as a matter of law, available in this matter. Nevertheless, to the extent the Court decides to allow the question of punitive damages to be presented to the jury, defendants propose that the Court use this instruction and that the jury decide the punitive damages question in a third phase.

- 156 -

AUTHORITY:   *New York Pattern Jury Instructions– Civil*, § 3:20, cmt. I.H.2. (3d ed. 2011) (common law fraud); *TVT Records* v. *Island Def Jam Music Grp.*, 412 F.3d 82, 95 (2d Cir. 2005); *United States* v. *Merritt Meridian Constr. Corp.*, 95 F.3d 153, 161 (2d Cir. 1996); *Roginsky* v. *Richardson-Merrell, Inc.*, 378 F.2d 832, 850-51 (2d Cir. 1967); *Mayline Enters., Inc.* v. *Milea Truck Sales Corp.*, 641 F. Supp. 2d 304, 311 (S.D.N.Y. 2009); *Venus Networks, LLC* v. *Answerthink, Inc.*, 2007 WL 582736, at *3 (S.D.N.Y. Feb. 22, 2007); *West* v. *The Goodyear Tire & Rubber Co.*, 973 F. Supp. 385, 389 (S.D.N.Y. 1997); *Schlaifer Nance & Co.* v. *Estate of Andy Warhol*, 927 F. Supp. 650, 664 (S.D.N.Y. 1996) (citing *Cleghorn* v. *New York Cent. & Hudson River R.R.*, 56 N.Y. 44, 48 (1874), *aff'd* 119 F.3d 91 (2d Cir. 1997); *Rocanova* v. *Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 613 (1994).

## PLAINTIFFS' OBJECTION TO DEFENDANTS'
## PROPOSED JURY INSTRUCTION NO. 44

Plaintiffs object to defendants' Proposed Jury Instructions – Second Phase, No. 44 as misstating the law, unfairly prejudicial, and misleading to the jury. Plaintiffs' Proposed Jury Instructions – Second Phase, No. 5 properly states the standard for punitive damages, and virtually mirrors the language from the Second Circuit. *Kuruwa* v. *Meyers*, No. 11-4962, 2013 WL 627733, at *2 (2d Cir. N.Y. Feb. 21, 2013) ("Under New York law, punitive damages 'may be awarded where the defendant's conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer.'"); 4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 77.01*, Instruction No. 77-5 (2012) (modified); 1B New York Pattern Jury Instructions, Civil PJI 2:278 (3d ed. 2012).

Defendants' Proposed Jury Instructions – Second Phase, No. 44 removes the language from the Second Circuit and pattern instructions and replaces it with legally unsupported and unduly prejudicial terms, including that the harm must be part of a pattern "directed at the public generally."

*See TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 94-95 (2d Cir. N.Y. 2005) (simply holding that punitive damages are not allowed for cases alleging **breach of contact**, unless that breech was aimed at the public generally); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 509 (2d Cir. 1991) (in an action for fraud under New York law, "punitive damages are appropriate in cases involving gross, wanton or willful fraud or other morally culpable conduct . . . [which] need not be directed at the general public").

Accordingly, the Court should reject Defendants' Proposed Jury Instructions – Second Phase, No. 44.  The Court should instead adopt Plaintiffs' Proposed Jury Instructions – Second Phase, No. 5, which properly instructs the jury as to reliance in Phase II with the proper standard for punitive damages.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
ABU DHABI COMMERCIAL BANK, et al.,   :   Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others   :
Similarly Situated,   :   CLASS ACTION
   :
               Plaintiffs,   :   PLAINTIFFS' PROPOSED JURY
   :   INSTRUCTIONS – FIRST PHASE
      vs.   :
   :
MORGAN STANLEY & CO.   :
INCORPORATED, et al.,   :
   :
               Defendants.   :
   :
———————————————————— x

819555_1

# TABLE OF CONTENTS

Page

A.   PRELIMINARY INSTRUCTIONS ........................................................... 1

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1
     Duty of the Jury ................................................................. 2

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2
     Evidence ............................................................................. 3

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3
     What Is Not Evidence ........................................................ 5

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4
     Conduct of the Jury ........................................................... 6

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5
     The Parties, the Description of the Case and the Parties' Contentions ............. 8

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6
     Burden of Proof ................................................................. 16

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7
     Outline of Trial ................................................................. 18

B.   JURY CHARGE ...................................................................................... 20

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8
     Juror Attentiveness .......................................................... 21

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9
     Role of the Court .............................................................. 22

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10
     Role of the Jury ................................................................ 23

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11
     Statements of Court and Counsel Not Evidence ................. 25

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12
     Burden of Proof ................................................................ 26

PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13
     Evidence/What Is Not Evidence ........................................ 28

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14**
    Evidence for Limited Purpose ................................................... **29**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15**
    Official Translation................................................................ **30**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16**
    Direct and Circumstantial Evidence ...................................... **31**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17**
    Inferences............................................................................... **32**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18**
    Credibility of Witnesses........................................................ **33**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19**
    Prior Inconsistent Statements or Acts.................................. **35**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**
    Persons Not on Trial ............................................................. **36**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21**
    Interest in Outcome .............................................................. **37**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**
    Depositions............................................................................. **38**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23**
    Absence of Evidence ............................................................. **39**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24**
    Number of Witnesses ............................................................ **40**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**
    Cumulative Evidence ............................................................. **41**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26**
    Electronic Mail (E-mail) Presumptively Received ............... **42**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**
    Expert Witnesses................................................................... **43**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28**
    Summaries and Charts Admitted as Evidence...................... **44**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29**
    Summaries and Charts Not Admitted as Evidence .............. **45**

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30**
        Improper Considerations ................................................................................ **46**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31**
        Multiple Claims; Multiple Plaintiffs/Defendants ..................................... **47**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32**
        Introduction to Plaintiffs' Claims ............................................................. **48**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 33**
        Agency ................................................................................................... **49**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34**
        Fraud ...................................................................................................... **50**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35**
        Aiding & Abetting ................................................................................. **52**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36**
        Proof of Knowledge or Intent ................................................................ **53**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37**
        Conscious Avoidance ............................................................................ **54**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 38**
        Defendants' State of Mind ..................................................................... **55**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39**
        Violation of Internal Policies or Standards ........................................... **56**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 40**
        Neither Motive, nor Intent to Violate the Law, Required ..................... **57**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 41**
        Collective Knowledge ........................................................................... **58**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 42**
        Other Acts – Common Scheme, Plan or Preparation ............................. **59**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 43**
        Could an Investor Have Discovered the Truth ....................................... **60**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 44**
        Disclaimers and Cautionary Language ................................................... **61**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45**
        Causation ............................................................................................... **62**

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46**
    **Right to See Exhibits and Hear Testimony**........................................................... **63**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 47**
    **Duty to Deliberate to Unanimous Verdict** .............................................................. **64**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 48**
    **Note Taking by Jurors**............................................................................................. **66**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 49**
    **Selection of Foreperson** .......................................................................................... **67**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 50**
    **Return of Verdict** ..................................................................................................... **68**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 51**
    **Communication**......................................................................................................... **69**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52**
    **Closing Comment**..................................................................................................... **70**

819555_1

# A.   PRELIMINARY INSTRUCTIONS

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

### Duty of the Jury

Members of the Jury:

Now that you have been sworn, I will briefly tell you about the case you are about to hear and the issues you will have to decide, as well as about your duties as jurors. I will also give you some instructions. At the end of the trial I will give you more detailed instructions, and those instructions will control your deliberations.

At the end of the presentation of the evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law, which I will give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not.

You must not take anything I may say or do during the trial as indicating what your verdict should be. Don't be influenced by my taking notes. What I write down may have nothing to do with this trial or with what you will be concerned with at the trial.

AUTHORITY:   Docket No. 259-28, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

### Evidence

You will decide what the facts are from the evidence that will be presented here in court. That evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or stipulate to or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none, for it is up to you to decide how much weight, if any, to give to any evidence.

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

At times during the trial I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I shall instruct that the answer be stricken from the record, and that you disregard it and dismiss it from your minds.

In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

The law requires that your decision be made solely upon the evidence before you.

The items I exclude from your consideration will be excluded because they are not legally admissible as evidence.

The law does not, however, require you to accept all of the evidence that I do admit.

In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses  and of the documents presented to you, and determine the weight you choose to give to each witness's testimony or to an exhibit.

There is no magical formula by which you should evaluate testimony or exhibits.  I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case.  At this time, suffice it to say, that you bring with you to this courtroom all of the experience and background of your lives.  You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

AUTHORITY:    Docket No. 259-28, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**

**What Is Not Evidence**

As I have explained, the questions and objections of the attorneys are not evidence and neither is the testimony I instruct you to disregard.

The statements and arguments of the attorneys during any part of the trial are also not evidence.

Further, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses is not evidence.

Only what is admitted into evidence here when court is in session and all of the parties and jurors are present, is competent evidence.

AUTHORITY:   Docket No. 259-28, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

### Conduct of the Jury

I caution you about certain principles governing your conduct as jurors.

First, do not communicate with each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not communicate with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. Additionally, do not post any information about your service as a juror or any information about this case on the Internet, for example, on Facebook, MySpace, Twitter, a blog, or any other web service.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

I have instructed all of the lawyers, the plaintiffs, the defendants, and the witnesses that they are not to speak to you or even acknowledge you with a hello or good morning outside of the courtroom. Therefore, do not hold it against them if they ignore you or should leave an area in which you are in. The reason for this rule is very simple. Someone watching from a distance might not hear what is said between an attorney and a juror and even a pleasantry could thereby create a misimpression.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

- 6 -

<u>Fifth</u>, do not do any research or any investigation about the case on your own.  Do not do any Internet research.  Even running a simple search on Google or any other search engine about this case or about anyone involved with this case would violate this duty.

The reason for these rules is fairly simple.  The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom after your deliberations with the other jurors.  Obviously, speaking to others, including your family and friends, outside of the deliberation process, or exposing yourself to evidence or information outside the courtroom would compromise your service and fairness to the parties.

AUTHORITY:   Docket No. 259-28, Instruction No. I.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

### The Parties, the Description of the Case and the Parties' Contentions

### <u>The Parties</u>

The plaintiffs are fourteen (14) domestic and foreign entities that purchased securities, also known as "notes," issued by a structured investment vehicle known as the "Cheyne SIV."

Plaintiff Abu Dhabi Commercial Bank ("ADCB") is a bank headquartered in Abu Dhabi, United Arab Emirates.

Plaintiff King County, Washington ("King County") is a domestic public entity organized under the laws of the State of Washington.

Plaintiff SEI Investments Company ("SEI") is a public company traded on the NASDAQ stock exchange and headquartered in Oaks, Pennsylvania.

Plaintiff SEI Investment Strategies, LLC, is a limited liability company. SEI Investment Strategies, LLC's sole member is SEI, a Pennsylvania corporation.

Plaintiff The Bank of N.T. Butterfield & Son Limited ("Butterfield") is a bank headquartered in Hamilton, Bermuda.

Plaintiff SFT Collective Investment Fund ("SFTCIF") is a company incorporated in the Cayman Islands. SFTCIF is an investment fund headquartered in Boston, Massachusetts.

Plaintiff Deutsche Postbank AG ("Postbank") is a bank headquartered in Bonn, Germany.

Plaintiff Global Investment Services Limited ("GIS") is the trustee of investment funds managed by NZ Funds. GIS is headquartered in Sydney, Australia.

Plaintiff Gulf International Bank B.S.C. ("GIB") is a bank headquartered in Manama, Kingdom of Bahrain.

Plaintiff Bank Hapoalim B.M. ("Bank Hapoalim") is a bank headquartered in Tel Aviv, Israel.

Plaintiff Bank SinoPac ("SinoPac") is a bank headquartered in Taiwan.

Plaintiff National Agricultural Cooperative Federation ("NACF") is an agricultural cooperative in South Korea.

Plaintiff Florida State Board of Administration ("FSBA") is an investment fiduciary organized under the laws of the State of Florida.

Plaintiff Commerzbank AG ("Commerzbank") is a bank headquartered in Frankfurt, Germany.

In this trial there are multiple defendants. They are the parties plaintiffs are suing for alleged violations of New York law.

Morgan Stanley & Co. Incorporated (now known as Morgan Stanley & Co. LLC) is a company with its principal place of business in New York, New York. Morgan Stanley & Co. International Limited (now known as Morgan Stanley & Co. International plc) is a company with its principal place of business in London, England. Morgan Stanley & Co. LLC and Morgan Stanley & Co. International plc are both wholly-owned subsidiaries of Morgan Stanley, a global financial services company incorporated under the laws of Delaware and headquartered in New York, New York. For convenience, I will refer to Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited collectively as "Morgan Stanley."

Defendant The McGraw-Hill Companies, Inc. is a company with its principal place of business in New York, New York. Defendant Standard & Poor's Ratings Services is comprised of business units within wholly-owned subsidiaries, and businesses operating as divisions, of McGraw-Hill. S&P is a Nationally Recognized Statistical Rating Organization, or NRSRO, that issues credit

ratings on various types of bonds, debt, stocks, and countries.  These entities are referred to collectively as "S&P."

Defendant Moody's Investors Service, Inc. is a company with its principal place of business in New York, New York.  Moody's Investors Service, Inc. is an NRSRO that issues credit ratings on various types of bonds, debt, stocks, and countries.  Defendant Moody's Investors Service Ltd. is a company with its principal place of business in London, which also issues credit ratings.  These entities are referred to collectively as "Moody's."  Morgan Stanley, S&P, and Moody's will be referred to collectively as the "defendants."

## Description of the Case

The Cheyne SIV was a structured investment vehicle that issued notes for purchase by investors.  The Cheyne SIV was managed by Cheyne Capital Management, an entity based in London.  The Cheyne SIV was structured and arranged by Morgan Stanley.  S&P and Moody's are credit rating agencies.  S&P and Moody's were engaged to assign credit ratings to the notes issued by the Cheyne SIV.  The Cheyne SIV was launched in August 2005.  The plaintiffs are investors that purchased notes issued by the Cheyne SIV.  The Cheyne SIV collapsed in October 2007, after it could no longer make payments owed on the notes.

I will now describe the plaintiffs' and defendants' contentions in this case.  It is important for you to remember that this summary reflects the plaintiffs' and defendants' respective positions and is not intended by me to be, nor should you interpret it to be, a summary of the facts as I view them or as you must find them.  The following outline is provided solely to aid you in understanding the issues.  As I said earlier, your verdict should be based upon your view of the evidence after both plaintiffs and defendants present their respective cases and after you deliberate with your fellow jury members.

- 10 -

**Plaintiffs' Contentions**

In their first claim, plaintiffs allege that S&P and Moody's committed fraud by improperly structuring the Cheyne SIV, assigning false and misleading credit ratings to the Cheyne SIV notes, and making other false and misleading representations about the safety and soundness of the Cheyne SIV and its notes. In their second claim, plaintiffs allege that Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV notes. The third claim, which is brought on behalf of certain plaintiffs, alleges that Morgan Stanley made negligent misrepresentations to those plaintiffs by providing the false and misleading credit ratings and other representations and omissions about the safety and soundness of the Cheyne SIV and its notes to the plaintiffs in breach of the duties Morgan Stanley owed to plaintiffs. At the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

In support of their claims, plaintiffs contend as follows: S&P and Moody's assigned credit ratings to the Cheyne SIV's notes and made other statements about the safety and soundness of the Cheyne SIV and its notes that were false and misleading. S&P and Moody's represented that the notes were a safe, stable investment and that the likelihood of plaintiffs being repaid in full was high even under severe economic conditions. The ratings described assets that should survive the Great Depression. The plaintiffs invested millions of dollars in the Cheyne SIV in reliance on the high credit ratings assigned to the Cheyne SIV's notes.

However, the evidence will show that the notes were neither safe nor stable and that plaintiffs suffered losses when the Cheyne SIV collapsed. Moreover, S&P and Moody's used insufficient and improper models to rate the notes and the Cheyne SIV's underlying assets. S&P and Moody's also

used inaccurate data and lacked sufficient data to accurately rate the Cheyne SIV notes and the Cheyne SIV's underlying assets. S&P and Moody's violated policies and succumbed to pressure from Morgan Stanley, which resulted in falsely inflated credit ratings. The rating agencies issued ratings on the Cheyne SIV's note and on the SIV's underlying assets that were compromised by conflicts of interest, in part because the rating agencies were paid by the issuers whose securities they rated. S&P and Moody's knew the credit ratings were false or recklessly disregarded the falsity of the credit ratings.

In addition, Moody's and S&P issued the false credit ratings for the purpose of inducing, or causing, the plaintiffs to purchase the Cheyne SIV notes.

Further, the false credit ratings on the Cheyne SIV notes concealed the poor quality of the Cheyne SIV, including the poor quality of the Cheyne SIV's underlying assets. When the true, poor quality of the Cheyne SIV's underlying assets was revealed, it caused the Cheyne SIV to collapse.

No investor could have discovered the fraud through the exercise of reasonable due diligence. This is because the information needed to uncover the fraud was peculiarly in the possession of Moody's and S&P.

Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with and pressuring S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV's notes. Morgan Stanley consistently exerted pressure on the rating agencies to obtain falsely inflated ratings on the Cheyne SIV's notes. Morgan Stanley had actual knowledge of S&P's and Moody's fraud because Morgan Stanley acted in tandem with S&P and Moody's to construct the Cheyne SIV and formulate the false credit ratings.

819555_1

Morgan Stanley owed a duty to ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim to provide them with accurate information when communicating with plaintiffs concerning the Cheyne SIV. Morgan Stanley was a trusted advisor to plaintiffs. Morgan Stanley breached this duty by providing plaintiffs with the false and misleading credit ratings and making other false and misleading representations and omissions about the safety and soundness of the Cheyne SIV and its notes. Based on these breaches of duty, Morgan Stanley is liable for negligent misrepresentation. Again, at the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

Plaintiffs suffered hundreds of millions of dollars in monetary damages as a result of defendants' conduct due to the collapse of the Cheyne SIV.

## Defendants' Contentions

With respect to plaintiffs' claim of fraud against the Rating Agencies, the Rating Agencies contend that the ratings assigned to the Cheyne SIV were not false or misleading at the time they were issued because, among other things, they were justified by the underlying facts and analysis, and historical data, at the time they were issued and reflected the application of each Rating Agencies' respective publicly disclosed SIV rating criteria.

The Rating Agencies also contend that the Cheyne SIV ratings, like all credit ratings, were forward-looking opinions on the creditworthiness of the rated securities, and that the Cheyne SIV ratings represented the true and genuine beliefs of the respective Rating Agencies at the time the Cheyne SIV ratings were issued. The Rating Agencies' credit ratings on the Cheyne SIV notes expressed each agency's independent, honestly held opinion about the future creditworthiness of the Cheyne SIV. The Rating Agencies arrived at these forward-looking opinions through application of their own published criteria and their own separate committee processes whereby each agency's

Cheyne SIV rating committee conducted an extensive analysis of the Cheyne SIV based on factors set forth in publicly available criteria. This analysis involved qualitative assessments in addition to quantitative calculations. At all times, the respective rating committees that rated the Cheyne SIV honestly and genuinely believed in the ratings they assigned, and had reasoned bases for their opinions. The Rating Agencies were not inappropriately influenced (much less coerced) by Morgan Stanley or Cheyne Capital.

The Rating Agencies further contend that none of the plaintiffs can establish that it reasonably and justifiably relied on the credit ratings assigned to the Cheyne SIV by either Moody's or S&P including because: plaintiffs cannot provide evidence as to how their relevant credit/investment decisions were made; certain plaintiffs' credit/investment decisions were made before final ratings had been assigned; certain of the plaintiffs disregarded or disagreed with the ratings; plaintiffs understood the risks of the Cheyne SIV prior to investing; and/or many of the plaintiffs relied on their own analysis of the relevant risks and potential rewards, rather than the credit ratings. Any actual reliance by the plaintiffs would not have been reasonable or justifiable, including because plaintiffs were told that a rating is not a recommendation to buy, hold or sell a security, and because the Cheyne SIV notes were offered only to sophisticated institutional investors which were cautioned to and had the ability to, and in many cases did, conduct their own investigation and analysis of the Cheyne SIV.

The Rating Agencies further contend that the credit ratings did not represent that the Cheyne SIV was risk-free, but rather that the various securities issued by the Cheyne SIV had differing levels of relative creditworthiness, all of which were disclosed. Investors were told that the Cheyne SIV faced numerous risks, including market risk, and that investors could face losses if the SIV were forced to sell assets in a declining market environment. Investors also received accurate disclosures

- 14 -

concerning the Cheyne SIV's permitted, expected and actual investment portfolio, both prior to investing and on an ongoing basis thereafter.  Investors were told, among other things, that the Cheyne SIV was permitted, and expected, to invest heavily in subprime mortgage-backed securities. The structural protections of the Cheyne SIV were accurately disclosed to investors.

The Rating Agencies further contend that plaintiffs' alleged losses were not caused by the ratings, but rather were caused by market events including, but not limited to, an unprecedented global financial crisis that began in 2007, and by discretionary decisions made by plaintiffs and third parties.

Morgan Stanley contends that it cannot be liable for aiding and abetting fraud because there was no fraud, because it did not have actual knowledge of any alleged fraud, because it did not substantially assist any alleged fraud, and because any losses alleged by plaintiffs were not proximately caused by Morgan Stanley's conduct.

As to negligent misrepresentation,[1] Morgan Stanley contends that it did not owe a duty of care to any of the plaintiffs as a result of any special relationship of trust and confidence; that Morgan Stanley did not provide any plaintiff with any false or inaccurate information, or any information that it had reason to believe was false or inaccurate; that Morgan Stanley did not expect that any plaintiff would rely on its representations in deciding whether or not to purchase the Cheyne SIV notes; that Morgan Stanley did not act negligently or fail to exercise reasonable care; that none of the plaintiffs justifiably relied on any representation by Morgan Stanley; and that none of the plaintiffs suffered any financial loss as a result of any breach of any duty owed by Morgan Stanley.

---

[1]      Morgan Stanley has filed a Motion for Summary Judgment as to Plaintiffs' Negligent Misrepresentation Claim (Dkt. No. 522),which is currently under submission.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

### Burden of Proof

Before I summarize the elements that plaintiffs must prove on each of their claims, I will explain to you the burden of proof that plaintiffs have with respect to their claims. Plaintiffs bear the burden of proving their fraud-based claims by clear and convincing evidence. Plaintiffs bear the burden of proving their negligent misrepresentation claim by a preponderance of the evidence.

Plaintiffs have the burden of proving all of the elements of their claims for fraud and aiding and abetting fraud to you by clear and convincing evidence.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

Plaintiffs bear a different burden of proof with respect to the negligent misrepresentation claim against defendants Morgan Stanley.

Plaintiffs have the burden of proving every disputed element of the negligent misrepresentation claim to you by a preponderance of the evidence.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the

- 16 -

819555_1

evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

This is only a summary. I will instruct you fully on the burden of proof at the end of the trial.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 73.01*, Instruction Nos. 73-3 and 73-2 (2012) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### Outline of Trial

<u>Finally</u>, I would like to summarize the stages of the trial for you.  First, each party may, but doesn't have to, make an opening statement.   An opening statement is neither evidence nor argument; it is an outline of what that party thinks the evidence will show, and it is offered to help you follow the evidence.

Next, because plaintiffs bear the burden of proof here, plaintiffs will present witnesses and defendants may cross-examine them.  Then, if desired, defendants will present witnesses and plaintiffs may cross-examine them.  In this case to accommodate the fact that many witnesses travelled internationally to testify, certain witnesses will only be called once during the plaintiffs' case even if they would also have been called as witnesses in defendants' presentation of their case. You should draw no conclusion or make no inference based solely on the fact that a witness was called first by the plaintiff because as a procedural matter, due to the burden of proof, the plaintiffs are required to call witnesses first.

Possibly, I will permit plaintiffs to present additional witnesses to rebut defendants' evidence.  After that, the attorneys will make their closing arguments to summarize and give you their interpretations of the evidence.  Obviously, like opening statements, the closing arguments are not evidence.  After the closing summations, I will give you instructions on the law and then you will retire to deliberate on your verdict.

Do not make up your mind about what the verdict should be until after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.  All parties deserve, and the law requires, that you give them an opportunity to be heard fully.

AUTHORITY:   Docket No. 259-28, Instruction No. IV., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## B.   JURY CHARGE

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8**

**Juror Attentiveness**

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law. Please pay close attention to me. I will go slowly and will be as clear as possible.

AUTHORITY:   Docket No. 259-29, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 21 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9**

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

AUTHORITY:     Docket No. 259-29, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 22 -

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

### Role of the Jury

As I have said, your role is to consider and decide the fact issues that are in this case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence.  Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection.  What I say is not evidence.  It is your own independent recollection of the evidence that controls.  Similarly, remember that a question put to a witness is never evidence.  Only the answer is evidence.  However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence – not the lawyers' and not mine – that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether any of the plaintiffs has or has not proven its claims.

819555_1

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were intended only for clarification or to move things along. They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

AUTHORITY:   Docket No. 259-29, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

### Statements of Court and Counsel Not Evidence

You should draw no inference or conclusion for or against any party by reason of lawyers making objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.[2]

Also, do not draw any inference from any of my rulings.  The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not plaintiffs have proven their claims by clear and convincing evidence.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.

AUTHORITY:   Docket No. 259-29, Instruction No. I.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

---

[2]     *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 3, at 4).

- 25 -

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

### Burden of Proof

Before I summarize the elements that plaintiffs must prove on each of their claims, I will explain to you the burden of proof that plaintiffs have with respect to their claims. Plaintiffs bear the burden of proving their fraud-based claims by clear and convincing evidence. Plaintiffs bear the burden of proving their negligent misrepresentation claim by a preponderance of the evidence.

Plaintiffs have the burden of proving all of the elements of their claims for fraud and aiding and abetting fraud to you by clear and convincing evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by clear and convincing evidence, you must decide against it on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

Plaintiffs bear a different burden of proof with respect to the negligent misrepresentation claim against defendant Morgan Stanley.

Plaintiffs have the burden of proving every disputed element of the negligent misrepresentation claim to you by a preponderance of the evidence. If you conclude that plaintiffs

have failed to establish their claim by a preponderance of the evidence, you must decide against them on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 73.01*, Instruction Nos. 73-3 and 73-2 (2012) (modified).

- 27 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

### Evidence/What Is Not Evidence

The evidence from which you are to decide what the facts are consists of:

(1)      the sworn testimony of witnesses, on both direct and cross-examination, whether offered in live testimony or by video-taped deposition, regardless of who called the witness;

(2)      any facts to which all the lawyers have agreed or stipulated;

(3)      any fact that I have instructed you to accept as true; and

(4)      the documents and exhibits that have been received into evidence.

Nothing else is evidence; not what the lawyers say, not what I say, and not anything you may have heard outside the courtroom.  I must stress again that anything you may have seen or heard when the Court was not in session is not evidence.[3]  You are to decide the case solely on the evidence received during the trial.[4]

AUTHORITY:      Docket No. 259-29, Instruction No. I.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

---

[3]      *Zubulake v. UBS Warburg*, 2005 WL 6180412 (SAS) (S.D.N.Y. Apr. 4, 2005) – Judge's Instructions/Charge to the Jury, at 3.

[4]      *Id.*

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

### Evidence for Limited Purpose

You will recall that during the course of the trial I instructed you that I admitted certain evidence only for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

AUTHORITY:   Docket No. 259-29, Instruction No. I.G., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15**

**Official Translation**

Foreign languages have been used at various times during this trial.[5]  When an interpreter or translator has been used, you are to consider only that evidence provided through the interpreter or translator.[6]  Similarly, some of the documents in this case have been translated from foreign languages into English, and you are to consider only the English translation provided to you.  Although some of you may know certain of these foreign languages, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in English.  You must ignore any different meaning of the words in the foreign language.

AUTHORITY:      Docket No. 259-29, Instruction No. I.H., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

---

[5]      *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 6).

[6]      *Id.*

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses – something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then, later, as you were sitting here, people began walking in with wet umbrellas and, soon after, other people walked in with wet raincoats.

Now, on these facts, you cannot look outside the Courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, based on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer, from established facts, the existence or nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and you can give them such weight as you conclude is warranted.


AUTHORITY:     Docket No. 259-29, Instruction No. I.I., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17**

**Inferences**

During the trial, you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical conclusion that you, the jury, are permitted to draw – but not required to draw – from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendants does not relieve plaintiffs of the burden of establishing their case. In order for plaintiffs to obtain a verdict in their favor, you must still believe from the evidence that plaintiffs have sustained the burden cast upon them.

AUTHORITY:    Docket No. 259-29, Instruction No. I.J., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18

### Credibility of Witnesses

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other believable testimony. You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness's demeanor while testifying? Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives the witnesses may have for testifying in a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their

testimony is consistent with other evidence that you believe.  You should also consider the witnesses' opportunity to have seen or heard the things they testify about.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

AUTHORITY:    Docket No. 259-29, Instruction No. I.K., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19**

**Prior Inconsistent Statements or Acts**

You may consider statements given by plaintiffs' or defendants' current or former employees before trial as evidence of the truth of what that person said in earlier statements, as well as in deciding what weight to give their testimony.  Similarly, you may consider statements given by any witness under oath before trial as evidence of the truth of what that witness said in earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to that testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

AUTHORITY:     Federal Civil Jury Instructions of the Seventh Circuit 1.14 (2010) (modified); Fed. R. Evid. 801(d)(2).

- 35 -

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable to plaintiffs or defendants, from the fact that any person or entity is not on trial before you at the present time. You should not concern yourself with the disposition as to those other persons or entities, but should consider only the issues between plaintiffs and defendants.

AUTHORITY:    Docket No. 259-29, Instruction No. I.M., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21**

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Current executives and officers of both plaintiffs and defendants have an interest in the outcome of this litigation.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, you should bear that factor in mind when evaluating the credibility of their testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

AUTHORITY:   Docket No. 259-29, Instruction No. I.N., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**

**Depositions**

Some of the testimony has been presented in the form of depositions that have been received in evidence.  A deposition is a procedure where the attorneys for one side may question a witness or adversary party under oath before a court reporter prior to trial.  This is part of pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony a witness gave at trial.

AUTHORITY:    Docket No. 259-29, Instruction No. I.O., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23

### Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

AUTHORITY:   Docket No. 259-29, Instruction No. I.P., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24**

**Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

AUTHORITY:    Federal Civil Jury Instructions of the Seventh Circuit 1.17 (2008).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**

**Cumulative Evidence**

Individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it.  The sum of an evidentiary presentation may well be greater than its constituent parts.  A piece of evidence, unreliable in isolation, may become quite probative when corroborated by other evidence.

AUTHORITY:    *Bourjaily v. United States*, 483 U.S. 171, 179-80 (1987).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26**

**Electronic Mail (E-mail) Presumptively Received**

To the extent the evidence presented to you involves e-mail communications, you must presume that such e-mail communications were actually received by the intended recipients.

AUTHORITY:   *Dempster v. Dempster*, 273 Fed. App'x 67 (2d Cir. 2008), *aff'g, Dempster v. Dempster*, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005); *American Boat Co., Inc. v. Unknown Sunken Barge*, 418 F.3d 910, 913-14 (8th Cir. 2005); *Kennell v. Gates*, 215 F.3d 825, 829-30 (8th Cir. 2000).

- 42 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27

### Expert Witnesses

In this case, several expert witnesses – **[LIST]** – were permitted to express an opinion about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

The fact that an expert may have relied on someone else's statement in forming his opinion is not evidence that the statement was true.  You should assess the credibility of each fact witness independently.

AUTHORITY:   Docket No. 259-29, Instruction No. I.Q., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28**

**Summaries and Charts Admitted as Evidence**

The plaintiffs (or defendants) have presented certain exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-11 (2012) (modified).

- 44 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29

### Summaries and Charts Not Admitted as Evidence

Other charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-12 (2012) (modified).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30**

**Improper Considerations**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.  It would be improper for you to consider any personal feelings you have about any party or witness based on economic status, a witness's preference to testify in his or her native language, a witness's inability to speak English, or a witness's difficulty in speaking English.

AUTHORITY:     Docket No. 259-29, Instruction No. I.T., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 46 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31**

**Multiple Claims; Multiple Plaintiffs/Defendants**

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable. Although there are 14 plaintiffs in this action, it does not follow that if one plaintiff is successful, the others are, too.

AUTHORITY:     Federal Civil Jury Instructions of the Seventh Circuit 1.25 (2010).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32**

**Introduction to Plaintiffs' Claims**

I will now instruct you on the law that governs plaintiffs' claims in this case.  Plaintiffs bring this action based on three separate claims.  First, plaintiffs bring a claim for fraud against Moody's and S&P.

Second, plaintiffs bring a claim against Morgan Stanley for aiding and abetting the alleged fraud perpetrated by Moody's and S&P.

Third, certain plaintiffs bring a claim against Morgan Stanley for negligent misrepresentation.

AUTHORITY:    Docket No. 259-29, Instruction No. II.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 33**

**Agency**

In considering the following instructions, remember that plaintiffs and defendants are corporations and/or legal entities, not individuals, and thus can only act through their agents. That is, statements and actions by plaintiffs' and defendants' officers and employees acting within the scope of their employment are imputed to the corporation and/or legal entity.

AUTHORITY:   Docket No. 259-29, Instruction No. II.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 49 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34

### Fraud

Plaintiffs' first claim is for fraud.

Plaintiffs seek to recover damages that they claim were caused by a fraud committed by defendants Moody's and S&P in issuing their ratings on the Cheyne SIV notes and making other false and misleading representations about the safety and soundness of the Cheyne SIV and its notes. In order to recover for fraud, plaintiffs must prove by clear and convincing evidence that defendants issued the representations; that the representations were false or misleading; that defendants knew the representations were false or issued the representations recklessly without regard to whether the representations were true or false; that defendants issued the representations for purposes of inducing potential investors to rely upon them; and that the actions of Moody's or S&P proximately caused plaintiffs' harm.

Plaintiffs have the burden of proving, by clear and convincing evidence:

First, that defendants made a representation of fact;

Second, that the representation was false or misleading;

Third, that defendants knew the representation was false or misleading or made the representation recklessly without regard to whether it was true or false or misleading;

Fourth, that defendants made the representation for purposes of inducing potential investors to purchase Cheyne SIV notes; and

Fifth, that the actions of Moody's or S&P proximately caused plaintiffs' harm.

The first question you will be asked to decide is whether defendants made the representation. If you find that defendants did not make the representation, you need proceed no further on the claim of fraud. If you find that defendants did make the representation, you must next decide whether the

representation was true or false or misleading.  If you find that the representations were unsupported by reasoned analysis or without a factual foundation, then you must find that those representations were false or misleading.  If the representations were true, you need proceed no further on the claim of fraud.

If the representations were false or misleading, you must next decide whether defendants knew they were false or misleading or issued them recklessly without regard to whether they were false or misleading.  Recklessness may be established by a showing of carelessness approaching indifference, or by showing that a statement was made without regard for whether it was true or false.

If you find that defendants did not know the representations were false or misleading and that defendants did not issue them recklessly, you need proceed no further on the claim of fraud.  If you find that defendants did know the representations were false or misleading or acted recklessly, you must next decide whether the representations were made for purposes of inducing potential investors to purchase Cheyne SIV notes.  Finally, plaintiffs must prove that the actions of Moody's or S&P proximately caused plaintiffs' harm.

AUTHORITY:      2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012) (modified); *Todd v. Pearl Woods, Inc.*, 248 N.Y.S.2d 975, 977 (2d Dep't 1964), *aff'd*, 257 N.Y.S.2d 937 (1965); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *4, *10 (S.D.N.Y. Aug. 17, 2012); *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465 (2011).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35

### Aiding & Abetting

Plaintiffs' second claim is for aiding and abetting fraud against Morgan Stanley. In order to recover for aiding and abetting fraud, plaintiffs must prove by clear and convincing evidence that Moody's or S&P knowingly or recklessly made a materially false or misleading statement or omission, that Morgan Stanley knew the statement(s) or omission(s) was false or misleading, and that Morgan Stanley provided substantial assistance in those acts or omissions. Substantial assistance exists where defendants affirmatively assist, help conceal, or by virtue of failing to act when required to do so, enable the acts or omissions to proceed.

AUTHORITY:   2 New York Pattern Jury Instructions, Civil PJI 3:20 at 204 (2d ed. 2012); *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d (1st Dep't 1996); *Stevenson Equip., Inc. v. Chemig Constr. Corp.*, 565 N.Y.S.2d 318 (3d Dep't 1991); *Williams v. Sidley Austin Brown & Wood, L.L.P.*, 832 N.Y.S.2d 9 (1st Dep't 2007); *P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V.*, 754 N.Y.S.2d 245 (1st Dep't 2003); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *12 (S.D.N.Y. Aug. 17, 2012); *King Cnty. v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 664-65 (S.D.N.Y. 2010).

- 52 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36**

**Proof of Knowledge or Intent**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

AUTHORITY:    1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §17.07 (6th ed. 2008); *United States v. Dearing*, 504 F.3d 897 (9th Cir. 2007).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37**

**Conscious Avoidance**

In determining whether any defendant acted knowingly, you may consider whether the defendant deliberately closed its eyes to what would otherwise have been obvious to it. If you find by clear and convincing evidence that the defendant acted with a conscious purpose to avoid learning the truth, then this element may be satisfied. However, knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken. If you find that the defendant was aware of a high probability that a fact was so, and that defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that the defendant actually believed the fact was not so, then it may not have acted knowingly with respect to that claim.

AUTHORITY:    *United States v. Abreu*, 342 F.3d 183, 187-88 (2d Cir. 2003); *United States v. Svoboda*, 347 F.3d 471, 476-82 (2d Cir. 2003).

- 54 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 38

### Defendants' State of Mind

Defendants' state of mind, whether knowing or reckless, can be proven by either direct evidence or circumstantial evidence.  There will rarely be direct evidence of intent to defraud.  You may infer defendants' state of mind from the defendants' acts and words given all of the surrounding circumstances at that time.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "**Direct evidence**" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "**Circumstantial evidence**" is proof of a chain of facts and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

AUTHORITY:   *Herman & MacLean v. Huddleston*, 459 U.S. 375, 391 n.30 (1983) ("The Court of Appeals also noted that the proof of scienter required in fraud cases is often a matter of inference from circumstantial evidence.  If anything, the difficulty of proving the defendant's state of mind supports a lower standard of proof.  In any event, we have noted elsewhere that circumstantial evidence can be more than sufficient."); *In re Fleming Cos. Sec. & Derivative Litig.*, No. CIV.A.5-03-MD-1530-TJW, 2004 WL 5278716, at *11 (E.D. Tex. June 16, 2004) ("there will rarely be direct evidence of intent to defraud"); *see* 4 Hon. Leonard R. Sand *et al.*, *Modern Federal Jury Instructions-Civil P 82.02*, Instruction No. 82-8 (2008).

- 55 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39

### Violation of Internal Policies or Standards

You have heard evidence that Moody's and S&P violated their internal policies or standards.

You can consider evidence that Moody's and S&P violated such policies or standards, together with all the other evidence, in determining whether any of these defendants acted knowingly or recklessly.

AUTHORITY:     *Novak v. Kasaks*, 216 F.3d 300, 311-12 (2d Cir. 2000); *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 77 (2d Cir. 2001); *Rothman v. Gregor*, 220 F.3d 81, 90-91 (2d Cir. 2000).

- 56 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 40**

**Neither Motive, nor Intent to Violate the Law, Required**

In order to prove knowledge or recklessness, plaintiffs do not have to show that defendants intended to violate the law, nor do plaintiffs have to show any particular motive for any defendant's alleged wrongful conduct.  Although motive is not required to prove knowledge, evidence of motive may be a basis for inferring knowledge.

AUTHORITY:   *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 192 n.39 (1963) ("'it is not necessary that the person making the misrepresentations intend to cause loss to the other or gain a profit for himself; it is only necessary that he intend action in reliance on the truth of his misrepresentations'") (citation omitted); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, (2007); *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000); *Roth v. Aon Corp.*, No. 04-C-6835, 2008 WL 656069 (N.D. Ill. Mar. 7, 2008); *United States v. Simon*, 425 F.2d 796, 809 (2d Cir. 1969) ("[The Government's] burden was not to show that defendants were wicked men with designs on anyone's purse, . . . but rather that they had certified a statement knowing it to be false."); *Tager v. SEC*, 344 F.2d 5, 8 (2d Cir. 1965) ("no requirement that the actor . . . be aware that he is violating one of the" federal securities rules or acts); *Kas v. Caterpillar, Inc., G.A.*, 815 F. Supp. 1158 (C.D. Ill. 1992) (knowledge may be inferred from motive).

- 57 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 41

### Collective Knowledge

To carry their burden of showing that defendants acted knowingly or recklessly, plaintiffs need not prove that any one individual employee or officer of the defendants acted with that state of mind. Further, there is no requirement that the same individual who made the alleged misstatement on behalf of a corporation personally acted knowingly or recklessly. Rather, proof of the collective knowledge and intent of the defendants' employees is sufficient.

AUTHORITY:     *Center v. Hampton Affiliates, Inc.*, 497 N.Y.S.2d 898 (1985); *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005); *Defer LP v. Raymond James Fin., Inc.*, 654 F. Supp. 2d 204, 218-19 (S.D.N.Y. 2009); *In re Marsh & McLennan Cos. Sec. Litig.*, 501 F. Supp. 2d 452, 481 (S.D.N.Y. 2006); *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 317 (S.D.N.Y. 2011); *Richman v. Goldman Sachs Grp., Inc.*, No. 10 Civ. 3461(PAC), 2012 WL 2362539, at *12 n.10 (S.D.N.Y. June 21, 2012); *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 516 (S.D.N.Y. 2009); *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 236-37 (S.D.N.Y. 2010); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, No. 10 Civ. 2835(NRB), 2011 WL 4357368, at *13 (S.D.N.Y. Sept. 19, 2011); *In re JPMorgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 627 (S.D.N.Y. 2005); *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 590-91 (S.D.N.Y. 2010); *United States v. Bank of New England, N.A.*, 821 F.2d 844, 855-56 (1st Cir. 1987); *Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, No. 11 Civ. 733 (WHP), 2012 WL 2847732 (S.D.N.Y. July 11, 2012).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 42**

**Other Acts – Common Scheme, Plan or Preparation**

There has been evidence received during the trial that defendants engaged in other conduct which was similar in nature to the conduct charged in the complaint.  If you find that the defendants did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the complaint, then you may, but need not, infer that the defendants acted knowingly and not because of some mistake, accident or other reason.  Similarly, you may, but need not, infer that the acts charged in this complaint and the other conduct were part of a common plan or scheme committed by the defendants.

However, the evidence is to be considered by you only on the issues of knowledge, intent, common scheme or plan.  It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that the defendants are of bad character or had a propensity to commit the act charged.

AUTHORITY:     4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.03*, Instruction Nos. 74-7 and 74-8 (2012) (modified).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 43

### Could an Investor Have Discovered the Truth

If you find that Moody's and S&P knowingly or recklessly made a false or misleading statement, you must next determine whether an investor could have discovered the truth through the exercise of reasonable diligence.  Reasonable diligence is defined as the exercise of ordinary intelligence.  Reasonable diligence does not require exhaustive research.  In evaluating whether an investor could have discovered the truth, you should consider whether the information needed to uncover the truth was peculiarly within the possession of the defendants.  If the information was peculiarly within defendants' possession, an investor could not have discovered the truth.

AUTHORITY:   *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007); *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80-81 (2d Cir. 1980); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2013 WL 664176 (S.D.N.Y. Feb. 25, 2013); *Alexander v. Evans*, No. 88 Civ. 5309 (MJL), 1993 WL 427409, at * 17 (S.D.N.Y. Oct. 15, 1993).

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 44

### Disclaimers and Cautionary Language

Defendants claim that they made certain disclaimers and cautionary statements regarding the risks of purchasing the Cheyne SIV notes.  First, cautionary language does not apply to historical facts or present facts; because such facts already exist, they are not contingent.   Therefore, defendants may not knowingly or recklessly misrepresent historical facts and at the same time disclaim the misrepresented facts with cautionary language.  Second, in considering defendants' claim that the offering materials contained cautionary language about things that may come to pass in the future, defendants must demonstrate that their cautionary language was not boilerplate and, rather, it conveyed substantive, factual information.  Cautionary language must be extensive and specific.  A vague or blanket disclaimer which merely warns a reader that the investment has risks will ordinarily be inadequate to prevent misinformation.  To fairly apprise an investor of a risk, the cautionary statements must be substantive and tailored to the specific opinions in the offering materials.

AUTHORITY:   *Slayton v. American Express Co.*, 604 F.3d 758, 772-74 (2d Cir. 2010); *People ex rel. Cuomo v. Merkin*, 907 N.Y.S.2d 439 (Table) (N.Y. Sup. Ct. 2010); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *4, *10 (S.D.N.Y. Aug. 17, 2012).

- 61 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45**

**Causation**

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person or entity.  On the contrary, many factors or things, or the conduct of two or more persons or entities, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

AUTHORITY:   3 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §§120:60 and 120:61 (6th ed. 2011).

- 62 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46**

**Right to See Exhibits and Hear Testimony**

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits will be given to you at the start of deliberations. If you want any of the testimony read, you may request that. Please remember that when you request testimony, the lawyers must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson with the time indicated, and given to one of the marshals in an envelope. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

AUTHORITY:    Docket No. 259-29, Instruction No. III.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 47

### Duty to Deliberate to Unanimous Verdict

The most important part of this case is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether each plaintiff has sustained its burden of proof as I have explained it to you with respect to each of its claims.  If you find that a plaintiff has succeeded, you should return a verdict in that plaintiffs favor.  If you find that any plaintiff has failed to sustain its burden on any element of a claim, you should return a verdict in favor of defendants as to that plaintiff on that claim.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath, you promised that you would well and truly try the issues joined in this case and a true verdict render.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor of either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

Again each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

AUTHORITY:     Docket No. 259-29, Instruction No. III.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 48**

**Note Taking by Jurors**

I remind you that any notes you may have taken during trial are simply an aid to your memory.  Because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollections of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case.  Any difference between a juror's recollection and a juror's notes should always be settled by asking to have the court reporter's transcript on that point read back to you.  You must base your determination of the facts, and ultimately, your verdict on the court record rather than on any juror's notes.

AUTHORITY:   Docket No. 259-29, Instruction No. III.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 49**

**Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

AUTHORITY:   Docket No. 259-29, Instruction No. III.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 50

### Return of Verdict

I have given each of you a special verdict form.  The purpose of the questions on the form is to help us – the Court, the attorneys, plaintiffs, and defendants – to understand what your findings are.  No inference is to be drawn from the way the questions are worded as to what the answer should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion and, even if I had, it would not be binding on you.

Before the jury attempts to answer any question you should read the entire form and make sure that everybody understands each question.  Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer.  When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you.  Before you can record an answer, all jurors must agree to it; your answers must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors; that is, the split of the vote, with respect to any question, to anyone, including the Court, at any time during your deliberation.

AUTHORITY:   Docket No. 259-29, Instruction No. III.E., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 51**

**Communication**

In carrying out your duty, you must completely disregard any report that you have read in the press, seen on television or on the internet, or heard on the radio.[7]  You may not use any electronic devise or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.[8]

AUTHORITY:   Docket No. 259-29, Instruction No. I.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

---

[7]     *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 17, at 20); *see also* 4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil* ¶ 71-14 (Publicity – Final Charge).

[8]     *Id.*

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52

### Closing Comment

Finally, I say this not because I think it is necessary but because it is the custom in this Courthouse: You should treat each other with courtesy and respect during your deliberation.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the Courtroom. I will stress that you should be in agreement with the verdict that is announced in Court. Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with counsel and the reporter at the side bar. I will ask you to remain patiently in the box, without speaking to each other, and we will return in just a moment to submit the case to you.

Thank you for your time and attentiveness.

AUTHORITY:   Docket No. 259-29, Instruction No. III.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

- 70 -

DATED: March 12, 2013        ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                         MICHAEL J. DOWD
                                         DANIEL S. DROSMAN
                                         DARRYL J. ALVARADO
                                         ANGEL P. LAU
                                         HILLARY B. STAKEM

---

DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
dand@rgrdlaw.com
dalvarado@rgrdlaw.com
alau@rgrdlaw.com
hstakem@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

Attorneys for Plaintiffs

- 71 -

POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP
MARC I. GROSS
TAMAR A. WEINRIB
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
migross@pomlaw.com
taweinrib@pomlaw.com

Additional Attorneys for Plaintiff State Board of
Administration of Florida

819555_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
ABU DHABI COMMERCIAL BANK, et al.,    :    Civil Action No. 1:08-cv-07508
Individually and On Behalf of All Others    :
Similarly Situated,    :    CLASS ACTION
   :
                Plaintiffs,    :    PLAINTIFFS' PROPOSED JURY
   :    INSTRUCTIONS – SECOND PHASE
     vs.    :
   :
MORGAN STANLEY & CO.    :
INCORPORATED, et al.,    :
   :
                Defendants.    :
   :
―――――――――――――――――――――――― x

819974_1

# TABLE OF CONTENTS

**Page**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**
 **Materiality** ............................................................................................ **1**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**
 **Reliance** ................................................................................................. **2**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**
 **Negligent Misrepresentation** ................................................................. **4**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**
 **Compensatory Damages** ......................................................................... **5**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**
 **Punitive Damages** ................................................................................... **7**

819974_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**

**Materiality**

**[TO BE READ ONLY IF THE JURY ANSWERS "NO" TO QUESTION NO. 5**

**ON THE FIRST PHASE VERDICT FORM]**

If you find a statement contained an untrue fact or an omission, then you must decide if the facts misrepresented in or omitted from the statement are material. A fact is material if there is a substantial likelihood that a reasonable investor would consider the statement or fact to be significant or important in making an investment decision.

This is an objective test, measuring what facts a hypothetical, reasonable investor would probably think important, not what any individual plaintiff actually considered to be important. You do not need to find that the misrepresented or omitted fact would have changed the decision to invest, only that it would be considered significant.

A finding of materiality must be based on the facts existing when the statement was made. Materiality cannot be changed in hindsight. You may not consider events occurring after the statement or omission in determining whether the statement or omission was material when it was made. A statement or omission made after the time of the investment cannot be material to that investment.

AUTHORITY:    3B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, §162:23
             (5th ed. 2001).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

### Reliance

You must determine whether plaintiffs relied on the false or misleading statement(s). Plaintiffs relied on the false or misleading statement(s) if the false or misleading statement(s) was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV. Plaintiffs need not have relied solely or exclusively on defendants' false or misleading statement(s) so long as it was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV.

## [TO BE GIVEN ONLY *IF* THE JURY ANSWERS "YES" TO QUESTION NO. 5 ON THE FIRST PHASE VERDICT FORM]

You must determine whether plaintiffs relied on the false or misleading statement(s). Plaintiffs relied on the false or misleading statement(s) if the false or misleading statement(s) was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV. Plaintiffs need not have relied solely or exclusively on defendants' false or misleading statement(s) so long as it was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV.

Plaintiffs' reliance on defendants' false or misleading statement(s) must have been justifiable. Whether the person to whom a representation is made is justified in relying upon it generally depends upon whether the fact represented is one that a reasonable person would believe and consider important in deciding whether to purchase the Cheyne SIV notes. In determining whether a person is justified in relying on a representation, you should consider whether a reasonable person would have relied on the representations. Reasonable reliance entails a duty to investigate the legitimacy of the representations, only if the plaintiff was placed on guard or faced with facts

- 2 -

contrary to defendants' representations.  In evaluating whether the plaintiffs' reliance was justifiable,

you should consider all the facts and circumstances in making your decision.

AUTHORITY:     2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012) (modified); *Todd v. Pearl Woods, Inc.*, 248 N.Y.S.2d 975, 977 (2d Dep't 1964), *aff'd*, 257 N.Y.S.2d 937 (1965); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *4, *10 (S.D.N.Y. Aug. 17, 2012); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2013 WL 664176 (S.D.N.Y. Feb. 25, 2013); *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465 (2011); *Merrill Lynch & Co. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007); *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80-81 (2d Cir. 1980); *Alexander v. Evans*, No. 88 Civ. 5309 (MJL), 1993 WL 427409, at *17 (S.D.N.Y. Oct. 15, 1993).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

### Negligent Misrepresentation

Plaintiffs claim that Morgan Stanley had a duty to provide plaintiffs with accurate information and that Morgan Stanley breached that duty by providing plaintiffs with inaccurate information.  In order for plaintiffs to recover for negligent misrepresentation, plaintiffs must prove by a preponderance of the evidence:

1.      that Morgan Stanley owed a duty to plaintiffs; Morgan Stanley owed a duty to plaintiffs if you find that Morgan Stanley sought to induce plaintiffs into purchasing the Cheyne SIV notes by making certain statements or providing plaintiffs with specific information with the intent that plaintiffs rely on those statements or information;

2.      that Morgan Stanley provided plaintiffs with information that was inaccurate, unsupported by reasoned analysis, or misleading because it omitted facts necessary to make the information accurate;

3.      that in providing plaintiffs with information, Morgan Stanley failed to exercise reasonable care; reasonable care means that degree of care that a reasonably prudent person would use under the same circumstances;

4.      that Morgan Stanley knew that plaintiffs would rely on the representations in deciding whether or not to purchase the Cheyne SIV notes;

5.      that plaintiffs relied on the representations in deciding to purchase the Cheyne SIV notes; and

6.      that as a result of such reliance, plaintiffs have suffered a financial loss.

AUTHORITY:      *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 4762039 (S.D.N.Y. Oct. 5, 2012); 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §120:02 (6th ed. 2011).

- 4 -

819974_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from any of the defendants' violation of any of the plaintiffs' rights. If you find that any defendant is liable on any claim, as I have explained them, then you must award each plaintiff sufficient damages to compensate it for any injury proximately caused by any of the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiffs whole – that is, to compensate the plaintiff for the damage suffered.

The same calculation is used to measure damages for fraud, aiding and abetting fraud and negligent misrepresentation. Therefore, if you find that any plaintiff is entitled to an award of damages, on the verdict form, you will be asked to enter the amount of damages regardless of how many claims have been proven.

As to the calculation of damages, plaintiffs are entitled to the price that they paid for the Cheyne SIV notes minus any amounts that they received back in cash or, if applicable, minus the value of the restructured notes at the time plaintiffs exchanged the Cheyne SIV notes for the restructured notes.

You may award compensatory damages only for injuries that plaintiffs prove were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiffs have actually suffered.

In awarding compensatory damages, if you decide to award them, you must be guided by common sense. Computing damages may be difficult, but you must not let that difficulty lead you to

- 5 -

engage in arbitrary guesswork.  On the other hand, the law does not require plaintiffs to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 77.01*, Instruction No. 77-3 (2012) (modified).

819974_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

### Punitive Damages

If you should find that defendants are liable for plaintiffs' injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages.  You may award punitive damages if the plaintiffs prove by a preponderance of the evidence that the defendants' conduct was wanton and reckless, not merely unreasonable.  An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the rights of others.  The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for wanton and reckless acts and thereby to discourage the defendant and other companies from acting in a similar way in the future.

The awarding of punitive damages is within your discretion – you are not required to award them.  The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by a plaintiff and to the compensatory damages you awarded the plaintiff.  The reprehensibility of defendants' conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the plaintiff and the compensatory damages you have awarded the plaintiff.  But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages.  In this regard, you may consider the financial resources of the defendants in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.


AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 77.01*, Instruction No. 77-5 (2012) (modified); 1B New York Pattern Jury Instructions, Civil PJI 2:278 (3d ed. 2012).

- 7 -

819974_1

DATED:  March 12, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL J. DOWD
DANIEL S. DROSMAN
DARRYL J. ALVARADO
ANGEL P. LAU
HILLARY B. STAKEM

_____
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
dand@rgrdlaw.com
dalvarado@rgrdlaw.com
alau@rgrdlaw.com
hstakem@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

Attorneys for Plaintiffs

- 8 -

POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP
MARC I. GROSS
TAMAR A. WEINRIB
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
migross@pomlaw.com
taweinrib@pomlaw.com

Additional Attorneys for Plaintiff State Board of
Administration of Florida

- 9 -

819974_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ABU DHABI COMMERCIAL BANK, et al., Individually and On Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:08-cv-07508 <br><br> CLASS ACTION |
| Plaintiffs, | : : : | PLAINTIFFS' PROPOSED JURY INSTRUCTIONS – FIRST PHASE |
| vs. | : : | DEFENDANTS' OBJECTIONS |
| MORGAN STANLEY & CO. INCORPORATED, et al., | : : : | |
| Defendants. | : : | |

# TABLE OF CONTENTS

**Page**

A.   **PRELIMINARY INSTRUCTIONS** .................................................................... **1**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**
      **Duty of the Jury** ..................................................................... **2**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**
      **Evidence** ..................................................................................... **3**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**
      **What Is Not Evidence** ....................................................... **5**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**
      **Conduct of the Jury** .......................................................... **6**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**
      **The Parties, the Description of the Case and the Parties' Contentions** ............. **8**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6**
      **Burden of Proof** .................................................................. **16**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7**
      **Outline of Trial** ................................................................... **18**

B.   **JURY CHARGE** ........................................................................................ **20**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8**
      **Juror Attentiveness** .......................................................... **21**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9**
      **Role of the Court** ............................................................... **22**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10**
      **Role of the Jury** ................................................................. **23**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11**
      **Statements of Court and Counsel Not Evidence** ................................ **25**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12**
      **Burden of Proof** .................................................................. **26**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13**
      **Evidence/What Is Not Evidence** ...................................... **28**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14**
Evidence for Limited Purpose ........................................................... **29**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15**
Official Translation........................................................................... **30**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16**
Direct and Circumstantial Evidence ................................................ **31**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17**
Inferences......................................................................................... **32**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18**
Credibility of Witnesses.................................................................... **33**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19**
Prior Inconsistent Statements or Acts............................................. **35**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**
Persons Not on Trial ......................................................................... **36**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21**
Interest in Outcome .......................................................................... **37**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**
Depositions........................................................................................ **38**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23**
Absence of Evidence ......................................................................... **39**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24**
Number of Witnesses ........................................................................ **40**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**
Cumulative Evidence ........................................................................ **41**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26**
Electronic Mail (E-mail) Presumptively Received............................ **42**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**
Expert Witnesses............................................................................... **43**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28**
Summaries and Charts Admitted as Evidence................................. **44**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29**
Summaries and Charts Not Admitted as Evidence ............................ **45**

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30**
      Improper Considerations ................................................................. **46**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31**
      Multiple Claims; Multiple Plaintiffs/Defendants ............................ **47**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32**
      Introduction to Plaintiffs' Claims ................................................. **48**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 33**
      Agency ............................................................................................ **49**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34**
      Fraud .............................................................................................. **50**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35**
      Aiding & Abetting .......................................................................... **52**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36**
      Proof of Knowledge or Intent ........................................................ **53**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37**
      Conscious Avoidance ..................................................................... **54**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 38**
      Defendants' State of Mind .............................................................. **55**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39**
      Violation of Internal Policies or Standards ................................... **56**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 40**
      Neither Motive, nor Intent to Violate the Law, Required ................... **57**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 41**
      Collective Knowledge .................................................................... **58**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 42**
      Other Acts – Common Scheme, Plan or Preparation ........................... **59**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 43**
      Could an Investor Have Discovered the Truth ................................ **60**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 44**
      Disclaimers and Cautionary Language ........................................... **61**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45**
      Causation ........................................................................................ **62**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46**
      **Right to See Exhibits and Hear Testimony**............................................................ **63**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 47**
      **Duty to Deliberate to Unanimous Verdict** .................................................. **64**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 48**
      **Note Taking by Jurors**.................................................................................... **66**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 49**
      **Selection of Foreperson** ................................................................................ **67**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 50**
      **Return of Verdict** .......................................................................................... **68**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 51**
      **Communication**............................................................................................... **69**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52**
      **Closing Comment**........................................................................................... **70**

819555_1

# A.   PRELIMINARY INSTRUCTIONS

# PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1

## Duty of the Jury

Members of the Jury:

Now that you have been sworn, I will briefly tell you about the case you are about to hear and the issues you will have to decide, as well as about your duties as jurors.  I will also give you some instructions.  At the end of the trial I will give you more detailed instructions, and those instructions will control your deliberations.

At the end of the presentation of the evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law, which I will give to you.  That is how you will reach your verdict.  In doing so, you must follow that law whether you agree with it or not.

You must not take anything I may say or do during the trial as indicating what your verdict should be.  Don't be influenced by my taking notes.  What I write down may have nothing to do with this trial or with what you will be concerned with at the trial.

AUTHORITY:    Docket No. 259-28, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 1 to the extent that it does not account for the bifurcation of trial.  Defendants propose adding the following language, as reflected in Defendants' Proposed Jury Instruction No. 1:

> Now that you have been sworn, I will briefly tell you about the case you are about to hear and the issues you will have to decide, as well as about your duties as jurors.  I will also give you some instructions.  **This trial will proceed in phases**.  At the end of **each phase of** the trial I will give you more detailed instructions, and those instructions will control your deliberations.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

### Evidence

You will decide what the facts are from the evidence that will be presented here in court. That evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits and any facts on which the lawyers agree or stipulate to or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none, for it is up to you to decide how much weight, if any, to give to any evidence.

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

At times during the trial I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I shall instruct that the answer be stricken from the record, and that you disregard it and dismiss it from your minds.

In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

The law requires that your decision be made solely upon the evidence before you.

The items I exclude from your consideration will be excluded because they are not legally admissible as evidence.

The law does not, however, require you to accept all of the evidence that I do admit.

In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents presented to you, and determine the weight you choose to give to each witness's testimony or to an exhibit.

There is no magical formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. At this time, suffice it to say, that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

AUTHORITY:     Docket No. 259-28, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 2 to the extent that it does not account for the bifurcation of trial. Defendants propose substituting the following language, as reflected in Defendants' Proposed Jury Instruction No. 2:

> There is no magical formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of **each phase**.

- 4 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

### What Is Not Evidence

As I have explained, the questions and objections of the attorneys are not evidence and neither is the testimony I instruct you to disregard.

The statements and arguments of the attorneys during any part of the trial are also not evidence.

Further, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses is not evidence.

Only what is admitted into evidence here when court is in session and all of the parties and jurors are present, is competent evidence.

AUTHORITY:    Docket No. 259-28, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:    Defendants have no objection.

- 5 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

### Conduct of the Jury

I caution you about certain principles governing your conduct as jurors.

First, do not communicate with each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not communicate with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. Additionally, do not post any information about your service as a juror or any information about this case on the Internet, for example, on Facebook, MySpace, Twitter, a blog, or any other web service.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately.

I have instructed all of the lawyers, the plaintiffs, the defendants, and the witnesses that they are not to speak to you or even acknowledge you with a hello or good morning outside of the courtroom. Therefore, do not hold it against them if they ignore you or should leave an area in which you are in. The reason for this rule is very simple. Someone watching from a distance might not hear what is said between an attorney and a juror and even a pleasantry could thereby create a misimpression.

Fourth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

819555_1

<u>Fifth</u>, do not do any research or any investigation about the case on your own.  Do not do any Internet research.  Even running a simple search on Google or any other search engine about this case or about anyone involved with this case would violate this duty.

The reason for these rules is fairly simple.  The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom after your deliberations with the other jurors.  Obviously, speaking to others, including your family and friends, outside of the deliberation process, or exposing yourself to evidence or information outside the courtroom would compromise your service and fairness to the parties.

AUTHORITY:   Docket No. 259-28, Instruction No. I.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 4 to the extent that it does not account for the bifurcation of trial.  Defendants propose substituting the following language, as reflected in Defendants' Proposed Jury Instruction No. 4:

<u>First</u>, do not communicate with each other about this case or about anyone who has anything to do with it until the end of <u>**each phase**</u> when you go to the jury room to decide on your verdict.

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**

**The Parties, the Description of the Case and the Parties' Contentions**

**<u>The Parties</u>**

The plaintiffs are fourteen (14) domestic and foreign entities that purchased securities, also known as "notes," issued by a structured investment vehicle known as the "Cheyne SIV."

Plaintiff Abu Dhabi Commercial Bank ("ADCB") is a bank headquartered in Abu Dhabi, United Arab Emirates.

Plaintiff King County, Washington ("King County") is a domestic public entity organized under the laws of the State of Washington.

Plaintiff SEI Investments Company ("SEI") is a public company traded on the NASDAQ stock exchange and headquartered in Oaks, Pennsylvania.

Plaintiff SEI Investment Strategies, LLC, is a limited liability company.  SEI Investment Strategies, LLC's sole member is SEI, a Pennsylvania corporation.

Plaintiff The Bank of N.T. Butterfield & Son Limited ("Butterfield") is a bank headquartered in Hamilton, Bermuda.

Plaintiff SFT Collective Investment Fund ("SFTCIF") is a company incorporated in the Cayman Islands.  SFTCIF is an investment fund headquartered in Boston, Massachusetts.

Plaintiff Deutsche Postbank AG ("Postbank") is a bank headquartered in Bonn, Germany.

Plaintiff Global Investment Services Limited ("GIS") is the trustee of investment funds managed by NZ Funds.  GIS is headquartered in Sydney, Australia.

Plaintiff Gulf International Bank B.S.C. ("GIB") is a bank headquartered in Manama, Kingdom of Bahrain.

- 8 -

Plaintiff Bank Hapoalim B.M. ("Bank Hapoalim") is a bank headquartered in Tel Aviv, Israel.

Plaintiff Bank SinoPac ("SinoPac") is a bank headquartered in Taiwan.

Plaintiff National Agricultural Cooperative Federation ("NACF") is an agricultural cooperative in South Korea.

Plaintiff Florida State Board of Administration ("FSBA") is an investment fiduciary organized under the laws of the State of Florida.

Plaintiff Commerzbank AG ("Commerzbank") is a bank headquartered in Frankfurt, Germany.

In this trial there are multiple defendants. They are the parties plaintiffs are suing for alleged violations of New York law.

Morgan Stanley & Co. Incorporated (now known as Morgan Stanley & Co. LLC) is a company with its principal place of business in New York, New York. Morgan Stanley & Co. International Limited (now known as Morgan Stanley & Co. International plc) is a company with its principal place of business in London, England. Morgan Stanley & Co. LLC and Morgan Stanley & Co. International plc are both wholly-owned subsidiaries of Morgan Stanley, a global financial services company incorporated under the laws of Delaware and headquartered in New York, New York. For convenience, I will refer to Morgan Stanley & Co. Incorporated and Morgan Stanley & Co. International Limited collectively as "Morgan Stanley."

Defendant The McGraw-Hill Companies, Inc. is a company with its principal place of business in New York, New York. Defendant Standard & Poor's Ratings Services is comprised of business units within wholly-owned subsidiaries, and businesses operating as divisions, of McGraw-Hill. S&P is a Nationally Recognized Statistical Rating Organization, or NRSRO, that issues credit

- 9 -

ratings on various types of bonds, debt, stocks, and countries.  These entities are referred to collectively as "S&P."

Defendant Moody's Investors Service, Inc. is a company with its principal place of business in New York, New York.  Moody's Investors Service, Inc. is an NRSRO that issues credit ratings on various types of bonds, debt, stocks, and countries.  Defendant Moody's Investors Service Ltd. is a company with its principal place of business in London, which also issues credit ratings.  These entities are referred to collectively as "Moody's."  Morgan Stanley, S&P, and Moody's will be referred to collectively as the "defendants."

## Description of the Case

The Cheyne SIV was a structured investment vehicle that issued notes for purchase by investors.  The Cheyne SIV was managed by Cheyne Capital Management, an entity based in London.  The Cheyne SIV was structured and arranged by Morgan Stanley.  S&P and Moody's are credit rating agencies.  S&P and Moody's were engaged to assign credit ratings to the notes issued by the Cheyne SIV.  The Cheyne SIV was launched in August 2005.  The plaintiffs are investors that purchased notes issued by the Cheyne SIV.  The Cheyne SIV collapsed in October 2007, after it could no longer make payments owed on the notes.

I will now describe the plaintiffs' and defendants' contentions in this case.  It is important for you to remember that this summary reflects the plaintiffs' and defendants' respective positions and is not intended by me to be, nor should you interpret it to be, a summary of the facts as I view them or as you must find them.  The following outline is provided solely to aid you in understanding the issues.  As I said earlier, your verdict should be based upon your view of the evidence after both plaintiffs and defendants present their respective cases and after you deliberate with your fellow jury members.

**Plaintiffs' Contentions**

In their first claim, plaintiffs allege that S&P and Moody's committed fraud by improperly structuring the Cheyne SIV, assigning false and misleading credit ratings to the Cheyne SIV notes, and making other false and misleading representations about the safety and soundness of the Cheyne SIV and its notes.  In their second claim, plaintiffs allege that Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV notes.  The third claim, which is brought on behalf of certain plaintiffs, alleges that Morgan Stanley made negligent misrepresentations to those plaintiffs by providing the false and misleading credit ratings and other representations and omissions about the safety and soundness of the Cheyne SIV and its notes to the plaintiffs in breach of the duties Morgan Stanley owed to plaintiffs.  At the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

In support of their claims, plaintiffs contend as follows:  S&P and Moody's assigned credit ratings to the Cheyne SIV's notes and made other statements about the safety and soundness of the Cheyne SIV and its notes that were false and misleading.  S&P and Moody's represented that the notes were a safe, stable investment and that the likelihood of plaintiffs being repaid in full was high even under severe economic conditions.  The ratings described assets that should survive the Great Depression.  The plaintiffs invested millions of dollars in the Cheyne SIV in reliance on the high credit ratings assigned to the Cheyne SIV's notes.

However, the evidence will show that the notes were neither safe nor stable and that plaintiffs suffered losses when the Cheyne SIV collapsed.  Moreover, S&P and Moody's used insufficient and improper models to rate the notes and the Cheyne SIV's underlying assets.  S&P and Moody's also

- 11 -

used inaccurate data and lacked sufficient data to accurately rate the Cheyne SIV notes and the Cheyne SIV's underlying assets. S&P and Moody's violated policies and succumbed to pressure from Morgan Stanley, which resulted in falsely inflated credit ratings. The rating agencies issued ratings on the Cheyne SIV's note and on the SIV's underlying assets that were compromised by conflicts of interest, in part because the rating agencies were paid by the issuers whose securities they rated. S&P and Moody's knew the credit ratings were false or recklessly disregarded the falsity of the credit ratings.

In addition, Moody's and S&P issued the false credit ratings for the purpose of inducing, or causing, the plaintiffs to purchase the Cheyne SIV notes.

Further, the false credit ratings on the Cheyne SIV notes concealed the poor quality of the Cheyne SIV, including the poor quality of the Cheyne SIV's underlying assets. When the true, poor quality of the Cheyne SIV's underlying assets was revealed, it caused the Cheyne SIV to collapse.

No investor could have discovered the fraud through the exercise of reasonable due diligence. This is because the information needed to uncover the fraud was peculiarly in the possession of Moody's and S&P.

Morgan Stanley aided and abetted S&P's and Moody's fraud by designing and structuring the Cheyne SIV and working together with and pressuring S&P and Moody's to formulate the credit ratings that were assigned by S&P and Moody's to the Cheyne SIV's notes. Morgan Stanley consistently exerted pressure on the rating agencies to obtain falsely inflated ratings on the Cheyne SIV's notes. Morgan Stanley had actual knowledge of S&P's and Moody's fraud because Morgan Stanley acted in tandem with S&P and Moody's to construct the Cheyne SIV and formulate the false credit ratings.

- 12 -

Morgan Stanley owed a duty to ADCB, Commerzbank, GIB, NACF, GIS, and Hapoalim to provide them with accurate information when communicating with plaintiffs concerning the Cheyne SIV. Morgan Stanley was a trusted advisor to plaintiffs. Morgan Stanley breached this duty by providing plaintiffs with the false and misleading credit ratings and making other false and misleading representations and omissions about the safety and soundness of the Cheyne SIV and its notes. Based on these breaches of duty, Morgan Stanley is liable for negligent misrepresentation. Again, at the appropriate time, I will instruct you as to which plaintiffs bring negligent misrepresentation claims.

Plaintiffs suffered hundreds of millions of dollars in monetary damages as a result of defendants' conduct due to the collapse of the Cheyne SIV.

### Defendants' Contentions

With respect to plaintiffs' claim of fraud against the Rating Agencies, the Rating Agencies contend that the ratings assigned to the Cheyne SIV were not false or misleading at the time they were issued because, among other things, they were justified by the underlying facts and analysis, and historical data, at the time they were issued and reflected the application of each Rating Agencies' respective publicly disclosed SIV rating criteria.

The Rating Agencies also contend that the Cheyne SIV ratings, like all credit ratings, were forward-looking opinions on the creditworthiness of the rated securities, and that the Cheyne SIV ratings represented the true and genuine beliefs of the respective Rating Agencies at the time the Cheyne SIV ratings were issued. The Rating Agencies' credit ratings on the Cheyne SIV notes expressed each agency's independent, honestly held opinion about the future creditworthiness of the Cheyne SIV. The Rating Agencies arrived at these forward-looking opinions through application of their own published criteria and their own separate committee processes whereby each agency's

- 13 -

Cheyne SIV rating committee conducted an extensive analysis of the Cheyne SIV based on factors set forth in publicly available criteria. This analysis involved qualitative assessments in addition to quantitative calculations. At all times, the respective rating committees that rated the Cheyne SIV honestly and genuinely believed in the ratings they assigned, and had reasoned bases for their opinions. The Rating Agencies were not inappropriately influenced (much less coerced) by Morgan Stanley or Cheyne Capital.

The Rating Agencies further contend that none of the plaintiffs can establish that it reasonably and justifiably relied on the credit ratings assigned to the Cheyne SIV by either Moody's or S&P including because: plaintiffs cannot provide evidence as to how their relevant credit/investment decisions were made; certain plaintiffs' credit/investment decisions were made before final ratings had been assigned; certain of the plaintiffs disregarded or disagreed with the ratings; plaintiffs understood the risks of the Cheyne SIV prior to investing; and/or many of the plaintiffs relied on their own analysis of the relevant risks and potential rewards, rather than the credit ratings. Any actual reliance by the plaintiffs would not have been reasonable or justifiable, including because plaintiffs were told that a rating is not a recommendation to buy, hold or sell a security, and because the Cheyne SIV notes were offered only to sophisticated institutional investors which were cautioned to and had the ability to, and in many cases did, conduct their own investigation and analysis of the Cheyne SIV.

The Rating Agencies further contend that the credit ratings did not represent that the Cheyne SIV was risk-free, but rather that the various securities issued by the Cheyne SIV had differing levels of relative creditworthiness, all of which were disclosed. Investors were told that the Cheyne SIV faced numerous risks, including market risk, and that investors could face losses if the SIV were forced to sell assets in a declining market environment. Investors also received accurate disclosures

- 14 -

concerning the Cheyne SIV's permitted, expected and actual investment portfolio, both prior to investing and on an ongoing basis thereafter.  Investors were told, among other things, that the Cheyne SIV was permitted, and expected, to invest heavily in subprime mortgage-backed securities. The structural protections of the Cheyne SIV were accurately disclosed to investors.

The Rating Agencies further contend that plaintiffs' alleged losses were not caused by the ratings, but rather were caused by market events including, but not limited to, an unprecedented global financial crisis that began in 2007, and by discretionary decisions made by plaintiffs and third parties.

Morgan Stanley contends that it cannot be liable for aiding and abetting fraud because there was no fraud, because it did not have actual knowledge of any alleged fraud, because it did not substantially assist any alleged fraud, and because any losses alleged by plaintiffs were not proximately caused by Morgan Stanley's conduct.

As to negligent misrepresentation,[1] Morgan Stanley contends that it did not owe a duty of care to any of the plaintiffs as a result of any special relationship of trust and confidence; that Morgan Stanley did not provide any plaintiff with any false or inaccurate information, or any information that it had reason to believe was false or inaccurate; that Morgan Stanley did not expect that any plaintiff would rely on its representations in deciding whether or not to purchase the Cheyne SIV notes; that Morgan Stanley did not act negligently or fail to exercise reasonable care; that none of the plaintiffs justifiably relied on any representation by Morgan Stanley; and that none of the plaintiffs suffered any financial loss as a result of any breach of any duty owed by Morgan Stanley.

---

[1]      Morgan Stanley has filed a Motion for Summary Judgment as to Plaintiffs' Negligent Misrepresentation Claim (Dkt. No. 522), which is currently under submission.

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 5's request that the Court instruct the jury that "The Cheyne SIV collapsed in October 2007, after it could no longer make payments owed on the notes," because it is factually incorrect and seeks to unduly influence the jury's consideration of a disputed issue of fact.  Defendants propose that the following language be substituted:  ***"The Cheyne SIV was declared insolvent in October 2007."***

- 16 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

### Burden of Proof

Before I summarize the elements that plaintiffs must prove on each of their claims, I will explain to you the burden of proof that plaintiffs have with respect to their claims. Plaintiffs bear the burden of proving their fraud-based claims by clear and convincing evidence. Plaintiffs bear the burden of proving their negligent misrepresentation claim by a preponderance of the evidence.

Plaintiffs have the burden of proving all of the elements of their claims for fraud and aiding and abetting fraud to you by clear and convincing evidence.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

Plaintiffs bear a different burden of proof with respect to the negligent misrepresentation claim against defendants Morgan Stanley.

Plaintiffs have the burden of proving every disputed element of the negligent misrepresentation claim to you by a preponderance of the evidence.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the

- 17 -

evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

This is only a summary.  I will instruct you fully on the burden of proof at the end of the trial.

AUTHORITY:     4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 73.01*, Instruction Nos. 73-3 and 73-2 (2012) (modified).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 6 on the ground that it misstates the law in presenting different burdens of proof as to plaintiffs' claims for fraud and negligent misrepresentation.  Plaintiffs' fraud claims and negligent misrepresentation claims are governed by the same standard: clear and convincing evidence.  *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) ("New York's high standard of 'clear and convincing' proof applies to actions for negligent misrepresentation as well as actions for intentional fraud.") (Scheindlin, J.); *see also King Cnty.*,

*Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304, 311 (S.D.N.Y. 2012) (Scheindld, J.); *Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 93 (S.D.N.Y. 1997) (Scheindld, J.); *Allen v. Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 284-85 (S.D.N.Y. 1997) (Scheindld, J.); *Watson v. Riptide Worldwide, Inc.*, 2013 WL 417372, at *4 (S.D.N.Y. Feb. 4, 2013) (negligent misrepresentation is a "type of fraud"); *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *12 (S.D.N.Y. Feb. 23, 2012) (same); *Lewis v. Rosenfeld*, No. 00 CIV. 5368, 2002 WL 441185, at *5 (S.D.N.Y. Mar. 20, 2002) (negligent misrepresentation is a "species of fraud") (Scheindld, J.); *Official Comm. of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 2002 WL 362794, at *16 (S.D.N.Y. Mar. 6, 2002) (same).

Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 6.  *See* Defendants' Proposed Jury Instruction No. 6.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### Outline of Trial

Finally, I would like to summarize the stages of the trial for you.  First, each party may, but doesn't have to, make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party thinks the evidence will show, and it is offered to help you follow the evidence.

Next, because plaintiffs bear the burden of proof here, plaintiffs will present witnesses and defendants may cross-examine them.  Then, if desired, defendants will present witnesses and plaintiffs may cross-examine them.  In this case to accommodate the fact that many witnesses travelled internationally to testify, certain witnesses will only be called once during the plaintiffs' case even if they would also have been called as witnesses in defendants' presentation of their case. You should draw no conclusion or make no inference based solely on the fact that a witness was called first by the plaintiff because as a procedural matter, due to the burden of proof, the plaintiffs are required to call witnesses first.

Possibly, I will permit plaintiffs to present additional witnesses to rebut defendants' evidence.  After that, the attorneys will make their closing arguments to summarize and give you their interpretations of the evidence.  Obviously, like opening statements, the closing arguments are not evidence.  After the closing summations, I will give you instructions on the law and then you will retire to deliberate on your verdict.

Do not make up your mind about what the verdict should be until after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.  All parties deserve, and the law requires, that you give them an opportunity to be heard fully.

AUTHORITY:   Docket No. 259-28, Instruction No. IV., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants object to Plaintiffs' Proposed Instruction No. 7 to the extent that it fails to account for bifurcation of the trial.  Defendants propose to substitute the following language:

Do not make up your mind about what the verdict should be until after I have instructed you on the law at the end of **each phase of** the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence.

Defendants also propose an additional instruction on bifurcation, as set forth in Defendants' Proposed Instructions-First Phase, No. 8.

- 21 -

## B.   JURY CHARGE

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8**

**Juror Attentiveness**

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case.  Before you do that, I will instruct you on the law.  Please pay close attention to me.  I will go slowly and will be as clear as possible.

AUTHORITY:     Docket No. 259-29, Instruction No. I.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants object to Plaintiffs' Proposed Instruction No. 8 to the extent that it fails to account for bifurcation of the trial.  Defendants propose to substitute the following language:

> Members of the jury, you are about to begin your final duty **in this phase of your deliberations**, which is to decide the fact issues in this case.

- 23 -

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9**

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.


AUTHORITY:    Docket No. 259-29, Instruction No. I.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:    Defendants object to Plaintiffs' Proposed Instruction No. 9 to the extent that it fails to account for bifurcation of the trial.  Defendants propose to add the following language:

> You have now heard all of the evidence in **this phase of** the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over **this phase of** the trial and to decide what testimony and evidence is relevant under the law for your consideration.

- 24 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

### Role of the Jury

As I have said, your role is to consider and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. Similarly, remember that a question put to a witness is never evidence. Only the answer is evidence. However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence – not the lawyers' and not mine – that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether any of the plaintiffs has or has not proven its claims.

- 25 -

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were intended only for clarification or to move things along. They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses. It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

AUTHORITY:   Docket No. 259-29, Instruction No. I.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants have no objection.

- 26 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11

### Statements of Court and Counsel Not Evidence

You should draw no inference or conclusion for or against any party by reason of lawyers making objections.  Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.[2]

Also, do not draw any inference from any of my rulings.  The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not plaintiffs have proven their claims by clear and convincing evidence.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.

AUTHORITY:    Docket No. 259-29, Instruction No. I.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

OBJECTION:    Defendants have no objection.

---

[2]    *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 3, at 4).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12

### Burden of Proof

Before I summarize the elements that plaintiffs must prove on each of their claims, I will explain to you the burden of proof that plaintiffs have with respect to their claims. Plaintiffs bear the burden of proving their fraud-based claims by clear and convincing evidence. Plaintiffs bear the burden of proving their negligent misrepresentation claim by a preponderance of the evidence.

Plaintiffs have the burden of proving all of the elements of their claims for fraud and aiding and abetting fraud to you by clear and convincing evidence. If you conclude that the party bearing the burden of proof has failed to establish its claim by clear and convincing evidence, you must decide against it on the issue you are considering.

What does "clear and convincing evidence" mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

Plaintiffs bear a different burden of proof with respect to the negligent misrepresentation claim against defendant Morgan Stanley.

Plaintiffs have the burden of proving every disputed element of the negligent misrepresentation claim to you by a preponderance of the evidence. If you conclude that plaintiffs

- 28 -

have failed to establish their claim by a preponderance of the evidence, you must decide against them on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

AUTHORITY:      4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 73.01*, Instruction Nos. 73-3 and 73-2 (2012) (modified).

OBJECTION:      Defendants object to Plaintiffs' Proposed Jury Instruction No. 12 on the ground that it misstates the law in presenting different burdens of proof as to plaintiffs' claims for fraud and negligent misrepresentation.  Plaintiffs' fraud claims and negligent misrepresentation claims are governed by the same standard: clear and convincing evidence.  *Fromer v. Yogel*, 50 F. Supp. 2d 227, 243 (S.D.N.Y. 1999) ("New York's high standard of 'clear and convincing' proof applies to actions for negligent misrepresentation as well as

- 29 -

819555_1

actions for intentional fraud.") (Scheindlin, J.); *see also King Cnty.,
Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 304,
311 (S.D.N.Y. 2012) (Scheindlin, J.); *Berger v. Cantor Fitzgerald Sec.*, 967 F.
Supp. 91, 93 (S.D.N.Y. 1997) (Scheindlin, J.); *Allen v. Westpoint-Pepperell,
Inc.*, 11 F. Supp. 2d 277, 284-85 (S.D.N.Y. 1997) (Scheindlin, J.); *Watson v.
Riptide Worldwide, Inc.*, 2013 WL 417372, at *4 (S.D.N.Y. Feb. 4, 2013)
(negligent misrepresentation is a "type of fraud"); *Harborview Value
Masterfund, L.P. v. Freeline Sports, Inc.*, 2012 WL 612358, at *12 (S.D.N.Y.
Feb. 23, 2012) (same); *Lewis v. Rosenfeld*, 2002 WL 441185, at *5 (S.D.N.Y.
Mar. 20, 2002) (negligent misrepresentation is a "species of fraud")
(Scheindlin, J.); *Official Comm. of Unsecured Creditors v. Donaldson, Lufkin
& Jenrette Sec. Corp.*, 2002 WL 362794, at *16 (S.D.N.Y. Mar. 6, 2002)
(same).

Defendants propose an alternate instruction to Plaintiffs' Proposed Jury
Instruction No. 12.  *See* Defendants' Proposed Jury Instruction No. 6.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13

### Evidence/What Is Not Evidence

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of witnesses, on both direct and cross-examination, whether offered in live testimony or by video-taped deposition, regardless of who called the witness;

(2)    any facts to which all the lawyers have agreed or stipulated;

(3)    any fact that I have instructed you to accept as true; and

(4)    the documents and exhibits that have been received into evidence.

Nothing else is evidence; not what the lawyers say, not what I say, and not anything you may have heard outside the courtroom.  I must stress again that anything you may have seen or heard when the Court was not in session is not evidence.[3]  You are to decide the case solely on the evidence received during the trial.[4]

AUTHORITY:    Docket No. 259-29, Instruction No. I.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 13 on the ground that it is an incomplete jury instruction. Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 13.  *See* Defendants' Proposed Jury Instruction No. 13 (citing *Zubulake* v. *UBS Warburg*, 2005 WL 6180412 (SAS) (S.D.N.Y. Apr. 4, 2005) – Judge's Instructions/Charge to the Jury, at 3; *In re Vivendi Universal, S.A. Securities Litigation*,  02 Civ. 5571 (S.D.N.Y.  2010) (Holwell, J.) (Charge to the Jury No. 17, at 20); *see also* 4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil* ¶ 71-14 (Publicity – Final Charge); Federal Jury Practice & Instructions – Civil § 103.04 (Juror use of electronic communication technologies – Notes)).

---

[3]    *Zubulake v. UBS Warburg*, 2005 WL 6180412 (SAS) (S.D.N.Y. Apr. 4, 2005) – Judge's Instructions/Charge to the Jury, at 3.

[4]    *Id.*

- 31 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

### Evidence for Limited Purpose

You will recall that during the course of the trial I instructed you that I admitted certain evidence only for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

AUTHORITY:   Docket No. 259-29, Instruction No. I.G., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 14 on the ground that it is an incomplete jury instruction that does not adequately instruct the jurors regarding the evidence that may be admitted against only some but not all Defendants or Plaintiffs. As written, Proposed Jury Instruction No. 14 may result in confusion by the jury if and when presented with evidence that is admitted against one party and not another. Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 14, which includes the following paragraph in addition to the language proposed by plaintiffs:

Similarly, you will recall that during the course of the trial I instructed you that I admitted certain evidence against some plaintiffs or defendants, but not all plaintiffs or defendants. You must consider this evidence only as to the plaintiff or plaintiffs or defendant or defendants as to which it was admitted. You will receive a list identifying all of the exhibits that have been admitted into evidence through the course of the trial. That list will indicate which exhibits you may consider as to which defendants or plaintiffs as well as any other limitations on the purpose for which you may consider a particular exhibit.

*See* Defendants' Proposed Jury Instruction No. 14 (citing *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 6, at 8)).

- 32 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15

### Official Translation

Foreign languages have been used at various times during this trial.[5]  When an interpreter or translator has been used, you are to consider only that evidence provided through the interpreter or translator.[6]  Similarly, some of the documents in this case have been translated from foreign languages into English, and you are to consider only the English translation provided to you. Although some of you may know certain of these foreign languages, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in English.  You must ignore any different meaning of the words in the foreign language.

AUTHORITY:   Docket No. 259-29, Instruction No. I.H., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 15 on the ground that it is an incomplete jury instruction that does not address the potential that some testimony, in addition to documents, may be presented in a language other than English.  Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 15, which adds the following paragraph to the language proposed by plaintiffs:

You must also remember that it is the witness's credibility and demeanor that matters as you gauge the credibility of the proffered testimony.  You should not focus on the appearance, demeanor, attitude, or other characteristics of the interpreter.  Rather, your credibility determination must be based upon your observation of the witness and whether you find the witness to be believable.  The interpreter's role is simply to translate into English the testimony that would otherwise be incomprehensible to you – he/she is

---

[5]    *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 6).

[6]    *Id.*

not a party to this litigation and has no independent knowledge of the facts being presented.

*See* Defendants' Proposed Jury Instruction No. 15.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16**

**Direct and Circumstantial Evidence**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses – something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then, later, as you were sitting here, people began walking in with wet umbrellas and, soon after, other people walked in with wet raincoats.

Now, on these facts, you cannot look outside the Courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, based on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer, from established facts, the existence or nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and you can give them such weight as you conclude is warranted.

AUTHORITY:     Docket No. 259-29, Instruction No. I.I., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 16 with respect to its inclusion of the following sentence, which is unnecessary and confusing:

- 35 -

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and you can give them such weight as you conclude is warranted.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

### Inferences

During the trial, you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a logical conclusion that you, the jury, are permitted to draw – but not required to draw – from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendants does not relieve plaintiffs of the burden of establishing their case.  In order for plaintiffs to obtain a verdict in their favor, you must still believe from the evidence that plaintiffs have sustained the burden cast upon them.

AUTHORITY:     Docket No. 259-29, Instruction No. I.J., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants have no objection.

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18

### Credibility of Witnesses

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness appear?  What was the witness's demeanor while testifying?  Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives the witnesses may have for testifying in a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their

- 38 -

testimony is consistent with other evidence that you believe.  You should also consider the witnesses' opportunity to have seen or heard the things they testify about.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

AUTHORITY:   Docket No. 259-29, Instruction No. I.K., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants have no objection.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19

### Prior Inconsistent Statements or Acts

You may consider statements given by plaintiffs' or defendants' current or former employees before trial as evidence of the truth of what that person said in earlier statements, as well as in deciding what weight to give their testimony. Similarly, you may consider statements given by any witness under oath before trial as evidence of the truth of what that witness said in earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to that testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

AUTHORITY:   Federal Civil Jury Instructions of the Seventh Circuit 1.14 (2010) (modified); Fed. R. Evid. 801(d)(2).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 19 on the ground that it is incomplete, confusing and seeks to substitute a pattern instruction from outside the Second Circuit for a more appropriate instruction previously given by this Court. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 19 on the ground that it fails to distinguish between former and current employees of the defendants, and thus ignores the necessary evidentiary question of whether an individual was acting in its capacity as an employee at the time of a statement. Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 19. *See* Defendants' Proposed Jury Instruction No. 19 (citing *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 11-12)).

- 40 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable to plaintiffs or defendants, from the fact that any person or entity is not on trial before you at the present time.  You should not concern yourself with the disposition as to those other persons or entities, but should consider only the issues between plaintiffs and defendants.

AUTHORITY:   Docket No. 259-29, Instruction No. I.M., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

OBJECTION:   Defendants have no objection.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21

### Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Current executives and officers of both plaintiffs and defendants have an interest in the outcome of this litigation. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest. Therefore, you should bear that factor in mind when evaluating the credibility of their testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

AUTHORITY:   Docket No. 259-29, Instruction No. I.N., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

OBJECTION:   Defendants have no objection.

- 42 -

819555_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**

**Depositions**

Some of the testimony has been presented in the form of depositions that have been received in evidence.  A deposition is a procedure where the attorneys for one side may question a witness or adversary party under oath before a court reporter prior to trial.  This is part of pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony a witness gave at trial.

AUTHORITY:     Docket No. 259-29, Instruction No. I.O., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants have no objection.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23

### Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

AUTHORITY:   Docket No. 259-29, Instruction No. I.P., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 23 on the ground that it is incomplete, potentially confusing, and ignores the reality of the evidence likely to be introduced in this case.  Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 23, which adds the following two sentences:

> During this phase of the trial, you may have seen, among the exhibits received into evidence, some documents that are redacted.  "Redacted" means that part of the document has been removed for reasons that are not your concern.  You are to concern yourself only with the part of the document that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been redacted.

*See* Defendants' Proposed Jury Instruction No. 23 (citing *Zubulake* v. *UBS Warburg*, 2005 WL  6180412 (SAS) (S.D.N.Y. Apr. 4,  2005) – Judge's Instructions/Charge to  the Jury, at 5; *Liberty  Media Corp.* v. *Vivendi Universal,  S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 15)).

- 44 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24

### Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the

testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

AUTHORITY:   Federal Civil Jury Instructions of the Seventh Circuit 1.17 (2008).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 24 on the
ground that it is proffered without any support from within the Second Circuit.
To the extent an instruction concerning the number of witnesses is deemed
appropriate, such instruction should accompany an instruction concerning the
credibility of witnesses to ensure appropriate context.  Plaintiffs' Proposed
Jury Instruction No. 18 adequately instructs the jury regarding the number of
witnesses to the extent such an instruction is deemed appropriate.  *See, e.g.,*
Fed. Jury Prac. & Instr. § 104:54 (6th ed.).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**

**Cumulative Evidence**

Individual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it.  The sum of an evidentiary presentation may well be greater than its constituent parts.  A piece of evidence, unreliable in isolation, may become quite probative when corroborated by other evidence.

AUTHORITY:     *Bourjaily v. United States*, 483 U.S. 171, 179-80 (1987).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 25 on the ground that it seeks to unduly influence the jury's consideration of plaintiffs' evidence and is without legal support as a jury instruction. Plaintiffs point the Court to no case or pattern jury instruction setting forth the concept embodied in Plaintiffs' Proposed Jury Instruction No. 25.  Rather, the case cited to by plaintiffs concerns: (i) the resolution by the Court of a "preliminary factual question[]" necessary to aid the Court in its determination of admissibility; and (ii) the application of the lesser preponderance of the evidence burden of proof.  *Bourjaily*, 483 U.S. at 175

- 46 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26**

**Electronic Mail (E-mail) Presumptively Received**

To the extent the evidence presented to you involves e-mail communications, you must presume that such e-mail communications were actually received by the intended recipients.

AUTHORITY: *Dempster v. Dempster*, 273 Fed. App'x 67 (2d Cir. 2008), *aff'g*, *Dempster v. Dempster*, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005); *American Boat Co., Inc. v. Unknown Sunken Barge*, 418 F.3d 910, 913-14 (8th Cir. 2005); *Kennell v. Gates*, 215 F.3d 825, 829-30 (8th Cir. 2000).

OBJECTION: Defendants object to Plaintiffs' Proposed Jury Instruction No. 26 on the ground that it improperly seeks to introduce into this case a presumption with no legal support in this Circuit, unduly influence the jury's consideration of e-mail evidence, and is without any legal support – either within the Second Circuit or elsewhere – as a jury instruction. Plaintiffs direct the Court to no actual or pattern jury instruction setting forth the concept embodied in Plaintiffs' Proposed Jury Instruction No. 26. The closest plaintiffs come to producing support for their requested presumption of receipt is in the context of a court's official ECF notification system, which is deemed reliable and properly functioning for the purpose of determining whether litigants received intended notifications. *See Dempster v. Dempster*, 273 Fed. App'x 67 (2d Cir. 2008). The majority of plaintiffs' cited cases do far less and can be read to create a presumption, if at all, only upon a showing that the email system at issue is "generally reliable and that the particular message was properly dispatched." *American Boat Co., Inc. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005).

Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 26. *See* Defendants' Proposed Jury Instruction No. 24 (citing *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985); *In re Robinson*, 228 B.R. 75, 81 (E.D.N.Y. 1998)).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**

**Expert Witnesses**

In this case, several expert witnesses – **[LIST]** – were permitted to express an opinion about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

The fact that an expert may have relied on someone else's statement in forming his opinion is not evidence that the statement was true. You should assess the credibility of each fact witness independently.

AUTHORITY:   Docket No. 259-29, Instruction No. I.Q., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants have no objection.

- 48 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28**

**Summaries and Charts Admitted as Evidence**

The plaintiffs (or defendants) have presented certain exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-11 (2012) (modified).

OBJECTION:    Defendants have no objection.

- 49 -

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29

### Summaries and Charts Not Admitted as Evidence

Other charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.06*, Instruction No. 74-12 (2012) (modified).

OBJECTION:   Defendants have no objection.

- 50 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30**

**Improper Considerations**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you have about any party or witness based on economic status, a witness's preference to testify in his or her native language, a witness's inability to speak English, or a witness's difficulty in speaking English.

AUTHORITY:   Docket No. 259-29, Instruction No. I.T., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants have no objection.

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31

### Multiple Claims; Multiple Plaintiffs/Defendants

You must give separate consideration to each claim and each party in this case.  Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.  Although there are 14 plaintiffs in this action, it does not follow that if one plaintiff is successful, the others are, too.

AUTHORITY:    Federal Civil Jury Instructions of the Seventh Circuit 1.25 (2010).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 31 on the ground that it is incomplete, improperly attempts to unduly influence the jury, and is proffered without legal support from within the Second Circuit. Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 31, which adds the following three sentences:

> You must give separate consideration to each claim and each party in this case.  Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.  **Each defendant is entitled to a fair consideration of the evidence that applies to that defendant.  No defendant is to be prejudiced should you find against one or more of the other defendants. Similarly**, although there are 14 plaintiffs in this action, it does not follow that if one plaintiff is entitled to recover, all are entitled to recover.  **The defendants are entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against each defendant.**

*See* Defendants' Proposed Jury Instruction No. 29 (citing Fed. Jury Prac. & Inst. § 103:14 (6th ed.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 19, at 22); Fed. Jury Prac. & Instr. § 103:13 (6th ed.)).

- 52 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32**

**Introduction to Plaintiffs' Claims**

I will now instruct you on the law that governs plaintiffs' claims in this case. Plaintiffs bring this action based on three separate claims. First, plaintiffs bring a claim for fraud against Moody's and S&P.

Second, plaintiffs bring a claim against Morgan Stanley for aiding and abetting the alleged fraud perpetrated by Moody's and S&P.

Third, certain plaintiffs bring a claim against Morgan Stanley for negligent misrepresentation.

AUTHORITY:    Docket No. 259-29, Instruction No. II.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

OBJECTION:    Defendants have no objection.

- 53 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 33

### Agency

In considering the following instructions, remember that plaintiffs and defendants are corporations and/or legal entities, not individuals, and thus can only act through their agents. That is, statements and actions by plaintiffs' and defendants' officers and employees acting within the scope of their employment are imputed to the corporation and/or legal entity.

AUTHORITY:    Docket No. 259-29, Instruction No. II.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 33 on the ground that it is potentially confusing to the jury and disregards the separate inquiry that must be made regarding a corporation's state of mind as set forth in *Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190 (2d Cir. 2008), and its progeny. Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 33, which adds the following sentence:

> For various purposes, I will instruct you separately as to circumstances in which you need only address the thought process or state of mind of specific individuals without regard to what others in the corporation said or thought.

*See* Defendants' Proposed Jury Instruction No. 31 (citing *Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190 (2d Cir. 2008)).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 34**

**Fraud**

Plaintiffs' first claim is for fraud.

Plaintiffs seek to recover damages that they claim were caused by a fraud committed by defendants Moody's and S&P in issuing their ratings on the Cheyne SIV notes and making other false and misleading representations about the safety and soundness of the Cheyne SIV and its notes. In order to recover for fraud, plaintiffs must prove by clear and convincing evidence that defendants issued the representations; that the representations were false or misleading; that defendants knew the representations were false or issued the representations recklessly without regard to whether the representations were true or false; that defendants issued the representations for purposes of inducing potential investors to rely upon them; and that the actions of Moody's or S&P proximately caused plaintiffs' harm.

Plaintiffs have the burden of proving, by clear and convincing evidence:

First, that defendants made a representation of fact;

Second, that the representation was false or misleading;

Third, that defendants knew the representation was false or misleading or made the representation recklessly without regard to whether it was true or false or misleading;

Fourth, that defendants made the representation for purposes of inducing potential investors to purchase Cheyne SIV notes; and

Fifth, that the actions of Moody's or S&P proximately caused plaintiffs' harm.

The first question you will be asked to decide is whether defendants made the representation. If you find that defendants did not make the representation, you need proceed no further on the claim of fraud. If you find that defendants did make the representation, you must next decide whether the

- 55 -

representation was true or false or misleading.  If you find that the representations were unsupported by reasoned analysis or without a factual foundation, then you must find that those representations were false or misleading.  If the representations were true, you need proceed no further on the claim of fraud.

If the representations were false or misleading, you must next decide whether defendants knew they were false or misleading or issued them recklessly without regard to whether they were false or misleading.  Recklessness may be established by a showing of carelessness approaching indifference, or by showing that a statement was made without regard for whether it was true or false.

If you find that defendants did not know the representations were false or misleading and that defendants did not issue them recklessly, you need proceed no further on the claim of fraud.  If you find that defendants did know the representations were false or misleading or acted recklessly, you must next decide whether the representations were made for purposes of inducing potential investors to purchase Cheyne SIV notes.  Finally, plaintiffs must prove that the actions of Moody's or S&P proximately caused plaintiffs' harm.

AUTHORITY:   2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012) (modified); *Todd v. Pearl Woods, Inc.*, 248 N.Y.S.2d 975, 977 (2d Dep't 1964), *aff'd*, 257 N.Y.S.2d 937 (1965); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *4, *10 (S.D.N.Y. Aug. 17, 2012); *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465 (2011).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 34 in its entirety and propose an alternate instruction on fraud at Defendants' Proposed Jury Instruction No. 32, 32A–H.

Specifically, Defendants object to Plaintiffs' Proposed Jury Instruction No. 34 on the ground that it ignores the Court's prior ruling that the only alleged actionable misstatements are the Cheyne SIV credit ratings.  (Defendants are proposing instructions that accord with that and other pretrial rulings while

reserving their rights to challenge those rulings, if necessary, on appeal or otherwise at the appropriate stage of this litigation.)  Defendants further object to Plaintiffs' Proposed Jury Instruction No. 34 on the ground that it fails to account for legal precedent within the Second Circuit regarding the proof necessary to establish fraud when the alleged misstatement is an opinion and it also fails to provide sufficient detail regarding each element of plaintiffs' fraud claim to guide the jury in its deliberations.  Defendants further object on the ground that Plaintiffs' Proposed Jury Instruction No. 34 does not reference reliance as an element of their fraud claim or explain to the jury that a consideration of this element will be deferred until Phase 2 of trial.

**Fraud Generally:** *New York Pattern Jury Instructions–Civil*, § 3:20 (3d ed. 2011) (common law fraud); *City of Omaha, Nebraska Civilian Employees' Retirement System* v. *CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012); *Fait* v. *Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011); *Crigger* v. *Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *MacDraw, Inc.* v. *CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 960-61 (2d Cir. 1998); *Banque  Arabe et Internationale D'Investissement* v.  *Maryland National Bank*, 57 F.3d 146, 153 (2d Cir. 1995); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co.  Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *10-*11 (S.D.N.Y. Aug. 17, 2012) (Scheindlin, J.); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y.  2012); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *Podany* v. *Robertson Stephens, Inc.*, 318 F.  Supp. 2d 146, 154 (S.D.N.Y. 2004); *Century Pacific, Inc.* v. *Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 219 (S.D.N.Y. 2007); *SNCB Corporate Finance Ltd.* v. *Schuster*, 877 F.  Supp. 820, 826 (S.D.N.Y. 1994), *aff'd* 71 F.3d 406 (2d Cir. 1995); *Mann* v. *Levy*, 776 F. Supp. 808, 813 (S.D.N.Y. 1991); *Hutton* v. *Klabal*, 726 F. Supp. 67, 71 (S.D.N.Y. 1989); *Mandarin Trading  Limited* v. *Wildenstein*, 16 N.Y.3d 173, 178 (2011); *Gaidon* v. *Guardian Life Insurance Co. of  America*, 94 N.Y.2d  330, 349-50 (1999); *Stuart Lipsky, P.C.* v. *Price*, 315 A.D.2d 102, 103 (1st Dep't 1995); *see also Boca Raton Firefighters & Police Pension Fund* v.  *Bahash*, 2012 WL 6621391 (2d Cir. Dec. 20, 2012); **Fraud Based on an Opinion: Knowingly False Representation:** *New York Pattern Jury Instructions–Civil*, § 3:20, cmt. I.A. (3d ed. 2011) (common law fraud) ("A representation is made when by words or act an impression is communicated to the mind of another person." (citing *Chase Manhattan Bank, N.A. v. Perla*, 411 N.Y.S.2d 66 (4th Dep't 1978)); *Ohio Police & Fire Pension  Fund* v. *Standard & Poor's Financial  Services, LLC*, ---F.3d --- , 2012  WL 5990337, at *10-11 (6th Cir. Dec. 3, 2012); *City of Omaha, Nebraska Civilian Employees' Retirement System* v. *CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012); *Fait* v. *Regions Financial Corp.*, 655 F.3d 105, 111-12 (2d Cir. 2011); *In re Lehman Brothers Mortgage-Backed Securities Litigation*, 650 F.3d 167, 183 (2d. Cir. 2011); *Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 776 (1st Cir. 2011); *Compuware Corp.* v. *Moody's Investors Services, Inc.,* 499 F.3d 520, 529 (6th Cir. 2007); *MacDraw, Inc.* v. *CIT Group Equipment Financing, Inc.*, 157 F.3d 956, 960-61

(2d Cir. 1998); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & . Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *4, n.83, *10-*11 (S.D.N.Y. Aug. 17, 2012); *Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012); *Billhofer* v. *Flamel Techs., S.A.*, 2012 WL 3079186, at *10 (S.D.N.Y. July 30, 2012); *In re Merrill Lynch Auction Rate Securities Litigation*, 2011 WL 536437, at *12 (S.D.N.Y. Feb. 9, 2011), *aff'd, Anschutz Corp.* v. *Merrill Lynch & Co.*, 2012 WL 3518537 (2d Cir. Aug. 14, 2012); *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011); *New Jersey Carpenters Health Fund* v. *Residential Capital, LLC*, 2010 WL 1257528, at *6 (S.D.N.Y. Mar. 31, 2010); *Podany v. Robertson Stephens, Inc.*, 318 F. Supp. 2d 146, 154 (S.D.N.Y. 2004); *SNCB Corporate Finance Ltd.* v. *Schuster*, 877 F. 820, 826 (S.D.N.Y. 1994), *aff'd* 71 F.3d 406 (2d Cir. 1995); *Mann* v. *Levy*, 776 F. Supp. 808, 813 (S.D.N.Y. 1991); *Hutton* v. *Klabal*, 726 F. Supp. 67, 71 (S.D.N.Y. 1989); *Stuart Lipsky, P.C.* v. *Price*, 315 A.D.2d 102, 103 (1st Dep't 1995); *Crigger* v. *Fahnestock*, 01 Civ. 781 (S.D.N.Y. Apr. 18, 2005) (Tr. of Charge to Jury at 1002-03) (common law fraud); *see also Mandarin Trading Ltd.* v. *Wildenstein*, 16 N.Y.3d 173, 179 (2011); *Consolidated Bus Transit, Inc.* v. *Treiber Group, LLC*, 97 A.D.3d 778, 779 (2d Dep't 2012); *New York Pattern Jury Instructions –Civil*, § 3:20 (common law fraud – supplemental instruction) ("As a general rule only factual representations are actionable, and a representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud. . . . [A] false statement of opinion, whether of law or fact, if misrepresented as a sincere opinion, is actionable, provided there is reasonable."); <u>*C.f. Boca Raton Firefighters & Police Pension Fund* v. *Bahash*</u>, 2012 WL 6621391 (2d Cir. Dec. 20, 2012); Kevin F. O'Malley, et al., Federal Jury Practice and Instructions-Civil, § 162.232 (5th ed.) (10b-5) *id.* § 162.284; **Rating Committees:** *Teamsters Local 445 Freight Division Pension Fund* v. *Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *In re Vivendi Universal, S.A. Securities Litigation*, 765 F. Supp. 2d 512, 543 (S.D.N.Y. 2011); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Howell, J.) (Charge to the Jury No. 23, at 27, No. 24 at 31) (10b-5); *see also Federal Housing Finance Agency* v. *UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012); *In re Lehman Brothers Securities and ERISA Litigation*, 684 F. Supp. 2d 485, 495 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 167 (2d Cir. 2011); **False Representation (Hindsight):** *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *11 (S.D.N.Y. Aug. 17, 2012); *see also Plumbers' Union Local No. 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 775-76 (1st Cir. 2011); *Pattern Civil Jury Instructions: Eleventh Circuit*, Civil Cases, § 4.2 (2005) (10b-5); **Purpose to Induce Reliance:** *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud); **Corporate State of Mind:** *Teamsters Local 445 Freight Div. Pension Fund.* v. *Dynex Capital, Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512,

543 (S.D.N.Y. 2011) (Holwell, J.); *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Howell, J.) (Charge to the Jury No. 23, at 27, No. 24 at 31) (10b-5) (S.D.N.Y. 2011); *see also Mizzaro v. Home Depot, Inc.*, 544 F3d 1230, 1254-55 (11th Cir. 2008); *Makor Issues & Rights, Limited v. Tellabs Inc.*, 513 F. 3d 702, 707 (7th Cir. 2008); *Federal Housing Finance Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re General Electric Co. Securities Litigation*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012); **Actual and Justifiable Reliance:** *New York Pattern Jury Instructions – Civil*, § 3.20 (3d ed. 2011) (common law fraud); *see also Banque Arabe et Internationale D'Investissement v. Maryland National Bank*, 57 F.3d 146, 156 (2d Cir. 1995); *Stuart Silver Associates, Inc. v. Baco Development Corp.*, 245 A.D.2d 96, 98 (1st Dep't 1997); *Federal Jury Practice and Instructions-Civil*, § 162.233 (5th ed.) (10b-5); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.); **Proximate Causation:** *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *4 (S.D.N.Y. Aug. 17, 2012); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 105 (2d Cir. 2001); *Federal Jury Practice and Instructions-Civil*, § 123:02 (5th ed.) (common law fraud); *id.* at § 162:300 (10b-5); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27) (10b- 5); **Proximate Causation (Other Causes):** *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005); *In re Flag Telecom Holdings, Ltd. Securities Litigation,* 574 F.3d 29, 36 (2d Cir. 2009); *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 174 (2d Cir. 2005); *Liberty Media Corp. v. Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Jury Charge, at 31); Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions-Civil*, § 120.64 (5th ed. 2012) (negligence); *New York Pattern Jury Instructions – Civil*, § 2.72 (Proximate Cause − Intervening Cause); *see also Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 18 (2d Cir. 2007); *In re Omnicom Group, Inc. Securities Litigation*, 541 F. Supp. 2d 546, 553-54 (S.D.N.Y. 2008), *aff'd*, 597 F.3d 501 (2d Cir. 2010); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec., LLC*, 646 F. Supp. 2d 385, 403-04 (S.D.N.Y. 2009), *aff'd* 386 F. App'x 5 (2d Cir. 2010); *Laub v. Faessel*, 297 A.D.2d 28, 32 (1st Dep't 2002); *Movitz v. First Nat'l Bank of Chicago*, 148 F.3d 760, 762-64 (7th Cir. 1998).

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 35

### Aiding & Abetting

Plaintiffs' second claim is for aiding and abetting fraud against Morgan Stanley. In order to recover for aiding and abetting fraud, plaintiffs must prove by clear and convincing evidence that Moody's or S&P knowingly or recklessly made a materially false or misleading statement or omission, that Morgan Stanley knew the statement(s) or omission(s) was false or misleading, and that Morgan Stanley provided substantial assistance in those acts or omissions. Substantial assistance exists where defendants affirmatively assist, help conceal, or by virtue of failing to act when required to do so, enable the acts or omissions to proceed.

AUTHORITY:   2 New York Pattern Jury Instructions, Civil PJI 3:20 at 204 (2d ed. 2012); *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d (1st Dep't 1996); *Stevenson Equip., Inc. v. Chemig Constr. Corp.*, 565 N.Y.S.2d 318 (3d Dep't 1991); *Williams v. Sidley Austin Brown & Wood, L.L.P.*, 832 N.Y.S.2d 9 (1st Dep't 2007); *P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V.*, 754 N.Y.S.2d 245 (1st Dep't 2003); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *12 (S.D.N.Y. Aug. 17, 2012); *King Cnty. v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 664-65 (S.D.N.Y. 2010).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 35 in its entirety and propose an alternate instruction at Defendants' Proposed Jury Instruction Nos. 42, 42A-D.

Specifically, Defendant object to Plaintiffs' Proposed Jury Instruction No. 35 on the ground that it ignores the Court's prior ruling that the only alleged actionable misstatement is the Cheyne SIV credit ratings. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 35 on the ground that it fails to account for legal precedent within the Second Circuit regarding the actionability of opinions and the proof necessary to establish aiding and abetting fraud liability and it also fails to provide the requisite level of detail regarding each element of plaintiffs' aiding and abetting claim. Additionally, Defendants object on the ground that an instruction about Aiding and Abetting is not appropriate in the first phase of the trial. The existence of a primary fraud is an essential element of an aiding and abetting claim under New York law. The jury must first find that there was a fraud before it can consider whether plaintiffs have established by clear and convincing evidence that Morgan Stanley had actual knowledge of that fraud or substantially assisted

- 60 -

that fraud. Moreover, the question of whether Morgan Stanley's alleged substantial assistance proximately caused losses to each plaintiff will require individualized evidence concerning the alleged interactions and communications between Morgan Stanley and each plaintiff, which are the subject of other inquiries in Phase 2, including plaintiffs' alleged reliance and negligent misrepresentation claims. *See* Defendants' Proposed Jury Instruction No. 42, 4A–D; *New York Pattern Jury Instructions – Civil* § 3:20 cmt. I.F. (3d ed. 2011) (common law fraud); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *12 (S.D.N.Y. Aug. 17, 2012); *King Cnty., Washington v. IKB Deutsche Industriebank AG*, 751 F. Supp. 2d 652, 664-65 (S.D.N.Y. 2010); *Williams v. Sidley Austin Brown & Wood, L.L.P.*, 832 N.Y.S.2d 9 (1st Dep't 2007); *P.T. Bank Cent. Asia v. ABN AMRO Bank, N.V.*, 754 N.Y.S.2d 245 (1st Dep't 2003); *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d (1st Dep't 1996); *Stevenson Equip., Inc. v. Chemig Constr. Corp.*, 565 N.Y.S.2d 318 (3d Dep't 1991).

- 61 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 36

### Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural

and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you,

however, to decide what facts to find from the evidence received during this trial.

AUTHORITY:     1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §17.07 (6th ed. 2008); *United States v. Dearing*, 504 F.3d 897 (9th Cir. 2007).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 36 on the ground that it is duplicative of prior instructions regarding the jury's consideration of direct and circumstantial evidence and ignores the specific legal requirements to establish state of mind of a corporate defendant. Defendants propose that Plaintiffs' Proposed Jury Instruction Nos. 2, 16, and 32, as modified, be given in lieu of Plaintiffs' Proposed Jury Instruction No. 36.  Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 37**

**Conscious Avoidance**

In determining whether any defendant acted knowingly, you may consider whether the defendant deliberately closed its eyes to what would otherwise have been obvious to it.  If you find by clear and convincing evidence that the defendant acted with a conscious purpose to avoid learning the truth, then this element may be satisfied.  However, knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.  If you find that the defendant was aware of a high probability that a fact was so, and that defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly.  However, if you find that the defendant actually believed the fact was not so, then it may not have acted knowingly with respect to that claim.

AUTHORITY:    *United States v. Abreu*, 342 F.3d 183, 187-88 (2d Cir. 2003); *United States v. Svoboda*, 347 F.3d 471, 476-82 (2d Cir. 2003).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 37 on the ground that it misstates the evidence that a jury may consider in determining whether a corporate defendant acted with the requisite state of mind where the alleged misrepresentation is a statement of opinion. *United States v. Abreu*, 342 F.3d 183 (2d Cir. 2003) is a criminal case involving whether a defendant knew that a container in his bedroom held bricks of cocaine; *United States v. Svoboda*, 347 F.3d 471 (2d Cir. 2003) is a criminal case involving whether the doctrine of conscious avoidance may be employed in a conspiracy prosecution.  Both cases are inapposite in that neither case concerns whether a defendant may be held liable for an opinion.  Defendants further object to Plaintiffs' Proposed Jury Instruction No. 37 on the ground that it introduces irrelevant, confusing and potentially misleading considerations into the jury's deliberations. Defendants' Proposed Jury Instruction No. 32 adequately instructs the jury as to the evidentiary showing necessary to establish that a corporate defendant acted with the requisite state of mind.  *See City of Omaha v. CBS Corp.*, 679 F.3d 64 , 67-69 (2d Cir. 2012); *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011); *In re Lehman Bros.Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 183 (2d Cir. 2011); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *FHFA v. UBS Ams., Inc.*, 858 F. SUpp. 2d 306, 325-27

(S.D.N.Y. 2012); *In re General Elec. Co. Sec. Litig.*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011).  Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim.

- 64 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 38

### Defendants' State of Mind

Defendants' state of mind, whether knowing or reckless, can be proven by either direct evidence or circumstantial evidence.  There will rarely be direct evidence of intent to defraud.  You may infer defendants' state of mind from the defendants' acts and words given all of the surrounding circumstances at that time.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "*Direct evidence*" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "*Circumstantial evidence*" is proof of a chain of facts and circumstances indicating that something is or is not a fact.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

AUTHORITY:   *Herman & MacLean v. Huddleston*, 459 U.S. 375, 391 n.30 (1983) ("The Court of Appeals also noted that the proof of scienter required in fraud cases is often a matter of inference from circumstantial evidence.  If anything, the difficulty of proving the defendant's state of mind supports a lower standard of proof.  In any event, we have noted elsewhere that circumstantial evidence can be more than sufficient."); *In re Fleming Cos. Sec. & Derivative Litig.*, No. CIV.A.5-03-MD-1530-TJW, 2004 WL 5278716, at *11 (E.D. Tex. June 16, 2004) ("there will rarely be direct evidence of intent to defraud"); *see* 4 Hon. Leonard R. Sand *et al.*, *Modern Federal Jury Instructions-Civil P 82.02*, Instruction No. 82-8 (2008).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 38 on the ground that it ignores that different state of mind standards apply to plaintiffs' fraud and

- 65 -

aiding and abetting claims. Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 38 because it is duplicative of prior instructions regarding the jury's consideration of direct and circumstantial evidence, ignores the specific legal requirements to establish state of mind of a corporate defendant, and places undue emphasis on the defendants' state of mind while simultaneously ignoring that these same considerations are relevant to the jury's determination of plaintiffs' state of mind with regard to reliance. Defendants propose that Plaintiffs' Proposed Jury Instruction Nos. 2, 16, and 32, as modified, be given in lieu of Plaintiffs' Proposed Jury Instruction No. 38. *See City of Omaha v. CBS Corp.*, 679 F.3d 64 , 67-69 (2d Cir. 2012); *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d. Cir. 2011); *In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 275 (S.D.N.Y. 2011); *In re Lehman Bros.Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 183 (2d Cir. 2011); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *FHFA v. UBS Ams., Inc.*, 858 F. SUpp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re. General Elec. Co. Sec. Litig.*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012); *In re Vivendi Universal, S.A. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011).

- 66 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 39

### Violation of Internal Policies or Standards

You have heard evidence that Moody's and S&P violated their internal policies or standards.

You can consider evidence that Moody's and S&P violated such policies or standards, together with

all the other evidence, in determining whether any of these defendants acted knowingly or

recklessly.

AUTHORITY:   *Novak v. Kasaks*, 216 F.3d 300, 311-12 (2d Cir. 2000); *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 77 (2d Cir. 2001); *Rothman v. Gregor*, 220 F.3d 81, 90-91 (2d Cir. 2000).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 39 on the ground that it is improperly asking the Court to rule on an issue that should be for the jury to decide, i.e., whether a party has violated its internal policies or standards. All of plaintiffs' authority is inapposite because all three cases arise in the motion to dismiss/pleading context.  Additionally, Plaintiffs' Proposed Jury Instruction No. 39 improperly instructs the jury that such evidence can be used to determine whether any defendant acted negligently despite the fact that there is no negligence claim remaining against the Rating Agencies.  See *Tropea v. Shell Oil Co.*, 307 F.2d 757, 764 (2d Cir. 1962) (questions about whether there is a policy and whether that policy was followed are jury questions of fact).  Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim.

- 67 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 40**

**Neither Motive, nor Intent to Violate the Law, Required**

In order to prove knowledge or recklessness, plaintiffs do not have to show that defendants intended to violate the law, nor do plaintiffs have to show any particular motive for any defendant's alleged wrongful conduct.  Although motive is not required to prove knowledge, evidence of motive may be a basis for inferring knowledge.

AUTHORITY:    *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 192 n.39 (1963) ("'it is not necessary that the person making the misrepresentations intend to cause loss to the other or gain a profit for himself; it is only necessary that he intend action in reliance on the truth of his misrepresentations'") (citation omitted); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, (2007); *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000); *Roth v. Aon Corp.*, No. 04-C-6835, 2008 WL 656069 (N.D. Ill. Mar. 7, 2008); *United States v. Simon*, 425 F.2d 796, 809 (2d Cir. 1969) ("[The Government's] burden was not to show that defendants were wicked men with designs on anyone's purse, . . . but rather that they had certified a statement knowing it to be false."); *Tager v. SEC*, 344 F.2d 5, 8 (2d Cir. 1965) ("no requirement that the actor . . . be aware that he is violating one of the" federal securities rules or acts); *Kas v. Caterpillar, Inc., G.A.*, 815 F. Supp. 1158 (C.D. Ill. 1992) (knowledge may be inferred from motive).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 40 on the ground that it misstates the applicable law in the Second Circuit, conflates the permissible state of mind showing necessary to survive a motion to dismiss with the evidentiary burden that a plaintiff must overcome in order to prove a corporation's liability at trial, and introduces irrelevant, confusing and potentially misleading considerations into the jury's deliberations.  None of plaintiffs' cases concern whether a defendant may be held liable for an opinion. Defendants' Proposed Jury Instruction No. 32 adequately instructs the jury as to the evidentiary showing necessary to establish that a corporate defendant acted with the requisite state of mind.  *See City of Omaha v. CBS Corp.*, 679 F.3d 64 , 67-69 (2d Cir. 2012); *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d. Cir. 2011); *In re Lehman Bros.Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 183 (2d Cir. 2011); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008); *FHFA v. UBS Ams., Inc.*, 858 F. SUpp. 2d 306, 325-27 (S.D.N.Y. 2012); *In re. General Elec. Co. Sec. Litig.*, 856 F. Supp. 2d 645, 653, 656-57 (S.D.N.Y. 2012); *In re Vivendi Universal, S.A. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011).  Defendants further object to this instruction on the grounds that it incorrectly instructs the jury that it may infer knowledge from

motive and is incomplete in that it fails to instruct the jury that generalized economic motives, such as increased corporate profitability or expanded market share, are insufficient to create an inference of scienter. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994); *Kalnit v. Eichler*, 264 F.3d 131, 141 n.5 (2d Cir. 2001); *Chill v. General Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996). Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 41

### Collective Knowledge

To carry their burden of showing that defendants acted knowingly or recklessly, plaintiffs need not prove that any one individual employee or officer of the defendants acted with that state of mind.  Further, there is no requirement that the same individual who made the alleged misstatement on behalf of a corporation personally acted knowingly or recklessly.  Rather, proof of the collective knowledge and intent of the defendants' employees is sufficient.

AUTHORITY:    *Center v. Hampton Affiliates, Inc.*, 497 N.Y.S.2d 898 (1985); *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005); *Defer LP v. Raymond James Fin., Inc.*, 654 F. Supp. 2d 204, 218-19 (S.D.N.Y. 2009); *In re Marsh & McLennan Cos. Sec. Litig.*, 501 F. Supp. 2d 452, 481 (S.D.N.Y. 2006); *Valentini v. Citigroup, Inc.*, 837 F. Supp. 2d 304, 317 (S.D.N.Y. 2011); *Richman v. Goldman Sachs Grp., Inc.*, No. 10 Civ. 3461(PAC), 2012 WL 2362539, at *12 n.10 (S.D.N.Y. June 21, 2012); *In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 516 (S.D.N.Y. 2009); *In re Citigroup Inc. Sec. Litig.*, 753 F. Supp. 2d 206, 236-37 (S.D.N.Y. 2010); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, No. 10 Civ. 2835(NRB), 2011 WL 4357368, at *13 (S.D.N.Y. Sept. 19, 2011); *In re JPMorgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 627 (S.D.N.Y. 2005); *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 590-91 (S.D.N.Y. 2010); *United States v. Bank of New England, N.A.*, 821 F.2d 844, 855-56 (1st Cir. 1987); *Pa. Pub. Sch. Emps. Ret. Sys. v. Bank of Am. Corp.*, No. 11 Civ. 733 (WHP), 2012 WL 2847732 (S.D.N.Y. July 11, 2012).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 41 on the ground that it misstates the applicable law in the Second Circuit, conflates the showing that is necessary to survive a motion to dismiss with the evidentiary burden that a plaintiff must overcome in order to prove a corporation's liability at trial, and introduces irrelevant, confusing and potentially misleading considerations into the jury's deliberations.  Moreover, none of Plaintiffs' cases involve liability for an opinion.  Defendants' Proposed Jury Instruction No. 34 adequately instructs the jury as to the evidentiary showing necessary to establish that a corporate defendant acted with the requisite state of mind.  *See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc*., 531 F.3d 190, 195 (2d Cir. 2008); *Fait v. Regions Financial Corp*., 655 F.3d 105, 11 1-42 (2d Cir. 201 1); *In re Vivendi Universal, S.A. Sec. Litig*., 765 F. Supp. 2d 512 (S.D.N.Y. 2011); *FHFA v. UBS Ams., Inc.*, 858 F. SUpp. 2d 306, 325-27 (S.D.N.Y. 2012); *Mizzaro v. Home Depot, Inc*., 544 F3d 1230, 1254-55 (11th Cir. 2008); *Makor Issues &*

*Rights, Limited v. Tellabs Inc.*, 513 F. 3d 702, 707 (7th Cir. 2008).  Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim.  *Musalli Factory For Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D 13, 24 n.11 (S.D.N.Y. 2009) (allegations of a defendant's "collective knowledge" are "insufficient to establish actual knowledge," and cannot be used "when [plaintiff] is unable to allege that any specific employee(s) had the requisite knowledge").

- 71 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 42

### Other Acts – Common Scheme, Plan or Preparation

There has been evidence received during the trial that defendants engaged in other conduct which was similar in nature to the conduct charged in the complaint.  If you find that the defendants did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the complaint, then you may, but need not, infer that the defendants acted knowingly and not because of some mistake, accident or other reason.  Similarly, you may, but need not, infer that the acts charged in this complaint and the other conduct were part of a common plan or scheme committed by the defendants.

However, the evidence is to be considered by you only on the issues of knowledge, intent, common scheme or plan.  It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that the defendants are of bad character or had a propensity to commit the act charged.

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 74.03*, Instruction Nos. 74-7 and 74-8 (2012) (modified).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 42 on the ground that it is improperly asking the Court to rule on an issue that should be for the jury to decide, i.e., whether a party has engaged in conduct that was similar in nature to that alleged in the complaint. This instruction also assumes resolution of various motions in limine in a manner favorable to plaintiffs. Additionally, Plaintiffs' Proposed Jury Instruction No. 42 materially misstates the language used in the cited to authority and ignores that the cases approving this instruction within the Second Circuit concern cases in which the defendant put at issue whether the complained of conduct was done mistakenly or accidentally. No such argument is being advanced here by the Rating Agency defendants.  Defendants further object to this instruction with respect to plaintiffs' claim for aiding and abetting fraud on the ground that plaintiffs have identified no authority for such an instruction with respect to the actual knowledge requirement of an aiding and abetting claim, and on the ground that the proposed placement of this instruction immediately following the aiding and abetting claim is without authority and risks juror confusion as to the state of mind requirements of each claim.

- 72 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 43

### Could an Investor Have Discovered the Truth

If you find that Moody's and S&P knowingly or recklessly made a false or misleading statement, you must next determine whether an investor could have discovered the truth through the exercise of reasonable diligence.  Reasonable diligence is defined as the exercise of ordinary intelligence.  Reasonable diligence does not require exhaustive research.  In evaluating whether an investor could have discovered the truth, you should consider whether the information needed to uncover the truth was peculiarly within the possession of the defendants.  If the information was peculiarly within defendants' possession, an investor could not have discovered the truth.

AUTHORITY:   *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007); *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80-81 (2d Cir. 1980); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2013 WL 664176 (S.D.N.Y. Feb. 25, 2013); *Alexander v. Evans*, No. 88 Civ. 5309 (MJL), 1993 WL 427409, at * 17 (S.D.N.Y. Oct. 15, 1993).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 43 on the ground that it misstates the law, including as to the falsity element, the reliance element and the peculiar knowledge question.  Plaintiffs' Proposed Instruction No. 43 ignores the Court's prior rulings that "the preliminary question [is] whether the subject of the misrepresentation was peculiarly within the knowledge of defendants," that "plaintiffs will bear the burden" on that preliminary question, and that the "subject of the alleged misrepresentation" here is the "creditworthiness of the Cheyne SIV notes.  *See* March 6, 2013 Order (Dkt. No. 584) at 18; Feb. 25, 2013 Order (Dkt. No. 572) at 3.  Defendants' Proposed Jury Instruction No. 32 (especially subpart I) reflects the Court's prior rulings and properly instructs the jury as to the evidentiary showing necessary to establish that a corporate defendant acted with the requisite state of mind and as to the evidentiary showing necessary to establish that a subject of the representation was peculiarly within the knowledge of defendants.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 44

### Disclaimers and Cautionary Language

Defendants claim that they made certain disclaimers and cautionary statements regarding the risks of purchasing the Cheyne SIV notes.  First, cautionary language does not apply to historical facts or present facts; because such facts already exist, they are not contingent.  Therefore, defendants may not knowingly or recklessly misrepresent historical facts and at the same time disclaim the misrepresented facts with cautionary language.  Second, in considering defendants' claim that the offering materials contained cautionary language about things that may come to pass in the future, defendants must demonstrate that their cautionary language was not boilerplate and, rather, it conveyed substantive, factual information.  Cautionary language must be extensive and specific.  A vague or blanket disclaimer which merely warns a reader that the investment has risks will ordinarily be inadequate to prevent misinformation.  To fairly apprise an investor of a risk, the cautionary statements must be substantive and tailored to the specific opinions in the offering materials.

AUTHORITY:     *Slayton v. American Express Co.*, 604 F.3d 758, 772-74 (2d Cir. 2010); *People ex rel. Cuomo v. Merkin*, 907 N.Y.S.2d 439 (Table) (N.Y. Sup. Ct. 2010); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *4, *10 (S.D.N.Y. Aug. 17, 2012).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 44 on the ground that it entirely misstates the law as to disclaimers and is an inappropriate instruction in this phase in light of the Court's bifurcation order.  Defendants further object to the reference to "historical or present facts" in Plaintiffs' Proposed Jury Instruction No. 44 on the ground that the Court has already held that the only alleged misstatements at issue are the Cheyne SIV credit rating opinions, and thus there is no basis for such an instruction.  Defendants' Proposed Jury Instruction Nos. 40 and 40A-H adequately instruct the jury as to the evidentiary showing necessary to establish that a corporate defendant acted with the requisite state of mind and as to the evidentiary showing necessary to establish that a subject of the representation was peculiarly within the knowledge of defendants.

- 74 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 45

### Causation

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

The law does not recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person or entity. On the contrary, many factors or things, or the conduct of two or more persons or entities, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

AUTHORITY:    3 Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §§120:60 and 120:61 (6th ed. 2011).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 45 on the ground that it insufficiently charges the jury regarding the necessary inquiry concerning loss causation and fails to address basic concepts in the law of loss causation such as disaggregation and intervening causes. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 45 on the ground that proximate cause is a necessary element of plaintiffs' fraud claim that must be proven by clear and convincing evidence and, thus, such instruction should accompany the Fraud instruction to ensure appropriate context and to avoid juror confusion. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 45 on the ground that it does not account for the appropriate standard for proximate causation that that applies to plaintiffs' aiding and abetting claim. Defendants' Proposed Jury Instruction Nos. 33 and 42D properly instruct the jury regarding proximate cause. *See* **Proximate Causation:** *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *Abu Dhabi Commercial Bank* v. *Morgan Stanley & Co. Inc.*, --- F. Supp. 2d ---, 2012 WL 3584278, at *4 (S.D.N.Y. Aug. 17, 2012); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); *Suez Equity Investors, L.P.* v. *Toronto-Dominion Bank*, 250 F.3d 87, 105 (2d Cir. 2001); *Federal Jury Practice and Instructions-Civil*, § 123:02 (5th ed.) (common law fraud); *id.* at § 162:300 (10b-5); *Liberty Media Corp.*

- 75 -

v. *Vivendi Universal, S.A.*,  03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge at 27) (10b- 5); **Proximate Causation (Other Causes):** *Dura Pharmaceuticals, Inc.* v. *Broudo*, 544 U.S. 336, 342-43 (2005); *In re Flag Telecom Holdings, Ltd. Securities Litigation,* 574 F.3d 29, 36 (2d Cir. 2009); *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 174 (2d Cir. 2005); *Liberty Media Corp.* v. *Vivendi Universal, S.A.*, 03 Civ. 2175 (S.D.N.Y. 2012) (Scheindlin, J.) (Jury Charge, at 31); Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions-Civil,* § 120.64  (5th ed. 2012) (negligence); *New York  Pattern Jury Instructions – Civil*, § 2.72 (Proximate Cause – Intervening Cause); *see also Lattanzio* v. *Deloitte & Touche LLP*, 476  F.3d 147, 18 (2d Cir. 2007); *In re Omnicom Group, Inc. Securities Litigation*, 541 F. Supp. 2d 546, 553-54 (S.D.N.Y. 2008), *aff'd*, 597 F.3d 501 (2d Cir. 2010); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec., LLC*, 646 F. Supp. 2d 385, 403-04 (S.D.N.Y. 2009), *aff'd* 386 F. App'x 5 (2d Cir. 2010); *Laub v. Faessel*, 297 A.D.2d 28, 32 (1st Dep't 2002); *Movitz v. First Nat'l Bank of Chicago*, 148 F.3d 760, 762-64 (7th Cir. 1998); **Aiding and Abetting:** *New York Pattern Jury Instructions – Civil*, § 3.20 cmt. I.F. (common law fraud) (requiring that the plaintiff must prove that the "aiding and abetting party proximately caused the harm on which the primary liability is based"); *Lentell* v. *Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005); *see also In re Omnicom Group, Inc. Securities Litigation*, 597 F.3d 501, 513 (2d Cir. 2010); Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions – Civil*, § 162.300 (5th ed. 2012) (10b-5).

- 76 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 46

### Right to See Exhibits and Hear Testimony

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations.  All of the exhibits will be given to you at the start of deliberations.  If you want any of the testimony read, you may request that.  Please remember that when you request testimony, the lawyers must agree on what portions of testimony may be called for and, if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the Court – should be made to me in writing, signed by your foreperson with the time indicated, and given to one of the marshals in an envelope.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

AUTHORITY:   Docket No. 259-29, Instruction No. III.A., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants have no objection.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 47

### Duty to Deliberate to Unanimous Verdict

The most important part of this case is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether each plaintiff has sustained its burden of proof as I have explained it to you with respect to each of its claims.  If you find that a plaintiff has succeeded, you should return a verdict in that plaintiffs favor.  If you find that any plaintiff has failed to sustain its burden on any element of a claim, you should return a verdict in favor of defendants as to that plaintiff on that claim.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath, you promised that you would well and truly try the issues joined in this case and a true verdict render.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor of either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

Again each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

AUTHORITY:   Docket No. 259-29, Instruction No. III.B., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS) (modified).

OBJECTION:   Defendants object to Plaintiffs' Proposed Instruction No. 47 to the extent that it does not account for the bifurcation of the trial.  Defendants propose adding the following sentence at the end of the first paragraph:

If you find in any plaintiff's favor, then we will proceed to the next phase of the trial.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 48**

**Note Taking by Jurors**

I remind you that any notes you may have taken during trial are simply an aid to your memory.  Because the notes may be inaccurate or incomplete, they may not be given any greater weight or influence than the recollections of other jurors about the facts or the conclusions to be drawn from the facts in determining the outcome of the case.  Any difference between a juror's recollection and a juror's notes should always be settled by asking to have the court reporter's transcript on that point read back to you.  You must base your determination of the facts, and ultimately, your verdict on the court record rather than on any juror's notes.

AUTHORITY:     Docket No. 259-29, Instruction No. III.C., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants have no objection.

- 80 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 49**

**Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open Court.  The foreperson has no greater voice or authority than any other juror.  The foreperson will send out notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

AUTHORITY:   Docket No. 259-29, Instruction No. III.D., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:   Defendants have no objection.

- 81 -

819555_1

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 50

### Return of Verdict

I have given each of you a special verdict form. The purpose of the questions on the form is to help us – the Court, the attorneys, plaintiffs, and defendants – to understand what your findings are. No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion and, even if I had, it would not be binding on you.

Before the jury attempts to answer any question you should read the entire form and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you. Before you can record an answer, all jurors must agree to it; your answers must be unanimous. If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors; that is, the split of the vote, with respect to any question, to anyone, including the Court, at any time during your deliberation.

AUTHORITY:      Docket No. 259-29, Instruction No. III.E., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:      Defendants have no objection, but the parties have not agreed with respect to the jury verdict form itself.

- 82 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 51

### Communication

In carrying out your duty, you must completely disregard any report that you have read in the press, seen on television or on the internet, or heard on the radio.[7]  You may not use any electronic devise or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.[8]

AUTHORITY:     Docket No. 259-29, Instruction No. I.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 51 on the ground that it is an incomplete jury instruction and should be combined with Plaintiffs' Proposed Jury Instruction No. 13.  Defendants propose an alternate instruction to Plaintiffs' Proposed Jury Instruction No. 51.  *See* Defendants' Proposed Instruction No. 13.

---

[7]     *In re Vivendi Universal, S.A. Securities Litigation*, 02 Civ. 5571 (S.D.N.Y. 2010) (Holwell, J.) (Charge to the Jury No. 17, at 20); *see also* 4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil* ¶ 71-14 (Publicity – Final Charge).

[8]     *Id.*

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 52

### Closing Comment

Finally, I say this not because I think it is necessary but because it is the custom in this Courthouse:  You should treat each other with courtesy and respect during your deliberation.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the Courtroom.  I will stress that you should be in agreement with the verdict that is announced in Court. Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the box, without speaking to each other, and we will return in just a moment to submit the case to you.

Thank you for your time and attentiveness.

AUTHORITY:     Docket No. 259-29, Instruction No. III.F., *Liberty Media Corporation, et al. v. Vivendi Universal, S.A., et al.*, No. 03 CIV 2175 (SAS).

OBJECTION:     Defendants have no objection.

- 84 -

819555_1

DATED:  March 12, 2013          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                        MICHAEL J. DOWD
                                        DANIEL S. DROSMAN
                                        DARRYL J. ALVARADO
                                        ANGEL P. LAU
                                        HILLARY B. STAKEM

_____

DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
miked@rgrdlaw.com
dand@rgrdlaw.com
dalvarado@rgrdlaw.com
alau@rgrdlaw.com
hstakem@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

Attorneys for Plaintiffs

- 85 -

POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP
MARC I. GROSS
TAMAR A. WEINRIB
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
migross@pomlaw.com
taweinrib@pomlaw.com

Additional Attorneys for Plaintiff State Board of
Administration of Florida

- 86 -

819555_1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ──────────────── x | : | Civil Action No. 1:08-cv-07508 |
| ABU DHABI COMMERCIAL BANK, et al., Individually and On Behalf of All Others Similarly Situated, | : | CLASS ACTION |
| Plaintiffs, | : | PLAINTIFFS' PROPOSED JURY INSTRUCTIONS – SECOND PHASE |
| vs. | : | DEFENDANTS' OBJECTIONS |
| MORGAN STANLEY & CO. INCORPORATED, et al., | : | |
| Defendants. | : | |
| ──────────────── x | : | |

819974_1

# TABLE OF CONTENTS

**Page**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**
    **Materiality** ............................................................................................ **1**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**
    **Reliance** ................................................................................................. **2**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3**
    **Negligent Misrepresentation** ................................................................ **4**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**
    **Compensatory Damages** ....................................................................... **5**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**
    **Punitive Damages** ................................................................................ **7**

819974_1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**

**Materiality**

**[TO BE READ ONLY IF THE JURY ANSWERS "NO" TO QUESTION NO. 5**

**ON THE FIRST PHASE VERDICT FORM]**

If you find a statement contained an untrue fact or an omission, then you must decide if the facts misrepresented in or omitted from the statement are material. A fact is material if there is a substantial likelihood that a reasonable investor would consider the statement or fact to be significant or important in making an investment decision.

This is an objective test, measuring what facts a hypothetical, reasonable investor would probably think important, not what any individual plaintiff actually considered to be important. You do not need to find that the misrepresented or omitted fact would have changed the decision to invest, only that it would be considered significant.

A finding of materiality must be based on the facts existing when the statement was made. Materiality cannot be changed in hindsight. You may not consider events occurring after the statement or omission in determining whether the statement or omission was material when it was made. A statement or omission made after the time of the investment cannot be material to that investment.

AUTHORITY:    3B Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*, §162:23 (5th ed. 2001).

OBJECTION:    Defendants object on the ground that Plaintiffs' Instruction No. 1 is confusing and incomplete; this instruction should be part of an instruction about reliance. Defendants propose an alternate; *see* Defendants' Proposed Jury Instructions Nos. 40, 40A–H.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**

**Reliance**

You must determine whether plaintiffs relied on the false or misleading statement(s). Plaintiffs relied on the false or misleading statement(s) if the false or misleading statement(s) was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV. Plaintiffs need not have relied solely or exclusively on defendants' false or misleading statement(s) so long as it was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV.

**[TO BE GIVEN ONLY *IF* THE JURY ANSWERS "YES" TO QUESTION NO. 5 ON THE FIRST PHASE VERDICT FORM]**

You must determine whether plaintiffs relied on the false or misleading statement(s). Plaintiffs relied on the false or misleading statement(s) if the false or misleading statement(s) was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV. Plaintiffs need not have relied solely or exclusively on defendants' false or misleading statement(s) so long as it was a substantial factor in plaintiffs' decision to purchase notes issued by the Cheyne SIV.

Plaintiffs' reliance on defendants' false or misleading statement(s) must have been justifiable. Whether the person to whom a representation is made is justified in relying upon it generally depends upon whether the fact represented is one that a reasonable person would believe and consider important in deciding whether to purchase the Cheyne SIV notes. In determining whether a person is justified in relying on a representation, you should consider whether a reasonable person would have relied on the representations. Reasonable reliance entails a duty to investigate the legitimacy of the representations, only if the plaintiff was placed on guard or faced with facts

- 2 -

contrary to defendants' representations.  In evaluating whether the plaintiffs' reliance was justifiable, you should consider all the facts and circumstances in making your decision.

AUTHORITY:     2 New York Pattern Jury Instructions, Civil PJI 3:20 (2d ed. 2012) (modified); *Todd v. Pearl Woods, Inc.*, 248 N.Y.S.2d 975, 977 (2d Dep't 1964), *aff'd*, 257 N.Y.S.2d 937 (1965); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 3584278, at *4, *10 (S.D.N.Y. Aug. 17, 2012); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2013 WL 664176 (S.D.N.Y. Feb. 25, 2013); *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465 (2011); *Merrill Lynch & Co. v. Alleghany Energy, Inc.*, 500 F.3d 171, 181-82 (2d Cir. 2007); *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80-81 (2d Cir. 1980); *Alexander v. Evans*, No. 88 Civ. 5309 (MJL), 1993 WL 427409, at *17 (S.D.N.Y. Oct. 15, 1993).

OBJECTION:     Defendants object on the ground that Plaintiffs' Instruction No. 2 misstates the law and is incomplete.  Defendants propose an alternate; *see* Defendants' Proposed Jury Instructions Nos. 40, 40A–H.

- 3 -

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

### Negligent Misrepresentation

Plaintiffs claim that Morgan Stanley had a duty to provide plaintiffs with accurate information and that Morgan Stanley breached that duty by providing plaintiffs with inaccurate information.  In order for plaintiffs to recover for negligent misrepresentation, plaintiffs must prove by a preponderance of the evidence:

1.      that Morgan Stanley owed a duty to plaintiffs; Morgan Stanley owed a duty to plaintiffs if you find that Morgan Stanley sought to induce plaintiffs into purchasing the Cheyne SIV notes by making certain statements or providing plaintiffs with specific information with the intent that plaintiffs rely on those statements or information;

2.      that Morgan Stanley provided plaintiffs with information that was inaccurate, unsupported by reasoned analysis, or misleading because it omitted facts necessary to make the information accurate;

3.      that in providing plaintiffs with information, Morgan Stanley failed to exercise reasonable care; reasonable care means that degree of care that a reasonably prudent person would use under the same circumstances;

4.      that Morgan Stanley knew that plaintiffs would rely on the representations in deciding whether or not to purchase the Cheyne SIV notes;

5.      that plaintiffs relied on the representations in deciding to purchase the Cheyne SIV notes; and

6.      that as a result of such reliance, plaintiffs have suffered a financial loss.

AUTHORITY:    *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL 4762039 (S.D.N.Y. Oct. 5, 2012); 1A Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* §120:02 (6th ed. 2011).

- 4 -

819974_1

OBJECTION:     Defendants object to Plaintiffs' Proposed Jury Instruction No. 3 on the ground that it ignores the Court's prior ruling that the only alleged misstatements are the Cheyne SIV credit ratings. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 3 on the ground that it fails to account for legal precedent within the Second Circuit and this Court regarding the burden of proof necessary to establish negligent misrepresentation liability and it also fails to provide the requisite level of detail regarding each element of plaintiffs' negligent misrepresentation claim and does not contemplate individual element-by-element instructions to better assist the jury in its deliberations. Defendants further object that the standard articulated in Plaintiffs' Proposed Jury Instruction No. 3 does not accurately explain the requirement of a special relationship under New York law. Defendants propose an alternate; *see* Defendants' Proposed Jury Instructions Nos. 43 & 43A–E.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4

### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from any of the defendants' violation of any of the plaintiffs' rights. If you find that any defendant is liable on any claim, as I have explained them, then you must award each plaintiff sufficient damages to compensate it for any injury proximately caused by any of the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiffs whole – that is, to compensate the plaintiff for the damage suffered.

The same calculation is used to measure damages for fraud, aiding and abetting fraud and negligent misrepresentation. Therefore, if you find that any plaintiff is entitled to an award of damages, on the verdict form, you will be asked to enter the amount of damages regardless of how many claims have been proven.

As to the calculation of damages, plaintiffs are entitled to the price that they paid for the Cheyne SIV notes minus any amounts that they received back in cash or, if applicable, minus the value of the restructured notes at the time plaintiffs exchanged the Cheyne SIV notes for the restructured notes.

You may award compensatory damages only for injuries that plaintiffs prove were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiffs have actually suffered.

In awarding compensatory damages, if you decide to award them, you must be guided by common sense. Computing damages may be difficult, but you must not let that difficulty lead you to

- 6 -

engage in arbitrary guesswork.  On the other hand, the law does not require plaintiffs to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

AUTHORITY:    4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 77.01*, Instruction No. 77-3 (2012) (modified).

OBJECTION:    Defendants object to Plaintiffs' Proposed Jury Instruction No. 4 on the ground that it is confusing, improperly states the applicable standard, and runs the risk of allowing improper considerations by the jury in determining the correct measure of damages. Defendants further object to Plaintiffs' Proposed Jury Instruction No. 4 on the ground that proof of damage is a necessary element of plaintiffs' fraud claim that must be proven by clear and convincing evidence. Defendants propose an alternate; *see* Defendants' Proposed Jury Instructions Nos. 41, 41A–41B.

- 7 -

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**

**Punitive Damages**

If you should find that defendants are liable for plaintiffs' injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiffs prove by a preponderance of the evidence that the defendants' conduct was wanton and reckless, not merely unreasonable. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the rights of others. The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for wanton and reckless acts and thereby to discourage the defendant and other companies from acting in a similar way in the future.

The awarding of punitive damages is within your discretion – you are not required to award them. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by a plaintiff and to the compensatory damages you awarded the plaintiff. The reprehensibility of defendants' conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the plaintiff and the compensatory damages you have awarded the plaintiff. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendants in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

819974_1

AUTHORITY:   4 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Civil P 77.01*, Instruction No. 77-5 (2012) (modified); 1B New York Pattern Jury Instructions, Civil PJI 2:278 (3d ed. 2012).

OBJECTION:   Defendants object to Plaintiffs' Proposed Jury Instruction No. 5 on the ground that punitive damages are not, as a matter of law, available in this matter. Defendants further object that it is unconstitutional to consider the financial resources of a defendant in determining whether to award punitive damages. To the extent the Court decides to allow the question of punitive damages to be presented to the jury, Plaintiffs' Proposed Jury Instruction No. 5 wholly misstates the applicable standard under New York law and contemplates the award of punitive damages even if no public harm is demonstrated by the evidence. If plaintiffs are permitted to proceed with a punitive damages instruction, defendants propose that the jury decide the punitive damages question in a separate phase.  Notwithstanding their objection to this instruction, Defendants propose an alternate; *see* Defendants' Proposed Jury Instruction No. 44.

DATED:  March 12, 2013                     ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           MICHAEL J. DOWD
                                           DANIEL S. DROSMAN
                                           DARRYL J. ALVARADO
                                           ANGEL P. LAU
                                           HILLARY B. STAKEM


                                           _____
                                                  DANIEL S. DROSMAN

                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101-3301
                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)
                                           miked@rgrdlaw.com
                                           dand@rgrdlaw.com
                                           dalvarado@rgrdlaw.com
                                           alau@rgrdlaw.com
                                           hstakem@rgrdlaw.com

819974_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

Attorneys for Plaintiffs

POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP
MARC I. GROSS
TAMAR A. WEINRIB
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
migross@pomlaw.com
taweinrib@pomlaw.com

Additional Attorneys for Plaintiff State Board of
Administration of Florida

819974_1