UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABU DHABI COMMERCIAL BANK, et al.,
Individually and On Behalf of All Others
Similarly Situated,

               Plaintiffs,

    vs.

MORGAN STANLEY & CO.
INCORPORATED, et al.,

               Defendants.

: Civil Action No. 1:08-cv-07508-SAS-DCF
:
: <u>CLASS ACTION</u>
:
: PLAINTIFFS DEUTSCHE POSTBANK
: AG'S AND BANK SINOPAC'S REPLY
: MEMORANDUM OF LAW IN SUPPORT
: OF MOTION FOR RECONSIDERATION OF
: THE COURT'S MARCH 6, 2013 ORDER
: ON MORGAN STANLEY'S MOTION FOR
: SUMMARY JUDGMENT
:
:

---

827919_1

## I.      INTRODUCTION

In its opposition brief, Morgan Stanley largely ignores the overwhelming evidence demonstrating that Morgan Stanley stood in a special relationship of trust with Deutsche Postbank AG ("Postbank") and Bank SinoPac ("SinoPac").   Both plaintiffs have proffered voluminous evidence demonstrating substantive communications with Morgan Stanley.  The evidence shows that Morgan Stanley aggressively solicited Postbank and SinoPac, resulting in multiple investments worth millions of dollars.  Throughout its marketing campaigns, Morgan Stanley emphasized the SIV's high ratings and allegedly top-quality portfolio, as well as its own dual role as Placement Agent and Arranger and ongoing commitment to the SIV.

In addition to the approximately 200 e-mail communications between Morgan Stanley and Postbank and SinoPac that spanned a period of years, each participated in numerous conference calls and in-person meetings with Morgan Stanley in which Morgan Stanley provided information to Postbank and SinoPac in an effort to procure their investment.  *See* Dkt. Nos. 530, 532-533, Tabs 8, 61-62, 81-84, 88, 96; Dkt No. 605, Ex. 1.  The numerous communications between Morgan Stanley and Postbank and SinoPac were also substantive; Morgan Stanley, for example, touted the SIV's high ratings, assured Postbank and SinoPac that the SIV was a safe investment, and emphasized its own role in the SIV.  As the Court has held, an issue of fact exists as to the special relationship where, as here, plaintiffs "proffer[] evidence that Morgan Stanley . . . made numerous in-person, email and telephone communications over significant periods of time" regarding the Cheyne SIV. *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508, 2013 WL 837536, at *6 (S.D.N.Y. Mar. 6, 2013).

Rather than face the evidence, Morgan Stanley repeats legal arguments that this Court has already considered and rejected in its prior rulings.  For example, the Court has already determined,

- 1 -

827919_1

after full briefing and oral argument on the issue, that there were no disclaimers in the Information Memoranda applicable to Postbank and SinoPac sufficient to negate the duty Morgan Stanley owed to plaintiffs who purchased capital notes from Morgan Stanley.  As a result, the only issue on this motion is whether Postbank and SinoPac provided sufficient evidence to demonstrate the "special relationship."  As explained in their opening brief and herein, Postbank and SinoPac have provided overwhelming evidence of their special relationship with Morgan Stanley.  Accordingly, their negligent misrepresentation claims should be reinstated.

## II.   POSTBANK

In its order dismissing Postbank's negligent misrepresentation claim, the Court held that "[t]he only evidence . . . regarding the relationship between Morgan Stanley and Postbank are *internal* Morgan Stanley emails discussing a meeting as part of a roadshow."  *See Abu Dhabi*, 2013 WL 837536, at *6 n.76.  In so holding, however, the Court overlooked evidence of numerous communications between Morgan Stanley and Postbank – approximately *80 e-mail communications in total* – as well as evidence of in-person meetings and of telephone conversations.  *See* Dkt. Nos. 530, 532-533, Tabs 8, 61-62, 81-84, 88, 96; Dkt No. 605, Ex. 1.  Indeed, Gregg Drennan, Morgan Stanley's lead structurer for the Cheyne SIV, met personally with Postbank personnel in an effort to procure their investment.  *See* Motion for Reconsideration at 5 (Dkt. No. 604).  The record is replete with additional evidence establishing a special relationship between Morgan Stanley and Postbank.  For example:

- **Dkt. No. 532, Tab 63**: Morgan Stanley sent an e-mail to Postbank attaching marketing materials about the Cheyne SIV.  In the e-mail, Eric Ha, Morgan Stanley's sales representative responsible for Postbank, emphasized that the materials contained updated information concerning the Cheyne SIV.  This information included the fraudulent ratings.

- 2 -

The Court previously found similar representations indicative of a duty with regard to other plaintiffs.  *See, e.g.*, *Abu Dhabi*, 2013 WL 837536, at *6 nn.73-74 (citing e-mails from Morgan Stanley to plaintiffs NACF and NZ Funds attaching an updated presentation on mezzanine capital notes).

- **Dkt. No. 605, Alvarado Decl., Ex. 1, Doc. No. 357**: Morgan Stanley set up conference calls with Cheyne, Postbank, and Morgan Stanley's structuring team to go over specific questions that Postbank had concerning the SIV's compliance tests and capital adequacy.  The Court previously found Morgan Stanley's similar responses to plaintiffs' individual concerns and emphasis on its role as both Placement Agent and structurer indicative of a special relationship.  *See, e.g.*, *Abu Dhabi*, 2013 WL 837536, at *6 nn.70-75 (emphasizing the fact that Morgan Stanley addressed the individualized concerns of plaintiffs ADCB, GIB, Hapoalim, NACF, NZ Funds, and Commerzbank).

- **Dkt. No. 605, Alvarado Decl., Ex. 1, Doc. No. 741**: Morgan Stanley's Eric Ha set up a face-to-face meeting between Postbank, Morgan Stanley, and Cheyne at an investment conference in Las Vegas, after Postbank had already made two purchases of Cheyne SIV notes.  The Court previously held that meetings between Morgan Stanley and plaintiffs aimed at obtaining further investments are indicative of a special relationship.  *See, e.g.*, *Abu Dhabi*, 2013 WL 837536, at *6 n.70 (explaining, in finding that ADCB had a special relationship with Morgan Stanley, that "Morgan Stanley continued to meet with Abu Dhabi analysts after they invested in July 2005, and encouraged them to increase their investment").  Postbank made a third Cheyne investment shortly after the meeting with Morgan Stanley in Las Vegas.

827919_1

Morgan Stanley does not dispute that it had multiple communications with Postbank but argues that any such communications were generic.  Morgan Stanley argues that "standard placement agent activities" such as "answering investor questions, providing price information, or 'touting the success of the SIV to encourage further investment'" are inadequate to suggest a special relationship.  Defs.' Opp. at 5 (Dkt. No. 603).  The Court, however, relied on ***exactly*** this kind of evidence in determining that a triable issue of fact existed concerning the duty element of other plaintiffs' negligent misrepresentation claims.  *See, e.g.*, *Abu Dhabi*, 2013 WL 837536, at *6 ("Certain plaintiffs have proffered evidence that Morgan Stanley affirmatively solicited their investment, made numerous in-person, email and telephone communications over significant periods of time, provided individualized memoranda and, in some cases made additional overtures after plaintiffs initially invested, touting the success of the SIV to encourage further investment.").

Moreover, Morgan Stanley argues that the fact that it customized Postbank's Cheyne note demonstrates Postbank's sophistication and therefore ***negates*** a special relationship.  That argument is illogical.  Indeed, Morgan Stanley's customization is conclusive evidence that Morgan Stanley occupied a special position with respect to Postbank beyond that of a mere placement agent.  As the Court held, although "[i]t is not easy to draw the line between the typical relationship of a Placement Agent and a sophisticated investor, and one which goes beyond an arms length transaction giving rise to a duty of care regarding commercial speech . . ., an issue of fact exists where Morgan Stanley acted as more than a mere agent of the Issuer and 'appeared to possess – and held [itself] out as possessing – special knowledge about the [SIV].'"  *Abu Dhabi*, 2013 WL 837536, at *6; *see also id.* (finding evidence that Morgan Stanley emphasized its dual role as structurer and placement agent "significant" to the duty analysis).  Postbank's sophistication is also wholly irrelevant to the duty inquiry.  *See, e.g.*, *King County Wash. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 312

- 4 -

(S.D.N.Y. 2012) (holding that "the sophistication of plaintiffs . . . [is] generally only relevant to whether or not a plaintiff reasonably relied on statements made by the defendant. Justifiable reliance . . . is a separate element of a negligent misrepresentation claim").

## III.   SINOPAC

SinoPac purchased Cheyne SIV notes in October 2005, after aggressive marketing efforts by Morgan Stanley in which Morgan Stanley touted, in the nearly *100 e-mails* it sent to SinoPac leading up to SinoPac's investment, the high ratings and quality of the SIV's portfolio and Cheyne Capital's management experience. *See* Dkt. No. 533, Tab 79 at MS_001508298; *id.*, Tab 85 at MS_001508424. Morgan Stanley assured SinoPac that it had a dual role and a vested interest in the SIV. *Id.*, Tab 88 at MS_001557369. Morgan Stanley also sent individualized memoranda to SinoPac aimed at assuaging specific concerns flagged by SinoPac. *See, e.g.*, *id.*, Tab 82 at MS_001508449; Tab 96. Rather than confront the evidence, Morgan Stanley mischaracterizes it and ignores the fact that the Court found similar evidence sufficient to support a duty as to other plaintiffs.[1]

Morgan Stanley argues that because certain of the memoranda it sent to SinoPac were also sent to other plaintiffs, such evidence cannot support a finding of a duty. *See* Def.'s Opp. at 6-7. This argument is meritless, particularly in light of the fact that the Court already considered those

---

[1]    For example, Morgan Stanley's summarizations of SinoPac's evidence are inaccurate or omit material portions of the documents. *See, e.g.*, Dkt. No. 533, Tab 88 (e-mail attaching marketing materials in response to SinoPac's request and SinoPac's inquiry as to whether the Cheyne notes were rated by both Moody's and S&P as part of its overture to secure additional investment from SinoPac); *id.*, Tab 84 (e-mail in which Morgan Stanley expressed frustration at the time and relationship capital they spent on SinoPac and attached an individualized memorandum prepared in response to SinoPac's inquiries concerning the SIV portfolio and its CDO investment strategy).

827919_1

same memoranda as evidence supporting a duty between Morgan Stanley and other plaintiffs.[2] Similarly, the Question and Answer memorandum that Morgan Stanley prepared in response to SinoPac's specific concerns, which Morgan Stanley attempts to diminish as "informal," is akin to memoranda that the Court cited in finding a special relationship with regards to other plaintiffs. *See, e.g.*, *Abu Dhabi*, 2013 WL 837536, at *6 n.72 (citing an e-mail from Morgan Stanley to plaintiff GIB attaching individualized memoranda that addressed questions posed by GIB); *id.* at *6 n.75 (citing an e-mail from Morgan Stanley to plaintiff Hapoalim regarding questions posed by Hapoalim).

Morgan Stanley also argues that absent evidence that Morgan Stanley told plaintiffs to rely on Morgan Stanley or to refrain from conducting due diligence, there can be no special relationship. This argument, too, is meritless. The Court has already held that plaintiffs need not allege that Morgan Stanley discouraged them from conducting due diligence. Rather, where, as here, plaintiffs have "allege[d] that they could not have discovered the information which was the subject of the alleged misrepresentation," the level of due diligence performed by plaintiffs is irrelevant. *See Abu Dhabi*, 2013 WL 837536, at *6 n.68.

## IV.   THE COURT HAS ALREADY FOUND THAT THE DISCLAIMERS MORGAN STANLEY CITES FOR THE SECOND TIME ARE INSUFFICIENT TO PRECLUDE A SPECIAL RELATIONSHIP

The Court held that the Capital Note Information Memoranda "contained no explicit disclaimer of a fiduciary or advisory relationship on the part of the Placement Agents," and that the "disclaimers of representations regarding the accuracy of the ratings do not necessarily foreclose the

---

[2]     For example, Morgan Stanley sent a memorandum entitled "Memo to Bank Sinopac" responding directly to SinoPac's concerns over mark-to-market risk. *See* Dkt. No. 533, Tab 96 at MS_00015180. It sent the same memorandum to Commerzbank, which the Court considered in upholding Commerzbank's negligent misrepresentation claim. *See* Defs.' Mem. at 10.

existence of a special relationship resulting in a duty of care and justifiable reliance." *Abu Dhabi*, 2013 WL 837536, at *6. Nevertheless, Morgan Stanley argues that the very disclaimers that the Court considered and rejected negate any duty owed to plaintiffs "as a matter of law." Def.'s Mem. at 8. The Court should reject Morgan Stanley's request to revisit the Court's ruling on these disclaimers. *See Abu Dhabi*, 2013 WL 837536, at *4 ("the Second Circuit has . . . recognized that such disclaimers [as the one on which Morgan Stanley relies] may not negate a 'special duty of care' . . . where the subject of the alleged misrepresentation – here the actual credit-worthiness of the Rated Notes – is peculiarly within a defendant's knowledge").

In its ruling, the Court correctly noted that the Capital Note disclaimers only address representations regarding the accuracy of the ratings. Morgan Stanley now seeks to recast those disclaimers as "explicit disclaimers of the relevant duty," though not a single referenced disclaimer mentions a duty, and all of them plainly concern the accuracy of the representations made in the Information Memoranda. Defs.' Opp. at 8. As such, they are insufficient to negate the duty Morgan Stanley owed to Postbank and SinoPac. *See Abu Dhabi*, 2013 WL 837536, at *6 ("I have already concluded that the disclaimers of representations regarding the accuracy of the ratings do not necessarily foreclose the existence of a special relationship resulting in a duty of care and justifiable reliance.").

Finally, Morgan Stanley's argument that it did not owe Postbank and SinoPac a duty because it was disseminating third-party information misses the mark. As the Court has made clear on several occasions, "a plaintiff may maintain a negligent misrepresentation claim against a defendant to whom no actionable misstatement can be attributed." *Abu Dhabi*, 2013 WL 837536, at *2; *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508 (SAS), 2012 WL

4762039, at *2-*3 (S.D.N.Y. Oct. 5, 2012).  So long as a special relationship exists between the

parties, as it does here, a negligent misrepresentation claim may lie.  *Id.*

## V.    CONCLUSION

For the foregoing reasons, Postbank's and SinoPac's motion for reconsideration should be

granted and their claims for negligent misrepresentation reinstated.

DATED:  April 2, 2013                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         MICHAEL J. DOWD
                                         DANIEL S. DROSMAN
                                         DARRYL J. ALVARADO
                                         ANGEL P. LAU
                                         HILLARY B. STAKEM


                                                  s/ DARRYL J. ALVARADO
                                         DARRYL J. ALVARADO

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101-3301
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         miked@rgrdlaw.com
                                         dand@rgrdlaw.com
                                         dalvarado@rgrdlaw.com
                                         alau@rgrdlaw.com
                                         hstakem@rgrdlaw.com

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com

827919_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

Attorneys for Plaintiffs

POMERANTZ GROSSMAN HUFFORD
  DAHLSTROM & GROSS LLP
MARC I. GROSS
TAMAR A. WEINRIB
600 Third Avenue
New York, NY  10016
Telephone:  212/661-1100
212/661-8665 (fax)
migross@pomlaw.com
taweinrib@pomlaw.com

Additional Attorneys for Plaintiff State Board of
Administration of Florida

827919_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 2, 2013.

s/ DARRYL J. ALVARADO
DARRYL J. ALVARADO

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  dalvarado@rgrdlaw.com

827919_1

## Mailing Information for a Case 1:08-cv-07508-SAS-DCF

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Mario Aieta**
  maieta@ssbb.com,managingclerk@ssbb.com,marioaieta@gmail.com,dgerard@ssbb.com

- **Darryl J. Alvarado**
  dalvarado@rgrdlaw.com,nhorstman@rgrdlaw.com

- **X Jay Alvarez**
  jaya@rgrdlaw.com

- **Greg Donald Andres**
  greg.andres@davispolk.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com

- **Gina Marie Castellano**
  gina.castellano@davispolk.com

- **Dai Wai Chin Feman**
  dchinfeman@ssbb.com

- **Joel M. Cohen**
  jcohen@gibsondunn.com,aarias@gibsondunn.com,mkdunning@gibsondunn.com,snurhussein@gibsondunn.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Michael Joseph Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com,tome@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Daniel S. Drosman**
  ddrosman@rgrdlaw.com,jillk@rgrdlaw.com,E_File_SD@rgrdlaw.com,nlindell@rgrdlaw.com,tholindrake@rgrdlaw.com,kcook@rgrdlaw.com

- **Mary K Dunning**
  mkdunning@gibsondunn.com,dwolber@gibsondunn.com,mkatz@gibsondunn.com,aarias@gibsondunn.com,arublin@gibsondunn.com,pwade@gibsondunn.com,cdieng

- **Jessica Lynn Freese**
  jessica.freese@davispolk.com

- **Charles Alan Gilman**
  cgilman@cahill.com

- **Marc Ian Gross**
  migross@pomlaw.com

- **Goutam Umesh Jois**
  gjois@gibsondunn.com

- **Christopher Michael Joralemon**
  cjoralemon@gibsondunn.com,aarias@gibsondunn.com

- **Mark Adam Kirsch**
  mkirsch@gibsondunn.com,aarias@gibsondunn.com

- **Justin Evan Klein**
  jklein@ssbb.com,managingclerk@ssbb.com

- **Jeffrey B. Korn**
  jkorn@willkie.com,maosdny@willkie.com

- **Angel P. Lau**
  alau@rgrdlaw.com

- **William Ross Miller , Jr**
  william.miller@dpw.com,ecf.ct.papers@dpw.com

- **Paul Steel Mishkin**
  paul.mishkin@dpw.com

- **Tariq Mundiya**
  maosdny@willkie.com,jsim@willkie.com,tmundiya@willkie.com

- **Lucas F. Olts**
  lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David Owen**
  dowen@cahill.com

- **Antonio Jorge Perez-Marques**
  antonio.perez@dpw.com,ecf.ct.papers@dpw.com

- **Dean I. Ringel**
  DRingel@Cahill.com,JHall@cahill.com

- **Christopher Joseph Roche**
  croche@kaplanrice.com

- **James P. Rouhandeh**
  james.rouhandeh@dpw.com,ecf.ct.papers@davispolk.com

- **Tammy Lynn Roy**
  troy@cahill.com,ndelutri@cahill.com,mmcloughlin@cahill.com,nmarcantonio@cahill.com

- **Joshua M. Rubins**
  jrubins@ssbb.com,managingclerk@ssbb.com,jdoty@ssbb.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew Dickens Schlichter**
  andrew.schlichter@dpw.com

- **Jessica T. Shinnefield**
  jshinnefield@rgrdlaw.com

- **Hillary B. Stakem**
  hstakem@rgrdlaw.com

- **Tamar Aliza Weinrib**
  taweinrib@pomlaw.com

- **Robert Frank Wise , Jr**
  rwise@dpw.com,ecf.ct.papers@dpw.com

- **Aaron Mark Zeisler**
  azeisler@ssbb.com,managingclerk@ssbb.com

- **Adam N. Zurofsky**
  azurofsky@cahill.com,MMcLoughlin@cahill.com,NMarcantonio@cahill.com

- **Lawrence Jay Zweifach**
  lzweifach@gibsondunn.com,aarias@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mark A. Perry
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

David C. Walton
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101
```